FILED

2003 OCT 14 A 8: 22

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>Plaintiff | : | CIVIL ACTION |
| | : | NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>  Defendants/Third-Party Plaintiffs | :<br>:<br>: | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>  Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: | AUGUST 26, 2003 |

**REPLY TO THIRD-PARTY DEFENDANT'S OPPOSITION TO THIRD-PARTY PLAINTFF, ARPIN LOGISTICS, INC. JULY 29, 2003 MOTION TO COMPEL DISCOVERY COMPLIANCE**

Interrogatories in this matter were propounded to Michael D. Kovac, d/b/a Trans-Expo International on May 30, 2003 and to Erica Ramirez on May 30, 2003. Counsel for the Defendants Erica Ramirez and Michael D. Kovac, d/b/a Trans-Expo International obtained extensions through the good will and by the agreement of Arpin on two specific occasions. Extension was first granted to July 30, 2003 and it was granted again to August 19, 2003. This

1

was the day after Arpin had the time within which to respond to Plaintiff's Second Amended Complaint.

From the time that the Complaint was first served in February of 2003 to the time that these interrogatory answers and discovery replies were afforded there was no objective discovery information provided by these Defendants. This discovery information was first received by counsel for Arpin in his office on August 24, 2003. The Interrogatory Answers of Michael D. Kovac, d/b/a Trans-Expo International of August 18, 2003 confirm that on or about July 7, 2001, "Trans-Expo International was asked by Danzas Messen GmbH in Stuggart, a trade show forwarder, to customs clear and deliver cargo on behalf of themselves and their client Festo in Germany to a trade show in San Jose, California. Consequently, Festo Corporation in Hauppauge, New York, asked Trans-Expo International to move the cargo from the trade show in San Jose to Festo's facility in Hauppauge, New York, before it was shipped back to Germany. Soon after, Festo Corporation in Hauppauge, New York began asking Trans-Expo International to provide shipping arrangements for its cargo going to trade shows and special events."

Festo Corporation ("Festo") in it's May 23, 2003 Answer to Interrogatories states:

4F. "Festo Learnline 2000 Double-sided Mobile Trolley Workstation for Hydraulics, including two Hydraulic Pump Units weighed 812 lbs.";

2

12.    "Manufacturer: Festo Didactic GmbH & Co., Rechbergstrasse 3, 73770 Denkendorf, Germany."

12 & 21. Counsel for Festo confirms that the Festo Learnline 2000 unit was assembled in Germany and shipped to Festo in New York. (See letter of Festo counsel of 8/22/03 Exhibit 1).

Based upon the aforesaid Festo and Trans-Expo under oath discovery information it is reasonable and relevant to infer that there are Shipment Booking Order documents in the time frame sought which will cover the overseas shipment of Learnline 2000 units fully assembled from at least Germany to Festo in New York, and from Festo in Hauppauge to trade shows and special events which are documents likely to lead to admissable evidence respecting the shipping instructions and packaging and preparation and knowledge relative to shipped Festo Learnline 2000 units.

With respect to counsel's statements about Arpin's failure to confer in good faith in an effort to secure disclosure without court action Arpin responds as follows. From the time the Complaint was served upon all of these Defendants in February, 2003, Arpin had received no responsive discovery information from Michael D. Kovac, d/b/a Trans-Expo International and Erica Ramirez prior to August 24, 2003. Having had no reliable information under oath upon which Arpin could rely in that interim period, Arpin counsel felt it was futile to contact the

3

attorney for Kovac and Ramirez in order to discuss compliance since it was clear that she wanted to have the obligation to respond to Arpin's discovery requests continued until after Arpin's obligation to provide an Answer with Cross Claims had expired. Between July 29th and the present time counsel had several conversations with Attorney Susan O'Donnell and she never brought it up either. Furthermore, after receiving their opposition and before filing this reply Arpin counsel called Attorney O'Donnell on several occasions to ask her what she was willing to provide voluntarily so that a hearing could be avoided and she never returned counsel's calls. It is clear to Arpin counsel that she did not want to talk to Arpin counsel.

In light of the opposition and the circumstances counsel felt that any good faith attempt would have been futile because no documents were offered in response to the Motion to Compel and no compromise with respect to time or otherwise would have been acceptable.

Defendants,
By their attorney:

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street
P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

## **_CERTIFICATION OF NOTICE_**

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 26th day of August, 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.

5