FILED

2003 OCT 16  P 12: 49

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

US DISTRICT COURT
HARTFORD CT

| | |
|---|---|
| SHAWN POULIOT<br>Plaintiff | : CIVIL ACTION<br>: NO. 3:02 CV1302 (DJS) |
| v. | : |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>Defendants/Third-Party Plaintiffs | : |
| v. | : |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: OCTOBER 15, 2003 |

### *MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES AND MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO REQUEST FOR PRODUCTION*

On or about March 11, 2003, Arpin propounded Interrogatory #3 to Festo Corporation, which requested:

INTERROGATORY #3

At the time of the incident, was there in effect any policy of insurance through which you were, or might be, insured in any manner (for example, primary, pro-rata, excess liability

1

coverage, or medical expense coverage) for the damages, claims, or actions that have arisen out of the incident and, if so, for each policy state:

    a. The kind of coverage;

    b. The name and address of the insurance company;

    c. The name, address, and telephone number of each named insured;

    d. The policy number;

    e. The limits of coverage for each type of coverage contained in the policy;

    f. Whether any reservation of rights, controversy, or coverage dispute e: between you and the insurance company, and, if so, its nature;

    g. The name, address, and telephone number of the custodian of the policy.

Rather than answering the interrogatory, Festo answered "Relevant Documents, if any, are being produced concurrently herewith".

Request No. 1. All documents identified by Festo Corporation in response to Third-Party Plaintiff's Arpin Logistics, Inc.'s Interrogatory #3.

Response: Festo objects to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissable evidence. Festo further objects to this Request to the extent it seeks confidential or otherwise privileged information. Subject to these objections, and the General Objections, Festo responds as follows: Relevant

2

documents (F00031) have already been produced in response to Arpin's Request for Production of Documents. Additional documents are being located and will be produced.

The document which he provided was an insurance binder ("a temporary insurance contract") Policy #GL 003-08-37-01 indicating limits of liability coverage of $1,000,000. (See Exhibit A.)

Thereafter discussion was had and a letter was received from Mr. Oswald dated August 22, 2003 indicating that he was making further inquiry and investigation with respect to additional coverages. See Exhibit B.

On or about September 19, 2003, Arpin requested a responsive answer to its insurance coverage request.

On or about September 29, 2003, Festo provided a "Renewal Certificate" of Policy Number GL-003-08-37-00 with the inception date being January 1, 2001 and the expiration date being January 1, 2002. There were no limits of insurance provided on this document. See the enclosed document Exhibit C.

The production of September 29th also provided a Declaration Page for the year 2000 for Policy Number GL 003-08-37-00 with limits of insurance of $1,000,000. See attached Exhibit D.

At no time has Festo responsively answered interrogatory #3 by providing direct, clear, cogent answers to the insurance inquiries sought, namely what is the total amount of insurance which Festo has in force with which to pay claims arising out of this accident.

On October 3, 2003 Festo states, "I will have an answer for you next week regarding the additional insurance issue that you raise in your October 1 letter."

On or about October 10, 2003, Festo provided Arpin with an insurance policy, #17-5210400 or DE00006200L103A of the XL Insurance Company Ltd. completely written in the German language (See Exhibit F), ostensibly produced on June 8, 2003 for the year commencing January 1, 2003, without any corresponding English translation. It does appear that this company is part of the Winterthur Insurance Group of Companies, an international insurance underwriter. Arpin does not believe that this company does not also maintain an English translation of the very same policy, which should be provided forthwith.

This court already knows that Festo is a related company to 127 other "Festo" corporations around the world. Arpin does not believe that the declaration of coverage, which Festo has represented that it has, is limited to $1,000,000.

Arpin hereby seeks an Order of the Court compelling Festo to provide all of the insurance coverage that's available on this accident whether its primary, excess liability, umbrella liability or medical expense coverage together with all insurance applicable policies in English

4

or medical expense coverage together with all insurance applicable policies in English translation. Request is made that the information be provided within 10 days of the Court's Order.

Defendants,
By their attorney:

Thomas J. Grady, Esquire
Federal Bar No. CT17139
***LENIHAN, GRADY & STEELE***
6 Canal Street
P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

<u>**CERTIFICATION OF NOTICE**</u>

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 15th day of October 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.