FILED

2003 OCT 16  P 12: 50

U.S DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>    Plaintiff | : <br> : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs | :<br>:<br>:<br>: | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: | OCTOBER 15, 2003 |

**_MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL MORE
RESPONSIVE ANSWERS TO INTERROGATORIES AND MOTION TO COMPEL MORE
RESPONSIVE ANSWERS TO REQUEST FOR PRODUCTION_**

F.R.C.P. 33(b)(3) requires that answers to interrogatories be served within 30 days after the service of the interrogatories. F.R.C.P. 26(a)(1)(D) states that, "A party must, without awaiting a discovery request, provide to other parties:"

"(D)   For inspection and copying as under Rule 34 *any* insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of

1

a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment." (Italics added for emphasis)

F.R.C.P. Rule 26(a)(1) requires that this information be voluntarily provided "without awaiting a discovery request". Festo Corporation has not only not complied with F.R.C.P. 26(a)(1) in a timely manner, but it has also failed to comply with interrogatory requests and discovery requests propounded to elicit that information, in a timely manner.

Lastly, 182 days after being served with an Arpin interrogatory which has never been responsively answered, Festo provides a German translation of what appears to be it's excess policy. Does Festo really expect us to believe that Winterthur International does not have an English version of this policy? And that it cannot responsively answer Interrogatory #3 so that all of the parties and this court will know how much applicable insurance coverage Festo has.

                                            Defendants and Third-Party Plaintiffs,
                                            By their attorney:

                                            Thomas J. Grady, Esquire
                                            Federal Bar No. CT 17139
                                            ***LENIHAN, GRADY & STEELE***
                                            6 Canal Street
                                            P.O. Box 541
                                            Westerly, R.I. 02891
                                            (401) 596-0183
                                            (401) 596-6845 (Fax)

## **CERTIFICATION OF NOTICE**

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 15th day of October 2003, to Michael A. Stratton, Esquire of *Koskoff, Koskoff & Bieder*, 350 Fairfield Avenue, Bridgeport, CT 06604, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C. 2300 Financial Plaza, Providence, RI 02903-2443.

3