FILED

2003 OCT 20 P 1:31

U.S. DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>Plaintiff | : <br> : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>Defendants/Third-Party Plaintiffs | : <br> : <br> : | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>Defendants/Third-Party Defendants | : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br>OCTOBER 16, 2003 |

## MOTION TO POSTPONE SETTLEMENT CONFERENCE OF DECEMBER 2, 2003

Now come, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., Defendants, Third-Party Plaintiffs, and Cross-Claim Plaintiffs in the above-entitled matter and request of this Honorable Court that the Settlement Conference scheduled for December 2, 2003 be postponed. As of this time, discovery is not complete and it is not anticipated that it would be completed before the conference, although Plaintiff noticed Trans-Expo employees depositions are scheduled in San Diego on October 23rd and 24th. Recently ordered production has not yet been

1

provided by Trans-Expo International and it is not known whether or not compliance will be had prior to the San Diego depositions. This may necessitate additional depositions of the same persons. There are pending Arpin Motions to Compel Production from Festo Corporation, which have not yet been decided. Some of the documents, which are subject thereto, will be necessary to conduct the depositions at Festo Corporation. Notices were ready to issue for November 18, 19, and 20 for depositions of 9 Festo employees to be undertaken in Hauppauge, New York on Long Island. Festo counsel had indicated he is not available for depositions on those dates nor at anytime intervening. (See his letter of October 9, 2003 attached and Arpin's reply). Arpin is contemplating noticing these depositions, notwithstanding, due to the pressure of the court's scheduling order discovery bar date. Documents have been requested by Arpin and there are pending Motions to Compel which have not yet been decided. The production of these documents is necessary before commencing the depositions so that they will not have to be done more than once.

PENDING MATTERS

1. Defendant, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.'s Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction;

    Depositions of Arpin employees on jurisdictional facts (6) have been undertaken.

    Original transcripts have been distributed to the deponees for review. The Plaintiff's

      response is due by October 15th. In light of the late delivery of the depositions by the stenographer it is anticipated that more time will be needed by the Plaintiff to respond;

2. Motion to Compel Festo to Comply with the Second Request of Production of Documents

   Festo should be compelled to produce these documents before the Festo depositions are undertaken so that witnesses may be examined respecting the same;

3. Plaintiff's Motion to Amend the Complaint with Attached Fourth Amended Complaint has been filed. This Complaint alleges new counts of recklessness against Arpin for which discovery will be necessitated and a Motion to Strike is being readied.

4. Plaintiff's Motion to Amend the Complaint with attached Fifth Amended Complaint has been filed. It alleges new allegations of negligence against Arpin for which discovery will be necessitated.

5. Joint Motion of Arpin, Pouliot, Trans-Expo International and Ramirez to Amend the Scheduling Order.

   In light of the fact that there is pending a Motion to Amend the Complaint with an Attached Fourth and Fifth Amended Complaint and a Motion to Dismiss and/or Strike Cross-Claims by Kovac and Erica Ramirez (no answer having yet been filed by these Defendants) considerable discovery remains on these matters. It is believed that all

3

counsel agree to this Motion although the signature page from Festo counsel has not yet been forthcoming.

6. Arpin's Motion for Sanctions Pursuant to F.R.C.P.37(b)(2) for failure by Plaintiff to timely respond to interrogatories propounded to him in the early Spring.

   Without having the names of the experts no request can be made for expert reports and no notices can be issued to depose Plaintiff's expert witnesses. Without having responsive discovery to future wage questions, future disability, future ability to work, future medical care, it is impossible to evaluate this case. Further, there are still considerable questions with respect to liability about which discovery must be had in order to pin down liability issues;

7. Third-Party Defendant's Michael Kovac, d/b/a Trans-Expo International and Erica Ramirez Motion to Dismiss and/or Strike Cross-Claims.

   Kovac and Ramirez have not even yet filed an Answer in this case.

8. Arpin Motion to Compel Festo to Produce English Translation of Insurance Policy and Answer Interrogatory #3 with Maximum Total Limits of Liability.

   Arpin was prepared to notice nine employees for depositions in New York on November 19, 20 and 21. Festo counsel has indicated he will not proceed. Arpin is contemplating the issuance of notices, notwithstanding, due to current scheduling discovery bar date.

   This is a very complicated case involving egregious injuries with very complicated liability questions.

In good faith, Arpin has attempted to reasonably comply with the court's Amended Scheduling Order of May 15, 2003.

Arpin cannot compel reports from Plaintiff's experts because interrogatory answers have not been provided by the Plaintiff. Arpin cannot depose Plaintiff's experts in a timely manner because Plaintiff has failed to provide responsive interrogatory answers respecting experts so that the Defendant can know who the Plaintiff's experts are.

Arpin has already conducted extensive factual investigations into the events of October 23, 2001. Nonetheless, Arpin has little information on the respective positions of Shawn Pouliot, Festo and the Trans-Expo defendants. Festo has provided Arpin with a German translation insurance policy. No one knows how much coverage Festo has. A Motion has been filed to compel production of an English translation.

Arpin respectfully requests that any Settlement Conference in this matter be postponed until after all discovery has been concluded so that the parties will have had the opportunity to assess their respective positions in light of complete discovery. It is not anticipated that this will have occurred for a considerable period of time. Any serious settlement attempt would best be undertaken in light of all of the parties' known positions. At this time in light of the status of pending discovery, Arpin believes any serious settlement attempt is premature. Counsel cannot properly and responsibly advise their clients about their positions until discovery is complete.

Discovery is ongoing. Depositions of San Diego parties will be undertaken during the third week of October. However, there is still very much to be done.

Arpin respectfully requests that the Court postpone the Settlement Conference to a later date in the late Spring of 2004.

Defendants,
By their attorney:

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
**LENIHAN, GRADY & STEELE**
6 Canal Street, P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

**CERTIFICATION OF NOTICE**

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 16th day of October, 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.