

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>　Plaintiff | : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>　Defendants/Third-Party Plaintiffs | : | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>　Defendants/Third-Party Defendants | : | OCTOBER 16, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO POSTPONE SETTLEMENT CONFERENCE OF DECEMBER 2, 2003

Local Rule 16(c)(1) provides that, "A mandatory settlement conference will be held *at or shortly after the close of discovery…..*" Italics added for emphasis.

Subsection 3 provides that, "The judicial officer…..before whom a settlement conference is to be held may require that counsel be accompanied by the person or persons authorized and competent to accept or reject any settlement proposal."

The plain meaning of the language would indicate that at least the mandatory settlement conference is to be held after discovery is concluded.

As outlined in great detail in the Motion, information upon which this case can be evaluated is not yet available to Arpin. Discovery respecting the facts as well as liability issues is still ongoing. No documents or data or interrogatory answers have been provided by Plaintiff for future ability to work at a sedentary occupation, or otherwise, his future medical care, his future plans and/or expectations. No information has been provided with respect to his lost income and/or his projected lost income.

It is impossible to evaluate a case until the liability facts are tied down, the liability theories are exhausted, and the information with respect to medical losses past and future, wage losses past and future, pain and suffering, etc. past and future have been provided. At this particular point in time insufficient discovery has been undertaken to provide enough information upon which to evaluate this case.

This case is a year and a half old and there are still pending Requests to File Amended Complaints as well as a Motion to Dismiss the Cross-Claims of Arpin and a Motion to Dismiss for Lack of Subject Matter Jurisdiction.

Festo has yet to inform counsel in English how much liability coverage it has.

In good faith, Arpin does not see how "Counsel can attend any settlement conference fully authorized to make a final demand or offer" pursuant to Rule 16(c)(3).

Arpin respectfully represents that this settlement conference is contemplated to have followed the conclusion of all discovery so that everybody knows where they stand. This case is a long way from such a position.

In short, it is Arpin's position that there was nothing wrong with the rear lift at the time of this accident. The actual weight of the cargo was misrepresented by Festo Corporation and Trans-Expo International to Arpin and understated by 620 lbs. Arpin had insufficient information provided to it upon which to make a safe delivery plan.

Festo is guilty of negligently failing to prepare the cargo for shipment in a safe manner (on a skid or pallet, fully secured). It is also guilty of negligently misrepresenting to Arpin the true weight of the cargo by understating it by 620 lbs. Trans-Expo is negligent in that they undertook to provide shipping instructions but failed to exercise reasonable care in obtaining sufficient, accurate and truthful information for Arpin upon which it could make a safe delivery plan.

At this point in time, Arpin has not yet even been able to obtain the full insurance coverage applicable to the Festo Corporation. Festo has just provided a German language

insurance policy (about 11 months after being served and 184 days after discovery requests were propounded) so a Motion to Compel has been filed with respect to that as well.

Counsel for Trans-Expo International and counsel for Erica Ramirez express no objection to the Motion for Postponement. Counsel for the Plaintiff states that, "He does not think it will be useful to have a settlement conference if the primary Defendant is seeking postponement, however, he will not join in for a request for postponement". Counsel for Festo Corporation has stated that he has "no objection in principle to a Motion to Postpone a Settlement Conference", but "would like to see the actual text of such Motion before he gives his approval".

Such a condition precedent has not proven workable because Festo counsel then withholds his approval and sanitizes the Motion so as to remove anything which reflects negatively on Festo's position as a condition precedent to affording approval.

Defendants,

By their attorney:

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street, P.O. Box 541
Westerly, R.I.  02891
(401) 596-0183
(401) 596-6845 (Fax)

## **CERTIFICATION OF NOTICE**

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 16th day of October 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

_____
Thomas J. Grady, Esq.

# ADLER POLLOCK & SHEEHAN P.C.

2300 Financial Plaza
Providence, RI 02903
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110
Telephone 617-482-0600
Fax 617-482-0604
www.apslaw.com

October 9, 2003

**VIA FACSIMILE**

Thomas J. Grady, Esq.
Lenihan, Grady & Steele
Six Canal Street, P.O. Box 541
Westerly, RI 02891

