UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT<br>    Plaintiff | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs | |
| v. | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | OCTOBER 20, 2003 |

**_MEMORANDUM OF LAW IN SUPPORT OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS INC.'S MOTION FOR MORE DEFINITE STATEMENT AS TO COUNT SEVEN OF PLAINTIFF'S FOURTH AND FIFTH AMENDED COMPLAINTS._**

Pursuant to Local Rule 7(a), Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. hereby submit this Memorandum of Law in Support of Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.'s Motion For More Definite Statement As to Count Seven of Plaintiff's Fourth and Fifth Amended Complaints.

3

Additionally, Arpin moves for a more definite statement as to Count 7 of both Plaintiff's Fourth and Fifth Amended Complaints pursuant to Fed.R.Civ.P. 12(e). The alleged "joint venture" between Arpin and Trans-Expo is so vague and ambiguous that a responsive pleading would be prejudicial to Arpin.

I.  Relevant Procedural Facts

On September 2, 2003, Plaintiff filed a Motion to Amend the Complaint with a Fourth Amended Complaint attached. Before a ruling on this motion was reached, Plaintiff filed another Motion to Amend the Complaint dated October 7, 2003. A Fifth Amended Complaint was attached to this Motion.

In all respects relevant to this present Motion, the Fourth and Fifth Amended Complaints are identical. Counts 5 and 6 were added to assert recklessness claims against the Arpin defendants. Count 7 was added to allege negligence against Arpin because it was vicariously responsible for Trans-Expo's actions in their joint venture to move Festo's cargo.

II.  Motion For A More Definite Statement

Arpin also moves that the Plaintiff be ordered to provide a more definite statement as to their allegation in Count Seven, Paragraph 23 of its Fourth and Fifth Amended Complaints.

4

Fed.R.Civ.P. 12(e) provides that "If a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement."

A motion for more definite statement attacks pleadings which state cognizable legal claims, but are so unclear that drafting a response to them would be impossible.  See Humphreys v. Nager, 962 F.Supp. 347, 352-53 (E.D.N.Y. 1997).

In Paragraph 23 of Count 7, the Plaintiff states, "Michael Kovac and Erica Ramirez acted as the agent, servants or employees of both Arpin Logistics and Paul Arpin Van Lines.  Further the Arpin defendants and the Kovac/Ramirez defendants were performing a joint venture for Festo at the time of Pouliot's injuries.  As such, Arpin Logistics, Inc. and/or Paul Arpin Van Lines are vicariously responsible for the negligence of Kovac and Ramirez."

Arpin is a Rhode Island corporation.  At the time of the injury, Trans-Expo was a sole proprietorship located in California.  Festo is a multi-national corporation with a headquarters in Hauppauge, New York.  The delivery, which is the subject of the "joint venture", was to Connecticut, which is also where the injury occurred.

There are no elements establishing a joint venture or vicarious responsibility.

At this point, Arpin does not know where the Plaintiff alleges that this "joint venture" was established or where it took place.  Arpin, thus cannot determine the required elements to

establish a joint venture pursuant to the Plaintiff's theory. Relatedly, Arpin will be unable to determine which elements constitute vicarious responsibility.

Arpin requests this court to order the Plaintiff to provide elements to the above legal conclusions or alternatively to express the State law under which he is claiming such conclusions.

Arpin respectfully moves the Court to grant the above requested relief to permit Arpin to formulate an adequate response.

                                            Defendants/Third Party Plaintiffs
                                            By their attorney

                                            _____
                                            Thomas J, Grady, Esquire
                                            Federal Bar No. CT 17139
                                            ***LENIHAN, GRADY & STEELE***
                                            6 Canal Street
                                            P.O. Box 541
                                            Westerly, RI 02891
                                            (401) 596-0183
                                            (401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

     I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 25th day of Actbr, 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

                                                         Thomas J. Grady, Esq.

7