United States District Court
District of Connecticut
FILED AT HARTFORD
10/23/03
Kevin F. Rowe, Clerk
By: Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>Plaintiff | : <br> : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs<br>    Cross-Claim Plaintiffs | : <br> : <br> : <br> : | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | : <br> : <br> : <br> : <br> : <br> : | <br><br><br><br><br>OCTOBER 22, 2003 |

### *MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ARPIN'S THIRD REQUEST FOR PRODUCTION*

LACK OF TIMELY OBJECTION CONSTITUTES WAIVER

F.R.C.P. 34(b) provides, "The party upon whom the request is served shall serve a written response within 30 days after the service of the request." All grounds for objection must be specifically stated in a <u>timely</u> response or they are waived. See <u>Drexel Heritage Furnishings, Inc. v. Furniture U.S. Inc.</u>, 200 F.R.D. 255 (M.D.N.C. 2001). Waiver is implicit in Rule 34's

1

requirement that objections be explicitly stated. See <u>Rivera v. Kmart Corp.</u>, 190 F.R.D. 298, 300-01 (D. Puerto Rico 2000). Attorney inadvertence is not good cause. <u>Starlight International Inc. v. Herlihy</u>, 181 F.R.D. 494 (D. Kan. 1998).

Timeliness in this case would have required the filing of objections on or before October 13, 2003. The objection was filed on October 20, 2003. The failure to file an objection in a timely manner constitutes a waiver respecting the objection.

## FESTO'S OBJECTION IS BASICALLY ONE OF "OVERLY BROAD, UNDULY BURDENSOME AND NOT REASONABLY CALCULATED TO LEAD TO THE DISCOVERY OF ADMISSABLE EVIDENCE".

The request for production is premised upon Erica Ramirez's under oath answer to Arpin interrogatory #16 which stated:

16. Please describe what was learned about damages to the Festo units in prior United Van Lines shipments as referred to on the shipping order of October 18, 2001 and the name, address and employer of the person who told you, and, in particular about:

   a. The cause of each damaged shipment;

   b. How the damaged shipment occurred;

   c. How and why the damage occurred to the wheels on those shipments;

   d. All efforts made by you to learn about the reason those accidents occurred;

2

      e.      Any changes made to the unit in response to the previous damages.

**ANSWER**: "I specifically recall being told by someone at Festo that damage had occurred previously because the trolley, which was on wheels, had been placed on a pallet by a prior carrier and this resulted in damage to the wheels. I recall the conversation as to this was why Arpin was getting a chance to do Festo's uncrated shipments. Thus, per the Shipment Booking document faxed to Arpin, Petra Milks at Festo was a "New Contact". My main contact for the shipment which is the subject of this litigation was Petra Milks. My prior contact at Festo was Cheryl Sabatelli who was involved in trade show shipments. I cannot recall the identity of the person who had this conversation with me about prior damage." See Exhibit 2 and 3.

The Shipment Booking Order itself (Exhibit 3) makes reference to the prior carrier as having been United Van Lines.

This inquiry is likely to lead to admissable evidence since Arpin contends that the standard of care method of shipping this "trolley" was on a skid or pallet fully secured and evidence of prior shipment may constitute evidence that Festo knew or should have known of the standard of care as well as dangers arising from the shipment of the unit by way of United Van Lines.

3

While admittedly, the time frame could be overly broad, Arpin has no way of knowing when Festo began doing business with United Van Lines and when these events occurred. Therefore, Arpin selected an arbitrary date of 4 years prior. Upon inquiry, Arpin does not know when these damages occurred. It is likely that their response will make those dates manifest.

As the result, Arpin contends that under the circumstances the inquiry is not overly broad or oppressive and the information will likely lead to admissable evidence.

Affidavit of Movant's Good Faith Efforts to Resolve the Discovery Dispute is attached. See Exhibit 6.

Defendants/Third-Party Plaintiffs
and Cross-Claim Plaintiffs,
By their attorney:

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
**LENIHAN, GRADY & STEELE**
6 Canal Street
P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

4

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 22nd day of October 2003, to Michael A. Stratton, Esquire of *Koskoff, Koskoff & Bieder*, 350 Fairfield Avenue, Bridgeport, CT 06604, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C. 2300 Financial Plaza, Providence, RI 02903-2443.