# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>Plaintiff | : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| V. | : | |
| PAUL ARPIN VAN LINES, INC.<br>AND ARPIN LOGISTICS, INC.<br>Defendants | : | |
| V. | | |
| FESTO CORPORATION AND MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE OF<br>TRANS-EXPO INTERNATIONAL | :<br>:<br>:<br>:<br>: | SEPTEMBER 10, 2003 |

**THIRD REQUEST FOR PRODUCTION OF DOCUMENTS TO BE PROPOUNDED BY THIRD-PARTY PLAINTIFF AND DEFENDANT ARPIN LOGISTICS, INC. TO FESTO CORPORATION UNDER RULE 34**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Third-Party Plaintiff Arpin Logistics, Inc. propounds the following document requests to Third-Party Defendant, Festo Corporation, to be answered separately and fully in writing under oath within thirty (30) days after service hereof.

1

## PRELIMINARY STATEMENT

In answering these document requests, furnish all information available to you, including information in the possession of your attorneys, their investigators and all other persons acting in your behalf, and not merely such information known of your personal knowledge. Each document request, and each subsection of each document request, is to be fully and separately answered in accordance with the duties set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure. As to any document request for which an exact, complete and entirely accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as is possible.

## DEFINITIONS

For the purpose of these Document Requests and answers thereto the following definitions shall apply:

A.  "Document" means any paper or other writing and any items of graphic material, however recorded or reproduced, including all drafts, copies or other preliminary material which are different in any way from the executed or final document, regardless of whether designated "confidential", "privileged" or otherwise restricted, wherever located, whether an original or a copy, including but not limited to agreements, contracts, financial statements, invoices, minutes,

work sheets, work papers, summaries, and other written records or recordings of any conferences, meetings, visits, interviews or telephone conversations, financial and statistical data, analyses, surveys, transcripts of testimony, statements, interviews, affidavits, press releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers, records interoffice communication, electronic data processing cards, tapes, print-outs, papers or other recordings, tables, compilations, catalogues, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, communications received or sent, books, brochures, advertisements, circulars, mailings and publications; and any copy containing thereon or having attached thereto any alterations, notes, comments or other material shall be deemed a separate document from the original or any other copy not containing such materials within the foregoing definition.

  B. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office or any other form of legal entity.

  C. "You" "Your" or "Festo" is defined as meaning Festo Corporation or any other person acting on behalf or under the direction or control of either or both of these entities.

D.     "Date" means the exact date, month and year if ascertainable or, if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

The words in this document have been selected for their common meanings, and no particular manner of punctuation or sentence construction is intended. Please resolve any doubt about the meaning or intent of any phrase or combination of phrases by arriving at an interpretation that permits the request to address a relevant, even productive, area of inquiry. (If you cannot resolve any such doubt, you are invited to call the counsel to resolve the ambiguities through discussion rather than simply state an objection for vagueness and wait for judicial resolution of the discovery objection.)

## PRIVILEGE

With respect to any requested information, as to which any claim of privilege is made or as to which any claim of protection from discovery is made under Rule 26(b) of the Rules of Civil Procedure, identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based on sufficient detail to enable Plaintiffs to form a judgment as to the basis and validity of the claimed privilege.

## DOCUMENT REQUESTS

1. All claims files for damages to the Festo Learnline 2000 Double-Sided Mobile Trolley Workstation which was shipped by United Van Lines during the 4-year period of 10/23/97 – 10/23/01;

2. The complete shipment file for every Festo Learnline 2000 Double-Sided Mobile Trolley Workstation utilizing United Van Lines as a shipping carrier between 10/23/97 – 10/23/01.

Defendants and Third-Party Plaintiffs
By their attorney:

_____
Thomas J. Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street
P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

5

### *CERTIFICATION OF NOTICE*

____ I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail, this ____ day of September, 2003, to Michael A. Stratton, Esquire of Stratton Faxon, 59 Elm Street, New Haven, Connecticut 06510, Roland F. Moots, Jr., Esquire of Moots, Pellegrini, Mannion, Martindale & Dratch, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of Halloran & Sage, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of Adler, Pollack & Sheehan, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

_____
Thomas J. Grady, Esq.

6

# EXHIBIT 2

# ADLER POLLOCK & SHEEHAN P.C.

2300 Financial Plaza
Providence, RI 02903
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110
Telephone 617-482-0600
Fax 617-482-0604
www.apsl.com

October 17, 2003

**VIA FACSIMILE**

Thomas J. Grady, Esq.
Lenihan, Grady & Steele
Six Canal Street, P.O. Box 541
Westerly, RI 02891

Re: **Shawn Pouliot v. Paul Arpin Van Lines, Inc., et al. v. The Festo Corporation, et al.**, C.A. No. 3:02CV1302(DJS)

Dear Tom:

In light of the upcoming out-of-state depositions and the currently scheduled settlement conference, will you agree to a 30-day extension for Festo Corporation's responses to Arpin's fourth set of document requests? If not, I will be obliged to seek a 30-day extension under Rule 7 of the Court's Local Rules.

