UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT,<br>    Plaintiff<br>v.<br><br>PAUL ARPIN VAN LINES, INC., AND<br>ARPIN LOGISTICS, INC.,<br>    Defendants. | :<br>:<br>:   No. 3:02CV1302 (DJS)<br>:<br>:<br>:<br>: |

FILED
2003 OCT 31  P 3:08
U.S. DISTRICT COURT
HARTFORD CT

## MEMORANDUM OF DECISION AND ORDER

Now pending before the court is defendant and third-party plaintiff Arpin Logistics, Inc.'s ("Arpin") motion to compel **[doc. #149]**. Arpin seeks to compel third-party defendant Festo Corporation's ("Festo") compliance with the Second Request for the Production of Documents dated June 11, 2003. Arpin's motion is **GRANTED**.

### I. DISCUSSION

**A. Arpin's Request No. 1**

Arpin's request for "[e]ach and every Shipment Booking Order between Festo and Trans-Expo International...for the year 2001", Arpin's Memorandum **[doc. #150]**, is almost exactly the same as the language approved by the Court in an order regarding a similar document production request served on Trans-Expo International. Ruling on Defendant's Motion to Compel **[doc. #172]**. Accordingly, the Court **GRANTS** this motion, consistent with its prior order.

**B. Arpin's Request No. 2**

As both parties are no doubt aware, Federal Rule 26 favors open and inclusive discovery. The objecting party must do more than "simply intone [the] familiar litany that the

interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted).

Festo argues in its objection that Arpin's request merely seeks information and not documents. The Court acknowledges that Arpin's request is worded rather poorly, but finds it neither impermissibly vague nor impossible to understand. Further, Festo claims no privilege for either the documents Arpin requests or the information such documents would contain. Absent some claim of privilege Festo has failed to satisfy its burden. Accordingly, Arpin's motion is **GRANTED**.

The Court issues the following **ORDER:**

1. Festo shall produce the documents requested in Arpin's Request No. 1 **NO LATER THAN NOV. 28, 2003.**

2. Festo shall the documents request in Arpin's Request No. 2 **NO LATER THAN NOV. 28, 2003.**

IT IS SO ORDERED at Hartford, Connecticut, this ___ day of October, 2003.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE

2