UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT,<br> Plaintiff<br><br>v.<br><br>PAUL ARPIN VAN LINES, INC., AND<br>ARPIN LOGISTICS, INC.,<br> Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: No. 3:02CV1302 (DJS) |

## MEMORANDUM OF DECISION AND ORDER

Now pending before the court is defendant and third-party plaintiff Arpin Logistics, Inc.'s ("Arpin") motion to compel **[doc. #122]**. Arpin seeks to compel third-party defendant Festo Corporation's ("Festo") compliance with the Request for the Production of Documents dated March 10, 2003. Arpin's motion is **GRANTED** for the following reasons.

Initially, however, the court must take note of the fact that Arpin failed to submit a certification that the motion to compel was filed only after a good faith effort to confer with Festo about this matter. Although this is sufficient reason to deny Arpin's motion, see Fed. R. Civ. P. 37(a)(2)(A), two factors lead the Court not to deny the motion on this ground. First, there is ample evidence in the arguments made by both parties to allow the court to infer that substantial conversations between the parties on this topic has occurred. Second, the motions in question were filed prior to the very pointed warning the Court gave to the parties regarding this very issue **[doc. #172]**.

### I. DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. Specifically, "[p]arties may obtain discovery regarding any matter, not privilege, which is relevant to the subject matter involved in the pending action..." Fed. R. Civ. P. 26(b)(1)  As a

general proposition, the Federal Rules of Civil Procedure concerning discovery are to be construed broadly. See generally 6 Moore's Federal Practice § 26.41(1) (Matthew Bender 3d ed. 1997) (citing Herbert v. Lando, 441 U.S. 153, 177 (1979)). The emphasis on open and inclusive discovery is also evident in the burden placed on a party objecting to a discovery request. The objecting party must do more than "simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad." Compagnie Francaise D'Assurance Pour Le Commerce Exterieur v. Phillips Petroleum Co., 105 F.R.D. 16, 42 (S.D.N.Y. 1984). Instead, the objecting party must "show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." Id. (internal citations and quotation marks omitted).

The local rules for this district provide a format for the submission and explanation of objections to discovery–the privilege log. "[W]hen a claim of privilege or work product protection is asserted in response to a discovery request for documents, the party asserting the privilege or protection *shall* provide...a privilege log." D. Conn. L. R. Civ. 37 (a)(1) (emphasis added). Here, Festo has failed to provide a privilege log in violation of the local rules.

The purpose of the privilege log is to allow the court to fully understand the nature of the claims of privilege or protection. Absent specific claims of privilege related to specific documents and content matter, the Court has no basis upon which to determine the validity of a party's objection. The flaws in Festo's argument provide crystal clear examples of the necessity of a privilege log and its specific content. Festo argues that it has withheld "a small number of e-mails...unrelated to this lawsuit" without any more evidence than bare assertion.

Festo Memorandum in Opposition **[doc. #131]**.  Festo does not even provide boilerplate language claiming a general privilege, much less the more specified claim the rules require.

A mere assertion of irrelevance is insufficient to warrant redacting documents that are otherwise responsive to a proper discovery request. Festo bore the burden of showing a specific claim of privilege or protection and of providing evidence and explanation to support its claim. Festo failed to meet its burden.

The Court issues the following **ORDER:**

    **1.** Festo shall produce the complete unredacted content of the five email transactions listed in Arpin's motion to compel **NO LATER THAN NOV. 14, 2003.**

    **2.** Festo shall provide a copy of the check requested by Arpin in its motion to compel **NO LATER THAN NOV. 14, 2003.**

**IT IS SO ORDERED** at Hartford, Connecticut, this ___ day of October, 2003.



              DOMINIC J. SQUATRITO
              UNITED STATES DISTRICT JUDGE