

FILED

2003 OCT 31  P 4: 37

US DISTRICT COURT
HARTFORD CT

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT, | ) |
| Plaintiff | ) CIVIL ACTION NO |
| | ) 3:02 CV 1302 (DJS) |
| V. | ) |
| | ) |
| PAUL ARPIN VAN LINES, INC., | ) |
| ARPIN LOGISTICS, INC.,THE FESTO | ) |
| CORPORATION, MICHAEL KOVAC | ) |
| D/B/A TRANS EXPO INTERNATIONAL, | ) |
| AND ERICA RAMIREZ | ) |
| Defendants | ) September 2, 2003 |

### FOURTH AMENDED COMPLAINT

**Count One:    As to Paul Arpin Van Lines, Inc. for Negligence:**

1.      The defendant, Paul Arpin Van Lines, Inc. (hereinafter referred to as "Arpin"), is a Rhode Island corporation with its corporate headquarters in Rhode Island.

2.      The defendant, Arpin Logistics, Inc. (hereinafter referred to as "Logistics"), is a foreign corporation with its corporate headquarters in Rhode Island.

3.      Both Logistics and Arpin do business in Connecticut as movers and truckers.

4.      On or about October 23, 2001, the plaintiff, Shawn Pouliot, worked as an independent contractor delivery driver for the defendants.

5.      The defendants provided Shawn Pouliot with a truck and with loads to deliver.

6.      During the delivery of a Learnline 2000 work station to Naugatuck Valley Community College in Waterbury, Connecticut, the load fell directly onto Shawn Pouliot, pinning him to the ground and causing the permanent and severe injuries set forth herein.

7.   The injuries to Shawn Pouliot were the direct and proximate result of the defendant, Paul Arpin Van Lines, Inc.'s negligence and/or carelessness in one or more of the following ways:

(a)   they provided him with a defective liftgate;

(b)   they failed to adequately inspect the liftgate;

(c)   they failed to properly service the liftgate;

(d)   they failed to replace the liftgate with a safe alternative;

(e)   they failed to equip the truck with proper equipment for securing loads;

(f)   they sent Shawn Pouliot on a job without proper equipment and/or support staff;

(g)   they failed to obtain all pertinent and/or correct information from the shipper and/or Festo as to the condition of the Learnline 2000 unit, the moving requirements of the unit and as to whether it was safely prepared for shipment;

(h)   they failed to warn Shawn Pouliot of the dangers of transporting the Learnline unit;

(i)   failed to inform Shawn Pouliot of information provided to them by the shipper's agent that the unit was on wheels; required a palletjack; palleting; and a proper liftgate for delivery;

j)   failed to inform Shawn Pouliot that he should call in advance for delivery at the college for special delivery instructions despite being warned by the shipper's agent to do so;

k)   provided Shawn Pouliot with a truck with an inadequate liftgate despite knowing but not informing Shawn Pouliot that a safe and adequate liftgate would be necessary to accomplish the delivery; and/or

l)    failed to convey to Shawn Pouliot the necessity of having the correct equipment given the requirements of the job known to this defendant but not Shawn Pouliot.

8.    As a direct and proximate result of the defendant's negligence, Shawn Pouliot suffered the following injuries, all or part of which are permanent:

(a)    burst fracture of L1 with complete spinal cord injury and paraplegia;

(b)    loss of bowel and bladder function;

(c)    loss of ability to ambulate

(d)    loss of sexual function;

(e)    lumbar fusion;

(f)    multiple operations;

(g)    depression;

(h)    anxiety

(i)    physical pain;

(j)    loss of ability to handle wide variety of activities of daily living;

(k)    probable future degeneration of bone, muscle, and other tissues;

(l)    probable future infections and fractures; and

(m)    severe emotional distress.

9.    As a further result, Shawn Pouliot has incurred and will continue to incur medical costs, prescription drug costs, surgical costs, and other associated care costs.

10.    As a still further result, Shawn Pouliot has lost wages and has been caused to suffer a severe impairment of his earning capacity.

11.     As a final result, Shawn Pouliot has suffered a severe diminishment in his ability to enjoy life's activities, including but not limited to his marriage, his children, and his activities and hobbies.

