UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT,<br>　　　　　Plaintiff,<br>　　v.<br><br>PAUL ARPIN VAN LINES, INC.<br>AND ARPIN LOGISTICS, INC.,<br>THE FESTO CORPORATION, MICHAEL<br>D. KOVAC D/B/A TRANS-EXPO<br>INTERNATIONAL AND ERICA<br>RAMIREZ,<br>　　　　　Defendants. | :<br>:<br>:<br>:<br>:<br>:　C.A. No. 3:02 CV1302 (DJS)<br>:<br>:<br>:<br>:　November 4, 2003 |

**DEFENDANT THE FESTO CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORY AND REQUEST FOR PRODUCTION**

Defendant The Festo Corporation ("Festo") respectfully submits this Memorandum of Law in support of its opposition to the Motion to Compel More Responsive Answers to Interrogatory and Request for Production of Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (collectively, "Arpin"), dated October 15, 2003 (the "Motion to Compel"). As set forth below, Arpin's Motion should be denied because (1) the single document request at issue seeks production of a document that does not exist, and (2) Festo has answered properly the single interrogatory at issue.

**NATURE OF THE CASE**

This case is a personal injury action brought by the Plaintiff, Shawn Pouliot, against Paul Arpin Van Lines, Inc., Arpin Logistics, Inc. and other defendants, for injuries he sustained while unloading equipment from a Paul Arpin Van Lines truck. Plaintiff alleges that he placed the

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

equipment – a "Learnline 2000" unit sold by Festo – on the hydraulic back lift of the truck, and that the lift malfunctioned, causing the unit to fall onto him resulting in his injuries.

## PROCEDURAL HISTORY RELATING TO MOTION TO COMPEL

The Court is familiar with the overall procedural history of this case. As to Arpin's Motion to Compel, the following procedural history is relevant. On March 11, 2003, Arpin – without leave of Court – served on Festo its "Interrogatories of Arpin Logistics, Inc. Propounded to Defendant, Festo Corporation" (the "Interrogatories"). The Interrogatories consist of 60 interrogatories requesting detailed information on a very broad range of topics. Many of these 60 interrogatories are themselves broken into numerous subparts, each requesting additional information as to specific documents or specific topics. See, e.g., Interrogatory No. 3 (including seven subparts a-g); Interrogatory No. 4 (including six subparts a-f); Interrogatory No. 5 (including three subparts a-c); Interrogatory No. 6 (including two subparts a-b); Interrogatory No. 8 (including seven subparts a-g); Interrogatory No. 9 (including nine subparts a-i); Interrogatory No. 24 (including three subparts a-c); Interrogatory No. 25 (including five subparts a-e); Interrogatory No. 54 (including three subparts a-c). The Interrogatories, counting the individual subparts, constitute some 105 questions to Festo.

Arpin's service of these 105 separate questions contravened Fed.R.Civ.P. 33, which expressly provides that absent leave of Court or written stipulation, a party's interrogatories may "not exceed[ ] 25 in number including all discrete subparts." On March 17, 2003, after serving the Interrogatories, Arpin moved for leave to serve in excess of 25 interrogatories. Festo did not file an objection to the motion. The Court granted Arpin's motion on May 13, 2003. Ten days later, on May 23, 2003, Festo answered Arpin's Interrogatories.

2

Also on March 11, 2003, Arpin Logistics, Inc. served on Festo a "Request for Production of Documents to be Propounded by Paul Arpin Van Lines, Inc. [sic] Third-Party Plaintiff to Festo Corporation Under Rule 34" (the "Document Requests"). The Document Requests consist of 35 separate requests, each requesting the production of documents identified in response to 35 of Arpin's 60 Interrogatories. As noted above, many of Arpin's interrogatories – including many of those for which Arpin requested the production of documents – are themselves broken into numerous subparts, requiring the production of even additional documents. See, e.g., Interrogatory No. 3 [Document Request No. 1] (including seven subparts a-g); Interrogatory No. 8 [Document Request No. 3] (including seven subparts a-g); Interrogatory No. 9 [Document Request No. 4] (including nine subparts a-i); Interrogatory No. 24 [Document Request No. 7] (including three subparts a-c); Interrogatory No. 25 [Document Request No. 8] (including five subparts a-e); Interrogatory No. 54 [Document Request No. 32] (including three subparts a-c). Thus, Arpin has requested the identification and production of a very broad array of documents.

By agreement with counsel for Arpin, Festo's responses to the document requests were not due until the Court had ruled on Arpin's motion for leave to serve in excess of 25 interrogatories. As noted above, the Court granted Arpin's motion on May 13, 2003, and ten days later, on May 23, 2003, Festo answered Arpin's document requests and produced the relevant documents.

