UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>Plaintiff | : <br> : <br> : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>   Defendants/Third-Party Plaintiffs<br>   Cross-Claim Plaintiffs | : <br> : <br> : <br> : | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>   Defendants/Third-Party Defendants | : <br> : <br> : <br> : <br> : <br> : | NOVEMBER 4, 2003 |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS INC.'S MOTION TO STRIKE COUNTS 5 AND 6 of PLAINTIFF'S FIFTH AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6).</u>**

Pursuant to Local Rule 7(a), Arpin Logistics, Inc. hereby submits this Memorandum of Law in Support of Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.'s Motion to Strike Counts 5 and 6 of Plaintiff's Fifth Amended Complaint For Failure to State a Claim Pursuant to Federal Rule of Civil Procedure 12 (b)(6). .

1

Arpin asserts that Counts Five and Six of Pouliot's Fifth Amended Complaint fail to state a claim upon which relief can be granted pursuant to Fed.R.Civ.P. 12(b)(6). As no relief is possible on these counts, Arpin moves the court to strike Counts 5 and 6 of Plaintiff's Fifth Amended Complaint.

I.  Relevant Procedural Facts

On September 2, 2003, Plaintiff filed a Motion to Amend the Complaint with a Fourth Amended Complaint attached. Before a ruling on this motion was reached, Plaintiff filed another Motion to Amend the Complaint dated October 7, 2003. A Fifth Amended Complaint was attached to this Motion.

Counts 5 and 6 of Plaintiff's Fifth Amended Complaint asserted recklessness claims against the Arpin defendants. On October 17th 2003, Arpin filed an Objection to Plaintiff's Motion to Amend the Complaint. Arpin asserted that Plaintiff's failure to properly allege a cause of action of common law recklessness under Connecticut law rendered its complaint "futile", this warranting the court to sustain Arpin's objection. By Order dated October 31, 2003, this Court granted Plaintiff's Motion to Amend the Complaint and it was ordered docketed October 7, 2003.

To the extent that the Court's October 31, 2003 Order did not foreclose the argument that Plaintiff has failed to adequately plead a claim for common law recklessness pursuant to

Fed.R.Civ.P. 12(b)(6), Arpin respectfully submits this Motion to Strike Counts Five and Six of Plaintiff's Fifth Amended Complaint.

II.   Motion to Strike Counts Five and Six

In deciding a motion to dismiss pursuant to Rule 12(b)(6), the court must construe ,in the non-moving party's favor, any well-pleaded factual allegations in the complaint.  See Finnegan v. Campeau Corp., 915 F.2d 824, 826 (2d.Cir.1990).  The Court may, however, dismiss the complaint where it appears beyond doubt that the non-moving party can prove no facts in support of his or her claim which would entitle him or her to relief.  See Allen v. WestPoint-Pepperell, Inc., 945 F.2d 40, 44 (2d.Cir.1991) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

The relevant action here is one of common law recklessness.  This court's jurisdiction is based on the parties' diversity of citizenship.  See U.S.C. 28 U.S.C. §1332(a)(1).  The case is therefore governed by the substantive law of Connecticut.  See Erie R. Co. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); see also Continental Casualty Co. v. Pullman, Comley, Bradley & Reeves, 929 F.2d 103, 105 (2d. Cir. 1991).

In Connecticut, recklessness is more than negligence and more than gross negligence, that is, something more than a failure to exercise a reasonable degree of watchfulness to avoid injury to others.  See McDonald v. Timex Corp., 9 F.Supp.2d 120, 123 (D.Conn. 1998) citing Dubay v.

3

Irish, 542 A.2d 711 (1988). The Connecticut Supreme Court has noted that the terms "wilful", "wanton" and "reckless" have generally the same meaning and it is "highly unreasonable conduct, involving an extreme departure from ordinary care . . .more than thoughtlessness or inadvertence or simply inattention." See Dubay v. Irish, 207 Conn. 518, 533 (1988).

The state of mind amounting to recklessness may be inferred from conduct. But, in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. It is such conduct as indicates a reckless disregard of the just rights and or safety of others or intentional conduct designed to injure for which there is no just cause or excuse. Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or excuse. Its characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances. Not only the action producing the injury, but the resulting injury also must be intentional. See Dubay v. Irish, 207 Conn. 518, 532-3 (1988).

The Plaintiff relies upon two particular allegations to uphold his claim that Arpin was reckless. Both counts Five and Six at Paragraph Seven of Plaintiff's Fifth Amended Complaint read, "The injuries to Shawn Pouliot were the direct and proximate result of the defendant, Paul Arpin Van Lines, Inc.'s recklessness in that they were provided with information by the shipper's

4

agent that special equipment and packaging was necessary for the safe performance of this delivery, and they made no effort to convey this critical information to Shawn Pouliot prior to the job being performed. Moreover, this defendant actually provided him with a broken liftgate in complete disrepair when they know it would be utilized in the delivery of the Learnline unit."

Taking the latter allegation first, Arpin notes that this allegation fails to allege any type of culpability short of a strict liability standard. This pleading, as stated, would allow for punitive damages to be imposed even if Arpin did not know or have reason to know, that the liftgate was in complete disrepair.

Arpin's knowledge that a liftgate would be used in a delivery is not recklessness. Liftgates, by definition, are used in deliveries. For an interstate motor carrier, they can serve no other purpose. The Plaintiff's pleading would impose a strict liability standard accompanied with punitive damages upon all motor carriers who use a liftgate for deliveries, no matter how reasonable and careful their conduct was. This position is not justified by the law and this allegation should be dismissed.

The first allegation which seeks to impose recklessness based on Arpin's alleged failure to provide the Plaintiff with shipping instructions provided by its shipper's agent is also insufficient as a matter of law.

The Plaintiff's allegation does not even claim that Arpin knew that special equipment and packaging was necessary. He merely claims that Arpin was "provided information by the shipper's agent." The Plaintiff also alleges that Arpin "made no effort" to convey the information to Pouliot. This is far from the "conduct designed to injure for which there is no just cause or excuse" which constitutes recklessness under Connecticut law.

The pleading as stated would allow punitive damages to be imposed even if the failure to provide the Plaintiff with the information was the result of inadvertence or mere mistake. Pursuant to the pleading, the failure to disclose the shipping information could result from not knowing they had the information at all. Plaintiff only alleges that such information was "provided." The phrase "made no effort" is akin to "inadvertence" or "simple inattention" which are not grounds for recklessness under Connecticut law.

Counts Five and Six fail to state claims that allege that the defendant's conduct evinced the "state of consciousness with reference to the consequences of one's acts required for recklessness." See Dubay v. Irish, 207 Conn. 518, 532 (1988). Neither allegation claims that Arpin intended Pouliot's resulting injury to occur as is required by Connecticut law.

As such, Counts Five and Six of Plaintiff's Fifth Amended Complaint must be stricken for failure to state a claim for relief pursuant to Fed.R.Civ.P. 12(b)(6).

Arpin respectfully moves the Court to grant the above requested relief to the extent it has not been foreclosed by its Order dated October 31, 2003.

> Defendants/Third Party Plaintiffs
> Cross-Claim Plaintiffs,
> By their attorney
>
> *[signature]*
>
> Thomas J, Grady, Esquire
> Federal Bar No. CT 17139
> **LENIHAN, GRADY & STEELE**
> 6 Canal Street
> P.O. Box 541
> Westerly, RI 02891
> (401) 596-0183
> (401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 4th day of November, 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

*[signature]*

Thomas J. Grady, Esq.