UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN POULIOT,
    Plaintiff
v.

No. 3:02CV1302 (DJS)

PAUL ARPIN VAN LINES, INC., AND
ARPIN LOGISTICS, INC.,
    Defendants.

FILED
2003 NOV -7 P 2: 35
US DISTRICT COURT
HARTFORD CT

## MEMORANDUM OF DECISION AND ORDER

Now pending before the court is defendant and third-party plaintiff Arpin Logistics, Inc.'s ("Arpin") motion to compel **[doc. #121]**. Arpin seeks to compel third-party defendant Festo Corporation's ("Festo") compliance with the Interrogatories dated March 10, 2003. Arpin's motion is **DENIED**.

### I. DISCUSSION

**A. Motion Regarding Interrogatory #52**

It is unquestionably the case that discovery under Federal Rule of Civil Procedure 26 is intended to be broad and inclusive. See generally 6 Moore's Federal Practice § 26.41(1) (Matthew Bender 3d ed. 1997) (citing Herbert v. Lando, 441 U.S. 153, 177 (1979)). "[P]arties may obtain discovery regarding any matter, not privilege, which is relevant to the subject matter involved in the pending action..." Fed. R. Civ. P. 26(b)(1). Broad, however, does not mean infinite or endless. The discovery rules contain certain pointed reminders that parties are encouraged to manage discovery in an intelligent and efficient fashion. Perhaps the most obvious of these reminders is the requirement that a party motion the court regarding discovery only after a good faith effort to confer with the other party to resolve discovery disputes. Fed. R. Civ. P. 37(a)(2)(A). This underlying theme of the rules is reinforced by the

further requirement that the parties submit certification to prove to the court that their good faith efforts at dispute resolution have failed. Fed. R. Civ. P. 37(a)(2)(A).

As this court has previously noted **[doc. #172]**, Arpin has repeatedly ignored this requirement of the local rules. Until now, the Court has not deemed this violation sufficient to warrant denial of Arpin's motion. The present instance, however, provides a clear example of a case when the Court must enforce the rules on their face.

Arpin's motion raises the claim that Festo has failed to provide a satisfactory answer to Arpin's interrogatory. Arpin fails completely to mention, however, that Arpin and Festo had, in fact, arrived at a satisfactory answer via conference. <u>Festo's Motion in Opposition</u> **[doc. #133]**. Arpin provides no explanation for its decision to ignore this amicable agreement except to suggest that no agreement was reached, a statement that is disputed by Festo. <u>Arpin's Motion in Reply</u> **[doc. 140]**. Unfortunately, Arpin's failure to follow the local rules leaves the Court without a clear sense of whether there is a legitimate legal issue to resolve. While the Court is certainly hesitant to deny necessary discovery, the Court is not at all hesitant to create incentives for parties to both follow the letter and spirit of the rules. Accordingly, Arpin's motion to compel a more responsive answer to interrogatory #52 is **DENIED WITHOUT PREJUDICE.**

**B. Motion Regarding Interrogatory #29**

This motion raises issues similar to those addressed by the court in a prior order dated September 24, 2003. **[doc. #172]**. Here Arpin has submitted an open-ended interrogatory that arguably entitles it to all documents related to every "damaged shipment" of any kind involving Festo and United Van Lines spanning a period of five years. This request is absurd.

Certainly, "[p]ast incidents in which Festo products became 'damaged shipments'" are potentially relevant in this action. Arpin's Reply [doc. #140]. That potential is not unlimited, however, and its realization requires some anchor to the specific event which is the source of this litigation–namely, the accident involving Shawn Pouliot in 2001. It is possible for Festo or this Court to imagine documents related to a single incident could be produced by scavenging through five years worth of paper, but it is equally possible to imagine a more narrowly tailored request for these relevant documents that is less cumulative, duplicative, burdensome and expensive than Arpin's present interrogatory.

One such possible request would specify what equipment was involved in the appropriate shipments–perhaps only Learnline 2000 shipments should be considered. Or perhaps a more limited period of time would be appropriate. Regardless, it is not for the Court to determine the limits of possible relevance, but rather to determine the limits of the burdens and costs parties may impose on each other. Arpin has gone beyond those limits. Accordingly, Arpin's motion to compel a more responsive answer to interrogatory #29 is **DENIED**.

**IT IS SO ORDERED** at Hartford, Connecticut, this ___ day of November, 2003.

---
DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE