UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2003 NOV 10  A 10: 42

US DISTRICT COURT
HARTFORD CT

SHAWN POULIOT,
    Plaintiff,
v.

PAUL ARPIN VAN LINES, INC.
AND ARPIN LOGISTICS, INC.,
THE FESTO CORPORATION, MICHAEL
D. KOVAC D/B/A TRANS-EXPO
INTERNATIONAL AND ERICA
RAMIREZ,
    Defendants.

C.A. No. 3:02 CV1302 (DJS)

November 7, 2003

## DEFENDANT THE FESTO CORPORATION'S MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO COMPEL ANSWERS TO THIRD REQUEST FOR PRODUCTION OF DEFENDANTS PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.

Defendant The Festo Corporation ("Festo") hereby opposes the Motion to Compel Answers to Third Request for Production of Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (collectively, "Arpin"). As set forth below, Arpin's Motion should be denied because its requests for documents – seeking documents involving a different motor carrier, for an arbitrary four-year time period prior to the accident at issue – are patently overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

### NATURE OF THE CASE

This case is a personal injury action brought by Plaintiff, Shawn Pouliot, against Paul Arpin Van Lines, Inc., Arpin Logistics, Inc. and other defendants, for injuries he sustained while unloading equipment from a Paul Arpin Van Lines truck. Plaintiff alleges, inter alia, that he placed the equipment – a "Learnline 2000" unit sold by Festo – on the hydraulic back lift of the

**ORAL ARGUMENT REQUESTED**
**TESTIMONY NOT REQUIRED**

truck, and that the lift malfunctioned, causing the unit to fall onto him and resulting in his injuries.

## PROCEDURAL HISTORY RELATING TO MOTION TO COMPEL

This Court is familiar with the overall procedural history of this case. As to Arpin's Motion to Compel, the following procedural history is relevant. On September 10, 2003, Arpin served its Third Request for Production of Documents on Festo, a sweeping request that seeks, among other things, the "complete shipment file" and "all claims filed for damages" for every Festo Learnline 2000 Double-Sided Mobile Trolley Workstation," for the four years prior to the accident at issue, involving a different carrier than Arpin, the carrier that is the primary defendant in this action.

On October 20, 2003, Festo filed its "Answers and Objections to Arpin Logistics, Inc. Third Request for Production of Documents." In response, Arpin filed the present "Motion to Compel Answers to Third Request for Production" ("Motion to Compel"). In its Motion, Arpin contends that Festo's responses to the Document Requests are inadequate and untimely.

## ARGUMENT

Document Request No. 1: "All claims filed for damages to the Festo Learnline 2000 Double-Sided Mobile Trolley Workstation which was shipped by United Van Lines during the 4-year period of 10/23/97 – 10/23/01."

Festo's Response to Document Request No. 1: "Festo objects to this Request on the grounds that it is unintelligible as written, as it purports to require Festo to produce documents relating to a Learnline 2000 unit "which was shipped by United Van Lines during [a] 4-year period." Festo further objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Festo further objects to the time frame set forth in the Request as being irrelevant to the claims at issue in this action."

Document Request No. 2: "The complete shipment file for every Festo Learnline 2000 Double-Sided Mobile Trolley Workstation utilizing United Van Lines as a shipping carrier between 10/23/97 – 10/23/01."

<u>Festo's Response to Document Request No. 2</u>: "Festo objects to this Request on the grounds that it is overly broad, unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. Festo further objects to the time frame set forth in the Request as being irrelevant to the claims at issue in this action."

<u>Reason That Festo's Responses Are Proper</u>:

Festo properly objected to these Document Requests as "overly broad and unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence" because Arpin has picked a random date four years prior to the accident at issue in this lawsuit and has requested that Festo produce a vast array of documents unrelated to this lawsuit from this date.

Indeed, it is clear from Arpin's own Motion to Compel that Festo's are not hollow objections: <u>Arpin itself concedes that "admittedly, the time frame could be overly broad," and that the requests are based on an "arbitrary date."</u> <u>See</u> Motion to Compel, at 3-4.

Despite these admissions, Arpin claims that its requests are purportedly relevant because "evidence of prior shipment may constitute evidence that Festo know or should have known of the standard of care as well as dangers arising from the shipment of the unit by way of United Van Lines." Passing how admittedly "overly broad" requests based on "arbitrary" time periods could ever be relevant, what Festo allegedly "knew or should have known" regarding the purported "dangers arising from the shipment of the unit by way of United Van Lines" speaks to no issue relevant to <u>this</u> action, in which Festo used <u>Arpin</u>, not United, as the carrier. Arpin nowhere claims that it was not aware that the Learnline 2000 unit in <u>this</u> case was not on a skid or a pallet. Indeed, as the recent depositions of Michael Kovac and Erica Ramirez (of Trans-Expo International) have made clear, Trans-Expo booked the shipment at issue in this lawsuit with Arpin specifically because of Arpin's own knowledge and expertise in handing and

3

shipping "special moves," specifically involving uncrated, unpalleted equipment such as the Learnline 2000 unit.

Rules 26(b) of the Federal Rules of Civil Procedure does not allow Arpin to discover patently irrelevant documents, nor does it require Festo to produce such documents. See F.R.C.P. 26(b). Thus, Festo's objections to the Document Request are proper, and Arpin's Motion to Compel should be denied.

