FILED

2003 NOV 17 A 9: 28

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>    Plaintiff | : <br> : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs/<br>    Cross-Claim Plaintiffs | :<br>:<br>:<br>: | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: | NOVEMBER 14, 2003 |

### MEMORANDUM OF LAW IN REPLY TO PLAINTIFF' OPPOSITION TO ARPIN'S MOTION TO STRIKE

Pursuant to Local Rule 7(d), Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. hereby submit this Memorandum of Law in Reply to Plaintiff's Opposition to Arpin's Motion to Strike.

1. Motion to Strike

In footnote 1 of page 1 of Plaintiff's Memorandum, the Plaintiff states that Arpin has incorrectly labeled its motion as a Motion to Strike when it should have been labeled a Motion to

1

Dismiss. Arpin concedes this point, but asserts that its invocation of Federal Rule 12(b)(6) was sufficient to provide the Plaintiff with adequate notice as to Arpin's intended motion

2.  Law of the Case

On October 31, 2003, this Court granted the Plaintiff's Motion to Amend its Fifth Amended Complaint. In its Opposition Memorandum, Plaintiff states, "the allowance of the motion to amend *ipso factso* requires the denial of this motion."

Arpin concedes that it is only moving for a Motion to Strike to the extent such an argument has not been foreclosed by the Court's October 31, 2003 Order.

In the Second Circuit, at trial level, "the law of the case is 'little more than a management practice to permit logical progression toward judgment.' Orderly and efficient case administration suggests that questions once decided not be subject to continued argument, but the court has the power to reconsider its decisions until a judgment is entered." See Cumis Ins. Society, Inc. v. Windsor Bank & Trust Co., 736 F.Supp.2d 1226, 1227 (D.Conn, 1996).

The Absher v. Flexi International Software, Inc., et.al. cited on page 1 of its Opposition Memo fails to prove the Plaintiff's case. See Exhibit 1, Absher v. Flexi International Software, Inc., et.al., Civil No. 3:02CV171 (AHN) Ruling on Motion to Dismiss & Motion to Amend Complaint

The opinion states, "An amendment is futile if it could not withstand a motion to dismiss under Fed. R. Civ. P. 12(b)(6). See Nettis v. Levitt, 241 F.3d 186 n. 4 (2d Cir. 2001). In other words, a proposed amendment *need not be allowed* if it does not state a claim on which relief can be granted. See Ricciuti v. New York City Transp. Authority, 941 F.2d 119, 123 (2d Cir. 1991)." [italics added for emphasis]  See Exhibit 1, Absher v. Flexi International Software, Inc., et. al. at *7.

The above italicized language makes clear that the court, in its discretion, may grant a motion to amend a complaint, yet still entertain a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Arpin contends that this court has the discretion to consider this Motion and that it should do so, to the extent this issue has not been decided by its granting of the Plaintiff's Motion to Amend the Fifth Complaint.

3.  Recklessness

On page 1-2 of its Opposition Memorandum, Plaintiff states, "recklessness is a cognizable cause of action in Connecticut and the plaintiff has alleged that Arpin had knowledge of the danger encountered by the plaintiff that Arpin failed to disclose. Thus, the plaintiff should be permitted to offer evidence in support of his claims. United States v. Yale New Haven Hosp., 727 F.Supp. 784, 786 (D.Conn. 1990)."

3

The above case cited by the Plaintiff does not address the proper pleading of a recklessness claim in Connecticut. Furthermore, while recklessness is a cognizable cause of action in Connecticut, the Plaintiff has failed to plead it in his complaint. Notably, he does not plead that Arpin had the "design to injure either actually entertained or to be implied from the conduct and circumstances" or anything of the like, which is necessary for a finding of recklessness. See Dubay v. Irish, 207 Conn. 518, 522 (1988).

Arpin relies on the cases cited in its Motion to Strike which directly address the recklessness issue. See Arpin's Motion to Strike Counts Five and Six of Plaintiff Shawn Pouliot's Fifth Amended Complaint For Failure to State a Claim Pursuant to Federal Rule 12 (B)(6) at pages 3-4.

Therefore, Arpin prays that its Motion to Strike be granted.

                Defendants/Third Party Plaintiffs
                Cross/Claimants
                By their attorney:

                Thomas J. Grady, Esquire
                Federal Bar No. CT 17139
                ***LENIHAN, GRADY & STEELE***
                6 Canal Street
                P.O. Box 541
                Westerly, RI 02891
                (401) 596-0183
                (401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 14th day of Nov., 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollock & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

_____
Thomas J. Grady, Esq.

5