FILED

2003 NOV 17  A 9: 29

US DISTRICT COURT
HARTFORD CT

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC. | : | |
| Defendants/Third-Party Plaintiffs/ Cross-Claim Plaintiffs | : | |
| v. | : | |
| FESTO CORPORATION, MICHAEL D. KOVAC, D/B/A TRANS-EXPO INTERNATIONAL, AND ERICA RAMIREZ IN HER CAPACITY AS EMPLOYEE OF TRANS-EXPO INTERNATIONAL | : | |
| Defendants/Third-Party Defendants | : | NOVEMBER 14, 2003 |

## MEMORANDUM OF LAW IN REPLY TO DEFENDANT THE FESTO CORPORATION'S OPPOSITION TO DEFENDANTS' PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORY AND REQUEST FOR PRODUCTION

Pursuant to Local Rule 7(d), Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. hereby submit this Memorandum of Law in Reply to Defendant The Festo Corporation's Opposition to Defendants' Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.'s Motion to Compel More Responsive Answers to Interrogatory and Request For Production.

1

1.  Scope of Arpin's Interrogatory and Request For Production

It is Arpin's belief that the current discovery dispute is the result of Festo's interpretation of the scope of Arpin's Interrogatory and Request for Production. As discussed in the attached motion, counsel on both sides have made attempts to clarify the scope of this discovery, but unfortunately have been unable to reach a resolution at this time. In the interim, efforts to resolve this dispute will continue.

In its Motion to Compel, Arpin sought an English translation of Festo AG & Co. KG's insurance policy. It is Arpin's contention that its Interrogatory and Request For Production was broad enough to include not only official translations produced by the insurance carrier, but also any notes, summaries or translations of the insurance policy which are in Festo's possession.

Although Festo might not be compelled to translate the German insurance policy, it is required to produce any pre-existing English translations.

In Contreras v. Isuzu Motors, Ltd.. the United States District Court, (W.D. Texas), held that even though a party could not be compelled to translate documents for another party, pre-existing translated documents are subject to discovery. See Exhibit 1, Contreras v. Isuzu Motors, Ltd., Civ. No. SA-98-CA-442-JWP (April 2, 1999, W.D.Tex. 1999)

The court stated, "Upon consideration, the Court believes that defendants should not be required to translate documents responsive to the request at issue, but all documents that have

ever been translated into English must be produced in English to the extent such translations were made." See Exhibit 1, Contreras v. Isuzu Motors, Ltd. at *1.

The court stated, "Although the defendants cannot be compelled to translate, defendants do not contend that In re Puerto Rico Elec. Power Auth., [687 F.2d 501] governs the issue of whether defendants must disclose documents that have already been translated." See Exhibit 1 Contreras v. Isuzu Motors, Ltd. at *1.

In its November 4, 2003, Opposition Memo, Festo relies upon In re Puerto Rico Elec. Power Auth., 687 F.2d 501 (1st Cir. 1982) quite heavily. See Festo Opposition Memo at *7.

Arpin contends that its initial Interrogatory and Document Request direct Festo to produce any notes, summaries, or translations of the insurance policy. The "Definition" section of its "Request For Documents" includes "work papers, summaries" and "memoranda, drafts, memo pads, notes." If such "Documents" exist Arpin is entitled to them.

Festo's Opposition Memo and the attached affidavit from Mr. John Mistretta, Festo Finance Director, seem to be narrowly directed at translations which had been produced by the insurance carrier.

On page 5 of its Opposition Memo, "Festo represents it has no such English translation and it believes no such English translation of the German policy exists." Also, Festo states, "In

3

effect, because Festo does not have an English version of this policy, Arpin may not demand that Festo translate the policy into English." See Festo Opposition Memo at *6.

An affidavit from John Mistretta, Festo's Vice-President of Finance is attached to Festo's Opposition Memorandum. The affidavit also seems focused on the question of whether an official version of the insurance policy exists.

