UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

2003 DEC -4 P 3: 25

DISTRICT COURT

| | |
|---|---|
| SHAWN POULIOT, | : |
|    Plaintiff, | : |
| | : |
|    v. | :    C.A. No. 3:02 CV1302 (DJS) |
| | : |
| PAUL ARPIN VAN LINES, INC. | : |
| AND ARPIN LOGISTICS, INC., | : |
| THE FESTO CORPORATION, MICHAEL | : |
| D. KOVAC, D/B/A TRANS-EXPO | : |
| INTERNATIONAL AND ERICA | : |
| RAMIREZ,IN HER CAPACITY AS | : |
| EMPLOYEE OFTRANS-EXPO | : |
| INTERNATIONAL, | : |
|    Defendants. | :    December 2, 2003 |

## MEMORANDUM OF LAW IN SUPPORT OF FESTO CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FIRST AMENDED CROSS-CLAIMS OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, Defendant The Festo

Corporation ("Festo") respectfully submits this Memorandum of Law in support of its Motion

for Judgment on the Pleadings as to all of the counts against Festo asserted by Defendants Paul

Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter, collectively "Arpin") in its First

Amended Cross-Claims.

### INTRODUCTION

No matter how creatively Arpin tries to label them, the counts set forth in Arpin's cross-

claims assert only three principal claims against Festo. Although the factual allegations may

vary, at bottom Arpin claims that Festo is liable to it in (1) apportionment; (2) contribution; and

(3) indemnification. Apparently believing that the greater the number of counts, the greater its

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

chances of avoiding dismissal, Arpin has attempted to expand these three basic claims, accordion-like, into sixteen different counts.

Arpin's creative labeling notwithstanding, none of these counts withstands scrutiny. Counts 5, 6, 13 and 14 seeking apportionment[1] must be dismissed because this Court has already dismissed as untimely Arpin's claims for apportionment against Festo. Arpin's claims for apportionment are no more timely now than they were nearly six months ago when this Court first found them untimely. In addition, the apportionment claims are barred by the clear language of Conn. Gen. Stat. § 52-102b(a), which on its face allows apportionment claims to be asserted only against a person – unlike Festo – "not a party to the action."

Likewise, Counts 7, 8, 15 and 16 seeking contribution[2] must be dismissed, because under long-established Connecticut law, no right of contribution has yet attached. The Court should exercise its discretion to disallow Arpin's cross-claims for contribution where the underlying substantive right to contribution does not yet (and may never) exist. In addition, Counts 8 and 16, alleging "contribution in vicarious liability" against Festo, must be dismissed because Connecticut law does not recognize a right of contribution in vicarious liability.

---

[1] Count 5, "Apportionment of Damages Against Festo Corporation for Negligence;"
Count 6, "Apportionment of Damages Against Festo Corporation in Vicarious Liability for Negligence;
Count 13, "Against Festo Corporation in Apportionment for Negligent Misrepresentation;" and
Count 14, "Apportionment of Damages Against Festo Corporation in Vicarious Liability for Negligent
    Misrepresentations."

[2] Count 7, "Contribution Against Festo Corporation for Negligence;"
Count 8, "Contribution Against Festo Corporation in Vicarious Liability;"
Count 15, "Against Festo Corporation in Contribution for Negligent Misrepresentation;" and
Count 16, "Contribution Against Festo Corporation in Vicarious Liability for Negligent Misrepresentations."

Finally, Counts 1, 2, 3, 4, 9, 10, 11 and 12 seeking indemnification[3] also must be dismissed, because Arpin cannot establish that Festo was in control of the situation to the exclusion of Arpin, where the accident at issue occurred on an <u>Arpin</u> lift, during the unloading of an <u>Arpin</u> truck, by a driver for <u>Arpin</u>, dispatched by <u>Arpin</u> to Connecticut – a hundred miles away from Festo's facilities, without the physical presence or on-site supervision of anyone from Festo. Under these circumstances, as a matter of law Arpin cannot establish that Festo was in control of the situation to the exclusion of Arpin.

Arpin's blunderbuss approach to pleading is nothing new in this case. Arpin has already tried to assert apportionment claims against Festo, which this Court dismissed in May 2003. Likewise, in earlier cross-claims, Arpin set forth nine separate counts for "recoupment" against Festo and Trans-Expo; Arpin subsequently withdrew these counts, conceding that a claim for recoupment was not cognizable and blaming a "scrivener's error" for these nine separate counts (and the 39 separate paragraphs of allegations advanced in support of these counts). Indeed, the present cross-claims represent Arpin's <u>fifth</u> attempt to plead cognizable claims against Festo.

Arpin's latest attempt to foist liability onto Festo is equally meritless. Because each of Arpin's sixteen counts fails as a matter of law, the cross-claims should be dismissed, and Festo's motion for judgment on the pleadings should be granted.

---

[3] <u>Count 1</u>, "Common Law Indemnification against Festo Corporation for Negligence;"
<u>Count 2</u>, "Common Law Indemnification against Festo Corporation in Vicarious Liability for Negligence;"
<u>Count 3</u>, "Equitable Indemnification Against Festo Corporation for Negligence;"
<u>Count 4</u>, "Equitable Indemnity Against Festo Corporation in Vicarious Liability for Negligence;"
<u>Count 9</u>, "Common Law Indemnification Against Festo Corporation for Negligent Misrepresentation;"
<u>Count 10</u>, "Common Law Indemnification Against Festo Corporation in Vicarious Liability for Negligent Misrepresentation;"
<u>Count 11</u>, "Equitable Indemnification Against Festo Corporation For Negligent Misrepresentation;" and
<u>Count 12</u>, "Equitable Indemnity Against Festo Corporation in Vicarious Liability for the Negligent Misrepresentation of Michael D. Kovac d/b/a Trans-Expo, International."

