

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>Plaintiff | : <br> : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs/<br>    Cross-Claim Plaintiffs | :<br>:<br>: | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br>DECEMBER 18, 2003 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFF'S ANSWERS TO DEFENDANT ARPIN LOGISTICS, INC. FIRST SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF, SHAWN POULIOT

Pursuant to Local Rule 7(a), the Defendant Arpin Logistics, Inc., hereby submits this Memorandum of Law in Support of its Motion to Compel More Responsive Answers to Plaintiff's Answers to Defendant Arpin Logistics, Inc.'s First Set of Interrogatories Propounded to Plaintiff Shawn Pouliot.

1

I.    Relevant Procedural History

On April 21, 2003, Arpin Logistics, Inc. (hereinafter "Arpin") served Plaintiff with its First Set of Interrogatories. See Exhibit 1. On May 9, 2003, Plaintiff filed Objections to Defendant Arpin Logistics, Inc. First Set of Interrogatories Propounded to Plaintiff, Shawn Pouliot. See Exhibit 2.

Addressing these objections, on May 21, 2003, Arpin filed a Motion to Compel More Responsive Answers to its First Set of Interrogatories. See Exhibit 3. On June 27, 2003, Arpin's Motion to Compel was granted in its entirety. See Court Order, Exhibit 4.

As of September 10, 2003, Plaintiff had failed to timely revise his answer in conformance with the Court's Order of June 27, 2003. On September 10, 2003, Arpin filed a Motion For Sanctions due to Plaintiff's failure to timely revise his answers to Arpin's interrogatories in conformance with the June 27, 2003 Court order. See Exhibit 5.

On October 31, 2003, the Court denied Arpin's Motion For Sanctions and granted Plaintiff's Motion For Extension of Time to Answer the Interrogatories to October 12, 2003. See Exhibit 6. Plaintiff submitted its Interrogatory Answers to the Court with new objections and stated that several of its previous objections were still pending despite the June 27, 2003 Court Order. See Exhibit 7.

2

Pursuant to Local Rule 37(a)(3), to the extent possible, Arpin will group the disputed items into categories in lieu of an individual listing of each item.

ARGUMENT

    A.    <u>Governing Standard</u>

Fed.R.Civ.P. 26(b)(1) permits "discovery regarding any matter, not privileged that is relevant to the claim or defense of any party . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

Fed.R.Civ.P. 33(b)(5) states, "The party submitting the interrogatories may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory."

    B.    <u>The Court's May 29, 2003 Order Granting Arpin's Motion to Compel in its Entirety Forecloses Reiteration of Plaintiff's Previous Objections.</u>

As discussed above, Arpin previously filed a Motion to Compel Plaintiff's Answers on May 29, 2003. See Exhibit 3. This Motion to Compel was granted in its entirety, absent objection, by this Court in an Order dated June 27, 2003. See Exhibit 4.

Nevertheless, Plaintiff has stated that objections are pending in its Answer to Arpin's Interrogatories.

3

In this District Court, "'It is well established that the interlocutory orders and rulings made pre-trial by a district judge are subject to modification by the district judge at any time prior to final judgment.' In re United States, 733 F.2d 10, 13 (2nd Cir.), *later app.*, In re "Agent Orange" Product Liability Litigation, 745 F.2d 161 (2d.Cir.1984). However, while courts have the power to reverse their prior interlocutory rulings, an exercise of this power requires consideration of a rule of practice known as 'law of the case'. Under the law of the case doctrine, a decision made at one stage of the case becomes binding precedent to be followed during the rest of the litigation. 1 B J.Moore, J. Lucas, & T.Currier, *Moore's Federal Practice* ¶ 0.404[1], p.117 (1988) (hereinafter "Moore's"). Obviously, 'efficient disposition of the case demands that each stage of the litigation build on the last, and not afford an opportunity to reargue every previous ruling.' 1B Moore's ¶ 0.404[1] at 118. While law of the case is a rule of practice and not a limit on a court's authority, generally it is strictly followed. 1B *Moore's* ¶ 0.404[1] at 120." See Remington Products, Inc. v. North American Phillips, et.al., 755 F.Supp.2d 52 (D.Conn., 1991).

The District Court of Connecticut permits a Motion For Reconsideration pursuant to Local Rule 7(d). Plaintiff has not exercised this option to overturn the Court's June 27, 2003 Order, thus should be estopped from attempting to evade the court's order at this point in the case.

4

Plaintiff has improperly answered "Objection Pending" to Interrogatories (#61, #62, #63, #64, #65, #66, #67, #68, #80, #84, and #90.)

Arpin, for the second time, moves the court to compel the Plaintiff to answer these above listed interrogatories.

This Court's June 27, 2003 Order regarding Arpin's Motion to Compel clearly overrules all of the Plaintiff's Objections it submitted May 9, 2003. Therefore, its submission of these Objections should be rejected and Arpin's present Motion to Compel granted.

