FILED

2003 DEC 19  A 9:46

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
|     Plaintiff | : | NO. 3:02 CV1302 (DJS) |
| | : | |
|      v. | : | |
| | : | |
| PAUL ARPIN VAN LINES, INC. AND | : | |
| ARPIN LOGISTICS, INC. | : | |
|    Defendants/Third-Party Plaintiffs | : | |
| | : | |
|      v. | : | |
| | : | |
| FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL, AND ERICA RAMIREZ | : | |
| IN HER CAPACITY AS EMPLOYEE | : | |
| OF TRANS-EXPO INTERNATIONAL | : | |
|    Defendants/Third-Party Defendants | : | DECEMBER 18, 2003 |

### _ANSWER AND CROSSCLAIMS OF DEFENDANT PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC. TO FIFTH AMENDED COMPLAINT OF SHAWN POULIOT_

Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. hereby submit this Answer and

Cross-Claim to address Counts Five, Six and Seven of Plaintiff's Fifth Amended Complaint.

Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. have also addressed the Plaintiff's

additional allegations in Paragraph 7 of Counts One and Two.

## COUNT ONE:  As to Paul Arpin Van Lines, Inc. for Negligence:

### FIRST DEFENSE

1.    Admit.

2.    Admit.

3.    Arpin Logistics, Inc. and Paul Arpin Van Lines, Inc. admit that they do business in
      Connecticut as movers and truckers.  Paul Arpin Van Lines, Inc. denies that it was doing
      business in Connecticut as a mover or trucker on October 23, 2001, at any time in
      connection with the allegations in the Complaint.

4.    Defendant is without sufficient knowledge within which to affirm or deny that Plaintiff
      was working in the capacity as an independent contractor delivery driver for Arpin
      Logistics, Inc. on October 23, 2001, and denies that he was working as an independent
      contractor delivery driver for Paul Arpin Van Lines, Inc. on October 23, 2001.

5.    Admit that Arpin Logistics, Inc. provided Plaintiff with a truck and provided him with a
      dispatch to pick-up a load at Festo Corporation in Hauppague, New York and deliver it.
      Denies that Paul Arpin Van Lines, Inc. provided Plaintiff with a truck and with loads to
      deliver.

6.    Defendant is without sufficient knowledge within which to properly affirm or deny the
      allegation in paragraph 6, and therefore leaves Plaintiff to his proof.

7.      Defendant Paul Arpin Van Lines, Inc. denies that it was negligent and denies the allegations of paragraph 7, subparagraphs (a) through (m) specifically of Plaintiff's Fifth Amended Complaint.

8.      Both Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. deny that they were negligent and further deny that their negligence proximately caused Shawn Pouliot's injuries and Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. are without sufficient knowledge within which to properly affirm or deny the remaining allegations in paragraph 8, and therefore leave Plaintiff to his proof.

9.      Defendant, Paul Arpin Van Lines, Inc. is without sufficient knowledge within which to properly affirm or deny the allegation in paragraph 9, and therefore leaves Plaintiff to his proof.

10.     Defendant, Paul Arpin Van Lines, Inc. is without sufficient knowledge within which to properly affirm or deny the allegation in paragraph 10, and therefore leaves Plaintiff to his proof.

11.     Defendant, Paul Arpin Van Lines, Inc. is without sufficient knowledge within which to properly affirm or deny the allegation in paragraph 11, and therefore leaves Plaintiff to his proof.

**COUNT TWO:  As to Arpin Logistics, Inc. for Negligence:**

1.    Admit.

2.    Admit.

3.    Arpin Logistics, Inc. and Paul Arpin Van Lines, Inc. admit that they do business in Connecticut as movers and truckers.  Paul Arpin Van Lines, Inc. denies that it was doing business in Connecticut as a mover or trucker on October 23, 2001, at anytime in connection with the allegations in the Complaint.

4.    Defendant is without sufficient knowledge within which to affirm or deny that Plaintiff was working in the capacity as an independent contractor delivery driver for Arpin Logistics, Inc. on October 23, 2001, and denies that he was working as an independent contractor delivery driver for Paul Arpin Van Lines, Inc. on October 23, 2001.

