29.   In Paragraph 7(g) of his Fifth Amended Complaint, Plaintiff Shawn Pouliot alleged that

"they [Arpin] failed to obtain all pertinent and/or correct information from the shipper

and/or Festo as to the condition of the Learnline 2000 unit, the moving requirements of

the unit and as to whether it was safely prepared for shipment; and/or"

30.   In Paragraph 7(h) of his Fifth Amended Complaint, Plaintiff Shawn Pouliot alleged that

"they [Arpin] failed to warn Shawn Pouliot of the dangers of transporting the Learnline

unit."

31.   The allegations of the Plaintiff set forth in Paragraph 7(g) and 7(h) of his Fifth Amended

Complaint and the injuries resulting therefrom are attributable to the negligence of Festo

as set forth more fully in paragraphs 1-6 of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Festo Corporation in accordance with Conn.Gen.Stat. §§ 52-

102b and 52-572h.


COUNT SIX:          (Apportionment of Damages Against Festo Corporation in Vicarious
                    Liability For Negligence)

32.   The allegations of paragraphs 10-16 and paragraphs 29-30 are hereby incorporated into

this count as though set forth more fully herein;

33.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

Complaint and the injuries resulting therefrom are attributable to the negligence of Festo

based on vicarious liability as set forth more fully in paragraphs 10-16 of this Cross-

Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Festo Corporation in accordance with Conn.Gen.Stat. §§ 52-

102b and 52-572h.


COUNT SEVEN:        (Contribution Against Festo Corporation for Negligence)

34.    The allegations of paragraphs 1-6 are hereby incorporated in this count as though set

forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right

of contribution for damages against Festo Corporation in accordance with Conn. Gen. Stat. §52-

572h(h).


COUNT EIGHT:        (Contribution Against Festo Corporation in Vicarious Liability)

35.    The allegations of paragraph 10-16 are hereby incorporated in this count as though set

forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right of contribution for damages against Festo Corporation in accordance with Conn. Gen. Stat. §52-572h(h).

COUNT NINE:        (Common Law Indemnification Against Festo Corporation For Negligent Misrepresentation)

36.    Festo Corporation is a duly incorporated New York domestic business corporation whose principal place of business is located in Hauppauge, Suffolk County, New York;

37.    On or about October 23, 2001, Festo, as part of a business transaction, was the shipper of one certain Learnline 2000 engineering equipment unit;

38.    On or about October 23, 2001, Michael D. Kovac d/b/a Trans-Expo, International was a proprietorship doing business as a transportation broker with his/its principal place of business in or about the city of San Diego, California;

39.    Festo contacted Michael D. Kovac d/b/a Trans-Expo, International for purposes of shipping a Learnline 2000 unit;

40.    Festo supplied false shipping information to Michael D. Kovac d/b/a Trans-Expo, International regarding the Learnline 2000 unit;

41.   Michael D. Kovac d/b/a Trans-Expo, International received false shipping information from Festo Corporation regarding the Learnline 2000 unit which it then forwarded to Arpin

42.   Festo failed to exercise reasonable care and/or competence in obtaining and/or communicating adequate and proper shipping information to Michael D. Kovac d/b/a Trans-Expo, International which was subsequently forwarded to Arpin;

43.   Arpin justifiably relied upon Festo's representations forwarded to it by Michael D. Kovac d/b/a Trans-Expo, International in formulating a shipment plan for the Learnline 2000 unit;

44.   Arpin's justifiable reliance upon Festo's representations forwarded to it by Michael D. Kovac d/b/a Trans-Expo, International resulted in pecuniary loss to Arpin by the defense of this pending lawsuit;

45.   The Plaintiff's injuries were due to the active negligence of Festo rather than any passive negligence with which Arpin may be found chargeable, if any at all, Festo's negligence being the direct and immediate cause of the accident and resulting injuries to the Plaintiff;

46.   Festo was in control of the situation to the exclusion of Arpin;

47.   Arpin had no reason to know of Festo's negligence, had no reason to anticipate it, and could reasonably rely on Festo not to be negligent;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against the Festo Corporation for all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TEN:         (Common Law Indemnification Against Festo Corporation in Vicarious
                   Liability For Negligent Misrepresentations)

48.    On or about October 23, 2001, Michael D. Kovac d/b/a Trans-Expo, International was a proprietorship doing business as a transportation broker with its principal place of business in or about the city of San Diego, California;

