

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02 CV1302 (DJS) |
| | | |
| v. | : | |
| | | |
| PAUL ARPIN VAN LINES, INC. AND | : | |
| ARPIN LOGISTICS, INC. | : | |
| Defendants/Third-Party Plaintiffs | : | |
| Cross-Claim Plaintiffs | : | |
| | | |
| v. | : | |
| | | |
| FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL, AND ERICA RAMIREZ | : | |
| IN HER CAPACITY AS EMPLOYEE | : | |
| OF TRANS-EXPO INTERNATIONAL | : | |
| Defendants/Third-Party Defendants | : | DECEMBER 23, 2003 |

### _MEMORANDUM OF LAW IN SUPPORT OF ARPIN LOGISTICS INC.'S OBJECTION TO FESTO CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO THE FIRST AMENDED CROSS-CLAIMS OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC._

Pursuant to Local Rule 7(a), Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. hereby

submit this Memorandum of Law in Support of Paul Arpin Van Lines, Inc. and  Arpin Logistics,

Inc.'s Objection to Festo Corporation's Motion For Judgment on the Pleadings as to the First

Amended Cross-Claims of Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.

1

Arpin asserts that its Cross-Claims dated August 26, 2003 are compliant with Federal Rules of Civil Procedure 12(c), therefore the Festo Corporation's Motion must be denied. It should be noted that a granting of judgment on the pleadings to Festo at this stage of litigation would be premature as discovery is still being conducted. As is required by the federal rules, such motion must be denied if any reasonable juror could find liability based on the allegations of Arpin's Cross-Claim.

I.    FACTS AND TRAVEL

The following summary of this case's factual and procedural history is necessary for resolution of Festo's Motion For Judgment on the Pleadings.

At all relevant times, third-party and primary defendant the Festo Corporation was a New York corporation with its headquarters and principal place of business in Hauppauge, New York.

On or about October 23, 2001, plaintiff Shawn Pouliot ("Pouliot" or "plaintiff") was dispatched by defendant-third-party plaintiff Arpin Logistics, Inc. ("Arpin") to pick up engineering equipment at Festo's Hauppauge, New York location. The equipment was to be delivered to Naugatuck Valley Community College ("Naugatuck") in Waterbury, Connecticut. Festo used third-party defendant Trans-Expo as a broker for the arrangement of the delivery. During the delivery of the equipment to Naugatuck, one of the items of the engineering equipment fell on the Plaintiff and he claims severe injuries as a result.

2

In June of 2002, the Plaintiff commenced this action in the Connecticut Superior Court against Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. On July 29, 2002, the case was removed to this Federal District Court in Hartford, Connecticut. On November 5, 2002, Arpin filed a Third-Party Complaint against Festo, Trans-Expo and its employee Erica Ramirez. On December 23, 2002, Arpin filed a First Amended Third Party Complaint. On February 13, 2003, Arpin filed a Motion for Leave to file a Second Amended Complaint. This amendment sought to expressly add an apportionment of liability claim against Festo, Trans-Expo and Ramirez.

On May 30, 2003, this Court granted Arpin's Motion to file a Second Amended Complaint, but ordered Counts Six and Seven be stricken for lack of subject matter jurisdiction. The Court's Memorandum of Decision struck Arpin and Pouliot's apportionment complaints for being untimely.

On July 7, 2003, Pouliot filed another Motion to Amend the Complaint and a Motion to Join Additional Party Defendants. On June 27, 2003, the Court denied Pouliot's motion without prejudice. Pouliot was granted leave to re-file its direct claims provided that any reference to apportionment claims be stricken.

On August 14, 2003, Pouliot filed a Motion to Amend the Complaint with a complaint containing direct claims against Festo, Trans-Expo, and Ramirez. On August 18, 2003, the

Court granted the Plaintiff's Motion to Amend the Complaint and the complaint was ordered docketed August 14, 2003.

On August 15, 2003 Arpin filed an Answer and Cross-Claim to Pouliot's Second Amended Complaint.  On August 26, 2003, Arpin filed a First Amended Answer to Pouliot and Cross-Claims against Festo, Trans-Expo, International, and Erica Ramirez. The Cross-Claims included negligence and negligent misrepresentation counts against each of the third-party defendants.  Since that date, the Plaintiff has filed a Fifth Amended Complaint which was docketed November 26, 2003.

