

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>    Plaintiff | : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs<br>    Cross-Claim Plaintiffs | : | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | : | DECEMBER 29, 2003 |

**<u>MEMORANDUM OF LAW IN SUPPORT OF RULE 54(b)</u>**
**<u>MOTION FOR ENTRY OF PARTIAL JUDGMENT</u>**

    This court's Memorandum of Decision entered December 1, 2003 denied Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.'s Motion to Dismiss on the Basis of Exclusivity of a Worker's Compensation Remedy under Rhode Island law based upon the Federal employee definition of 49 C.F.R. §390.5. Such a ruling as to the exclusivity issue has complete finality as this Decision has allowed the Plaintiff to go forward with his claim against Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. A Federal Rule 54(b) certification for immediate appeal

permits exceptions to the general policy for those infrequent instances where awaiting a final judgment would be unduly harsh or unjust. See <u>Oklahoma Turnpike Authority v. Bruner</u>, 259 F.3d 1236, 1241-42 (10th Cir. 2001); <u>In re Southeast Banking Corp.</u>, 69 F.3d 1539, 1547 (11th Cir. 1995); <u>PYCA Indus v. Harrison County Waste Water Management Dist.</u>, 81 F.3d 1412, 1421 (5th Cir. 1996).

F.R.C.P. 54(b) provides that, "When more than one claim for relief is presented in an action,…… or third-party claim or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon a express determination that there is no just reason for delay and upon an expressed direction for the entry of judgment….."

To be eligible for immediate appeal under Rule 54(b), a partial adjudication must either (a) finally resolve at least one claim or (b) finally resolve the rights and liabilities of at least one party. A claim or a party's interest must be adjudicated to finality, such that there is nothing more to do on that claim or for that party but await the conclusion of the remaining portions of the litigation. See <u>Curtiss-Wright Corp. v. General Elec. Co.</u>, 446 U.S. 1, 100 S.Ct. 1460, 1464, 64 L.Ed.2d 1 (1980); <u>State Street Bank & Trust, Co. v. Brockrim, Inc.</u>, 87 F.3d 1487, 1489 (1st Cir. 1996); <u>In re Southeast Banking Corp.</u>, 69 F.3d 1539, 1547 (11th Cir. 1995); <u>National Union</u>

Fire Insurance Co. v. City Savings FSB, 28 F.3d 376 (3rd Cir. 1995); Williams v. Kentucky, 24 F.3d 1526 (6th Cir. 1994).

The court's decision as to Arpin's claim that the Plaintiff's cause of action is abrogated by the Rhode Island exclusivity statute due to Plaintiff's classification as an employee pursuant to 49 C.F.R. §390.5, finally resolves Arpin's asserted right to exclusivity under Rhode Island law. As such the Decision finally resolves at least one claim (exclusivity) which Arpin has against the Plaintiff. There is nothing more to do on that claim but await the conclusion of the remaining portions of the litigation.

Movant posits further that there is no just cause for delay because an expensive, duplicative trial could be avoided by reviewing this claim promptly before the Plaintiff's claims are fully litigated. See Advanced Magnetics Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 16 (2nd Cir. 1997).

The just cause determination is made on a case by case basis. See Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 76 S.Ct. 895, 100 L.Ed. 1297 (1956).

The relationship between adjudicated and unadjudicated claims is such that issues and the subject matter are the same. Costly duplicative trials (one before this Court, and another before a Rhode Island Worker's Compensation Board) could be avoided by a review of the Court's Memorandum by the Second Circuit Court of Appeals.

The question of whether to enter judgment under Rule 54(b) is reserved to the sound discretion of the District Court Judge. See Curtiss-Wright Corp. v. General Elec. Co., *supra*.

Movant posits that this is "the infrequent harsh case" where danger exists for hardship or injustice through delay, which could be alleviated by immediate appeal. See L.B. Foster Co. v. American Piles, Inc., 138 F.3d 81, 86 (2nd Cir. 1998).

Arpin respectfully requests that this court exercise its discretion, directing the entry of partial judgment, as aforesaid, so that an appeal may be taken at this time. While respectfully acknowledging the court's legal analysis of the issue, it has a very harsh effect on Arpin, and Arpin believes that there is a legitimate good faith basis for overturning the Decision on appeal, thereby avoiding the cost to all concerned of having to try the case twice (one at trial and again before a Worker's Compensation Board). Such a result would bring hardship and injustice to Arpin, and indeed to all the other parties.

Respectfully Submitted,
Defendants/Cross-Claim Plaintiffs and
Third-Party Plaintiffs,
Paul Arpin Van Lines, Inc.
and Arpin Logistics, Inc.
By their attorney:

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
**LENIHAN, GRADY & STEELE**
6 Canal Street
P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

## *CERTIFICATION OF NOTICE*

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 29 day of December, 2003, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.