UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SHAWN POULIOT,
   Plaintiff,
       v.

PAUL ARPIN VAN LINES, INC.
AND ARPIN LOGISTICS, INC.,
THE FESTO CORPORATION, MICHAEL
D. KOVAC, D/B/A TRANS-EXPO
INTERNATIONAL AND ERICA
RAMIREZ, IN HER CAPACITY AS
EMPLOYEE OF TRANS-EXPO
INTERNATIONAL,
   Defendants.

C.A. No. 3:02 CV1302 (DJS)

January 7, 2004

**REPLY MEMORANDUM OF LAW IN SUPPORT OF FESTO CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO FIRST AMENDED CROSS-CLAIMS OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.**

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and Rule 7(d) of the Local Rules of the United States District Court for the District of Connecticut, Defendant The Festo Corporation ("Festo") respectfully submits this Reply Memorandum of Law in support of its Motion for Judgment on the Pleadings as to all of the counts against Festo asserted by Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (collectively, "Arpin") in Arpin's First Amended Cross-Claims.

**ARGUMENT**

**I.  ARPIN'S CROSS-CLAIMS SEEKING APPORTIONMENT ARE BARRED**

In its Memorandum of Law Supporting its Objection to Festo's Motion for Judgment on the Pleadings ("Objection"), Arpin fails to set forth any valid rationale for allowing its apportionment claims against Festo, now asserted as "cross-claims" in Counts 5, 6, 13 and 14, to

**ORAL ARGUMENT REQUESTED
NO TESTIMONY REQUIRED**

survive. Arpin argues that if it "has the substantive right, under Connecticut state law, to apportion liability against Festo, then the cross-claim on apportionment must stand." Objection, at 8. Arpin fails, once again, to miss the obvious point – under Connecticut law, regardless of how creatively it now attempts to label the claims, Arpin does not have the right to assert apportionment claims against Festo. Any right to do so was absolutely prohibited by this Court's May 30, 2003 Memorandum of Decision, which barred Arpin from filing such claims for apportionment against Festo. See May 30, 2003 Memorandum of Decision, at 5-6, 8. Moreover, the Connecticut case law – which Arpin concedes represents the "majority position" (Objection, at 5) – holds that Connecticut General Statute § 52-102b prohibits asserting apportionment claims, like Arpin's, against a co-defendant.

Indeed, even the authority on which Arpin relies, namely, Gallagher v. Square D Co., No. X06CV010171019S, 2002 WL 31172640 (Conn. Super. Ct. Aug. 27, 2002), supports Festo's position that Arpin's apportionment cross-claims are barred. As Arpin itself admits, the Gallagher court unequivocally held that "it is impermissible to assert a cross claim [for apportionment] against a party already in the case." Id. at *3 (emphasis added). Thus, because Arpin does not have a right to apportionment against Festo under Connecticut law (as decided by this Court's May 30, 2003 Memorandum of Decision and under Connecticut case law which Arpin admits represents the "majority view"), Arpin is barred from asserting cross-claims for apportionment against Festo in this Court. Accordingly, Arpin's last-ditch effort to revive its long-dead apportionment claims fails, and Counts 5, 6, 13 and 14 of Arpin's First Amended Cross-Claims against Festo should be dismissed.

2

## II. ARPIN'S CROSS-CLAIMS SEEKING CONTRIBUTION SHOULD BE DISMISSED

Counts 7, 8, 15 and 16 of Arpin's First Amended Cross-Claims purportedly assert claims for contribution against Festo. This Court, in its discretion, should disallow these claims because the underlying substantive right to contribution has not yet (and may never) attach. See 6 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure, § 1431, at 242 (2d ed. 1990) ("[t]he decision whether to allow a cross-claim that meets the test of subdivision (g) [of Rule 13] is a matter of judicial discretion"); Guttman v. Sands, No. 88 Civ. 5439, 1990 WL 213082, at *5-6 (S.D.N.Y. Dec. 18, 1990) (employing judicial discretion to deny assertion of cross-claims). The claims for contribution are particularly inappropriate here, where Arpin's claims for both apportionment and indemnification are insufficient as a matter of law. Accordingly, Counts 7, 8, 15 and 16 are legally insufficient and should be dismissed.

## III. ARPIN'S CROSS-CLAIMS SEEKING INDEMNIFICATION FAIL TO STATE A CLAIM AS A MATTER OF LAW

### A. Arpin Cannot Establish The "Exclusive Control" Element of Its Cross-Claims for Indemnification

Counts 1, 2, 3, 4, 9, 10, 11 and 12 of Arpin's First Amended Cross-Claims are legally insufficient as a matter of law because Arpin cannot plead facts sufficient to establish an essential element of indemnification under Connecticut law – that Festo was in control of the injury-causing situation "to the exclusion of" Arpin. See, e.g., Harris v. Levin, No. X06 CV 990170961S, 2003 WL 21716455, at *2-3 (Conn. Super. Ct. July 7, 2003) (articulating four-prong test for common law indemnification claim and striking indemnification claims asserted by Paul Arpin Van Lines, Inc.).

