UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 JAN 14 P 3:03

U.S. DISTRICT COURT
HARTFORD, CT.

SHAWN POULIOT,
    Plaintiff,

v.

PAUL ARPIN VAN LINES, INC.
AND ARPIN LOGISTICS, INC.

v.

FESTO CORPORATION, MICHAEL D.
KOVAC, D/B/A TRANS-EXPO
INTERNATIONAL AND ERICA
RAMIREZ IN HER CAPACITY AS
EMPLOYEE OF TRANS-EXPO
INTERNATIONAL
    Defendants.

No. 3:02CV1302(DJS)

## MEMORANDUM OF DECISION

Plaintiff Shawn Pouliot ("Pouliot") brings this action against Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereafter "Arpin") and third-party defendants Festo Corporation ("Festo"), Michael D. Kovac ("Trans-Expo") and Erica Ramirez ("Ramirez") based on state torts sounding in negligence and recklessness. Arpin submitted to this court a motion to dismiss plaintiff's claims **[doc. #89]** on the ground that plaintiff's cause of action was barred by the Federal Motor Carrier Safety Regulations defining an "employee." Arpin's motion was denied **[doc. #217]**. Arpin now seeks partial summary judgment pursuant to Federal Rule of Civil Procedure 54(b) **[doc. #233]** so that Arpin might appeal this court's ruling.

Arpin's motion does not identify facts or law sufficient to support its motion. The Supreme Court's standard for granting a motion under Rule 54(b) requires the court to first find

that a final judgment has been rendered as to one or more claims or parties. <u>Sears, Roebuck & Co. v. Mackey</u>, 351 U.S. 427, 436 (1956). The Second Circuit has noted that rulings regarding affirmative defenses are interlocutory and not properly subject to a Rule 54(b) motion except in rare circumstances. <u>Adirondack Railway Corp. v. State of New York</u>, 726 F.2d 60, 62 (2d. Cir. 1984). Further, the Second Circuit has defined a "claim" for purposes of a Rule 54(b) motion. <u>Gottesman v. General Motors Corp.</u>, 401 F.2d 510, 512 (2d. Cir. 1968). Arpin fails to cite either Second Circuit decision in its memorandum and consequently provides the court with no analysis of the applicable law and no evidence to support its argument that the court's prior ruling constitutes a final judgment. The court can, at present, discern no claims that have been finally resolved and no facts that have been finally found.

Partial judgment pursuant to Rule 54(b), "should not be entered routinely or as a courtesy or accommodation to counsel." <u>Brunswick Corp. V. Sheridan</u>, 582 F.2d 175, 183 (2d. Cir. 1978) (quoting <u>Panichella v. Pennsylvania R.R. Co.</u>, 252 F.2d 452, 455 (3d. Cir. 1958). This policy exists to protect the historic rule against piecemeal appeals in federal court. <u>Curtiss-Wright Corp. v. General Electric Co.</u>, 446 U.S. 1, 8 (1980). Arpin has not overcome the stringent barriers to a Rule 54(b) judgment in its present motion.

Arpin's motion is **DENIED** without prejudice to refiling.

So ordered this 14th day of January, 2004.

**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**