## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT, | : |
|     Plaintiff, | : |
| | : |
| v. | : |
| | :     No. 3:02CV1302(DJS) |
| PAUL ARPIN VAN LINES, INC. | : |
| AND ARPIN LOGISTICS, INC. | : |
| | : |
| v. | : |
| | : |
| FESTO CORPORATION, MICHAEL D. | : |
| KOVAC, D/B/A TRANS-EXPO | : |
| INTERNATIONAL AND ERICA | : |
| RAMIREZ IN HER CAPACITY AS | |
| EMPLOYEE OF TRANS-EXPO | |
| INTERNATIONAL | |
|     Defendants. | |

## MEMORANDUM OF DECISION

Plaintiff Shawn Pouliot ("Pouliot") brings this action against Paul Arpin Van Lines, Inc.

and Arpin Logistics, Inc. (hereafter "Arpin") and third-party defendants Festo Corporation

("Festo"), Michael D. Kovac ("Trans-Expo") and Erica Ramirez ("Ramirez") based on state torts

sounding in negligence and recklessness. Arpin brings claims as third-party plaintiff and cross-

claims as co-defendant against Festo, Trans-Expo and Ramirez. The parties are present in this

court on diversity jurisdiction under 28 U.S.C. §1332. Trans-Expo and Ramirez (hereafter both

parties referred to as "Trans-Expo") have filed a motion to strike or dismiss **[doc. #168]** a

number of Arpin's cross-claims against them on the ground that the claims are redundant,

immaterial, impertinent or scandalous under Federal Rule of Civil Procedure 12(f) and on the

ground that Arpin has failed to state a claim for which relief may be granted under F.R.C.P.

12(b)(6).  Trans-Expo's motion is **GRANTED in part and DENIED in part**.


# I. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996).  Under Rule 12(b)(6), dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted.  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433, 440 (2d Cir. 1998).  "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims."  United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232).  In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken."  Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

Motions under Rule 12(f) will be granted only if "it can be shown that no evidence in support of the allegation would be admissible." Lipsky v. Commonwealth United Corp., 551 F.2d 887, 893 (2d. Cir. 1976). "Courts should not tamper with the pleadings unless there is a strong reason for doing so." Id. at 893.

## II.  DISCUSSION

Trans-Expo brings this motion to strike or dismiss twenty-two of Arpin's forty cross-claims. Trans-Expo has grouped the cross-claims by topic, and the court will address each argument according to the distinctions made by Trans-Expo in its motion.

### A. Arpin's Cross-Claims for Common Law Indemnification

Trans-Expo argues that counts Seventeen, Eighteen, Twenty-Five, Twenty-Six, Thirty-Three and Thirty-Seven of Arpin's cross-claims should be stricken as redundant under Rule 12(f). Trans-Expo is correct that the court "may order stricken from any pleading…any redundant, immaterial, impertinent, or scandalous matter" under Rule 12(f). As many courts have noted, however, cross-claims brought under F.R.C.P. 13 are permissive under Rule 13(g). See, Martell v. Boardwalk Enterprises, Inc., 748 F.2d 740, 750 at n.3 (2d. Cir. 1984). Thus, a court is not obligated to strike unless the court finds a strong reason for doing so. Trans-Expo has argued only that Arpin's cross-claims as a co-defendant are duplicative of Arpin's claims against Trans-Expo as a third-party plaintiff. The court can find no precedent or rule of law that strictly prohibits some level of duplication in claims brought pursuant to F.R.C.P. 14 and 13. Thus, the court declines to strike the six named counts of Arpin's cross-claims.

### B. Arpin's Cross-Claims for Equitable Indemnification

Trans-Expo argues that cross-claim counts Nineteen, Twenty, Twenty-Seven, Twenty-Eight, Thirty-Four and Thirty-Eight fail to state a claim upon which relief can be granted under Rule 12(b)(6). Arpin claims "equitable indemnification" under these counts, arguing that this

court should fashion a remedy of indemnification on Arpin's behalf should Arpin's claims for common law indemnification prove inadequate.

A claim for equitable relief shall not be maintained in the courts of the United States in any case where a plain, adequate and complete remedy is available at law. Matthews v. Rodgers, 284 U.S. 521, 525 (1932); Potwora v. Dillon, 386 F.2d 74, 77 (2d. Cir. 1967). Arpin cites no law that supports its claim for equitable relief. Further, the court can find no basis for concluding that the remedies available in law are inadequate to provide relief. Therefore, Arpin has failed to meet its burden for bringing a claim of equitable relief in federal court. The six cross-claim counts seeking equitable indemnification are dismissed for failure to state a claim upon which relief can be granted.

