FILED

2004 JAN 15  A 10: 3 ,

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT   U.S. DISTRICT COURT
HARTFORD. CT,

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
|     Plaintiff | : | NO. 3:02 CV1302 (DJS) |
| | | |
|     v. | : | |
| | | |
| PAUL ARPIN VAN LINES, INC. AND | : | |
| ARPIN LOGISTICS, INC. | : | |
|     Defendants/Third-Party Plaintiffs/ | : | |
|     Cross-Claim Plaintiffs | | |
| | | |
|     v. | : | |
| | | |
| FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL, AND ERICA RAMIREZ | : | |
| IN HER CAPACITY AS EMPLOYEE | : | |
| OF TRANS-EXPO INTERNATIONAL | : | |
|     Defendants/Third-Party Defendants | : | JANUARY 14, 2004 |

### _REPLY TO PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL JUDGMENT PURSUANT TO FED.R.CIV.P. 54(b)_

I.    INTRODUCTION

On January 5, 2004, the Plaintiff filed a Memorandum of Law in Opposition to

Defendants' Motion For Partial Judgment Pursuant to Fed.R.Civ.P. 54(b). (hereinafter

"Opposition Memo")  Pursuant to Local Rule 7(d), Paul Arpin Van Lines, Inc. submits this

Reply.

1

II.     LAW AND ARGUMENT

A.      Motion For Reconsideration

On page 1 of its Opposition Memo, Plaintiff states, "The defendants, rather than file a motion for reconsideration pursuant to D.Conn.L.R.Civ.P. 7(c), which would have been denied, see e.g. Doyle v. Town of Litchfield [citation omitted], filed a motion for partial, appealable judgment in an effort to convert the denial of their motion into a granting of their motion (without, of course, any legal precedent for such a maneuver.)"

Local Rule 7(c) permits a party to move for reconsideration of an order by the U.S. District Court of Connecticut.  The standards for granting such an order are set forth in Doyle v. Town of Fairfield, which is cited to by the Plaintiff.

"Such a motion generally will be denied unless the moving party can point to controlling decisions or data that the court overlooked - matters in other words that might reasonably be expected to alter the conclusion reached by the court.  Thus the function of a motion for reconsideration is to present the court with an opportunity to correct manifest errors of law or fact or to consider newly discovered evidence." Channer v. Brooks, No. 3:99CV2564, 2001 WL 1094964, at *1 (D.Conn. Sept. 10, 2001)." See Doyle v. Town of Litchfield, No. 3:02cv656 (GLG), at 2-3 (D.Conn. Dec.13, 2003) at *3.

Arpin disagrees with the conclusion reached by this Court in its November 26, 2003 decision on Arpin's Motion to Dismiss which failed to classify the Plaintiff as an "employee" pursuant to 49 C.F.R. § 390.5.  That being said, the Court's decision could not be said to constitute "manifest error of law or fact", nor has any newly discovered evidence arisen that would affect the Court's decision.  In its eighteen page Order, this Court addressed all relevant facts and legal precedent and comprehensively analyzed the issues at hand with an obviously ample amount of effort.  It does, however represent a case of first impression in the Second Circuit on this issue.

Given the above, a Motion For Reconsideration would have been inappropriate.

Arpin, however, disagrees with the Court's Order and is desirous of seeking review of its decision because it does represent a case of first impression on the construction of Federal Motor Carrier Safety Rule §390.5.  There is arguably conflicting law on the §390.5 issue across the country and there is no governing authority on the issue from the Second Circuit Court of Appeals.  Should this Court's decision be reversed on appeal after trial, Arpin and the Plaintiff will go through another trial before a worker's compensation board after having unnecessarily undergone extensive trial expense in this case during the course of jury trial in this court.  Entry of final judgment on this issue would mitigate the harsh and unjust effect inherent in such a

result to Arpin because it might save Arpin substantial litigation expense, and conserve the judicial resources of this court.

B.    Entry of Judgment

Plaintiff also claims that Arpin has cited no legal precedent justifying entry of judgment. See Plaintiff's Opposition at 1.

Federal Rule of Civil Procedure 54(b) provides that "When more than one claim for relief is presented in an action, . . . or third-party claim or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an expressed direction for the entry of judgment . . ."

Arpin merely refers the Court to its discussion of applicable precedent cited in its Rule 54(b) Motion and relies upon it to claim the relief of Entry of Judgment.

C.    Interlocutory Appeal

On page 1 of its Opposition Memorandum, the Plaintiff states, "To the extent that the court construes the defendants' motion as one for an interlocutory appeal under the collateral order doctrine (which it should not), none of the pre-requistes for granting such an extraordinary motion are present in this case and thus the motion should be denied."

4

Arpin has not filed a Motion for Interlocutory Appeal. Arpin has sought entry of judgment pursuant to Fed.R.Civ.P. 54(b). If Arpin had sought appeal of the Court's November 26, 2003 Order, the Cohen doctrine cited by the Plaintiff might have been applicable. As Arpin has not sought appeal of a non-final judgment, the interlocutory appeal issue is not relevant, and the Cohen doctrine is not relevant at this time.

III.    CONCLUSION

For the foregoing reasons, Arpin requests this Court to exercise its discretion and find that as to this issue there is no just reason for delay and enter judgment on its November 26, 2003 Order. In the event that the order were to be appealed Arpin would have no objection to the continuation of discovery so that in the event the court's order were to be affirmed the case would be ready to go to trial upon remand from the Second Circuit Court of Appeals. This would mitigate the effect of the delay on the Plaintiff. Although much discovery has been done, there is still a great deal of discovery that still needs to be done.

Defendants/Third-Party Plaintiffs/
Cross-Claim Plaintiffs
By their attorney:

Thomas J, Grady, Esquire
Federal Bar No. CT 7139
**_LENIHAN, GRADY & STEELE_**
6 Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 14th day of January, 2004, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT  06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT  06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI  02903-2443.

Thomas J. Grady, Esq.