UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
|     Plaintiff | : | NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND | : | |
| ARPIN LOGISTICS, INC. | : | |
|     Defendants/Third-Party Plaintiffs/ | : | |
|     Cross-Claim Plaintiffs | | |
| v. | : | |
| FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL, AND ERICA RAMIREZ | : | |
| IN HER CAPACITY AS EMPLOYEE | : | |
| OF TRANS-EXPO INTERNATIONAL | : | |
|     Defendants/Third-Party Defendants | : | JANUARY 15, 2004 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S OBJECTION TO FESTO CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO FIRST AMENDED CROSS-CLAIMS OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.**

I.    Introduction

    Pursuant to Rule 7(d) of the Local Rules of the United States District Court for the

District of Connecticut, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter

"Arpin") submit this Reply Memorandum of Law in Support of Paul Arpin Van Lines, Inc. and

1

Arpin Logistics, Inc.'s Objection to Festo Corporation's (hereinafter 'Festo') Motion For Judgment on the Pleadings as to First Amended Cross-Claims of Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.

This Memorandum is in response to Festo's January 7, 2004 Reply Memorandum.

II.     Law and Argument

   A.     Applicability of May 30, 2003 Order

In its Reply, Plaintiff states, "Arpin fails, once again, to miss the obvious point - under Connecticut law, regardless of how creatively it now attempts to label the claims, Arpin does not have the right to assert apportionment claims against Festo. Any right to do so was absolutely prohibited by this Court's May 30, 2003 Memorandum of Decision, which barred Arpin from filing such claims for apportionment against Festo. [citation omitted]."

Arpin contends that Festo's addition to this case by the Plaintiff as a direct party has rendered the Court's May 30, 2003 decision inapplicable to the current circumstances.

Conn.Gen.Stat. § 52-572h(c) provides, "In a negligence action to recover damages resulting from personal injury, wrongful death or damage to property . . .if the damages are determined to be proximately caused by the negligence of more than one *party*, each *party* against whom recovery is allowed shall be liable to the claimant only for such *party's*

2

proportionate share of the recoverable economic damages and the recoverable noneconomic damages. . . ." [italics added for emphasis].

This provision was not relevant to the issue before the Court in its May 30, 2003 Order because Festo was not a "party" at that time. Arpin's apportionment complaint was an attempt to add Festo as a party pursuant to Conn.Gen.Stat. § 52-102b, and it was this issue which was addressed by the Court in its May 30, 2003 Order.

The Court's Order did not determine that Arpin absolutely has no right to assert apportionment against Festo, if it is made a party to the action.

As such, Arpin is not "absolutely prohibited" from apportioning liability to Festo for negligence, as Festo states.

B. Arpin's right to apportionment

In its Reply, Festo states, "Thus because Arpin does not have a right to apportionment under Connecticut law (as decided by this Court's May 30, 2003 Memorandum of Decision and under Connecticut case law which Arpin admits represents the "majority view"), Arpin is barred from asserting cross-claims for apportionment against Festo in this Court."

By this line of argument, Festo has conflated the issue of whether Arpin has a substantive right to claim apportionment against Festo with the issue of whether Arpin may assert its right to apportionment through the vehicle of a cross-claim.

3

The issue of whether Arpin can assert an apportionment claim, in whatever form, is a substantive right which is governed by Connecticut law. See Conn.Gen.Stat. 52-572h(c); Gallagher v. Square D Company (Exhibit 2 of Arpin's Objection).

The issue of whether Arpin may present its substantive right to apportion liability in the form of a cross-claim, is procedural and is governed by the Federal Rules of Civil Procedure. Namely, it is governed by Fed.R.Civ.P. 13(g).

Because Festo is a party that "is or may be liable" [through Conn.Gen.Stat. §52-572h(c)] to Arpin "for all or part of a claim asserted in the action against" Arpin, Arpin may maintain a cross-claim against it.

Despite Festo's attempt to characterize such analysis as "creative", this Federal Court, while sitting in diversity, is obligated to distinguish between substantive and procedural law. A federal court sitting in diversity generally follows the substantive law of the state in which it sits. See Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Procedure is governed by federal law and substantive law is governed by state law. Arpin unquestionably has a substantive right to apportionment under Connecticut state law.

If the Court grants Festo's motion, Festo will be provided an immunity to apportionment it otherwise would not have in state court. The underlying policies of federalism mandate that the Court deny Festo's motion.

Based on the foregoing reasons Festo's plea for judgment as to counts 5, 6, 13 and 14 must be denied.

C.   Contribution

On page 3 of its Reply, Festo states, "This Court, in its discretion, should disallow these claims because the underlying substantive right to contribution has not yet (and may never) attach."

On page 3 of its Reply Festo also states, "The claims for contribution are particularly inappropriate here, where Arpin's claims for both apportionment and indemnification are inappropriate as a matter of law."

First, this issue has already been squarely addressed by Andrulonis v. United States, 26 F.3d 1224, 1233 (2nd Cir. 1994), which is binding upon the U.S. District Court of Connecticut. Contribution claims can be asserted in a cross-claim, on a contingent basis, before the claim has matured.

Second, Festo asks the Court to eliminate this claim at this early stage of litigation because it believes that Arpin's claims will ultimately be unsuccessful. This "bootstrapping" argument should not be well taken by the Court. In the context of a Motion For Judgment on the Pleadings, the Court is obligated to accept all well-pleaded material allegations of the nonmoving

party as true and view all facts and inferences in the light most favorable to the pleader. See D'Alessio v. New York Stock Exchange, 253 F.3d 93 (2d Cir. 2001).

