UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>    Plaintiff | : <br> : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs<br>    Cross-Claim Plaintiffs | :<br>:<br>:<br>: | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: | <br><br><br><br><br>JANUARY 21, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S MOTION FOR LEAVE TO SERVE IN EXCESS OF TWENTY-FIVE INTERROGATORIES TO THE PLAINTIFF

On April 21, 2003, Arpin, with the Court's permission, served ninety-six interrogatories upon the Plaintiff. Arpin's Second Set of Interrogatories consists of fourteen separate interrogatories. See Exhibit 1, Arpin's Second Set of Interrogatories Propounded to Plaintiff Shawn Pouliot. Arpin's total number of interrogatories would exceed twenty-five, therefore

1

Arpin seeks leave to serve an additional fourteen interrogatories upon the Plaintiff pursuant to Fed.R.Civ.P. 33(a).

Fed. R.Civ.P. 33(a) provides that, "Leave to serve additional interrogatories shall be granted to the extent consistent with the principles of Rule 26(b)(2)."

Fed.R.Civ.P. 26(b)(2) gives the court the discretion to limit the extent of discovery under the rules to prevent unreasonably cumulative or duplicative discovery, which becomes burdensome and oppressive.

The Plaintiff's Fifth Amended Complaint was docketed October 7, 2003. This complaint added new allegations of negligence, two counts of recklessness, and a new count of negligence against Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.

Arpin's Second Set of Interrogatories are limited to discovery of information regarding these new claims and allegations. There are fourteen interrogatories total. The first twelve of these interrogatories essentially concern six allegations in Plaintiff's Fifth Amended Complaint. Twelve interrogatories were necessary, (twice as many as six) because the Plaintiff has asserted these essentially identical allegations and counts against both Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., respectively.

The Arpin defendants assert that these interrogatories are not burdensome or oppressive, and are likely to lead to evidence, which will be admissible at trial.

2

The Arpin defendants aver that the discovery sought is not unreasonably cumulative or duplicative, nor is it obtainable from some other source that is more convenient, less burdensome or less expensive. The Arpin defendants further aver that the burden of expense of the proposed discovery does not outweigh its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Defendants, Third-Party Plaintiffs and
Cross-Claim Plaintiffs,
By their attorney:

Thomas J. Grady, Esquire, CT 17139
*LENIHAN, GRADY & STEELE*
6 Canal Street, P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

3

## *CERTIFICATION OF NOTICE*

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 21st day of January, 2004, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.

4