UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

**FILED**

2004 JAN 26  P 1: 15

U.S. DISTRICT COURT
HARTFORD, CT.

SHAWN POULIOT,
    Plaintiff,

v.

PAUL ARPIN VAN LINES, INC.
AND ARPIN LOGISTICS, INC.,
THE FESTO CORPORATION, MICHAEL
D. KOVAC, D/B/A TRANS-EXPO
INTERNATIONAL AND ERICA
RAMIREZ, IN HER CAPACITY AS
EMPLOYEE OF TRANS-EXPO
INTERNATIONAL,
    Defendants.

C.A. No. 3:02-CV-1302(DJS)

January 23, 2004

## MOTION OF DEFENDANTS FESTO CORPORATION, MICHAEL D. KOVAC, ERICA RAMIREZ, PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS TO EXTEND TIME TO DEPOSE PLAINTIFF'S EXPERT WITNESSES

Defendants The Festo Corporation ("Festo"), Michael D. Kovac d/b/a Trans-Expo International, Erica Ramirez (collectively, the "Trans-Expo Defendants"), Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (collectively, the "Arpin Defendants") respectfully submit this Motion to Extend the Time to Depose Plaintiff's Expert Witnesses.

Plaintiff has recently disclosed 17 expert witnesses (15 of whom are out-of-state), consistent with this Court's Scheduling Order requiring such disclosure by January 15, 2004. Defendants seek additional time to depose these expert witnesses because (1) it will be difficult if not impossible to prepare for and conduct depositions of these expert witnesses, including extensive out-of-state travel, by the February 16, 2004 deadline for such depositions set forth in the Scheduling Order; and (2) because Plaintiff has not produced to all Defendants all of the documents specifically relied upon by certain of Plaintiff's experts in preparing their expert reports.

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

## PLAINTIFF'S EXPERT DISCLOSURES

On December 17, 2003, Plaintiff served on Defendants his Disclosure of Expert Witness Dr. Lawrence J. Forman, of Miami, Florida. Plaintiff also produced a report from Dr. Forman, who Plaintiff states will testify as to the "future cost of habilitation and rehabilitation of Shawn Pouliot." See Plaintiff's Disclosure of Expert Witness Lawrence J. Forman, at 1. Plaintiff's Disclosure indicates that Dr. Forman reviewed and relied upon a large number of documents in preparing his report, including an "[i]nterview of client by Comprehensive Rehabilitation Consultants, Inc.;" "interview of client by Lawrence S. [sic] Forman;" "Adjustment to Injury Scale completed by Shawn Pouliot;" "Job Description completed by Shawn Pouliot;" "Assessment Forms" completed by Drs. Slezak, Johnston, Dankoff and Cremer; Plaintiff's medical records; Plaintiff's income tax "records;" and other reference materials.

On January 9, 2004, Plaintiff served on Defendants his Disclosure of Expert Witness Gary M. Crakes, Ph.D. Plaintiff also produced a report from Dr. Crakes, who Plaintiff states will testify "as to the loss of earnings and lost earning capacity of Shawn Pouliot." See Plaintiff's Disclosure of Expert Witness Gary M. Crakes, at 1. Plaintiff's Disclosure indicates that Dr. Crakes also reviewed and relied upon a large number of documents in preparing his report, including "background information about Shawn Pouliot;" Plaintiff's "Tax Returns for 1996, 1998-2000 and W2s for 1997;" and other reference materials. Dr. Crakes' report also indicates that he relied upon the "vocational analysis" prepared by Dr. Forman, i.e., Dr. Forman's expert report.

On January 15, 2004 Plaintiff served on Defendants his Disclosure of Expert Witness Roland L. Ruhl, Ph.D. Plaintiff also produced a report from Dr. Ruhl, who apparently will testify as to the circumstances surrounding Plaintiff's accident in this case.

