ADLER POLLOCK & SHEEHAN P.C.

2300 Financial Plaza
Providence, RI 02903
Telephone 401-274-7200
Fax 401-751-0604 / 351-4607

175 Federal Street
Boston, MA 02110
Telephone 617-482-0600
Fax 617-482-0604
www.apslaw.com

January 19, 2004

**VIA FACSIMILE AND REGULAR MAIL**

Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Re: <u>Shawn Pouliot v. Paul Arpin Van Lines, Inc., et al. v. The Festo Corporation, et al.</u>, C.A. No. 3:02CV1302(DJS)

Dear Mike:

We exchanged voice-mail messages last week with respect to Plaintiff's failure to provide responses to <u>any</u> of Festo's First Set of Interrogatories and First Set of Document Requests. However, we did not reach any resolution regarding Plaintiff's failure to respond to the requested discovery. I set forth below certain of the reasons why Plaintiff's refusal to respond is unsupported and insufficient. Please consider this letter, and the message that I left you and that you responded to, my good-faith effort to resolve this dispute without Court intervention, as required under the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Connecticut.

<u>Interrogatories</u>

° <s>Nos. 2-11</s>

On December 16, 2003, Festo served a small number (14) of interrogatories on Plaintiff. Interrogatory Nos. 2-11 seek the basis for the various allegations made by Plaintiff against Festo in Plaintiff's Fifth Amended Complaint, and the identification of any documents in Plaintiff's possession, custody or control that support Plaintiff's allegations. As but one example, Interrogatory No. 5 requests Plaintiff to

> [e]xplain fully and in detail the factual basis for Plaintiff's claims that Festo "failed to provide a cargo ready for shipment on wheels with an adequately safe braking system on the Learnline 2000 unit at any time prior to the accident," as alleged in Paragraph 18(b) of Count Three of Plaintiff's Fifth Amended Complaint, and identify any documents in



STATE CAPITAL
GLOBAL LAW FIRM GROUP   A member of the State Capital Global Law Firm Group

## ADLER POLLOCK & SHEEHAN

your possession, custody or control in support thereof.

Plaintiff has refused to answer this (or any) of the interrogatories. Instead, in response to Interrogatory Nos. 2-11, Plaintiff makes the identical objection that the interrogatory is "overly broad and burdensome," and that "these are the facts that support the claim," and that the interrogatory is purportedly a "premature contention" that "should be served at the close of discovery." See, e.g., Plaintiff's Objection to Interrogatory No. 5.

Plaintiff's objections provide no basis for Plaintiff's refusal to provide the requested information. Plaintiff has brought direct claims against Festo in a case in which Plaintiff is claiming damages (in its offer of proof) of tens of millions of dollars. Simply stated, Festo is entitled to discover what, if any, evidence Plaintiff has (both information and documents) that support the allegations Plaintiff has asserted against Festo. The interrogatories are not overly broad, as each is directed at a specific claim, identified by paragraph, made by Plaintiff in his Fifth Amended Complaint. Nor is there any undue burden. Nor may Plaintiff simply refer to the allegations themselves as his support for the allegations. Finally, nothing requires Festo to wait until "the close of discovery" for this information, particularly when Festo needs this information before it takes Plaintiff's deposition. We again request a full response to these interrogatories.

°     No. 1

Interrogatory No. 1 requests Plaintiff to name "each of the persons who had any participation in the preparation of the answers to these Interrogatories, and for each, please provide that person's name, present home address, present business address, telephone number, and title and position." Plaintiff has refused to respond, claiming "attorney-client privilege." But the interrogatory does not invade the attorney-client privilege, as the requested information is simply not privileged. Festo is entitled to know who, if anyone, is the source of information that Plaintiff has yet to provide in response to Festo's interrogatories. We again request a full response to this interrogatory.

