UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED

| | | |
|---|---|---|
| SHAWN POULIOT, | : | 2004 JAN 29  P 12: 34 |
| Plaintiff, | : | |
| v. | : | C.A. No. 3:02 CV1302 (DJS) |
| | : | DISTRICT COURT |
| PAUL ARPIN VAN LINES, INC. | : | HARTFORD, CT. |
| AND ARPIN LOGISTICS, INC., | : | |
| THE FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL AND ERICA | : | |
| RAMIREZ,IN HER CAPACITY AS | : | |
| EMPLOYEE OFTRANS-EXPO | : | |
| INTERNATIONAL, | : | |
| Defendants. | : | January 27, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANT FESTO CORPORATION TO COMPEL PLAINTIFF'S RESPONSES TO FIRSTSET OF INTERROGATORIES AND FIRST SET OF DOCUMENT REQUESTS

Pursuant to Rule 37 of the Federal Rules of Civil Procedure and Rule 37 of the Local Rules of the United States District Court for the District of Connecticut, Defendant The Festo Corporation ("Festo") respectfully submits this Memorandum of Law in support of its Motion to Compel Plaintiff's Responses to Festo's First Set of Interrogatories and First Set of Document Requests (the "Motion to Compel").

### PROCEDURAL HISTORY RELEVANT TO THE MOTION TO COMPEL

On December 16, 2003, Festo served on Plaintiff its First Set of Interrogatories (attached hereto as **Exhibit A**) and its First Set of Document Requests (attached hereto as **Exhibit B**). The interrogatories and document requests are Festo's only discovery to date directed to Plaintiff.

The 14 interrogatories propounded by Festo are simple and to-the-point: they seek (1) seek the basis for specific allegations (cross-referenced in the interrogatories to specifically-

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

referenced paragraphs) against Festo in Plaintiff's Fifth Amended Complaint, and the identification of any documents in Plaintiff's possession, custody or control that support Plaintiff's allegations (Interrogatory Nos. 2-11); the identity and other information concerning the persons who participated in the preparation of the answers to the interrogatories (Interrogatory No. 1); identification of Plaintiff's trial exhibits (Interrogatory No. 12); identification of persons whom Plaintiff believes has or is likely to have discoverable information that Plaintiff may use to support his claims, and the nature of this information (Interrogatory No. 13); and identification of Plaintiff's trial experts, of information and documents relied upon by those experts in reaching their conclusions, and related information (Interrogatory No. 14).  See Exhibit A.

The single document request propounded by Festo request is similarly simple and concise:  it requests Plaintiff to produce those documents identified in response to Festo's 14 interrogatories.  See Exhibit B.

On January 5, 2004, Plaintiff served his Objections to Defendant Festo Corporation's First Set of Interrogatories Dated Dec. 16, 2003 (Plaintiff's "Objections to Interrogatories," attached hereto as **Exhibit C**) and his Objections to Defendant Festo Corporation's First Set of Document Requests Dated Dec. 16, 2003 (Plaintiff's "Objections to Document Requests," attached hereto as **Exhibit D**).

Plaintiff's Objections to Interrogatories and Objections to Document Request constitute blanket objections to the entirety of Festo's discovery.  Plaintiff has thus refused to provide a response to any Festo interrogatory, and has refused to provide Festo with any documents, in an action in which Plaintiff is claiming damages in the tens of millions of dollars.

2

As set forth below, Plaintiff's objections to the basic discovery propounded by Festo are groundless. Festo is entitled to the discovery it seeks to defend itself against Plaintiff's multi-million dollar claims. The Court should grant the Motion to Compel.

## ARGUMENT

### THE MOTION TO COMPEL SHOULD BE GRANTED BECAUSE PLAINTIFF'S OBJECTIONS TO FESTO'S BASIC DISCOVERY ARE WITHOUT BASIS

Although Plaintiff has seen fit to bring direct claims against Festo in this action for millions of dollars of damages, Plaintiff has unilaterally refused to provide Festo with any discovery related to those claims. As noted, Plaintiff has not answered a single interrogatory or produced a single document to Festo in this action.

Plaintiff's objections to Festo's First Set of Interrogatories and First Set of Document Requests are without merit. Plaintiff should be ordered to provide complete responses to Festo's discovery.

