UNITED STATES DISTRICT COURT FILED
DISTRICT OF CONNECTICUT

2004 FEB 10  A 8: 35

U.S. DISTRICT COURT
HARTFORD, CT.

|  |  |  |
|---|---|---|
| SHAWN POULIOT, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | No. 3:02CV1302(DJS) |
| PAUL ARPIN VAN LINES, INC. | : | |
| AND ARPIN LOGISTICS, INC. | : | |
| | : | |
| v. | : | |
| | : | |
| FESTO CORPORATION, MICHAEL D. | : | |
| KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL AND ERICA | : | |
| RAMIREZ IN HER CAPACITY AS | : | |
| EMPLOYEE OF TRANS-EXPO | | |
| INTERNATIONAL | | |
| **Defendants.** | | |

## MEMORANDUM OF DECISION

Plaintiff Shawn Pouliot ("Pouliot") brings this action against Paul Arpin Van Lines, Inc.

and Arpin Logistics, Inc. (hereafter "Arpin") and third-party defendants Festo Corporation

("Festo"), Michael D. Kovac ("Trans-Expo") and Erica Ramirez ("Ramirez") based on state torts

sounding in negligence and recklessness. Arpin brings claims as third-party plaintiff and cross-

claims as co-defendant against Festo, Trans-Expo and Ramirez. The parties are present in this

court on diversity jurisdiction under 28 U.S.C. §1332. Festo has filed a motion for judgment on

the pleadings under Federal Rule of Civil Procedure 12(c). This motion was renewed and

incorporated into the motion to dismiss filed in response to Arpin's Answer and amended Cross-

Claims filed with the court December 18, 2003.  The motion for judgment on the pleadings **[doc.**

**#222]** is **DENIED** as moot. The court will address all arguments made by the parties in its

consideration of the motion to dismiss. Festo's motion to dismiss **[doc. #241]** is **GRANTED in part and DENIED in part**.

## I. FACTS

The following facts are alleged in the complaint. On or about October 23, 2001, Shawn Pouliot, a truck driver, was hired by Arpin to pick up a Learnline 2000 unit from Festo Corporation in Hauppauge, New York, and deliver the equipment to Nuagatuck Valley Community College in Waterbury, Connecticut. Pouliot is an independent truck driver–he leases his truck to a commercial shipper such as Arpin and works on its behalf under conditions determined in his lease agreement. On the night of October 23, Pouliot was not driving a truck owned by him but rather was driving a truck provided by Arpin. Pouliot picked-up the Learnline 2000 in New York and safely delivered the equipment to Waterbury. During the course of unloading the Learnline 2000 unit, the device fell onto Pouliot causing permanent and severe injuries to his spinal cord and rendering him paraplegic.

## II. STANDARD OF REVIEW

When considering a Rule 12(b)(6) motion to dismiss, the court accepts as true all factual allegations in the complaint and draws inferences from these allegations in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir. 1996). Under Rule 12(b)(6), dismissal is warranted only if, under any set of facts that the plaintiff can prove consistent with the allegations, it is clear that no relief can be granted. Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Cooper v. Parsky, 140 F.3d 433,

440 (2d Cir. 1998). "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." United States v. Yale New Haven Hosp., 727 F. Supp. 784, 786 (D. Conn. 1990) (citing Scheuer, 416 U.S. at 232). In its review of a motion to dismiss, the court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transp. Local 504, 992 F.2d 12, 15 (2d Cir. 1993).

## III. DISCUSSION

Festo brings this motion to strike or dismiss sixteen of Arpin's forty cross-claims. Festo has grouped the cross-claims by topic, and the court will address each argument according to the distinctions made by Festo in its motion.

### A. Arpin's Cross-Claims for Apportionment

Festo argues that cross-claim counts Five, Six, Thirteen and Fourteen should be dismissed as legally insufficient. Specifically, Trans-Expo suggests that Arpin's apportionment claims are barred by this court's prior ruling **[doc. #97]** where the court held that Arpin's failure to bring claims of apportionment against Festo within the 120-day limit provided in Connecticut General Statute §52-102b(a) deprived the court of jurisdiction. Alternately, Festo cites the text of C.G.S. §52-102b(a), which permits apportionment claims to be brought only against non-parties.[1]

_____

[1]"A defendant...may serve a writ...upon a person not a party to the action..." C.G.S. §52-102b(a).

Arpin responds that there is a split in the Connecticut courts as to whether apportionment claims may be brought as cross-claims against co-defendants in a suit, and further that this issue is a matter of first impression unresolved in the Second Circuit.

