UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT, <br> Plaintiff, <br><br> V. <br><br> PAUL ARPIN VAN LINES, INC., ET AL. | ) <br> ) <br> ) CIVIL ACTION NO <br> ) 3:02 CV 1302 (DJS) <br> ) <br> ) <br> ) FEBRUARY 25, 2004 |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ARPIN'S MOTION TO COMPEL

Pursuant to D.Conn L. R. Civ. P. 7(a)(1) & 37(a)(3), the plaintiff files this memorandum in opposition to Arpin's motion to compel. The bases for the opposition to the motion are threefold: 1. precedent in this district indicates that contention interrogatories are more properly served after discovery is completed or nearly complete (Interrogatories 1-14) (which has not yet occurred); 2. Arpin's requests are controlled by the presently operative scheduling order that provides for the timing of service and production of plaintiff's expert reports detailing the information sought in the discovery requests (1-14 and associated document requests); and 3. much of the information Arpin seeks (Interrogatories 1-14 and associated document requests) (such as trial exhibits, witness list and the like) are governed by the Trial Memorandum requirement of the Local Rules. For these reasons, the plaintiff requests the court to deny the motion to compel and require that the answers and information sought by Arpin be produced at the appropriate time and in the appropriate manner as prescribed in the Local Rules.

With respect to contention interrogatories 1-14, the plaintiff readily concedes that he is required to respond to them, however, the timing of the response is the issue. As Judge Eginton indicated in McCarthy v. Paine Webber,

Inc., 168 F.R.D. 448, 450 (D.Conn. 1996), contention interrogatories are properly answered near or at the close of discovery. See Fed. R. Civ. P. 33(c). Moreover, it is highly likely that Arpin can obtain an answer to these questions by simply asking the expert at his deposition. See Woodward v. Town of Brattleboro, No. 1:02cv35 (D.Vt. July 22, 2003) (denying motion to compel and for sanctions where contention interrogatories were answered through expert testimony). Thus, it will save the parties resources if the information sought is elicited from the plaintiff's experts at deposition. Thereafter, if necessary, the plaintiff can fully respond to the interrogatories so as to narrow the issues for trial. McCarthy, 168 F.R.D. at 449.

With respect to the production of expert information, the parties are presently scheduling the depositions of the experts. All non-privileged components of their files will be made available for review at the depositions in accordance with standard practice and in accordance with Fed. R. Civ. P. 26(a)(2). The plaintiff will certainly provide the files relied upon by the experts at the time of the deposition.

Lastly, Arpin seeks things such as trial exhibits (virtually all of which have not yet been prepared) that will be produced in accordance with the Trial Memorandum that must be filed and served in accordance with the Local Rules. The responses to these interrogatories should await the case maturing to the proper point when the information can be sensibly prepared and produced in accordance with the Local Rules.

WHEREFORE the motion to compel should be denied.

                                                    THE PLAINTIFF

                                            BY _____
                                               Michael A. Stratton
                                               Stratton Faxon
                                               59 Elm Street
                                               New Haven, CT 06510
                                               Federal Bar No. ct 16255
                                               Tel: (203) 624-9500
                                               Fax: (203) 624-9100
                                               mstratton@strattonfaxon.com

## CERTIFICATION

This is to certify that a copy of the foregoi has been forwarded via U.S regular first class mail, on this day to:

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891
06103
Fax No. (401) 596-6845

**Clerk's Office**
**United States District Court**

**District of Connecticut**
450 Main Street
Hartford, Connecticut

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319
Fax No. (860) 355-8487

**Susan O' Donnell, Esq.**
**Halloran & Sage, LLP**
One Goodwin Square
Hartford, CT 06103
Fax No. (860) 548-0006

**James R. Oswald, Esq.**
**Adler, Pollock & Sheehan, PC**
2300 Financial Plaza
Providence, RI 02903-2443
Fax No. (401) 751-0604/351-4607

_____
Michael A. Stratton

4