FILED

2004 MAR -2 A 9: 34

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02 CV1302 (DJS) |
| | : | |
| v. | : | |
| | : | |
| PAUL ARPIN VAN LINES, INC. AND | : | |
| ARPIN LOGISTICS, INC. | : | |
|     Defendants/Third-Party Plaintiffs | : | |
|     Cross-Claim Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL, AND ERICA RAMIREZ | : | |
| IN HER CAPACITY AS EMPLOYEE | : | |
| OF TRANS-EXPO INTERNATIONAL | : | |
|     Defendants/Third-Party Defendants | : | MARCH 1, 2004 |

***MEMORANDUM OF LAW IN SUPPORT OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S MOTION FOR LEAVE TO WITHDRAW ARPIN'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFF'S ANSWERS TO DEFENDANT/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S SECOND SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF, SHAWN POULIOT AND MOTION TO COMPEL COMPLIANCE WITH DEFENDANTS/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S FIFTH REQUEST FOR DOCUMENTS***

Pursuant to Local Rule 7(d), Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.

(hereinafter "Arpin") submit this Memorandum of Law in Support of Paul Arpin Van Lines, Inc.

1

and Arpin Logistics, Inc.'s Motion For Leave to Withdraw Arpin's Motion to Compel More Responsive Answers To Plaintiff's Answers to Defendant/Third-Party Plaintiffs/Cross-Claim Plaintiffs Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.'s Second Set of Interrogatories Propounded to Plaintiff, Shawn Pouliot and Motion to Compel Compliance with Defendants/ Third-Party Plaintiffs/Cross-Claim Plaintiffs Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.'s Fifth Request For Production. The motion was labeled as **(Doc. #262)** and the memorandum of law was labeled as **(Doc. #263)**.

## I.    RELEVANT PROCEDURAL HISTORY

On February 25, 2004, Arpin filed a Motion to Compel along with a Memorandum of Law with the Court. This Motion sought to compel the Plaintiff to respond to Arpin's Second Set of Interrogatories and Arpin's Fifth Request for Production of Documents.

On February 26, 2004 Arpin received by facsimile transmission from the Plaintiff a Motion for Sanctions. One ground for this Motion was Arpin's alleged violation of Local Rule 68 by referring to Plaintiff's Offer of Judgment in the February 25, 2004 Motion to Compel. See **(Doc.# 262)** and **(Doc.#263)**.

## II.    LAW AND ARGUMENT

Arpin expressly objects to Plaintiff's allegation regarding Local Rule 68. First, nothing within Local Rule 68 forbids counsel's disclosure of the Offer of Judgment amount. Second, if

Plaintiff wanted to maintain the confidentiality of his Offer of Judgment he should have moved

to have it sealed pursuant to Local Rule 5(d)(1).  In relevant part, Rule 5(d)(1)  reads,

> Counsel seeking to file a document under seal, shall file a motion and shall
> attached to the motion the document to be sealed.  The document shall be
> submitted in an unsealed envelope, bearing the caption of the case, the case
> number, and the captions of the document to be sealed. . . .Until such document is
> ordered sealed, the document shall be treated as a public document subject to
> public inspection.  In the alternative, counsel can seek advance permission of the
> Court to file a document under seal without submitting the document to be sealed.

Plaintiff never moved to have this document sealed.  At the time Arpin filed its Motion to

Compel the Offer of Judgment was a public document.  The Plaintiff cannot ignore the course of

action required by Local Rule 5(d) to seal a document and afterwards move for sanctions based

on a violation of Local Rule 68, which itself contains no provision requiring counsel to keep

such documents confidential.

Nonetheless, Arpin chooses to exercise its right pursuant to Fed.R.Civ.P. 11(c) (1)(A) to

withdraw the allegedly objectionable portion of its Motion to Compel.

Fed.R.Civ.P. 11(c)(1)(A) provides:

> A motion for sanction under this rule shall be made separately from other motions
> or requests and shall describe the specific conduct alleged to violate subdivision
> (b).  It shall be served as provided in Rule 5 but shall not be filed with or
> presented to the court unless, within 21 days after service of the motion (or such
> other period as the court may prescribe), the challenged paper, claim, defense,
> contention, allegation, or denial is not withdrawn or appropriately corrected.
> [emphasis added]

The Second Circuit has strictly construed this section of the federal rules.

"The 1993 Amendment to Rule 11 "is intended to remedy problems that ha[d] arisen" under the 1983 version of the Rule and is expected to reduce the number of motions for sanctions presented to the court." Advisory committee note on 1993 amendment. The new Rule liberalizes the standard for compliance and provides procedural safeguards to enable parties to avoid sanctions. See 2A Moore's Federal Practice ¶ 11.02[1] at 11-23 (2d.Ed. 1994). Of particular relevance here, the 1993 amendment establishes a "safe harbor" of 21 days during which factual or legal contentions may be withdrawn or appropriately corrected in order to avoid sanction. Fed.R.Civ.P. 11(c) (1)(A)." Hadges v. Yonkers Racing Corp., 48 F.3d 1320, 1328 (2nd Cir. 1995).

The Second Circuit strictly construes this "safe harbor" provision to allow a party to withdraw objectionable or allegedly objectionable pleadings. See Puccio v. Town of Oyster Bay, 229 F.Supp.2d 173, 178 (E.D.N.Y. 2002).

By this Motion for Leave to Withdraw, Arpin exercises it right to withdraw its Motion to Compel and accompanying Memorandum of Law **(Doc. # 262)** and **(Doc. #263)**. Arpin prays that the Court grant the requested relief.

By their attorney:

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
**LENIHAN, GRADY & STEELE**
6 Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this ___ day of March 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443