FILED

2004 MAR -2 A 9:32

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT<br>    Plaintiff | : CIVIL ACTION<br>: NO. 3:02 CV1302 (DJS)<br>: |
| v. | : |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs | :<br>:<br>: |
| v. | : |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: MARCH 1, 2004 |

### PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S REVISED MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFF'S ANSWERS TO DEFENDANT/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S SECOND SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF, SHAWN POULIOT AND MOTION TO COMPEL COMPLIANCE WITH DEFENDANTS/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S FIFTH REQUEST FOR DOCUMENTS

Pursuant to Rule 37(a)(2)(B), the Defendants/Third-Party Plaintiffs/Cross-Claim

Plaintiffs Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereafter "Arpin") hereby

move to compel more responsive answers to Arpin's Second Set of Interrogatories Propounded to Plaintiff, Shawn Pouliot and to compel compliance with Arpin's Fifth Request For Production of Documents.

The grounds for such motion include:

(1) Plaintiff may not answer an interrogatory by making reference to the pleadings and depositions. Even if the Court finds such an answer generally acceptable, the Plaintiff is at the very least obligated to specifically identify the portions of the pleadings and depositions upon which he relies.

(2) Plaintiff's Objection that Arpin's Interrogatories are "overly broad and burdensome" is without merit.

(3) Under the circumstances of this case, the Plaintiff should be compelled, at this time, to answer Arpin's "contention interrogatories" because such answers will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, setting up early settlement discussions and are likely to expose a substantial basis for a motion under Rule 56.

(4) As the Plaintiff's Objections to Arpin's Second Set of Interrogatories are without merit, it may not posit those same Objections to avoid compliance with Arpin's Fifth Request For Documents

Arpin's original Motion to Compel has been revised to remove an allegedly objectionable portion of the Motion which the Plaintiff claims violates Local Rule 68. This correction appears on page three of the attached Memorandum of Law.

Attached are a Memorandum of Law in support of this Motion, exhibits, and an affidavit of good faith attempt to settle this discovery dispute.

Defendants/Third-Party
Plaintiffs/Cross-Claim Plaintiffs
By their attorney

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

## **_CERTIFICATION OF NOTICE_**

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this day of March 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarntino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan,* P.C., 2300 Financial Plaza, Providence, RI 02903-2443

_____
Thomas J. Grady, Esq.