FILED

2004 MAR -2  A II: 27

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02 CV1302 (DJS) |
| | : | |
| vi. | : | |
| | : | |
| | : | |
| PAUL ARPIN VAN LINES, INC. AND | : | |
| ARPIN LOGISTICS, INC. | : | |
| Defendants/Third-Party Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL, AND ERICA RAMIREZ | : | |
| IN HER CAPACITY AS EMPLOYEE | : | |
| OF TRANS-EXPO INTERNATIONAL | : | |
| Defendants/Third-Party Defendants | : | MARCH 1, 2004 |

***PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS REVISED MOTION TO
COMPEL MORE RESPONSIVE ANSWERS TO PLAINTIFF'S ANSWERS TO
DEFENDANTS/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL
ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S SECOND SET OF
INTERROGATORIES PROPOUNDED TO PLAINTIFF, SHAWN POULIOT AND
MOTION TO COMPEL COMPLIANCE WITH DEFENDANTS/THIRD-PARTY
PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL ARPIN VAN LINES, INC. AND
ARPIN LOGISTICS, INC'S FIFTH REQUEST FOR PRODUCTION OF
DOCUMENTS***

1

Pursuant to Local Rule 7(a), the Defendants/Third-Party Plaintiffs/Cross-Claim Plaintiffs Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereafter "Arpin") hereby submit this Memorandum of Law in Support of its Motion to Compel More Responsive Answers to Arpin's Second Set of Interrogatories and Motion to Compel Compliance with Arpin's Fifth Request For Documents.

## I.    **RELEVANT PROCEDURAL HISTORY**

On October 31, 2003, the Plaintiff's Fifth Amended Complaint was ordered docketed by the Court. Counts Five and Six of the Plaintiff's Complaint asserted new claims of recklessness against Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., respectively. Count Seven alleges that the Arpin defendants were engaged in a "joint venture" with the co-defendant Trans-Expo defendants. Based on this "joint venture" Plaintiff claims that Arpin should be held vicariously liable for negligent acts committed by Trans-Expo.

On January 21, 2004, Arpin served the Plaintiff with its Second Set of Interrogatories (Exhibit 1) and Fifth Request For Production of Documents. (Exhibit 2) Arpin's Second Set of Interrogatories is limited to discovery of information regarding these new claims and allegations contained in the Plaintiff's Fifth Amended Complaint. There are fourteen total interrogatories. The first twelve of these interrogatories

essentially concern six allegations in Plaintiff's Fifth Amended Complaint. Twelve interrogatories were necessary (twice as many as six) because the Plaintiff has asserted identical allegations against Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. respectively.

On January 27, 2004, Plaintiff filed objections to every interrogatory in Arpin's Second Set of Interrogatories. (Exhibit 3)  These identical blanket objections read, "The allegation speaks for itself and the issue is fully addressed in deposition taken by the Defendant." (Exhibit 3)

On January 27, 2004, Plaintiff filed an objection to Arpin's only request for production on grounds that it had valid objections to Arpin's Interrogatories. (Exhibit 4)

On February 6, 2004, Plaintiff filed amended objections to Arpin's Second Set of Interrogatories. (Exhibit 5)  Plaintiff added objections on the basis that each interrogatory was "overly broad and burdensome" and that the Interrogatories are premature. (Exhibit 5)

On February 6, 2004, Plaintiff filed an amended answer to Arpin's Fifth Request For Production stating that it would not provide copies of the depositions referred to in its answer to Arpin's Interrogatories because they were already in Arpin's possession. (Exhibit 6)

## II.    **INTERROGATORIES**

A.    Governing Standard

The Federal Rules of Civil Procedure permit broad discovery of "any matter, not privileged which is relevant." Fed.R.Civ.P. 26(b)(1). "The information which is sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id. This rule is construed liberally. Blount v. Wake Elec. Membership Corp., 162 F.R.D. 102, 104 (E.D.N.C.1993). Discovery requests are undoubtedly proper when they lead to relevant or potentially relevant information that will advance litigation by clarifying a party's contentions and apprising a party of what they must seek to disprove." Mack v. W.R. Grace & Co., 578 F.Supp. 626, 638 (N.D.Ga.1983).

The Plaintiff has asserted an identical blanket objection to every one of Arpin's fourteen interrogatories. (Exhibit 5) The Objection reads,

> The allegation speaks for itself, and the issue is fully addressed in
> deposition taken by the Defendant. The Plaintiff objects on the grounds
> that this Interrogatory is overly broad and burdensome. Moreover, these
> are the facts that support the claim. This is a premature contention and
> this Interrogatory should be served at the close of discovery.

Arpin believes that these Objections are without merit and should be rejected by the Court.  Pursuant to Local Rule 37(a) (3), to the extent possible, Arpin will group the disputed items into categories in lieu of an individual listing of each item.

B.    <u>Plaintiff may not restate the allegations of the Complaint in answer to an Interrogatory.</u>

In answering an interrogatory, a simple reference to the allegations of the Complaint is non-responsive.

Plaintiff's Answer, in part, reads, "The allegation speaks, for itself . . . Moreover these are the facts that support the claim." (Exhibit 5)

The only reasonable interpretation of this Answer is that the Plaintiff offers unspecified portions of his Complaint as responsive to every one of Arpin's Interrogatories.  This approach has been specifically and routinely rejected by the Federal Courts.

"Plaintiff cannot avoid answering interrogatories by referring the defendant to the complaint no matter how detailed.  Thus, it is improper to answer an interrogatory by merely repeating the allegations of the complaint."  See <u>Stabilus, Div. of Fichtel & Sachs Industries, Inc. v. Haynsworth, Baldwin, Johnson & Greaves, P.A.</u>, 144 F.R.D. 258, 263-264 (E.D.Pa.1992).; See also <u>J.J. Delaney Carpet Co. v. Forrest Mills, Inc.</u>, 34 F.R.D. 152 (S.D.N.Y.1963).

Courts have disallowed such a tactic because a complaint is generally unsworn and cannot be used in consideration of a summary judgment or other dispositive motion. See <u>DiPietro v. Jefferson Bank, et.al.</u>, 144 F.R.D. 279, 281 (E.D.Pa. 1992). See also, <u>D.B. King v. E.F. Hutton and Company, Inc.</u>, 117 F.R.D. 2 (D.D.C. 1987); <u>Atlanta Coca Cola Bottling Company v. Transamerican Insurance Company</u>, 61 F.R.D. 115, 120 (N.D.Ga.1972).

Answers to interrogatories may be relied upon by the opposing party, can be used as affirmative evidence at trial, and can be used for cross-examination and impeachment. Assertions in the complaint cannot be so used because they are merely the statements of counsel. See <u>D.B. King</u> at 6.

Compounding the inappropriateness of this Objection, the Plaintiff's Answers do not even go so far as to repeat the allegations of the Complaint. The Plaintiff's Answers refer Arpin to unspecified portions of the Complaint. This is improper as it clearly violates Fed.R.Civ.P. 33(a), which reads as follows:

> Each Interrogatory shall be answered separately and fully in writing under oaths unless it is objected to, in which event the reasons for the objection shall be stated in lieu of an answer.

6

Under the Federal Rules, the general rule is that answers to interrogatories should

be complete in and of themselves and should not refer to pleadings, depositions or other

documents.  See DiPietro v. Jefferson Bank, et.al., 144 F.R.D. 279, 281 (E.D.Pa. 1992).

The portion of Plaintiff's Answer which refers Arpin to the allegations of its

Complaint must be deemed non-responsive by the Court and the Plaintiff ordered to

properly answer Interrogatories 1-14.

C.    Plaintiff may not answer an interrogatory by referring Arpin to unspecified
      portions of unspecified deposition transcripts.

Plaintiff's Answer which refers Arpin to unspecified "depositions" is non-

responsive.

Plaintiff's Answer reads, in part, "The allegation speaks for itself, and the issue is

fully addressed in deposition taken by the Defendant." (Exhibit 5)

Under the Federal Rules, the general rule is that answers to interrogatories should

be complete in and of themselves and should not refer to pleadings, depositions or other

documents.  See DiPietro v. Jefferson Bank, et.al., 144 F.R.D. 279, 281 (E.D.Pa. 1992).

Courts have held that even reference to sworn deposition testimony is an insufficient

response to an interrogatory.  See Id. (citing Smith v. Logansport Community School

Corp., 139 F.R.D. 637. 650 (N.D.Ind.1991); International Mining Co., Inc. v. Allen &

Co., Inc., 567 F.Supp. 777, 787 (S.D.N.Y.1983)).  "The fact that a witness testified on a

particular subject does not necessarily mean that a party who is required to answer interrogatories adopts the substance of the testimony to support his claim or contention." See J.J. Delaney Carpet Company v. Forrest Mills, Inc., 34 F.R.D. 152 (S.D.N.Y.1963)

Like the Plaintiff's Answer which generally refers to the Complaint, the Plaintiff's general reference to depositions is also improper. "Incorporation by reference of portions of a deposition of a witness, much of it discursive . . . is not a responsive answer." See Id. [underlining added for emphasis]

Given the sheer volume of deposition testimony which has already been taken, this answer is particularly unsatisfactory. This answer is, quite frankly, absolutely useless to Arpin in clarifying the new allegations of the Plaintiff's Complaint. In addition, the Plaintiff's answer is arguably broad enough to incorporate deposition testimony which has not yet occurred. This raises several concerns as the content of such deposition testimony is, of course, unknown.

Plaintiff's Answer, to the extent it generally refers to deposition testimony, should be rejected by the Court and the Plaintiff be compelled to answer Interrogatories 1 through 14.

D.     Overly Broad and Burdensome

Plaintiff's claim that Arpin's Interrogatories are overly broad and burdensome is without merit and should be rejected by the Court.

Plaintiff's Objection states, in part, "[t]he Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome." (Exhibit 5)

The Plaintiff's Objection is flawed in that it does not specify in what way each Interrogatory is overly broad and burdensome so as to enable Arpin to cure the alleged defects to its Interrogatory or to allow for the resolution of this potential discovery dispute in the absence of court intervention.

Federal Rule of Civil Procedure 26(b)(1) states that "parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . ." Information is relevant so long as it is reasonably calculated to lead to the discovery of admissible evidence. See Daval Steel Products v. M/V Fakedrine, 951 F.2d 1357, 1367 (2d.Cir.1991).

In this case, Arpin seeks the factual basis supporting a targeted number of specific allegations which were first articulated in Plaintiff's Fourth and Fifth Amended Complaints. (Exhibit 1)

General objections to interrogatories as overly broad or burdensome are improper under the Federal Rules. See Burns v. Imagine Films Entertainment, 164 F.R.D. 589 (W.D.N.Y.1996). "[O]bjections to interrogatories must be specific and supported by detailed explanation of why the interrogatories are objectionable" Id. (citing Roesberg v. Johns-Manville Corp., 85 F.R.D. 292. 296-97 (E.D.Pa.1980) (to successfully object to an interrogatory, a defendant cannot simply state that the interrogatory is overly broad, burdensome, oppressive and irrelevant, rather the party opposing discovery must specifically demonstrate how each interrogatory was overly broad, burdensome, oppressive or irrelevant.)).

Plaintiff's Objections do not reveal the nature of the burden. Without more, this Court cannot conclude that Plaintiff would be unduly burdened by the interrogatories. More importantly, Arpin cannot address Plaintiff's concerns as to the burden which has allegedly been imposed by these Interrogatories.

This Court should deny Plaintiff's Objections that are grounded in a belief that the Interrogatories are burdensome or broad for failure of the Plaintiff to articulate its objection. Plaintiff should be compelled to properly answer Interrogatories 1 through 14.

Even if this Court was to speculate as to the broadness and burden of Arpin's Interrogatories, this Objection should be rejected on its substance.

The interrogatories posited by Arpin all relate to specific allegations made in the Plaintiff's complaint. As discussed above, the Interrogatories, in reality, only ask for the factual basis of eight allegations. The interrogatories are not overly broad, as each is directed at a specific claim, identified by count and paragraph, made by Plaintiff in his Fifth Amended Complaint. Surely, the Plaintiff is familiar with these particular allegations.

Likewise, the interrogatories do not place an undue burden upon the Plaintiff. Assumedly, the burden of determining a factual basis for each of these allegations has already been borne by the Plaintiff <u>before</u> he filed his Fourth and Fifth Amended Complaints with the Court. Otherwise, the Plaintiff could not have asserted these allegations. While answering these Interrogatories might impose a burden, it was the Plaintiff who brought this lawsuit and he cannot now complain of the burden which would be imposed upon him to give as detailed and as complete answers as now possible. See <u>D.B. King v. E.F. Hutton & Company, Inc.</u>, 117 F.R.D. 2, 7 (D.D.C. 1987).

Furthermore, contention interrogatories are a perfectly acceptable form of discovery in the U.S. District Court of Connecticut. See <u>McCarthy v. Paine Webber Group</u>, 168 F.R.D. 448 (D.Conn.1996).

For the foregoing reasons, Plaintiff's Objection that Arpin's Interrogatories are overly broad and burdensome is without merit. Plaintiff should be compelled to answer Interrogatories 1-14.

E.     Arpin's "Contention Interrogatories" should be answered before the end of the discovery period.

Arpin's "contention interrogatories" should be answered at this time instead of being delayed until the conclusion of discovery.

Plaintiff's Objection in part states, "This is a premature contention and this Interrogatory should be served at the close of discovery." (Exhibit 5) Plaintiff does not appear to object to the contention interrogatories in substance, but rather objects merely to their timing.

Contention interrogatories are an acceptable form of discovery in the United States District Court of Connecticut. See McCarthy v. Paine Webber Group, 168 F.R.D. 448 (D.Conn.1996).

In McCarthy, Judge Eginton stated, "The term 'contention interrogatories' refers to several types of questions. They may ask another party to indicate what it contends, to state all the facts on which it bases its contentions, to state all evidence on which it bases its contentions, or to explain how the law applies to the facts." See McCarthy at 450.

In the present case, Arpin's interrogatories can best be characterized as a request for Plaintiff to state the facts upon which it bases certain allegations. These are not hypothetical contentions, but rather are based on a relatively small number of allegations which make up the Plaintiff's Fifth Amended Complaint.

While the Court has discretion to order that a contention interrogatory not be answered until after designated discovery has been completed, such interrogatories are appropriately answered before that time when "the relevance of the information that is sought by [these] interrogatories outweighs the burden its collection would impose on plaintiffs . . . while discovery is ongoing." See McCarthy at 450.

McCarthy provides little guidance as to when this particular burden has been met. Arpin contends that under the circumstances of this case, it has met such burden.

Persuasive precedent from outside the U.S. District of Connecticut sheds greater light as to when contention interrogatories should be answered before discovery has been completed.

Generally, the proponent must show that early answers, "will contribute meaningfully to clarifying the issues in the case, narrowing the scope of the dispute, or setting up early settlement discussions, or that such answers are likely to expose a substantial basis for a motion under Rule 11 or Rule 56." See B.Braun Med v. Abbott

Lab, 155 F.R.D. 525, 527 (E.D.Pa.1994) (citing Fischer & Porter Co. v. Tolson, 143

F.R.D. 93, 95 (E.D.Pa. 1992); In re Convergent Technologies Securities Litigation, 108

F.R.D. 328, 332 (N.D.Cal. 1985)).

The propounding party may have its contention interrogatories answered if it

presents "specific, plausible grounds for believing that its securing early answers to its

contention questions will materially advance the goals of the Federal Rules of Civil

Procedure." See In re Convergent Technologies Securities Litigation, 108 F.R.D. 328,

337 (N.D.Cal.1985).

The answering of these contention interrogatories is entirely justified under the

circumstances. These interrogatories have been hand-crafted and are limited in number

and scope. See In re Convergent at 338. These new allegations (to which the

interrogatories are addressed) were added by the Plaintiff in the late stages of this

litigation, well after Arpin began its substantive investigation into the Plaintiff's

allegations. Arpin is entitled to clarification of each of these allegations now to enable

itself to properly focus its investigation of Plaintiff's claims of joint venture, recklessness

and negligence (new grounds). It would be grossly unfair and repugnant to the Federal

Rules of Civil Procedure, if the Plaintiff is able to conduct "discovery by ambush" by

withholding facts, at this time, which are presumably within his possession.

Interrogatories 7 through 12 are of particular concern.  These interrogatories seek the facts underlying the recklessness claims of Counts Five and Six of Plaintiff's Fifth Amended Complaint.

These counts are significant because in Connecticut when a tort is willful, wanton, or malicious, the injured party may recover exemplary or punitive damages in addition to compensatory damages.  See Markey v. Santangelo, 195 Conn. 6 (1985); Venturi v. Savitt, Inc., 191 Conn. 588 (1983); Manning v. Michael, 188 Conn. 607 (1979).  The Connecticut Supreme Court has stated, "While we have attempted to draw definitional distinctions between the terms will[ful], wanton, or reckless misconduct, in practice the three terms have been treated as meaning the same thing."  See Dubay v. Irish, 207 Conn. 518, 533, 542 A.2d 711 (1988).

The Plaintiff's late addition of these two recklessness counts have therefore opened the door to punitive and exemplary damages claims against Arpin.  If the Plaintiff can marshal facts which would convince a jury of their validity, these new claims would significantly inflate the amount of damages to which he is entitled.

At this point, Arpin is aware of no evidence which would support a recklessness claim by the Plaintiff.  *This makes trial strategy difficult and negotiation strategy an absolute impossibility.*  The mere existence of the recklessness counts have hindered

Arpin's ability to effectively and efficiently defend against Plaintiff's claims because Arpin has no knowledge of any facts which would rise to this level and increase the Arpin defendants' exposure. Arpin believes the claim is groundless. It knows of no deposition statements by any deponee to date which would support a claim of recklessness or joint venture. If Plaintiff has evidence to support these claims, he should be compelled to disclose this information now, so that Arpin can defend against it. Arpin cannot defend against claims which are not spelled out with specificity. This puts Arpin at an extreme disadvantage and permits the Plaintiff to hold an unsupported claim for punitive damages over Arpin's head. This is very prejudicial to Arpin.

Contention interrogatories have been approved by Courts when they serve as predicates for successful motions for summary judgment, and expose frivolous or unsupportable claims. See In re Convergent at 337. If there is no support for Plaintiff's recklessness claims, Arpin will certainly file a Rule 56 Motion, which would serve to narrow the issues in this case. If the Plaintiff does, in fact, produce some evidence supporting these claims, then Arpin will be able to more efficiently prepare for trial and minimize wasteful discovery practices.

Plaintiff's "joint venture" allegation is also of questionable factual validity.

Count Seven, paragraph 23 of Plaintiff's Fifth Amended Complaint alleges that "Michael Kovac and Erica Ramirez acted as the agents, servants, or employees of both Arpin Logistics, Inc. and Paul Arpin Van Lines, Inc." Count Seven paragraph 23 of Plaintiff's Fifth Amended Complaint also alleges that "the Arpin defendants and the Kovac/Ramirez defendants were performing a joint venture for Festo at the time of Pouliot's injuries."

Arpin is unaware of Plaintiff's basis for these allegations. Depositions of the Trans-Expo defendants have already taken place in and about San Diego, California. Festo depositions have yet to take place, but are scheduled, but again Arpin has no factual basis upon which to depose the Festo defendants about this joint enterprise.

Instead of a brief statement of fact, which could be easily supplemented pursuant to Fed.R.Civ.P. 26(e), Plaintiff has instead asked that this interrogatory be delayed until the end of discovery. The burden of speculating as to the nature of this "joint venture" far outweighs the Plaintiff's interests in declining to offer a brief factual basis for the claim.

As the Supreme Court has stated, "no longer can the time honored cry of fishing expedition serve to preclude a party from inquiring into facts underlying his opponent's case." Hickman v. Taylor, 329 U.S. 495, 507, 67 S.Ct. 385, 392, 91 L.Ed. 451 (1947).

"A Defendant has the right to know in advance the nature of the cause of action being asserted against him." Jackson v. Marion County, 66 F.3d 151, 153 (7th Cir. 1995).

Arpin is entitled to know the nature of the cause of action asserted against it in Count Seven of the Plaintiff's Fifth Amended Complaint. Plaintiff's request to withhold this information until the eve of trial should be denied by this Court.

While further discovery might help the Plaintiff to develop his case, the Plaintiff must have had some factual basis for concluding that the allegations of his complaint were true at the time he served the amended complaint. Fed.R.Civ.P. 11 requires no less. It is no answer for the Plaintiff to state that he needs further discovery to develop his case. The Plaintiff should be required to answer the Interrogatories with such information he currently possesses. Pursuant to Fed.R.Civ.P. 26(e), the Plaintiff has the opportunity and the duty to supplement his answers to the interrogatories to reflect refinements or corrections to the factual representations as to his asserted allegations. See D.B. King v. E.F. Hutton & Co., Inc., 117 F.R.D. 2 (D.D.C. 1987).

Plaintiff's request to withhold the facts underlying the allegations of his Complaint until discovery is complete should be denied by this Court. Plaintiff should be ordered to answer Interrogatories 1-14.

## II. REQUEST FOR PRODUCTION

Plaintiff's Objection to Arpin's Fifth Request For Production should be denied because his Objections to Arpin's Second Set of Interrogatories are without merit.

Arpin's Fifth Request For Production consists of one request: "All documents identified by Shawn Pouliot in response to Defendants/Third-Party Plaintiff/Cross-Claim Plaintiffs Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.'s Second Set of Interrogatories Propounded to Plaintiff, Shawn Pouliot." (Exhibit 2)

Plaintiff objected as follows, "The Plaintiff objects to Defendant, Paul Arpin Van Lines, Inc.'s Fifth Request For Production of Documents on the ground that the Plaintiff has objected to the interrogatories. The Plaintiff identified the following documents in the interrogatories: Depositions taken by the Defendants. These documents are in the possession of the Defendants. The Plaintiff need not reproduce these depositions for the Defendant." (Exhibit 6)

As discussed in Section I of this Memorandum, the Plaintiff's Objections are without merit. Therefore, when the Plaintiff properly identifies the documents to which Arpin is entitled, they must be produced.

Arpin does not demand reproduction of the "depositions" which are already in its possession, but still demands that Plaintiff identify the portions of the depositions upon which he relies.

For the foregoing reasons, Arpin moves to compel Plaintiff's compliance with its Fifth Request For Documents.

### III.    CONCLUSION

Arpin files this Motion to Compel because negotiations with Plaintiff regarding this discovery dispute have reached an impasse.  On February 13, 2004, Arpin counsel sent a letter to Plaintiff's counsel in an attempt to settle this discovery dispute.  As of February 24, 2004, Plaintiff has not responded.  Arpin counsel believes that this was a sufficiently reasonable period of time to allow Plaintiff to respond and that his failure to do so is indicative of the futility of further attempts at a negotiated settlement.

As required by Local Rule 37(a) (2), an affidavit from Arpin counsel is attached. (Exhibit 7).

Arpin regretfully requests this Court to order the Plaintiff to properly answer Arpin's Second Set of Interrogatories and Fifth Request For Production of Documents.

Defendants/Third-Party
Plaintiffs/Cross-Claim Plaintiffs
By their attorney


Thomas J. Grady, Esquire
Federal Bar No. CT 17139
*LENIHAN, GRADY & STEELE*
6 Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class
Mail this 1st day of March 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59
Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini,
Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan
O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street,
Hartford, CT 06103 and John Tarntino, Esquire and James R. Oswald, Esquire of *Adler,
Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443


Thomas J. Grady, Esq.