# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>Plaintiff | :<br>: | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>  Defendants/Third-Party Plaintiffs/<br>  Cross-Claim Plaintiffs | :<br>:<br>:<br>: | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>  Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: | JANUARY 21, 2004 |

### *DEFENDANTS/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL ARPIN VAN LINES, INC AND ARPIN LOGISTICS, INC.'S SECOND SET OF INTERROGATORIES PROPOUNDED TO PLAINTIFF, SHAWN POULIOT*

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Third-Party Plaintiff Arpin Logistics, Inc. propounds the following interrogatories to Plaintiff, Shawn Pouliot, to be answered separately and fully in writing under oath within thirty (30) days after service hereof.

1

## PRELIMINARY STATEMENT

In answering these interrogatories, furnish all information available to you, including information in the possession of your attorneys, their investigators and all other persons acting on your behalf, and not merely such information known of your personal knowledge. Each interrogatory, and each subsection of each interrogatory, is to be fully and separately answered in accordance with the duties set forth in Rules 26 and 33 of the Federal Rules of Civil Procedure. As to any interrogatory for which an exact, complete and entirely accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as is possible.

This set of Interrogatories is directed to discovery of information in support of new allegations made by Plaintiff against Defendant Arpin in the Plaintiff's Fifth Amended Complaint, the filing of which was approved by the Court on October 31, 2003. These allegations were not in the Plaintiff's complaint at the time the First Set of Interrogatories was propounded.

## DEFINITIONS

For the purpose of these Interrogatories and answers thereto the following definitions shall apply:

A.  "Document" means any paper or other writing and any items of graphic material, however recorded or reproduced, including all drafts, copies or other preliminary material which are different in any way from the executed or final document, regardless of whether designated "confidential", "privileged" or otherwise restricted, wherever located, whether an original or a copy, including but not limited to agreements, contracts, financial statements, invoices, minutes, work sheets, work papers, summaries, and other written records or recordings of any conferences, meetings, visits, interviews or telephone conversations, financial and statistical data, analyses, surveys, transcripts of testimony, statements, interviews, affidavits, press releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers, records interoffice communication, electronic data processing cards, tapes, print-outs, papers or other recordings, tables, compilations, catalogues, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, communications received or sent, books, brochures, advertisements, circulars, mailings and publications; and any copy containing thereon or having attached thereto any alterations, notes, comments or other material shall be deemed a separate document from the

original or any other copy not containing such materials within the foregoing definition.

B. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office or any other form of legal entity.

C. "You", "Your" or "Pouliot" is defined as meaning Shawn Pouliot, the Plaintiff in this action, or any other person acting on his behalf or under the direction or control of him.

D. "Date" means the exact date, month and year if ascertainable or, if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

The words in this document have been selected for their common meanings, and no particular manner of punctuation or sentence construction is intended. Please resolve any doubt about the meaning or intent of any phrase or combination of phrases by arriving at an interpretation that permits the request to address a relevant, even productive, area of inquiry. (If you cannot resolve any such doubt, you are invited to call the counsel to resolve the ambiguities

4

through discussion rather than simply state an objection for vagueness and wait for judicial resolution of the discovery objection.)

## PRIVILEGE

With respect to any requested information, as to which any claim of privilege is made or as to which any claim of protection from discovery is made under Rule 26(b) of the Rules of Civil Procedure, identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based on sufficient detail to enable Plaintiffs to form a judgment as to the basis and validity of the claimed privilege.

## INTERROGATORIES

1.  Explain fully and in detail the factual basis for Plaintiff's claim that Paul Arpin Van Lines, Inc. "provided Shawn Pouliot with a truck with an inadequate liftgate" as alleged in Count One, Paragraph 7, subparagraph (k) of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

**ANSWER:**


2.  Explain fully and in detail the factual basis for Plaintiff's claim that Arpin Logistics, Inc. "provided Shawn Pouliot with a truck with an inadequate liftgate" as alleged in Count Two,

5

Paragraph 7, subparagraph (k) of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody, or control in support thereof.

**ANSWER:**

3. Explain fully and in detail the factual basis for Plaintiff's claim that Paul Arpin Van Lines, Inc. "failed to comply with federal safety requirements under the Motor Carrier Act, including 49 C.F.R. §396.3(a)" as alleged in Count One, Paragraph 7, subparagraph (m) of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

**ANSWER:**

4. Explain fully and in detail the factual basis for Plaintiff's claim that Arpin Logistics, Inc. "failed to comply with federal safety requirements under the Motor Carrier Act, including 49 C.F.R. § 396.3(a)" as alleged in Count Two, Paragraph 7, subparagraph (m) of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

**ANSWER:**

5. Explain fully and in detail the factual basis for Plaintiff's claim that Paul Arpin Van Lines, Inc. "provid[ed] the plaintiff with a defective and dangerous vehicle" as alleged in Count One, Paragraph 7, subparagraph (m) of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

**ANSWER:**

6. Explain fully and in detail the factual basis for Plaintiff's claim that Arpin Logistics, Inc. "provid[ed] the plaintiff with a defective and dangerous vehicle" as alleged in Count Two, Paragraph 7, subparagraph (m) of Plaintiff Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

**ANSWER:**

7. Explain fully and in detail the factual basis for Plaintiff's claim that "the injuries to Shawn Pouliot were the direct and proximate result of the defendant Paul Arpin Van Lines, Inc.'s recklessness in that they were provided with information by the shipper's agent that special equipment and packaging was necessary for the safe performance of the delivery" as alleged in

Count Five, Paragraph 7 of Plaintiff's Fifth Amended Complaint and identify any documents in your possession custody or control in support thereof.

**ANSWER:**

8.  Explain fully and in detail the factual basis for Plaintiff's claim that "the injuries to Shawn Pouliot were the direct and proximate result of the defendant Arpin Logistics, Inc.'s recklessness in that they were provided with information by the shipper's agent that special equipment and packaging was necessary for the safe performance of the delivery" as alleged in Count Six, Paragraph 7 of Plaintiff's Fifth Amended Complaint and identify any documents in your possession custody or control in support thereof.

**ANSWER:**

9.  Explain fully and in detail the factual basis for Plaintiff's claim that Paul Arpin Van Lines, Inc. "made no effort to convey this critical information" as alleged in Count Five, Paragraph 7 of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

**ANSWER:**

10. Explain fully and in detail the factual basis for Plaintiff's claim that Arpin Logistics, Inc. "made no effort to convey this critical information" as alleged in Count Six, Paragraph 7 of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

**ANSWER:**

11. Explain fully and in detail the factual basis for Plaintiff's claim that Paul Arpin Van Lines, Inc. "actually provided him with a defective liftgate, in complete disrepair" as alleged in Count Five, Paragraph 7 of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

**ANSWER:**

12. Explain fully and in detail the factual basis for Plaintiff's claim that Arpin Logistics, Inc. "actually provided him with a defective liftgate, in complete disrepair" as alleged in Count Six, Paragraph 7 of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

**ANSWER:**

13. Explain fully and in detail the factual basis for Plaintiff's claim that "Michael Kovac and Erica Ramirez acted as the agents, servants, or employees of both Arpin Logistics and Paul Arpin Van Lines, Inc." as alleged in Count Seven, paragraph 23 of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

**ANSWER:**

14. Explain fully and in detail the factual basis for Plaintiff's claim that "the Arpin defendants and the Kovac/Ramirez defendants were performing a joint venture for Festo at the time of Pouliot's injuries" as alleged in Count Seven, paragraph 23 of Plaintiff's Fifth Amended Complaint, and identify any documents in your possession, custody, or control in support thereof.

**ANSWER:**

Defendants, Third-Party Plaintiffs and
Cross-Claim Plaintiffs,
By their attorney:

Thomas J. Grady, Esquire, CT 17139
**LENIHAN, GRADY & STEELE**
6 Canal Street, P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 21 day of January, 2004, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.

11

# EXHIBIT 2

Case 3:02-cv-01302-JCH    Document 269-2    Filed 03/02/2004    Page 13 of 19

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>Plaintiff | :<br>: | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>  Defendants/Third-Party Plaintiffs/<br>  Cross-Claim Plaintiffs | :<br>:<br>:<br>: | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>  Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: | JANUARY 21, 2004 |

**_DEFENDANTS/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF, SHAWN POULIOT_**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, Third-Party Plaintiffs and Cross-Claimants, Paul Arpin Van Lines and Arpin Logistics, Inc.'s propounds the following document requests to Plaintiff, Shawn Pouliot to be answered separately and fully in writing under oath within thirty (30) days after service hereof.

1

## PRELIMINARY STATEMENT

In answering these document requests, furnish all information available to you, including information in the possession of your attorneys, their investigators and all other persons acting in your behalf, and not merely such information known of your personal knowledge. Each document request, and each subsection of each document request, is to be fully and separately answered in accordance with the duties set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure. As to any document request for which an exact, complete and entirely accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as is possible.

## DEFINITIONS

For the purpose of these Document Requests and answers thereto the following definitions shall apply:

A.  "Document" means any paper or other writing and any items of graphic material, however recorded or reproduced, including all drafts, copies or other preliminary material which are different in any way from the executed or final document, regardless of whether designated "confidential", "privileged" or otherwise restricted, wherever located, whether an original or a copy, including but not

limited to agreements, contracts, financial statements, invoices, minutes, work sheets, work papers, summaries, and other written records or recordings of any conferences, meetings, visits, interviews or telephone conversations, financial and statistical data, analyses, surveys, transcripts of testimony, statements, interviews, affidavits, press releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers, records interoffice communication, electronic data processing cards, tapes, print-outs, papers or other recordings, tables, compilations, catalogues, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, communications received or sent, books, brochures, advertisements, circulars, mailings and publications; and any copy containing thereon or having attached thereto any alterations, notes, comments or other material shall be deemed a separate document from the original or any other copy not containing such materials within the foregoing definition.

B. "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office or any other form of legal entity.

C. "You", "Your" or "Pouliot" is defined as meaning Shawn Pouliot, the Plaintiff in this action, or any other person acting on his behalf or under the direction or control of him.

D. "Date" means the exact date, month and year if ascertainable or, if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

The words in this document have been selected for their common meanings, and no particular manner of punctuation or sentence construction is intended. Please resolve any doubt about the meaning or intent of any phrase or combination of phrases by arriving at an interpretation that permits the request to address a relevant, even productive, area of inquiry. (If you cannot resolve any such doubt, you are invited to call the counsel to resolve the ambiguities through discussion rather than simply state an objection for vagueness and wait for judicial resolution of the discovery objection.)

## PRIVILEGE

With respect to any requested information, as to which any claim of privilege is made or as to which any claim of protection from discovery is made under Rule 26(b) of the Rules of Civil Procedure, identify the privilege or Rule upon which you rely and set forth the facts upon

which such claim is based on sufficient detail to enable Plaintiffs to form a judgment as to the basis and validity of the claimed privilege.

## DOCUMENT REQUESTS

1. All documents identified by Shawn Pouliot in response to Defendants/ Third-Party Plaintiffs/Cross-Claim Plaintiffs Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. Second Set of Interrogatories Propounded to Plaintiff, Shawn Pouliot.

Defendants, Third-Party Plaintiffs and Cross-Claim Plaintiffs,<br>
By their attorney:

_____
Thomas J. Grady, Esquire, CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street, P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

5

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 21st day of January, 2004, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan, P.C.*, 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.

6