# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT,<br>    **Plaintiff,**<br><br>v.<br><br>PAUL ARPIN VAN LINES, INC.<br>and ARPIN LOGISTICS, INC.,<br>    **Defendants and Third Party Plaintiffs,**<br><br>v.<br><br>THE FESTO CORPORATION, MICHAEL<br>D. KOVAC, d/b/a TRANS-EXPO<br>INTERNATIONAL, ERICA RAMIREZ,<br>IN HER CAPACITY AS EMPLOYEE OF<br>TRANS-EXPO INTERNATIONAL,<br>    **Third Party Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )<br><br>**CIVIL ACTION NO.**<br>**3:02 CV 1302 (DJS)**<br><br>**January 27, 2004** |

### *PLAINTIFF, SHAWN POULIOT'S OBJECTIONS TO DEFENDANTS/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL ARPIN VAN LINES INC AND ARPIN LOGISTICS, INC.'S SECOND SET OF INTERROGATORIES*

1.    Explain fully and in detail the factual basis for Plaintiffs claim that Paul Arpin Van Lines, Inc. "provided Shawn Pouliot with a truck with an inadequate liftgate" as alleged in Count One, Paragraph 7, subparagraph (k) of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

2.    Explain fully and in detail the factual basis for Plaintiffs claim that Arpin Logistics, Inc. "provided Shawn Pouliot with a truck with an inadequate liftgate" as alleged in Count Two, Paragraph 7, subparagraph (k) of Plaintiffs Fifth Amended Complaint and identify any

documents in your possession, custody, or control in support thereof

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

3.    Explain fully and in detail the factual basis for Plaintiffs claim that Paul Arpin Van Lines, Inc, "failed to comply with federal safety requirements under the Motor Carrier Act, including 49 C.F.R. §396.3(a)" as alleged in Count One, Paragraph 7, subparagraph (m) of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

4.    Explain fully and in detail the factual basis for Plaintiffs claim that Arpin Logistics, Inc. "failed to comply with federal safety requirements under the Motor Carrier Act, including 49 C.F.R. §396.3(a)" as alleged in Count Two, Paragraph 7, subparagraph (m) of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

5.    Explain fully and in detail the factual basis for Plaintiffs claim that Paul Arpin Van Lines, Inc. "provid[ed] the plaintiff with a defective and dangerous vehicle" as alleged in Count One, Paragraph 7, subparagraph (m) of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

6.    Explain fully and in detail the factual basis for Plaintiffs claim that Arpin Logistics, Inc. "provid[ed] the plaintiff with a defective and dangerous vehicle" as alleged in Count Two, Paragraph 7, subparagraph (m) of Plaintiff Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

7.    Explain fully and in detail the factual basis for Plaintiffs claim that "the injuries to Shawn Pouliot were the direct and proximate result of the defendant Paul Arpin Van Lines, Inc.'s recklessness in that they were provided with information by the shipper's agent that special equipment and packaging was necessary for the safe performance of the delivery" as alleged in Count Five, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

8.    Explain fully and in detail the factual basis for Plaintiffs claim that "the injuries to Shawn Pouliot were the direct and proximate result of the defendant Arpin Logistics, Inc.'s recklessness in that they were provided with information by the shipper's agent that special equipment and packaging was necessary for the safe performance of the delivery" as alleged in Count Six, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any

documents in your possession custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

9.     Explain fully and in detail the factual basis for Plaintiffs claim that Paul Arpin Van Lines, Inc. "made no effort to convey this critical information" as alleged in Count Five, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

10.     Explain fully and in detail the factual basis for Plaintiffs claim that Arpin Logistics, Inc, "made no effort to convey this critical information" as alleged in Count Six, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

11.     Explain fully and in detail the factual basis for Plaintiffs claim that Paul Arpin Van Lines, Inc, "actually provided him with a defective liftgate, in complete disrepair" as alleged in Count Five, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

12.    Explain fully and in detail the factual basis for Plaintiffs claim that Arpin Logistics, Inc. "actually provided him with a defective liftgate, in complete disrepair" as alleged in Count Six, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

13.    Explain fully and in detail the factual basis for Plaintiffs claim that "Michael Kovac and Erica Ramirez acted as the agents, servants, or employees of both Arpin Logistics and Paul Arpin Van Lines, Inc." as alleged in Count Seven, paragraph 23 of Plaintiff's Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

14.    Explain fully and in detail the factual basis for Plaintiffs claim that "the Arpin defendants and the Kovac/Ramirez defendants were performing a joint venture for Festo at the time of Pouliot's injuries" as alleged in Count Seven, paragraph 23 of Plaintiff's Fifth Amended Complaint, and identify any documents in your possession, custody, or control in support thereof

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant.

The Plaintiff,

Michael A. Stratton
Stratton Faxon
Fed. Bar.: ct08166
59 Elm Street
New Haven, CT 06510
Tel.: (203) 624-9500
mstratton@strattonfaxon.com

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been sent, on this ___27th___ day of January, 2004, to:

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI  02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT  06776-1319

**Susan O'Donnell, Esq.**
**Halloran & Sage, LLP**
One Goodwin Square
Hartford, CT  06103

**James R. Oswald, Esq.**
**Adler, Pollock & Sheehan, PC**
2300 Financial Plaza
Providence, RI  02903-2443

Michael A. Stratton

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT,<br>　　　Plaintiff, | ) |
| | ) |
| | ) **CIVIL ACTION NO.** |
| v. | ) **3:02 CV 1302 (DJS)** |
| | ) |
| PAUL ARPIN VAN LINES, INC.<br>and ARPIN LOGISTICS, INC.,<br>　　　Defendants and Third Party Plaintiffs, | ) |
| | ) |
| | ) |
| | ) |
| v. | ) **January 28, 2004** |
| | ) |
| THE FESTO CORPORATION, MICHAEL<br>D. KOVAC, d/b/a TRANS-EXPO<br>INTERNATIONAL, ERICA RAMIREZ,<br>IN HER CAPACITY AS EMPLOYEE OF<br>TRANS-EXPO INTERNATIONAL,<br>　　　Third Party Defendants. | ) |

### PLAINTIFF, SHAWN POULIOT'S OBJECTIONS TO DEFENDANTS/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL ARPIN VAN LINES INC AND ARPIN LOGISTICS, INC.'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

The Plaintiff objects to Defendant, Paul Arpin Van Lines, Inc. Fifth Request for Production of Documents on the grounds that the Plaintiff has previously objected to this full request of interrogatories.

The Plaintiff,

Michael A. Stratton
Stratton Faxon
Fed. Bar.: ct08166
59 Elm Street
New Haven, CT 06510
Tel.: (203) 624-9500
mstratton@strattonfaxon.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, on this ___28ᵗʰ___ day of

January, 2004, to:

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

**Susan O'Donnell, Esq.**
**Halloran & Sage, LLP**
One Goodwin Square
Hartford, CT 06103

**James R. Oswald, Esq.**
**Adler, Pollock & Sheehan, PC**
2300 Financial Plaza
Providence, RI 02903-2443

_____
Michael A. Stratton

# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SHAWN POULIOT,                                    )
            Plaintiff,                            )
                                                 )    CIVIL ACTION NO.
v.                                               )    3:02 CV 1302 (DJS)
                                                 )
PAUL ARPIN VAN LINES, INC.                       )
and ARPIN LOGISTICS, INC.,                       )
            Defendants and Third Party Plaintiffs, )
                                                 )
v.                                               )    February 6, 2004
                                                 )
THE FESTO CORPORATION, MICHAEL                   )
D. KOVAC, d/b/a TRANS-EXPO                        )
INTERNATIONAL, ERICA RAMIREZ,                    )
IN HER CAPACITY AS EMPLOYEE OF                   )
TRANS-EXPO INTERNATIONAL,                        )
            Third Party Defendants.              )

## PLAINTIFF, SHAWN POULIOT'S AMENDED OBJECTIONS TO DEFENDANTS/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFF PAUL ARPIN VAN LINES INC AND ARPIN LOGISTICS, INC.'S FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS

**Request:**

1. All documents identified by Shawn Pouliot in response to

Defendants/Third-Party Plaintiffs/Cross-Claim Plaintiffs Paul Arpin Van Lines,

Inc. and Arpin Logistics, Inc. Second Set of Interrogatories Propounded to

Plaintiff, Shawn Pouliot.

**Answer:**

1. The Plaintiff objects to Defendant, Paul Arpin Van Lines, Inc's. Fifth

Request for Production of Documents on the ground that the Plaintiff has

objected to the interrogatories.  The Plaintiff identified the following documents in

the interrogatories: Depositions taken by the Defendants. These documents are in the possession of the Defendants. The Plaintiff need not reproduce these depositions for the Defendant.

The Plaintiff,

Joel T. Faxon
Stratton Faxon
Fed. Bar.: ct16255
59 Elm Street
New Haven, CT 06510
Tel.: (203) 624-9500
Fax: (203) 624-9100
jfaxon@strattonfaxon.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, on this

_6th_ day of February, 2004, to:

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI  02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT  06776-1319

**Susan O'Donnell, Esq.**
**Halloran & Sage, LLP**
One Goodwin Square
Hartford, CT  06103

**James R. Oswald, Esq.**
**Adler, Pollock & Sheehan, PC**
2300 Financial Plaza
Providence, RI  02903-2443

_Joel T Faxon_

_____
Joel T. Faxon