# EXHIBIT 6

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT,<br>    Plaintiff,<br><br>v.<br><br>PAUL ARPIN VAN LINES, INC.<br>and ARPIN LOGISTICS, INC.,<br>    Defendants and Third Party Plaintiffs,<br><br>v.<br><br>THE FESTO CORPORATION, MICHAEL<br>D. KOVAC, d/b/a TRANS-EXPO<br>INTERNATIONAL, ERICA RAMIREZ,<br>IN HER CAPACITY AS EMPLOYEE OF<br>TRANS-EXPO INTERNATIONAL,<br>    Third Party Defendants. | CIVIL ACTION NO.<br>3:02 CV 1302 (DJS)<br><br><br><br><br><br>February 6, 2004 |

### PLAINTIFF, SHAWN POULIOT'S AMENDED OBJECTIONS TO DEFENDANTS/THIRD-PARTY PLAINTIFFS/CROSS-CLAIM PLAINTIFFS PAUL ARPIN VAN LINES INC AND ARPIN LOGISTICS, INC.'S SECOND SET OF INTERROGATORIES

1.  Explain fully and in detail the factual basis for Plaintiffs claim that Paul Arpin Van Lines, Inc. "provided Shawn Pouliot with a truck with an inadequate liftgate" as alleged in Count One, Paragraph 7, subparagraph (k) of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

2. Explain fully and in detail the factual basis for Plaintiffs claim that Arpin Logistics, Inc. "provided Shawn Pouliot with a truck with an inadequate liftgate" as alleged in Count Two, Paragraph 7, subparagraph (k) of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody, or control in support thereof

ANSWER:

**OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.**

3. Explain fully and in detail the factual basis for Plaintiffs claim that Paul Arpin Van Lines, Inc, "failed to comply with federal safety requirements under the Motor Carrier Act, including 49 C.F.R. §396.3(a)" as alleged in Count One, Paragraph 7, subparagraph (m) of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

**OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.**

4. Explain fully and in detail the factual basis for Plaintiffs claim that Arpin Logistics, Inc. "failed to comply with federal safety requirements under the Motor Carrier Act, including 49 C.F.R. §396.3(a)" as alleged in Count Two, Paragraph 7, subparagraph (m) of

Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

5. Explain fully and in detail the factual basis for Plaintiffs claim that Paul Arpin Van Lines, Inc. "provid[ed] the plaintiff with a defective and dangerous vehicle" as alleged in Count One, Paragraph 7, subparagraph (m) of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

6. Explain fully and in detail the factual basis for Plaintiffs claim that Arpin Logistics, Inc. "provid[ed] the plaintiff with a defective and dangerous vehicle" as alleged in Count Two, Paragraph 7, subparagraph (m) of Plaintiff Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in

deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

7. Explain fully and in detail the factual basis for Plaintiffs claim that "the injuries to Shawn Pouliot were the direct and proximate result of the defendant Paul Arpin Van Lines, Inc.'s recklessness in that they were provided with information by the shipper's agent that special equipment and packaging was necessary for the safe performance of the delivery" as alleged in Count Five, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

8. Explain fully and in detail the factual basis for Plaintiffs claim that "the injuries to Shawn Pouliot were the direct and proximate result of the defendant Arpin Logistics, Inc.'s recklessness in that they were provided with information by the shipper's agent that special equipment and packaging was necessary for the safe performance of the delivery" as alleged in Count Six, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in

deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

9. Explain fully and in detail the factual basis for Plaintiffs claim that Paul Arpin Van Lines, Inc. "made no effort to convey this critical information" as alleged in Count Five, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

10. Explain fully and in detail the factual basis for Plaintiffs claim that Arpin Logistics, Inc, "made no effort to convey this critical information" as alleged in Count Six, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

11.  Explain fully and in detail the factual basis for Plaintiffs claim that Paul Arpin Van Lines, Inc, "actually provided him with a defective liftgate, in complete disrepair" as alleged in Count Five, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

12.  Explain fully and in detail the factual basis for Plaintiffs claim that Arpin Logistics, Inc. "actually provided him with a defective liftgate, in complete disrepair" as alleged in Count Six, Paragraph 7 of Plaintiffs Fifth Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

13.  Explain fully and in detail the factual basis for Plaintiffs claim that "Michael Kovac and Erica Ramirez acted as the agents, servants, or employees of both Arpin Logistics and Paul Arpin Van Lines, Inc." as alleged in Count Seven, paragraph 23 of Plaintiff's Fifth

Amended Complaint and identify any documents in your possession, custody or control in support thereof.

ANSWER:

OBJECTION: The allegation speaks for itself, and the issue is fully addressed in deposition taken by the Defendant. The Plaintiff objects on the grounds that this interrogatory is overly broad and burdensome. Moreover, these are the facts that support the claim. This is a premature contention and this Interrogatory should be served at the close of discovery.

14. Explain fully and in detail the factual basis for Plaintiffs claim that "the Arpin defendants and the Kovac/Ramirez defendants were performing a joint venture for Festo at the time of Pouliot's injuries" as alleged in Count Seven, paragraph 23 of Plaintiff's Fifth Amended Complaint, and identify any documents in your possession, custody, or control in support thereof

ANSWER:

# EXHIBIT 7

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>Plaintiff | : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs | : | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | : | FEBRUARY 24, 2004 |

### *AFFIDAVIT OF MOVANT'S GOOD FAITH EFFORTS TO RESOLVE THIS DISCOVERY DISPUTE RELATIVE TO PLAINTIFF'S ANSWERS AND OBJECTIONS TO SECOND SET OF INTERROGATORIES AND FIFTH REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED BY PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.*

I, Thomas J. Grady, upon oath being duly sworn as follows:

1. On February 13, 2004, Arpin counsel sent a letter to Plaintiff's counsel in an attempt to resolve a discovery dispute regarding Plaintiff's Answers and Objections to Arpin's Second Set of Interrogatories and Fifth Request For Production of Documents, which set a deadline of February 23, 2004 by which Plaintiff was asked to respond.

2. Arpin counsel believes that Plaintiff's failure to enter into negotiations by this date renders further attempts at negotiation futile.

The aforesaid facts are true and correct to the best of my knowledge and belief.

IN WITNESS THEREOF, I hereunto set my hand and seal this 24 day of February, 2004.

_____
Thomas J. Grady

STATE OF RHODE ISLAND
COUNTY OF WASHINGTON

In Westerly, Rhode Island on the 24 day of February 2004 ~~2003~~ before me personally appeared Thomas J. Grady to me known and known by me to be the party executing the foregoing instrument, and he acknowledged said instrument, by he so executed to be his free act and deed.

Notary Public: LINDA E. LAMEDICA
My Commission Expires: 6/16/05

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT, <br> Plaintiff, | ) <br> ) CIVIL ACTION NO <br> ) 3:02 CV 1302 (DJS) |
| V. | ) <br> ) |
| PAUL ARPIN VAN LINES, INC., ET AL. | ) FEBRUARY 25, 2004 |

### PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ARPIN'S MOTION TO COMPEL

Pursuant to D.Conn L. R. Civ. P. 7(a)(1) & 37(a)(3), the plaintiff files this memorandum in opposition to Arpin's motion to compel. The bases for the opposition to the motion are threefold: 1. precedent in this district indicates that contention interrogatories are more properly served after discovery is completed or nearly complete (Interrogatories 1-14) (which has not yet occurred); 2. Arpin's requests are controlled by the presently operative scheduling order that provides for the timing of service and production of plaintiff's expert reports detailing the information sought in the discovery requests (1-14 and associated document requests); and 3. much of the information Arpin seeks (Interrogatories 1-14 and associated document requests) (such as trial exhibits, witness list and the like) are governed by the Trial Memorandum requirement of the Local Rules. For these reasons, the plaintiff requests the court to deny the motion to compel and require that the answers and information sought by Arpin be produced at the appropriate time and in the appropriate manner as prescribed in the Local Rules.

With respect to contention interrogatories 1-14, the plaintiff readily concedes that he is required to respond to them, however, the timing of the response is the issue. As Judge Eginton indicated in McCarthy v. Paine Webber,

Inc., 168 F.R.D. 448, 450 (D.Conn. 1996), contention interrogatories are properly answered near or at the close of discovery. See Fed. R. Civ. P. 33(c). Moreover, it is highly likely that Arpin can obtain an answer to these questions by simply asking the expert at his deposition. See Woodward v. Town of Brattleboro, No. 1:02cv35 (D.Vt. July 22, 2003) (denying motion to compel and for sanctions where contention interrogatories were answered through expert testimony). Thus, it will save the parties resources if the information sought is elicited from the plaintiff's experts at deposition. Thereafter, if necessary, the plaintiff can fully respond to the interrogatories so as to narrow the issues for trial. McCarthy, 168 F.R.D. at 449.

With respect to the production of expert information, the parties are presently scheduling the depositions of the experts. All non-privileged components of their files will be made available for review at the depositions in accordance with standard practice and in accordance with Fed. R. Civ. P. 26(a)(2). The plaintiff will certainly provide the files relied upon by the experts at the time of the deposition.

Lastly, Arpin seeks things such as trial exhibits (virtually all of which have not yet been prepared) that will be produced in accordance with the Trial Memorandum that must be filed and served in accordance with the Local Rules. The responses to these interrogatories should await the case maturing to the proper point when the information can be sensibly prepared and produced in accordance with the Local Rules.

WHEREFORE the motion to compel should be denied.

3

                              THE PLAINTIFF

BY_____/s/_____
Michael A. Stratton
Stratton Faxon
59 Elm Street
New Haven, CT 06510
Federal Bar No. ct 16255
Tel: (203) 624-9500
Fax: (203) 624-9100
mstratton@strattonfaxon.com

## CERTIFICATION

This is to certify that a copy of the foregoi has been forwarded via U.S regular first class mail, on this day to:

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891
06103
Fax No. (401) 596-6845

**Clerk's Office**
**United States District Court**
**District of Connecticut**
450 Main Street
Hartford, Connecticut

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319
Fax No. (860) 355-8487

**Susan O' Donnell, Esq.**
**Halloran & Sage, LLP**
One Goodwin Square
Hartford, CT 06103
Fax No. (860) 548-0006

**James R. Oswald, Esq.**
**Adler, Pollock & Sheehan, PC**
2300 Financial Plaza
Providence, RI 02903-2443
Fax No. (401) 751-0604/351-4607

_____
Michael A. Stratton

4