UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT<br>    Plaintiff | :    CIVIL ACTION<br>:    NO. 3:02 CV1302 (DJS) |
| v. | : |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs<br>    Cross-Claim Plaintiffs | :<br>:<br>:<br>: |
| v. | : |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>:    MARCH 9, 2004 |

***PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S MOTION TO COMPEL THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, DR. ROLAND RUHL OR IN THE ALTERNATIVE TO PRECLUDE HIS TESTIMONY TO TAKE PLACE IN PHOENIX, ARIZONA ON MARCH 12, 2004***

Dr. Roland Ruhl was first served with a subpoena duces tecum to produce documents and to appear and give testimony at the appointed location in Phoenix, Arizona on January 27, 2004. See Exhibit 1.

1

At the time that Dr. Ruhl was first served the then pending scheduling order required the completion of the Plaintiff's expert witness depositions by February 15, 2004.

On or about February 2, 2004, a new Scheduling Order was enunciated by the Court. Under the terms of that scheduling order the Plaintiff's expert witnesses were to be deposed by April 16, 2004.

Defendant, Arpin in an effort to undertake diligent compliance with the court's scheduling order thereafter served Dr. Roland Ruhl on February 13, 2004 with a subpoena duces tecum to appear in Phoenix Arizona (his hometown) and be deposed on March 12, 2004. See Exhibit 2. This was done after defense counsel had conferred at some length, consulted their calendars and provided Attorney Stratton with a number of dates which they had in common within which these depositions could be undertaken and concluded. See Exhibit 3.

On February 6, 2004, Attorney Stratton agreed to Dr. Ruhl's deposition on March 5 or March 12, 2004. See Exhibit 4.

On February 11, 2004, Arpin counsel agreed to March 12, 2004 @ 9:00 a.m. to depose Dr. Ruhl's in Phoenix. See Exhibit 5.

On February 13, 2004, Joel Faxon, Esq. for Stratton & Faxon agreed to March 12, 2004 @ 9:00 a.m. to depose Dr. Ruhl in Phoenix. See Exhibit 6.

Presently depositions have been noticed to be undertaken as follows:

2

| DATE | DEPONEE | PLACE |
|---|---|---|
| 3/29/04 | Festo Depositions (Cheryl Sabatelli & Petra Milks) | Long Island Deposition Center, Mineola, New York |
| 3/30/04 | Festo Depositions (Fred Zireau and Faye DeVito) | Long Island Deposition Center, Mineola, New York |
| 3/31/04 | Dr. Gary Crates | Stratton Faxon, 59 Elm Street, New Haven, CT |
| 4/2/04 | Dr. Lawrence Forman | Network Reporting, Courthouse Tower, 44 West Flagler Street, Suite 1200, Miami, FL |
| 4/6/04 | Shawn Pouliot | Bish & Associates, Inc. 159 South Main Street, Suite 812, Akron, OH |
| 4/7/04 | Dr. Slazek 8:00 a.m. Dr. Cremer 10:00 a.m. Dr. Dankoff 1:30 p.m. Dr. Johnston 4:00 p.m. | Bish & Associates, Inc. 159 South Main Street, Suite 812, Akron, OH |
| 4/12/04 | Maxon Deposition | Maxon Corporation Santa Fe Springs, California |

As the result, there is limited time remaining in this matter to depose Plaintiff's experts by the April 16th deadline.

On or about March 3, 2004, Attorney Stratton wrote for the first time to request (but not require or suspend) that Dr. Roland Ruhl's deposition not be taken on March 12, 2004 because he had a family commitment. See Exhibit 7.

3

Attorney Oswald replied to that letter on March 4, 2004 explaining that he had already spent monies and commitments had already been made to go to Phoenix on March 12, 2004 and that he didn't agree to re-schedule Dr. Ruhl's deposition. See Exhibit 8.

Attorney Grady replied to Attorney Stratton's letter on March 4, 2004 explaining that a month ago we had all agreed to go forward with Dr. Ruhl's deposition on March 12th. He wished to go forward with Dr. Ruhl's deposition on March 12th in Phoenix. See Exhibit 9.

On March 5, 2004 we received a reply from Jason K. Gamsby, Legal Assistant for Michael A. Stratton that it was almost impossible to reschedule Dr. Ruhl's March 12, 2004 deposition. He proposed that Dr. Ruhl's deposition take place in New Haven on that date and that he would agree to cover twenty-five percent of the expert's travel expenses. See Exhibit 10.

On March 6, 2004, we received an e-mail response from Attorney Stratton that Dr. Ruhl was available for his deposition at their office on March 12th with the caveat that all 4 parties would split his travel and fee. See Exhibit 11.

On March 8, 2004, we replied to Attorney Stratton's letter of March 5, 2004 indicating that we were prepared to execute the deposition at the subpoenaed address in Phoenix on March 12th as noticed and we would not contribute to cover any of the experts travel expenses. See Exhibit 12.

On March 8, 2004, Attorney Oswald responded to Attorney Stratton's letter of March 5, 2004 indicating that he agreed to take Dr. Ruhl's deposition in New Haven on March 12, 2004 but would not agree to pay any expenses in connection with this deposition. See Exhibit 13.

Finally, after reservations had been made and tickets paid for, on or about March 8, 2004 at 1:16 p.m., Attorney Stratton unilaterally without any explanation notified all counsel that "Dr. Roland Ruhl's deposition will not take place on March 12, 2004. If you're interested in taking his deposition either in my office or in Arizona, please give us dates and we will work it out with our expert." See Exhibit 14.

By way of the subpoena duces tecum which was served on Dr. Ruhl on February 13, 2004 he was ordered to produce documents described in Schedule A at the offices of Mohr, Hackett, Pederson, Blakely, Randolph, P.C. *on or before February 27, 2004* so that adequate preparation could be had with respect to the undertaking of Dr. Ruhl's deposition. Dr. Ruhl did not comply with this mandate. No documents were provided as ordered pursuant to the terms of the subpoena duces tecum by February 27, 2004, nor even by March 8, 2004 at the time of filing this motion.

Further, counsel for the Plaintiff and for the expert witness Dr. Roland Ruhl at no time have ever filed a Motion for a Protective Order with this court for the purpose of trying to seek the court's approval for the avoidance of the March 12, 2004 deposition. Instead, counsel has

5

unilaterally cancelled the deposition even though Dr. Ruhl was under the power of a Federal Subpoena Duces Tecum.

Indeed, as this motion is filed no Motion for Protective Order has been filed by Plaintiff's counsel. We respectfully submit that there is no basis for a lawyer to unilaterally control the circumstances of the taking of the deposition of Roland Ruhl, Ph.D.

Accordingly, counsel for Arpin respectfully requests that this court exercise its discretion in this matter based upon its inherent power to control litigation and order alternatively that Dr. Roland Ruhl appear for his deposition on March 12, 2004 at 9:00 a.m. at the law offices of Mohr, Hackett, Pederson, Blakely, Randolph, P.C. in Phoenix, Arizona or that he be precluded from testifying on behalf of the Plaintiff in the course of any trial proceedings directly or indirectly to be undertaken hereafter.

Defendant/Third-Party Plaintiff and Crossclaim Plaintiff, Arpin rely upon its Memorandum of Law which is attached hereto, made a part hereof and incorporated herein by reference, and respectfully requests of this court the relief which it seeks. An Affidavit of Movant's Good Faith Efforts to Resolve this Discovery Dispute Relative to Plaintiff's Expert Dr. Roland Ruhl's March 12, 2004 Scheduled Deposition is attached. See Exhibit 15.

Defendants/Third-Party Plaintiffs/<br>
Cross-Claim Plaintiffs<br>
By their attorney:

*[signature]*

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street, P.O. Box 541
Westerly, R.I.  02891
(401) 596-0183
(401) 596-6845 (Fax)

## **CERTIFICATION OF NOTICE**

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this ____ day of March, 2004, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT  06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT  06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollock & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI  02903-2443.

*[signature]*

Thomas J. Grady, Esq.