UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT<br>    Plaintiff | :    CIVIL ACTION<br>:    NO. 3:02 CV1302 (DJS) |
| v. | : |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>    Defendants/Third-Party Plaintiffs<br>    Cross-Claim Plaintiffs | :<br>:<br>:<br>: |
| v. | : |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>:    MARCH 9, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S MOTION TO COMPEL THE TESTIMONY OF PLAINTIFF'S EXPERT WITNESS DR. ROLAND RUHL OR IN THE ALTERNATIVE TO PRECLUDE HIS TESTIMONY TO TAKE PLACE IN PHOENIX, ARIZONA ON MARCH 12, 2004.**

I.     INTRODUCTION

Pursuant to Local Rule 7(a), Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. [hereafter "Arpin"] hereby attach this Memorandum of Law in Support of Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.'s Motion to Preclude the Testimony of Plaintiff's Expert Witness

1

Dr. Roland Ruhl or in the Alternative to Compel His Testimony to Take Place in Phoenix, Arizona on March 12, 2004.

II.     FACTS

Dr. Roland Ruhl was first served with a subpoena duces tecum to produce documents and to appear and give testimony at the appointed location in Phoenix, Arizona on January 27, 2004. See Exhibit 1.

At the time that Dr. Ruhl was first served the then pending scheduling order required the completion of the Plaintiff's expert witness depositions by February 15, 2004.

On or about February 2, 2004, a new Scheduling Order was enunciated by the Court. Under the terms of that scheduling order the Plaintiff's expert witnesses were to be deposed by April 16, 2004.

Defendant, Arpin in an effort to undertake diligent compliance with the court's scheduling order thereafter served Dr. Roland Ruhl on February 13, 2004 with a subpoena duces tecum to appear in Phoenix Arizona (his hometown) and be deposed on March 12, 2004. See Exhibit 2. This was done after defense counsel had conferred at some length, consulted their calendars and provided Attorney Stratton with a number of dates which they had in common within which these depositions could be undertaken and concluded. See Exhibit 3.

On February 6, 2004, Attorney Stratton agreed to Dr. Ruhl's deposition on March 5 or March 12, 2004. See Exhibit 4.

On February 11, 2004, Arpin counsel agreed to March 12, 2004 @ 9:00 a.m. to depose Dr. Ruhl's in Phoenix. See Exhibit 5.

On February 13, 2004, Joel Faxon, Esq. for Stratton & Faxon agreed to March 12, 2004 @ 9:00 a.m. to depose Dr. Ruhl in Phoenix. See Exhibit 6.

Presently depositions have been noticed to be undertaken as follows:

| DATE | DEPONEE | PLACE |
| --- | --- | --- |
| 3/29/04 | Festo Depositions (Cheryl Sabatelli & Petra Milks) | Long Island Deposition Center, Mineola, New York |
| 3/30/04 | Festo Depositions (Fred Zireau and Faye DeVito) | Long Island Deposition Center, Mineola, New York |
| 3/31/04 | Dr. Gary Crates | Stratton Faxon, 59 Elm Street, New Haven, CT |
| 4/2/04 | Dr. Lawrence Forman | Network Reporting, Courthouse Tower, 44 West Flagler Street, Suite 1200, Miami, FL |
| 4/6/04 | Shawn Pouliot | Bish & Associates, Inc. 159 South Main Street, Suite 812, Akron, OH |
| 4/7/04 | Dr. Slazek 8:00 a.m. Dr. Cremer 10:00 a.m. Dr. Dankoff 1:30 p.m. Dr. Johnston 4:00 p.m. | Bish & Associates, Inc. 159 South Main Street, Suite 812, Akron, OH |
| 4/12/04 | Maxon Deposition | Maxon Corporation Santa Fe Springs, California |

As the result, there is limited time remaining in this matter to depose Plaintiff's experts by the April 16th deadline.

On or about March 3, 2004, Attorney Stratton wrote to request (but not require or suspend) that Dr. Roland Ruhl's deposition not be taken on March 12, 2004 because he had a family commitment. See Exhibit 7.

Attorney Oswald replied to that letter on March 4, 2004 explaining that he had already spent monies and commitments had already been made to go to Phoenix on March 12, 2004 and that he didn't agree to re-schedule Dr. Ruhl's deposition. See Exhibit 8.

Attorney Grady replied to Attorney Stratton's letter on March 4, 2004 explaining that a month ago we had all agreed to go forward with Dr. Ruhl's deposition on March 12th. He wished to go forward with Dr. Ruhl's deposition on March 12th in Phoenix. See Exhibit 9.

On March 5, 2004 we received a reply from Jason K. Gamsby, Legal Assistant for Michael A. Stratton that it was almost impossible to reschedule Dr. Ruhl's March 12, 2004 deposition. He proposed that Dr. Ruhl's deposition take place at Stratton Faxon on that date if all of us would agree to cover twenty-five percent of the expert's travel expenses. See Exhibit 10.

On March 6, 2004, we received an e-mail response from Attorney Stratton that Dr. Ruhl was available for his deposition at their office on March 12th with the caveat that all 4 parties would split his travel and fee. See Exhibit 11.

On March 8, 2004, we replied to Attorney Stratton's letter of March 5, 2004 indicating that we were prepared to execute the deposition at the subpoenaed address in Phoenix on March 12th as noticed and we would not contribute to cover any of the experts travel expenses. See Exhibit 12.

On March 8, 2004, Attorney Oswald responded to Attorney Stratton's letter of March 5, 2004 indicating that he agreed to take Dr. Ruhl's deposition in New Haven on March 12, 2004 but would not agree to pay any expenses in connection with this deposition. See Exhibit 13.

Finally, after reservations had been made and tickets paid for, on or about March 8, 2004 at 1:16 p.m., Attorney Stratton unilaterally without any explanation notified all counsel that "Dr. Roland Ruhl's deposition will not take place on March 12, 2004. If you're interested in taking his deposition either in my office or in Arizona, please give us dates and we will work it out with our expert." See Exhibit 14.

By way of the subpoena duces tecum which was served on Dr. Ruhl on February 13, 2004 he was ordered to produce documents described in Schedule A at the offices of Mohr, Hackett, Pederson, Blakely, Randolph, P.C. *on or before February 27, 2004* so that adequate

preparation could be had with respect to the undertaking of Dr. Ruhl's deposition. Dr. Ruhl did not comply with this mandate. No documents were provided as ordered pursuant to the terms of the subpoena duces tecum by February 27, 2004, nor even by March 8, 2004 at the time of filing this motion.

Further, counsel for the Plaintiff and for the expert witness Dr. Roland Ruhl at no time have ever filed a Motion for a Protective Order with this court (the customary practice) for the purpose of trying to seek the court's approval for the avoidance of the March 12, 2004 deposition. Instead, counsel has unilaterally cancelled the deposition even though Dr. Ruhl was under the power of a Federal Subpoena Duces Tecum.

III.    LAW AND ARGUMENT

A.    Motion to Compel Compliance with Subpoena Duces Tecum

In the alternative, Arpin moves to compel Dr. Roland Ruhl to appear at the time and place designated in the subpoena duces tecum. See Exhibit 2.

Under the Federal Rules, if a party believes that a subpoena is not valid, the proper response is a motion to quash or a motion for protective order. See Rule 26(c). The fact that a subpoena would require the recipient to travel greater distances than those listed in Rule 45(c)(3)(A)(iii) is an adequate excuse to avoid a subpoena. A timely objection to a subpoena is an adequate excuse. See Flatow v. Islamic Republic of Iran, 196 F.R.D. 203, 208 (D.D.C. 2000).

6

The Plaintiff has not filed a motion to quash or a motion for protective order. The location of the scheduled deposition in Phoenix, Arizona was selected by Dr. Ruhl. As discussed above, Plaintiff has not timely objected to the March 12, 2004 date of Dr. Ruhl's deposition. To the extent, Plaintiff's March 8, 2004 letter constitutes an objection it is far from timely.

Furthermore, the Plaintiff's letter does not provide any adequate grounds upon which to object to Dr. Ruhl's subpoena.

If a subpoena for relevant information imposes an "undue burden", the court may modify the subpoena or quash it altogether. See Fed.R.Civ.P. 45(c)(3)(A)(iv). The burden of proving that a subpoena is oppressive is on the party moving to quash. See Northrop Corp. v. McDonnell Douglas Corp., 751 F.2d 395, 403 (D.C.Cir. 1984). Though Plaintiff has not moved to quash the subpoena, Arpin contends that the same standard should apply so as not to allow Plaintiff to avoid the requirements of the Federal Rules of Civil Procedure.

The Plaintiff's objection is also untimely. The failure to serve written objections to a subpoena within the time specified within Rule 45(c)(2)(B) (fourteen days) typically constitutes a waiver of such objections. See Concord Boat Corp., et.al. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y.)

Dr. Ruhl was subpoenaed the second time on February 13, 2004. The Plaintiff unilaterally attempted to change the scheduling date of the deposition on March 8, 2004, 25 days

7

after service. This is well after fourteen days and the Plaintiff's last minute objection to the timing of the deposition should be deemed waived by the Court.

Arpin hereby moves this Court to compel Dr. Ruhl to comply with the February 13th, 2004 subpoena duces tecum and appear at the offices of Mohr, Hackett, Pederson, Blakely, Randolph, P.C. in Phoenix, Arizona on March 12, 2004.

B.     Preclusion of Dr. Ruhl's Testimony At Trial

Even without a discovery order, a District Court may impose sanctions upon a party exercising its inherent power to control litigation. See Chambers v. NASCO, Inc., 501 U.S. 32, 43-45 (1991). Whether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses. See Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 267 (2nd Cir. 1999) (citing New York State NOW v. Terry, 886 F.2d 1339, 1354 (2d.Cir. 1989). For example, "[W]hen a party fails to comply with Fed.R.Civ.P. 30(b)(6), Rule 37 allows courts to impose various sanctions including the preclusion of evidence. See Fed.R.Civ.P. 37(b)(2)(B)" See Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 268 (2nd Cir. 1999).

Arpin has moved to preclude the testimony of Dr. Roland Ruhl. This sanction is appropriate under the circumstances facing this Court.

In assessing whether preclusion of witness testimony is proper, the Court must examine (1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness, (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony and (4) the possibility of a continuance. See Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 269 (2d. Cir. 1999); Softel Inc. v. Dragon Medical Scientific Comm., Inc., 118 F.3d 955, 961 (2d. Cir. 1997); see Outley v. City of New York, 837 F.2d 587, 590-591 (2d Cir. 1988)

In this particular case, Plaintiff has not explained his failure to comply with the discovery request except to cite a "family engagement". This is not a sufficient reason. Plaintiff has four attorneys who have entered appearances on his behalf. There are four attorneys (Plaintiff's counsel and counsel for the three defendants) who will have to take this deposition. As the attached exhibits demonstrate, the parties have gone through a significant amount of time and effort in arranging for the deposition of Dr. Ruhl for March 12, 2004 in Phoenix, Arizona. The parties have also arranged their schedules in order to prepare for a deposition to be held on March 12, 2004. Furthermore, Plaintiff's unilateral cancellation of Dr. Ruhl's deposition without properly filing a Motion For Protective Order has prompted the filing of this subject Motion. This has caused unnecessary confusion regarding the grounds for cancellation of the deposition.

The burden of justifying the cancellation should rest on the Plaintiff, not this Court or the other parties.

The Defendant parties (Arpin, Festo and Trans-Expo) have been greatly prejudiced by the actions of the Plaintiff. Dr. Ruhl has not provided the information which was requested of him by the February 27, 2004 deadline set forth in his subpoena duces tecum as of this date. This has made preparation for the March 12, 2004 deadline significantly more difficult. This preparation was nonetheless done. Now, on only four days notice, the Plaintiff has unilaterally changed the date of the deposition without filing a Motion for Protective Order. More preparation time will be needed to prepare for the deposition of Dr. Ruhl at some point in the future. Plaintiff should not be allowed to visit such prejudice upon the other parties during the discovery process.

Given the lack of grounds to postpone this deposition, the Court should not countenance a continuance. Ample opportunity was provided to the Plaintiff to arrange for this deposition. Given the crowded docket of the federal courts and the Defendants' need for a timely resolution of this case, it is submitted that a continuance at this point would be inappropriate.

The factors in this case weigh in favor of precluding the testimony of Dr. Roland Ruhl. Arpin requests such relief from the Court.

IV. CONCLUSION

For the foregoing reasons, Arpin moves to preclude the testimony of Dr. Roland Ruhl, or in the alternative to compel Dr. Ruhl to attend the scheduled deposition in Phoenix, Arizona on March 12, 2004. Arpin prays such relief be granted.

Defendants/Third-Party Plaintiffs/
Cross-Claim Plaintiffs
By their attorney:

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
**LENIHAN, GRADY & STEELE**
6 Canal Street, P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this ___ day of March, 2004, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollock & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

Thomas J. Grady, Esq.