UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

FILED
2004 MAR -9 P 2:49
U.S. DISTRICT COURT
FORD, CT.

| | |
|---|---|
| SHAWN POULIOT,<br>Plaintiff,<br><br>v.<br><br>PAUL ARPIN VAN LINES, INC.<br>AND ARPIN LOGISTICS, INC.,<br>THE FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL AND ERICA<br>RAMIREZ,IN HER CAPACITY AS<br>EMPLOYEE OF TRANS-EXPO<br>INTERNATIONAL,<br>Defendants. | :<br>:<br>:<br>: C.A. No. 3:02 CV1302 (DJS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: March 9, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION OF DEFENDANTS THE FESTO CORPORATION, MICHAEL D. KOVAC AND ERICA RAMIREZ TO COMPEL PLAINTIFF (1) TO PROCEED WITH THE DEPOSITION OF HIS EXPERT, ROLAND RUHL, ON MARCH 12, 2004, AND (2) TO PRODUCE DR. RUHL'S WORKPAPERS, OR, IN THE ALTERNATIVE, TO PRECLUDE DR. RUHL FROM TESTIFYING AT TRIAL IN THIS MATTER**

Defendants The Festo Corporation and Michael K. Kovac and Erica Ramirez (collectively, the "Moving Defendants") respectfully submit this Memorandum of Law in support of their Motion to Compel Plaintiff (1) to proceed with the deposition of his expert, Roland Ruhl, on March 12, 2004, and (2) to immediately produce Dr. Ruhl's workpapers and files underlying his expert opinion in this matter. In the alternative, the Moving Defendants respectfully move this Court for an order precluding Dr. Ruhl from testifying at trial in this matter.

Plaintiff concedes that Dr. Ruhl is presently the subject of a validly-issued federal court subpoena, personally served on Dr. Ruhl nearly a month ago, requiring him to appear for deposition on March 12, 2004, and requiring him to produce his workpapers in this matter by

**ORAL ARGUMENT NOT REQUESTED**
**NO TESTIMONY REQUIRED**

February 27, 2004. The deposition date of March 12, 2004 was proposed, and agreed to, <u>by Plaintiff's counsel</u>, nearly one month ago. Plaintiff has represented to the Moving Defendants that he will unilaterally defy the subpoena and not proceed with Dr. Ruhl's deposition on March 12, 2004. Plaintiff has not sought, much less obtained, a protective order excusing either his expert's appearance at deposition or the production of his expert's workpapers supporting his expert opinion in this case.

Because of Plaintiff's willful defiance of the subpoena, and his continuing failure to produce Dr. Ruhl's workpapers in this matter, the Moving Defendants' Motion to Compel should be granted. In the alternative, the Court should exercise its discretion to preclude Dr. Ruhl from testifying at trial in this matter for Plaintiff's willful discovery abuses.

## **FACTUAL CHRONOLOGY**

Dr. Roland Ruhl is one of the experts disclosed by Plaintiff as an expert who will testify at trial in this case. He is associated with Ruhl Forensic, located in Phoenix, Arizona. <u>See</u> Plaintiff's Disclosure of Expert Witness dated January 14, 2004.

On January 26, 2004, Dr. Ruhl was served with a valid subpoena duces tecum issued from the United States District Court for the District of Arizona by Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (the "Arpin Defendants"). The subpoena required Dr. Ruhl to appear for deposition and produce documents in Phoenix, Arizona on February 9, 2004. At the time, the case was governed by the Court's October 31, 2003 Scheduling Order, which mandated that depositions of Plaintiff's testifying expert witnesses (such as Dr. Ruhl) be completed by February 16, 2004.

On February 2, 2004, the Court issued an amended Scheduling Order, which, <u>inter alia</u>, extended the deadline for depositions of Plaintiff's testifying expert witnesses until April 16,

2004. In response to the extended deadline, the parties agreed to postpone the February 9, 2004 deposition of Dr. Ruhl to a later date, to be agreed upon by the parties.

The date that the parties (including Plaintiff) agreed to several weeks ago is <u>March 12, 2004</u>. On Tuesday, February 3, 2004 – the day after the Court's issuance of an amended Scheduling Order – counsel for Defendants Michael D. Kovac and Erica Ramirez, after consultation with counsel for the Arpin Defendants and counsel for Festo, provided Plaintiff's counsel with 16 different dates that counsel for all Defendants were available "to conduct depositions of plaintiff's experts in this case." (A copy of counsel's February 3, 2004 letter, faxed to Plaintiff's counsel that day, is attached as **Exhibit A**). Counsel specifically requested "that the deposition of Dr. Ruhl be held on either Friday, March 5 or on Friday, March 12th."

On February 6, 2004, Plaintiff's counsel responded and agreed that Dr. Ruhl's deposition could take place either on "Friday, March 5, 2004 or Friday, March 12, 2004." (**Exhibit B**) On February 11, 2004, counsel for the Arpin Defendants confirmed the deposition of Dr. Ruhl for March 12, 2004. (**Exhibit C**)

On February 13, 2004, counsel for Plaintiff represented that "[t]he date of March 12, 2004 at 9:00am is confirmed" for the deposition of Dr. Ruhl. (**Exhibit D**)

On February 13, 2004, Dr. Ruhl was personally served by the Arpin Defendants with a new subpoena duces tecum, issued by the United States District Court for the District of Arizona. (**Exhibit E**; a copy of the Affidavit of Service dated February 13, 2004 is attached as **Exhibit F**) The subpoena required Dr. Ruhl to appear for deposition in Phoenix, Arizona on March 12, 2004, in Phoenix, and to produce the workpapers underlying his expert opinion in advance of the deposition, by February 27, 2004. In reliance on the agreement among the parties – including

Plaintiff – to conduct the deposition on March 12, 2004 in Phoenix, the Moving Defendants did not issue a separate subpoena duces tecum.

On February 16, 2004, counsel for the Arpin Defendants again confirmed "[t]he date of March 12, 2004 at 9:00 a.m." for the deposition of Dr. Ruhl. (**Exhibit G**)

In reliance on Plaintiff's agreement to proceed on March 12, 2004, counsel for the Moving Defendants (and counsel for the Arpin Defendants, as set forth in the Arpin Defendants' Motion to Compel or Preclude Dr. Ruhl's Testimony) made arrangements to conduct the deposition of Dr. Ruhl in Arizona on March 12, 2004, as set forth in the subpoena duces tecum.

Plaintiff failed to produce Dr. Ruhl's files, as required, by February 27, 2004. To date, Plaintiff has refused to produce Dr. Ruhl's files.[1]

On March 3, 2004 – some three weeks after agreeing to the date of March 12, 2004, and after counsel for the Arpin Defendants and Festo had finalized preparations for the March 12, 2004 deposition – counsel for Plaintiff sent a letter in which he indicated, for the first time, that he purportedly had "a family engagement on the day of Friday, March 12, 2004." (**Exhibit H**) Counsel requested that Dr. Ruhl's deposition be postponed until April 13, 2004 (three days before the April 16, 2004 discovery cut-off for Plaintiff's experts' depositions), or April 9, 2004 (seven days before the April 16 cut-off date).

On March 4, 2004, counsel for Festo indicated that he could not agree to Plaintiff's proposed rescheduling of Dr. Ruhl's deposition, noting that "all parties nearly a month ago agreed would take place next week on March 12, 2004." (**Exhibit I**) On March 4, 2004, counsel for the Arpin Defendants likewise responded that he could not agree to reschedule Dr. Ruhl's

---

[1] Plaintiff's continuing failure to produce Dr. Ruhl's workpapers (and the workpapers of Plaintiff's numerous other expert witnesses) is the subject of Festo's Motion to Compel Plaintiff's Responses to First Set of Interrogatories and First Set of Document Requests, filed January 29, 2004.

4

deposition "due to the expenses that have been incurred," and counsels' various schedules and other commitments. (**Exhibit J**)

Later that same day, counsel for Festo had a telephone conversation with counsel for Plaintiff. In that conversation, counsel for Plaintiff stated, unequivocally, that he was refusing to proceed with Dr. Ruhl's deposition as scheduled on March 12, 2004.

On March 5, 2004, a legal assistant to Plaintiff's counsel sent a letter to defense counsel proposing that Dr. Ruhl's deposition take place in New Haven, Connecticut, provided that defense counsel pay 75% of Dr. Ruhl's travel expenses. (**Exhibit K**) Plaintiff's counsel did not provide any indication of the total expenses involved in producing Dr. Ruhl in New Haven, Connecticut rather than in Phoenix.

On March 8, 2004, counsel for Festo responded, and agreed to allowing the deposition of Dr. Ruhl to take place in New Haven, but declined to pay any portion of the expenses of conducting the deposition in New Haven. (**Exhibit L**) Also on March 8, 2004, counsel for the Arpin Defendants likewise indicated that he agreed to the deposition proceeding in New Haven, provided that Plaintiff cover the expert's travel expenses. (**Exhibit M**). On Friday, March 5, 2004 counsel for Trans Expo and Ramirez contacted Jason Gamsby, Legal Assistant for Michael Stratton, and advised that she was willing to contribute a sum representing costs that would be saved by her clients by her avoiding travel to Arizona. However, counsel for Trans Expo would not agree to pay 25% of an unspecified sum. When the matter was not resolved by the close of business on Friday, March 5, 2004, counsel for Trans Expo and Ramirez called Mr. Gamsby to advise that she would be confirming her air travel booking at a cost of at least $700.00.

5

Later on Monday, March 8, 2004, Plaintiff's counsel sent a letter to all Defendants' counsel, stating, again unequivocally, that "Dr. Roland Ruhl's deposition will not take place on March 12, 2004." (**Exhibit N**)

As noted, Dr. Ruhl is subject to a validly-issued, properly-served federal court subpoena requiring him (1) to appear for his deposition (as agreed with all counsel) on March 12, 2004 in Phoenix; and (2) to produce the files underlying his expert testimony in this case by February 27, 2004. There is no protective order or other order that excuses Plaintiff's unilateral, last-minute decision to cancel Dr. Ruhl's deposition in defiance of the subpoena, or his continued refusal to produce his files. Indeed, neither Dr. Ruhl nor Plaintiff's counsel has bothered even to seek such a protective order.

## ARGUMENT

### I. PLAINTIFF SHOULD BE COMPELLED TO IMMEDIATELY PRODUCE DR. RUHL'S FILES IN THIS CASE AND TO PROCEED WITH DR. RUHL'S DEPOSITION ON MARCH 12, 2004

Plaintiff has represented that he will defy a valid federal court subpoena and will not proceed with Dr. Ruhl's deposition on March 12, 2004. Plaintiff's decision to defy the subpoena was unilateral, and came after Plaintiff's counsel had agreed – and had repeatedly confirmed – March 12, 2004 as the date of Dr. Ruhl's deposition.

In the absence of a protective order – which Plaintiff apparently has not deigned to seek – Plaintiff's expert witness, Dr. Ruhl, is under an affirmative obligation to appear for his deposition at the time and place specified in the subpoena. He is likewise under an affirmative obligation to produce the documents requested in the subpoena duces tecum, at the time and place specified. See, e.g., C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure § 2035, at 481 (West 2d ed. 1994) ("a party may not remain completely silent when it regards

6

discovery as improper. If it desires not to appear or not to respond it must object properly or seek a protective order").

It was <u>Plaintiff's counsel</u> that originally proposed the date of March 12, 2004 for the deposition of Dr. Ruhl in Phoenix. It was <u>Plaintiff's counsel</u> that agreed – nearly one month ago – to proceed on March 12, 2004. And now it is <u>Plaintiff's counsel</u> who has unilaterally defied a valid federal subpoena and has refused to proceed with his expert's deposition on March 12, 2004, in Phoenix or elsewhere.

Plaintiff has not formally objected to the deposition proceeding on that date and has not sought a protective order. Simply put, Plaintiff has simply decided that that he will not permit the deposition to take place on that day – in direct contravention of a valid federal subpoena and Plaintiff's own agreement with counsel.

Plaintiff's refusal to produce Dr. Ruhl's records in this case is equally egregious. As noted, to date, Plaintiff has simply defied the subpoena, and unilaterally refused to produce the files underlying Dr. Ruhl's expert opinions in this case.

Plaintiff should be compelled to (1) to proceed with Dr. Ruhl's deposition (as agreed with all counsel) on March 12, 2004; and (2) to immediately produce the files underlying Dr. Ruhl's expert testimony in this case by February 27, 2004.

## II. IN THE ALTERNATIVE, THE COURT SHOULD PRECLUDE DR. RUHL'S TESTIMONY AT TRIAL IN THIS MATTER

This Court should not countenance Plaintiff's willful defiance of a valid federal court subpoena. Plaintiff's unilateral refusal to proceed with the deposition of Dr. Ruhl, and his continued refusal to produce Dr. Ruhl's files, merits the sanction of preclusion of Dr. Ruhl's testimony at trial.

As the Second Circuit has noted, "[w]hether exercising its inherent power, or acting pursuant to Rule 37, a district court has wide discretion in sanctioning a party for discovery abuses." Reilly v. Natwest Markets Group, Inc., 181 F.3d 253, 267 (2d Cir. 1999) (precluding witness from testifying where party failed to produce witness pursuant to Rule 30(b)(6)), cert. denied, 528 U.S. 1119 (2000). Rule 37(b)(2) expressly grants this Court the discretion to impose sanctions for Plaintiff's willful failure to obey a validly-issued federal court subpoena. The panoply of sanctions include an order "prohibiting [the disobedient party] from introducing designated matters in evidence." Fed.R.Civ.P. 37(b)(2)(B).

Here, Plaintiff has offered no explanation, beyond an unspecified, previously-undisclosed "family commitment," for his eleventh-hour refusal to proceed with Dr. Ruhl's deposition, <u>which all parties, including Plaintiff, had weeks earlier agreed upon</u>. Plaintiff has likewise offered no explanation for his continued refusal to produce the workpapers of Dr. Ruhl (which Plaintiff concedes are relevant and discoverable; see Festo's Motion to Compel Plaintiff's Responses to First Set of Interrogatories and First Set of Document Requests, filed January 29, 2004).

Plaintiff has routinely and repeatedly attempted to thwart Defendants' discovery of his expert witnesses. He has unilaterally attempted to change deposition dates and locations. He has continued to withhold documents needed for a thorough cross-examination of his expert witnesses. His unilateral last-minute decision not to proceed with the deposition of Dr. Ruhl is only the latest example of his obstreperous conduct.

For Plaintiff's continued willful defiance of a validly-issued federal court subpoena, this Court should preclude Dr. Ruhl from testifying in any fashion at the trial in this matter.

Respectfully submitted,

THE FESTO CORPORATION,
By Its Attorneys,

JOHN A. TARANTINO, #15980
JAMES R. OSWALD, #20936
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI  02903-2443
Tel:  (401) 274-7200
Fax: (401) 751-0604/351-4607


MICHAEL D. KOVAC d/b/a TRANS-EXPO
INTERNATIONAL and ERICA RAMIREZ,
By Their Attorneys,

SUSAN O'DONNELL, #07539
HALLORAN & SAGE
One Goodwin Square
25 Asylum Street
Hartford, CT  06103
Tel:  (860) 522-6103
Fax: (860) 548-0006
Dated:  March 9, 2004

## CERTIFICATION

TO:    Michael A. Stratton, Esq. (via regular mail and facsimile)
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Roland F. Moots, Jr., Esq. (via regular mail)
Moots, Pellegrini, Mannion, Martindale
  & Dratch
46 Main Street
New Milford, CT 06776

Thomas J. Grady, Esq. (via regular mail and facsimile)
Lenihan, Grady & Steele
6 Canal Street
P.O. Box 541
Westerly, RI 02891

    I hereby certify that I caused a true copy of the within, to be served, by the methods indicated, to the above-named counsel of record on this 9th day of March, 2004.

/s/ Susan O'Donnell

*289524_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SHAWN POULIOT,
   Plaintiff,
       v.

PAUL ARPIN VAN LINES, INC.
AND ARPIN LOGISTICS, INC.,
THE FESTO CORPORATION, MICHAEL
D. KOVAC, D/B/A TRANS-EXPO
INTERNATIONAL AND ERICA
RAMIREZ, IN HER CAPACITY AS
EMPLOYEE OF TRANS-EXPO
INTERNATIONAL,
   Defendants.

C.A. No. 3:02 CV1302 (DJS)

March 9, 2004

## AFFIDAVIT OF JAMES R. OSWALD

JAMES R. OSWALD, being duly sworn, hereby deposes and says:

1. I am an attorney admitted to practice before this Court and a member of the firm of Adler Pollock & Sheehan P.C., attorneys for Defendant The Festo Corporation ("Festo"). I submit this affidavit in support of the Joint Motion of Defendants The Festo Corporation, Michael D. Kovac and Erica Ramirez to Compel Plaintiff (1) to Proceed With the Deposition His Expert, Roland Ruhl, on March 12, 2004, and (2) to Produce Dr. Ruhl's Workpapers, or, in the Alternative, to Preclude Dr. Ruhl from Testifying at Trial in This Matter (the "Motion to Compel or Preclude").

2. I hereby certify that I have conferred with counsel for Plaintiff in an effort in good faith to resolve by agreement the issues raised in the Motion to Compel or Preclude without the intervention of the Court, but have been unable to reach such agreement.

3. Attached as Exhibits to the Motion to Compel or Preclude are true and correct copies of documents relating to the within dispute.

_____
James R. Oswald

STATE OF RHODE ISLAND
COUNTY OF PROVIDENCE

SUBSCRIBED and sworn to before me in Providence, Rhode Island on the 9th day of March, 2004.

_____
Notary Public / CATHERN A. [illegible]
My Commission Expires: 6/20/05

## CERTIFICATION

TO: Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT 06510
(facsimile and regular mail)

Thomas J. Grady, Esq.
Lenihan, Grady & Steele
6 Canal Street
P.O. Box 541
Westerly, RI 02891
(facsimile and regular mail)

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Mannion, Martindale
  & Dratch
46 Main Street
New Milford, CT 06776
(regular mail)

I hereby certify that I caused a true copy of the within, to be served on the above-named counsel of record, by the methods indicated, on this 9th day of March, 2004.

289660_1.doc

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SHAWN POULIOT :
    Plaintiff :
  :
VS. : CIVIL ACTION NO.
  : 3:02 CV1302 (DJS)
PAUL ARPIN VAN LINES :
ARPIN LOGISTICS, INC. :
    Defendants/Third Party Plaintiffs :
  :
VS. :
  :
THE FESTO CORPORATION :
MICHAEL D. KOVAC D/B/A :
TRANS-EXPO INTERNATIONAL :
ERICA RAMIREZ, IN HER CAPACITY :
AS EMPLOYEE OF TRANS-EXPO INTL:
    Third Party Defendants : March 9, 2004

## AFFIDAVIT OF SUSAN O'DONNELL IN SUPPORT OF MOTION TO COMPEL

SUSAN O'DONNELL, being duly sworn, hereby deposes and says:

1. I am an attorney admitted to practice before this Court and a member of the firm Halloran & Sage, LLP, attorneys for the defendants Michael D. Kovac d/b/a Trans-Expo International and Erica Ramirez.

2. I hereby certify that I have conferred with counsel for Plaintiff in an effort in good faith to resolve by agreement the issues raised in the Motion to Compel without intervention of the Court, but have been unable to reach such agreement.

3. On Thursday, March 4, 2004 I received a letter from Attorney Michael Stratton, counsel for the plaintiff, who, due to a family engagement, raised the question of availability of other dates for the deposition of plaintiff's expert

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

witness, Dr. Roland Ruhl, which was noticed and scheduled for March 12, 2004 in Phoenix, Arizona. I then contacted Attorney Stratton's office. Finding he was not available, I left a voice mail message for him indicating that I would make myself available if necessary on dates other than March 12, 2004 for the deposition of Dr. Ruhl. At that time I had not yet committed any funds for travel expense.

4. On Friday, March 5, 2004 I received a letter from Jason Gamsby, Legal Assistant for Michael A. Stratton which stated, "I have found it almost impossible to reschedule Dr. Ruhl's March 12, 2004 deposition." Plaintiff's counsel proposed that Dr. Ruhl's deposition take place at his firm in New Haven, Connecticut, which would result in additional costs for Dr. Ruhl's travel expenses. The letter from plaintiff's counsel offered to cover 25% of the expert's travel expenses, but did not indicate that those costs would be.

5. On Friday, March 5, 2004 I called Michael Stratton but he was out of the office. I spoke to Mr. Gamsby and I offered to contribute a sum to Dr. Ruhl's travel expenses representing the costs my client would avoid by my not traveling to Arizona. However, I advised Mr. Gamsby that my Arizona plane tickets were on a 24-hour hold and I needed to know by the end of the day if the location of the deposition would be changing.

6. At approximately 5:00 p.m. on Friday, March 5, 2004 I again contacted Mr. Gamsby. Attorney Grady, counsel for Arpin, could not be reached and, thus, the offer to bring Dr. Ruhl to Connecticut could not be resolved. I advised Mr. Gamsby that I felt obliged to confirm my air travel arrangements, which I did, at the cost of $741.90.

7. On Monday, March 8, 2004, while I was at a deposition in West Haven, Connecticut on another matter, I contacted my office and learned of a letter that had been faxed to all counsel by Attorney Stratton which stated that "Dr. Roland

- 2 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Ruhl's deposition will not take place on March 12, 2004."

*Susan O'Donnell*
Susan O'Donnell

STATE OF CONNECTICUT     )
                         ) SS.   Hartford, Connecticut   March 9, 2004
COUNTY OF HARTFORD       )

On this 9th day of March, 2004, then and there personally appeared before me, the undersigned authority, Susan O'Donnell, who subscribed the foregoing and who swore to the truth of the statements contained therein.

*Francene L. Diana*
Francene L. Diana
Notary Public

Francene L. Diana
Notary Public
My Commission Expires
April 30, 2008

524312

- 3 -

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105