UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02 CV1302 (DJS) |
| | : | |
| v. | : | |
| | : | |
| PAUL ARPIN VAN LINES, INC. AND | : | |
| ARPIN LOGISTICS, INC. | : | |
| FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL AND ERICA RAMIREZ | : | |
| IN HER CAPACITY AS EMPLOYEE | : | |
| OF TRANS-EXPO INTERNATIONAL | : | |
| Defendants | | MAY 14, 2004 |

## _JOINT MOTION TO AMEND SCHEDULING ORDER_

Now comes the Defendants, Third-Party Plaintiffs and Cross-Claim Plaintiffs Paul Arpin

Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter "Arpin") and move this Court to amend the

Scheduling Order.  Arpin is joined in this Motion by the Plaintiff Shawn Pouliot, and the

Defendants/Third-Party Defendants/Cross-Claim Defendants, Festo Corporation, Michael D.

Kovac d/b/a Trans-Expo, International, and Erica Ramirez in her capacity as an employee of

Trans-Expo, International.

Due to the conflicting schedules of the attorneys involved in this case, the geographical

1

disparity of the proposed deponees and the complexity of the issues involved in this case, it is not possible for the parties to abide by the current Scheduling Order.

All parties have exercised their best efforts to complete these depositions in accordance with the Scheduling Order, but will nonetheless be unable to meet its deadlines in the future. The current Scheduling Order deadlines cannot be reasonably met despite the diligence of all parties involved.

For the foregoing reasons, the undersigned jointly request that the Court's February 2, 2004 Scheduling Order be amended by adding an additional 75 days to the dates set forth herein.

Discovery including all discovery relating to expert witnesses would be completed by August 30, 2004. Deposition of the Plaintiff's experts would be completed by July 1, 2004. Reports from Defendants' experts would be completed by July 31 2004. Deposition of Defendants' experts would be completed by August 30, 2004. Dispositive motions, if any, would be filed by October 1, 2004.

A joint trial memorandum would be filed by November 1, 2004. The case would be trial ready by November 15, 2004.

A Memorandum is attached in support of this Motion.  All counsel hereby move that the

above requested relief be granted.

DATE: _____          THE DEFENDANT AND
                                         THIRD-PARTY PLAINTIFF,


                           BY_____

                                Thomas J. Grady. Esquire
                                Federal Bar No. CT 17139
                                **_LENIHAN, GRADY & STEELE_**
                                6 Canal Street, P.O. Box 541
                                Westerly, RI 02891
                                (401) 596-0183
                                (401) 596-6845 (Fax)

DATE: _____          THE PLAINTIFF,


                                           BY_____

                                                Michael A. Stratton, Esquire
                                                Stratton Faxon
                                                59 Elm Street
                                                New Haven, CT  06510
                                                Federal Bar No. CT08166
                                                Tel:  203-624-9500
                                                Fax: 203-624-9100

DATE: _____          THE DEFENDANTS AND THE THIRD-PARTY
                                        DEFENDANTS, MICHAEL D. KOVAC AND
                                        ERICA RAMIREZ


                                        BY_____

                                            Susan O'Donnell, Esquire
                                            Halloran & Sage
                                            One Goodwin Square
                                            225 Asylum Street
                                            Hartford, CT  06103
                                            Federal Bar #CT07539
                                            Tel:  860-297-4618
                                            Fed:  860-548-0006

DATE: _____          THE DEFENDANTS AND THE THIRD-PARTY
                                        DEFENDANT, FESTO CORPORATION


                                        BY_____

                                            James Oswald, Esquire
                                            Adler, Pollock & Sheehan
                                            2300 Financial Plaza
                                            Providence, RI  02903-2443

DATE: _____          THE PLAINTIFF,


BY_____

       Roland F. Moots, Esquire
       Moots, Pellegrini, Mannion, Martindale
         & Dratch
       46 Main Street
       New Milford, CT  06776
       CT Bar No. CT29363
       Tel:  860-355-4191
       Fax: 860-355-8487

## ***CERTIFICATION***

     I hereby certify that a copy of the foregoing was hand-carried this _____ day of
_____, 2004, to Michael A. Stratton, Esquire of Stratton Faxon, 59 Elm Street, New
Haven, CT  06520, Roland F. Moots, Jr., Esquire of Moots, Pellegrini, Mannion, Martindale &
Dratch, 46 Main Street, New Milford, CT  06776, Susan O'Donnell, Esquire of Halloran & Sage,
One Goodwin Square, 225 Asylum Street, Hartford, CT  06103 and John Tarantino, Esquire and
James R. Oswald, Esquire of Adler, Pollock & Sheehan, P.C., 2300 Financial Plaza, Providence,
RI  02903-2443.

_____

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:02 CV1302 (DJS) |
| | : | |
| v. | : | |
| | : | |
| PAUL ARPIN VAN LINES, INC. AND | : | |
| ARPIN LOGISTICS, INC. | : | |
| FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL AND ERICA | : | |
| RAMIREZ IN HER CAPACITY AS | : | |
| EMPLOYEE OF TRANS-EXPO | : | |
| INTERNATIONAL | : | |
| Defendants | : | MAY 14, 2004 |

## <u>*MEMORANDUM OF LAW IN SUPPORT OF JOINT MOTION TO AMEND THE SCHEDULING ORDER*</u>

Pursuant to Local Rule 7(a), Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter "Arpin") attach this Memorandum in support of their Motion to Amend the Scheduling Order. (See Exhibit 1) Pursuant to Local Rule 16 (b), Arpin, for good cause, moves the Court to amend the scheduling order because the current schedule cannot be reasonably met despite diligent efforts by counsel.

Arpin is joined in this Motion by the Plaintiff Shawn Pouliot, and the Defendants/Third-

1

Party Defendants/Cross-Claim Defendants, Festo Corporation, Michael D. Kovac d/b/a Trans-Expo, International, and Erica Ramirez in her capacity as an employee of Trans-Expo, International.

Local Rule 16(b) grants the Court authority to amend the scheduling order if good cause to amend the scheduling order is shown. "The good cause standard requires a particularized showing that the schedule cannot be reasonably met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan."

In an effort to comply with the Court's scheduling order the depositions of Plaintiff's experts were first scheduled for February and March. Due to trial conflicts, however, they had to be continued. They were eventually completed as follows:

1.    <u>Festo Employees</u>: These depositions were taken in Mineola, New York on Long Island on Monday March 29th and Tuesday March 30th. The depositions, in substantial part, encompassed the entirety of both days.

2.    <u>Lawrence Forman</u>: On Friday April 2nd, the Plaintiff's life care planning expert was deposed in Miami, Florida requiring all day travel on Thursday April 1st and Saturday April 3rd.

3.      <u>Plaintiffs' Physician Experts Dr. Frederick Slezak, Dr. Joseph Dankoff, Dr. James Johnston, Dr. Stephen Cremer, in Akron, Ohio:</u>  On Wednesday April 7th, four physicians were deposed in Akron, Ohio.  Counsel traveled on Tuesday April 6th and Thursday April 8th.

4.      <u>Maxon Representative</u>:  On Easter Sunday, April 11th counsel traveled to Los Angeles for a deposition of a Maxon representative in Santa Fe Springs at 11 a.m. on Monday April 12th.

5.      <u>Roland Ruhl</u>:  On Monday April 12th, after completing the Maxon deposition, counsel flew from Los Angeles to Phoenix.  On Tuesday, April 13th, the Plaintiff's engineering expert's deposition was taken in Phoenix.  The deposition lasted the greater portion of the entire day.  Counsel returned by traveling on Wednesday April 14th.

This schedule required Attorney Stratton to miss Easter Sunday with his children.  Attorney Grady ate his Easter Dinner in his hotel room at 12:00 a.m. PST, 3:00 a.m. EST.

Counsel have all made diligent efforts to try to comply with the Court's Scheduling Order.  Under the current order, disclosure of Defendant's Experts is due on May 17, 2004.

At this present date, Attorney Stratton is selecting a jury and anticipates that he will be attending to jury matters until May 25th.  Attorney Stratton has two more trials following in June.  Attorney O'Donnell is presently scheduled to start a jury trial on June 2nd which is expected to last two weeks.  Attorney Oswald has a trial that is scheduled to begin on June 14, 2004.  It is

apparent that the attorneys will not be able to comply with the remaining features of the scheduling order despite diligent efforts by all parties because of circumstances beyond their control.

Depositions are already scheduled for May 27th and May 28th of Arpin witnesses in Boston.  A deposition of Plaintiff's economic expert must still be completed.

Defendant Arpin intends on disclosing two experts, one in Connecticut and one in California.  Festo intends to disclose at least one expert from Florida.  The deposition of Shawn Pouliot by Festo and Trans-Expo has not occurred.  A deposition of Mark Pouliot, Shawn's brother, must also be done.  There is also a physician, Dr. Perera in Akron, Ohio who will have to be deposed.

It is anticipated that the remaining depositions will take the better part of four weeks.

Not only can these depositions not be completed under the present scheduling order, but due to conflicting trial schedules, counsel believes that additional time is necessary.

For the foregoing reasons, the undersigned jointly request that the Court's February 2, 2004 Scheduling Order be amended by adding an additional 75 days to the dates set forth herein.

Discovery including all discovery relating to expert witnesses would be completed by August 30, 2004. Deposition of the Plaintiff's experts would be completed by July 1, 2004. Reports from Defendants' experts would be completed by July 31 2004. Deposition of Defendants' experts would be completed by August 30, 2004. Dispositive motions, if any, would be filed by October 1, 2004.

A joint trial memorandum would be filed by November 1, 2004. The case would be trial ready by November 15, 2004.

The undersigned contend that for good cause the Scheduling Order deadlines cannot be reasonably met, despite the diligence of all parties. All counsel move that the above requested relief be granted.

THE DEFENDANT, CROSS-CLAIM AND THIRD PARTY PLAINTIFF:

_____

Thomas J. Grady. Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845

## ***CERTIFICATION***

I hereby certify that a copy of the foregoing was hand-carried this _____ day of _____, 2004, to Michael A. Stratton, Esquire of Stratton Faxon, 59 Elm Street, New Haven, CT  06520, Roland F. Moots, Jr., Esquire of Moots, Pellegrini, Mannion, Martindale & Dratch, 46 Main Street, New Milford, CT  06776, Susan O'Donnell, Esquire of Halloran & Sage, One Goodwin Square, 225 Asylum Street, Hartford, CT  06103 and John Tarantino, Esquire and James R. Oswald, Esquire of Adler, Pollock & Sheehan, P.C., 2300 Financial Plaza, Providence, RI  02903-2443.

_____