UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 JUN 14  P 6: 18
US DISTRICT COURT
HARTFORD, CT.

SHAWN POULIOT,
    Plaintiff,
v.

PAUL ARPIN VAN LINES, INC., and
ARPIN LOGISTICS, INC., THE FESTO
CORPORATION, MICHAEL D. KOVAC
d/b/a TRANS-EXPO INTERNATIONAL
and ERICA RAMIREZ
    Defendants.

No. 3:02CV1302 (DJS)

## MEMORANDUM OF DECISION

Now pending before the court are Festo Corporation's ("Festo") motion to compel **[doc. #254]** and Paul Arpin Van Lines' and Arpin Logistics, Inc.'s ("Arpin") motion to compel **[doc. #268]**. The defendants seek more responsive answers to interrogatories served on the plaintiff, Shawn Pouliot ("Pouliot"), as well as the production of certain documents. Plaintiff has submitted substantially identical responses to both motions; the court will therefore address all outstanding arguments in this single ruling. The motions to compel are **GRANTED in part and DENIED in part** for the following reasons.

## DISCUSSION

The parties to this action have engaged in a lengthy and often contentious period of discovery. Numerous motions to compel have been filed seeking the court's input on every kind of dispute, from the critical to the petty. The present controversy centers on Festo's First Set of Interrogatories to Plaintiff, dated December 16, 2003, and First Set of Document Requests to

-1-

Plaintiff, also dated December 16, 2003. According to Festo, Pouliot has provided no answers and no documents in response to Festo's discovery requests. Pouliot claims that Festo's interrogatories are "contention interrogatories" that need not be answered until after discovery has been substantially completed. Pouliot also claims that Festo's requests for expert information and document production are untimely and, essentially, a waste of resources better used at a later stage of these proceedings.

Arpin also moves to compel responses from Pouliot. Arpin alleges that Pouliot's answers to the Second Set of Interrogatories and the Fifth Request for Documents are inadequate or otherwise non-responsive. Pouliot again responds by arguing that the interrogatories are "contention interrogatories" that need not be answered until discovery is largely complete. Further, plaintiff contends that answering any requests for expert information or trial materials at present would be a waste of resources.

The court will first address Pouliot's arguments and then consider the individual interrogatories and production requests submitted by the defendants in their separate motions.

A.   **Pouliot's Arguments**

**I. The Law of "Contention Interrogatories"**

Pouliot argues that Festo and Arpin submitted "contention interrogatories" that seek to learn the basis for various contentions Pouliot has made in his complaint. Plaintiff relies on a decision from this District, McCarthy v. Paine Webber Group, Inc., 168 F.R.D. 448 (D.Conn. 1996) which held that, because of the nature of "contention interrogatories" they are more appropriate "after a substantial amount of discovery has been conducted." McCarthy, 168 F.R.D.

at 450 (citing <u>Fischer and Porter Co. v. Tolson</u>, 143 F.R.D. 93, 95 (E.D.Pa. 1992). This court is unpersuaded by <u>McCarthy</u> and does not find that, in this case, delaying Pouliot's responses to Festo's and Arpin's proper interrogatories serves any useful purpose.

"An otherwise proper interrogatory is not necessarily objectionable merely because an answer to the interrogatory involves an opinion or contention that relates to fact or the application of law to fact." F.R.C.P. 33(c). The courts have the option to delay the answers to any such opinion or contention interrogatories until "after designated discovery has been completed or until a pre-trial conference or other later time." F.R.C.P. 33(c). The key word in the relevant rule is "may." The courts "may order" the specified delays. F.R.C.P. 33(c). Although the language of <u>McCarthy</u> cited *supra* suggests that such interrogatories ought to be answered after discovery, this is not at all what the rule instructs.

"Each interrogatory *shall* (emphasis added) be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall state the reasons for the objection and shall answer to the extent the interrogatory is not objectionable." F.R.C.P. 33(b)(1). This language is consistent with the general principle that discovery is broad and parties are expected to fully comply unless they have a good reason not to do so. The language of F.R.C.P. 33(c) makes clear that the mere fact an interrogatory seeks a contention or opinion is not per se a basis for objection.

Pouliot makes no legitimate objection to the interrogatories submitted by either Arpin or Festo. Rather, Pouliot seeks only to delay his response based on the characterization of the interrogatories as "contention interrogatories." This is an insufficient basis for an objection. Absent some showing that the interrogatories ask for improper legal conclusions or otherwise

seek information beyond the bounds of proper discovery, there is no legitimate reason for Pouliot to refuse submission of the answers required by Rule 33.

## II. Pouliot's Reliance on Deposition Testimony as a Response to Interrogatories

Pouliot also contends that he need not respond to the defendants' interrogatories because the depositions of plaintiff's experts will reveal the necessary information. Plaintiff's argument is inadequate. Numerous courts have held that a party may not incorporate deposition testimony or otherwise rely on future deposition testimony in lieu of offering a complete and separate response to each interrogatory. See, DiPietro v. Jefferson Bank, et. al., 144 F.R.D. 279 (E.D.Pa. 1992); International Mining Co., Inc. v. Allen & Co., Inc., 567 F.Supp. 777 (S.D.N.Y. 1983); J.J. Delaney Carpet Co. v. Forest Mills, Inc., 34 F.R.D. 152 (S.D.N.Y. 1963). Documents and testimony are often subject to interpretation and they do not serve the same purposes as interrogatories. Only a full response to the interrogatories comports with the requirements of the Federal Rules.

## III. Disclosure of Expert Information

The court has previously addressed this issue with all parties, regarding the deposition of Doctor Ruhl, in its Order dated March 11, 2004. All parties are responsible for producing all documents requested in conjunction with the deposition of an expert no later than five days prior to the deposition. The party conducting the deposition shall bear the costs of copying the disclosed documents.

**B.     Festo's Interrogatories and Production Requests**

Festo seeks responses to fourteen interrogatories. Pouliot objects to interrogatories Nos. 2 through 11 on the grounds that they are contention interrogatories and need not be answered at present. The court has addressed this issue and concluded that Festo is entitled to full and separate responses to interrogatories Nos. 2 through 11. There is also no basis for Pouliot's failure to reply to interrogatories Nos. 1 and 13. Interrogatory No. 14 must also be answered in full. The court does note, however, that pursuant to F.R.C.P. 26(a)(2) the disclosure of potential experts and the production of accompanying documents is subject to the direction of the court. Thus, Pouliot shall be found to have complied with the Federal Rules so long as the answer to interrogatory No. 14, and the production of documents identified in association with interrogatory No. 14, is made in accordance with the court's scheduling orders and other instructions related to expert witness discovery. Finally, the court does not compel Pouliot's disclosure of his trial exhibits at this time. This request could be unduly burdensome in light of the uncertain future date of a trial. The parties will have adequate time to review the various pieces of evidence that are designated for exhibition prior to the start of trial. Festo's motion is granted in part and denied in part.

**C. Arpin's Interrogatories and Production Requests**

Arpin seeks responses to fourteen interrogatories, each of which requests facts that support the claims made in Pouliot's complaint. The court has considered and rejected Pouliot's objection to these interrogatories based on their status as "contention interrogatories." Pouliot is compelled to respond to each of Arpin's interrogatories. Further, Pouliot must produce all of the

requested documents. Again, any request for trial exhibits is unduly burdensome at present and a response to such request is not compelled. Also, the disclosure of experts and the production of related documents shall be deemed satisfactory so long as it complies with the court's scheduling order and the instructions outlined in this ruling and the prior orders of the court

## CONCLUSION

Festo's motion to compel **[doc #254]** and Arpin's motion to compel **[doc. #268]** are **GRANTED in part and DENIED in part**. Pouliot's argument that "contention interrogatories" need not be answered until discovery is substantially complete has no merit in this action. Absent any valid objections to the defendants' interrogatories, Pouliot is compelled to provide answers and produce documents in accord with the Federal Rules.

**IT IS SO ORDERED** at Hartford, Connecticut, this 14th day of June, 2004.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE