

FILED

2004 AUG 24 A 11: 00

U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
|     Plaintiff | : | NO. 3:02 CV1302 (DJS) |
| | : | |
| vi. | : | |
| | : | |
| PAUL ARPIN VAN LINES, INC. AND | : | |
| ARPIN LOGISTICS, INC. | : | |
| FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC, D/B/A TRANS-EXPO | : | |
| INTERNATIONAL, AND ERICA RAMIREZ | : | |
| IN HER CAPACITY AS EMPLOYEE | : | |
| OF TRANS-EXPO INTERNATIONAL | : | |
|     Defendants/Third-Party Defendants | : | AUGUST 23, 2004 |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH DEFENDANT ARPIN LOGISTICS, INC.'S FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS PROPOUNDED TO PLAINTIFF, SHAWN POULIOT

Pursuant to Local Rule 7(a), the Defendant/Third-Party Plaintiff Arpin Logistics, Inc., hereby submits this Memorandum of Law in Support of its Motion to Compel compliance with Defendant Arpin Logistics, Inc.'s Fourth Request for Production of Documents Propounded to Plaintiff Shawn Pouliot.

1

I.      Relevant Procedural History

On January 15, 2004, Arpin Logistics, Inc. served Plaintiff Shawn Pouliot with its Fourth Request for Production of Documents. See Exhibit 1. This document request sought "Copies of Shawn Pouliot's State and Federal tax returns for 1999, 2000, and 2001." See Exhibit 1.

On January 28, 2004, the Plaintiff ostensibly disclosed Shawn Pouliot's State and Federal joint tax returns for the years 1999 and 2000. See Exhibit 2. They were unsigned copies of joint tax returns. The Plaintiff further stated that he did not file a tax return for the year 2001. See Exhibit 2.

On June 29, 2004, Shawn Pouliot stated in sworn testimony, that he filed tax returns for the years of 1999, 2000 and 2001. See Exhibit 3. On June 30, 2004, in sworn deposition testimony, Charity Pouliot stated that she never signed the 1999 and 2000 returns. See Exhibit 4. (p. 15, line 25 to p. 17, line 2)  Further, Charity Pouliot swears that she filed her own individual tax returns for 1999 and 2000. See Exhibit 4. (p. 18, lines 14-18).

On August 11, 2004, Arpin's counsel sent a letter to Plaintiff's counsel in an attempt to receive signed copies of the 1999 and 2000 tax returns. See Exhibit 5.

On August 13, 2004, Plaintiff's attorney's assistant represented that their office was in the process of obtaining Pouliot's tax returns. See Exhibit 6. Ten days later, no answer has been forthcoming.

II.     Law and Argument

Fed.R.Civ.P. 26(b)(1) provides that, "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party....." In his Fifth Amended Complaint, the Plaintiff claims that he "has lost wages and has been caused to suffer a severe impairment of his earning capacity."

The Plaintiff's tax returns in the years preceding the accident are clearly relevant to his claim for past lost wages and future impairment of earning capacity. The Plaintiff's tax returns are vital evidence in establishing the amount of these alleged damages. Arpin Logistics, Inc. pursuant to Fed.R.Civ.P. 26(b)(1), is entitled to the timely production of these documents.

Arpin Logistics, Inc., after making a good faith effort to obtain these documents in the absence of court intervention, moves to compel compliance with its Forth Request for Production of Documents. See Exhibit 7.

By their attorney

_____
Thomas J. Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

## **_CERTIFICATION OF NOTICE_**

     I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 23rd day of August 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarntino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan, P.C.*, 2300 Financial Plaza, Providence, RI 02903-2443

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>  Plaintiff | : <br> : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>  Defendants/Third-Party Plaintiffs/<br>  Cross-Claim Plaintiffs | :<br>:<br>:<br>: | |
| v. | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>  Defendants/Third-Party Defendants | :<br>:<br>:<br>:<br>:<br>: | JANUARY 15, 2004 |

### *FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS TO BE PROPOUNDED BY DEFENDANTS, THIRD-PARTY PLAINTIFFS AND CROSS-CLAIMANTS, PAUL ARPIN VAN LINES AND ARPIN LOGISTICS, INC.'S TO PLAINTIFF, SHAWN POULIOT UNDER RULE 34*

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants, Third-Party Plaintiffs and Cross-Claimants, Paul Arpin Van Lines and Arpin Logistics, Inc.'s propounds the following document requests to Plaintiff, Shawn Pouliot to be answered separately and fully in writing under oath within thirty (30) days after service hereof.

1

## PRELIMINARY STATEMENT

In answering these document requests, furnish all information available to you, including information in the possession of your attorneys, their investigators and all other persons acting in your behalf, and not merely such information known of your personal knowledge. Each document request, and each subsection of each document request, is to be fully and separately answered in accordance with the duties set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure. As to any document request for which an exact, complete and entirely accurate answer cannot be made at this time after having made reasonable efforts to provide the information, so state, give the reason why a further response cannot be made at this time, and give as complete and precise an answer as is possible.

## DEFINITIONS

For the purpose of these Document Requests and answers thereto the following definitions shall apply:

A.  "Document" means any paper or other writing and any items of graphic material, however recorded or reproduced, including all drafts, copies or other preliminary material which are different in any way from the executed or final document, regardless of whether designated "confidential", "privileged" or otherwise restricted, wherever located, whether an original or a copy, including but not limited to agreements, contracts, financial statements, invoices, minutes,

2

work sheets, work papers, summaries, and other written records or recordings of any conferences, meetings, visits, interviews or telephone conversations, financial and statistical data, analyses, surveys, transcripts of testimony, statements, interviews, affidavits, press releases, memoranda, drafts, memo pads, notes, indices, tabulations, graphs, reports, papers, records interoffice communication, electronic data processing cards, tapes, print-outs, papers or other recordings, tables, compilations, catalogues, telegrams, letters, photographs, diaries, calendars, drawings, data-reports, printed matter, correspondence, communications received or sent, books, brochures, advertisements, circulars, mailings and publications; and any copy containing thereon or having attached thereto any alterations, notes, comments or other material shall be deemed a separate document from the original or any other copy not containing such materials within the foregoing definition.

    B.    "Person" shall mean the plural as well as the singular and shall include any natural person, and any firm, association, partnership, joint venture, business trust, corporation, governmental or public entity, department, agency, office or any other form of legal entity.

    C.    "You" "Your" or "Festo" is defined as meaning Festo Corporation or any other person acting on behalf or under the direction or control of either or both of these entities.

D.   "Date" means the exact date, month and year if ascertainable or, if not, the closest approximation that can be made thereto by means of, if necessary, location in relationship to other events.

The words in this document have been selected for their common meanings, and no particular manner of punctuation or sentence construction is intended. Please resolve any doubt about the meaning or intent of any phrase or combination of phrases by arriving at an interpretation that permits the request to address a relevant, even productive, area of inquiry. (If you cannot resolve any such doubt, you are invited to call the counsel to resolve the ambiguities through discussion rather than simply state an objection for vagueness and wait for judicial resolution of the discovery objection.)

## PRIVILEGE

With respect to any requested information, as to which any claim of privilege is made or as to which any claim of protection from discovery is made under Rule 26(b) of the Rules of Civil Procedure, identify the privilege or Rule upon which you rely and set forth the facts upon which such claim is based on sufficient detail to enable Plaintiffs to form a judgment as to the basis and validity of the claimed privilege.

## DOCUMENT REQUESTS

1.   Copies of Shawn Pouliots State and Federal Tax Returns for 1999, 2000 and 2001.

Defendants and Third-Party Plaintiff<br>
By their attorney:

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street
P.O. Box 541
Westerly, R.I. 02891
(401) 596-0183
(401) 596-6845 (Fax)

## *CERTIFICATION OF NOTICE*

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 15th day of January, 2004, to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and John Tarantino, Esquire and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

5

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT,<br>    Plaintiff,<br><br>v.<br><br>PAUL ARPIN VAN LINES, INC.<br>and ARPIN LOGISTICS, INC.,<br>    Defendants and Third Party Plaintiffs,<br><br>v.<br><br>THE FESTO CORPORATION, MICHAEL<br>D. KOVAC, d/b/a TRANS-EXPO<br>INTERNATIONAL, ERICA RAMIREZ,<br>IN HER CAPACITY AS EMPLOYEE OF<br>TRANS-EXPO INTERNATIONAL,<br>    Third Party Defendants. | CIVIL ACTION NO.<br>3:02 CV 1302 (DJS)<br><br><br><br><br><br>January 28, 2004 |

## PLAINTIFF, SHAWN POULIOT'S COMPLIANCE WITH DEFENDANT, PAUL ARPIN VAN LINES AND ARPIN LOGISITICS, INC. FOURTH REQUEST FOR PRODUCTION OF DOCUMENTS

The plaintiff, Shawn Pouliot, in compliance with the January 15, 2004 request of the Defendant, Paul Arpin Van Lines and Arpin Logistics, Inc. hereby discloses the following documents: Copies of Shawn Pouliot's State and Federal Tax Returns for 1999 and 2000. The Plaintiff, in fact, did not file in the year 2001.

The Plaintiff,

Michael A. Stratton
Fed. Bar .:CT 08166
**Stratton Faxon Firm**
59 Elm Street
New Haven, CT 06510
Phone: (203) 624-9500
Fax:   (203) 624-9100
E-mail:mstratton@strattonfaxon.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, on this ___29th___ day of January, 2004, to:

Thomas J. Grady, Esq.
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891

Roland F. Moots, Esq.
**Moots, Pellegrini, Mannion,**
**Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

Susan O'Donnell, Esq.
**Halloran & Sage, LLP**
One Goodwin Square
Hartford, CT 06103

James R. Oswald, Esq.
**Adler, Pollock & Sheehan, PC**
2300 Financial Plaza
Providence, RI 02903-2443

_____
Michael A. Stratton

# EXHIBIT 3

**269**

1　A. Years ago.
2　Q. Were you on medication for depression?
3　A. Actually, I think that medication took
4　care -- it did the same thing. It was one
5　medication.
6　Q. Was that Lithium?
7　A. Yes, I believe so.
8　Q. And how about Tegretol?
9　A. That's when I was a kid about ten years
10　old -- yeah, 12 years old, something like that.
11　Q. Were you ever treated by Dr. Perera for
12　alcoholism?
13　A. When you call it alcoholism, I call it
14　depression, but yes, I did my share of drinking
15　when I was a kid.
16　Q. Is it fair to say that you had problems
17　concentrating?
18　A. Yes.
19　Q. That's carried over into adulthood too,
20　right?
21　A. No.
22　Q. Now, you provided us with a joint tax
23　return for the year 1999, IRS joint tax return.
24　Did you file that joint tax return with the
25　Internal Revenue Service?

**270**

1　A. Yes.
2　Q. You provided us with a joint tax return
3　from the year 2000. Did you file that tax
4　return with the Internal Revenue Service?
5　A. Yes. My attorney -- attorney here has
6　done it, taken care of everything.
7　Q. When were those tax returns filed?
8　A. I don't know when exactly, but I was
9　late filing them. But he's got it all. I
10　would have to check his records.
11　Q. How about your tax return for the year
12　2001?
13　A. I believe that's in there too.
14　Q. You filed that one too?
15　A. I believe so.
16　Q. You have a lot of trouble with the law
17　when you were younger?
18　A. I've had my run-ins, yes.
19　Q. And --
20　　　MR. GRADY: Excuse me just a minute,
21　Shawn.
22　BY MR. GRADY:
23　Q. Were you represented by Attorney James
24　Wagner?
25　A. Probably numerous times.

**271**

1　Q. In fact, this is the office we're at
2　today, right?
3　A. Yes.
4　Q. One of charges that you were charged
5　with is aggravated burglary. Do you remember
6　that, July 31st, 1989?
7　A. Yeah. I was 19 years old.
8　Q. What was that all about?
9　A. I broke into a college dorm and stole an
10　empty beer can collections and a microwave as a
11　joke to a friend of mine, but he didn't take it
12　as a joke. I did no property damage, I just
13　took the broken microwave and an empty beer can
14　collection.
15　Q. How about on July 7, 1990, receiving
16　stolen property?
17　A. 1999?
18　Q. September 7, 1990?
19　　　MS. O'DONNELL: '90?
20　　　THE WITNESS: Oh, those big orange
21　barrels on the side of the expressway that had
22　the blinking lights, I took that and put it in
23　the back of my pickup truck and thought it
24　would be cool to use it as a beer cooler. They
25　didn't think that was funny either.

**272**

1　BY MR. GRADY:
2　Q. There's another charge of October 14,
3　1991 of aggravated burglary. What was that one
4　all about?
5　A. Oh, I was mad at a girlfriend so I went
6　in there and took my TV that I bought for her,
7　and I think that was it. I took my TV back
8　that I bought, but I still got charged with it.
9　Q. You have a number of charges for drunk
10　and disorderly, right?
11　A. Yeah.
12　Q. And a number of charges for contempt of
13　court, right?
14　A. A number? How many -- how many are the
15　number of drunk and disorderlies and how many
16　contempt of court?
17　Q. Well, I came across three drunk and
18　disorderlies. September 7, 1990, disorderly
19　conduct, intoxication before Judge Maxen?
20　A. I was 20 years old and I was a partyer.
21　Q. November 2nd, 1995, disorderly conduct,
22　intoxication, Judge Shapiro. May 2nd, 1996,
23　contempt of court, Judge George.
24　A. The May --
25　Q. Do you remember these?