UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| **SHAWN POULIOT** : | CIVIL ACTION NO. |
|    Plaintiff, : | 3:02CV1302(DJS) |
|   : | |
| **V.** : | |
|   : | |
| **PAUL ARPIN VAN LINES, INC.** : | |
| **AND ARPIN LOGISTICS, INC.,** : | |
| **THE FESTO CORPORATION, MICHAEL** : | |
| **D. KOVAC D/B/A TRANS-EXPO** : | |
| **INTERNATIONAL AND ERICA RAMIREZ,** : | |
|    Defendants, : | SEPTEMBER 17, 2004 |

## MOTION FOR PROTECTIVE ORDER AND SANCTIONS AND REQUEST FOR EXPEDITED CONSIDERATION OF THIS MOTION

Pursuant to Fed R. Civ P. 26(c), the plaintiff moves for a protective order. In particular, the plaintiff moves that the defendant Paul Arpin Van Lines, Inc., be precluded from requesting certain documents and taking the deposition of Nationwide Mutual Insurance Company. Further, the plaintiff requests that the deposition of William Tweedy be held in a U.S. District Courthouse with a U.S. Marshal present due to Mr. Tweedy's behavior.

Arpin has issued a subpoena (see subpoena attached as Exhibit A) which requests Nationwide's file on a water damage homeowner's insurance claim made by the plaintiff in 2000. This property damage claim was made by the plaintiff 1 year prior to this incident and has no possible relationship to the issues in this case. As the Court knows, the present case involves a very serious

personal injury, paralysis, that occurred in October, 2001. The plaintiff has made no property damage claim.

In conversations with defendant's counsel, Mr. Grady, it seems that he is trying to prove that the property damage claim ($1500 for water damage to Mr. Pouliot's prior home in South Carolina) made by the plaintiff was "fraudulent". Even assuming that he could prove this preposterous charge, our rules of evidence would disallow the admission of this collateral character evidence. As such, the plaintiff requests an order quashing this subpoena and sanctioning the defendant for requesting such clearly collateral and irrelevant material.

Furthermore, the defendant has improperly requested in the subpoena that documents be delivered to the lawyer's office 6 days before the deposition in an ex parte manner. Should the fishing expedition deposition be permitted, production should only occur at a duly noticed deposition with all parties having an opportunity to review the documents, some of which may be privileged or beyond the scope of permissible discovery.

The defendant has also indicated its intention to notice the deposition of its former employee William Tweedy. The plaintiff had attempted to depose Mr. Tweedy previously. During that abbreviated but memorable proceeding, Mr. Tweedy threatened undersigned, and indicated that he would lie during the deposition. See Deposition Transcript Attached as Exhibit B.

Therefore, the plaintiff requests that this deposition be noticed so that it is conducted at the courthouse under close supervision by the Court and a United States Marshal.

Wherefore, the plaintiff requests that this motion be granted.

                    THE PLAINTIFF,


By:_____
    Michael A. Stratton, Esq.
    STRATTON FAXON
    59 Elm Street
    New Haven, CT 06510
    Juris #:  421593
    Telephone:  (203) 624-9500
    Fax: (203) 624-9100
    MStatton@StrattonFaxon.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, via facsimile transmission and by U.S. Mail, postage prepaid, this day to all counsel and pro se parties of record:

**Roland F. Moots, Jr., Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch**
46 Main Street
New Milford, CT 06776

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
6 Canal Street
P.O. Box 541
Westerly, RI 02891

**Susan O'Donnell, Esq.**
**Halloran & Sage**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**James R. Oswald, Esq.**
**Adler, Pollock & Sheehan, PC**
2300 Financial Plaza
Providence, RI  02903-2443

_____
Michael A. Stratton, Esq.