FILED

2004 SEP 24  A 11: 13

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>    Plaintiff | : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| | : | |
| v. | : | |
| | : | |
| PAUL ARPIN VAN LINES, INC.,<br>ARPIN LOGISTICS, INC.,<br>THE FESTO CORPORATION, MICHAEL<br>D. KOVAC, D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>    Defendants | : | September 28, 2004 |

## *OBJECTION TO PLAINTIFF'S MOTION TO COMPEL PAYMENT FOR EXPERT*

Now comes Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. and objects to Plaintiff's Motion to Compel Payment For Expert. The Plaintiff has already been paid by Arpin's insurance carrier and the Plaintiff has failed to attach a certificate of good faith efforts to resolve this discovery dispute. Furthermore, Plaintiff has not provided an itemized account of its attorney's fees. For these reasons, the Plaintiff's Motion should be denied.

1.     Certification of Good Faith

The Plaintiff's Motion to Compel does not have a certification of good faith efforts at resolving this discovery dispute which is a prerequisite to the granting of any discovery relief

1

under the Local Rules of the U.S. District Court of Connecticut and the Federal Rules of Civil Procedure. For this reason alone, the Plaintiff's Motion to Compel must be denied.

Local Rule 37(a)(2) reads, "No motion pursuant to Rules 26 through 37 Fed.R.Civ.P. shall be filed unless counsel has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved."

No such affidavit is attached to the Plaintiff's Motion to Compel. In particular, such an affidavit could serve to limit the scope of issues which the Court would have to resolve. For example, Plaintiff could have mentioned that a portion of the expert's fee has already been tendered. See Exhibit 1. The Plaintiff's attachment of two letters does not satisfy Local Rule 37(a)(2).

For failure to attach the affidavit required by Local Rule 37(a)(2), the Plaintiff's Motion must be denied. In the alternative, the Plaintiff should be denied his request for attorney's fees.

2.  Endorsed Check

Arpin's insurance carrier has provided to it a check in the amount of $1,015 in payment of Arpin's one-third share of the Plaintiff's expert's fees. See Exhibit 1. This check has been endorsed by Plaintiff's counsel. Plaintiff does not mention this payment in its Motion to Compel. Should the Court grant this Motion, Plaintiff's expert will be granted an unearned windfall of $1,015. Such on Order would not serve the underlying purpose of Fed.R.Civ.P. 26(b)(4)(c), which is to compensate experts for their time.

The Plaintiff is entitled to no further relief from Arpin. For this reason, Plaintiff's Motion must be denied as addressed to the Arpin defendants.

3.  Good Faith Efforts

Throughout, Arpin counsel has made good faith efforts to have the Plaintiff's expert fees paid through coordination with counsel for the co-defendants.

Counsel for Arpin has contacted counsel for Festo who stated that he would request that its one-third of the expert fees be paid by its insurance carrier. A similar representation was made by counsel for the Trans-Expo defendants.

Due to its good faith efforts at resolving this discovery dispute, Arpin should not be required to pay any amount of attorney's fees incurred by the Plaintiff in filing such a Motion.

4.   Attorney's Fees

Plaintiff, while requesting attorney's fees in the amount of $150, has failed to provide an itemized account of these fees. For this reason, the Court has no evidence upon which to determine whether such fees are reasonable or "calculated by using the normal hourly rate of the attorney". See Local Rule 37(a) (4).

For this reason, Plaintiff's request for attorney's fees must be denied.

Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. requests the Court to deny Plaintiff's Motion to Compel.

                                              Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.
By their attorney,

_____
Thomas J. Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street
P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

## *CERTIFICATION OF NOTICE*

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 24 day of September 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443

5

# EXHIBIT 1

9/13/2004   8:09 AM



| CDVolID/CIMSKey | Account | Serial Number | Amount |
|---|---|---|---|
| 20040910224001000049 | 38622737 | 67517613 | $1015.00 |

| Bank ID | Sequence | Location | Paid Date |
|---|---|---|---|
| 3110020 | 602590093 | HD | 09/03/2004 |

Customer Data
[IMG00001][0000086136][SQUINN][P008AF][DOLLY DAILY][AUN4027]

LAW OFFICES OF
# LENIHAN GRADY & STEELE
THE DENISON HOUSE
6 CANAL STREET
P.O. BOX 541
WESTERLY, RHODE ISLAND 02891-0541

F. THOMAS LENIHAN
(1939-2003)
THOMAS J. GRADY*
MARGARET L. STEELE*

MICHELLE A. BUCK*
MATTHEW J. CORCORAN*

TELEPHONE (401) 596-0183
FACSIMILE (401) 596-6845

*ADMITTED TO PRACTICE IN
RI AND CT

September 23, 2004

Office of the Clerk
U.S. Federal District Court
District of Connecticut Hartford
450 Main Street
Hartford, CT 06103

    *Re: Shawn Pouliot v. Paul Arpin Van Lines, Inc., et al.*
    *Date of Accident: 10/23/01*
    *C.A. 3:02 CV1302 (DJS)*

Dear Clerk:

  Enclosed please find the enclosed document that is being manual filed because we use Microsoft Word and we do not have PDF software to save it to.

  1.  Objection to Plaintiff's Motion to Compel Payment for Expert.

           Very truly yours,

           **LENIHAN, GRADY & STEELE**

           Thomas J. Grady, Esq.

TJG/rcc
Enclosure
cc:  All parties