UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 SEP 27  P 5: 48

U.S. DISTRICT COURT
HARTFORD, CT.

SHAWN POULIOT,
    Plaintiff,
v.

PAUL ARPIN VAN LINES, INC., AND
ARPIN LOGISTICS, INC.,
    Defendants.

No. 3:02CV1302 (DJS)

## MEMORANDUM OF DECISION AND ORDER

Now pending before the court are plaintiff Shawn Pouliot's motions for expedited consideration **[doc. #301]**, for a protective order **[doc. #301]**, for an order of the court **[doc. #301]** and for sanctions **[doc. #301]**. Pouliot seeks to protect certain documents and to prevent defendant and third-party plaintiff Arpin Logistics, Inc.'s ("Arpin") taking the deposition of the Nationwide Mutual Insurance Company ("Nationwide"). Pouliot's motion for protective order is **GRANTED**. The motion for an order is **DENIED**. The motion for expedited consideration is **DENIED as moot**. The motion for sanctions is **DENIED**.

### I. BACKGROUND

The present motion arises as a result of Arpin's investigation into an allegation of possible insurance fraud by the plaintiff. Arpin claims that the deposition testimony of Charity L. Bibbee, ex-wife of the plaintiff, provides evidence that Pouliot staged an accident and fraudulently collected insurance proceeds. According to Bibbee, Pouliot once told her that he threw a diaper down the family toilet and flushed it, resulting in water damage to their home.[1]

---

[1] The critical testimony is as follows:
    **Q.** Okay. And did he tell you anything about staging an accident so that there would be insurance proceeds?
    **A.** No.

    …**Q.** He didn't? What did you mean when he threw the diaper in the toilet?
    **A.** He told me after, a long time after the fact.

Pouliot did file a claim against his homeowners insurance in 2000, and the claim was paid by Nationwide. Arpin claims that the circumstances of the 2000 homeowners claim are relevant to any potential fraud that might be claimed as a defense to Pouliot's present action for damages arising out of the alleged negligence that has rendered the plaintiff a paraplegic.

Pouliot also seeks an order of the court regarding the deposition of William Tweedy. The court will first address the issue of the Nationwide documents and deposition and then address the Tweedy deposition.

## II. DISCUSSION

### A. The Nationwide Discovery

The rules of discovery are a unquestionably intended to provide a broad and inclusive disclosure of information. See generally 6 Moore's Federal Practice § 26.41(1) (Matthew Bender 3d ed. 1997) (citing Herbert v. Lando, 441 U.S. 153, 177 (1979)). The key limitations on discovery are relevance and admissibility. "[P]arties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at the trial if discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Pouliot contends that the discovery sought by Arpin is not relevant and would not be admissible. Defendant contends that the evidence which might be revealed could be admissible as impeachment evidence or as character evidence tending to show "intent" or "absence of mistake or accident." Federal Rule of Evidence 404(b).

The court finds that the information sought by Arpin is not relevant. Arpin has not offered as an affirmative counter-claim or as a defense to Pouliot's action any claim or count

of fraud or mistake that might serve as a legal barrier to a jury finding Arpin liable of negligence. Thus, there is no basis in the pleadings submitted by the parties for a finding that information and documents relating to a homeowner's insurance claim filed in the year before the plaintiff's accident are relevant to any claim before the court in this proceeding. Such evidence may be relevant to some other showing the parties might make, and the court will now consider this possibility.

Arpin may attempt to defend against Pouliot's claims by proving some level of contributory negligence, including the possibility that Pouliot staged his accident or otherwise was not the victim of Arpin's actions but rather was injured by his own fault. This claim gets Arpin closer to relevance but nonetheless falls short in the court's analysis. The testimony provided by Bibbee is inconclusive at best and contradicts Arpin's position at worst. Bibbee specifically denies that Pouliot told her he had staged an accident. She does claim that Pouliot, long after the fact, told her that it was he, not their daughter, that flushed a diaper down the toilet, but this is probative of nothing. Bibbee would not be able to testify to Arpin's motive in court regarding the diaper-flushing incident, her stated testimony contradict's Arpin's claim and there is no other evidence provided that might make the diaper-flushing incident relevant to the present action.

The court presumes that Arpin considers the diaper-flushing incident relevant when considered in connection with information regarding possible fraud in the present action previously filed under seal. The court finds no connection. The present action involves Pouliot's work as a truck driver and equipment loader on behalf of Arpin. The accident at issue here involved securing and moving heavy equipment at great risk to Pouliot's personal safety and the damages involved in this case are very large. The possible bad faith of Pouliot

3

regarding water damage caused by a clogged toilet--damage that he may or may not have precipitated--are in no way relevant to his actions, intentions or personal negligence on the night of his accident. The fact-finder would learn nothing of relevance to the causes of Pouliot's injury by a presentation of evidence related to a four-year old homeowner's claim for water damage in an amount that could never have approached the amounts of damage at stake here.

Finally, the court finds that, even if the information would be relevant, the evidence would not be admissible at trial. Federal Rule of Evidence 404 is titled "Character Evidence Not Admissible to Prove Conduct." The title is an excellent summation of the rule. "Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith." F.R.E. 404 (b). There are a number of exceptions to this rule, and Arpin claims that two of them would permit introduction of the evidence regarding the toilet flushing incident. First, Arpin claims that such evidence could be used to show "intent." F.R.E. 404 (b). Second, Arpin argues that the evidence could show "absence of mistake or accident." Id. The court is unpersuaded by Arpin's interpretation of the rules.

The court can conceive of no scenario where either the claim documents provided by Pouliot to Nationwide or the testimony of Nationwide's representatives could show Populiot's intentions as they pertain either to the water damage claim or to the present action. The routine business documents would be evidence of the facts and circumstances of Pouliot's claim and they might even be used to impeach his conduct as it relates to the diaper-flushing incident, but it does nothing to prove intent, except by some vague negative inference to be drawn from allegations of a past bad action--exactly the kind of inference Rule 404 is intended to prevent. The only evidence presented in support of Arpin's intent theory for this discovery

is Bibbee's testimony and the court has already noted that she disclaims any knowledge of Pouliot's alleged intent. The intent of the actor shown through past bad acts is not the intent to do the past bad act, which itself is irrelevant, but rather the intent to do the present alleged bad act. There is simply no connection between this evidence, which cannot show intent in any case, and the alleged intent to cause the accident at issue in this action. There is no admissibility via the intent exception here.

The "absence of mistake or accident" exception also does not apply here. Arpin is certainly entitled to present evidence that might go to show an absence of mistake or accident in this action–but the dissimilar nature of the two events reduces or eliminates any evidentiary value the diaper-flushing incident might have. Arpin could prove that Pouliot flushed a diaper in anger, but this does nothing to illuminate the circumstances surrounding the severe injuries he suffered in 2001 while moving a heavy piece of equipment. The events are just short of utterly unrelated (indeed, the only connection is the fact that both Pouliot and Arpin had insurance policies to protect them from loss) and the evidence would be inadmissible under F.R.E. 404(b). Again, the absence of mistake or motive in the present action can, under some circumstances, be proved by a showing of past bad act, but there is nothing about the 2000 diaper-flushing incident that can illuminate the shipping and loading accident that injured the plaintiff in 2001.

Finally, Arpin rests its discovery hopes on admissibility under Federal Rule of Evidence 608, which specifically bars the use of extrinsic evidence to prove instances of conduct by a witness, other than conviction of a crime, for the purposes of attacking the witness's character for truthfulness. The evidence sought by Arpin, as it is probative of nothing related to any claim or fact present in this case, is necessarily extrinsic and so would

5

not be admissible pursuant to Rule 608(b).

### B. The Tweedy Deposition

Pouliot argues that because Tweedy was hostile and abusive during his deposition by plaintiff's attorneys, the deposition conducted by defendant's attorneys should be conducted in the presence of a United States Marshall. The court finds that there is no basis, and possibly no authority, for such an order. Tweedy's lawyer, Peter Haydon, and the attorney noticing the deposition, Thomas Grady, are both officers of the court charged with ensuring that the deposition is conducted in accord with proper rules of evidence and decorum. The court trusts both men to fulfill their obligations to the court and the legal system. Any problems arising from the deposition can be dealt with, if necessary, at a later time upon motion by any party. The motion for an order is denied.

### III. CONCLUSION

The court finds that production of the documents and the taking of depositions relating to the diaper-flushing incident in 2000 are not relevant to this case or likely to lead to the discovery of admissible evidence. Pouliot's motion for a protective order **[doc. #301]** is **GRANTED.** The motion for an order regarding the deposition of William Tweedy **[doc. #301]** is **DENIED.** The motion for sanctions **[doc. #301]** is **DENIED** and the motion for expedited consideration **[doc. #301]** is **DENIED as moot.**

IT IS SO ORDERED at Hartford, Connecticut, this 27th day of September, 2004.

DOMINIC J. SQUATRITO
UNITED STATES DISTRICT JUDGE