FILED

2004 OCT -7 P 12: 54

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>Plaintiff | : | CIVIL ACTION<br>NO. 3:02 CV1302 (DJS) |
| v. | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>FESTO CORPORATION, MICHAEL<br>INTERNATIONAL, AND ERICA RAMIREZ<br>IN HER CAPACITY AS EMPLOYEE<br>OF TRANS-EXPO INTERNATIONAL<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>: | October 6, 2004 |

## MEMORANDUM OF LAW IN SUPPORT OF PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S MOTION FOR LEAVE TO AMEND ITS ANSWER

Pursuant to Fed.R.Civ.P. 15(a), Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc (hereinafter "Arpin") move to amend their Answer to Plaintiff's Fifth Amended Complaint. Arpin adds a defense based upon newly discovered evidence indicating fraudulent conduct by the Plaintiff. See Exhibit 1 of Arpin's Motion For Leave to Amend Its Answer, Arpin's Amended Answer and Cross-Claims. In an attempt to provide clarity, Arpin has also added notations indicating which of its cross-claims have been stricken by Court order.

Fed.R.Civ.P. 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." In accordance with that directive, "parties are generally allowed to amend

1

their pleadings absent bad faith or prejudice." Commander Oil Corp. v. Barlo Equip. Corp., 215 F.3d 321, 333 (2d Cir.), cert. denied, 531 U.S. 979 (2000). The United States Supreme Court has also stated that refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962).

Fed.R.Civ.P. 15(a) is liberally enforced in the Second Circuit. The Second Circuit Court of Appeals has stated,

> "[A] district court may still entertain affirmative defenses at the summary judgment stage in the absence of undue prejudice to the plaintiff, bad faith or dilatory motive on the part of the defendant, futility or undue delay of the proceedings."

Saks v. Franklin Covey Co., 316 F.3d 337, 350 (2d Cir. 2003).

When determining if prejudice exists, courts "consider whether the assertion of the new claim would (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction. Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993)

Arpin's investigation has recently uncovered new evidence that the Plaintiff intentionally caused this accident in an attempt to develop a personal injury claim against his employer Arpin

2

Logistics, Inc. and against Paul Arpin Van Lines, Inc.

Arpin is cognizant of the seriousness of this allegation. For that reason, investigation has been undertaken for the purpose of verifying the credibility of such a theory. At this time, Arpin believes that there is a valid basis for such a defense and that Arpin must be permitted to engage in discovery to further investigate this theory. Plaintiff is now trying to frustrate and block this investigation by filing successive motions for protective orders to block subpoenas and to frustrate investigation to support this theory.

This court has already granted a protective order, citing, in part as its rationale that defendant Arpin has filed no Answer setting up as an Affirmative Defense, the theory of fraud and/or intentional self inflicted injury. The assertion of this defense will not require the Plaintiff to expend significant additional resources, nor will it significantly delay the resolution of this conflict. The parties in this action are still within the discovery phase. The Plaintiff will not suffer from any prejudice if this Court grants Arpin leave to assert this defense of fraud.

For the foregoing reasons, Arpin moves this Court to amend its Answer to include the aforementioned additional defense.

Paul Arpin Van Lines, Inc. and
Arpin Logistics, Inc.
By their attorney:

*[signature]*

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
***LENIHAN, GRADY & STEELE***
6 Canal Street
P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this ___ day of October 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and James R. Oswald, Esquire of *Adler, Pollack & Sheehan,* P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

*[signature]*

4