COUNT NINE:  (Common Law Indemnification Against Festo Corporation for Negligent
                        Representation)

36.    Festo Corporation is a duly incorporated New York domestic business corporation whose

        principal place of business is located in Hauppauge, Suffolk County, New York;

37.    On or about October 23, 2001, Festo, as part of a business transaction, was the shipper of

        one certain Learnline 2000 engineering equipment unit;

38.    On or about October 23, 2001, Michael D. Kovac, d/b/a Trans-Expo International was a

        proprietorship doing business as a transportation broker with his/its principal place of

        business in or about the city of San Diego, California;

39.    Festo contacted Michael D. Kovac, d/b/a Trans-Expo International for purposes of

        shipping a Learnline 2000 unit;

40.    Festo supplied false shipping information to Michael D. Kovac, d/b/a Trans-Expo

        International regarding the Learnline 2000 unit;

41.    Michael D. Kovac, d/b/a Trans-Expo International received false shipping information

        from Festo Corporation regarding the Learnline 2000 unit which it then forwarded to

        Arpin;

42.    Festo failed to exercise reasonable care and/or competence in obtaining and/or

        communicating adequate and proper shipping information to Michael D. Kovac, d/b/a

29

Trans-Expo International which was subsequently forwarded to Arpin;

43.    Arpin justifiably relied upon Festo's representations forwarded to it by Michael D. Kovac, d/b/a Trans-Expo International in formulating a shipment plan for the Learnline 2000 unit;

44.    Arpin's justifiable reliance upon Festo's representations forwarded to it by Michael D. Kovac, d/b/a Trans-Expo International resulted in pecuniary loss to Arpin by the defense of this pending lawsuit;

45.    The Plaintiff's injuries were due to the active negligence of Festo rather than any passive negligence with which Arpin may be found chargeable, if any at all, Festo's negligence being the direct and immediate cause of the accident and resulting injuries to the Plaintiff;

46.    Festo was in control of the situation to the exclusion of Arpin;

47.    Arpin had no reason to know of Festo's negligence, had no reason to anticipate it, and could reasonably rely on Festo not to be negligent;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against the Festo Corporation for all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TEN: (Common Law Indemnification Against Festo Corporation in Vicarious Liability for Negligent Misrepresentation)

48.     On or about October 23, 2001, Michael D. Kovac, d/b/a Trans-Expo International was a proprietorship doing business as a transportation broker with its principal place of business in or about the city of San Diego, California;

49.     Festo contacted Michael D. Kovac, d/b/a Trans-Expo International for purposes of arranging shipment of a Learnline 2000 unit for delivery from a Festo plant in Hauppauge, New York to Naugatuck Valley Community College in Waterbury, Connecticut on or about October 23, 2001;

50.     Michael D. Kovac, d/b/a Trans-Expo International while arranging for shipment of the Learnline 2000 unit, supplied false shipping information to Arpin;

51.     Michael D. Kovac, d/b/a Trans-Expo International failed to exercise reasonable care and/or competence in obtaining and/or communicating adequate and proper shipping information to Arpin;

52.     Arpin justifiably relied upon Michael D. Kovac, d/b/a Trans-Expo International's representations in formulating a shipment plan for the Learnline 2000 unit;

53.     Arpin's justifiable reliance upon Michael D. Kovac, d/b/a Trans-Expo International's representations resulted in pecuniary loss to Arpin by the defense of this pending lawsuit;

54.    The Plaintiff's injuries were due to the active negligence of Michael D. Kovac, d/b/a Trans-Expo International, rather than any passive negligence with which Arpin might be found chargeable if any at all, Michael D. Kovac, d/b/a Trans-Expo International's negligent actions being the direct and immediate cause of the accident and the resulting injuries to Plaintiff;

55.    Michael D. Kovac, d/b/a Trans-Expo International was in control of the situation to the exclusion of Arpin;

56.    Arpin had no reason to know of the negligent acts of Michael D. Kovac, d/b/a Trans-Expo International and could reasonably rely upon Michael D. Kovac, d/b/a Trans-Expo International not to be negligent;

57.    Festo, by representations to Arpin, manifested consent that Michael D. Kovac, d/b/a Trans-Expo International had the authority to act on Festo's behalf to arrange for the shipment of the Learnline 2000 unit, which occurred on or about October 23, 2001.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Festo Corporation for all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT ELEVEN: (Equitable Indemnification Against Festo Corporation for Negligent
Misrepresentation)**[STRICKEN BY COURT ORDER, 2/9/04 #257]**

58.    The allegations of paragraphs 36-44 are hereby incorporated into this count as though set

forth more fully herein;

59.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in

equity;

60.    The imposition of joint and several liability upon Arpin would be unfair as it would hold

Arpin liable for the Plaintiff's entire loss allowing Festo to escape all liability;

61.    The balance of equities favor the indemnification of Arpin by Festo Corporation.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably

indemnified and demand judgment against Festo Corporation for all sums that may be adjudged

against Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn

Pouliot, plus costs and reasonable attorney's fees.


COUNT TWELVE: (Equitable Indemnity Against Festo Corporation in Vicarious Liability for
Negligent Misrepresentation of Michael D. Kovac, d/b/a Trans-Expo
International) **[STRICKEN BY COURT ORDER, 2/9/04, #257]**

62.    The allegations of paragraphs 48-53 and 57 and 29-30 are hereby incorporated in this

count as though set forth more fully herein;

63.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

64.    The imposition of joint and several liability upon Arpin would be unfair as it would hold Arpin liable for the Plaintiff's entire loss while allowing Festo Corporation to escape all liability;

65.    The balance of equities favor the indemnification of Arpin by Festo Corporation.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably indemnified and demand judgment against Festo Corporation for all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.


COUNT THIRTEEN:  (Against Festo Corporation in Apportionment for Negligent
                 Misrepresentation) **[STRICKEN BY COURT ORDER, 2/9/04, #257]**

66.    The allegations of paragraphs 29-30 and 36-44 are hereby incorporated into this count as though set forth more fully herein;

67.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended Complaint and the injuries resulting therefrom are attributable to the negligence of Festo

as set forth more fully in paragraphs 36-44 of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Festo Corporation in accordance with Conn.Gen.Stat.

§§ 52-102b and 52-572h.


COUNT FOURTEEN:  (Apportionment of Damages against Festo Corporation in Vicarious
                 Liability for Negligent Misrepresentations) **[STRICKEN BY COURT
                 ORDER, 2/9/04, #257]**

68.    The allegations of paragraphs 48-53 and 57 and 29-30 are hereby incorporated into this

       count as though set forth more fully herein;

69.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

       Complaint and the injuries resulting therefrom are attributable to the negligence

       misrepresentations of Michael D. Kovac, d/b/a Trans-Expo International whose actions

       impose vicarious liability upon Festo as set forth more fully in paragraphs 48-53 and 57

       of this Cross-Claim.

       WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Festo Corporation in accordance with Conn.Gen.Stat. §§ 52-

102b and 52-572h.

<u>COUNT FIFTEEN</u>:  (Against Festo Corporation in Contribution for Negligent
                                       Misrepresentation)

70.      The allegations of paragraphs 36-44 are hereby incorporated into this count as though set

forth more fully herein;

        WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right of

contribution for damages against Festo Corporation in accordance with Conn.Gen.Stat. § 52-

572h(h).


<u>COUNT SIXTEEN</u>:  (Contribution Against Festo Corporation in Vicarious Liability for
                                         Negligent Misrepresentation)

71.      The allegations of paragraphs 48-53 and 57 are hereby incorporated into this count as

though set forth more fully herein;

        WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right of

contribution for damages against Festo Corporation in accordance with Conn.Gen.Stat. § 52-

572h(h).

## Against Michael D. Kovac, d/b/a Trans-Expo International

COUNT SEVENTEEN: (Common Law Indemnification against Michael D. Kovac, d/b/a Trans-Expo International in Negligence)

72.   The allegations of paragraphs 10-19 are hereby incorporated into this count as though set forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT EIGHTEEN: (Common Law Indemnification against Michael D. Kovac, d/b/a Trans-Expo International in Vicarious Liability for Negligence)

73.   On or about October 23, 2001, the co-defendant Erica Ramirez was the agent and servant of Michael D. Kovac, d/b/a Trans-Expo International;

74.   On or about October 23, 2001, Erica Ramirez, on behalf of the co-defendant Michael D. Kovac, d/b/a Trans-Expo International undertook to provide shipping instructions to Arpin Logistics, Inc. regarding the shipment of a Learnline 2000 engineering unit from a Festo Corporation plant in Hauppauge, New York to Naugatuck Valley Community

College in Waterbury, Connecticut;

75.   Erica Ramirez, on behalf of co-defendant, Michael D. Kovac, d/b/a Trans-Expo
International, failed to provide sufficient pertinent and relevant information about the
Learnline 2000 equipment, upon which Arpin could have formulated a safe delivery plan,
in the following manner:

a.   Failing to provide Arpin with a reasonably accurate statement of the Learnline
2000 unit's true weight, which, by itself, weighed substantially more than was
represented;

b.   Failing to inform Arpin that the Learnline 2000 unit was on four caster wheels;

c.   Failing to inform Arpin that two of the wheels on the Learnline 2000 unit had
brakes;

d.   Failing to inform Arpin that the Learnline 2000 unit should have its brakes
securely locked during the unloading process;

e.   Failing to inform Arpin that the carrier's van should have a rear lift which levelly
descended to the ground while unloading the Learnline 2000 unit;

f.   Failing to inform Arpin that the Learnline 2000 unit should be transported on a
skid or pallet;

g.   Failing to inform Arpin that the Learnline 2000 unit was an instrumentality of a

weight and character which presented a dangerous transportation hazard

76. The injury suffered by Plaintiff Shawn Pouliot occurred because of his reliance upon the shipping information provided by Erica Ramirez on behalf of Michael D. Kovac, d/b/a Trans-Expo International;

77. The injury suffered by Arpin, in defending this pending action, occurred because of its reliance upon the shipping information provided by Erica Ramirez on behalf of Michael D. Kovac, d/b/a Trans-Expo International;

78. As the result of the negligence of Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, Arpin has been injured and damnified;

79. Michael D. Kovac, d/b/a Trans-Expo International is liable for the negligent acts of Erica Ramirez, as a result of their master-servant relationship, and thus is liable for the consequences of such negligent acts;

80. The Plaintiff's injuries were due to the active negligence of Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, rather than any passive negligence with which Arpin might be found chargeable, if any at all, Erica Ramirez's negligent actions on behalf of Michael D. Kovac, d/b/a Trans-Expo International, being the direct and immediate cause of the accident and the resulting injuries to the plaintiff;

81. Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International,

was in control of the situation to the exclusion of Arpin;

82.    Arpin had no reason to know of the negligent acts of Erica Ramirez, acting on behalf of

Michael D. Kovac, d/b/a Trans-Expo International, and could reasonably rely on Erica

Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, not to be

negligent.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be

indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for

all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin

Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.


COUNT NINETEEN:   (Equitable Indemnification against Michael D. Kovac, d/b/a  Trans-Expo
                  International in Negligence) **[STRICKEN BY COURT ORDER,
                  1/14/03, #240]**

83.    The allegations of paragraphs 10-16 are hereby incorporated in this count as though set

forth more fully herein;

84.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in

equity;

85.    The imposition of joint and several liability upon Arpin would be unfair as it would hold

Arpin liable for the Plaintiff's entire loss while allowing Michael D. Kovac, d/b/a  Trans-

Expo International to escape all liability;

86.    The balance of equities favor the indemnification of Arpin by Michael D. Kovac, d/b/a

Trans-Expo International.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be

indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for

all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin

Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.


COUNT TWENTY:  (Equitable Indemnification against Michael D. Kovac, d/b/a Trans-Expo
                            International in Vicarious Liability for Negligence) **[STRICKEN BY
                            COURT ORDER, 1/14/03, #240]**

87.    The allegations of paragraphs 73-79 are hereby incorporated in this count as though set

forth more fully herein;

88.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in

equity;

89.    The imposition of joint and several liability upon Arpin would be unfair as it would hold

Arpin liable for the Plaintiff's entire loss while allowing Michael D. Kovac, d/b/a Trans-

Expo International to escape all liability;

90.    The balance of equities favor the indemnification of Arpin by Michael D. Kovac, d/b/a

Trans-Expo International.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWENTY-ONE: (Apportionment of Damages against Michael D. Kovac, d/b/a Trans-Expo International for Negligence) **[STRICKEN BY COURT ORDER, 1/14/03, #240]**

91.    The allegations of paragraphs 10-16 and paragraphs 29-30 are hereby incorporated in this count as though set forth more fully herein;

92.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended Complaint and the injuries resulting therefrom are attributable to the negligence of Michael D. Kovac, d/b/a Trans-Expo International as set forth more fully in paragraphs 10-16 of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an apportionment of liability against Michael D. Kovac, d/b/a Trans-Expo International in accordance with Conn.Gen.Stat. §§ 52-102b and 52-572h.

COUNT TWENTY-TWO: (Apportionment of Damages against Michael D. Kovac, d/b/a
                  Trans-Expo International based on Vicarious Liability for Negligence)
                  **[STRICKEN BY COURT ORDER, 1/14/03, #240]**

93.    The allegations of paragraphs 73-79 and paragraphs 29-30 are hereby incorporated in this

       count as though set forth more fully herein;

94.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

       Complaint and the injuries resulting therefrom are attributable to the negligence of

       Michael D. Kovac, d/b/a Trans-Expo International based on vicarious liability as set

       forth more fully in paragraphs 73-79 of this Cross-Claim.

       WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Michael D. Kovac, d/b/a Trans-Expo International in

accordance with Conn.Gen.Stat. §§ 52-102b and 52-572h.


COUNT TWENTY-THREE: (Contribution against Michael D. Kovac, d/b/a Trans-Expo
                    International for Negligence)

95.    The allegations of paragraphs 10-16 are hereby incorporated in this count as though set

       forth more fully herein;

       WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right of

contribution for damages against Michael D. Kovac, d/b/a Trans-Expo International in

accordance with Conn.Gen.Stat. § 52-572h(h).

COUNT TWENTY-FOUR:  (Contribution against Michael D. Kovac, d/b/a  Trans-Expo
                    International in Vicarious Liability for Negligence)

96.    The allegations of paragraphs 73-79 are hereby incorporated in this count as though set

forth more fully herein;

        WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request its right of

contribution for damages against Michael D. Kovac, d/b/a Trans-Expo International in

accordance with Conn.Gen.Stat. § 52-572h.


COUNT TWENTY-FIVE:  (Common Law Indemnification Against Michael D. Kovac, d/b/a
                    Trans-Expo International for Negligent Misrepresentation)

97.    The allegations of paragraphs 48-56 are hereby incorporated in this count as though set

forth more fully herein;

        WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be

indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for

all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin

Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

<u>COUNT TWENTY-SIX</u>:  (Common Law Indemnification Against Michael D. Kovac, d/b/a
                        Trans-Expo International in Vicarious Liability for Negligent
                        Misrepresentation)

98.    Michael D. Kovac, d/b/a Trans-Expo International is a proprietorship doing business as a

       transportation broker with its principal place of business in or about the City of San

       Diego, California;

99.    On or about October 23, 2001, the co-defendant Erica Ramirez was the agent and servant

       of Michael D. Kovac, d/b/a Trans-Expo International;

100.   Erica Ramirez, on behalf of Michael D. Kovac, d/b/a Trans-Expo International, supplied

       false shipping information to Arpin;

101.   Erica Ramirez, on behalf of Michael D. Kovac, d/b/a Trans-Expo International, failed to

       exercise reasonable care and/or competence in obtaining and/or communicating adequate

       and proper shipping information to Arpin;

102.   Arpin justifiably relied upon Erica Ramirez's representations, made on behalf of Michael

       D. Kovac, d/b/a Trans-Expo International, in formulating a shipment plan for the

       Learnline 2000 unit;

103.   Arpin's justifiable reliance upon Erica Ramirez's representations, made on behalf of

       Michael D. Kovac, d/b/a Trans-Expo International resulted in pecuniary loss to Arpin by

       the defense of this pending lawsuit;

104.  As a result of the negligence of Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, Arpin has been injured and damnified;

105.  Michael D. Kovac, d/b/a Trans-Expo International is liable for the negligent acts of Erica Ramirez, as a result of their master-servant relationship, and thus is liable for the same consequences of such negligent acts;

106.  The Plaintiff's injuries were due to the active negligence of Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, rather than any passive negligence with which Arpin might be found chargeable, if any at all, Erica Ramirez's negligent actions on behalf of Michael D. Kovac, d/b/a Trans-Expo International, being the direct and immediate cause of the accident and the resulting injuries to the Plaintiff;

107.  Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, was in control of the situation to the exclusion of Arpin;

108.  Arpin had no reason to know of the negligent acts of Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, and could reasonably rely on Erica Ramirez, acting on behalf of Michael D. Kovac, d/b/a Trans-Expo International, not to be negligent.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for

all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin

Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWENTY-SEVEN:  (Equitable Indemnification Against Michael D. Kovac, d/b/a
                     Trans-Expo International for Negligent Misrepresentation)
                     **[STRICKEN BY COURT ORDER 1/14/04, #240]**

109.    The allegations of paragraphs 48-53 are hereby incorporated in this count as though set

        forth more fully herein;

110.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in

        equity;

111.    The imposition of joint and several liability upon Arpin would be unfair as it would hold

        Arpin liable for the Plaintiff's entire loss while allowing Michael D. Kovac, d/b/a Trans-

        Expo International to escape all liability;

112.    The balance of equities favor the indemnification of Arpin by Michael D. Kovac, d/b/a

        Trans-Expo International.

        WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be

indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for

all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin

Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWENTY-EIGHT: (Equitable Indemnification Against Michael D. Kovac, d/b/a Trans-Expo International in Vicarious Liability for Negligent Misrepresentation) **[STRICKEN BY COURT ORDER 1/14/04, #240]**

113.    The allegations of paragraphs 98-105 are hereby incorporated in this count as though set forth more fully herein;

114.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

115.    The imposition of joint and several liability upon Arpin would be unfair as it would hold Arpin liable for the Plaintiff's entire loss while allowing Michael D. Kovac, d/b/a Trans-Expo International to escape all liability;

116.    The balance of equities favor the indemnification of Arpin by Michael D. Kovac, d/b/a Trans-Expo International.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT TWENTY-NINE:  (Apportionment of Damages Against Michael D. Kovac, d/b/a
                    Trans-Expo International for Negligent Misrepresentation)
                    **[STRICKEN BY COURT ORDER 1/14/04, #240]**

117.    The allegations of paragraphs 48-53  and paragraphs 29-30 are hereby incorporated in this

        count as though set forth more fully herein;

118.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

        Complaint and the injuries resulting therefrom are attributable to the negligent

        misrepresentations of Michael D. Kovac, d/b/a Trans-Expo International as set forth more

        fully in paragraphs 48-53 of this Cross-Claim.

        WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Michael D. Kovac, d/b/a Trans-Expo International in

accordance with Conn.Gen.Stat. §§ 52-102b and 52-272h.


COUNT THIRTY:  (Apportionment of Damages Against Michael D. Kovac, d/b/a Trans-Expo
               International in Vicarious Liability for Negligent Misrepresentation)
               **[STRICKEN BY COURT ORDER 1/14/04, #240]**

119.    The allegations of paragraphs 98-105  and paragraphs 29-30 are hereby incorporated in

        this count as though set forth more fully herein;

120.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

        Complaint and the injuries resulting therefrom are attributable to the negligent

misrepresentations of Erica Ramirez whose actions impose vicarious liability upon

Michael D. Kovac, d/b/a Trans-Expo International as set forth more fully in paragraphs

98-105 of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Michael D. Kovac, d/b/a Trans-Expo International in

accordance with Conn.Gen.Stat. §§ 52-102b and 52-272h.


COUNT THIRTY-ONE:  (Contribution Against Michael D. Kovac, d/b/a Trans-Expo
                   International in Negligent Misrepresentation)

121.   The allegations of paragraphs 48-53 are hereby incorporated in this count as though set

       forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right of

contribution of damages against Michael D. Kovac, d/b/a Trans-Expo International in accordance

with Conn.Gen.Stat. § 52-272h(h).


COUNT THIRTY-TWO:  (Contribution Against Michael D. Kovac, d/b/a Trans-Expo
                   International in Vicarious Liability for Negligent Misrepresentation)

122.   The allegations of paragraphs 98-105 are hereby incorporated in this count as though set

       forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right of contribution of damages against Michael D. Kovac, d/b/a Trans-Expo International in accordance with Conn.Gen.Stat. § 52-272h(h).

**Against Erica Ramirez in her capacity as employee of
Michael D. Kovac, d/b/a Trans-Expo International**

COUNT THIRTY-THREE:  (Common Law Indemnification Against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International in Negligence)

123.    The allegations of paragraphs 73-82 are hereby incorporated in this count as though set forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT THIRTY-FOUR:  (Equitable Indemnification Against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International in Negligence) **[STRICKEN BY COURT ORDER, 1/14/04, #240]**

124.    The allegations of paragraphs 73-79 are hereby incorporated in this count as though set

forth more fully herein;

125.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in

equity;

126.    The imposition of joint and several liability upon Arpin would be unfair as it would hold

Arpin liable for the Plaintiff's entire loss while allowing Erica Ramirez in her capacity as

an employee of Michael D. Kovac, d/b/a Trans-Expo International to escape all liability;

127.    The balance of equities favor the indemnification of Arpin by Erica Ramirez in her

capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably

indemnified and demand judgment against Erica Ramirez in her capacity as an employee of

Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus

costs and reasonable attorney's fees.


COUNT THIRTY-FIVE: (Apportionment of Damages Against Erica Ramirez in her capacity as
                    an employee of Michael D. Kovac, d/b/a Trans-Expo International for
                    Negligence) **[STRICKEN BY COURT ORDER, 1/14/04, #240]**

128.    The allegations of paragraphs 73-79 and paragraphs 29-30 are hereby incorporated in this

count as though set forth more fully herein;

129.   The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended

Complaint and the injuries resulting therefrom are attributable to the negligence of Erica

Ramirez as set forth more fully in paragraphs 73-79 of this Cross-Claim.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an

apportionment of liability against Erica Ramirez in her capacity as an employee of Michael D.

Kovac, d/b/a Trans-Expo International in accordance with Conn.Gen.Stat. §§ 52-102b and 52-

572h.


COUNT THIRTY-SIX:   (Contribution Against Erica Ramirez in her capacity as an employee of
                    Michael D. Kovac, d/b/a Trans-Expo International in Negligence)

130.   The allegations of paragraphs 73-79 are hereby incorporated in this count as though set

forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request their right of

contribution for damages against Erica Ramirez in her capacity as an employee of Michael D.

Kovac, d/b/a Trans-Expo International in accordance with Conn.Gen.Stat. § 52-572h(h)

COUNT THIRTY-SEVEN: (Common Law Indemnification Against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International for Negligence Misrepresentation)

131.    The allegations of paragraphs 98-108 are hereby incorporated in this count as though set forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be indemnified and demand judgment against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendant Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT THIRTY-EIGHT: (Equitable Indemnification Against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International for Negligence Misrepresentation) **[STRICKEN BY COURT ORDER, 1/14/04, #240]**

132.    The allegations of paragraphs 98-105 are hereby incorporated in this count as though set forth more fully herein;

133.    Arpin's remedy at law in indemnification is not as complete and beneficial as its relief in equity;

134.    The imposition of joint and several liability upon Arpin would be unfair as it would hold

Arpin liable for the Plaintiff's entire loss while allowing Erica Ramirez in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International to escape all liability;

135.    The balance of equities favor the indemnification of Arpin by Erica Ramirez in her capacity as employee of Michael D. Kovac, d/b/a Trans-Expo International.

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. seek to be equitably indemnified and demand judgment against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International for all sums that may be adjudged against Defendant Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. in favor of Shawn Pouliot, plus costs and reasonable attorney's fees.

COUNT THIRTY-NINE:  (Apportionment Against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International for Negligent Misrepresentation) **[STRICKEN BY COURT ORDER, 1/14/04, #240]**

136.    The allegations of paragraphs 98-105 and 29-30 are hereby incorporated in this count as though set forth more fully herein;

137.    The allegations of the Plaintiff set forth in Paragraphs 7(g) and 7(h) of his Fifth Amended Complaint and the injuries resulting therefrom are attributable to the negligent misrepresentations of Erica Ramirez in her capacity as employee of Michael D. Kovac,

d/b/a Trans-Expo International as set forth more fully in paragraphs 98-105 of this Cross-Claim;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an apportionment of liability against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International in accordance with Conn.Gen.Stat. §§ 52-102b and 52-572h.


COUNT FORTY:  (Contribution Against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International for Negligent Misrepresentation)

138.   The allegations of paragraphs 98-105 and 29-30 are hereby incorporated as though set forth more fully herein;

WHEREFORE, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. request an apportionment of liability against Erica Ramirez in her capacity as an employee of Michael D. Kovac, d/b/a Trans-Expo International in accordance with Conn.Gen.Stat. § 52-572h.

Defendants
By their attorney:

Thomas J. Grady, Esq., CT 17139
*LENIHAN, GRADY & STEELE*
Six Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

## *CERTIFICATION OF NOTICE*

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this
__ day of September 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street,
New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale
& Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*,
One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and James R. Oswald, Esquire of
*Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443, Peter
Haydon, Esq. (counsel for William Tweedy), 1050 Main Street, East Greenwich, RI 02818, John
Madden, Esq. (counsel for Nationwide Insurance Company), Law Offices of John T. Madden,
475 Kilbert Street, Suite 125, Warwick, RI 02886.

Thomas J. Grady, Esq.