UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02 CV 1302 (DJS) |
| | : | |
| PAUL ARPIN VAN LINES, INC.; | : | |
| ARPIN LOGISTICS, INC.; THE  FESTO | : | |
| CORPORATION; MICHAEL D. KOVAC | : | |
| d/b/a TRANS-EXPO INTERNATIONAL, | : | |
| ERICA RAMIREZ, IN HER CAPACITY AS | : | |
| EMPLOYEE OF TRANS-EXPO | : | |
| INTERNATIONAL, | : | OCTOBER 26, 2004 |

## *MOTION TO AMEND SCHEDULING ORDER*

Now come the Defendants, Third-Party Plaintiffs and Cross-Claim Plaintiffs Paul Arpin

Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter "Arpin") and move this Court to amend the

Scheduling Order.  Counsel for Festo and counsel for Michael D. Kovac d/b/a Trans-Expo,

International and Erica Ramirez have been contacted and have indicated that they also support a

modification to the current scheduling order as far as the need to depose Nurse Life Care Planner

Terri Petruska.

Arpin asserts that new circumstances justify moving the deadlines indicated in the current

Scheduling Order forward thirty days.

A Memorandum is attached in support of this Motion.  Counsel for Plaintiff, Festo and

counsel for Trans-Expo, International and Erica Ramirez have agreed to the requested

modification insofar as Terri Petruska's deposition.  At this time, Plaintiff's counsel has

responded to Arpin counsel's request and indicated that he will object to this Motion.


DATED: _____          DEFENDANT/THIRD PARTY
                                        PLAINTIFF/CROSS-CLAIM PLAINTIFF



                                        _____
                                        Thomas J. Grady, Esq.
                                        Lenihan, Grady & Steele
                                        Six Canal Street
                                        P.O. Box 541
                                        Westerly, RI 02891
                                        (401) 596-0183
                                        (401) 596-6845 (Fax)

### *CERTIFICATION OF NOTICE*

      I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this ___ day of October 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and James R. Oswald, Esquire of *Adler, Pollack & Sheehan,* P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

                           _____

                           Thomas J. Grady, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| | : | 3:02 CV 1302 (DJS) |
| PAUL ARPIN VAN LINES, INC.; | : | |
| ARPIN LOGISTICS, INC.; THE FESTO | : | |
| CORPORATION; MICHAEL D. KOVAC | : | |
| d/b/a TRANS-EXPO INTERNATIONAL, | : | |
| ERICA RAMIREZ, IN HER CAPACITY AS | : | |
| EMPLOYEE OF TRANS-EXPO | : | |
| INTERNATIONAL, | : | OCTOBER 26, 2004 |

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND THE SCHEDULING ORDER

Pursuant to Local Rule 7(a), the undersigned attaches this Memorandum in support of its

Motion to Amend the Scheduling Order.  Pursuant to Local Rule 16 (b), the undersigned, for

good cause, moves the Court to amend the scheduling order because the current schedule cannot

be reasonably met despite diligent efforts by counsel.

The current scheduling order calls for the cessation of all discovery, including

depositions of expert witnesses, on October 29, 2004.  See Exhibit 1.

Completed Depositions

Counsel for all parties in this action have acted with diligence in completing discovery in

this matter.  Over the past six weeks, counsel have noticed and deposed an additional four

1

witnesses, Mark Sipos, CPA (9/22/04) in Akron, Ohio, William Tweedy in East Greenwich, Rhode Island (10/5/04), Robert Thompson, M.D. (10/12/04) in Louisville, Kentucky and Anthony Gamboa, Life Care Economist (10/13/04) in Louisville, Kentucky on the named dates.

Over the preceding year depositions have been taken all over the country from east to west coast and north to south border.  All totaled forty-one witnesses have now been deposed as listed on Exhibit 2 attached hereto.  Despite these diligent efforts defense counsel will be unable to complete discovery by October 29, 2004.

Arpin's Motion to File Amended Answer with New Defense Based Upon Newly Discovered Evidence

As a result of additional discovery Defendant Arpin filed a Motion to Amend Its Answer to include a new defense based upon fraud.  This Motion was granted October 18, 2004.  This new defense broadens the scope of inquiry and counsel for the defense is under a duty to diligently investigate any additional theories on behalf of its client.

Depositions Pending Subject to Plaintiff's Filed Motion for Protective Order

Defendant Arpin has scheduled the following four depositions.  Each has been objected to and two Motions for a Protective Order have been filed by Plaintiff's counsel.  Objections to two Motions for a Protective Order have also been filed.  Because of the pending Motions it is unlikely that these depositions can be completed before October 29 because of the press of other court business in the intervening period of time.  They were originally noticed for:

1.       October 18, 2004 10:00 a.m. Keeper of the Records of Huntington Leasing Corp.;

2.       October 18, 2004 10:30 a.m. Deposition of Robert Baker;

3.       October 20, 2004 9:00 a.m. Keeper of the Records of Cuyahoga Falls Police Department in Akron, Ohio;

4.       October 20, 2004 9:30 a.m. Depositions of Mark Pouliot (Records) Akron, Ohio

Additional Pending Depositions

Arpin noticed the Deposition of Nurse Life Care Planner Terri Petruska (Exhibit 3) for October 21, 2004 in Louisville, Kentucky. Advance notice of the deposition was sent to counsel of record. When the sheriff appeared at her home to serve her he was advised that she was away on vacation for the next two weeks. Accordingly, she could not have been served in time for her to be deposed.

Ms. Petruska is an employee or independent contractor of Anthony Gamboa. During the deposition of Dr. Thompson on October 13, 2004 it was learned that she prepared the Narrative and the complete Life Care Plan for the Plaintiff. It is believed that she has 1.25 years of experience in preparing life care plans prior to Plaintiff's. It also appears that she has had training of only one week in the preparation of life care plans and eight hours in the field of spinal nerve compromise. Due to Dr. Thompson's lack of knowledge about what she did and the preparation of the Life Care Plan and how she did it, it becomes important for this inquiry to be

made.  All defense counsel agree that her deposition is necessary.  It is impossible to schedule her for a deposition until November because she is away on vacation for the next two weeks.

The Life Care Plan which was provided to defense counsel by Plaintiff did not indicate on any part of the plan who the author was.  It was not known who prepared the Plan until the deposition of Dr. Thompson on October 13, 2004.  As a result, there was no way to know that Terri Petruska should have been deposed in Louisville at the time Gamboa and Thompson were deposed.  It was only after Thompson's deposition took place that it became clear that she needed to be deposed.

These new Life Care Plan experts of Gamboa, Thompson and Petruska replace an earlier expert of Plaintiff who was vigorously examined in Miami, Florida by opposing counsel, Mr. Lawrence Forman.

These newly disclosed experts are apparently intended to replace the Life Care Expert Mr. Lawrence Forman and Economist Dr. Crakes, both of whom have been previously disclosed. These disclosures only occurred as of July 31, 2004.

Despite the diligence of all parties, for reasons that were not foreseeable when the scheduling order was previously modified, these depositions cannot be completed prior to the October 29, 2004 discovery deadline.

Other Discovery

Arpin has propounded a Fifth Request for Production to which Plaintiff has objected.  It is anticipated that a Motion to Compel will have to be filed since counsel for defense does not believe that Plaintiff will voluntarily comply, although such a request has been made.   Arpin has also filed a Motion for Reconsideration of the Court's Order (#304) which precluded discovery of Shawn Pouliot's Nationwide insurance file.

Arpin has filed additional interrogatories which have also been objected to and it is believed that an additional motion to compel will be necessary to obtain compliance.

Plaintiff has just propounded additional interrogatories to which objection to at least some is anticipated.

New Scheduling Order

Counsel believes that all depositions and discovery can be concluded by November 30, 2004 and therefore would recommend the following changes in the Scheduling Order.

1.	Close of Discovery	November 30, 2004

2.	Dispositive Motions	January 15, 2005

3.	Submit Joint Trial Memorandum	February 14, 2005

4.	Case to be trial ready	March 2005

The undersigned contend that for good cause the Scheduling Order deadlines cannot be reasonably met, despite the diligence of all parties.  Counsel for Arpin, (with the assent, of

Plaintiff, of Festo counsel and counsel for Michael D. Kovac d/b/a Trans-Expo, International and

Erica Ramirez, as to the Petruska deposition only) move that the above requested relief be

granted as to the Petruska deposition.

DEFENDANT/THIRD PARTY
PLAINTIFF/CROSS-CLAIM PLAINTIFF


_____
Thomas J. Grady, Esq.
Lenihan, Grady & Steele
Six Canal Street
P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)


## *CERTIFICATION OF NOTICE*

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this
___ day of October 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New
Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale &
Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*,
One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and James R. Oswald, Esquire of
*Adler, Pollack & Sheehan,* P.C., 2300 Financial Plaza, Providence, RI 02903-2443


_____
Thomas J. Grady, Esq.

# EXHIBIT 2

DEPOSED WITNESSES IN POULIOT V. ARPIN, ET AL.

1.  Ralph Harvey (Eyewitness) in New Haven, CT

2.  Barry Groman (Eyewitness) in New Haven, CT

3.  Raymond Castellani (Contact at Naugatuck) in New Haven, CT

4.  Officer Blalock (Naugatuck Police Officer) in New Haven, CT

5.  Michael Kovac (Defendant) in San Diego, CA

6.  Erica Ramirez (Defendant) in San Diego, CA

7.  Dr. Quadri (Plaintiff's Doctor) in Ohio

8.  Dr. Roland Ruhl (Plaintiff's Expert) in Phoenix, AZ

9.  Lawrence Forman (Plaintiff's Expert) in Miami, FL

10. Dr. Cremer (Plaintiff's Treating Physician) in Ohio

11. Dr. Slezak (Plaintiff's Treating Physician) in Ohio

12. Dr. Dankoff (Plaintiff's Treating Physician) in Ohio

13. Dr. Johnston (Plaintiff's Treating Physician) in Ohio

14. Shawn Pouliot (Twice) (Plaintiff) in Akron, Ohio

15. Arnold Kowal (Maxon expert) in Los Angeles, CA

16. Michael Montgomery (Arpin employee) in Rhode Island

17. Joseph Rocha (Arpin employee) in Rhode Island

18.    William Mottla (Arpin employee) in Rhode Island

19.    William Tweedy (Arpin employee) in Rhode Island

20.    Nancy Rahill (Arpin employee) in Rhode Island

21.    Heidi Kern (Arpin employee) in Rhode Island

22.    V. Paul Herbert (Arpin expert) in California

23.    Jessie Sears (Arpin employee) in Rhode Island

24.    Petra Milks (Festo employee) in Long Island, New York

25.    Faye DeVito (Festo employee) in Long Island, New York

26.    Fred Zireau (Festo employee) in Long Island, New York

27.    Cheryl Sabetelli (Festo employee) in Long Island, New York

28.    Eugenia Kennedy (Festo expert) in Rhode Island

29.    Irving Ojalvo (Arpin expert) in New Haven, CT

30.    Dr. Timmins (Plaintiff's Doctor) in Ohio

31.    Dr. Perrara (Plaintiff's Doctor) in Ohio

32.    Mark Pouliot (Plaintiff's Brother) in Ohio

33.    Charity Bibbee (Plaintiff's former wife) in Ohio

34.    Jay Moore (Mechanic) in Maryland

35.    Nelson Corderman (Mechanic) in Maryland

36.     General Manager of Wilbar Truck Equipment, Inc. (Mechanic)

37.     Terry Morgan (Festo Expert) in Rhode Island

38.     Mark Siper CPA (Plaintiff's Accountant) in Ohio

39.     Robert Thompson, M.D. (Plaintiff's Economist Physiatrist) in Louisville, Kentucky

40.     Anthony Gamboa (Plaintiff's Economist) in Louisville, Kentucky

41.     Willliam Tweedy (Arpin employee) in East Greenwich, Rhode Island