UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

SHAWN POULIOT,
       -Plaintiff


       -v-                                        3:02 CV 1302 (DJS)


PAUL ARPIN VAN LINES, INC.,
AND ARPIN LOGISTICS, INC.,
THE FESTO CORPORATION,
MICHAEL D. KOVAC D/B/A
TRANS-EXPO INTERNATIONAL
AND ERICA RAMIREZ,
       -Defendants


RULING ON MOTIONS TO POSTPONE
SETTLEMENT CONFERENCE (DKT. #318)
AND FOR AN EXPEDITED HEARING (DKT. #319)

A settlement conference had been scheduled in this case for November 9, 2004 at 10:00 a.m. Counsel for the Arpin defendants, however, has moved for a rescheduling of the conference on grounds that the AIG handling this case is unable to attend due to his participation in another mediation. According to moving counsel, the representative from AIG with whom he has been dealing, Mr. Shannon Ali, states that "he will need an additional 60 days to process the matter through the current claims authority procedural system at AIG." (Dkt. #318). This is unfortunate, since the injuries the plaintiff has sustained are enormous, and he is in desperate need of medical care which he is not receiving.

It is important that a representative of AIG with sufficient authority to negotiate an settlement of this case attend the conference. Due to the enormity of the plaintiff's injuries, the AIG representative should be a person at the highest level of authority, duly empowered to negotiate in good faith, and not restricted by an unrealistically low level of authority. The undersigned assumes that AIG is acting in good faith, and, when it finally does attend a conference, will do so through a person who truly has a realistic level of authority, given that the plaintiff is a quadriplegic.

The motion to postpone the November 9, 2004 conference is hereby granted as a courtesy to AIG. The court, however, directs Attorney Thomas J. Grady, counsel for the Arpin defendants, to contact Attorney Michael Stratton, counsel for the plaintiff in an effort to find a date in December for the holding of such a conference. That conference must be attended personally by individuals with true authority to settle, participation by telephone is not acceptable. This case is of such importance that the undersigned will rearrange his own schedule to accommodate counsel on any of the following days: December 6, 7, 13, 15, 16, 20 and 21. The parties shall report their progress to the undersigned not later than November 12, 2004.

The Clerk shall note that **Dkt. ##318 and 319 are GRANTED.**

**IT IS SO ORDERED at Hartford, Connecticut this _____ day of**

-2-

**November, 2004.**

                                                            _____
                                                            **Thomas P. Smith**
                                                            **United States Magistrate Judge**