UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT : | |
|    Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3:02 CV 1302 (DJS) |
| : | |
| PAUL ARPIN VAN LINES, INC.; : | |
| ARPIN LOGISTICS, INC.; THE FESTO : | |
| CORPORATION; MICHAEL D. KOVAC : | |
| d/b/a TRANS-EXPO INTERNATIONAL, : | |
| ERICA RAMIREZ, IN HER CAPACITY A : | |
| EMPLOYEE OF TRANS-EXPO : | |
| INTERNATIONAL : | NOVEMBER 1, 2004 |

### *PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S RESPONSE TO PLAINTIFF'S OBJECTION TO POSTPONE MEDIATION*

     Insofar as this Defendant knows, this case is not set for trial in February. In fact, at the time that the conference was had with Judge Squatrito, the question was specifically asked, and the Judge refused to set a trial date because he did not know how long it would take to decide the Motions for Summary Judgment which were to be filed by December 15th and, further, he would not set a trial date because he did not know ultimately who the parties would be and what the issues would be after "everything shook out" following decisions on Motions for Summary Judgment.

     Consequently, the statement made by the Plaintiff's lawyer in this case that, "First, this

case is set for trial in February", is simply not the case. Arpin counsel knows of no *trial date* set for February.

The Court did indicate that "This case shall be trial ready February 2005", but no trial date has been set.

Insofar as counsel knows and as has been represented by the duly authorized claim representative of AIG, there is no claims settlement authority at this time and it would take approximately sixty days to obtain it, if any is authorized, following the normal procedural channels. If Plaintiff's counsel feels that AIG authority will be necessary to resolve the matter, it would make little sense to hold the mediation without it.

About the Plaintiff's counsel's statement that, "the rationale for the request is spurious. The insurers have known about this date for several weeks, "Arpin responds that shortly before the October 10th order, Plaintiff's counsel called Arpin counsel and said, "Is this mediation going forward on November 9th, or not?" Not even he was sure. How could the insurer have been sure?

Lastly, discovery continues. It is now extended until November 29, 2004. Mediation should not be held before discovery is concluded.

                    DEFENDANT/THIRD PARTY
                    PLAINTIFF/CROSS-CLAIM PLAINTIFF

                    _____
                    Thomas J. Grady, Esq.
                    Lenihan, Grady & Steele
                    Six Canal Street, P.O. Box 541
                    Westerly, RI 02891
                    (401) 596-0183
                    (401) 596-6845 (Fax)

## *CERTIFICATION*

     I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this ___ day of November 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and James R. Oswald, Esquire of *Adler, Pollack & Sheehan,* P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

                                               _____