UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT : | |
|    Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3:02 CV 1302 (DJS) |
| : | |
| PAUL ARPIN VAN LINES, INC.; : | |
| ARPIN LOGISTICS, INC.; THE FESTO : | |
| CORPORATION; MICHAEL D. KOVAC : | |
| d/b/a TRANS-EXPO INTERNATIONAL, : | |
| ERICA RAMIREZ, IN HER CAPACITY A : | |
| EMPLOYEE OF TRANS-EXPO : | |
| INTERNATIONAL : | NOVEMBER 11, 2004 |

### ARPIN'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO ARPIN'S MOTION TO COMPEL (Doc. #335)

Arpin's hereby submits this Reply to Plaintiff's Memorandum in Opposition to Arpin's Motion to Compel (Doc. #335) pursuant to D.Conn.L.R.Civ.P. 7(d).

Plaintiff in its Opposition Memorandum argues that the co-defendants (Festo and Trans-Expo) are responsible for two-thirds of the costs incurred by Dr. Irving Ojalvo in attending a deposition which was noticed by the Plaintiff and which occurred on July 29, 2004. Counsel for the co-defendants have stated to Arpin counsel that no agreement to share the costs of Dr. Ojalvo's deposition was made between the Plaintiff and the co-defendants.

While the Motion to Compel was directed at Plaintiff because he is the party who noticed

1

the deposition, Arpin has no preference as to which parties remit payment to Dr. Ojalvo. Arpin's sole concern is that Dr. Ojalvo be paid for his costs incurred as required by Fed.R.Civ.P. 26(b)(4).

The Federal Rules impose no obligation upon Arpin to investigate and verify payment arrangements, which the Plaintiff and co-defendants might have consummated. Arpin's sole concern is that such payment be made.

Arpin moves the Court to Order that Dr. Ojalvo receive payment of his invoice in its entirety as is mandated by Fed.R.Civ.P. 26(b)(4). As to the payment issues between the Plaintiff and Arpin's co-defendants, Arpin trusts that the Court will reach a fair and equitable decision.

Arpin therefore replies in opposition to the Plaintiff's Objection, to the extent that it seeks to prevent Dr. Ojalvo from receiving his full measure of compensation.

                    DEFENDANT/THIRD PARTY
                    PLAINTIFF/CROSS-CLAIM PLAINTIFF

_____
Thomas J. Grady, Esq.
Lenihan, Grady & Steele
Six Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

## *CERTIFICATION*

      I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this ___ day of November 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and James R. Oswald, Esquire of *Adler, Pollack & Sheehan,* P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

      _____