UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT<br>    Plaintiff<br><br>v.<br><br>PAUL ARPIN VAN LINES, INC.;<br>ARPIN LOGISTICS, INC.; THE FESTO<br>CORPORATION; MICHAEL D. KOVAC<br>d/b/a TRANS-EXPO INTERNATIONAL,<br>ERICA RAMIREZ, IN HER CAPACITY A<br>EMPLOYEE OF TRANS-EXPO<br>INTERNATIONAL, | :<br>:<br>:    CIVIL ACTION NO.<br>:    3:02 CV 1302 (DJS)<br>:<br>:<br>:<br>:<br>:<br>:<br>:    NOVEMBER 2, 2004 |

### *ANSWERS TO PLAINTIFF SHAWN POULIOT'S INTERROGATORIES AND REQUEST FOR PRODUCTION DIRECTED TO PAUL ARPIN VAN LINES AND ARPIN LOGISTICS, INC.*

GENERAL OBJECTIONS

Defendant, Third-Party Plaintiff and Cross-Claim Plaintiffs Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter "Arpin") object to the Interrogatories of the Plaintiff to the extent they seek to impose a duty on Arpin beyond that required by the Federal Rules of Civil Procedure. Arpin further objects to the Interrogatories to the extent they seek information that: (1) represents attorney work-product; (2) is protected by the attorney-client privilege or any other applicable privilege; (3) has been prepared in anticipation of litigation at the request of counsel;


(4) presents matters of public record; and (5) seeks information that requires Arpin to draw a legal conclusion.

The answers set forth herein are made without waiving the following:

1. The right to object on grounds of competency, privilege, relevance, materiality or any other proper ground, to the use of any information or material produced herein, in whole or in part, for any purpose, in any subsequent proceeding in this action or in any other action;

2. The right to object on any and all proper grounds, at any time, to other interrogatories or other discovery procedures involving or relating to the subject matter of the requests responded to herein; and

3. The right, at any time, to revise, correct, modify, supplement or clarify any of the answers provided herein.

All of Arpin's answers are made subject to the foregoing objections, comments and qualifications.

## ANSWERS TO INTERROGATORIES

1. Every fact that supports your contention that the plaintiff fraudulently intended to injure himself in order to bring a personal injury claim against Arpin as set forth in your special defense, and include the name of any witness or identify each piece of documentary evidence that supports each fact.

**ANSWER:** On June 14, 2003, Mark V. Bibbee claims that he was at Mark Pouliot's house located on Mt. Vernon Street in Akron, Ohio. The Plaintiff Shawn Pouliot was also at the house at that time. Mark V. Bibbee claims that Shawn Pouliot and he discussed Shawn Pouliot's accident which occurred on October 23, 2001 which resulted in Shawn Pouliot's being paralyzed and confined to a wheelchair. Mark Bibbee claims that he specifically recalled Shawn Pouliot saying, "It wasn't really an accident." Mark Bibbee claims that Pouliot specifically told him that he was supposed to "break a couple of legs when the machine fell, but it got away from him and the machine crushed him." Mark Bibbee said that Shawn Pouliot told him that the accident would have been worth it if he got ten million to twenty million dollars. Mark Bibbee said that Pouliot said that he could get "fixed" and still have money left over.

Barry Groman, an eyewitness from Naugatuck Valley Community College, under oath on March 3, 2003 stated, "As I was coming up to the doors, I saw him up on the tailgate and he started balancing backwards, started falling. His hands were still on the machine. He fell, the machine rolled after him and the machine actually - - they didn't go 100 percent together. The machine came down just after him and actually hit him like a hammer. It was not a smooth come down. He fell still holding on and again, the machine rolled and just came down upon him.".

Dispatcher for Arpin Logistics, Inc., William Tweedy said that Pouliot told him that he [Shawn Pouliot] went to the back of the truck to keep the unit from rolling off.

2.  State whether videotape or other recorded surveillance was done as to the plaintiff or any other potential witness in this case and if so provide the date the recording was done, the method of recording, the subjects on the recording, the substance of the recording, and the names and address of the person doing the recording, and the location where such recordings are being kept and whether any such recordings were destroyed or deleted.

**OBJECTION**: Arpin objects to this Interrogatory on the grounds that the phrase "was done" is vague and ambiguous. Arpin further objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence and not limited to a reasonable time period.

3.  State whether any Arpin executives or Arpin's Counsel have been diagnosed with mental disorders including paranoia or other organic or affective disorder causing delusional thinking in the past 3 months (Please refer to DSM IV); and if so provide the name of all physicians making such diagnosis; and the current status of the treatment. This information is sought only as to those executives who may have participated in drafting the most recent special defense alleging fraud as to the plaintiff.

**OBJECTION**: Arpin objects to this Interrogatory on the grounds that it is not reasonably calculated to lead to the discovery of admissible evidence.

## RESPONSE TO REQUEST FOR PRODUCTION

1. Any and all recordings referred to in Interrogatory #2.

**OBJECTION:** For the reasons set forth in Arpin's objection to Plaintiff's Interrogatory #2 no response is required.

2. All evidence supporting the special defense of fraud as set forth in answer to Interrogatory #1.

**OBJECTION:** Objection based on attorney work product privilege as to documents and reports prepared for litigation purposes at the request of counsel.

Without waiving said Objection, Arpin refers the Plaintiff to the following documents, which are already in the Plaintiff's counsel's possession.

   (1) Deposition of Barry Groman.

   (2) Deposition of William Tweedy.

3. The medical records of any executives of Arpin as set forth in Interrogatory #3.

**OBJECTION:** For the reasons set forth in Arpin's objection to Plaintiff's Interrogatory #3, no response is required.

The aforesaid facts are true and correct to the best of my knowledge and belief.

Paul Arpin Van Lines, Inc. and
Arpin Logistics, Inc.

By: Robert E. Caldwell

### ACKNOWLEDGEMENT

Subscribed and sworn to before me in the County of Kent, State of Rhode Island, this 4th day of November, 2004.

Notary Public: Kent Cty
My Commission Expires: 4/10-05

### *CERTIFICATION*

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 4 day of November 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.