UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
|     Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02 CV 1302 (DJS) |
| | : | |
| PAUL ARPIN VAN LINES, INC.; | : | |
| ARPIN LOGISTICS, INC.; THE FESTO | : | |
| CORPORATION; MICHAEL D. KOVAC | : | |
| d/b/a TRANS-EXPO INTERNATIONAL, | : | |
| ERICA RAMIREZ, IN HER CAPACITY A | : | |
| EMPLOYEE OF TRANS-EXPO | : | |
| INTERNATIONAL | : | DECEMBER 7, 2004 |
|     Defendants | : | |

### *PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S OBJECTION TO PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS DIRECTED AT ARPIN*

I.    FACTS AND TRAVEL

On October 11, 2004, Plaintiff served upon Paul Arpin Van Lines, Inc. and Arpin

Logistics, Inc. (hereinafter "Arpin") Interrogatories and Requests For Production. See Plaintiff's

Motion to Compel, [Court Doc. # 345], Exhibit A.

Plaintiff's Interrogatories and related Requests For Production relate to three areas of

inquiry. Plaintiff seeks (1) all facts supporting Arpin's special defense of fraud, (2) any

recordings made of the plaintiff or any other potential witness in this case, and (3) "whether any

1

Arpin executives or Arpin's counsel have been diagnosed with medical disorders including paranoia or other organic or affective disorder causing delusional thinking in the past 3 months (Please refer to DSM IV); and if so provide the name of all physicians making such diagnosis, and the current status of the treatment.  This information is sought only as to those executives who may have participated in drafting the most recent special defense alleging fraud as to the plaintiff."  See Plaintiff's Motion to Compel [Doc. #345], Exhibit A.

On November 2, 2004, Arpin filed its Answers to Interrogatories with objections where appropriate.  On November 16, 2004, Plaintiff filed his Motion to Compel Answers to Interrogatories and Requests Directed to Arpin.  Plaintiff moved to compel compliance with Interrogatories No.1 and No.2 and Requests For Production No. 1 and No. 2.  After Arpin composed and filed objections thereto, Plaintiff declined to move to compel answers to Interrogatory #3 and Request For Production #3.

Arpin hereby object to Plaintiff's Motion to Compel Answers to Interrogatories and Requests Directed to Arpin.

II.     LAW AND ANALYSIS

    1.     Non-Compliance with Local Rule 37(a)(2) and Fed.R.Civ.P. 37(a)(2)(B)

Local Rule 37(a)(2) provides:

No motion pursuant to Rules 26 through 37, Fed.R.Civ.P. shall be filed unless counsel making the motion has conferred with opposing counsel and discussed

2

the discovery issues between them in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement.

Fed.R.Civ.P. 37(a)(2)(A) contains a similar conference and certification requirement. Plaintiff's counsel, "the counsel making the motion", has not attached a certification to his Motion to Compel. Indeed, no such conference ever took place contrary to the Plaintiff's statement within its Motion to Compel.

For this reason alone, Plaintiff's Motion to Compel should be denied in its entirety.

2.   <u>Plaintiff's Motion as Regards to Interrogatory #1 is Without Merit</u>

Plaintiff, in its Motion to Compel, seeks to overcome Arpin's General Objections as applied to Interrogatory #1 and Request For Production #1.

Arpin's General Objections are as follows:

>   Arpin objects to the Interrogatories to the extent they seek information that: (1) represents attorney work-product; (2) is protected by the attorney-client privilege or any other applicable privilege; (3) has been prepared in anticipation of litigation at the request of counsel; (4) presents matters of public record; and (5) seeks information that requires Arpin to draw a legal conclusion.

Plaintiff states that "this information should be provided without qualification as it requests the factual basis for the very serious charge of fraud made by the defendant."

3

Arpin's General Objections (1), (2), and (3) all relate to the attorney-client privilege. Other than to state that the charge of fraud is "very serious", the Plaintiff offers no legal grounds whatsoever which would justify a blanket renunciation of the attorney-client privilege by Arpin. Arpin has already provided Plaintiff with its factual basis for its charge of fraud in its Answers which are attached as Exhibit A of Plaintiff's Motion to Compel. Further facts supporting Arpin's fraud allegation were discovered during the deposition of Mark A. Bibbee on November 19, 2004.

Likewise, Plaintiff has offered no legal support for the notion that Arpin should be required to answer the Plaintiff's Interrogatory in a manner which presents matters of public record or that requires Arpin to draw a legal conclusion. Both of these categories are beyond the scope of Fed.R.Civ.P. 26(a).

Nor does Plaintiff explain how any information falling under Arpin's General Objections could possibly serve as evidence of the "factual basis for the very serious charge of fraud made by the defendant".

For the foregoing reason, Plaintiff's Motion to Compel regarding Interrogatory #1 and related Request For Production #1 must be denied.

    3.    <u>Plaintiff's Motion as to Interrogatory #2 and Request For Production #2 is Without Merit</u>

In its Motion to Compel, Plaintiff states,

As to the second Interrogatory, it is requested that the defendant list all videotaping or recordings that have been made of the plaintiff or other persons. All this information should be provided.

Arpin objected and continues to object to the broadness of this Interrogatory and related Request. The subject Interrogatory reads as follows "State whether videotape or surveillance was done as to the plaintiff or any other potential witness in this case . . ."

Arpin is not in a position to state each and every recording which has ever been made of the Plaintiff, by any person, during an unidentified time period. The same is true for any "potential witness in this case." This Interrogatory is overly broad. Furthermore, to the extent that it requires Arpin to make a determination as to the circumstances under which the Plaintiff has been a subject of surveillance it is unduly burdensome and beyond the scope of duty provided for in the Federal Rules of Civil Procedure.

For the foregoing reasons, Arpin objects to Plaintiff's Motion to Compel Answers to Interrogatories and Requests Directed to Arpin. [Court Doc. #345].

Defendants
By their attorney:

_____
Thomas J. Grady, Esq., CT 17139
***LENIHAN, GRADY & STEELE***
Six Canal Street, P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

### *CERTIFICATION OF NOTICE*

I hereby certify that a copy of the foregoing was forwarded, via facsimile transmission this \_\_\_ day of December 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and James R. Oswald, Esquire of *Adler, Pollack & Sheehan,* P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

_____
Thomas J. Grady, Esq.