UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SHAWN POULIOT,
   Plaintiff,

      v.

PAUL ARPIN VAN LINES, INC.
AND ARPIN LOGISTICS, INC.,
THE FESTO CORPORATION, MICHAEL
D. KOVAC, D/B/A TRANS-EXPO
INTERNATIONAL AND ERICA
RAMIREZ, IN HER CAPACITY AS
EMPLOYEE OF TRANS-EXPO
INTERNATIONAL,
   Defendants.

C.A. No. 3:02 CV1302 (DJS)

December 15, 2004

## FESTO CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS TO THE COMMON-LAW INDEMNITY COUNTS ALLEGED BY PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and Rule 56 of this Court's Local Rules, Defendant The Festo Corporation ("Festo") respectfully submits this Motion for Summary Judgment as to (1) Counts 1, 2, 9 and 10 asserted against Festo by Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter, collectively "Arpin") in Arpin's Amended Answer and Cross-Claims dated October 6, 2004;[1] and (2) Counts 1 and 4 asserted

---

[1] Count 1, "Common Law Indemnification against Festo Corporation for Negligence;"
Count 2, "Common Law Indemnification against Festo Corporation in Vicarious Liability for Negligence;"
Count 9, "Common Law Indemnification Against Festo Corporation for Negligent Misrepresentation;"
Count 10, "Common Law Indemnification Against Festo Corporation in Vicarious Liability for Negligent Misrepresentations."

**ORAL ARGUMENT REQUESTED**
**NO TESTIMONY REQUIRED**

against Festo by Arpin in Arpin's Second Amended Third-Party Complaint dated June 9, 2003,[2] seeking common-law indemnification against Festo.[3]

Summary judgment should be granted because – after extensive discovery establishing Arpin's own active misconduct and recklessness in the accident that is the subject matter of this action – there exists no genuine issue of material fact that, <u>first</u>, Arpin's negligence was active and not merely passive, and <u>second</u>, Arpin had at least some degree of control over the situation giving rise to Plaintiff's injuries. In particular, the undisputed facts establish that Arpin was aware of but failed to record critical information about the Festo shipment into its computer system (including the fact that the Festo shipment included a mobile workstation, the fact that the mobile workstation was on wheels, and the dimensions of the mobile workstation); this information was critical to the selection by Arpin employees of proper, safe equipment for the Festo shipment, including a lift gate that would descend horizontal to the ground; the Arpin employees who needed to know this information failed to get this information; and lacking this critical information, Arpin employees assigned Plaintiff to unload a five-foot-long, six-foot-high, three-foot-wide workstation – on wheels – using a lift gate <u>designed to tilt downward as it descended</u>, thereby allowing the mobile workstation to fall off the lift gate and onto Plaintiff.

Granting summary judgment on the indemnity claims does not leave Arpin without a remedy. Even if the indemnity claims are dismissed, Festo and the other co-defendants remain party defendants by virtue of Plaintiff's direct claims against them. Thus, under the

---

[2] <u>Count 1</u>, "Common Law Indemnification and/or Equitable Indemnification against Festo Corporation;"
<u>Count 4</u>, "Common Law and/or Equitable Indemnity in Vicarious Liability as to Festo Corporation."

[3] To the extent Arpin continues to seek recovery from Festo in "equitable indemnification" in Counts 1 and 4 of its Second Amended Third-Party Complaint, this Court has already ruled that Arpin's claims for "equitable indemnification" fail to state a claim upon which relief may be granted. <u>See</u> Memorandum of Decision dated February 9, 2004 (granting Festo's motion to dismiss Arpin's cross-claims for "equitable indemnification"). Thus, Festo hereby moves for (and the Court should grant) summary judgment as to those portions of Counts 1 and 4 of Arpin's Second Amended Third-Party Complaint that purport to seek recovery for equitable indemnification.

apportionment of liability scheme adopted in Connecticut as part of Tort Reform, each party, including Arpin, will be liable only for its proportionate share of fault. In addition, Arpin's contribution claims against Festo and the other co-defendants remain viable. Indeed, even if the Court were to grant Festo's motion for summary judgment, Arpin would be able to present to the trier of fact for consideration at trial the issue of Festo's alleged negligence. See Conn. Gen. Stat. § 52-572h(f). This would be true even if Plaintiff were to settle and release his claims with Festo prior to trial. See Conn. Gen. Stat. § 52-572h(n) (reducing total award of damages by the amount of any released person's negligence proven to the trier of fact). Thus, Arpin is more than adequately protected against paying more than its proportionate share of liability. Arpin should not be permitted to use unsupported indemnification claims simply as insurance against a disproportionate damage award.

As further grounds for its Motion for Summary Judgment, Festo relies on its Memorandum of Law, Local Rule 56(a)1 Statement and the Affidavit of James R. Oswald, submitted concurrently herewith.

Defendant,
THE FESTO CORPORATION,
By Its Attorneys,

JOHN A. TARANTINO, #15980
JAMES R. OSWALD, #20936
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-2443
Tel: (401) 274-7200
Fax: (401) 751-0604/351-4607
Dated: December 15, 2004

3

## CERTIFICATION

TO:    Michael A. Stratton, Esq.                      Thomas J. Grady, Esq.
Stratton Faxon                                  Lenihan, Grady & Steele
59 Elm Street                                     6 Canal Street
New Haven, CT 06510                   P.O. Box 541
                                                      Westerly, RI 02891

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Mannion, Martindale    Susan O'Donnell, Esq.
   & Dratch                                     Halloran & Sage
46 Main Street                                    One Goodwin Square
New Milford, CT 06776                 225 Asylum Street
                                                      Hartford, CT 06103

     I hereby certify that I caused a true copy of the within, to be mailed, via regular First Class mail, to the above-named counsel of record on this 15th day of December, 2004.

_[signature]_

317270_1.doc