# EXHIBIT 3

1988 WL 128687	Page 1
1988 WL 128687 (N.D.Ill.)
(Cite as: 1988 WL 128687 (N.D.Ill.))
H

Only the Westlaw citation is currently available.

United States District Court, N.D. Illinois, Eastern Division.

Anthony AMENDOLA, Plaintiff,
v.
Gary BAYER, Defendant.

No. 85 C 9161.

Nov. 21, 1988.

MEMORANDUM OPINION AND ORDER

ANN CLAIRE WILLIAMS, District Judge.

*1 The defendant Gary Bayer moves this court for summary judgment on Counts I and II of the plaintiff Anthony Amendola's amended complaint pursuant to Federal Rule of Civil Procedure 56. The factual background of this matter as well as the appropriate standards for evaluating summary judgment motions are discussed in this court's previous opinion of May 18, 1988. *See Amendola v. Backer & Spielvogel, Inc.,* No. 85 C 9161, Slip op. at 1-5 (N.D.Ill. May 18, 1988). The court grants Bayer's motion for the following reasons.

I
*Count I*

In Count I of his amended complaint Amendola alleges that Bayer breached their oral agreement by abandoning the employee buy-out and uniting with Backer & Spielvogel in acquiring AdCom. This court has previously held that the agreement between Amendola and Bayer is not enforceable against Bayer because it is violative of the Illinois Statute of Frauds. *Amendola,* Slip op. at 10-14. Consequently, the court will grant Bayer's motion for summary judgment on Count I to the extent that it seeks damages for a breach of this agreement.

Amendola, however, further contends that "Bayer's oral agreement with Tony Amendola must be enforced in equity by means of a constructive trust because Tony partly performed his part of the bargain, resulting in Bayer's unjust enrichment." Amendola Memorandum in Opposition to Summary Judgment, at 5. Although Amendola did not specifically seek this relief in his amended complaint, such relief will be available if warranted by the proven facts. *See Kaszak v. Bakery and Confectionery Union and Industry International Pension Fund,* 791 F.2d 548, 559 (7th Cir.1986); Fed.R.Civ.P. 54(c). Under Illinois law, constructive trusts

are divided into two general classes: one in which actual fraud is considered an equitable grounds for raising the trust, and the other where there exists a fiduciary relationship and a subsequent abuse of such relationship.

*Ray v. Winter,* 67 Ill.2d 296, 367 N.E.2d 678, 682 (Ill.1977). [FN1] There is no allegation of fraud in this case. Consequently, Amendola must establish the existence of a fiduciary or confidential relationship and the abuse of that relationship to be entitled to a constructive trust. Amendola does not allege that a fiduciary relationship existed as a matter of law between himself and Bayer. Amendola Response to Bayer Motion to Dismiss Count II of the Complaint, at 2. As a result, Amendola must prove the existence of a fiduciary relationship "by clear and convincing evidence in order to establish a basis for raising a constructive trust." *Ray,* 367 N.E.2d at 682; *see also Carey Electric Constructing, Inc. v. First National Bank of Elgin,* 74 Ill.App.3d 233, 392 N.E.2d 759, 763 (2d Dist.1979) (the proof of a fiduciary relationship must be "so clear and convincing, so strong, unequivocal and unmistaken that it leads to but one conclusion.").

The question of whether a fiduciary duty exists between two parties is a question of fact. *Taino v. Sanchez,* 147 Ill.App.3d 871, 498 N.E.2d 571, 574 (1st Dist.1986). The "proof of a confidential relationship requires a showing that one person has reposed trust and confidence in another who thereby gains a resulting influence or superiority over the other." *Ray,* 367 N.E.2d at 682. As the *Taino* court noted the

*2 [f]actors to be considered in determining whether a confidential relationship exists are the degree of kinship of the parties, the disparity in age, health, mental condition, education and business

1988 WL 128687
(Cite as: 1988 WL 128687, *2 (N.D.Ill.))

Page   2

experience between them and the degree of trust placed in the dominent party.

*Taino,* 498 N.E.2d at 574 (and cases cited within). Finally, it should be noted that "a mere oral agreement does not give rise to a confidential or fiduciary relationship" nor do "mere allegations that one businessman simply trusted another to fulfill his contractual obligations." *Ray,* 367 N.E.2d at 682; *Carey Electric,* 392 N.E.2d at 764.

The pertinent undisputed facts regarding the existence of a fiduciary or confidential relationship are as follows. [FN2] Both Amendola, who is sixty-two years old, and Bayer, who is forty-two, were senior executives in the advertising business for many years prior to 1985. Bayer had previously reported to Amendola while they both were employed at D'Arcy, MacManus and Masius. Bayer approached Amendola to determine whether he "would contribute considerable knowledge, business acumen and experience in arranging the buy-out" at issue. Amended Complaint at 2-3, ¶ 6. The parties' attorney, Lou Susman, believed that Amendola had competence regarding pertinent matters that Bayer lacked. The parties had equal roles in attempting to arrange the buy-out. Moreover, there are no facts which indicate that Amendola had some sort of mental or physical infirmity that could render him unduly susceptible to Bayer's influence. Finally, Amendola admitted that he did not know what the word "fiduciary" meant as it applied to his relationship with Bayer. Given these facts, no reasonable jury could find by clear and convincing evidence that a fiduciary or confidential relationship arose between Amendola and Bayer. Consequently, Amendola has failed to establish sufficient facts to warrant the imposition of a constructive trust. Accordingly, Bayer's motion for summary judgment on Count I is granted.

II
*Count II*

In Count II of his amended complaint Amendola alleges that "[a]s a promoter of the employee buy-out of AdCom, a fiduciary relationship arose between defendant Gary R. Bayer and those individuals who were to acquire an interest under the employee buy-out, including plaintiff Anthony J. Amendola and that Bayer breached his fiduciary duty. Amended Complaint at 7, ¶¶ 15-16. Bayer moves for summary judgment on the grounds that no fiduciary relationship existed between himself and Amendola. As noted above, Amendola does not allege that a fiduciary duty arose as a matter of law between himself and Bayer. Moreover, the undisputed facts and circumstances of this case do not indicate that a fiduciary duty existed between the parties. *See supra.* at 4-5. The fact that this court held that Amendola had *alleged* sufficient facts to survive a motion to dismiss this count is immaterial. It is axiomatic that **different standards** are used to evaluate **motions** to **dismiss** under Rule 12(b)(6) and motions for **summary judgment** under Rule 56.

*3 Finally, even if Bayer is a promoter as alleged, this does not invariably mean that he is also a fiduciary. Under Illinois law, "[a] promoter is one who actively assists in creating, projecting and organizing a corporation." *Geving v. Fitzpatrick,* 56 Ill.App.3d 206, 371 N.E.2d 1228, 1231 (4th Dist.1978). As the court noted, "the word promoter does not magically solve all problems concerning relations, rights, and responsibilities." *Geving,* 371 N.E.2d at 1232. Moreover, "[t]he mere fact that one is a promoter does not make him personally liable to his co-promoter absent an agreement indicating an intent to impose such an obligation." *Id.* There is no such agreement in this case. Consequently, Bayer is also entitled to summary judgment on Count II of the amended complaint because no reasonable jury could find by clear and convincing evidence that a confidential relationship existed between himself and Amendola.

*Conclusion*

For the foregoing reasons, the court grants the defendant Bayer's motion for summary judgment with respect to Counts I and II of the amended complaint.

> FN1. The court also notes that "duress, coercion, and mistake have been grounds for imposing a constructive trust." *Charles Hester Enterprises, Inc. v. Illinois Founders Insurance Co.,* 114 Ill.2d 278, 293, 499 N.E.2d 1319, 1326 (Ill.1986). None of these factors are present in this case.
>
> FN2. The following facts are taken from the defendant Bayer's General Rule 12(e) Statement of Material Facts as to which there is no general issue. These facts are deemed admitted because the plaintiff

1988 WL 128687  
(Cite as: 1988 WL 128687, *3 (N.D.Ill.))

Page 3

Amendola did not controvert them in his General Rule 12(f) Statement. *See* N.D.Ill. General Rule 12(f).

1988 WL 128687 (N.D.Ill.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.