Re:   **Shawn Pouliot v. Paul Arpin Van Lines, Inc., et al. v. The Festo Corporation, et al.**, C.A. No. 3:02CV1302(DJS)

Dear Tom:

I write in response to your letter of October 7, 2003. I did indeed write an "angry letter" to you on September 11, 2003. In that letter, I set forth why I was angry: you filed the Joint Motion to Amend the Scheduling Order the same day you sent me a complete copy of the motion, without awaiting my signature; you never informed me that you intended to file the motion the same day or otherwise informed me that you needed my immediate sign-off; and most importantly, you made a statement to the Court that implied that I had either not agreed to the motion or had been lax in giving my approval, neither of which is true. Your letter of October 7 does not dispute any of the above. I continue to believe that your filing the motion without my signature was wrong for the reasons noted above, and the additional reason that you have made it less likely that the Court will grant the motion, which was the whole point.

In response to the inquiry in your October 7, 2003 letter, I did not realize that you were awaiting my signature page. The motion was filed a month ago. Do you intend on filing my signature page, or re-filing the motion with my signature page attached?

I do not have an objection in principle to a motion to postpone the settlement conference. However, I would like to see the actual text of such a motion before I give my approval.

STATE CAPITAL

## ADLER POLLOCK & SHEEHAN

Thomas J. Grady, Esq.
October 9, 2003
Page 2

Finally, I am not available for depositions of Festo witnesses on November 18-20, 2003. Given the present schedule, I do not believe such depositions can proceed on earlier dates. Please get back to me to discuss mutually agreeable dates.

Sincerely,

*[signature]*

JAMES R. OSWALD

JRO:jv

cc:   Michael Stratton, Esq.
      Susan O'Donnell, Esq.

`274371_1`

LAW OFFICES OF
# LENIHAN GRADY & STEELE
THE DENISON HOUSE
6 CANAL STREET

F. THOMAS LENIHAN*
THOMAS J. GRADY**
MARGARET L. STEELE**

MICHELLE A. BUCK**
MATTHEW J. CORCORAN***

P.O. BOX 541
WESTERLY, RHODE ISLAND 02891-0541

*Via Facsimile*
October 14, 2003

TELEPHONE (401) 596-0183
FACSIMILE (401) 596-6845

*ADMITTED IN RI AND MA
**ADMITTED IN RI AND CT
***ADMITTED IN CT

James Oswald, Esquire
Adler, Pollock & Sheehan
2300 Financial Plaza
Providence, RI   02903-2443

>   *Re:*   *Shawn Pouliot vs. Paul Arpin Van Lines, Inc. et al.*
>   *Date of Accident: 10/23/01*
>   *U.S. District Court of Connecticut C.A. No. 3:02 CV1302 (DJS)*

Dear Jim:

Your letter of October 9, 2003 is acknowledged.

I write in response.

When I filed the Joint Motion to Amend the Scheduling Order, it was done with the anticipation that your signature page would follow, since I knew that there were no other changes in the Motion. You continue to try to make something out of nothing.

If you would provide me with the signature page now, I will indeed file it. I have been expecting it for a month or so. I don't know why it was never provided.

If the court does not grant the Motion it will be because of your failure to provide the signature page. I had intended to remedy the late filing as soon as you provided me with the page. I knew of no reason why it would not be forthcoming. I did not think it was such a big deal.

I see no reason why the signature page cannot be filed now since you do not object in principle.

Frankly, I think that your whole posture in this case is absurd. You continue to find reason after reason not to supply me with what I am entitled to. You delay. Then you try to blame me for the wrong doing.

*James Oswald, Esquire*
October 14, 2003
Page 2

      By not providing the signature page and not allowing depositions of Festo employees you have effectively precluded Arpin discovery of your witnesses prior to the scheduled settlement date, which, if the court will not continue, places Arpin in the position of having to go to the court ordered settlement conference without having had a complete discovery of Festo, the defendant which Arpin believes is primarily responsible for this accident.

      If you will provide me with the signature page by return mail, I will file it forthwith as it was intended a month ago.

                                          Very truly yours,

                                        ***LENIHAN, GRADY & STEELE***

                                          Thomas J. Grady, Esquire

TJG/rcc
cc:     Susan O'Donnell, Esq.
         Roland F. Moots, Esq.
         Michael A. Stratton, Esq.