By the way, we have no record of ever having received a "third" set of document requests. Am I correct that the designation of "fourth" set of document requests is simply an oversight? Please contact me by the end of the day today, if possible. Thank you for your consideration.

Sincerely,

JAMES R. OSWALD

JRO:jv

cc: Michael Stratton, Esq.
    Susan O'Donnell, Esq.

275187.1


STATE CAPITAL
GLOBAL LAW FIRM GROUP

A member of the State Capital Global Law Firm Group

# EXHIBIT 3

Law Offices of
# LENIHAN GRADY & STEELE
The Denison House
6 Canal Street
P.O. Box 541
Westerly, Rhode Island 02891-0541

F. Thomas Lenihan*
Thomas J. Grady**
Margaret L. Steele**

Michelle A. Buck**
Matthew J. Corcoran***

Telephone (401) 596-0183
Facsimile (401) 596-6845

*Admitted in RI and MA
**Admitted in RI and CT
***Admitted in CT

*Via Facsimile*
October 17, 2003

James Oswald, Esquire
Adler, Pollock & Sheehan
2300 Financial Plaza
Providence, RI  02903-2443

*Re:  Shawn Pouliot vs. Paul Arpin Van Lines, Inc. et al.*
*Date of Accident: 10/23/01*
*U.S. District Court of Connecticut C.A. No. 3:02 CV1302 (DJS)*

Dear Jim:

Your letter of October 17, 2003 is acknowledged.

I enclose herewith a copy of the Third Request for Production which was propounded on September 10, 2003, the answers to which were due on October 10, 2003.

Also enclosed is the Fourth Request for Production of Documents propounded on September 23, 2003.

No agreement to a 30-day extension will be issued. The time within which to object has passed. I will file a Motion to Compel More Responsive Answers. It is too late to seek a 30-day extension.

Very truly yours,

*LENIHAN, GRADY & STEELE*

Thomas J. Grady, Esquire

TJG/rcc
Enclosure

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SHAWN POULIOT : | |
|     Plaintiff : | |
| : | |
| VS. : | CIVIL ACTION NO. |
| : | 3:02 CV1302 (DJS) |
| PAUL ARPIN VAN LINES : | |
| ARPIN LOGISTICS, INC. : | |
|     Defendants/Third Party Plaintiffs : | |
| : | |
| VS. : | |
| : | |
| THE FESTO CORPORATION : | |
| MICHAEL D. KOVAC D/B/A : | |
| TRANS-EXPO INTERNATIONAL : | |
| ERICA RAMIREZ, IN HER CAPACITY : | |
| AS EMPLOYEE OF TRANS-EXPO INTL: | |
|     Third Party Defendants : | August 18, 2003 |

### RESPONSES AND OBJECTIONS OF THIRD-PARTY DEFENDANT ERICA RAMIREZ TO THIRD-PARTY PLAINTIFF/DEFENDANT ARPIN LOGISTIC'S MAY 30, 2003 INTERROGATORIES

1. Please identify yourself fully, giving your full name, age, marital status, social security number, birthdate, residence address, telephone number, name of present employer, business address and occupation, at this time and on October 23, 2001.

**1. A.** **At this time**:
(a) **Full Name: Erica Ramirez Korzep**
(b) **Marital Status: Married**
(c) **Social Security number: The third-party defendant objects to this Interrogatory on the grounds that a person's social security number is private and confidential. This third-party defendant's social**

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN**
**& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

he provided a quote of $400.00 for the shipment as noted in the lower right hand corner of the Shipment Booking document.

16. Please describe what was learned about damages to the Festo units in prior United Van Lines shipments as referred to on the shipping order of October 18, 2001 and the name, address and employer of the person who told you, and, in particular, about:

    a. The cause of each damaged shipment;

    b. How the damaged shipment occurred;

    c. How and why the damage occurred to the wheels on those shipments;

    d. All efforts made by you to learn about the reason those accidents occurred;

    e. Any changes made to the unit in response to the previous damages.

(a)-(e) I specifically recall being told by someone at Festo that damage had occurred previously because the trolley, which was on wheels, had been placed on a pallet by a prior carrier and this resulted in damage to the wheels. I recall the conversation as to this was why Arpin was getting a chance to do Festo's uncrated shipments. Thus, per the Shipment Booking document faxed to Arpin, Petra Milks at Festo was a "New Contact." My main contact for the shipment which is the subject of this litigation was Petra Milks. My prior contact at Festo was Cheryl Sabatelli who was involved in trade show shipments. I cannot recall the identity of the person who had this conversation with me about prior damage.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## VERIFICATION PAGE

<u>Pouliot v. Arpin</u>

I hereby certify that I have reviewed the above interrogatories and responses thereto and that they are true and accurate to the best of my knowledge and belief.

*Erica Ramirez Korzep*

Subscribed and sworn to before me this 14 day of August, 2003.

*Kathy Vandersommen*

Notary Public/
Commissioner of the Superior Court

My Commission Expires: 12/07/03

445962.1(HS-FP)



KATHY VANDERSOMMEN
COMM. #1245058
Notary Public California
ORANGE COUNTY
My Comm. Expires 12/7/03

# EXHIBIT 5

# Trans-Expo International SHIPMENT BOOKING

Attention: Bill / Heidi
Fax 401.828.3773 ②

| AGENT NO: | | Pickup Date: | Delivery date: |
|---|---|---|---|
| AGENT NAME: | Trans-Expo Intl | 10/19/01 | No later than 10/25 |
| SUBMITTED BY: | Erica Ramirez | Time Ready: Ready now<br>Call prior to arrival<br>Time Close: | Delivery Time: 0800-1500 only |
| TEL: | 858.376.2300 | | |
| FAX: | 858.376.2308 | | |

| SHIPPER | Festo Regional Logistics Ctr | CONSIGNEE | Naugatuck Valley Community College |
|---|---|---|---|
| ADDRESS | 430 Wireless Blvd | ADDRESS | 750 Chase Parkway |
| ADDRESS | Must have 10-12 pads/Straps/protect wheels | ADDRESS | Need Palletjack and liftgate for delv. |
| CITY, ST, ZIP | Hauppauge NY 11788 | CITY, ST, ZIP | Waterbury CT 06708 |
| Customer Name | Faye Devito-MGR | Customer Name | Ray Castellani-Must call in advance of delivery |
| TELEPHONE | 631.435.9417 | TELEPHONE | 203.596.8741 |
| BOOTH | They have a dock | BOOTH | |
| Tradeshow | | Tradeshow | |
| Contractor | | Contractor | |

| BILL TO: | | BILLING PARTY | Festo Corporation-New Account New Contact |
|---|---|---|---|
| ☐ SHIPPER | | ADDRESS | 395 Mooreland Road |
| ☐ CONSIGNEE | | ADDRESS | |
| ☒ THIRD PARTY | | CITY, ST, ZIP | Hauppauge, NY 11788 |
| | | CONTACT | Petra Milks |
| | | TELEPHONE | 631.404.3182 |

| DIMENSIONS: | | | Pieces & Weight: | | REQUIREMENTS: | |
|---|---|---|---|---|---|---|
| L | W | H | Pieces | 2 | x | Liftgate |
| 59 | 33 | 72 | Actual Wt. | 400 | x | Inside Delivery |
| 47 | 32 | 37 | Volume Wt. | | | Other |

1 workstation requires pads/1 pallet (protect corners of pallet please

Commodity:
Declared Value:
Insurance:

**Special Instructions:** Please take extra caution to protect workstation. We are getting these orders because United damaged so much of their shipments. So please tell driver to have correct equipment and pad/strap well. Call prior to p/u and delivery. Ray @the destination will provide delivery instructions/ Thanks Bill ! Erica

Protect wheels!

**Quoted Amount:**
Quoted $400.00 by Bill Mottla 10/18/01

Please bill client
L/H $512.05
Fuel $25.60
Total $537.65

# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>　　Plaintiff | :<br>: | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>　　Defendants/Third-Party Plaintiffs<br>　　Cross-Claim Plaintiffs | :<br>:<br>:<br>: | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>　　Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: | OCTOBER 22, 2003 |

### *AFFIDAVIT OF MOVANT'S GOOD FAITH EFFORTS TO RESOLVE THE DISCOVERY DISPUTE RELATIVE TO FESTO'S PRODUCTION OF THIRD REQUEST FOR PRODUCTION*

I, Thomas J. Grady, upon oath being duly sworn as follows:

1. That I am an attorney admitted to practice in the Federal Courts;

2. That I have exercised restraint, patience, forbearance, and perseverance in attempting to resolve the discovery dispute with the Festo Corporation relative to the answering of the Third Request for Production relating thereto;

1

3. As a matter of law the time to object has been waived and therefore there is no lawful basis for objection. Further, objection by way of delay only further frustrates Movant's (Arpin) attempts to comply with the court's current scheduling order;

4. That counsel believes that he has exercised more than a good faith effort to obtain Festo's compliance with Arpin's discovery requests without the court's intervention.

The aforesaid facts are true and correct to the best of my knowledge and belief.

IN WITNESS THEREOF, I hereunto set my hand and seal this 22nd day of October, 2003.

Thomas J. Grady

STATE OF RHODE ISLAND
COUNTY OF WASHINGTON

In Westerly on the 22nd day of October, 2003 before me personally appeared Thomas J. Grady to me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument, by he so executed, to be his free act and deed.

Notary Public: SUSAN TUCKER
My Commission Expires: 2/5/05

2