**Count Two:  As to Arpin Logistics, Inc. for Negligence:**

1.     The defendant, Paul Arpin Van Lines, Inc. (hereinafter referred to as "Arpin"), is a Rhode Island corporation with its corporate headquarters in Rhode Island.

2.     The defendant, Arpin Logistics, Inc. (hereinafter referred to as "Logistics") is a Rhode Island corporation with its corporate headquarters in Rhode Island.

3.     Both Logistics and Arpin do business in Connecticut as movers and truckers.

4.     On or about October 23, 2001, the plaintiff, Shawn Pouliot, worked as an independent contractor delivery driver for the defendants.

5.     The defendants provided Shawn Pouliot with a truck and with loads to deliver.

6.     During the delivery of a Learnline 2000 work station to Naugatuck Valley Community College in Waterbury, Connecticut, the load fell directly onto Shawn Pouliot, pinning him to the ground and causing the permanent and severe injuries set forth herein.

7.     The injuries to Shawn Pouliot were the direct and proximate result of the defendant, Arpin Logistics' negligence and/or carelessness in one or more of the following ways:

      (a)     they provided him with a defective liftgate;

      (b)     they failed to adequately inspect the liftgate;

      (c)     they failed to properly service the liftgate;

      (d)     they failed to replace the liftgate with a safe alternative;

      (e)     they failed to equip the truck with proper equipment for securing loads;

(f)     they sent Shawn Pouliot on a job without proper equipment and/or support staff;

(g)     they failed to obtain all pertinent and/or correct information from the shipper and/or Festo as to the condition of the Learnline 2000 unit, the moving requirements of the unit and as to whether it was safely prepared for shipment;

(h)     they failed to warn Shawn Pouliot of the dangers of transporting the Learnline unit

(i)     they failed to inform Shawn Pouliot of information provided to them by the shipper's agent  that the unit was on wheels; required a palletjack;  palleting; and a proper liftgate for delivery;

j)      they failed to inform Shawn Pouliot that he should call in advance for delivery at the college for special delivery instructions despite being warned by the shipper's agent to do so;

k)      they provided Shawn Pouliot with an inadequate liftgate despite knowing but not informing Shawn Pouliot that a safe and adequate liftgate would be necessary to accomplish the delivery; and/or

l)      failed to convey to Shawn Pouliot the necessity of having the correct equipment given the requirements of the job known to this defendant but not Shawn Pouliot.

8.     As a direct and proximate result of the defendant's negligence, Shawn Pouliot suffered the following injuries, all or part of which are permanent:

(a)     burst fracture of L1 with complete spinal cord injury and paraplegia;

(b)     loss of bowel and bladder function;

(c)     loss of ability to ambulate

(d)     loss of sexual function;

(e)     lumbar fusion;

(f)     multiple operations;

(g)     depression;

(h)     anxiety;

(i)     physical pain;

(j)     loss of ability to handle wide variety of activities of daily living;

(k)     probable future degeneration of bone, muscle, and other tissues;

(l)     probable future infections and fractures; and

(m)     severe emotional distress.

9.     As a further result, Shawn Pouliot has incurred and will continue to incur medical costs, prescription drug costs, surgical costs, and other associated care costs.

10.     As a still further result, Shawn Pouliot has lost wages and has been caused to suffer a severe impairment of his earning capacity.

11.     As a final result, Shawn Pouliot has suffered a severe diminishment in his ability to enjoy life's activities, including but not limited to his marriage, his children, and his activities and hobbies.

**Count Three:  As to the Defendant Festo Corporation For Negligence:**

1.      Festo Corporation, Defendant, is a duly incorporated New York domestic business corporation whose principal place of business is located in Hauppauge, Suffolk County, New York;

2.      Festo Corporation, Defendant, is a foreign business corporation doing business in the State of Connecticut;

3.      Arpin Logistics, Inc. is a Rhode Island domestic business corporation with its principal place of business in the Town of East Greenwich, County of Kent, State of Rhode Island;

4.      Arpin Logistics, Inc. is a foreign corporation doing business in the State of Connecticut.

5.      Michael D. Kovac, d/b/a Trans-Expo International, is a proprietorship doing business as a shipper's agent and broker with its principal place of business in or about the City of San Diego, in the State of California;

6.      Michael D. Kovac, d/b/a Trans-Expo International is a foreign business person doing business in the State of Connecticut;

7.      Paul Arpin Van Lines, Inc. is a Rhode Island domestic corporation with its principal place of business in the Town of West Warwick, County of Kent, State of Rhode Island;

8.      Paul Arpin Van Lines, Inc. is a foreign corporation licensed to do business and duly qualified in the State of Connecticut;

9.      Erica Ramirez is the agent and servant of Michael D. Kovac, d/b/a Trans-Expo International and is a resident of the City of San Diego, in the State of California;

10.     Pursuant to C. G. S. § 52-59b(a), Defendants Michael D. Kovac and Erica Ramirez have transacted business within the State of Connecticut and/or have committed a tortuous act inside and outside the State of Connecticut causing injury to Shawn Pouliot, the Festo Learnline 2000

unit and Plaintiff within the State of Connecticut, thereby reasonably expecting the act to have

had consequences in the State of Connecticut, and Michael D. Kovac and Erica Ramirez have

derived substantial revenue from interstate or international commerce;

11.    In personam jurisdiction over each of the defendants does not offend traditional notions

of fair play and substantial justice under the due process clause of the Constitution of the United

States, the requisite minimum contacts being present and/or jurisdiction reasonable under the

circumstances;

12.    The matter in controversy exceeds, exclusive of interests and costs, the sum of seventy-

five thousand dollars.

13.    On or about October 23, 2001, the plaintiff, Shawn Pouliot, worked as an independent

contractor delivery driver for the defendants.

14.    The defendants provided Shawn Pouliot with a truck and with loads to deliver.

15.    During the delivery of a Learnline 2000 work station to Naugatuck Valley Community

College in Waterbury, Connecticut, the load fell directly onto Shawn Pouliot, pinning him to the

ground and causing the permanent and severe injuries set forth herein;

16.    The Defendant, Festo Corporation, was the manufacturer, owner and shipper of the

"Learnline unit" which fell off the rear lift onto the Plaintiff;

17.    The Defendant, Michael D. Kovac, d/b/a Trans-Expo International was the shipping

agent for Festo Corporation;

18.    The injuries suffered by Shawn Pouliot were the direct and proximate result

of the Defendant, Festo Corporation's, negligence and/or carelessness in one or more of the

following ways:

     a.      Upon information provided by Arpin and belief, the defendant, Festo Corporation, negligently and inaccurately represented through its agent and shipping brokers, Michael D. Kovac d/b/a Trans-Expo International to Arpin Logistics, Inc. that this unit and another unit, made, owned and shipped by Defendant Festo Corporation, which Plaintiff was transporting at the time of the accident weighed 400 lbs., when, in fact, this unit, the Learnline 2000, alone, without accessories, weighed over 800 lbs

     b.      Upon information provided by Arpin and belief, the defendant, Festo Corporation failed to provide a cargo ready for shipment on wheels with an adequately safe braking system on the Learnline 2000 unit at any time prior to the accident;

     c.      Upon information provided by Arpin and belief, defendant, Festo Corporation had a duty to and failed to ascertain and accurately inform the Plaintiff of the need for special care and handling in unloading of this dangerous cargo, it being a product that required special care and preparation so that it could be transported to its destination without exposing others to an unreasonable danger of personal injury.

     d.      Upon information provided by Arpin and belief, defendant, Festo Corporation had a duty to and failed to so prepare the unit for shipment in such a manner that it would be safely transported to its destination without exposing others to unreasonable danger of personal injury.

19.    As a direct and proximate result of the defendant's negligence, Shawn Pouliot suffered the following injuries, all or part of which are permanent:

     (a)     burst fracture of L1 with complete spinal cord injury and paraplegia;

(b)    loss of bowel and bladder function;

(c)    loss of ability to ambulate

(d)    loss of sexual function;

(e)    lumbar fusion;

(f)    multiple operations;

(g)    depression;

(h)    anxiety;

(i)    physical pain;

(j)    loss of ability to handle wide variety of activities of daily living;

(k)    probable future degeneration of bone, muscle, and other tissues;

(l)    probable future infections and fractures; and

(m)    severe emotional distress.

20.    As a further result, Shawn Pouliot has incurred and will continue to incur medical costs, prescription drug costs, surgical costs, and other associated care costs.

21.    As a still further result, Shawn Pouliot has lost wages and has been caused to suffer a severe impairment of his earning capacity.

22.    As a final result, Shawn Pouliot has suffered a severe diminishment in his ability to enjoy life's activities, including but not limited to his marriage, his children, and his activities and hobbies.

**Count Four:   As to the Defendants, Michael Kovac d/b/a Trans-Expo International and Erica Ramirez for Negligence:**

1.      Festo Corporation, Defendant, is a duly incorporated New York domestic business corporation whose principal place of business is located in Hauppague, Suffolk County, New York;

2.      Festo Corporation is a foreign business corporation doing business in the State of Connecticut;

3.      Arpin Logistics, Inc., Defendant, is a Rhode Island domestic business corporation with its principal place of business in the Town of East Greenwich, County of Kent, State of Rhode Island;

4.      Arpin Logistics, Inc. is a foreign corporation doing business in the State of Connecticut;

5.      Michael D. Kovac, d/b/a Trans-Expo International, Defendant, is a proprietorship doing business as a shipper's agent and broker with its principal place of business in or about the City of San Diego, State of California;

6.      Michael D. Kovac, d/b/a Trans-Expo International, Third-Party Defendant, is a foreign business person doing business in the State of Connecticut;

7.      Paul Arpin Van Lines, Inc., Defendant, is a Rhode Island domestic corporation with its principal place of business in the Town of West Warwick, County of Kent, State of Rhode Island;

8.      Paul Arpin Van Lines, Inc. is a foreign corporation licensed to do business and duly qualified in the State of Connecticut;

9.      Erica Ramirez, Defendant, is the agent and servant of Michael D. Kovac, d/b/a Trans-

Expo International and is a resident of the City of San Diego and State of California;

10.     Pursuant to C.G.S. §52-59b(a), Defendants, Michael D. Kovac and Erica Ramirez have

transacted business within the State of Connecticut and/or have committed a tortuous act inside

and outside the State of Connecticut causing injury to Shawn Pouliot, the Festo Learnline 2000

unit , within the State of Connecticut, thereby reasonably expecting the act to have had

consequences in the State of Connecticut, and Michael D. Kovac and Erica Ramirez have

derived substantial revenue from interstate or international commerce.

11.     In personam, jurisdiction over each of the Defendants does not offend traditional notices

of fair play and substantial justice under the due process clause of the Constitution of the United

States, the requisite minimum contacts being present and/or jurisdiction reasonable under the

circumstances.

12.     The matter in controversy exceeds, exclusive of interest and costs, the sum

of seventy-five thousand dollars.

13.     On or about October 23, 2001, the plaintiff, Shawn Pouliot, worked as an

Independent contractor delivery driver for the defendants.

14.     The defendants provided Shawn Pouliot with a truck and with loads to deliver;

15.     During the delivery of this Learnline 2000 to Naugatuck Valley Community

College in Waterbury, Connecticut, the load fell directly onto Shawn Pouliot, pinning him to the

ground and causing the permanent and severe injuries set forth herein;

16.     The Defendant, Festo Corporation, was the manufacturer, owner, and shipper of the

Learnline 2000 which fell off the rear lift onto the Plaintiff;

17.    The Defendant, Michael D. Kovac, d/b/a Trans-Expo International was the shipping agent for Festo Corporation;

18.    The injuries suffered by Shawn Pouliot were the direct and proximate result of the Defendant, Michael D. Kovac d/b/a Trans-Expo International and Erica Ramirez's negligence and/or carelessness in one or more of the following ways:

   a.    they negligently represented that this unit weighed 400 lbs., when, in fact, this unit, the Learnline 2000, alone, without accessories, weighed over 800 lbs;

   b.    they failed to provide a cargo ready for shipment on wheels with an adequately safe braking system on the Learnline 2000 unit at any time prior to the accident;

   c.    they failed to ascertain and accurately inform the Plaintiff of the need for special care and handling in unloading of this dangerous cargo, it being a product that required special care and preparation so that it could be transported to its destination without exposing others to an unreasonable danger of personal injury.

   d.    they failed to prepare the unit for shipment in such a manner that it would be safely transported to its destination without exposing others to unreasonable danger of personal injury.

19.    As a direct and proximate result of the defendant's negligence, Shawn Pouliot suffered the following injuries, all of part of which are probably permanent:

   (a)    burst fracture of L1 with complete spinal cord injury and paraplegia;

   (b)    loss of bowel and bladder function;

   (c)    loss of ability to ambulate;

   (d)    loss of sexual function;

(e)     lumbar fusion;

(f)     multiple operations;

(g)     depression;

(h)     anxiety;

(i)     physical pain;

(j)     loss of ability to handle wide variety of activities of daily living;

(k)     probable future degeneration of bone, muscle and other tissues;

(l)     probable future infections and fractures; and

(m)     severe emotional distress.

20.    As a further result, Shawn Pouliot has incurred and will continue to incur medical costs, equipment costs, prescription drug costs, surgical costs, and other associated care costs;

21.    As a still further result, Shawn Pouliot has lost wages and has been caused to suffer a severe impairment of his earning capacity;

22.    As a final result, Shawn Pouliot has suffered a severe diminishment in his ability to enjoy life's activities, including but not limited to his marriage, his children, and his activities and hobbies.

### Count Five: As to Paul Arpin Van Lines, Inc. for Recklessness:

1.    The defendant, Paul Arpin Van Lines, Inc. (hereinafter referred to as "Arpin"), is a Rhode Island corporation with its corporate headquarters in Rhode Island.

2.    The defendant, Arpin Logistics, Inc. (hereinafter referred to as "Logistics"), is a foreign corporation with its corporate headquarters in Rhode Island.

3.    Both Logistics and Arpin do business in Connecticut as movers and truckers.

4.    On or about October 23, 2001, the plaintiff, Shawn Pouliot, worked as an independent contractor delivery driver for the defendants.

5.    The defendants provided Shawn Pouliot with a truck and with loads to deliver.

6.    During the delivery of a Learnline 2000 work station to Naugatuck Valley Community College in Waterbury, Connecticut, the load fell directly onto Shawn Pouliot, pinning him to the ground and causing the permanent and severe injuries set forth herein.

7.    The injuries to Shawn Pouliot were the direct and proximate result of the defendant, Paul Arpin Van Lines, Inc.'s recklessness in that they were provided with information by the shipper's agent that special equipment and packaging was necessary for the safe performance of this delivery, and they made no effort to convey this critical information to Shawn Pouliot prior to the job being performed. Moreover, this defendant actually provided him with a broken liftgate in complete disrepair when they knew that it would be utilized in the delivery of the learnline unit.

8.    As a direct and proximate result of the defendant's recklessness, Shawn Pouliot suffered the following injuries, all or part of which are permanent:

     (a)    burst fracture of L1 with complete spinal cord injury and paraplegia;

     (b)    loss of bowel and bladder function;

     (c)    loss of ability to ambulate

     (d)    loss of sexual function;

     (e)    lumbar fusion;

  (f)  multiple operations;

  (g)  depression;

  (h)  anxiety

  (i)  physical pain;

  (j)  loss of ability to handle wide variety of activities of daily living;

  (k)  probable future degeneration of bone, muscle, and other tissues;

  (l)  probable future infections and fractures; and

  (m)  severe emotional distress.

9.  As a further result, Shawn Pouliot has incurred and will continue to incur medical costs, prescription drug costs, surgical costs, and other associated care costs.

10.  As a still further result, Shawn Pouliot has lost wages and has been caused to suffer a severe impairment of his earning capacity.

11.  As a final result, Shawn Pouliot has suffered a severe diminishment in his ability to enjoy life's activities, including but not limited to his marriage, his children, and his activities and hobbies.

**Count Six:  As to Arpin Logistics, Inc. for Recklessness:**

1.  The defendant, Paul Arpin Van Lines, Inc. (hereinafter referred to as "Arpin"), is a Rhode Island corporation with its corporate headquarters in Rhode Island.

2.  The defendant, Arpin Logistics, Inc. (hereinafter referred to as "Logistics") is a Rhode Island corporation with its corporate headquarters in Rhode Island.

3.  Both Logistics and Arpin do business in Connecticut as movers and truckers.

4.      On or about October 23, 2001, the plaintiff, Shawn Pouliot, worked as an independent contractor delivery driver for the defendants.

5.      The defendants provided Shawn Pouliot with a truck and with loads to deliver.

6.      During the delivery of a Learnline 2000 work station to Naugatuck Valley Community College in Waterbury, Connecticut, the load fell directly onto Shawn Pouliot, pinning him to the ground and causing the permanent and severe injuries set forth herein.

7.      The injuries to Shawn Pouliot were the direct and proximate result of the defendant, Arpin Logistics' recklessness in that they were provided with information by the shipper's agent that special equipment and packaging was necessary for the safe performance of this delivery, and they made no effort to convey this critical information to Shawn Pouliot prior to the job being performed. Moreover, this defendant actually provided him with a broken liftgate, in complete disrepair, when they knew that it would be utilized in the delivery of the learnline unit.

8.      As a direct and proximate result of the defendant's recklessness, Shawn Pouliot suffered the following injuries, all or part of which are permanent:

    (a)     burst fracture of L1 with complete spinal cord injury and paraplegia;

    (b)     loss of bowel and bladder function;

    (c)     loss of ability to ambulate

    (d)     loss of sexual function;

    (e)     lumbar fusion;

    (f)     multiple operations;

    (g)     depression;

(h)    anxiety;

(i)    physical pain;

(j)    loss of ability to handle wide variety of activities of daily living;

(k)    probable future degeneration of bone, muscle, and other tissues;

(l)    probable future infections and fractures; and

(m)    severe emotional distress.

9.    As a further result, Shawn Pouliot has incurred and will continue to incur medical costs,

prescription drug costs, surgical costs, and other associated care costs.

10.    As a still further result, Shawn Pouliot has lost wages and has been caused to suffer a

severe impairment of his earning capacity.

11.    As a final result, Shawn Pouliot has suffered a severe diminishment in his ability to enjoy

life's activities, including but not limited to his marriage, his children, and his activities and

hobbies.

**Count Seven: As to the Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics For Vicarious Liability For The Negligence of its Agent Michael Kovac d/b/a Trans-Expo International and Erica Ramirez :**

1.    Festo Corporation, Defendant, is a duly incorporated New York domestic business

corporation whose principal place of business is located in Hauppague, Suffolk County, New

York;

2.    Festo Corporation is a foreign business corporation doing business in the State of

Connecticut;

3.     Arpin Logistics, Inc., Defendant, is a Rhode Island domestic business corporation with its

principal place of business in the Town of East Greenwich, County of Kent, State of Rhode

Island;

4.     Arpin Logistics, Inc. is a foreign corporation doing business in the State of

Connecticut;

5.     Michael D. Kovac, d/b/a Trans-Expo International, Defendant, is a

proprietorship doing business as a shipper's agent and broker with its principal place of business

in or about the City of San Diego, State of California;

6.     Michael D. Kovac, d/b/a Trans-Expo International, Third-Party Defendant, is a

foreign business person doing business in the State of Connecticut;

7.     Paul Arpin Van Lines, Inc., Defendant, is a Rhode Island domestic corporation with its

principal place of business in the Town of West Warwick, County of Kent, State of Rhode

Island;

8.     Paul Arpin Van Lines, Inc. is a foreign corporation licensed to do business and duly

qualified in the State of Connecticut;

9.     Erica Ramirez, Defendant, is the agent and servant of Michael D. Kovac, d/b/a Trans-

Expo International and is a resident of the City of San Diego and State of California;

10.     Pursuant to C.G.S. §52-59b(a), Defendants, Michael D. Kovac and Erica Ramirez have

transacted business within the State of Connecticut and/or have committed a tortuous act inside

and outside the State of Connecticut causing injury to Shawn Pouliot, the Festo Learnline 2000

unit , within the State of Connecticut, thereby reasonably expecting the act to have had

consequences in the State of Connecticut, and Michael D. Kovac and Erica Ramirez have

derived substantial revenue from interstate or international commerce.

11.      In personam, jurisdiction over each of the Defendants does not offend traditional notices

of fair play and substantial justice under the due process clause of the Constitution of the United

States, the requisite minimum contacts being present and/or jurisdiction reasonable under the

circumstances.

12.      The matter in controversy exceeds, exclusive of interest and costs, the sum

of seventy-five thousand dollars.

13.      On or about October 23, 2001, the plaintiff, Shawn Pouliot, worked as an

Independent contractor delivery driver for the defendants.

14.      The defendants provided Shawn Pouliot with a truck and with loads to deliver;

15.      During the delivery of this Learnline 2000 to Naugatuck Valley Community

College in Waterbury, Connecticut, the load fell directly onto Shawn Pouliot, pinning him to the

ground and causing the permanent and severe injuries set forth herein;

16.      The Defendant, Festo Corporation, was the manufacturer, owner, and shipper of the

Learnline 2000 which fell off the rear lift onto the Plaintiff;

17.      The Defendant, Michael D. Kovac, d/b/a Trans-Expo International was the shipping

agent for Festo Corporation;

18.      The injuries suffered by Shawn Pouliot were the direct and proximate result

of the Defendant, Michael D. Kovac d/b/a Trans-Expo International and Erica Ramirez's

negligence and/or carelessness in one or more of the following ways:

a.    they negligently represented that this unit weighed 400 lbs., when, in fact, this unit, the Learnline 2000, alone, without accessories, weighed over 800 lbs;

b.    they failed to provide a cargo ready for shipment on wheels with an adequately safe braking system on the Learnline 2000 unit at any time prior to the accident;

c.    they failed to ascertain and accurately inform the Plaintiff of the need for special care and handling in unloading of this dangerous cargo, it being a product that required special care and preparation so that it could be transported to its destination without exposing others to an unreasonable danger of personal injury.

d.    they failed to prepare the unit for shipment in such a manner that it would be safely transported to its destination without exposing others to unreasonable danger of personal injury.

19.    As a direct and proximate result of the defendant's negligence, Shawn Pouliot suffered the following injuries, all of part of which are probably permanent:

(a)    burst fracture of L1 with complete spinal cord injury and paraplegia;

(b)    loss of bowel and bladder function;

(c)    loss of ability to ambulate;

(d)    loss of sexual function;

(e)    lumbar fusion;

(f)    multiple operations;

(g)    depression;

(h)    anxiety;

(i)    physical pain;

    (j)      loss of ability to handle wide variety of activities of daily living;

    (k)      probable future degeneration of bone, muscle and other tissues;

    (l)      probable future infections and fractures; and

    (m)    severe emotional distress.

20.    As a further result, Shawn Pouliot has incurred and will continue to incur medical costs, equipment costs, prescription drug costs, surgical costs, and other associated care costs;

21.    As a still further result, Shawn Pouliot has lost wages and has been caused to suffer a severe impairment of his earning capacity;

22.    As a final result, Shawn Pouliot has suffered a severe diminishment in his ability to enjoy life's activities, including but not limited to his marriage, his children, and his activities and hobbies.

23. Michael Kovac and Erica Ramirez acted as the agents, servants or employees of both Arpin Logistics and Paul Arpin Van Lines. Further, the Arpin defendants and the Kovac/Ramirez defendants were performing a joint venture for Festo at the time of Pouliot's injuries. As such, Arpin Logistics and/or Paul Arpin Van Lines are vicariously responsible for the negligence of Kovac and Ramirez.

**WHEREFORE**, the Plaintiff seeks damages including compensatory and common law punitive damages.

PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY

THE PLAINTIFF

BY

Michael A. Stratton
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Federal Bar No. ct08166
Tel:  (203) 624-9500
Fax: (203) 624-9100