Arpin has brought the present motion complaining about Festo's response to (1) a single one of the 60 interrogatories propounded to Festo in the Interrogatories, and (2) a single one of the numerous corresponding document requests. At issue are Festo's responses to Document Request No. 1 and Interrogatory No. 3, which seek information and documentation regarding insurance policies through which Festo may have been insured at the time of the accident at

3

issue. In response to Document Request No. 1, Festo produced to Arpin a number of documents responsive to Arpin's Request No. 1, including copies of the declaration sheet and insurance policy held by Festo Corporation. Festo also produced to Arpin a copy of an insurance policy held by Festo AG & Co.KG, a German company with headquarters in Germany. This insurance policy is written in German. A copy of the German insurance policy is attached as Exhibit F to Plaintiff's Motion.

Despite this production, Arpin filed the present Motion. In its Motion, Arpin contends that Festo's responses to Document Request No.1 and Interrogatory No. 3 are inadequate because Festo did not provide an English translation of the German insurance policy, and Arpin "does not believe" that an English translation does not exist. See Arpin's Motion, at 4. However, as set forth in the accompanying Affidavit of John Mistretta of Festo, to Festo's knowledge no such English translation exists, and therefore, Festo cannot produce such a document. Moreover, because under Fed.R.Civ.P. 33(d) the burden lies equally with Arpin and Festo with respect to translating the insurance policy from German to English, Arpin's Motion to Compel should be denied.

## ARGUMENT

Document Request No. 1: "All documents identified by Festo Corporation in response to Third-Party Plaintiff's Arpin Logistic's Interrogatory #3."

Festo's Response to Document Request No. 1: "Festo objects to this Request on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Festo further objects to this Request to the extent it seeks confidential or otherwise privileged information. Subject to these objections, and the General Objections, Festo responds as follows: Relevant documents, if any, are being produced concurrently herewith."

Reason that Festo's Response Is Proper:

In its Motion to Compel, Arpin seeks an English translation of the German insurance policy produced by Festo and states as its grounds that Arpin "does not believe" that there exists no "English translation of the very same policy, which should be provided forthwith." See Arpin's Motion to Compel, at 4. Arpin's conclusory "beliefs" aside, Festo represents it has no such English translation and that it believes that no such English translation of the German insurance policy exists. See Affidavit of John Mistretta, at ¶¶ 5-8. Therefore, Festo cannot produce that which does not exist. See, e.g., Schwartz v. Mktg. Publ'g Co., 153 F.R.D. 16, 21 (D. Conn. 1994) (noting that parties responding to discovery "have no obligation to produce documents that do not exist"); Bank of New York v. Meridien Biao Bank Tanzania Ltd., 171 F.R.D. 135, 152 (S.D.N.Y. 1997) ("Under ordinary circumstances, a party's good faith averment that the items sought simply do not exist ... should resolve the issue of the failure of production") (citations omitted). Thus, Festo's production of the German insurance policy (and its production of the declaration sheet and insurance policy held by Festo Corporation) constitute a proper and complete response to Document Request No. 1. Arpin's Motion to Compel as to this request should be denied.

Interrogatory No. 3: "At the time of the incident, was there in effect any policy of insurance through which you were, or might be, insured in any manner (for example, primary, pro-rata, excess liability coverage, or medical expense coverage) for the damages, claims, or actions that have arisen out of the incident and, if so, for each policy state:

    a.    The kind of coverage;

    b.    The name and address of the insurance company;

    c.    The name, address and telephone number of each named insured;

      d.      The policy number;

      e.      The limits of coverage for each type of coverage contained in the policy;

      f.      Whether any reservation of rights, controversy, or coverage dispute exists between you and the insurance company, and, if so, its nature;

      g.      The name, address and telephone number of the custodian of the policy."

<u>Festo's Response to Interrogatory No. 3</u>: "Festo objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence. Festo further objects to this Interrogatory to the extent it seeks confidential or otherwise privileged information. Subject to these objections, and the General Objections, Festo responds as follows: Pursuant to Fed.R.Civ.P. 33(d), Festo refers Arpin to the copies of such documents being produced in response to Arpin Logistics, Inc.'s Request for Production of Documents to Festo Corporation for the information requested.

<u>Reason that Festo's Response Is Proper</u>:

As discussed above, Arpin seeks to compel production of an English translation of the German insurance policy produced by Festo. In effect, because Festo does not have an English version of this policy, Arpin now demands that Festo translate the policy into English. However, Rule 33(d) of the Federal Rules of Civil Procedure does not require Festo to translate the insurance policy in order to properly respond to Interrogatory No. 3. Rule 33(d) states in relevant part:

> (d) Option to Produce Business Records.
> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records ... and the burden of deriving or ascertaining the answer is <u>substantially the same</u> for the party serving the interrogatory as for the party served, <u>it is a sufficient answer to such interrogatory to specify the records</u> from which the answer may be derived or ascertained ....

F.R.C.P. 33(d) (emphasis added); see, e.g., Cavaliere v. Margaretten & Co., No. 94CV01928, 1996 WL 637834, at *1 (D. Conn. 1996) ("Rule 33(d) of the Federal Rules of Civil Procedure provides that a designation of documents ... is an adequate response to interrogatories. Therefore, no further disclosure ... is necessary"). Thus, where, as here, the burden of deriving the information responsive to the interrogatory is "substantially the same" between the parties, the party served with an interrogatory may direct the requesting party to documents from which the interrogatory answer may be ascertained.

Festo's answer to Interrogatory No. 3 fully complies with Rule 33(d). As stated above, Festo does not have an English translation of the German insurance policy and is not aware of the existence of such a document. Thus, the burden of translating this policy from German to English lies equally with Arpin and Festo. Festo itself, like Arpin, will have to have prepared a translation of the German insurance policy to ascertain specific information concerning its provisions. Festo is under no obligation, however, to translate the policy for Arpin. See, e.g., In re Puerto Rico Elec. Power Auth., 687 F.2d 501, 506 (1st Cir. 1982) (holding that Federal Rules of Civil Procedure "do not confer" on district court "power to order a party producing documents in discovery to pay – at the pretrial stage – the costs of translating documents from one language to another for the benefit of the requesting party"); In re Korean Air Lines Disaster, 102 F.R.D. 357, 358 (D.D.C. 1984) (same). Pursuant to Rule 33(d), Festo's answer to Interrogatory No. 3, which references the German insurance policy in Arpin's hands, is proper and complete. Therefore, Arpin's Motion to Compel as to this Interrogatory should be denied.

## CONCLUSION

For the foregoing reasons, Festo properly responded to Arpin's Document Request No. 1 and Interrogatory No. 3. Accordingly, Festo respectfully requests that this Court deny Arpin's Motion to Compel.

Respectfully submitted,

Defendant,
THE FESTO CORPORATION,
By Its Attorneys,

*[signature]*

JOHN A. TARANTINO, #15980
JAMES R. OSWALD, #20936
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI  02903-2443
Tel: (401) 274-7200
Fax: (401) 751-0604/351-4607
Dated: November 4, 2003

## CERTIFICATION

TO: Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT  06510

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Mannion, Martindale
  & Dratch
46 Main Street
New Milford, CT  06776

Thomas J. Grady, Esq.
Lenihan, Grady & Steele
6 Canal Street
P.O. Box 541
Westerly, RI  02891

Susan O'Donnell, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT  06103

I hereby certify that I caused a true copy of the within, to be mailed, via regular mail, postage prepaid to the above-named counsel of record on the 4th day of November, 2003.

*[signature]*

276658_1.DOC

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SHAWN POULIOT,
   Plaintiff,
       v.

PAUL ARPIN VAN LINES, INC.
AND ARPIN LOGISTICS, INC.,
THE FESTO CORPORATION, MICHAEL
D. KOVAC, D/B/A TRANS-EXPO
INTERNATIONAL AND ERICA
RAMIREZ, IN HER CAPACITY AS
EMPLOYEE OF TRANS-EXPO
INTERNATIONAL,
   Defendants.

C.A. No. 3:02 CV 1302 (DJS)

November 3, 2003

STATE OF NEW YORK
       ss.:
COUNTY OF SUFFOLK

### AFFIDAVIT OF JOHN MISTRETTA

I, John Mistretta, being duly sworn, hereby deposes and says as follows:

1.    I am Vice-President of Finance of Festo Corporation, 395 Moreland Road, Hauppauge, New York, 11788. I am over the age of eighteen. I make this affidavit in support of Festo Corporation's Opposition to Defendants' Motion to Compel More Responsive Answers to Interrogatories and Request for Production (the "Motion to Compel").

2.    It is my understanding that on or about September 29, 2003, counsel for Festo Corporation in this action, in response to discovery propounded by counsel for Plaintiff, produced a copy of Festo Corporation's insurance policy No. GL-003-08-37-00, together with a Renewal Certificate dated January 9, 2001.

3.    The Renewal Certificate states that it is a "Renewal of Policy Number GL 003-08-37-00," with an "Inception Date" of January 1, 2001 and an "Expiration Date" of January 1,

2002. I believe that policy No. GL-003-08-37-00 is the Festo Corporation insurance policy in effect at the time of the Plaintiff's accident on October 23, 2003.

4. It is my further understanding that on or about October 10, 2003, counsel for Festo Corporation in this action, in response to discovery propounded by counsel for Plaintiff, also produced a copy of an insurance policy held by Festo AG & Co. KG, a German company with headquarters in Germany. It is my understanding that a copy of this insurance policy is attached as Exhibit F to Plaintiff's October 15, 2003 Motion to Compel.

5. Festo Corporation does not have an English-language translation or version of the insurance policy referenced in Paragraph 4, above, and is unaware of the existence of any such English-language translation.

6. Festo Corporation requested that Festo AG & Co.KG contact its German insurance carrier to obtain an English-language translation of the insurance policy referenced in Paragraph 4, above. Festo AG & Co.KG reported to Festo Corporation that it had contacted the German insurance carrier and was informed that no such English-translation exists.

7. Based on the above, I believe that there does not exist an English-language translation or version of the insurance policy referenced in Paragraph 4, above.

_____
John Mistretta

Subscribed and sworn to before me
this __4__ day of November, 2003.

_____
Notary Public
My commission expires on: __8/31/05__

VIRGINIA SIMMONS
Notary Public, State of New York
No. 4837182, Suffolk County
Term Expires August 31, ~~19~~ 2005

276957_1

2