Moreover, Arpin's claim that Festo's objections are "untimely" truly elevates form over substance. By letter dated October 17, 2003, counsel for Festo (upon receipt of a "Fourth" request for production of documents), in good faith, inquired whether Arpin had inadvertently labeled its "Third" Request for Production as its "Fourth" Request for Production, as he had no record of having received a Third Request. Thereafter, on October 17, 2003, Arpin's counsel forwarded to Festo a copy of Arpin's "Third Request for Production of Documents to be Propounded by Third-Party Plaintiff and Defendant Arpin Logistics, Inc. to Festo Corporation under Rule 34" ("Document Requests"). <u>Within three days</u>, Festo served its Answers and Objections on Arpin.

Arpin's attempt to compel responses to admittedly "overly broad" document requests based on alleged "untimeliness" is particularly surprising coming from Arpin. This Court has already admonished Arpin for its repeated failure to follow the Court's Local Rule requiring the filing of affidavits of good-faith attempts to resolve discovery disputes before filing discovery motions.[1] This time, counsel for Arpin has gone through the motions of claiming that he

---

[1] As Arpin apparently desires to elevate form over substance, Festo notes that in Arpin's motion to compel filed October 15, 2003, Arpin <u>again</u> failed to timely file such an affidavit "as part of the motion papers" as required by Local Rule 37(a)2. See October 16, 2003 Letter from Thomas J. Grady to Nancy Drane, Clerk of Court, attached hereto.

"believes that he has exercised more than a good faith effort" to resolve the discovery dispute relating to the Third Set of Document Requests. However, counsel for Arpin has never discussed with counsel for Festo the substance of Festo's objections. The entirety of counsel for Arpin's "good faith effort" consists of his October 17, 2003 letter. Counsel for Arpin's terse statement that "[n]o agreement to a 30-day extension will be issued. The time within which to object has passed. I will file a Motion to Compel More Responsive Answers" hardly constitutes any effort, much less a good-faith one, to resolve a discovery dispute involving two document requests.

## CONCLUSION

For the foregoing reasons, Festo respectfully requests that this Court deny Arpin's Motion to Compel.

Respectfully submitted,

Defendant,
THE FESTO CORPORATION,
By Its Attorneys,

JOHN A. TARANTINO, #15980
JAMES R. OSWALD, #20936
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI  02903-2443
Tel:  (401) 274-7200
Fax: (401) 751-0604/351-4607
Dated:  November 7, 2003

## **CERTIFICATION**

TO:  Michael A. Stratton, Esq.  
      Stratton Faxon  
      59 Elm Street  
      New Haven, CT 06510  

      Roland F. Moots, Jr., Esq.  
      Moots, Pellegrini, Mannion, Martindale & Dratch  
      46 Main Street  
      New Milford, CT 06776  

Thomas J. Grady, Esq.  
Lenihan, Grady & Steele  
6 Canal Street  
P.O. Box 541  
Westerly, RI 02891  

Susan O'Donnell, Esq.  
Halloran & Sage  
One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103  

I hereby certify that I caused a true copy of the within, to be mailed, via regular mail, postage prepaid to the above-named counsel of record on the 7th day of November, 2003.

                                                        /s/ Leo J. Verrico

276975_1.DOC

<u>**Lenihan, Grady & Steele**</u>
P.O. Box 541
Westerly, RI 02891

(401)596-0183



October 16, 2003

OCT 17 2003

Nancy Drane
Clerk of the Court
U.S. District Court of Connecticut
Hartford District of Connecticut
450 Main Street
Hartford, CT 06103

Re:   *Shawn Pouliot v. Paul Arpin Van Lines, Inc, Arpin Logistics, Inc. v. The Festo Corporation, Michael D. Kovac, d/b/a Trans-Expo International, Erica Ramirez, in her capacity as employee of Trans-Expo International*
C. A. 3:02 CV1302(DJS)

Dear Ms. Drane:

Enclosed please find the following Affidavit of Movant's Good Faith Efforts to Resolve the Discovery Dispute Relative to Festo's Production of all Insurance Policies, Answer to Interrogatory #3 to be attached to our Motion to Compel More Responsive Answers to Interrogatories and Motion to Compel More Responsive Answers to Request for Production that was filed on October 15, 2003.

Thank you.

Very truly yours,

LENIHAN, GRADY & STEELE

Thomas J. Grady, Esquire

TJG/rcc
Enclosure
cc: All parties

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT<br>    Plaintiff | :    CIVIL ACTION<br>:    NO. 3:02 CV1302 (DJS) |
| v. | : |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs | :<br>:<br>: |
| v. | : |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>:    OCTOBER 16, 2003 |

### *AFFIDAVIT OF MOVANT'S GOOD FAITH EFFORTS TO RESOLVE THE DISCOVERY DISPUTE RELATIVE TO FESTO'S PRODUCTION OF ALL INSURANCE POLICIES, ANSWER TO INTERROGATORY #3*

I, Thomas J. Grady, upon oath being duly sworn as follows:

1. That I am an attorney admitted to practice in the Federal Courts;

2. That I have exercised restraint, patience, forbearance, and perseverance in attempting to resolve the discovery dispute with the Festo Corporation relative to

1

the answering of the information requested in Interrogatory #3 and a compliance with the production of all insurance policies relating thereto;

3. That my patience has been exhausted;

4. That the particularities of the discovery attempts at resolution are more particularized in the motion itself;

5. That counsel believes that he has exercised more than a good faith effort to obtain Festo's compliance with Arpin's discovery requests without the court's intervention.

The aforesaid facts are true and correct to the best of my knowledge and belief.

IN WITNESS THEREOF, I hereunto set my hand and seal this 16th day of October, 2003.

Thomas J. Grady

STATE OF RHODE ISLAND
COUNTY OF WASHINGTON

In Westerly on the 16th day of October, 2003 before me personally appeared Thomas J. Grady to me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument, by he so executed, to be his free act and deed.

Notary Public: SUSAN TUCKER
My Commission Expires: 2/5/05

2