In paragraph 6 of his affidavit, Mr. Mistretta states, "Festo Corporation requested that Festo AG & Co.KG contact its German insurance carriers to obtain an English-language translation of the insurance policy referenced in paragraph 4, above. Festo AK & Co.KG reported to Festo Corporation that it had contacted the German insurance carriers and was informed that no such English translation exists."

Arpin contends that its request sweeps broader than a request for an official translation from Festo AK & Co.KG's insurance carrier. The Interrogatory and Request for Documents also seeks any pre-existing English translations of the insurance policy in Festo's possession.

If any such documents exist, Arpin is entitled to them.

Defendants/Third Party Plaintiffs/
Cross-Claimants
By their attorney:

Thomas J, Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street
P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

### *CERTIFICATION OF NOTICE*

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 17th day of Nov., 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.

5

# EXHIBIT 1

LOIS Federal District Court Opinions

CONTRERAS v. ISUZU MOTORS, LTD., (W.D.Tex. 1999).

Fred CONTRERAS, et al., Plaintiffs, v. ISUZU MOTORS, LTD. Of Japan, et al., Defendants.

Civ. No. SA-98-CA-442-JWP.

United States District Court, W.D. Texas, San Antonio Division

April 2, 1999.

### ORDER

JOHN W. PRIMOMO, United States Magistrate Judge.

Before the Court is plaintiffs' motion to compel designation, translation and production of documents in response to plaintiffs' request number 26. Docket no. 78. Plaintiffs' seek an order requiring defendants to produce English translations of all documents that are responsive to the request for production at issue. Defendants have stated that they have produced all "authenticated" translations, but defendants have failed explain the significance of such translations. Upon consideration, the Court believes that defendants should not be required to translate documents responsive to the request at issue, but all documents that have ever been translated into English must be produced in English to the extent such translations were made.

### Discussion

Plaintiffs' request that all documents be translated into English is based on a district court case that has been strongly criticized by the only appellate court decision addressing the issue of requiring payment of translation expenses at the pretrial stage of litigation. In *Stapleton v. Kawasaki Heavy Industries, Ltd.,* the court ordered Kawasaki to provide translation of all document as a foreseeable expense of doing business in this country, which conducts legal proceedings in English. 69 F.R.D. 489, 490 (N.D.Geo.). The *Stapleton* court reasoned that the documents written in Japanese were useless in that form to the plaintiff and that Kawasaki was a large manufacturing firm doing business in the United States. *Id.* The First Circuit in *In re Puerto Rico Elec. Power Auth.,* which reaffirmed the well-accepted principle that each party bear the ordinary burden of financing his own suit, rejected the "cost of doing business" rationale of *Stapleton.* 687 F.2d 501, 506 & 508 n. 3 (1st Cir. 1982). The First Circuit held that each party had to pay for the translations they wanted, but it stopped just short of holding that "a court would never be justified in making an order to translate." *In re Puerto Rico Elec. Power Auth.,* 687 F.2d at 509 n. 2. Therefore, the Court finds that, absent special circumstances, there is no authority for compelling the defendants to translate discovery documents.

Although the defendants cannot be compelled to translate, defendants do not contend that *In re Puerto Rico Elec. Power Auth.* governs the issue of whether defendants must disclose documents that have already been translated. Plaintiffs point out that, in Isuzu Trooper[fn1] rollover cases, the defendants[fn2] produced hundreds of engineering reports in Japanese and with what they referred to a "unverified" English translations and used those documents in depositions and at trial, before English-speaking juries. Remarkably, the defendants did not address this

English-speaking juries. Remarkably, the defendants did not address this issue in the response to the motion under consideration. Plaintiffs also point out that the defendants regularly translate engineering documents for its Isuzu Rodeo plant in Lafayette, Indiana. The defendant addressed this issue as follows:

> As IML's fundamental research and testing for the Rodeo has remained within IML's confines, IML has, with a few exceptions, not undertaken the expense of translating such documents into English. For those documents which have been translated into English *and authenticated* IML has produced them.

**Response,** p. 4, (emphasis added). The footnote to that quoted statement does not explain what is meant by the term "authenticated":

> The documents translated include several IML fundamental research papers which were translated into English in the ordinary course of IML's business for presentation to the Society of Automobile Engineers or other professional organization. It also includes IML documents which have been previously translated for defense counsel in litigation. No translations have been withheld.

*Id.* From these portions of the response, it is clear that the defendants possess documents in English that have not yet been produced for the stated reason that they are not "authenticated" translations. Since defendants have not explained the distinction of "authenticated" translations, the Court finds that such a distinction is meaningless for purposes of determining what documents should be produced in response to the discovery request at issue, especially in light of prior usage of "unverified" translations in American courts. Therefore, withholding English translations because they are not "authenticated" is an improper basis for not disclosing such documents.

Defendants contend that the part of the motion to compel seeking "English translations, interpretations or summaries any of the defendants or their counsel may have of any Japanese documents or information requested," would violate the attorney-client privilege and would reveal attorney work product. Defendants point out that federal courts have long recognized that an attorney's selection and ordering of documents may be protected work product to the extent such compilation efforts reflect the mental opinions and impressions of the attorney, citing **Sporck v. Peil,** 759 F.2d 312, 315-317 (3rd Cir. 1985). The Court recognizes that principle, but that would not preclude ordering the disclosure of all documents that have been translated. Defendants conceded that "IML's preexisting documents are not immunized simply because they were collected and sent to IML's attorneys for the defense to this action." **Response,** p. 7. Also, defendants cannot contend that disclosure of all English translations of documents responsive to the request at issue would reveal their attorney work product by means of their selection documents to be used in this case because defendants' response indicates that they have not decided on their selection of documents to be used in this case:

> In this action, while written discovery has been exchanged and many percipient witnesses have been deposed, none of the liability experts have been deposed yet. As such, the Isuzu defendants do not know the full extent of plaintiffs' liability theories. Consequently, the Isuzu defendant do not know at this time all documents they "intend" to use at trial.

**Response,** p. 7. Therefore, the work product of defense counsel would not be revealed by the disclosure of all English translations.

The defendants contend that disclosure of English summaries of Japanese documents would violate the attorney-client privilege because it would include all correspondence, notes, memoranda or other documents between defendants and their counsel containing analyses or interpretations of such summaries. It is clear that the analyses or interpretations of such summaries are protected by the attorney-client privilege, however, the English summaries are not protected by the privilege. Therefore, disclosure of all English summaries of Japanese documents is not precluded by the attorney-client privilege.

For these reasons, in regard to the Japanese documents responsive to request number 26, the defendants must provide the English translations, to the extent they have custody or control over such translations, of such responsive documents if English translations have ever been made of such responsive documents. It does not matter when such translations were made, and it does not matter if the translations are "authenticated," as that undefined term was used by defendants. If a document has been partially translated, then the translations must be produced. English summaries of Japanese documents responsive to request number 26 must be produced, but not any analyses or interpretations of such summaries. The summaries must provided in a way that identifies the Japanese document that is summarized, which may include attaching the Japanese document at issue to the summary. Defendants are cautioned not to limit disclosure to those documents that they believe are relevant to this case. Instead, defendants are to be guided by what the Court has ruled to be discoverable. At the appropriate time, the Court will determine what is relevant and admissible. The motion should be **GRANTED** as set forth above, and defendants are directed to provide such disclosure within 14 days of the filing date of this order.

It is so **ORDERED**.

[fn1]Although this case involves the rollover of an Isuzu Rodeo, the Court has ruled that documents pertaining to the Isuzu Trooper are discoverable due to the similarity of design.

[fn2]Although plaintiffs mentioned only one defendant in regard to this contention, the Court refers to all defendants for clarity and because the defendants' operations are interrelated.

Copyright © 2003 Loislaw.com, Inc. All Rights Reserved