## FACTUAL AND PROCEDURAL HISTORY

On or about October 23, 2001, Plaintiff Shawn Pouliot, an independent contractor truck driver, was dispatched by Arpin, in an Arpin truck, to pick up certain equipment from Festo's headquarters in Hauppauge, New York and deliver it that same day to Naugatuck Valley Community College in Waterbury, Connecticut.

Upon arriving in Waterbury, Plaintiff attempted to unload the equipment, including a large Learnline 2000 mobile workstation on wheels, from the Arpin truck by himself.  No one from Festo was present for or otherwise supervised Plaintiff on-site while he unloaded the equipment.

In the course of unloading, Plaintiff wheeled the workstation onto the hydraulic back lift of the Arpin truck, without attaching it to the lift with straps or other anchors, and began lowering the lift to the ground.  Plaintiff stopped lowering the lift about halfway to the ground, and then climbed onto the lift himself and attempted to shift the position of the workstation on the lift.  Thereafter, Plaintiff testified that he experienced a "drop in the whole –  the whole machine and the lift gate."  Plaintiff fell to the ground on his back, and the workstation fell onto him.  As Plaintiff testified:  "All I remember is a sudden drop and the machine hitting me and pinning me on the ground."

In June 2002, Plaintiff commenced this action in Connecticut Superior Court against Arpin only, alleging that Arpin provided Plaintiff with a defective lift; that Arpin failed to inspect and maintain the lift; and failed to provide Plaintiff with proper equipment for securing loads and otherwise failed to warn Plaintiff of the dangers involved in this shipment.  On July 30, 2002, Arpin removed the action to this Court.

On November 5, 2002, Arpin filed a Third-Party Complaint against Festo and Michael D.

Kovac d/b/a Trans-Expo International, Inc. (hereinafter, "Trans-Expo") and Erica Ramirez

(hereinafter, "Ramirez"). On December 23, 2002, Arpin filed a First Amended Third-Party

Complaint against Festo and the other third-party defendants. On February 13, 2003, Arpin

moved for leave to file a Second Amended Third-Party Complaint, which complaint sought to

add claims for apportionment of liability against Festo, Trans-Expo and Ramirez. Festo moved

to strike the apportionment claims as untimely.

On May 30, 2003, this Court issued a Memorandum of Decision granting Festo's motion

to strike the apportionment claims. See Memorandum of Decision, dated May 30, 2003. In its

Memorandum of Decision, the Court ruled that "Arpin has failed to comply with the 120-day

period for filing an apportionment complaint under Section 52-102b(a)." May 30, 2003

Memorandum of Decision, at 6. The Court found that it "does not have subject matter

jurisdiction over an apportionment complaint filed outside the 120-day time period." Id. at 7.

On May 22, 2003, Plaintiff filed a Motion to Amend the Complaint and a Motion to Join

Additional Party Defendants, asserting claims against Festo and the other "apportionment"

defendants. On June 27, 2003, this Court denied these motions without prejudice, and permitted

Plaintiff to refile a revised amended complaint. However, the Court ruled that all references to

"apportionment" must be stricken because "the Court has dismissed any apportionment claims

filed either by Pouliot or Arpin." See June 27, 2003 Ruling on Plaintiff's Motion to Amend and

Motion to Join Additional Parties, at 2.

On August 14, 2003, Plaintiff filed a Motion to Amend and proposed Third Amended

Complaint in which Plaintiff purported to assert direct claims against Festo, Trans-Expo and

Ramirez. On August 18, 2003, this Court granted Plaintiff's Motion to Amend and ordered that

the clerk docket the Third Amended Complaint.  Subsequently, Plaintiff sought to file a Fourth

and then a Fifth Amended Complaint, to add claims of recklessness against Arpin.  On October

31, 2003, the Court granted Plaintiff's Motion to Amend and ordered that the clerk docket the

Fifth Amended Complaint.

On August 15, 2003, Arpin filed its Answer and Crossclaims to Plaintiff's Second

Amended Complaint.  In its Answer and Crossclaims, Arpin asserted some 44 different counts

against Festo, Trans-Expo and Ramirez, including claims for "recoupment" which Arpin

subsequently withdrew.

On August 26, 2003, Arpin filed a First Amended Answer and Crossclaims of Defendant

Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. to Third Amended Complaint of Shawn

Pouliot ("Arpin's First Amended Answer and Cross-Claims") – Arpin's fifth attempt to plead

cognizable claims against Festo.  In its First Amended Cross-Claims, Arpin asserts sixteen cross-

claims against Festo.

Based on the following and pursuant to Rule 12(c) of the Federal Rules of Civil

Procedure, Festo hereby moves this Court for judgment on the pleadings as to all of Arpin's

cross-claims against Festo.

<div align="center">

**ARGUMENT**

**BECAUSE EACH OF ARPIN'S CROSS-CLAIMS AGAINST FESTO
FAILS TO STATE A CLAIM, FESTO'S MOTION FOR JUDGMENT
ON THE PLEADINGS SHOULD BE GRANTED**

</div>

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are

closed, but within such time as not to delay the trial, any party may move for judgment on the

pleadings."  Fed.R.Civ.P. 12(c).  The standard for granting a motion for judgment on the

pleadings under Rule 12(c) is the same as that for granting a motion to dismiss under Rule 12(b).

Burnette v. Carothers, 192 F.3d 52, 56 (2d Cir. 1999), cert. denied, 531 U.S. 1052 (2000);

Longmoor v. Nilsen, No. 3:02CV1595(JBA), __ F. Supp.2d. __, 2003 WL 22259487, at 5 n.5.

Under Fed.R.Civ.P. 12(b), a court may grant a motion to dismiss where "it appears beyond doubt

that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief."

Mr. & Mrs. D. Southington Board of Education, 119 F. Supp.2d 105, 107 (D. Conn. 2000).

"While the pleading standard is a liberal one, bald assertions and conclusions of law will not

suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996); Cole v. Travelers Ins. Co., 208 F.

Supp.2d 248, 251 (D. Conn. 2002) (same).

     Because each of the cross-claims asserted by Arpin against Festo fail to state causes of

action upon which relief may be granted, this Court should dismiss all cross-claims asserted by

Arpin against Festo.

# I. ARPIN'S CROSS-CLAIMS SEEKING APPORTIONMENT ARE BARRED AND SHOULD BE DISMISSED

     Counts 5, 6, 13 and 14 each requests "an apportionment of liability against Festo

Corporation in accordance with Conn.Gen. Stat. §§ 52-102b and 52-572b." See First Amended

Cross-Claims, at 21-22, 29-30. Yet again, Arpin ignores governing law – here, a prior Order of

this Court striking identical apportionment claims – in its attempt to foist its liability onto Festo

by any means possible.

### A. Arpin's Apportionment Claims Are Barred by This Court's May 30, 2003 Memorandum of Decision Striking Arpin's Apportionment Claims

     In its Memorandum of Decision dated May 30, 2003, this Court specifically denied Arpin

leave to amend its third-party complaint to assert apportionment counts against Festo because

such apportionment claims were untimely. As the Court stated:

> There is a timeliness requirement to the filing of such an
> apportionment complaint: "[a]ny such [apportionment complaint]

shall be served within one hundred twenty days of the return date specified in plaintiff's original complaint." . . . The statutory language explicitly states that the 120-day time period runs from the return date specified in plaintiff's original complaint, and thus the date associated with any amended complaint or third-party complaint is irrelevant. . . .

[T]he Court agrees with Festo that Arpin has failed to comply with the 120-day period for filing an apportionment complaint under Section 52-102b(a). . . .

That being the case, this Court does not have subject matter jurisdiction over these claims.

See May 30, 2003 Memorandum of Decision, at 5-6, 8 (emphasis added). [4]

Arpin cannot resurrect its long-expired "apportionment" claims simply by calling them "cross-claims." Arpin's claims for apportionment are no more timely now than they were nearly six months ago when this Court first found them untimely. This Court's May 30, 2003 Memorandum of Decision bars Arpin's latest attempt to re-assert apportionment claims against Festo. For this reason, Counts 5, 6, 13 and 14 should be dismissed.

Arpin cannot claim that its apportionment claims are somehow rendered timely because they arise out of purportedly "new" claims in Plaintiff's Third Amended Complaint. As the Court noted in its May 30, 2003 Memorandum of Decision, "[t]he statutory language explicitly states that the 120-day time period runs from the return date specified in plaintiff's original complaint, and thus the date associated with any amended complaint . . . is irrelevant." See May 30, 2003 Memorandum of Decision, at 5 (emphasis added). This is particularly true here, where both Arpin's first (stricken) attempt at apportionment, like its second attempt, is based on Plaintiff's claim of negligence against Arpin.

---

[4] Indeed, in a subsequent ruling, the Court ordered that Plaintiff should strike from his proposed amended complaint "any reference to 'apportionment'" because "it appears as if [Plaintiff's claims] are apportionment claims, which the Court has already ruled are not permissible." See July 2, 2003 Ruling on Plaintiff's Motion to Amend and Motion to Join Additional Parties, at 2.

Moreover, Plaintiff's underlying allegations of negligence on which Arpin purports to base its second try at apportionment – Paragraphs 7(g) and (h) of the Third Amended Complaint, alleging that Arpin "failed to warn Shawn Pouliot of the dangers" by failing to provide him with adequate information – are hardly "new." Indeed, Arpin's now-dismissed "Apportionment Complaint Against Festo Corporation," asserted in Arpin's Second Amended Third-Party Complaint, states that it is based on the nearly identical claim made by Plaintiff in its Revised Complaint that Arpin "failed to warn Shawn Pouliot of the dangers" of this shipment. See Arpin's Second Amended Third-Party Complaint dated February 11, 2003, ¶ 44(g) and Exhibit A1.[5]

Arpin's attempt at asserting apportionment claims against Festo has already been rejected once by this Court. Arpin's transparent attempt at a second bite at the apportionment apple ignores this Court's prior order, is improper, and should likewise be rejected.

B.     Arpin's Apportionment Claims Are Barred on Their Face
       By Connecticut General Statute § 52-102b

Even if Arpin were able to skirt this Court's May 30, 2003 Memorandum of Decision – which it cannot – its claims of apportionment would nonetheless be barred by the express terms of Connecticut General Statute § 52-102b. That section – which "creates a right of apportionment" (May 30, 2003 Memorandum of Decision, at 5) – provides in relevant part that an apportionment claim may be asserted by a defendant only against a person not already a party

---

[5] Under Arpin's theory, it concedes that it could not proceed with apportionment claims as to its negligence based on Paragraphs 7(a)-(f), but asserts that it could proceed with apportionment claims as to the same count of negligence based on Paragraphs 7(g) and (h) -- even though all the allegations are in support of a single claim of negligence against Arpin. See Plaintiff's Third Amended Complaint. Arpin's attempt to "split" Plaintiff's single underlying claim of negligence is nonsensical; indeed, it would improperly require mini-trials to determine what portion of Arpin's negligence stemmed from the factual assertions of Paragraphs 7(a)-(f) and what portion stemmed from Paragraphs 7(g)-(h).

to the action: "A defendant in any civil action…may serve a writ, summons and complaint upon a person not a party to the action. . . ." C.G.S. § 52-102b(a) (emphasis added).

Thus, on its face, Section 52-102b(a) prohibits Arpin from making "apportionment" claims against other defendants in this action. In his Third Amended Complaint dated August 14, 2003, Plaintiff asserted direct claims against Festo, and since that time, Festo has been a defendant in this action. Thus, Arpin's claims for "apportionment" are prohibited by the plain language of C.G.S. § 52-102b upon which Arpin purports to rely. See, e.g., Evans v. Spinelli, No. CV020279651S, 2003 WL 536778 (Conn. Super. Ct. Feb. 10, 2003), at *3 (granting motion to strike apportionment complaint against co-party; "'[i]t is clear from the plain language of § 52-102b(a) that the statute applies only to persons not already parties' . . . Where the words of a statute are clear and unambiguous courts are not free to infer a meaning other than that expressed in its plain language") (emphasis in Evans) (citations omitted); Pryce v. Keane Thummel Trucking, No. CV000800961, 2001 WL 950809 (Conn. Super. Ct. July 20, 2001), at *2 ("It is clear from the plain language of § 52-102b(a) that the statute applies only to persons not already parties . . . in this case"); Rubbak v. Thompson, No. CV000180009, 2001 WL 420456 (Conn. Super. Ct. Apr. 6, 2001), at *1 (adopting "the majority view that a cross claim seeking apportionment of liability may not be filed against someone who is already a party to the action"); Algea v. Barnett, No. CV 334396, 1997 WL 422533 (Conn. Super. Ct. July 17, 1997), at *2 (§ 52-102b "'is limited to those situations where apportionment is sought against a person who is not a party to the action') (citation omitted); Somers v. Heise, No. CV 960131563S, 1996 WL 456943 (Conn. Super. Ct. Aug. 2, 1996), at *1 (same); Samela v. Reed, No. CV 950068641, 1995 WL 749554 (Conn. Super. Ct. Dec. 1, 1995), at *1.[6]

---

[6] In its Objection to Third-Party Defendants Michael D. Kovac d/b/a Trans-Expo International and Erica Ramirez's Motion to Dismiss and/or Strike Cross-Claims ("Arpin Objection to Trans-Expo's Motion to Dismiss"), Arpin cites

Arpin's attempt to re-plead impermissible, already-dismissed claims for apportionment is directly contrary to this Court's Order and to Connecticut statute. Arpin cannot continue to assert claims that it knows are wholly without basis in the vain hope that they might somehow stick. Counts 5, 6, 13 and 14 seeking apportionment against Festo should be dismissed.

## II.    ARPIN'S CROSS-CLAIMS SEEKING CONTRIBUTION ARE LEGALLY INSUFFICIENT AND SHOULD BE DISMISSED

### A.    Arpin's Cross-Claims for Contribution Should Be Dismissed Because No Right to Contribution Has Yet Attached

Counts 7, 8, 15 and 16 each requests "contribution for damages against Festo Corporation in accordance with Conn. Gen. Stat. § 52-572h(h)." See First Amended Cross-Claims, at 22-23, 29-30. That section makes clear that a right of contribution exists only post-judgment in parties who have already paid more than their proportionate share of a judgment:

> (1) A right of contribution exists in parties who … are required to pay more than their proportionate share of [a] judgment. The total recovery by a party seeking contribution shall be limited to the amount paid by such part in excess of such party's proportionate share of such judgment.
>
> (2) An action for contribution shall be brought within two years after the party seeking contribution has made the final payment in excess of such party's proportionate share of the claim.

C.G.S. § 52-572h(h)(1)-(2) (emphasis added).

Connecticut courts have routinely stricken claims for contribution brought prior to judgment under C.G.S. § 52-572h(h), such as Arpin's, emphasizing that a claim for contribution

---

to a single case – Sharif v. Peck, No. 429034, 2001 WL 358867 (Conn. Super. Ct. Mar. 27, 2001) – in support of its argument that apportionment claims against co-parties should be permitted despite the clear language to the contrary in § 52-102b(a). However, Arpin itself concedes that Sharif is a "minority position," and that the "majority position" in Connecticut is that "an apportionment claim cannot be brought as a cross-claim against a co-party in federal court." Arpin Objection to Trans-Expo Motion to Dismiss, at 21-22. Post-Sharif decisions have found its reasoning unpersuasive. See Evans v. Spinelli, 2003 WL 536778, at *3 (rejecting Sharif and adopting "the majority view"); Pryce v. Kean Thummel Trucking, 2001 WL 950809, at *2 (likewise rejecting Sharif and agreeing with the "[m]any judges hold[ing] that since the language of the statute specifically refers to 'a person not a party,' it does not permit such [apportionment] claims [against co-parties]").

does not arise "until <u>after</u> judgment and <u>after</u> a finding that there are uncollectible amounts." <u>Jaye v. Gluck</u>, No. 51 69 70, 1991 WL 273711, at *1 (Conn. Super. Ct. Dec. 12, 1991) (emphasis added).  <u>See also</u> <u>Harris v. Levin</u>, No. X06 CV 990170961S, 2003 WL 21716455, at *4 (Conn. Super. Ct. July 7, 2003) (dismissing third-party contribution claim brought by Paul Arpin Van Lines, Inc. and noting that "the right to contribution 'exists only in <u>postjudgment</u> proceedings pursuant to General Statutes § 52-572h'") (emphasis added) (quoting <u>Aponte v. Johnson</u>, No. CV 91 0114281S, 1992 WL 239049 (Conn. Super. Ct. Sept. 18, 1992), at *3); <u>Darien Country Club v. Classic Roofing Co., Inc.</u>, 2000 WL 38463, at *3 (Conn. Super. Ct. Jan. 3, 2000) (striking contribution claim because "right of contribution fails to attach until the court enters judgment"); <u>Simon v. My Bread Baking Co.</u>, No. CV 980165440, 1999 WL 966614, at *1 (Conn. Super. Ct. Oct. 13, 1999) ("Since this case has not reached a final judgment, the third-party plaintiff have not stated a legally sufficient cause of action for contribution at this time"); <u>Long v. McDonald's Corp.</u>, No. CV 970399076, 1998 WL 644723, at *4 (Conn. Super. Ct. Sept. 11, 1998) (striking contribution claim as premature because "right of contribution exists only after final judgment and the court has reallocated liability among liable codefendants"); <u>Robillard v. Asahi Chem. Indus. Co.</u>, 695 A.2d 1087, 1094-95 (Conn. Super. Ct. 1995) (noting that "right to contribution attached only after final judgment").

        In this action, there has never been any finding of liability against Arpin, or any other party, nor has any judgment been entered yet.  It follows that no amounts are currently uncollectible.  In the absence of a judgment and uncollectible amounts, Arpin purported "right of contribution" has not yet attached.  <u>See, e.g.</u>, <u>Jaye</u>, 1991 WL 273711, at *1 (striking defendant's contribution claim because "no right of contribution exists at this time").

The Court should exercise its discretion to disallow Arpin's cross-claims for contribution where the underlying substantive right to contribution does not yet (and may never) exist. See 6 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 1431, at 242 (2d ed. 1990) ("[t]he decision whether to allow a cross-claim that meets the test of subdivision (g) [of Rule 13] is a matter of judicial discretion"). Allowing Arpin to assert a right to contribution where such a right does not exist under Connecticut law could materially alter the character, and even the outcome, of this litigation, compared to the character and outcome of the case were it litigated in Connecticut state court. Allowing Arpin to assert a right to contribution would improperly grant Arpin a right which it would not possess in Connecticut state court. In addition, allowing such cross-claims would encourage defendants like Arpin to remove actions to federal court solely to avoid the limitations of the Connecticut statute prohibiting premature contribution claims. Finally, disallowing Arpin's claims for contribution at this stage does not prejudice Arpin: if Arpin is found liable to Plaintiff, under Connecticut statute Arpin has the right to then make whatever claims for contribution that it believes it may be entitled to.

Disallowing Arpin's contribution claims at this stage of the case would simplify the litigation by avoiding the needless confusion and expense regarding claims that do not exist, and may never exist. This is especially true here, where all of Arpin's remaining cross-claims are subject to dismissal. The Court should exercise its discretion to allow Arpin to assert claims for contribution only if and when these claims ever become choate. The cross-claims for contribution should be dismissed.

B.    Arpin's Cross-Claims for "Contribution in Vicarious Liability"
      Are Likewise Legally Insufficient and Should Be Dismissed

Even were the Court to allow Arpin's cross-claims for contribution at this pre-judgment stage of the litigation – which it should not – Counts 8 and 16, alleging "contribution in vicarious

liability" against Festo, must be dismissed because Connecticut law does not recognize a right of contribution in vicarious liability.

"The rules of vicarious liability ... respond to a specific need in the law of torts: how to fully compensate an injury caused by the act of a <u>single tortfeasor</u>." <u>Alvarez v. New Haven Register Inc.</u>, 735 A.2d 306, 313 (Conn. 1999) (emphasis in original). Thus, by definition, a right of contribution in vicarious liability does not exist:

> [A] principal whose liability rests solely upon the doctrine of respondeat superior and not upon any independent act of the principal is <u>not</u> a joint tortfeasor with the agent from whose conduct the principal's liability is derived.... [T]he principal is not a tortfeasor in the true sense of the word because he is <u>not</u> <u>independently liable</u> based upon his own independent actionable fault.... Consequently, there is no right of contribution[.]

<u>Id.</u> at 720-21 (citations omitted) (emphasis added).

Counts 8 and 16 do <u>not</u> assert any negligence on the part of Festo. Rather, Counts 8 and 16 allege that co-defendant Trans-Expo was the agent of Festo; that Trans-Expo was negligent and made negligent misrepresentations to Arpin; and that Festo is thus "vicariously liable" as the principal for the negligence of its purported agent Trans-Expo.

Even were these allegations correct factually – which they are not – the allegations fail as a matter of law. Because Counts 8 and 16 on their face allege only "vicarious liability" based on a purported principal/agent relationship, Festo cannot be "a joint tortfeasor with [Trans-Expo] from whose conduct [Festo's] liability is derived." <u>Alvarez</u>, 735 A.2d at 313. Because Counts 8 and 16 allege that Festo's liability arises solely from an alleged principal/agency relationship with Trans-Expo, Festo "is not a tortfeasor in the true sense of the word because [it] is not independently liable based upon [its] own independent actionable fault." <u>Id.</u> Consequently,

14

"there is no right of contribution" in vicarious liability as alleged in these specific counts. Id. Counts 8 and 16 must be dismissed.

### III.   ARPIN'S CROSS-CLAIMS SEEKING INDEMNIFICATION FAIL TO STATE A CLAIM AS A MATTER OF LAW AND SHOULD BE DISMISSED

A.    Arpin's Cross-Claims for Indemnification Should Be Dismissed Because Arpin Cannot Establish that Festo Was "In Exclusive Control of the Situation"

Counts 1, 2, 3, 4, 9, 10, 11 and 12 of Arpin's cross-claims each seeks "Indemnification" from Festo. See First Amended Cross-claims, at 13, 16, 19, 20, 23, 25, 27, 28 (Arpin seeks to be "indemnified and demand[s] judgment against Festo Corporation for all sums that may be adjudged against [Arpin]").  However, each of these claims for indemnification fails as a matter of law because Arpin cannot meet all of the requisite elements of its claim for indemnification.

Under Connecticut law, a claim for indemnification seeks "reimbursement in full from one on whom a primary liability is claimed to rest." Kaplan v. Merberg Wrecking Corp., 207 A.2d 732, 736 (Conn. 1965); see also Skuzinski v. Bouchard Fuels, Inc., 694 A.2d 788, 793 (Conn. 1997). "Nowhere in the [cross-claims] does Paul Arpin allege that it entered into an indemnification agreement" with Festo. See Harris v. Levin, supra, 2003 WL 21716455, at *2. In the absence of a contact to indemnify, a party seeking indemnification from a cross-claim defendant must allege facts sufficient to establish the following four elements:

"(1)    that the [cross-claim defendant] was negligent;

(2)    that his negligence, rather than the [cross-claimant's], was the direct, immediate cause of the accident and injuries;

(3)    that the [cross-claim defendant] was in control of the situation to the exclusion of the [cross-claimant]; and

(4)    the [cross-claimant] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the [cross-claim defendant] not to be negligent."

Harris v. Levin, supra, 2003 WL 21716455, at *3 (striking indemnification claims asserted by Paul Arpin Van Lines, Inc.) (quoting Burkert v. Petrol Plus of Naugatuck, Inc., 579 A. 2d 26, 31 (Conn. 1990). See also South Mill Village Assoc., Inc. v. Still Hill Dev. Corp., No. CV960563009, 1997 WL 399327 (Conn. Super. Ct. July 1, 1999), at *4 (striking indemnification claim because third-party complaint fails to "adequately allege any of the four elements required to establish that third-party defendant was primarily negligent").

Thus, under the third prong of this test, to state a claim for indemnification a cross-claimant must plead facts sufficient to establish that the cross-claim defendant was in control of the situation "to the exclusion of" the cross-claimant. Because Arpin cannot establish that Festo was in exclusive control of the situation that gave rise to the injuries alleged by Plaintiff, its counts for indemnification fails as a matter of law and must be dismissed.

Each of Arpin's counts for indemnification parrots the same language – that Festo (or Trans-Expo, its purported "agent") was "in control of the situation to the exclusion of Arpin" – in wholly conclusory fashion. See Harris v. Levin, supra, 2003 WL 21716455, at *3 (noting Paul Arpin's "conclusory allegations" that the alleged indemnitor "was in control of the claim to the exclusion of Paul Arpin"). This sort of blanket pleading is insufficient to state a viable cause of action for common law indemnification. See Maslansky v. First Assembly of God, No. CV01034354S, 2003 WL 1090578 (Conn. Super. Ct. Feb. 25, 2003), at *3 (striking defendant's common law indemnification claim against intervening plaintiff because claim "merely alleges that the intervening plaintiff 'controlled the situation to the exclusion of [defendant]'" and claim lacks "any facts that support this conclusory statement"). See also Leeds v. Meltz, 85 F.3d at 53 ("bald assertions and conclusions of law will not suffice" to defeat a motion pursuant to Rule 12(b)(6) or 12(c)); Cole v. Travelers Ins. Co., 208 F.Supp.2d at 251 (D. Conn. 2002) (same).

Although the issue of "exclusive control" is generally a question of fact, "special circumstances" may exist such that this issue "becomes a question of law." Skuzinski, 694 A.2D at 794; see also United Rentals v. Bell Haven Club, No. CV010863872S, 2002 WL 31955041 (Conn. Super. Ct. Dec. 27, 2002), at *2 ("[I]f the facts, as alleged, are not meaningfully disputed, who had the control over the situation becomes a question of law for the trial court."). If, under the factual scenario pled, no reasonable juror could find that the party against whom indemnification is sought could have "exclusive control of the situation," then the claim for indemnification fails as a matter of law. Id.

The Connecticut Supreme Court addressed this issue in Skuzinski v. Bouchard Fuels, Inc., 694 A.2d 788 (Conn. 1997). In Skuzinski, a pedestrian brought suit against defendants, truck owner and driver, for personal injuries he sustained when he was struck by the truck while walking in the street. Id. at 789. Thereafter, the defendants filed a third-party complaint against third-party defendant-business owners, seeking indemnification on the grounds that the third-party defendants' negligent failure to clear snow from the sidewalk in front of their premises forced the pedestrian to walk in the street, where he was then injured. Id. at 790.

The Connecticut Supreme Court struck the indemnification claim, concluding that "special circumstances" existed such that this claim should be resolved as a question of law. Id. at 794. The court noted that it could decide the issue as a matter of law because "the disagreement between the parties on this issue does not . . . turn upon any meaningful dispute about the alleged facts." Id. The court held that the indemnification claim was insufficient as a matter of law, despite finding that the defendants had alleged numerous facts in support of their claim:

> We will assume that [defendant] has sufficiently alleged: (1) that
> the third party defendants had exclusive control over the snow

> covered sidewalk in front of their premises; (2) that they
> negligently failed to clear the sidewalk or to warn the plaintiff of
> the danger created by their failure to do so; (3) and that their
> negligence had "forced" the plaintiff to walk on Hall Avenue,
> where he was injured.

Id.

Based on these facts, the court found that the question raised is "whether the exercise of

exclusive control over a sidewalk, by failing to remove its snow cover, can be equated to the

exercise of exclusive control over 'the situation.' . . ." Id. The court concluded that "no

reasonable juror could find that the third party defendant had exclusive control over the

situation." Id. See also Skrzyniarz v. Votto, No. X04CV000122390S, 2001 WL 1159426

(Conn. Super. Ct. Aug. 29, 2001), at *3 (striking common law indemnification claim because

issue of control was question of law and "no reasonable juror" could find that defendant has

"exclusive control" over situation); Simon v. My Bread Baking Co., No. CV 980165440, 1999

WL 966614 (Conn. Super. Ct. Oct. 13, 1999), at *3 (granting third-party defendant's motion to

strike common law indemnification claim based on facts alleging that automobile accident

occurred when defendant attempted to pass third-party defendant on right as third-party

defendant attempted to make right turn; concluding that "a jury could not reasonably conclude

that the third-party defendant was in exclusive control of the situation").

Here, the facts as alleged cannot be construed in any way to signify that Festo had

exclusive control of the situation giving rise to the Plaintiff's injuries – and certainly not to the

exclusion of Arpin itself. This is not a case in which Plaintiff asserts that an allegedly defective

product caused his injuries. Plaintiff does not assert a claim against Festo under the Connecticut

products liability act. Plaintiff does not allege that the mobile workstation exploded, broke down

or otherwise malfunctioned; indeed, Plaintiff initially made no claim whatsoever against Festo.

Instead, it is undisputed that Plaintiff's injuries occurred in the course of his unloading of equipment from an Arpin truck using a hydraulic lift, after Plaintiff, a driver for Arpin, delivered the equipment to Connecticut for Arpin. As in Skuzinski, there is no meaningful dispute about the alleged facts: Plaintiff was making a delivery for Arpin; he delivered the equipment to Naugatuck, Connecticut in a Paul Arpin Van Lines truck; once at his destination, he rolled the mobile workstation from the back of the Paul Arpin truck onto the hydraulic lift at the back of the truck; he did not secure the equipment in any way to the Paul Arpin lift; he began lowering the hydraulic lift to the ground; he stopped the lift at some point and climbed onto it; and he then fell onto the ground, and the mobile workstation fell onto him. It is further undisputed that the accident occurred at Naugatuck Valley Community College, not at the Festo facility in Hauppauge, New York. It is likewise undisputed that no one from Festo supervised the unloading on site or was otherwise present during the unloading. Indeed, it is undisputed that the only persons present during the unloading were Plaintiff himself (for Arpin) and persons connected to Naugatuck Valley Community College – and no one from Festo.

Under such undisputed facts, no reasonable juror could conclude that Festo "was in control of the situation to the exclusion of [Arpin]." Skuzinski, 694 A.2d at 791. In Skuzinski, the defendant seeking indemnity argued that the negligence of the shop owner – in negligently failing to remove snow that forced the plaintiff to walk in the street – was the proximate cause of the plaintiff's injuries. Nonetheless, the court held that, despite defendant's allegation that the shop owner's negligence caused the accident, the shop owner, as a matter of law, could not have exercised exclusive control over the situation – "that is to say over an accident caused by [defendant] and occurring in the adjoining public roadway." Id. at 794.

Like the defendant in <u>Scuzinski</u>, Arpin trumpets that the purported negligence of Festo (and Trans-Expo) proximately caused Plaintiff's injuries. Despite these claims, Festo, like the shop owner in <u>Scuzinski</u>, as a matter of law could not have exercised exclusive control over the situation – that is to say, over an accident occurring on an Arpin lift, during the unloading of an Arpin truck, by a driver for Arpin, at a community college in Connecticut, without the physical presence or on-site supervision of anyone from Festo. Under these circumstances, the mere fact that the equipment that fell onto Plaintiff happened to be equipment sold by Festo is simply insufficient, as a matter of law, to establish that Festo – <u>to the exclusion of Arpin</u> – exercised exclusive control over the situation.

Plaintiff's pleadings in this action underscore the conclusion that Festo was not and could not have been in control of the situation to the exclusion of Arpin. From the day this action was filed, Plaintiff has repeatedly and insistently emphasized that the lift on this truck – rather than Festo's mobile workstation – was defective and inadequately maintained. Plaintiff's Fifth Amended Complaint alleges, <u>inter alia</u>, that Arpin provided a "defective and dangerous vehicle" (regardless of the particular equipment that was to be unloaded); that Arpin failed to inspect and service the lift (again, without regard to the equipment to be unloaded); and failed to provide Plaintiff with proper equipment for securing the equipment (whatever that equipment was).[7]

Festo is both physically – and causally – far removed from the accident that caused Plaintiff's injuries. Arpin's failure to establish that Festo was in control of the situation <u>to the exclusion of Arpin</u> is fatal to its claims for indemnification. Counts 1, 2, 3, 4, 9, 10, 11 and 12 must be dismissed.

---

[7] Likewise, Arpin's cross-claims for indemnification asserted against Defendants Trans-Expo and Ramirez – in which Arpin also claims first that Trans-Expo was in exclusive control of the situation, and then that Ramirez was in exclusive control of the situation – weighs against its contention that Festo was in exclusive control of the situation causing injury to Plaintiff.

B.    Arpin's Cross-Claims for "Equitable Indemnification" Should Be Dismissed Because Such Claims Are Not Cognizable Under Connecticut Law

Even if Arpin's claims for indemnification otherwise satisfied the requirements for such a claim -- which they do not – Counts 3, 4, 11 and 12, seeking "equitable indemnification," must be dismissed for the additional reason that no such claim is recognized under Connecticut law.

Counts 3, 4, 11 and 12 each seeks "Equitable Indemnification" or "Equitable Indemnity" from Festo. See First Amended Cross-Claims, at 19, 20, 27 and 28.  In support of each count, Arpin advances the same conclusory allegation that its "remedy at law in indemnification is not as complete and beneficial as its relief in equity," and further that "[t]he imposition of joint and several liability upon Arpin would be unfair. . . ."  See Arpin's First Amended Cross-Claims, at ¶¶ 21-22, 25-26, 59-60, 63-64.

Once again, Arpin ignores the state of the law in Connecticut.  Connecticut General Statute § 52-572h abolished principles of "joint and several liability."  Collins v. Colonial Penn Ins. Co., 778 A.2d 899, 907 (Conn. 2001).  Instead, in Connecticut, the common-law remedy of comparative negligence applies, including principles of common-law indemnification.  Id. at 907-08.  Thus, contrary to Arpin's assertions, a common-law remedy does exist, as set forth under Connecticut law.

In essence, what Arpin is claiming in its counts for "equitable indemnification" is that if the Court finds that Arpin has failed to satisfy the elements required for common-law indemnification, then the Court should nonetheless "save" Arpin and allow its counts for

indemnification to proceed. Arpin makes this clear in its Objection to Trans-Expo's Motion to Dismiss, where it states:

> If Trans-Expo is allowed to escape from all liability because Arpin cannot prove the elements of common law indemnification, then it will have been enriched by its own tortious conduct and motivated to do the same thing again. Equity should fashion a remedy to prohibit this kind of unjust enrichment.

Arpin Objection to Trans-Expo's Motion to Dismiss, at 12.

However, "equity" is intended to provide a remedy where one does not otherwise exist, not where such a remedy exists but a party cannot prove the elements of the claim. If Arpin "cannot prove the elements of common law indemnification" as it states, then it simply is not entitled to indemnification under Connecticut law, whether from Trans-Expo or Festo. Under Arpin's novel theory, if Plaintiff failed to "prove the elements" of its common-law negligence and recklessness claims against Arpin, then the Court would be free nonetheless to reinstate these claims under the rubric of "equitable negligence" and "equitable recklessness." Equity cannot save Arpin's deficient claims for indemnification, nor were principles of equity ever meant to do so.[8]

Accordingly, Counts 3, 4, 11 and 12 against Festo, purporting to state a cause of action in "equitable indemnification," should be dismissed.[9]

---

[8] In its Objection, Arpin states that it "disagrees" with the assertion that Connecticut does not recognize a cause of action for "equitable indemnification." See Arpin Objection to Trans-Expo's Motion to Dismiss, at 11. However, Arpin fails to identify a single case recognizing such a claim, and instead quotes page after page from Pomeroy's Equity Jurisprudence for a general, and irrelevant, discussion of the development of equity. Even Pomeroy, however, does not ascribe to Plaintiff's novel theory that equity can "save" a claim that is otherwise deficient under the available common-law remedy.

[9] Because Arpin's First Amended Cross-Claims (based on Plaintiff's Fifth Amended Complaint, the operative pleading) supercede its Second Amended Third-Party Complaint (which was based on an earlier version of Plaintiff's complaint), Festo has moved for judgment on the pleadings as to the First Amended Cross-Claims. However, to the extent the Court finds that Arpin's Second Amended Complaint nonetheless remains viable, Festo also hereby moves for judgment on the pleadings as to Counts 1 and 4 of the Second Amended Complaint seeking recovery against Festo in "common law and/or equitable indemnification," for the reasons set forth herein.

## **CONCLUSION**

For the aforementioned reasons, Festo respectfully requests that this Court grant its

Motion for Judgment on the Pleadings dismissing Counts 1-16 in Arpin's First Amended Cross-

Claims.

<div style="margin-left: 40%;">

Defendant,
THE FESTO CORPORATION,
By Its Attorneys,

JOHN A. TARANTINO, #15980
JAMES R. OSWALD, #20936
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI  02903-2443
Tel:  (401) 274-7200
Fax: (401) 751-0604/351-4607
Dated:  December 2, 2003

</div>

## CERTIFICATION

TO:    Michael A. Stratton, Esq.               Thomas J. Grady, Esq.
        Stratton Faxon                        Lenihan, Grady & Steele
        59 Elm Street                       6 Canal Street
        New Haven, CT 06510           P.O. Box 541
                                               Westerly, RI 02891

        Roland F. Moots, Jr., Esq.
        Moots, Pellegrini, Mannion, Martindale      Susan O'Donnell, Esq.
          & Dratch                        Halloran & Sage
        46 Main Street                     One Goodwin Square
        New Milford, CT 06776          225 Asylum Street
                                               Hartford, CT 06103

     I hereby certify that I caused a true copy of the within, to be mailed, via regular First Class mail, to the above-named counsel of record on this _2ᵗʰ_ day of December, 2003.

_Lois J. Verria_

277476_1