    C.    <u>The Plaintiff's Newfound Objections are Untimely Pursuant to Fed.R.Civ.P. 33(b)(3) and thus Must be Disallowed.</u>

Arpin served the Plaintiff with its First Set of Interrogatories on April 21, 2003. Some time in October of 2003 (the Plaintiff's Interrogatory Answers and Objections and the certification of mailing page are undated), the Plaintiff asserted new objections to the same interrogatories.

Fed.R.Civ.P. 33(b)(3) requires that "the party upon whom the interrogatories have been served shall serve a copy of the answers and objections if any, within 30 days after the service of interrogatories." Failure to serve a response in a timely manner (i.e. within 30 days of service) may constitute a waiver of all objections. <u>Jayne H. Lee, Inc. v. Flagstaff Indus. Corp.</u>, 173 F.R.D. 651, 654 (D.Md. 1997).

In this case, Plaintiff has interposed new objections approximately six months after the interrogatories have been served. As the above procedural history makes clear, Arpin has spent six months trying to compel the Plaintiff to answer these interrogatories. Arpin should not be required to spend another six months challenging these new, slightly different objections to the same interrogatories. Nor should Arpin be required to endure additional six month intervals for each objection Plaintiff is able to cite in the future.

The Federal Rules clearly contemplate that all objections to interrogatories must be stated within 30 days after the Interrogatories are served. Therefore, Plaintiff's new objections must be disregarded as time-barred.

Plaintiff has filed new, untimely objections to Interrogatories (#33, #57, #61-68, #91). All these Objections should be rejected by this Court and Arpin's Motion to Compel be granted as to each of these interrogatories.

D.   <u>Substantive Response to Plaintiff's Objections</u>

<u>Interrogatory #25</u>. Do you claim an impairment of earning capacity, and if so, please describe it?

**ANSWER:** Yes.

**RESPONSE:** This answer is non-responsive and is an incomplete answer. The failure to describe the impairment leaves open to speculation Plaintiff's future functional disability

assessment and fails to address the types and numbers of sedentary occupations that he could perform. Defendant is entitled to this information in order to properly assess Plaintiff's future loss of earning capacity claim.

Interrogatory #33. Please identify, by stating the name and address, any person, who took or prepared any and all of the following video, photographs, video tapes, films, etc. in your possession or control or in the possession and control of your attorney, and identify the dates on which such photographs, videotapes, films, etc. were prepared:

(a)   video photographs, video tapes, films, etc. depicting the accident scene;

**ANSWER**

(b)   video, photographs, video tapes, films, etc. depicting any condition or injury alleged to have been caused by the incident alleged in your Complaint;

**ANSWER:**

(c)   Identify the number of video, photographs, video tapes, films, etc. were taken;

**ANSWER:**

(d)   identify the date on which each of the video, photographs, video tapes, films, etc. were taken;

**ANSWER:**

  (e)  identify the author's name and address of each video, photograph, video tape or film, etc.

**ANSWER:** **(a)-(e) See attached, we have photos and videos in our possession. The names of the persons who took such videos or photos is not relevant.**

**RESPONSE:**

  This Answer is clearly non-responsive. Arpin did not ask whether the Plaintiff "had photos and videos in [his] possession." The Plaintiff must be compelled to answer these questions.

  Pursuant to Fed.R.Civ.P. 26(b)(1), "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissable evidence . . ."

  Clearly the authors of any photos or videos are relevant to the subject matter of the litigation. Arpin cannot be expected to merely accept the authenticity of such videos and photographs while the authors remain anonymous and immune from discovery. Furthermore, such photographers or videographers will be necessary to authenticate any photos or videos the Plaintiff might use at trial. Whether such a person can operate a camera or recording equipment,

whether the documented scene is accurate or authentic or whether the videos or photographs post-date the Plaintiff's accident is relevant to the subject matter of the litigation.

For these reasons, Plaintiff should be compelled to answer this Interrogatory.

A similar Interrogatory was submitted to the Plaintiff at Interrogatory #57 and the same objection was submitted by the Plaintiff.

Arpin responds to this Objection in the same manner as its above Response to Plaintiff's Objection to Paragraph 33.

Interrogatory #61: Identify the facts upon which you rely to support the allegations as set forth in paragraph 4 of Counts One and Two of your Third Revised Complaint.

**ANSWER:**   Connecticut is a fact-pleading state, and tautologically, the facts recited in this paragraph are the facts which support them.

Interrogatories #62-68 are the same as Interrogatory #61, except for their application to different allegations in Plaintiff's Third Revised Complaint. Plaintiff's Objections are also identical. This argument is to be applicable to all these paragraphs.

In its May 9, 2003 Objection to this same interrogatory, Plaintiff states, "The plaintiff objects to this interrogatory as Connecticut is a fact pleading state and these are the facts. The question is redundant."

To the extent the present Objection is any different from the first, which was rejected by Court Order, Arpin objects as follows:

It is undisputed that these interrogatories were propounded in the U.S. Federal District Court for the state of Connecticut. The Federal Courts are governed by the Federal Rules of Civil Procedure.

The Federal Rules require "notice" pleading. A party making a claim must satisfy only the "notice" pleading standard. The "notice" pleading standard of Rule 8 differs from the fact pleading standard in many state courts that require detailed factual averments. See Enron Oil Trading & Transportation Co. v. Walbrook Ins. Co., 132 F.2d 526, 529 (9th Cir. 1997) (commenting that Complaint need not allege evidentiary facts in support of its theory of recovery; Palmer v. The Board of Education of Community Unit School District, 46 F.3d 682, 688 (7th Cir. 1995) ("A Complaint need not plead facts")

"A Defendant has the right to know in advance the nature of the cause of action being asserted against him." See Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995).

The Plaintiff's allegations set forth certain conclusions and inferences which are permissible pleading. However, Defendant seeks a disclosure of the facts upon which said conclusions or inferences are based.

Fed.R.Civ.P. 26(a)(1) requires disclosure of information and documents that the disclosing party may use to support its claims or defenses. This is what Arpin seeks for the second time, pursuant to Court Order.

For these reasons, Arpin hereby moves this court to again compel Plaintiff to answer these interrogatories.

Conclusion

Since the date of Arpin's receipt of these new Interrogatories, Arpin has attempted to negotiate a resolution to these requests with Plaintiff's counsel. A letter with a draft of the Motion to Compel attached was sent to Plaintiff's counsel on November 18th, 2003. Arpin set a deadline of November 28th to respond to the inquiry. Arpin believes that a ten-day time period was an adequate period of time to allow Plaintiff to respond. Plaintiff did provide William Tweedy's statement but failed to address any other requests.

After no response was heard from the Plaintiff, Arpin sent a follow up letter on November 25, 2003. On December 17, 2003, Arpin counsel attempted to contact Plaintiff's counsel to discuss this discovery dispute. To this date, there has been no response from the Plaintiff.

Arpin believes it will be severely hindered in working with its liability insurer given the deficit of information which has resulted from Plaintiff's continued efforts to avoid the June 27,

2003 Court Order. Arpin believes that the absent information is necessary to a complete evaluation of the case. Of particular note is the lack of #24(e) Economists Plan, and #93 and #94 Life Care Plan.

For the foregoing reasons, Arpin regretfully moves this Court to again compel the Plaintiff to file more responsive interrogatory answers.

Defendants/Third-Party Plaintiffs/<br>
Cross-Claim Plaintiffs<br>
By their attorney,<br>
<br>
Thomas J, Grady, Esquire<br>
Federal Bar No. CT 17139<br>
**LENIHAN, GRADY & STEELE**<br>
6 Canal Street, P.O. Box 541<br>
Westerly, RI 02891<br>
(401) 596-0183<br>
(401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 18th day of December, 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollock & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>    Plaintiff | : | CIVIL ACTION |
| | : | NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs<br>    Cross-Claim Plaintiffs | : : : | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | : : : : : : | DECEMBER 18, 2003 |

### <u>AFFIDAVIT OF MOVANT'S GOOD FAITH EFFORTS TO RESOLVE THE DISCOVERY DISPUTE RELATIVE TO POULIOT'S ANSWERS TO FIRST SET OF INTERROGATORIES PROPOUNDED BY ARPIN LOGISTICS, INC.</u>

I, Thomas J. Grady, upon oath being duly sworn as follows:

1. On November 18, 2003, Arpin counsel faxed a letter to Plaintiff's counsel in an attempt to resolve a discovery dispute regarding Plaintiff's Answers to Arpin's First Set of Interrogatories, which set a deadline of November 28, 2003 by which Plaintiff was asked to respond.

1

2. On November 25, 2003, Arpin counsel faxed a follow up letter to Plaintiff's counsel in an attempt to resolve the discovery dispute.

3. On December 17, 2003, Arpin counsel attempted to contact Plaintiff's counsel to discuss the discovery dispute. To date there has been no return call.

4. Other than to provide a copy of William Tweedy's statement, no response was made to any of Arpin's attempts at negotiations.

5. Arpin believes that Plaintiff's failure to enter into negotiations by this date renders further attempts at negotiation futile.

The aforesaid facts are true and correct to the best of my knowledge and belief.

IN WITNESS THEREOF, I hereunto set my hand and seal this 18th day of December, 2003.

_____
Thomas J. Grady

STATE OF RHODE ISLAND
COUNTY OF WASHINGTON

In Westerly on the 18th day of December, 2003 before me personally appeared Thomas J. Grady to me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument, by he so executed, to be his free act and deed.

_____
Notary Public: SUSAN TUCKER
My Commission Expires: 2/5/05

2