5.    Admit that Arpin Logistics, Inc. provided Plaintiff with a truck to pick-up a load at Festo Corporation in Hauppague, New York and deliver it.  Denies that Paul Arpin Van Lines, Inc. provided Plaintiff with a truck and with loads to deliver.

6.    Defendant is without sufficient knowledge within which to properly affirm or deny the allegation in Count Two, paragraph 6, and therefore leaves Plaintiff to his proof.

7.    Defendant Arpin Logistics, Inc. denies that it was negligent and specifically denies the allegations of subparagraphs (a) to (m) of this paragraph.

4

8.      Both Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. deny that they

were negligent and further deny that their  negligence was the proximate cause of Shawn

Pouliot's injuries and Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.

are without sufficient knowledge within which to properly affirm or deny the remaining

allegations in paragraph 8, and therefore leaves Plaintiff to his proof.

9.      Defendant, Arpin Logistics, Inc. is without sufficient knowledge within which to properly

affirm or deny the allegations in paragraph 9, and therefore leaves Plaintiff to his proof.

10.     Defendant, Arpin Logistics, Inc. is without sufficient knowledge within which to properly

affirm or deny the allegations in paragraph 10, and therefore leaves Plaintiff to his proof.

11.     Defendant, Arpin Logistics, Inc. is without sufficient knowledge within which to properly

affirm or deny the allegations in paragraph 11, and therefore leaves Plaintiff to his proof.

**COUNT THREE:  As to the Defendant, Festo Corporation:**

The allegations in this count are not directed at Arpin Logistics, Inc. or Paul Arpin Van

Lines, Inc. but rather are directed at Festo Corporation and therefore require no responsive

pleading on Arpin's behalf.  As the result Arpin Logistics, Inc. and Paul Arpin Van Lines, Inc.

makes no response to the allegations of Count Three.  To the extent that such allegations may be

indirectly attributed to Arpin Logistics, Inc. and Paul Arpin Van Lines, inc. they are expressly

denied.

**COUNT FOUR:  As to the Defendants, Michael Kovac,
d/b/a Trans-Expo International and Erica Ramirez:**

The allegations in this count are not directed at Arpin Logistics, Inc. or Paul Arpin Van

Lines, Inc. but rather are directed at Michael Kovac, d/b/a Trans-Expo International and Erica

Ramirez and therefore require no responsive pleading on Arpin's behalf.  As the result Arpin

Logistics, Inc. and Paul Arpin Van Lines, Inc. make no response to the allegations of Count

Four.  To the extent that such allegations may be indirectly attributed to Arpin Logistics, Inc. or

Paul Arpin Van Lines, Inc. they are expressly denied.

**COUNT FIVE: As to Paul Arpin Van Lines, Inc. For Recklessness**

1.      Admitted.

2.      Admitted.

3.      Arpin Logistics, Inc. and Paul Arpin Van Lines, Inc. admit that they do business

in Connecticut as movers and truckers.  Paul Arpin Van Lines, Inc. denies that it was doing

business in Connecticut as a mover or trucker on October 23, 2001, at any time in connection

with the allegations of the Complaint.

4.      Defendant is without sufficient knowledge within which to affirm or deny that

Plaintiff was working in the capacity as an independent contractor delivery driver for Arpin

6

Logistics, Inc. on October 23, 2001, and denies that he was working as an independent contractor delivery driver for Paul Arpin Van Lines, Inc. on October 23, 2001.

5.     Admit that Arpin Logistics, Inc. provided Plaintiff with a truck and provided him with a dispatch to pick-up a load at Festo Corporation in Hauppague, New York and deliver it. Denies that Paul Arpin Van Lines, Inc. provided Plaintiff with a truck and with loads to deliver.

6.     Defendant is without sufficient knowledge within which to properly affirm or deny the allegation in Count Five, paragraph 6, and therefore leaves Plaintiff to his proof.

7.     Denied.

8.     Both Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. deny that they were reckless and further deny that their recklessness proximately caused Shawn Pouliot's injuries and Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. are without sufficient knowledge within which to properly affirm or deny the remaining allegations in paragraph 8, and therefore leave Plaintiff to his proof.

9.     Defendant, Paul Arpin Van Lines, Inc.. is without sufficient knowledge within which to properly affirm or deny the allegations in paragraph 9, and therefore leaves Plaintiff to his proof.

10.     Defendant, Paul Arpin Van Lines, Inc. is without sufficient knowledge within which to properly affirm or deny the allegations in paragraph 10, and therefore leaves Plaintiff to his proof.

11.     Defendant, Paul Arpin Van Lines, Inc. is without sufficient knowledge within which to properly affirm or deny the allegations in paragraph 11, and therefore leaves Plaintiff to his proof.

### COUNT SIX: As to Arpin Logistics, Inc. for Recklessness

1.     Admitted.

2.     Admitted.

3.     Arpin Logistics, Inc. and Paul Arpin Van Lines, Inc. admit that they do business in Connecticut as movers and truckers.  Paul Arpin Van Lines, Inc. denies that it was doing business in Connecticut as a mover or trucker on October 23, 2001, at any time in connection with the allegations of the Complaint.

4.     Defendant is without sufficient knowledge within which to affirm or deny that Plaintiff was working in the capacity as an independent contractor delivery driver for Arpin Logistics, Inc. on October 23, 2001, and denies that he was working as an independent contractor delivery driver for Paul Arpin Van Lines, Inc. on October 23, 2001.

5.      Admit that Arpin Logistics, Inc. provided Plaintiff with a truck and provided him with a dispatch to pick-up a load at Festo Corporation in Hauppague, New York and deliver it. Denies that Paul Arpin Van Lines, Inc. provided Plaintiff with a truck and with loads to deliver.

6.      Defendant is without sufficient knowledge within which to properly affirm or deny the allegation in Count Six, paragraph 6, and therefore leaves Plaintiff to his proof.

7.      Denied.

8.      Both Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. deny that they were reckless and further deny that their recklessness proximately caused Shawn Pouliot's injuries and Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. are without sufficient knowledge within which to properly affirm or deny the remaining allegations in paragraph 8, and therefore leave Plaintiff to his proof.

9.      Defendant, Arpin Logistics, Inc. is without sufficient knowledge within which to properly affirm or deny the allegations in paragraph 9, and therefore leaves Plaintiff to his proof.

10.      Defendant, Arpin Logistics, Inc. is without sufficient knowledge within which to properly affirm or deny the allegations in paragraph 10, and therefore leaves Plaintiff to his proof.

11.     Defendant, Arpin Logistics, Inc. is without sufficient knowledge within which to properly affirm or deny the allegations in paragraph 11, and therefore leaves Plaintiff to his proof.

**COUNT SEVEN:   As to the Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. for Vicarious Liability for the Negligence of its Agent Michael D. Kovac d/b/a Trans-Expo International and Erica Ramirez**

1.     Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

2.     Defendants are without sufficient knowledge within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

3.     Admitted

4.     Admitted.

5.     Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

6.     Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

7.     Admitted.

8.     Admitted.

9.     Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

10.     Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

11.     Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

12.     Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

13.     Defendants are without sufficient knowledge within which to affirm or deny that Plaintiff was working in the capacity as an independent contractor delivery driver for Arpin Logistics, Inc. on October 23, 2001 and denies that he was working as an independent contractor delivery driver for Paul Arpin Van Lines, Inc. on October 23, 2001.

14.     Admit that Arpin Logistics, Inc. provided Plaintiff with a truck and provided him with a dispatch to pick up a load at Festo Corporation in Hauppauge, New York and deliver it. Deny that Paul Arpin Van Lines, Inc. provided Plaintiff with a truck and with loads to deliver.

15.     Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

16.    Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

17.    Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

18.    Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

19.    Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

20.    Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

21.    Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

22.    Defendants are without sufficient information within which to affirm or deny the allegations of this Paragraph and therefore leave Plaintiff to its proof.

23.    Defendants deny that Michael Kovac and Erica Ramirez acted as the agents, servants or employees of both Arpin Logistics, Inc. and Paul Arpin Van Lines.  Defendants deny that the Arpin defendants and the Kovac/Ramirez defendants were performing a joint venture for

Festo at the time of Pouliot's injuries.  Defendants deny that Arpin Logistics and/or Paul Arpin

Van Lines are vicariously responsible for the negligence of Kovac and Ramirez.

### SECOND DEFENSE (CONTRIBUTORY NEGLIGENCE)

Defendants "Arpin" aver that Plaintiff was guilty of the following acts of common law

negligence, which negligence constituted the sole, proximate, or contributing cause or causes to

the alleged injuries, damages, and losses suffered by Plaintiff in that Shawn Pouliot:

a.   The Plaintiff stepped in front of a falling load;

b.   The Plaintiff failed to fully inspect the load;

c.   The Plaintiff failed to properly assess the true weight of the load;

d.   The Plaintiff failed to lock the brakes to the wheels on the bottom of the cargo
     load;

e.   The Plaintiff failed to strap the load securely and in such a manner that would
     prevent movement before commencing descent;

f.   The Plaintiff knowingly placed himself in the path of falling cargo in an attempt
     to prevent a fall of an extremely heavy weight load on wheels with brakes not
     secured, he not having the physical strength, size and capacity to restrain it;

g.   The Plaintiff failed to jump out of the way of the load as it was rolling off of the
     rear lift;

h.      The Plaintiff failed to request and wait for additional available assistance to assist him in safely removing the load from the back of the van to the ground;

i.      The Plaintiff failed to make a timely and accurate initial assessment of the Learnline 2000 unit and to refuse to transport the load because he did not have sufficient personnel and/or equipment to safely unload it at destination;

j.      The Plaintiff failed to take the necessary actions, which a reasonable driver of ordinary prudence would have taken for his own personal safety.

## THIRD DEFENSE (INTERVENING CAUSES)

The Defendants "Arpin" assert that no action they took or failed to take was the proximate cause of the resulting injuries, damages, or losses, if any, which Plaintiff sustained and therefore Plaintiff is entitled to no recovery against the Arpin Defendants.   The Arpin Defendants aver that intervening acts of negligence on the part of Plaintiff and/or others, other than the Arpin Defendants herein named, proximately caused and/or contributed to said accident and the resulting injuries, damages, and losses, if any, and that the Arpin Defendants named herein are not liable to Plaintiff.

## FOURTH DEFENSE (FAILURE OF PROXIMATE CAUSE)

The injuries suffered by the Plaintiff were proximately caused by a party or parties other than these Arpin Defendants.

### FIFTH DEFENSE (PLAINTIFF'S AGREEMENT OF NO LIABILITY FOR RISK OF INJURY)

Plaintiff has agreed with Defendant, Arpin Logistics, Inc. that in no event does the Defendant, Arpin Logistics, Inc. assume any liability of any nature whatsoever to the Plaintiff for any loss or damage which the Plaintiff may have sustained; and that in the event any injury would occur to him, he would have access to insurance of his own choice, purchased for such a purpose, pursuant to which he has received payment of medical expenses and disability payments.

### SIXTH DEFENSE (FAILURE TO STATE A CLAIM FOR RELIEF)

The Plaintiff has failed to state a claim against Arpin Defendants upon which relief can be granted and therefore the Complaint should be dismissed.

### SEVENTH DEFENSE (CONTRACTUAL INDEMNITY)

The Arpin Defendants allege that Plaintiff, Shawn Pouliot had the duty by law and by contract with Defendant, Arpin Logistics, Inc. and Defendant, Paul Arpin Van Lines, Inc. to himself inspect and care for the equipment and the load he was transporting and as an experienced driver he assumed the known risks of unloading the cargo which were his sole obligation by agreement and with the equipment he used, and is himself bound to hold harmless and indemnify the Arpin Defendants from any and against any obligation arising out of or

attributable to any act or omission of the Arpin Defendants in connection with the operation or maintenance of the equipment.

## EIGHTH DEFENSE: (COMPARATIVE NEGLIGENCE)

The Arpin Defendants assert that Plaintiff was himself guilty of negligence which directly and proximately caused or contributed to the accident described in the Complaint and any resulting injuries, damages, or losses, if any he sustained, and that such comparative fault on the part of the Plaintiff serves as an absolute and total bar to any recovery or diminishes, or mitigates any damages otherwise recoverable by the Plaintiff under the principles of comparative fault.

## NINTH DEFENSE: (FAILURE TO ADEQUATELY PREPARE THE CARGO FOR SHIPMENT BY OTHER THIRD PARTY)

The injuries to the Plaintiff, Shawn Pouliot occurred as the result of another third party's failure to adequately prepare the cargo for shipment, it being one which required special care and handling and of which the Arpin Defendants could not be presumed to be aware.

## TENTH DEFENSE: (COMMON LAW INDEMNITY)

The Arpin Defendants interpose the defense of common law indemnity, alleging that Plaintiff, Shawn Pouliot is required by operation of law to indemnify and hold the Arpin Defendants harmless for all damages sustained by them in the defense of this action, to include all attorneys fees and expenses.

## ELEVENTH DEFENSE: (INDEPENDENT CONTRACTOR)

The Plaintiff, Shawn Pouliot, was an independent contractor who undertook the pickup and delivery of equipment in his capacity as an independent contractor, and who, as such, by agreement assumed all risks of unloading and therefore did undertake the responsibility of his own injury in the performance of his work, the Arpin Defendants not being responsible for his actions.

## TWELFTH DEFENSE: (EXCLUSIVITY)

The Plaintiff, Shawn Pouliot, was a statutory employee pursuant to the Federal Motor Carrier Safety Regulation provisions of 49 C.F.R. §390.5 who undertook the pickup and delivery of this equipment in his capacity as an employee of Arpin defendants, and as such, his remedy is in worker's compensation, a remedy which is exclusive and nullifies any cause of action in negligence against these Arpin Defendants by reason of the provisions of the applicable state's workers compensation law (Rhode Island or Connecticut).

## THIRTEENTH DEFENSE: (SETOFF)

The Plaintiff Shawn Pouliot failed to make a timely and accurate initial assessment of the Learnline 2000 unit on behalf of Arpin Logistics, Inc. and Paul Arpin Van Lines, Inc., and to refuse to transport the unit because he did not have sufficient resources and/or equipment to safely transport the Learnline 2000 unit to its destination or to have requested sufficient

17

resources and/or equipment which he failed to do. Therefore, the Arpin Defendants are not liable for any resulting injury, damage or loss, if any sustained, due to any obligation of the Arpin Defendants arising in connection with the operation or maintenance of equipment during the unloading process and the assumption of the known risks by Plaintiff and/or the Arpin Defendants are entitled to an offset or setoff commensurate therewith.

### FOURTEENTH DEFENSE: (EQUITABLE INDEMNITY)

The Arpin Defendants interpose the defense of equitable indemnity, alleging that Plaintiff, Shawn Pouliot is required by reason of the law of equity to indemnify and hold the Arpin Defendants harmless for all damages sustained by them in the defense of this action, to include all attorneys fees and expenses.

### FIFTEENTH DEFENSE: (NO DUTY TO UNLOAD)

The interstate carrier, Arpin, undertook no duty to unload by agreement with Plaintiff, and undertook no duty to unload by operation of law, it being the duty of the consignee, Naugatuck Valley Community College to unload the cargo. Therefore, Arpin bears no responsibility for the unloading which Plaintiff gratuitously and/or voluntarily undertook on his own or as a borrowed employee of consignee, Naugatuck Valley Community College.

### SIXTEENTH DEFENSE: (EXCLUSIVITY: Borrowed Employee of Consignee)

The Plaintiff Shawn Pouliot was the borrowed employee of Naugatuck Valley Community College, the consignee who was acting, as a borrowed employee, on behalf of the consignee in the course of unloading the cargo, the consignee having the duty to unload the cargo by operation of law, and as such his remedy is in the worker's compensation court, which is exclusive and nullifies any cause of action in negligence against the Arpin defendants by reason of the provisions of the applicable worker's compensation law.

### SEVENTEENTH DEFENSE: (RECOUPMENT)

The Plaintiff Shawn Pouliot's failure to act with reasonable care in unloading the cargo in the course of performing the transaction upon which his cause of action is based, thereby diminishes and/or defeats the Plaintiff's cause of action as the principles of equity demand.

WHEREFORE, the Arpin Defendants pray that the Complaint be dismissed with prejudice and that it be awarded costs and attorneys fees of maintaining a defense contribution and/or indemnification in this action.

### CROSSCLAIMS OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.

Arpin Logistics, Inc. and Paul Arpin Van Lines, Inc. ("Arpin") claim that Festo Corporation, Michael D. Kovac, d/b/a Trans-Expo International and Erica Ramirez are or may be liable to Arpin for all or part of any claim asserted in the action against Arpin by Plaintiff and in support thereof alleges the following:

### Against Festo Corporation

COUNT ONE:          (Common Law Indemnification against Festo Corporation for Negligence)

1.    Festo Corporation ("Festo") is a duly incorporated New York domestic business corporation whose principal place of business is located in Hauppauge, Suffolk County, New York;

2.    On or about October 23, 2001, the co-defendant, Festo was the shipper of one certain Learnline 2000 engineering equipment unit;

3.    Festo failed to adequately and safely prepare the Learnline 2000 unit for shipment in that they failed to safely and securely affix it to a skid or pallet;

4.    Festo failed to adequately and safely prepare the Learnline 2000 unit for shipment in that they failed to equip the unit with a safe and adequate braking system;

5.    Festo failed to adequately and safely prepare the Learnline 2000 unit for shipment in that it failed to provide safe and adequate shipping instructions in that;

    a.    Festo failed to provide Arpin with a reasonably accurate statement of the Learnline 2000 unit's true weight which, by itself, weighed substantially more than was represented;

    b.    Festo failed to inform Arpin that the Learnline 2000 unit was on four caster wheels;

 c. Festo failed to inform Arpin that two of the wheels on the Learnline 2000 unit had brakes;

 d. Festo failed to inform Arpin that the Learnline 2000 unit should have its brakes securely locked during the unloading process

 e. Festo failed to inform Arpin that the carrier's van should have a rear lift which levelly descended to the ground while unloading the Learnline 2000 unit;

 f. Festo failed to inform Arpin that the Learnline 2000 unit should be transported on a skid or pallet;

 g. Festo failed to inform Arpin that the Learnline 2000 unit was an instrumentality of a weight and character which presented a dangerous transportation hazard.

6. As a result thereof the Defendant and cross-claim plaintiff Arpin has been injured and damnified.

7. The Plaintiff's injuries were due to the active negligence of Festo rather than any passive negligence with which Arpin may be found chargeable, if any at all, Festo's negligence being the direct and immediate cause of the accident and resulting injuries to the Plaintiff;

8. Festo was in control of the situation to the exclusion of Arpin;

9. Arpin had no reason to know of Festo's negligence, had no reason to anticipate it, and could reasonably rely on Festo not to be negligent

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against the Festo Corporation for all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWO:      (Common Law Indemnification against Festo Corporation in Vicarious Liability for Negligence)

10.      On or about October 23, 2001, Michael D. Kovac, d/b/a Trans-Expo International was a proprietorship doing business as a transportation broker with his/its principal place of business in or about the city of San Diego, California;

11.      Festo, by representation and action, manifested consent to Arpin that Michael D. Kovac, d/b/a Trans-Expo International had the authority to act on Festo's behalf to arrange for the shipment of the Learnline 2000 unit, which occurred on or about October 23, 2001;

12.      On or about October 23, 2001, the co-defendant Michael D.Kovac, d/b/a Trans-Expo International undertook to provide shipping information to Arpin Logistics, Inc. regarding the shipment of a Learnline 2000 engineering unit from a Festo Corporation plant in Hauppauge, New York to Naugatuck Valley Community College in Waterbury, Connecticut;

22

13.     Co-defendant Michael D. Kovac, d/b/a Trans-Expo International failed to provide

sufficient pertinent and relevant information about the Learnline 2000 unit, upon which

Arpin could have formulated a safe delivery plan, in the following manner:

a.      Failing to provide Arpin with a reasonably accurate statement of the Learnline

2000 unit's true weight, which by itself weighed substantially more than was

represented;

b.      Failing to inform Arpin that the Learnline 2000 unit was on four caster wheels;

c.      Failing to inform Arpin that two of the wheels on the Learnline 2000 unit had

brakes;

d.      Failing to inform Arpin that the Learnline 2000 should have its brakes securely

locked during the unloading process;

e.      Failing to inform Arpin that the carrier's van should have a rear lift which levelly

descended to the ground while unloading the Learnline 2000 unit;

f.      Failing to inform Arpin that the Learnline 2000 unit should be transported on a

skid or pallet;

g.      Failing to inform Arpin that the Learnline 2000 unit was an instrumentality of a

weight and character which presented a dangerous transportation hazard.

14.    Michael D. Kovac, d/b/a Trans-Expo International's failure to use due care, when acting

on Festo's behalf, in providing adequate shipping information to Arpin increased the risk

of harm to Plaintiff Shawn Pouliot;

15.    The alleged injuries suffered by Plaintiff Shawn Pouliot occurred because of his reliance

upon the shipping information provided by Michael D. Kovac, d/b/a Trans-Expo

International on behalf of Festo;

16.    The injury suffered by Arpin in defending this pending action occurred because of its

reliance upon the shipping information provided by Michael D. Kovac, d/b/a Trans-Expo

International on behalf of Festo.

17.    The Plaintiff's alleged injuries were due to the active negligence of Michael D. Kovac,

d/b/a Trans-Expo International, acting on behalf of Festo, rather than any passive

negligence which Arpin might be found chargeable, if any at all, Michael D. Kovac, d/b/a

Trans-Expo International's negligence, while acting on behalf of Festo being the direct

and immediate cause of the accident and the resulting injuries to the Plaintiff;

18.    Michael D. Kovac, d/b/a Trans-Expo International, acting on behalf of Festo, was in

control of the situation to the exclusion of Arpin;

19.    Arpin had no reason to know of Michael D. Kovac, d/b/a Trans-Expo International's

negligence, while acting on behalf of Festo, had no reason to anticipate it and could

reasonably rely on Michael D. Kovac, d/b/a Trans-Expo International, while acting on behalf of Festo, not to be negligent.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against the Festo Corporation for all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT THREE:    (Equitable Indemnification Against Festo Corporation for Negligence)

20.    The allegations of paragraphs 1-6 are hereby incorporated in this count as though set forth more fully herein;

21.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

22.    The imposition of joint and several liability upon Arpin would be unfair as it would hold Arpin liable for the Plaintiff's entire loss while allowing Festo to escape all liability;

23.    The balance of equities favor the indemnification of Arpin by Festo Corporation.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably indemnified and demand judgment against Festo Corporation for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn

Pouliot, plus costs and reasonable attorney's fees.

COUNT FOUR:          (Equitable Indemnity Against Festo Corporation in Vicarious Liability for
                     Negligence)

24.    The allegations of paragraphs 10-16 are hereby incorporated in this count as though set

       forth more fully herein;

25.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in

       equity;

26.    The imposition of joint and several liability upon Arpin would be unfair as it would hold

       Arpin liable for the Plaintiff's entire loss while allowing Festo to escape all liability;

27.    The balance of equities favor the indemnification of Arpin by Festo Corporation.

       WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably

indemnified and demand judgment against Festo Corporation for all sums that may be adjudged

against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn

Pouliot, plus costs and reasonable attorney's fees.


COUNT FIVE:          (Apportionment of Damages Against Festo Corporation for Negligence)

28.    The allegations of paragraphs 1-6 are hereby incorporated into this count as though set

       forth more fully herein;