49.    Festo contacted Michael D. Kovac d/b/a Trans-Expo, International for purposes of arranging shipment of a Learnline 2000 unit for delivery from a Festo plant in Hauppauge, New York to Naugatuck Valley Community College in Waterbury, Connecticut on or about October 23, 2001;

50.    Michael D. Kovac d/b/a Trans-Expo, International, while arranging for shipment of the Learnline 2000 unit, supplied false shipping information to Arpin;

51.    Michael D. Kovac d/b/a Trans-Expo, International failed to exercise reasonable care and/or competence in obtaining and/or communication adequate and proper shipping information to Arpin;

52. Arpin justifiably relied upon Michael D. Kovac d/b/a Trans-Expo, International's representations in formulating a shipment plan for the Learnline 2000 unit;

53. Arpin's justifiable reliance upon Michael D. Kovac d/b/a Trans-Expo, International's representations resulted in pecuniary loss to Arpin by the defense of this pending lawsuit;

54. The Plaintiff's injuries were due to the active negligence of Michael D. Kovac d/b/a Trans-Expo, International, rather than any passive negligence with which Arpin might be found chargeable if any at all, Michael D. Kovac d/b/a Trans-Expo, International's negligent actions being the direct and immediate cause of the accident and the resulting injuries to Plaintiff;

55. Michael D. Kovac d/b/a Trans-Expo, International was in control of the situation to the exclusion of Arpin;

56. Arpin had no reason to know of the negligent acts of Michael D. Kovac, d/b/a Trans-Expo, International and could reasonably rely upon Michael D. Kovac d/b/a Trans-Expo, International, not to be negligent

57. Festo, by representations to Arpin, manifested consent that Michael D. Kovac d/b/a Trans-Expo, International had the authority to act on Festo's behalf to arrange for the shipment of the Learnline 2000 unit, which occurred on or about October 23, 2001

32

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Festo Corporation for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT ELEVEN:    (Equitable Indemnification Against Festo Corporation For Negligent Misrepresentation)

58.    The allegations of paragraphs 36-44 are hereby incorporated into this count as though set forth more fully herein;

59.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

60.    The imposition of joint and several liability upon Arpin would be unfair as it would hold Arpin liable for the Plaintiff's entire loss while allowing Festo to escape all liability;

61.    The balance of equities favor the indemnification of Arpin by Festo Corporation.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably indemnified and demand judgment against Festo Corporation for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWELVE:    (Equitable Indemnity Against Festo Corporation in Vicarious Liability for the Negligent Misrepresentation of Michael D. Kovac d/b/a Trans-Expo, International)

62.    The allegations of paragraphs 48-53 and 57 and 29-30 are hereby incorporated in this count as though set forth more fully herein;

63.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

64.    The imposition of joint and several liability upon Arpin would be unfair as it would hold Arpin liable for the Plaintiff's entire loss while allowing Festo Corporation to escape all liability;

65.    The balance of equities favor the indemnification of Arpin by Festo Corporation.

    WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably indemnified and demand judgment against Festo Corporation for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.


COUNT THIRTEEN:    (Against Festo Corporation in Apportionment For Negligent Misrepresentation)

66.    The allegations of paragraphs 29-30 and 36-44 are hereby incorporated into this count as though set forth more fully herein;

67.    The allegations of the Plaintiff set forth in Paragraph 7(g) and 7(h) of his Fifth Amended

Complaint and the injuries resulting therefrom are attributable to the negligence of Festo

as set forth more fully in paragraphs 36-44 of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Festo Corporation in accordance with Conn.Gen.Stat. §§ 52-

102b and 52-572h.


COUNT FOURTEEN:    (Apportionment of Damages Against Festo Corporation in Vicarious
                                        Liability for Negligent Misrepresentations)

68.    The allegations of paragraphs 48-53 and 57 and 29-30 are hereby incorporated as though

set forth more fully herein;

69.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

Complaint and the injuries resulting therefrom are attributable to the negligent

misrepresentations of Michael D. Kovac, d/b/a Trans-Expo International whose actions

impose vicarious liability upon Festo as set forth more fully in paragraphs 48-53 and 57

of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Festo Corporation in accordance with Conn.Gen.Stat. §§ 52-

102b and 52-572h.

35

<u>COUNT FIFTEEN</u>:    (Against Festo Corporation In Contribution For Negligent Misrepresentation)

70.    The allegations of paragraphs 36-44 are hereby incorporated into this count as though set forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request its right of contribution for damages against Festo Corporation in accordance with Conn. Gen. Stat. §52-572h(h).

<u>COUNT SIXTEEN</u>:    (Contribution Against Festo Corporation in Vicarious Liability for Negligent Misrepresentations)

71.    The allegations of paragraphs 48-53 and 57 are hereby incorporated as though set forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right of contribution for damages against Festo Corporation in accordance with Conn. Gen. Stat. §52-572h(h).

## Against Michael D. Kovac d/b/a Trans-Expo, International

<u>COUNT SEVENTEEN</u>:    (Common Law Indemnification against Michael D. Kovac d/b/a Trans-Expo, International in Negligence)

72.    The allegations of paragraphs 10-19 are hereby incorporated as though set forth more

fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be

indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International

for all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin

Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT EIGHTEEN:            (Common Law Indemnification against Michael D. Kovac, d/b/a
                          Trans-Expo, International in Vicarious Liability for Negligence)

73.    On or about October 23, 2001, the co-defendant Erica Ramirez was the agent and servant

       of Michael D. Kovac, d/b/a Trans-Expo International;

74.    On or about October 23, 2001, Erica Ramirez, on behalf of the co-defendant Michael D.

       Kovac, d/b/a Trans-Expo International undertook to provide shipping instructions to

       Arpin Logistics, Inc. regarding the shipment of a Learnline 2000 engineering unit from a

       Festo Corporation plant in Hauppauge, New York to Naugatuck Valley Community

       College in Waterbury, Connecticut;

75.    Erica Ramirez, on behalf of co-Defendant, Michael D. Kovac, d/b/a Trans-Expo

       International, failed to provide sufficient pertinent and relevant information about the

       Learnline 2000 equipment, upon which Arpin could have formulated a safe delivery plan,

       in the following manner;

a.    Failing to provide Arpin with a reasonably accurate statement of the Learnline 2000 unit's true weight, which, by itself, weighed substantially more than was represented;

b.    Failing to inform Arpin that the Learnline 2000 unit was on four caster wheels;

c.    Failing to inform Arpin that two of the wheels on the Learnline 2000 unit had brakes;

d.    Failing to inform Arpin that the Learnline 2000 unit should have its brakes securely locked during the unloading process;

e.    Failing to inform Arpin that the carrier's van should have a rear lift which levelly descended to the ground while unloading the Learnline 2000 unit;

f.    Failing to inform Arpin that the Learnline 2000 unit should be transported on a skid or pallet;

g.    Failing to inform Arpin that the Learnline 2000 unit was an instrumentality of a weight and character which presented a dangerous transportation hazard.

76.    The injury suffered by Plaintiff Shawn Pouliot occurred because of his reliance upon the shipping information provided by Erica Ramirez on behalf of Michael D. Kovac, d/b/a Trans-Expo International;

38

77.   The injury suffered by Arpin, in defending this pending action, occurred because of its

       reliance upon the shipping information provided by Erica Ramirez on behalf of Michael

       D. Kovac, d/b/a Trans-Expo International;

78.   As a the result of the negligence of Erica Ramirez, acting on behalf of Michael D. Kovac,

       d/b/a Trans-Expo International, Arpin has been injured and damnified;

79.   Michael D. Kovac, d/b/a Trans-Expo International is liable for the negligent acts of Erica

       Ramirez, as a result of their master-servant relationship, and thus is liable for the

       consequences of such negligent acts;

80.   The Plaintiff's injuries were due to the active negligence of Erica Ramirez, acting on

       behalf of Michael D. Kovac, d/b/a Trans-Expo International, rather than any passive

       negligence with which Arpin might be found chargeable, if any at all, Erica Ramirez's

       negligent actions on behalf of Michael D. Kovac, d/b/a Trans-Expo International, being

       the direct and immediate cause of the accident and the resulting injuries to the Plaintiff;

81.   Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International,

       was in control of the situation to the exclusion of Arpin;

82.   Arpin had no reason to know of the negligent acts of Erica Ramirez, acting on behalf of

       Michael D. Kovac, d/b/a Trans-Expo International, and could reasonably rely on Erica

Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, not to be negligent.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT NINETEEN:     (Equitable Indemnification Against Michael D. Kovac, d/b/a Trans-Expo International in Negligence)

83.     The allegations of paragraphs 10-16 are hereby incorporated in this count as though set forth more fully herein;

84.     Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

85.     The imposition of joint and several liability upon Arpin would be unfair as it would hold Arpin liable for the Plaintiff's entire loss while allowing Michael D. Kovac, d/b/a Trans-Expo International to escape all liability;

86.     The balance of equities favor the indemnification of Arpin by Michael D. Kovac, d/b/a Trans-Expo International.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWENTY:    (Equitable Indemnification Against Michael D. Kovac, d/b/a Trans-Expo International in Vicarious Liability For Negligence)

87.    The allegations of paragraphs 73-79 are hereby incorporated in this count as though set forth more fully herein;

88.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

89.    The imposition of joint and several liability upon Arpin would be unfair as it would hold Arpin liable for the Plaintiff's entire loss while allowing Michael D. Kovac, d/b/a Trans-Expo International to escape all liability;

90.    The balance of equities favor the indemnification of Arpin by Michael D. Kovac, d/b/a Trans-Expo International.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International

41

for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin

Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWENTY-ONE:    (Apportionment of Damages Against Michael D. Kovac, d/b/a
                     Trans-Expo International for Negligence)

91.    The allegations of paragraphs 10-16 and paragraphs 29-30 are hereby incorporated into

       this count as set forth more full herein;

92.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

       Complaint and the injuries resulting therefrom are attributable to the negligence of

       Michael D. Kovac, d/b/a Trans-Expo International as set forth more fully in paragraphs

       10-16 of this Cross-Claim.

       WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Michael D. Kovac, d/b/a Trans-Expo International in

accordance with Conn.Gen.Stat. §§ 52-102b and 52-572h.


COUNT TWENTY-TWO:    (Apportionment of Damages Against Michael D. Kovac, d/b/a
                     Trans-Expo International based on Vicarious Liability for
                     Negligence)

93.    The allegations of paragraphs 73-79 and paragraphs 29-30 are incorporated within this

       count as through set forth more fully herein;

42

94      The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

Complaint and the injuries resulting therefrom are attributable to the negligence of

Michael D. Kovac, d/b/a Trans-Expo International based on vicarious liability as set forth

more fully in paragraphs 73-79 of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Michael D. Kovac, d/b/a Trans-Expo International in

accordance with Conn.Gen.Stat. §§ 52-102b and 52-572h.

COUNT TWENTY-THREE: (Contribution Against Michael D. Kovac, d/b/a Trans-Expo
                     International in Negligence)

95.     The allegations of paragraph 10-16 are hereby incorporated in this count as though set

forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right

of contribution for damages against Michael D. Kovac, d/b/a Trans-Expo International in

accordance with Conn. Gen. Stat. §52-572h(h).

COUNT TWENTY-FOUR:    (Contribution against Michael D. Kovac, d/b/a Trans-Expo
                      International in Vicarious Liability for Negligence)

96.     The allegations of paragraph 73-79 are hereby incorporated in this count as though set

forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request its right of contribution for damages against Michael D. Kovac, d/b/a Trans-Expo International in accordance with Conn. Gen. Stat. §52-572h(h).

COUNT TWENTY-FIVE:   (Common Law Indemnification Against Michael D. Kovac d/b/a Trans-Expo International for Negligent Misrepresentation)

97.    The allegations of paragraphs 48-56 are hereby incorporated into this count as though set forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWENTY-SIX:   (Common Law Indemnification Against Michael D. Kovac, d/b/a Trans-Expo International in Vicarious Liability for Negligent Misrepresentation)

98.    Michael D. Kovac, d/b/a Trans-Expo International is a proprietorship doing business as a transportation broker with its principal place of business in or about the City of San Diego, California;

99.   On or about October 23, 2001, the co-defendant Erica Ramirez was the agent and servant of Michael D. Kovac, d/b/a Trans-Expo International;

100.  Erica Ramirez, on behalf of Michael D. Kovac, d/b/a Trans-Expo International, supplied false shipping information to Arpin;

101.  Erica Ramirez, on behalf of Michael D. Kovac, d/b/a Trans-Expo International, failed to exercise reasonable care and/or competence in obtaining and/or communicating adequate and proper shipping information to Arpin;

102.  Arpin justifiably relied upon Erica Ramirez's representations, made on behalf of Michael D. Kovac, d/b/a Trans-Expo International, in formulating a shipment plan for the Learnline 2000 unit;

103.  Arpin's justifiable reliance upon Erica Ramirez's representations, made on behalf of Michael D. Kovac, d/b/a Trans-Expo International resulted in pecuniary loss to Arpin by the defense of this pending lawsuit;

104.  As a result of the negligence of Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, Arpin has been injured and damnified;

105.  Michael D. Kovac, d/b/a Trans-Expo International is liable for the negligent acts of Erica Ramirez, as a result of their master-servant relationship, and thus is liable for the same consequences of such negligent acts;

106.   The Plaintiff's injuries were due to the active negligence of Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, rather than any passive negligence with which Arpin might be found chargeable, if any at all, Erica Ramirez's negligent actions on behalf of Michael D. Kovac, d/b/a Trans-Expo International, being the direct and immediate cause of the accident and the resulting injuries to the Plaintiff;

107.   Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, was in control of the situation to the exclusion of Arpin;

108.   Arpin had no reason to know of the negligent acts of Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo, International, and could reasonably rely on Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, not to be negligent.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

<u>COUNT TWENTY-SEVEN</u>: (Equitable Indemnification Against Michael D. Kovac, d/b/a
Trans-Expo International for Negligent Misrepresentation)

109.    The allegations of paragraphs 48-53 are hereby incorporated in this count as though set

forth more fully herein;

110.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in

equity;

111.    The imposition of joint and several liability upon Arpin would be unfair as it would hold

Arpin liable for the Plaintiff's entire loss while allowing Michael D. Kovac, d/b/a Trans-

Expo International to escape all liability;

112.    The balance of equities favor the indemnification of Arpin by Michael D. Kovac, d/b/a

Trans-Expo International.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably

indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for

all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin

Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWENTY-EIGHT: (Equitable Indemnification Against Michael D. Kovac d/b/a Trans-Expo, International in Vicarious Liability for Negligent Misrepresentation)

113.    The allegations of paragraphs 98-105 are hereby incorporated into this count as though set forth more fully herein;

114.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

115.    The imposition of joint and several liability upon Arpin would be unfair as it would hold Arpin liable for the Plaintiff's entire loss while allowing Michael D. Kovac, d/b/a Trans-Expo International to escape all liability;

116.    The balance of equities favor Arpin's indemnification by Michael D. Kovac, d/b/a Trans-Expo International.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWENTY-NINE:    (Apportionment of Damages Against Michael D. Kovac, d/b/a
                                        Trans-Expo International for Negligent Misrepresentation)

117.    The allegations of paragraphs 48-53 and paragraphs 29-30 are hereby incorporated into

this count as though set forth more fully herein;

118.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

Complaint and the injuries resulting therefrom are attributable to the negligent

misrepresentations of Michael D. Kovac, d/b/a Trans-Expo International as set forth more

fully in paragraphs 48-53 of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Michael D. Kovac, d/b/a Trans-Expo International in

accordance with Conn.Gen.Stat. §§ 52-102b and 52-572h.


COUNT THIRTY:    (Apportionment of Damages Against Michael D. Kovac, d/b/a Trans-Expo
                            International in Vicarious Liability for Negligent Misrepresentation)

119.    The allegations of paragraphs 98-105 and 29-30 are hereby incorporated as though set

forth more fully herein;

120.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

Complaint and the injuries resulting therefrom are attributable to the negligent

misrepresentations of Erica Ramirez whose actions impose vicarious liability upon

Michael D. Kovac, d/b/a Trans-Expo International as set forth more fully in paragraphs 98-105 this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an apportionment of liability against Michael D. Kovac d/b/a Trans-Expo, International in accordance with Conn.Gen.Stat. §§ 52-102b and 52-572h.

COUNT THIRTY-ONE:        (Contribution Against Michael D. Kovac, d/b/a Trans-Expo
                         International in Negligent Misrepresentation)

121.    The allegations of paragraphs 48-53 are hereby incorporated in this count as though set

        forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right of contribution for damages against Michael D. Kovac, d/b/a Trans-Expo International in accordance with Conn. Gen. Stat. §52-572h(h).

COUNT THIRTY-TWO:        (Contribution Against Michael D. Kovac, d/b/a Trans-Expo
                         International in Vicarious Liability for Negligent
                         Misrepresentation)

122.    The allegations of paragraphs 98-105 are hereby incorporated in this count as though set

        forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right

of contribution for damages against Michael D. Kovac, d/b/a Trans-Expo International in

accordance with Conn. Gen. Stat. §52-572h(h).

### Against Erica Ramirez in her capacity as employee of Michael D. Kovac d/b/a Trans-Expo, International

COUNT THIRTY-THREE:    (Common Law Indemnification Against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International in Negligence)

123.    The allegations of paragraphs 73-82 are hereby incorporated as though set forth more

fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be

indemnified and demand judgment against Erica Ramirez in her capacity as employee of

Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus

costs and reasonable attorney's fees.


COUNT THIRTY-FOUR    (Equitable Indemnification Against Erica Ramirez in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International in Negligence)

124.    The allegations of paragraphs 73-79 are hereby incorporated into this count as though set

forth more fully herein;

51

125.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

126.    The imposition of joint and several liability upon Arpin would be unfair as it would hold Arpin liable for the Plaintiff's entire loss while allowing Erica Ramirez, in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International to escape all liability;

127.    The balance of equities favor the indemnification of Arpin by Erica Ramirez in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably indemnified and demand judgment against Erica Ramirez in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT THIRTY-FIVE: (Apportionment of Damages Against Erica Ramirez in her Capacity as Employee of Michael D. Kovac, d/b/a Trans-Expo International for Negligence)

128.    The allegations of paragraphs 73-79 and paragraphs 29-30 are hereby incorporated in this count as though set forth more fully herein;

129.   The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

Complaint and the injuries resulting therefrom are attributable to the negligence of Erica

Ramirez as set forth more fully in paragraphs 73-79 of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Erica Ramirez, in her capacity as employee of Michael D.

Kovac, d/b/a Trans-Expo International in accordance with Conn.Gen.Stat. §§ 52-102b and 52-

572h.


COUNT THIRTY-SIX:        (Contribution Against Erica Ramirez in her capacity as employee
                         of Michael D. Kovac, d/b/a Trans-Expo International in
                         Negligence)

130.   The allegations of paragraph 73-79 are hereby incorporated in this count as though set

forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right

of contribution for damages against Erica Ramirez in her capacity as employee of Michael D.

Kovac, d/b/a Trans-Expo International in accordance with Conn. Gen. Stat. §52-572h(h).

COUNT THIRTY-SEVEN:    (Common Law Indemnification Against Erica Ramirez in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International for Negligent Misrepresentation)

131.    The allegations of paragraphs 98-108 are hereby incorporated into this count as though set forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Erica Ramirez in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT THIRTY-EIGHT:    (Equitable Indemnification Against Erica Ramirez in her capacity as employee of Michael D. Kovac d/b/a Trans-Expo, International for Negligent Misrepresentation)

132.    The allegations of paragraphs 98-105 are hereby incorporated in this count as though set forth more fully herein;

133.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

134.    The imposition of joint and several liability upon Arpin would be unfair as it would hold

        Arpin liable for the Plaintiff's entire loss while allowing Erica Ramirez in her capacity as

        employee of Michael D. Kovac, d/b/a Trans-Expo International to escape all liability;

135.    The balance of equities favor the indemnification of Arpin by Erica Ramirez in her

        capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International.

        WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably

indemnified and demand judgment against Erica Ramirez in her capacity as employee of

Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus

costs and reasonable attorney's fees.


COUNT THIRTY-NINE   (Apportionment Against Erica Ramirez in her capacity as employee of
                     Michael D. Kovac, d/b/a Trans-Expo International for Negligent
                     Misrepresentation)

136.    The allegations of paragraphs 98-105 and 29-30 are hereby incorporated as though set

        forth more fully herein;

137.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

        Complaint and the injuries resulting therefrom are attributable to the negligent

        misrepresentations of Erica Ramirez, in her capacity as employee of Michael D. Kovac,

55

d/b/a Trans-Expo International as set forth more fully in paragraphs 98-105 of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an apportionment of liability against Erica Ramirez in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International in accordance with Conn.Gen.Stat. §§ 52-102b and 52-572h.

COUNT FORTY:    (Contribution Against Erica Ramirez in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International for Negligent Misrepresentation)

138.    The allegations of paragraphs 98-105 and 29-30 are hereby incorporated as though set forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an apportionment of liability against Erica Ramirez in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International in accordance with Conn.Gen.Stat. §§ 52-572h(h).

Defendants,
By their attorney:

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street
P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

### CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 18th day of December, 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.

57