By a Motion For Judgment on the Pleadings dated December 2, 2003 Festo Corporation has moved for judgment on all of Arpin's cross-claims against it.

II.    LAW AND ARGUMENT

A.    Arpin Does Not 'Concede' that the U.S. District Court of Connecticut Has a Majority Position That Apportionment Claims May Not Be Brought As Cross-Claims.

In its Motion, the Festo Corporation attempts to convince this Court that Arpin has conceded that the majority position in Connecticut is that apportionment cross-claims cannot be brought in federal court.  On the contrary, Arpin contends that the question of whether an apportionment cross-claim based on Connecticut substantive law can be brought in federal court, is an issue of first impression.

4

On page 10 at footnote 6 of Festo's Motion, it reads, "Arpin itself concedes that Sharif is a minority position and that the majority position in Connecticut is that 'an apportionment claim cannot be brought as a cross-claim against a co-party in federal court.' Arpin Objection to Trans-Expo Motion to Dismiss at 21-22." This language does appear in Arpin's Objection, but this passage is grossly taken out of context.

The entire passage reads as follows, "The question posed in Section III of Trans-Expo's Motion to Strike is whether an apportionment claim cannot be brought as a cross-claim against a co-party in federal court. Arpin concedes that, while this may be the majority position *in the Connecticut state courts*, the minority position which allows for apportionment cross-claims is more consistent with the general policies of the Federal Rules of Civil Procedure and with Rule 13(g) in particular." See Exhibit 1, Excerpt From Arpin Objection to Trans-Expo Motion to Dismiss at p.20-21. [italics added for emphasis]. Additionally, the heading of that particular section reads, "Arpin's Cross-Claims for Apportionment of Damages are Legally Sufficient Due to the Federal Courts' Policies on Notice Pleading." See Exhibit 1, Excerpt from Arpin Objection to Trans-Expo Motion to Dismiss at p.20.

The clear import of that section is that Arpin is claiming that while the majority of Connecticut state cases prohibit the pleading of apportionment cross-claims, such claims are nonetheless permitted in federal court. Arpin does not concede that Connecticut state courts

have even addressed whether an apportionment cross-claim can be brought in federal court.

Furthermore, Arpin questions whether any binding effect can be given to a state court

pronouncement on federal rules of civil procedure. This issue will be further discussed below at

II., D.

B.     Federal Rule of Civil Procedure 12(c) Standard

      The Festo Corporation has moved for judgment on the pleadings pursuant to Rule 12(c)

of the Federal Rules of Civil Procedure.

      Federal Rule of Civil Procedure 12(c) provides that:

> After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings . . .

      A motion for judgment on the pleadings under Rule 12(c) is judged by the same

standards as a motion made pursuant to Fed.R.Civ.P. 12(b)(6). See Sheppard v. Beerman, 94

F.3d 823, 827 (2d.Cir.1996). The court accepts all well-pleaded material allegations of the

nonmoving party as true, and views all facts and inferences in a light most favorable to the

pleader. D'Alessio v. New York Stock Exchange, 253 F.3d 93 (2d Cir. 2001). A court may

dismiss the complaint only where it appears beyond doubt that plaintiff can prove no set of facts

in support of his or her claim which would entitle him or her to relief. See Allen v. West Point-

Pepperell, Inc., 945 F.2d 40, 44 (2d Cir. 1991) (citing Conley v. Gibson, 355 U.S. 41, 45-46, 78

S.Ct. 99, 2 L.Ed.2d 80 (1957)).

C.    Effect of the Court's Prior Ruling Dismissing Arpin's Apportionment Claims

In its Memorandum, Festo claims that the Court's Memorandum of Decision of May 30,

2003 renders Arpin's apportionment cross-claims impermissible.

In that Memorandum, the Court denied Arpin leave to amend its third-party complaint to

assert apportionment counts against Festo because the apportionment counts were deemed

untimely.  The Court held that it had no subject matter jurisdiction over Arpin's apportionment

complaint because they were filed more than 120 days after the return date of the original

complaint in violation of Conn.Gen.Stat. § 52-102b.

Significantly, since that time, the Plaintiff has filed a Third Amended Complaint (August

14, 2003) which asserts direct claims against Festo.  Festo even concedes in its Motion that

"since that time, Festo has been a defendant in this action."  See Festo Motion at *10.  The

addition of Festo as a primary defendant drastically changes the analysis which the Court would

have to conduct to determine the efficacy of Arpin's current cross-claims.

Conn.Gen.Stat. §52-102b(a) reads, "A defendant in any civil action . . . may serve a writ,

summons and complaint upon a person not a party to the action . . .".  Arpin has not served a

"writ, summons, and complaint" upon Festo since the Plaintiff's filing of a direct claim against

Festo.  Arpin has filed a cross-claim against Festo pursuant to Fed.R.Civ.P. 13(g).  Federal Rule

13(g) allows claims against a party "who may be liable to the cross-claimant for all or part of a

7

claim asserted in the action against the cross-claimant." Therefore, in order for Arpin to file a

cross-claim against Festo in Federal Court, it must establish that Festo "may be liable to" Arpin

for "all or part of the claim" asserted against Arpin.  If Arpin has the substantive right, under

Connecticut state law, to apportion liability against Festo, then the cross-claim on apportionment

must stand.

Therefore, the Court's May 30, 2003 ruling on the apportionment claim against Festo as a

third-party defendant is not binding upon whether a cross-claim can be asserted against Festo as

a primary defendant.

D.     Because Arpin has the substantive right pursuant to Conn.Gen.Stat. § 52-572h(c) to
       apportion liability to Festo, it may file a cross-claim against Festo pursuant to
       Fed.R.Civ.P. 13(g).

Arpin is entitled to apportion liability against Festo Corporation, as a party to the action,

pursuant to Conn.Gen.Stat. § 52-572h(c).  Therefore, Festo is a party "who may be liable" to

Arpin for apportionment of some or all of the liability alleged against it by the Plaintiff.  As

Festo "may be liable", a cross-claim can be asserted pursuant to the language of Fed.R.Civ.P.

13(g).

Conn.Gen.Stat. § 52-572h(c) reads, "In a negligence action to recover damages resulting

from personal injury, wrongful death or damage to property occurring on or after October 1,

1987, if the damages are determined to be proximately caused by the negligence of more than

8

one party, each party against whom recovery is allowed shall be liable to the claimant only for such party's proportionate share of the recoverable economic damages and the recoverable noneconomic damages except as provided in subsection (g) of this section."

On facts nearly identical to those before the Court here, Judge McWeeney of Waterbury's Complex Litigation Docket addressed the issue of whether a defendant may bring an apportionment cross-claim against a party to the action. See <u>Gallagher v. Square D Company</u>, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 0171019S, (Aug. 27, 2002, McWeeney, J.) (Exhibit 2) In that case, the Plaintiff filed a three count complaint against Northeast Utilities, (NU) Connecticut Light & Power (CL&P), and Square D. See <u>Gallagher</u> at *1. Square D responded by filing cross-claims against the other two defendants. See <u>Gallagher</u> at *1

The other two defendants, much like Festo, moved to strike the cross-claim, in part, because it sought apportionment from entities already parties to the action. See <u>Gallagher</u> at *1. Square D responded to the motion to strike by claiming that the cross-claims were necessary to provide notice to NU and CL&P that Square D intended to apportion liability to the other two defendants. See <u>Gallagher</u> at *1.

The court held that based on the plain language of General Statute §52-102b and the pertinent case law that a cross-claim for apportionment of liability and damages is unnecessary in

9

a negligence action in which liability is claimed against the cross-claim defendant.  See

Gallagher at *2.

      The court went on to state, however, "the defendant is not left without a remedy.  'Since

General Statutes §52-572h (c) provides that all parties against whom recovery is permitted are

liable only for their proportionate share of the damages and because [the crossclaim defendant]

already is a party, his percentage of negligence will be considered by the jury."  Gallagher at *2.

See also, Gerarde v. Anastasiou, Superior Court, judicial district of New London at New

London, Docket No. 546471 (June 30, 1999, Mihalakos, J.); Algea v. Barnett, Superior Court,

judicial district of Fairfield at Bridgeport, Docket No. 334396 (July 17, 1997, Skolnick, J.)

      Though this case may seem to prohibit Arpin from filing a cross-claim against Festo in

state court, it clearly establishes that Arpin has the substantive right to present evidence to the

jury for the purpose of apportioning liability for negligence.  Arpin, here in the same position as

Square D, therefore has the right to present evidence to the jury supporting an apportionment of

liability against co-party Festo Corporation regardless of whether it is permitted to assert

apportionment in a cross-claim.

      As discussed above, to Arpin's knowledge, the issue of whether a defendant can assert a

cross-claim for apportionment against a co-defendant in federal court is one of first impression.

As Festo concedes in its Motion, there are Connecticut cases, like <u>Sharif v. Peck</u>, which allude to a requirement that apportionment cross-claims are necessary to provide notice to the co-party. Admittedly, this case is in the vast minority. However, the underlying theory of this case, that apportionment cross-claims are necessary to provide notice, could permissibly be adopted by this Court.

Fed.R.Civ.P. 13(g) provides that a cross-claim may be brought against "a party against whom it is asserted is or may be liable to the cross-claimant." The Festo Corporation, unquestionably, "may be liable" for apportionment damages to Arpin by virtue of Conn.Gen.Stat. §52-572h(c) by which the trier of fact is entitled to attribute and divide percentages of negligence among parties to the action.

Therefore, the intersection of federal procedural law and Connecticut substantive law allows Arpin to assert its substantive right to apportionment in a cross-claim.

Festo may argue that given Arpin's substantive right to apportionment under Connecticut law, the assertion of a cross-claim would be gratuitous. However, given the notice pleading policies of the federal courts and the minority cases in Connecticut supporting a theory that apportionment cross-claims are necessary to provide notice, Arpin contends that it is not an entirely unlikely scenario that the court will find that the cross-claims were necessary to provide notice to Festo. Given the uncertain resolution of this issue, Arpin filed cross-claims for

11

apportionment. These cross-claims do not prejdice Festo. Arpin is merely asserting a right it has

under Connecticut state law. If Festo's Motion is granted, Arpin will be deprived of a right it

would have had were this case heard in state court. Furthermore, Festo, which has admitted to

being a party to the action, is in effect complaining that it has received too much notice of

Arpin's apportionment claims.

In addition, the Plaintiff has included two additional allegations against Arpin in its

August 14, 2003 complaint. See Plaintiff's Fifth Amended Complaint at 7(g) and 7(h). Arpin

could not have apportioned liability based on these new allegations within 120 days of the return

date of the original complaint.

Based upon Arpin's substantive right to apportion liability to Festo pursuant to

Conn.Gen.Stat. § 52-572h(c), and the language of Fed.R.Civ.P. 13(g) Arpin has the right to file

cross-claims based on apportionment against Festo.

Festo's motion as to counts 5, 6, 13 and 14 must be denied.

E.     The presentment of Arpin's Cross-Claims for Contribution are governed by Federal law
       and therefore may be presented in the current cross-claim.

Arpin's contribution claims against Festo must stand because the Second Circuit permits

the assertion of contingent cross-claims.

While substantive law governs whether a right of contribution exists, it is procedural law

which governs the presentment of the contribution claim. Therefore, Arpin may assert a

12

contribution claim against Festo at this time because it is a "party that is or may be liable" See Fed.R.Civ.P. 13(g).

Once the court determines that a state law rule is procedural and is in conflict with the Federal Rules of Civil Procedure, the latter takes precedence over the conflicting state law so long as the Federal Rule is valid under the Rules Enabling Act. See Hanna v. Plumer, 380 U.S. 460, 470-71, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965). Although following the Federal Rule would alter the method of enforcing the state substantive right to contribution, the United States Supreme Court has noted that "to hold that a Federal Rule of Civil Procedure must cease to function whenever it alters the mode of enforcing state-created rights would be to disembowel either the Constitution's grant of power over federal procedure or Congress's attempt to exercise that power in the Enabling Act." Hanna, 380 U.S. at 473, 85 S.Ct. 1136; see also Burlington Northern R.R. Co. v. Woods, 480 U.S. 1, 5, 107 S.Ct. 967, 94 L.Ed.2d 1 (1987).

The Second Circuit has stated, "Under New York law, the right to contribution does not arise in favor of the defendant unless and until the defendant pays the plaintiff an amount exceeding its equitable share of the primary judgment. In a federal case governed by New York law, Rule 14(a) nevertheless permits a defendant to implead a joint tortfeasor for contribution before the right of contribution accrues, before that third party "may be " liable to the defendant for a share of the plaintiff's primary judgment. The defendant's claim for contribution is thus

13

characterized as 'contingent'" [citations omitted]." See Andrulonis v. United States, 26 F.3d 1224, 1233 (2nd Cir. 1994).

In this case, Arpin has asserted a contribution claim against the Festo Corporation before it has accrued. This is a "contingent" claim under Second Circuit law and must be allowed by this Court.

In its Motion, Festo asks the Court to dismiss Arpin's contribution claim based on its discretionary powers. See Festo Motion at *13. Festo asserts that it "may never" become liable to Arpin for contribution, and that Connecticut state law would bar the pleading of such an action.

This situation is analogous to the Andrulonis case cited above where, "Under New York law, the right to contribution does not arise in favor of the defendant unless and until the defendant pays the plaintiff an amount exceeding its equitable share of the primary judgment." Nonetheless, the court held that this contingent claim can be asserted on a contingent basis. As discussed above, Federal Rule 13(g), like Rule 14, allows cross-claims against those who are or who may be liable.

Festo's plea to the discretionary powers of the court should not be well taken. On page 11 of its Motion, Festo cites to Conn.Gen.Stat. § 52-572h(1)-(2) which establishes a right of contribution in Connecticut. On page 11-12, Festo then cites a litany of Connecticut cases which

struck contribution claims based solely on the timing of the claim. Nevertheless, Festo claims that a right to contribution "does not exist under Connecticut law" and its assertion in federal court "could materially alter the character and even the outcome of the case were it litigated in Connecticut state court." Given that such a substantive right to contribution exists in Connecticut, it is fallacious to argue that the timing of its assertion would have the disastrous consequences claimed by Festo.

Festo also states that, "allowing such cross-claims would encourage defendants like Arpin to remove actions to federal court solely to avoid the limitations of the Connecticut statute prohibiting premature claims." See Festo Motion at 13.

Arpin still must prove that it has a right to contribution, under Connecticut law, before it can collect any judgment. It is unrealistic to think that the ability to merely plead contribution on a contingent basis would cause the stampede to the federal courthouse alluded to by Festo.

Based on the plain language of Fed.R.Civ.P. 13(g), the well-reasoned governing case law in the Second Circuit, and Festo's failure to convincingly argue that this Court should deviate from both, Arpin's cross-claims for contribution must stand.

Festo's Motion For Judgment on Counts 7,8,15 and 16 must be denied.

F.    Arpin has adequately pled a cause of action for common law indemnity under
Connecticut law as governed by the notice pleading provisions of Fed.R.Civ.P. 8(a).

In its Motion, Festo contends that Arpin has failed to adequately plead a cause of action

for common law indemnification.  Essentially, Festo argues that no reasonable juror, based on

the pleadings, could find that Festo had exclusive control of the situation causing Plaintiff's

injuries.

Given the allegations in Arpin's First Amended Cross-Claim regarding "exclusive

control", dismissal on the state law tort grounds advanced by Festo would without a more fully

developed record violate the notice pleading requirements of the Federal Rules of Civil

Procedure.  See Fed.R.Civ.P. 8(a) ("A pleading which sets forth a claim for relief . . . shall

contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."

Swierkiewicz v. Sorema N.A., 122 S.Ct. 992 (2002).

Federal Rule of Civil Procedure 8(a)'s simplified pleading standard applies to all civil

actions, with limited exceptions.  Rule 9(b), for example, provides for greater particularity in all

averments of fraud or mistake.

A cause of action for common law indemnification under the substantive law of

Connecticut, which is brought in federal court, does not fit within any exception to the general

rule.

The Supreme Court recently spelled out the parameters of notice pleading within federal court.

"Other provisions of the Federal Rule of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard.  Rule 8(e)(1) states that 'no technical forms of pleading or motions are required' and Rule 8(f) provides that 'all pleadings shall be so construed as to do substantial justice.'  Given the Federal Rules' simplified standard for pleading, 'a court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56. The liberal notice pleading of Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim.'  See Conley, supra, at 48 ("The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." See Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 513-514 (2002).

Festo has not moved for a Rule 12(e) Motion For More Definite Statement. It has instead sought a complete judgment on liability against Arpin based solely on the pleadings.    It is further undisputed that Arpin has claimed that Festo was in "exclusive control."    Therefore, this Court must find that there are no set of facts whatsoever upon which Arpin could prove that "Festo was in control of the situation to the exclusion of Arpin" See Arpin Cross-Claim at Paragraph 8.

The U.S. District Court of Connecticut has heard common law indemnity claims on diversity of citizenship actions. This Court has done so in Fifield v. South Hill Limited Partnership v. Dutchess Exteriors, 20 F.Supp.3d 366 (D.Conn.1998)

In Fifield, a third-party complaint for common law indemnification based on substantive Connecticut law was challenged by a summary judgment motion. See Fifield at 366. The court considered the common law indemnification claim against the allegations raised in the complaint. See Fifield at 370. As to the complaint, the court stated, "Notably, plaintiff nowhere in the amended complaint contends that South Hill or S.W. Development were in exclusive control of the construction site, nor does he allege that defendants were primarily responsible for his injuries." See Fifield at 370.

This is similar to the Plaintiff's Fifth Amended Complaint which along with the allegations against Arpin noted by Festo in its Motion, also includes several direct allegations

against Festo and the Trans-Expo defendants. Nowhere in the Plaintiff's Fifth Amended Complaint does the Plaintiff allege exclusive control by Arpin or that Arpin was primarily responsible for his injury. Notably, the <u>Fifield</u> decision was rendered in the context of a summary judgment motion. The parties in the current case have yet to complete discovery. This Court should be as hesitant as the court was in <u>Fifield</u> to render judgment as a matter of law on exclusive control.

This Court, in the context of a Rule 12(c) Motion is required to construe all well-pleaded factual allegations in the non-movant's favor. For Festo to be granted judgment, this Court must find that no reasonable juror could not conclude that Festo was in exclusive control of the dangerous condition causing injury to the Plaintiff.

G.    <u>Under substantive Connecticut law, Festo fails to establish, as a matter of law, that it was not in exclusive control of the situation.</u>

Although, the federal rules of pleading are applicable to Arpin's cross-claim, the substantive law of Connecticut governs the definition of "exclusive control". Festo's Motion fails to establish that the situation before this court is one of the rare exceptions to the general rule that "exclusive control" is a matter of fact for the jury.

In a cross-claim seeking common law indemnification, the cross-claimant 'must allege facts sufficient to establish at least four separate elements. These elements are: (1) that the other tortfeasor was negligent (2) that negligence rather than the cross-claimants was the direct,

19

immediate cause of the accident and injuries; (3) that the other tortfeasor was in control of the

situation and (4) that the cross-claimant did not know of such negligence had no reason to

anticipate it, and could reasonably rely on the other tortfeasor not to be negligent.  See Skuzinski

v. Bouchard Fuels, Inc., 240 Conn. 694, 698, 694 A.2d 788 (1997).  Festo essentially argues it is

entitled to a judgment on liability because Arpin has failed to establish that Festo was in

exclusive control of the situation under the third element above.

   In support of its motion for judgment, Festo relies heavily upon Skuzinski v. Bouchard

Fuels, Inc., 694 A.2d 788 (Conn. 1997) in support of the proposition that it is entitled to

judgment because no reasonable juror could find that Festo had exclusive control over the

situation.  Festo, however, renders an incomplete analysis of the Skuzinski decision, which

defined "exclusive control of the situation."

   Skuzinski held that the question of exclusive control should not ordinarily be resolved on

a motion to strike because the absence or presence of exclusive control is a question of fact.  See

Skuzinski at 240 (citing Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573, 452 A.2d 117

(1982)).  "Nonetheless, special circumstances may give rise to the question of whether, in light

of the facts alleged in the third party complaint, any reasonable juror could find that the third

party defendants had exclusive control of the situation.  Under such circumstances, this issue

becomes a question of law."  See Id. at 694 A.2d  794.  Ordinarily, the issue of whether a party