Under the facts as pled by Arpin, the requisite "special circumstances" exist such that the issue of "exclusive control" can and should be decided as a matter of law. See Skuzinski v.

3

Bouchard Fuels, Inc., 694 A.2d 788, 794 (Conn. 1997). The pleadings establish, and Arpin does not dispute, that Plaintiff, after delivering equipment for Arpin, in an Arpin truck, as an Arpin driver, sustained injuries while using a hydraulic lift on Arpin's truck to unload the equipment. Based on these facts, Plaintiff has asserted claims of negligence against Arpin and the other defendants, and claims of recklessness <u>directed solely to Arpin</u>. Analogous undisputed factual scenarios have compelled courts to hold as a matter of law that "no reasonable juror" could find that the party against whom indemnification is sought had "exclusive control of the situation." See, e.g., Skuzinski, 694 A.2d at 794; Gott v. Creed-Monarch, Inc., No. CV00027471S, 2003 WL 22333005, at *6 (Conn. Super. Ct. Sept. 30, 2003); Skrzyniarz v. Votto, No. X04CV000122390S, 2001 WL 1159426, at *3 (Conn. Super. Ct. Aug. 29, 2001); Simon v. My Bread Baking Co., No. CV 980165440, 1999 WL 966614, at *3 (Conn. Super. Ct. Oct. 13, 1999). Here, it simply cannot be said that Festo was in control of the situation to the exclusion of Arpin; indeed, Plaintiff's claims of recklessness are made solely against <u>Arpin</u>, based on <u>Arpin's</u> malfeasance, in causing injury to an independent-contractor <u>Arpin</u> driver, unloading an <u>Arpin</u> moving job and using a malfunctioning liftgate on an <u>Arpin</u> truck. By contrast, Festo's involvement in the injury-producing situation is both physically and causally remote, and certainly cannot be considered "exclusive." Thus, Arpin has failed to establish a required element of its indemnification claims – that Festo was in control of the situation to the exclusion of Arpin. Accordingly, Counts 1, 2, 3, 4, 9, 10, 11 and 12 should be dismissed.

B. <u>Connecticut Law Does Not Recognize Claims for "Equitable Indemnification"</u>

Counts 3, 4, 11 and 12 of Arpin's First Amended Cross-Claims seeking "equitable indemnification" should be dismissed because such claims are not cognizable under Connecticut law. Despite Arpin's groundless belief that "the Connecticut Supreme Court, if confronted with

the facts before this Court, would allow Arpin to present evidence supporting an equitable indemnification claim" against Festo, no Connecticut court yet has held that such a claim even exists. Objection, at 32. Nor, despite Arpin's ardent hope, has a Connecticut court rescued an insufficiently-pled common law indemnification claim by refashioning it into a claim for "equity." See Objection, at 33. Because "equitable indemnification" is not a viable cause of action under Connecticut law, and cannot be used to save Arpin's insufficiently-pled claim for common law indemnification, Counts 3, 4, 11 and 12 against Festo should be dismissed.

## CONCLUSION

For the aforementioned reasons, and for the reasons set forth in its initial Memorandum of Law, Festo respectfully requests that this Court grant its Motion for Judgment on the Pleadings dismissing Counts 1-16 of Arpin's First Amended Cross-Claims.

Defendant,
THE FESTO CORPORATION,
By Its Attorneys,

JOHN A. TARANTINO, #15980
JAMES R. OSWALD, #20936
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 751-0604/351-4607
Dated: January 7, 2004

## CERTIFICATION

TO: Michael A. Stratton, Esq.  
Stratton Faxon  
59 Elm Street  
New Haven, CT 06510  

Roland F. Moots, Jr., Esq.  
Moots, Pellegrini, Mannion, Martindale  
 & Dratch  
46 Main Street  
New Milford, CT 06776  

Thomas J. Grady, Esq.  
Lenihan, Grady & Steele  
6 Canal Street  
P.O. Box 541  
Westerly, RI 02891  

Susan O'Donnell, Esq.  
Halloran & Sage  
One Goodwin Square  
225 Asylum Street  
Hartford, CT 06103  

 I hereby certify that I caused a true copy of the within, to be mailed, via regular First Class mail, to the above-named counsel of record on this 7th day of January, 2004.

*282723_1.DOC*