**C. Arpin's Cross-Claims for Apportionment**

Trans-Expo argues that cross-claim counts Twenty-One, Twenty-Two, Twenty-Nine, Thirty, Thirty-Five and Thirty-Nine should be stricken as impertinent or dismissed as legally insufficient. Specifically, Trans-Expo suggests that Arpin's apportionment claims are barred by this court's prior ruling **[doc. #97]** where the court held that Arpin's failure to bring claims of apportionment against Trans-Expo within the 120-day limit provided in Connecticut General Statute §52-102b(a) deprived the court of jurisdiction. Alternately, Trans-Expo cites the text of C.G.S. §52-102b(a), which permits apportionment claims to be brought only against non-parties.[1]

Arpin responds that there is a split in the Connecticut courts as to whether apportionment

---

[1]"A defendant…may serve a writ…upon a person not a party to the action…" C.G.S. §52-102b(a).

claims may be brought as cross-claims against co-defendants in a suit. Under Arpin's theory, the apportionment claims are a response to plaintiff Pouliot's complaint against Trans-Expo and thus are not time-barred or foreclosed by this court's prior ruling.

The court will not decide the issue of Arpin's ability to raise previously barred apportionment claims as permissive cross-claims under Rule 13. The text of Connecticut's statute makes that decision unnecessary. Under General Statute §52-102b(a) apportionment claims may not be brought against parties to an action. The purpose of this provision is to allow a defendant to bring a non-party into the case for apportionment purposes. The logic underlying this restriction is evident in the language of C.G.S. §52-102b(c), which provides that notice of apportionment is unnecessary where the person against whom apportionment is sought was previously a party to the action. The apportionment claim under §52-102b is clearly designed to provide the court with notice that the defendant may not be wholly liable.

Pouliot has brought Trans-Expo into this case as a defendant and placed the court on notice that liability could be subject to apportionment against both Arpin and Trans-Expo and any other defendants joined as parties to this case. The language of the statute is plain that an apportionment claim is barred under these circumstances and there is no need for this court to carve out the exceptions urged by Arpin. The six cross-claim counts seeking apportionment against Trans-Expo are dismissed under Rule 12(b)6 as legally insufficient.

**D. Arpin's Cross-Claims for Contribution**

Trans-Expo argues that counts Twenty-Three, Twenty-Four, Thirty-One, Thirty-Two, Thirty-Six and Forty of Arpin's cross-claims should be stricken as unripe. Trans-Expo proposes

-5-

that Connecticut law prohibits claims for contribution until after a judgment of damages and a finding that contribution would be appropriate. Therefore, the court may not consider Arpin's claims until after rendering a judgment.

There is no doubt, in this case, that this court may entertain the question of contribution–only a doubt as to the appropriate time to raise the issue. Where a federal rule of civil procedure is on point and the application of the federal rule would not alter the enforcement of state substantive law–but merely its mode of enforcement–this court is bound to apply the federal rules. Hanna v. Plummer, 380 U.S. 460 (1965). Federal Rule 13(g) permits cross-claims against any party "whom it is asserted is or *may be* liable to the cross-claimant."(emphasis added)." The Second Circuit has held that the exact same language in Rule 14(a) permits impleader of a party on a not-yet-accrued contribution claim as a "contingent" claim. Andrulonis v. United States, 26 F.3d 1224, 1233 (2d. Cir. 1994). The court, under Rule 14(a), is required to consider the contingency of the claim when fashioning a final judgment. Id. at 1234.

This court can find no reason why the Second Circuit's interpretation of Rule 14(a) should not also apply to Rule 13(g). If Arpin may join Trans-Expo to the case, with all the expense and difficulty entailed, on a contingent contribution claim, there is no basis for not permitting Arpin to assert a contingent contribution cross-claim against Trans-Expo. So long as this court applies Connecticut law regarding contribution when it fashions a judgment, then there is no harm in permitting Arpin to raise its claim now for consideration at the appropriate stage of the proceedings. Federal Rule 13(g) governs these claims, and the court will permit the cross-claims for contribution. The motion to dismiss is denied with respect to the contribution claims.

### III. CONCLUSION

Trans-Expo's motion to strike and or dismiss Arpin's cross-claims is **GRANTED** in part and **DENIED** in part. The cross-claim counts Nineteen, Twenty, Twenty-Seven, Twenty-Eight, Thirty-Four and Thirty-Eight for equitable indemnification are dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Counts Twenty-One, Twenty-Two, Twenty-Nine, Thirty, Thirty-Five and Thirty-Nine of the cross-claims for apportionment are also dismissed pursuant to Rule 12(b)(6). The remainder of Trans-Expo's motion is denied.

So ordered this __14th__ day of January, 2004.

_____/s/DJS_____

**DOMINIC J. SQUATRITO**
**UNITED STATES DISTRICT JUDGE**