This Court should decline Festo's invitation to deviate from the well-reasoned governing case law of the Second Circuit Court of Appeals and should uphold Counts 7, 8,15 and 16 of Arpin's Cross-Claim.

D.  Common Law Indemnification - Exclusive Control

On page 3 of its Reply, Festo states, "Under the facts as pled by Arpin, the requisite 'special circumstances' exist such that the issue of 'exclusive control' can and should be decided as a matter of law. See Skuzinski v. Bouchard Fuels, Inc., 694 A.2d 788, 794 (Conn. 1997)."

Like in its Motion, Festo has once again failed to define 'exclusive control.' In Skuzinski, the Connecticut Supreme Court described exclusive control over the situation as "exclusive control being control over the *dangerous condition* that gives rise to the accident." See Skuzinski at 794. [italics added for emphasis]

Festo further clouds this issue by the "facts" it uses to support a finding that it was not in exclusive control as a matter of law. For instance, Festo even offers the *Plaintiff himself*, as an example that it was not in exclusive control of the situation. See Festo Reply at 4. Such a broad reading of "exclusive control" would swallow the rule of common law indemnification altogether and is wholly inconsistent with Connecticut state law.

6

In its Reply, Festo re-submits three of the cases it has already used in support of its Motion For Judgment on the Pleadings. Festo also, for the first time, offers Gott v. Creed-Monarch, Inc., Superior Court, judicial district of New Haven at Meriden, (Sept. 30, 2003, Wiese, J.) as purportedly analogous to the situation before this Court. See Festo Reply at 4.

Skuzinski, while standing for the proposition that "exclusive control" can be found as a matter of law, is expressly limited to the peculiar facts which were before the Connecticut Supreme Court. See Arpin Objection at 21-24.

Votto falls within a narrow exception to the general proposition that "exclusive control" is a question of fact. This narrow exception applies when the initial claim is for product liability. See Arpin Objection at 25-26. It is undisputed that the Plaintiff has not filed a product liability claim against Arpin.

Simon is a "public highway" case. There is currently a split of authority in Connecticut as to whether "exclusive control" can ever be had over a dangerous condition which arises on a public highway in an automobile accident, as a matter of law. See Arpin Objection at 26. It is undisputed that the Plaintiff's injury did not occur on a public highway and was not an automobile accident.

These cases fall within specifically delineated "rare exceptions" which justify a finding of lack of exclusive control as a matter of law. Based on the facts of the within case, these cases are inapplicable in this instance.

Festo has newly raised Connecticut Superior Court case of Gott v. Creed-Monarch purportedly in support of its Motion. This particular trial level case is inapposite for several reasons.

First, Gott considered the 'exclusive control' issue in the context of a motion for summary judgment. A motion for judgment on the pleadings under Fed.R.Civ.P. 12(c), however, is governed by the same standard as a motion to dismiss under Fed.R.Civ.P. 12(b). A Court may only grant such a motion, when "it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief." See Festo Motion For Judgment On the Pleadings at 6-7.

For this reason, the Court should disregard Gott entirely. This is especially true when the "exclusive control" issue has been addressed by literally dozens of prior court decisions in the context of a motion to dismiss. Festo's selection of this case in support of its Motion should be considered a tacit admission that its motion for judgment at this stage of the litigation is premature and unwarranted. These issues would be better addressed, after discovery is conducted, in the form of a motion for summary judgment.

Second, Arpin respectfully submits that the <u>Gott</u> court's definition of exclusive control is squarely at odds with <u>Skuzinski</u> and is in the vast minority of Connecticut cases which allow 'exclusive control' to be determined as a matter of law.

In <u>Gott</u>, the Court states, "Because Creed-Monarch's judicial admission has conclusively established that Creed-Monarch provided Gott with the ladder, there is no genuine issue as to that fact. That fact makes it clear that Production was not in exclusive control of the situation giving rise to Gott's claim." See <u>Gott</u> at 6.

This is directly at odds with the Connecticut Supreme Court's instruction in <u>Skuzinski</u> that exclusive control of the situation is "exclusive control being control over the *dangerous condition* that gives rise to the accident." [italics added for emphasis]

For these reasons, Festo's inapplicable case law should not be persuasive upon this Court in its analysis of Festo's Motion.

This Court must deny Festo's Motion For Judgment on the Pleadings as to Counts 1, 2, 3, 4, 9, 10, 11, and 12.

E.   <u>Equitable Indemnity</u>

On page 5 of its Reply, Festo states, "Because 'equitable indemnification' is not a viable cause of action under Connecticut law, and cannot be used to save Arpin's insufficiently pled

9

claim for common law indemnification, Counts 3, 4, 11 and 12 against Festo should be dismissed."

Despite Festo's assertions, Arpin did not plead a claim for equitable indemnification to "save" its common law claims. The equitable indemnity claims are pled in separate counts. Other than to conclusively assert that Arpin's claim are "groundless", Festo has not addressed the issue of whether equity should provide a remedy of equitable indemnification to Arpin.

Arpin relies upon its Objection in support of counts 3, 4, 11, and 12. See Arpin Objection at 32-35.

III.    Conclusion

For the foregoing reasons, Arpin request that Festo's Motion for Judgment on the Pleadings be denied in its entirety.

>Defendants/Third-Party Plaintiffs/
>Cross-Claim Plaintiffs
>By their attorney:
>
>Thomas J, Grady, Esquire
>Federal Bar No. CT 17139
>***LENIHAN, GRADY & STEELE***
>6 Canal Street, P.O. Box 541
>Westerly, RI 02891
>(401) 596-0183
>(401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

    I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 15th day of January, 2004, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

                                                      Thomas J. Grady, Esq.