2

On January 15, 2003, Plaintiff served on Defendants an additional Disclosure of Expert Witnesses, in which Plaintiff discloses "the following expert witnesses who the plaintiff may call to testify at trial:" (1) Waterbury Hospital, Waterbury, CT; (2) Edwin Shaw Hospital for Rehabilitation, Akron, OH; (3) Joseph S. Dankoff, M.D., Akron, OH; (4) Jeffrey S. Tharp, D.O., Akron, OH; (5) Steven A. Cremer, M.D., Akron, OH; (6) "Dr. Cremer" of "Labcare," Akron, OH; (7) Muntzra K. Qadri, M.D., Cuyahoga Falls, OH; (8) James Johnston, M.D., Cuyahoga Falls, OH; (9) Robert Kent, D.O., Cuyahoga Falls, OH; (10) Akron City Hospital, Akron, OH; (11) Dr. David Dellinger, Tallmadge, OH; (12) Cuyahoga Falls General Hospital, Cuyahoga Falls, OH; (13) Dr. James Bressi, Cuyahoga Falls, OH; and (14) "Dr. Slazek" of Associated Surgical Specialists, Akron, OH.

## PLAINTIFF'S FAILURE TO RESPOND TO DISCOVERY RELATING TO HIS EXPERT WITNESSES

Plaintiff has failed to respond to interrogatories and document requests propounded by Festo specifically requesting the identification and production of documents relied upon by Plaintiff's expert witnesses in reaching their expert opinions. Plaintiff has also failed to produce to all Defendants all of the materials relied upon by his expert witnesses, and has otherwise failed to respond to discovery needed to prepare for and conduct depositions of Plaintiff's expert witnesses.

On December 16, 2003, Festo served on Plaintiff its First Set of Interrogatories and its First Set of Document Requests. Interrogatory No. 14 requested that Plaintiff identify "every person who has been retained to give expert or opinion testimony at trial," including "all data, documents or other information considered by the witness in forming the opinions." The Document Requests requested the production of all documents identified in response to the

3

Interrogatories, including "all data, documents or other information considered by the witness in forming the opinions" as requested in Interrogatory No. 14.

On January 5, 2003, Plaintiff served Objections in which it refused to respond to any of Festo's interrogatories or any of Festo's document requests. As to Interrogatory No. 14, Plaintiff objected that "it is work product, and if created by experts, this information will be provided if and when required by Rule 26." As to production of the "data, documents or other information considered by the witness in forming the opinions," Plaintiff objected that the request is "overly broad and unduly burdensome," and purportedly is "a premature contention and this Interrogatory should be served at the close of discovery."

Festo has attempted to obtain the documents and information without Court intervention. See January 19, 2004 Letter from James R. Oswald, Esq. to Michael A. Stratton, Esq. (attached hereto as **Exhibit A**). To date, Plaintiff has failed to produce any documents to Festo in this action.[1]

In addition, Plaintiff has failed to produce other expert-related documents to any of the Defendants, including the "[i]nterview of client by Comprehensive Rehabilitation Consultants, Inc.," "interview of client by Lawrence S. [sic] Forman," "Adjustment to Injury Scale completed by Shawn Pouliot," "Job Description completed by Shawn Pouliot," "Assessment Forms" completed by Drs. Slezak, Johnston, Dankoff and Cremer, relied upon by Dr. Forman in preparing his expert report. It also appears that Plaintiff has also failed to produce to any Defendant all of Plaintiff's income tax records or W-2 Forms, relied upon by both Dr. Forman and Dr. Crakes.

---

[1] Plaintiff's refusal to respond to Festo's discovery is the subject of a motion to compel that Festo intends to file imminently.

4

Plaintiff has also failed to object in a timely manner to the Arpin Defendants' Motion to Compel More Responsive Answers to Interrogatories filed December 18, 2003, which seeks information and documents relative to and necessary for prudent inquiry at these depositions. The Arpin Defendants' good faith attempts to resolve this dispute are set forth in counsel's letters of November 18, 2003 and November 25, 2003 which are attached as **Exhibit B**.

## ARGUMENT

This Court should grant Defendants' Motion and allow Defendants until April 16, 2004 to complete the depositions of Plaintiff's numerous expert witnesses.

Plaintiff's Offer of Judgment in this personal injury action alleges damages in the tens of millions of dollars. Plaintiff has disclosed 17 experts who Plaintiff asserts will provide support for his claims. All but two of these experts are located out-of-state, in Arizona, Florida and Ohio. Under the current Scheduling Order, Defendants would be required to prepare for and conduct up to 17 depositions, including extensive travel, within the four-week time period currently permitted by the Scheduling Order.

Equally important, Defendants have not yet received from Plaintiff all of the documents and information relied upon by Plaintiff's expert witnesses. Defendants cannot yet properly analyze Plaintiff's expert's reports or prepare for adequate cross-examination of Plaintiff's expert witnesses. Defendants will be greatly prejudiced if forced to conduct expert witness depositions without having had sufficient time to analyze all of the information relied upon by Plaintiff's expert witnesses, in a serious personal injury action seeking millions of dollars' worth of damages.

Indeed, even if Plaintiff had produced all of the materials relied upon by his experts – which he has not – Defendants would be extremely hard-pressed to analyze the Forman rehabilitation report, the Crakes lost earnings report and the Ruhl accident report, and prepare for and conduct the depositions of these experts in Arizona, Florida and Connecticut (much less Plaintiff's 14 other expert witnesses, nearly all of whom are also out-of-state) in the time frame presently foreseen by the Court's Scheduling Order. As but one example, counsel for the Trans-Expo Defendants is currently scheduled to commence a jury trial in the Connecticut Superior Court beginning on February 10, 2004.

For these reasons, Defendants respectfully request that the Court grant Defendants' Motion and allow Defendants until April 16, 2004 to complete the depositions of Plaintiff's numerous expert witnesses. Defendants respectfully request expedited consideration of their Motion, as set forth in the accompanying Defendants' Motion to Shorten Time for Consideration of Their Motion to Extend Time to Depose Plaintiff's Expert Witnesses.

Because Defendants' own expert witnesses intend to rely, in part, on the deposition testimony of Plaintiff's expert witnesses, Defendants also request that the date for production of Defendants' experts' reports be extended to an appropriate time beyond this date.

Respectfully submitted,

THE FESTO CORPORATION,
By Its Attorneys,

JOHN A. TARANTINO, #5980
JAMES R. OSWALD, #20936
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 751-0604/351-4607

MICHAEL D. KOVAC d/b/a TRANS-EXPO
INTERNATIONAL and ERICA RAMIREZ,
By Their Attorneys,

*Susan O'Donnell*

SUSAN O'DONNELL, #07539
HALLORAN & SAGE
One Goodwin Square
25 Asylum Street
Hartford, CT 06103
Tel: (860) 522-6103
Fax: (860) 548-0006


PAUL ARPIN VAN LINES, INC. and
ARPIN LOGISTICS, INC.
By Their Attorneys,

*Thomas J. Grady*

THOMAS J. GRADY, #17139
LENIHAN, GRADY & STEELE
6 Canal Street
P.O. Box 541
Westerly, RI 02891
Tel: (401) 596-0183
Fax: (401) 596-6845

## CERTIFICATION

This is to certify that on January 23, 2004, a copy of the foregoing was either mailed, postpaid, or hand-delivered to:

**Shawn Pouliot**
c/o Michael A. Stratton, Esquire
Joel T. Faxon, Esquire
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Tel. No. (203) 624-9500
Fax. No. (203) 624-9100

c/o Roland F. Moots, Jr., Esquire
Moots, Pellegrini, Mannion, Martindale & Dratch
46 Main Street, P.O. Box 1319
New Milford, CT 06776-1319
Tel. No. (860) 355-4191
Fax No. (860) 355-8487

**Paul Arpin Van Lines, Inc and
Arpin Logistics, Inc.**
Thomas J. Grady, Esquire
Lenihan Grady & Steele
6 Canal Street, PO Box 541
Westerly, RI 02891-0541
Tel. No. (401) 596-0183
Fax No. (401) 596-6845

**The Festo Corporation**
c/o John A. Tarantino, Esquire
James R. Oswald, Esquire
Adler, Pollock & Sheehan
2300 Financial Plaza
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 751-0604

/s/ Susan O'Donnell   71659.1(HS-FP)

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105