°     No. 12

Interrogatory No. 12 requests Plaintiff to "[i]dentify all exhibits that Plaintiff anticipates using at the trial of this matter." Plaintiff has refused to respond, claiming that his trial exhibits are "work product." Plaintiff does not claim that he has not determined what exhibits he will use at trial. Whatever exhibits Plaintiff ultimately

2

## ADLER POLLOCK & SHEEHAN

uses at trial is hardly work product. We again request a full response to this interrogatory.

○     No. 13

Interrogatory No. 13 requests Plaintiff to identify those individuals whom Plaintiff believes has or is likely to have discoverable information that Plaintiff may use to support his claims, and the nature of this information. Plaintiff has refused to respond, claiming that "the trial strategy and exhibits to be used are work product." Plaintiff's objection is not valid, as Interrogatory No. 13 seeks neither "trial strategy" nor "exhibits." Rather, the interrogatory seeks the identification of persons who have or may have discoverable information, which Festo is clearly entitled to. We again request a full response to this interrogatory.

○     No. 14

Interrogatory No. 14 seeks the identification of Plaintiff's trial experts; the identification of information and documents relied upon by those experts in reaching their conclusions; and related information. Plaintiff objects that the requested information is "work product" and that the information will otherwise be produced "if and when required by Rule 26." While Plaintiff has produced expert reports from Dr. Lawrence Forman and Dr. Gary M. Crakes, it appears from a review of those reports that Plaintiff has not provided all of the information requested in Interrogatory No. 14. Nor (as set forth below) has Plaintiff produced all of the documents relied upon by his experts. We again request a full response to this interrogatory.

### Document Requests

Concurrent with its First Set of Interrogatories, Festo served on Plaintiff a single document request, requesting Plaintiff to produce any documents identified in response to Festo's interrogatories. Plaintiff refused to identify or produce any documents, claiming that the document request is "overly broad and burdensome," and that the document request is "a premature contention and this Interrogatory [sic] should be served at the close of discovery."

Plaintiff's objection provides no basis for his refusal to produce any documents. Plaintiff has produced zero documents to Festo to date. Simply stated, Festo is entitled to whatever relevant documents Plaintiff has in his possession, custody or control. In particular, Plaintiff is entitled to the production of any documents that Plaintiff believes support his claims against

3

### ADLER POLLOCK @ SHEEHAN

Festo, and whatever documents relied upon by his experts. The request is neither overly broad nor unduly burdensome, as it is tied to documents specifically referenced in specific interrogatories from Festo to Plaintiff. The document request, on its face, is not an allegedly premature "contention interrogatory." Nothing requires Festo to wait until "the close of discovery" to obtain this information.

As to Plaintiff's experts, Plaintiff has failed to produce to Festo "all data, documents or other information" considered by Plaintiff's experts in forming their opinions" as required by the document request and Interrogatory No. 14. For example, Dr. Forman's report itself states that he reviewed "interviews" of Plaintiff; "Adjustment to Injury Scale" and "Job Description" documents completed by Plaintiff; "Medical Needs & Physical Assessment" forms completed by Drs. Slezak, Johnson, Dankoff and Cremer; Plaintiff's income tax returns; many industry publications; and a large number of medical records, none of which has been produced to Festo by Plaintiff. Likewise, Plaintiff has failed to produce much of the information listed as the basis of the opinion of the Plaintiff's other disclosed expert witness, Dr. Crakes. We again ask Plaintiff to produce the requested documents.

In conclusion, the requested discovery is basic, straightforward and unobjectionable. Festo is entitled to the requested discovery, and needs it to adequately prepare to defend against Plaintiff's direct claims against it in a case in which Plaintiff is claiming millions of dollars of damages. In addition, under the current pre-trial schedule, Festo and the other defendants must take the depositions of Plaintiff's experts no later than February 16, 2004. Festo needs the requested information and documents relating to Plaintiff's experts to be able to adequately prepare for those depositions. Finally, Festo needs the other information to be able to prepare for the continued deposition of Plaintiff, and any other depositions and discovery, that must be conducted prior to the April 16, 2004 discovery deadline.

4

## ADLER POLLOCK & SHEEHAN

We ask that you reconsider your position and provide the requested discovery forthwith. If you do not agree by the close of business on Wednesday, January 20, 2004 to produce the requested discovery, Festo intends to move the Court to compel Plaintiff to respond.

Sincerely,

JAMES R. OSWALD

JRO:ljv
Enclosure

cc:   Thomas J. Grady, Esq.
      Susan O'Donnell, Esq.
      John A. Tarantino, Esq.

284282_1

5

LAW OFFICES OF
# LENIHAN GRADY & STEELE
THE DENISON HOUSE
6 CANAL STREET
P.O. Box 541
WESTERLY, RHODE ISLAND 02891-0541

F. THOMAS LENIHAN*
THOMAS J. GRADY**
MARGARET L. STEELE**

MICHELLE A. BUCK*¹
MATTHEW J. CORCORAN***

TELEPHONE (401) 596-0183
FACSIMILE (401) 596-6945

*ADMITTED IN RI AND MA
**ADMITTED IN RI AND CT
***ADMITTED IN CT

*Via Facsimile*
November 18, 2003

Michael Stratton, Esquire
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Re: *Shawn Pouliot vs. Arpin Logistics, Inc. and Paul Arpin Van Lines, Inc.
v. Festo Corporation, Michael D. Kovac, Trans-Expo International and
Erica Ramirez in her capacity as employee of Trans-Expo International
Date of Accident: 10/23/01 at Waterbury, Connecticut*

Dear Mike:

We are in receipt of your Interrogatory Answers and Objections of October 2003. It is our position that these Objections are inadequate and in violation of this Court's June 27, 2003 Order approving in its entirety Arpin's May 21, 2003 Motion to Compel.

Attached is a draft of a Motion to Compel regarding these issues. We have not attached the relative exhibits as it is assumed you have them already. It is our position that we are entitled to this information.

We realize that by taking your position you have probably lost time in compiling answers to these interrogatories. We are willing to discuss a reasonable timetable toward providing these answers. We are eager to have them prior to the settlement conference in December. Please call if you wish to discuss resolution of this discovery dispute. Please respond by Friday, November 28, 2003, ten days from now with amended answers.

Very truly yours,

LENIHAN, GRADY & STEELE

Thomas J. Grady, Esquire

TJG/rcn
Enclosure
cc: Susan O'Donnell, Esq.
   Roland Moots, Jr., Esq.
   James Oswald, Esq.

Law Offices of
## LENTHAN GRADY & STEELE

The Dennison House
6 Canal Street
P.O. Box 541
Westerly, Rhode Island 02891-0541

F. Thomas Lenihan*
Thomas J. Grady**
Margaret L. Steele**

Michelle A. Buck**
Matthew J. Corcoran***

Telephone (401) 596-0183
Facsimile (401) 596-0040

*Admitted in RI and MA
**Admitted in RI and CT
***Admitted in CT

*Via Facsimile*
November 25, 2003

Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Re: *Shawn Pouliot vs. Arpin Logistics, Inc. and Paul Arpin Van Lines, Inc. v. Festo Corporation, Michael D. Kovac, Trans-Expo International and Erica Ramirez in her capacity as employee of Trans-Expo International*
Date of Accident: 10/23/01 at Waterbury, Connecticut

Dear Mike:

This is a letter following up on our November 18th letter regarding your objections to Arpin's interrogatories on which we had requested a response by November 28th, this Friday.

Please call if you wish to discuss resolution of this pending discovery dispute. Again, we are eager to have the information to which we believe we are entitled before the upcoming Settlement Conference on December 2nd.

Very truly yours,

LENIHAN, GRADY & STEELE

Thomas J. Grady, Esquire

TJG/rec
cc: Susan O'Donnell, Esq.
Roland F. Moots, Esq.
James Oswald, Esq.