I.    PLAINTIFF'S OBJECTIONS TO FESTO'S FIRST SET OF
      INTERROGATORIES ARE INADEQUATE AND WITHOUT BASIS

   A.    Interrogatory Nos. 2-11

Interrogatory Nos. 2-11 seek the basis for the various allegations made by Plaintiff against Festo in Plaintiff's Fifth Amended Complaint, and the identification of any documents in Plaintiff's possession, custody or control that support Plaintiff's allegations. As but one example, Interrogatory No. 5 requests Plaintiff to

> [e]xplain fully and in detail the factual basis for Plaintiff's claims that Festo "failed to provide a cargo ready for shipment on wheels with an adequately safe braking system on the Learnline 2000 unit at any time prior to the accident," as alleged in Paragraph 18(b) of Count Three of Plaintiff's Fifth Amended Complaint, and identify any documents in your possession, custody or control in support thereof.

See Exhibit A.

3

Plaintiff has refused to answer this (or any) of the interrogatories. Instead, in response to Interrogatory Nos. 2-11, Plaintiff makes the identical objection that the interrogatory is "overly broad and burdensome," and that "these are the facts that support the claim," and that the interrogatory is purportedly a "premature contention" that "should be served at the close of discovery." See, e.g., Plaintiff's Objection to Interrogatory No. 5.

Plaintiff's objections provide no basis for Plaintiff's refusal to provide the requested information. Plaintiff has brought direct claims against Festo in a case in which Plaintiff is claiming damages (in its Offer of Proof) of tens of millions of dollars. Simply stated, Festo is entitled to discover what, if any, evidence Plaintiff has (both information and documents) that support the allegations Plaintiff has asserted against Festo. The interrogatories are not overly broad, as each is directed at a specific claim, identified by paragraph, made by Plaintiff in his Fifth Amended Complaint. Plaintiff makes no effort to identify the purported "undue burden" – nor could he, as there is none.

Plaintiff's tautological explanation that the allegations themselves are his support for the allegations is hardly a valid objection. Finally, nothing requires Festo to wait until "the close of discovery" for this information, particularly when Festo needs this information before it takes Plaintiff's deposition, and the depositions of Plaintiff's experts.

There is no question that the interrogatories are "reasonably calculated to lead to the discovery of admissible evidence." See Fed.R.Civ.P. 26(b)(1). Plaintiff's objections to Interrogatory Nos. 2-11 are without merit. Plaintiff should be ordered to provide complete responses to these interrogatories.

B.    Interrogatory No. 1

Interrogatory No. 1 requests Plaintiff to name "each of the persons who had any

participation in the preparation of the answers to these Interrogatories, and for each, please

provide that person's name, present home address, present business address, telephone number,

and title and position." Plaintiff has refused to respond, claiming "attorney-client privilege."

Plaintiff's objection is simply wrong. The interrogatory does not invade the attorney-

client privilege, as the requested information is simply not privileged. Festo is entitled to know

who, if anyone, is the source of information that Plaintiff has yet to provide in response to

Festo's interrogatories. Festo may seek to take discovery from these persons, in order to find out

what information Plaintiff has (or does not have) in support of his allegations against Festo.

Again, the information sought is clearly "reasonably calculated to lead to the discovery of

admissible evidence" under Fed.R.Civ.P. 26(b)(1).

Plaintiff's objections to Interrogatory No. 1 are without merit. Plaintiff should be ordered

to provide a complete response to this interrogatory.

C.    Interrogatory No. 12

Interrogatory No. 12 requests Plaintiff to "[i]dentify all exhibits that Plaintiff anticipates

using at the trial of this matter." Plaintiff has refused to respond, claiming that his trial exhibits

are "work product." Plaintiff does not claim that he has not determined what exhibits he will use

at trial. Whatever exhibits Plaintiff ultimately uses at trial is hardly work product. Plaintiff's

objection to this interrogatory is without merit, and Plaintiff should be ordered to provide a

complete response.

D.    Interrogatory No. 13

Interrogatory No. 13 requests Plaintiff to identify those individuals whom Plaintiff

believes has or is likely to have discoverable information that Plaintiff may use to support his

claims, and the nature of this information. Plaintiff has refused to respond, claiming that "the

trial strategy and exhibits to be used are work product." Plaintiff's objection is not valid, as Interrogatory No. 13 seeks neither "trial strategy" nor "exhibits." Rather, the interrogatory seeks the identification of persons who have or may have discoverable information, which Festo is entitled to, and which is reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's objection to this interrogatory is without merit. Plaintiff should be ordered to provide a complete response to this interrogatory.

     E.    <u>Interrogatory No. 14</u>

Interrogatory No. 14 seeks the identification of Plaintiff's trial experts; the identification of information and documents relied upon by those experts in reaching their conclusions; and related information. Plaintiff objects that the requested information is "work product" and that the information will otherwise be produced "if and when required by Rule 26."

While Plaintiff has produced expert reports from Lawrence Forman, Gary M. Crakes and Roland Ruhl, it is clear from a review of those reports that Plaintiff has not provided all of the information requested in Interrogatory No. 14. For example, Plaintiff has not identified all assumptions made by his experts in forming their opinions. Nor (as set forth below) has Plaintiff produced all of the documents relied upon by his experts.

Under the Court's current Scheduling Order, Festo and the other defendants must complete the depositions of Plaintiff's experts by February 16, 2004. Festo will be prejudiced if it is obliged to take depositions of Plaintiff's experts without Plaintiff's complete discovery responses. (Festo and the other defendants have filed a Motion to Extend Time to Depose Plaintiff's Experts, based in part on Plaintiff's failure to provide complete discovery.) Plaintiff should be ordered to provide a complete response to Interrogatory No. 14.

II.    PLAINTIFF'S OBJECTIONS TO FESTO'S FIRST SET OF DOCUMENT
REQUESTS ARE LIKEWISE INADEQUATE AND WITHOUT BASIS

Concurrent with its First Set of Interrogatories, Festo served on Plaintiff a single

document request, requesting Plaintiff to produce any documents identified in response to

Festo's interrogatories.  Plaintiff refused to identify or produce any documents, claiming that the

document request is "overly broad and burdensome," and that the document request is "a

premature contention and this Interrogatory [sic] should be served at the close of discovery."

Plaintiff's objection provides no basis for his refusal to produce any documents.  Plaintiff

has produced zero documents to Festo to date.  Simply stated, Festo is entitled to whatever

relevant documents Plaintiff has in his possession, custody or control.  In particular, Plaintiff is

entitled to the production of any documents that Plaintiff believes support his claims against

Festo, and whatever documents relied upon by his experts.

Contrary to Plaintiff's objection, the request is neither overly broad nor unduly

burdensome, as it is tied to documents specifically referenced in specific interrogatories from

Festo to Plaintiff.  The document request, on its face, is not an allegedly premature "contention

interrogatory."  Nothing requires Festo to wait until "the close of discovery" to obtain this

information.  The documents requested are relevant and reasonably calculated to lead to the

discovery of admissible evidence.

As to Plaintiff's experts, Plaintiff has failed to produce to Festo "all data, documents or

other information" considered by Plaintiff's experts in forming their opinions" as required by the

document request and Interrogatory No. 14.  For example, Dr. Forman's report itself states that

he reviewed "interviews" of Plaintiff; "Adjustment to Injury Scale" and "Job Description"

documents completed by Plaintiff; "Medical Needs & Physical Assessment" forms completed by

Drs. Slezak, Johnson, Dankoff and Cremer; Plaintiff's income tax returns; many industry

7

publications; and a large number of medical records, <u>none</u> of which has been produced to Festo by Plaintiff. Likewise, Plaintiff has failed to produce much of the information listed as the basis of the opinion of the Plaintiff's other disclosed expert witness, Dr. Crakes.

As noted above, under the current Scheduling Order, Festo will take the deposition of Plaintiff's experts no later than February 16, 2004. Festo will be prejudiced if forced to take the depositions of Plaintiff's experts – who apparently will provide the bases for Plaintiff's multi-million dollar claims against Festo and the other defendants – without production of documents ostensibly supporting Plaintiff's claims and his experts' conclusions.

Festo is entitled to production of the requested documents. Plaintiff should be ordered to produce the requested materials.

## CONCLUSION

For the foregoing reasons, Festo respectfully requests that its Motion to Compel Plaintiff's Responses to Festo's First Set of Interrogatories and First Set of Document Requests be granted.

Respectfully submitted,

THE FESTO CORPORATION,
By Its Attorneys,

JOHN A. TARANTINO, #15980
JAMES R. OSWALD, #20936
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI  02903-2443
Tel:  (401) 274-7200
Fax: (401) 751-0604/351-4607
January 27, 2004

## **CERTIFICATION**

TO:   Michael A. Stratton, Esq.            Thomas J. Grady, Esq.
         Stratton Faxon                      Lenihan, Grady & Steele
         59 Elm Street                     6 Canal Street
         New Haven, CT 06510         P.O. Box 541
                                           Westerly, RI 02891

         Roland F. Moots, Jr., Esq.        Susan O'Donnell, Esq.
         Moots, Pellegrini, Mannion, Martindale    Halloran & Sage
           & Dratch                        One Goodwin Square
         46 Main Street                   225 Asylum Street
         New Milford, CT 06776       Hartford, CT 06103

     I hereby certify that I caused a true copy of the within, to be served on the above-named counsel of record, via regular mail, on this 27th day of January, 2004.

*285042_1*