The court will not decide the issue of Arpin's ability to raise previously barred apportionment claims as permissive cross-claims under Rule 13. The text of Connecticut's statute makes that decision unnecessary. Under General Statute §52-102b(a) apportionment claims may not be brought against parties to an action. The purpose of this provision is to allow a defendant to bring a non-party into the case for apportionment purposes. The logic underlying this restriction is evident in the language of C.G.S. §52-102b(c), which provides that notice of apportionment is unnecessary where the person against whom apportionment is sought was previously a party to the action. The apportionment claim under §52-102b is clearly designed to provide the court with notice that the defendant may not be wholly liable.

Pouliot brought Festo into this case as a defendant and placed the court on notice that liability could be subject to apportionment among Arpin, Festo and any other defendants joined as parties to this case. The language of the statute is plain that an apportionment claim is barred under these circumstances and there is no need for this court to carve out the exceptions urged by Arpin. The four cross-claim counts seeking apportionment against Festo are dismissed under Rule 12(b)6 as legally insufficient.[2]

---

[2]The Court notes that it reads the Connecticut Statutes regarding apportionment in accord with the analysis of the court in <u>Richard Gallagher, Jr. v. Square D Co., et. al.</u>, 33 Conn.L.Rptr. 67 (Conn.Super. Aug. 27, 2002). Thus, nothing in the court's opinion should be construed as a bar to Arpin presenting to the finder of fact for consideration at trial the issue of the apportionment of damages.

-4-

## B. Arpin's Cross-Claims for Contribution

Festo argues that counts Seven, Eight, Fifteen, and Sixteen of Arpin's cross-claims should be dismissed as unripe. Festo submits that Connecticut law prohibits claims for contribution until after a judgment of damages and a finding that contribution would be appropriate. Therefore, the court may not entertain Arpin's claims until after rendering a judgment.

There is no doubt, in this case, that this court may entertain the question of contribution–only a doubt as to the appropriate time to raise the issue. Where a federal rule of civil procedure is on point and the application of the federal rule would not alter the enforcement of state substantive law–but merely its mode of enforcement–this court is bound to apply the federal rules. Hanna v. Plummer, 380 U.S. 460 (1965). Federal Rule 13(g) permits cross-claims against any party "whom it is asserted is or *may be* liable to the cross-claimant"(emphasis added). The Second Circuit has held that the exact same language in Rule 14(a) permits impleader of a party on a not-yet-accrued contribution claim as a "contingent" claim. Andrulonis v. United States, 26 F.3d 1224, 1233 (2d. Cir. 1994). The court, under Rule 14(a), is required to consider the contingency of the claim when fashioning a final judgment. Id. at 1234.

This court can find no reason why the Second Circuit's interpretation of Rule 14(a) should not also apply to Rule 13(g). If Arpin may join Festo to the case, with all the expense and difficulty entailed, on a contingent contribution claim, there is no basis for dismissing Arpin's contingent contribution cross-claim against Festo. So long as this court applies Connecticut law regarding contribution when it fashions a judgment, then there is no harm in permitting Arpin to raise its claim now for consideration at the appropriate stage of the proceedings. Federal Rule

13(g) governs these claims, and the court will permit the cross-claims for contribution. The motion to dismiss is denied with respect to the contribution claims.

**C. Arpin's Cross-Claims for Contribution in Vicarious Liability**

Festo also argues that cross-claim counts Eight and Sixteen should be dismissed because Connecticut law does not recognize a right of contribution in vicarious liability.

Festo's argument is based on a misunderstanding of Arpin's claim and also Connecticut law, specifically the analysis of the Connecticut Supreme Court in <u>Alvarez v. New Haven Register, Inc.</u>, 735 A.2d 306 (Conn. 1999) cited by Festo in its memorandum. The Supreme Court in <u>Alvarez</u> held that when an injured party releases all of his claims against an agent, he also releases all of his claims against the principal because the principal's liability is derivative of the agent's liability. The Court based its holding on the common law rule of agency that "when a plaintiff brings a claim against a principal based solely upon the tortious conduct of the agent, the plaintiff cannot recover any more compensatory damages from the principal than it could from the agent." <u>Alvarez</u>, 735 A.2d at 314. Arpin does not, however, seek such duplicative contribution.

The Court in <u>Alvarez</u> noted that the plaintiff seeking to recover from an agent and principal may bring an action against either the agent, or the principal or both parties. <u>Alvarez</u>, 735 A.2d at 311. Here, Arpin is merely exercising its option to seek recovery from both the agent and the principal, although recovery from one may preclude recovery from the other. The ultimate distribution of damages is not presently an issue–only the right to plead is in doubt now, and Arpin has the right to plead a claim for contribution against both Festo and Trans-Expo, even

if only Trans-Expo is alleged to have been negligent. Indeed, given that Festo, as principle, can

be liable only vicariously, Arpin's pleading would likely be deficient if it did not allege that

Trans-Expo was an agent of Festo and that Trans-Expo was negligent. Arpin's claims for

contribution against Festo are proper and they must be based on vicarious liability. Festo's

motion is denied with respect to the contribution claims.


**D. Arpin's Cross-Claims for Common Law Indemnification**

Festo argues that counts One, Two, Three, Four, Nine, Ten, Eleven and Twelve of

Arpin's cross-claims should be dismissed for failure to state a claim under Rule 12(b)(6).

Specifically, Festo contends that Arpin's pleadings do not show that Festo was in exclusive

control of the situation that caused Pouliot's injuries. The exclusive control standard is one of

four prongs of the test for a common law claim of indemnification in Connecticut, but it is the

only standard Festo relies on and so it is the only standard the court will consider.

The Connecticut Supreme Court has held that the question of exclusive control is

ordinarily a question of fact. Skuzinski v. Bouchard Fuels, Inc., 694 A.2d 788, 794 (Conn. 1997).

The exclusive control test can be construed as a matter of law under "special circumstances." Id.

The Connecticut Supreme Court has not defined these special circumstances, but the Skuzinski

decision did note that a decision on the exclusive control issue was appropriate because, in that

case, it did not "turn upon any meaningful dispute about the alleged facts." Skuzinski, 694 A.2d

at 794. The Court in Skuzinski also declared it to be a "rare example." Id. Unlike Skuzinski,

where the parties acknowledged negligence and disputed only causation, the facts of this case are

very much in dispute. Festo disputes its relationship with Trans-Expo, the alleged deficiencies in

the Learnline 2000 unit and the extent to which those deficiencies contributed to or caused Pouliot's injuries. Neither Festo nor Arpin can be said to agree on the extent or existence of negligence and its impact. This case does not fit comfortably in the rare example tent raised by the Skuzinski court.

Further, even if this court treats the facts as undisputed, Festo cannot satisfy the test for determining exclusive control as a matter of law as established in Skuzinski. A moving party must show that no reasonable jury could find that the defendant had exclusive control over the situation. Skuzinski, 694 A.2d at 794. The Connecticut Supreme Court defines "exclusive control over the 'situation' as exclusive control over the dangerous condition that gives rise to the accident." Id.. Arpin, and Pouliot, allege that the accident in this case was caused, at least in part, by misrepresentations about the weight of the Learnline 2000 unit and by inadequacies in the Learnline unit's brakes. A reasonable jury could conclude that Festo, as the manufacturer of the Learnline 2000 unit, had exclusive control over the dangerous conditions that led to the accident and Pouliot's injuries.

The court must construe all allegations in the complaint in the light most favorable to the non-moving party when considering a motion under Rule 12(b)(6). Here, Arpin could argue that Pouliot's injuries were caused solely by negligence on the part of Festo and thus Arpin should be indemnified by Festo for any damages it is forced to pay. "The issue on a motion to dismiss is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his or her claims." Yale New Haven Hosp., 727 F. Supp. at 786 (citing Scheuer, 416 U.S. at 232). Festo has failed to show that Arpin should not be permitted to prove its potentially valid claims. The motion to dismiss the eight cross-claim counts for common law indemnification is

-8-

denied.

### E. Arpin's Cross-Claims for Equitable Indemnification

Festo argues that cross-claim counts Three, Four, Eleven and Twelve fail to state a claim upon which relief can be granted under Rule 12(b)(6). Arpin claims "equitable indemnification" under these counts, arguing that this court should fashion a remedy of indemnification on Arpin's behalf should Arpin's claims for common law indemnification prove inadequate.

A claim for equitable relief shall not be maintained in the courts of the United States in any case where a plain, adequate and complete remedy is available at law. Matthews v. Rodgers, 284 U.S. 521, 525 (1932); Potwora v. Dillon, 386 F.2d 74, 77 (2d. Cir. 1967). Arpin cites no law that supports its claim for equitable relief. Further, the court can find no basis for concluding that the remedies available in law are inadequate to provide relief. Therefore, Arpin has failed to meet its burden for bringing a claim of equitable relief in federal court. The four cross-claim counts seeking equitable indemnification are dismissed for failure to state a claim upon which relief can be granted.

### IV. CONCLUSION

Festo's motion to dismiss Arpin's cross-claims is **GRANTED** in part and **DENIED** in part. The cross-claim counts Five, Six, Thirteen and Fourteen of the cross-claims for apportionment are dismissed pursuant to Rule 12(b)(6). Counts Three, Four, Eleven and Twelve for equitable indemnification are also dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The remainder of Festo's motion is denied.

**IT IS SO ORDERED** at Hartford, Connecticut this 9th day of February, 2004.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE