# EXHIBIT 5

Not Reported in A.2d  
2003 WL 22333005 (Conn.Super.)  
(Cite as: 2003 WL 22333005 (Conn.Super.))

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of New Haven.

Michael GOTT,
v.
GREED-MONARCH, INC.

No. CV000274741S.

Sept. 30, 2003.

Farrell & Leslie & Grochowski, Wallingford, Williams, Walsh & O'Connor, LLC, North Haven, for Michael Gott.

Clark D. Peter, Law Offices, Shelton, Clendaniel B. Scott, Law Office, Hartford, for Production Equipment Co. Inc.

Kenny & Brimmer, Hartford, for Creed-Monarch Inc.

PETER EMMETT WIESE, Judge.

I  
*PROCEDURAL HISTORY*

*1 The plaintiff, Michael Gott, commenced this action by service of process on the defendant, Creed-Monarch, Inc. (Creed-Monarch), on November 8, 2000. In the complaint, Gott alleges the following facts. On March 1, 1999, Gott was on Creed-Monarch's premises to service some equipment owned by Creed-Monarch. Creed-Monarch provided Gott with a piece of equipment known as a crank-down platform ladder. At the time the ladder was furnished to Gott, it was in poor condition from overuse or because Creed-Monarch failed to properly maintain it. Specifically, some parts of the ladder were loose or unstable. As a result of the condition of the ladder, Gott fell and suffered injuries.

On December 21, 2000, Production Equipment Company (Production) filed a motion to intervene, which the court granted on January 12, 2001. In the intervening complaint, Production alleges that Gott was its employee at the time of his injuries, which arose out of and in the course of his employment. Production further alleges that Gott's injuries were caused by the poor condition of Creed-Monarch's crank-down platform ladder. Production seeks to recover amounts that it has paid and has become obligated to pay under the Workers' Compensation Act, General Statutes § 31-275 et seq.

Creed-Monarch filed an answer and counterclaim to Production's complaint on April 2, 2001. In paragraph five of its counterclaim, Creed-Monarch alleges that "[a]t the time of the incident giving rise to [Gott's] claim, there existed an independent legal relationship between [Creed-Monarch] and [Production] by virtue of signed agreements ... dated December 17, 1998 and December 18, 1998." Creed-Monarch has made those alleged agreements part of the counterclaim by attaching them as exhibit A. [FN1] In addition, Creed-Monarch alleges that Production and its employees used Creed-Monarch's crank-down platform ladder because Production did not bring the proper equipment for the necessary work, and that Production and its employees were in complete control of the ladder during the entire course of the project during which Gott was injured. Creed-Monarch further alleges that Gott's injuries were caused by the negligence of Production or its employees in that they failed to inspect and secure the equipment, failed to read safety warnings, failed to warn Gott of the dangerous condition of the ladder, failed to provide the necessary equipment to complete the job, thus requiring Gott to use unfamiliar equipment, and failed to adequately train employees. Creed-Monarch seeks indemnification from Production for any judgment rendered against Creed-Monarch in favor of Gott.

> FN1. Practice Book § 10-29 provides in relevant part: "(a) Any plaintiff desiring to make a copy of any document a part of the complaint may, without reciting it or annexing it, refer to it as Exhibit A, B, C, etc., as fully as if it had been set out at length ... (b) When either the plaintiff or the defendant in any pleading subsequent to the complaint desires to make a copy of any document a part of his or her pleading, such party may, without reciting it therein, either annex it thereto, or refer to it therein ..."

On January 27, 2003, Production filed a motion

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d  
(Cite as: 2003 WL 22333005, *1 (Conn.Super.))

Page 2

for summary judgment on Creed-Monarch's counterclaim. In support of its motion, Production has filed a total of three memoranda of law, five uncertified excerpts of deposition testimony, [FN2] two certified excerpts of deposition testimony, [FN3] two unauthenticated documents that are identical to the alleged agreements incorporated in Creed-Monarch's counterclaim, and the affidavit of Rebecca S. Davis, the president of Production. Creed-Monarch has filed two memoranda in opposition, the affidavit of Paul Stawarz, Creed-Monarch's production manager, and two certified excerpts of deposition testimony. [FN4]

> FN2. The five uncertified excerpts are from the depositions of Stanley Walas, Mark Rolan and Gott.
>
> FN3. The two certified excerpts are from the depositions of Gott and Jim Lundebjerg.
>
> FN4. The two certified excerpts are from the depositions of Jim Lundebjerg and Deborah Boynton.

II  
*DISCUSSION*

*2 "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party ... The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law." (Internal quotation marks omitted.) *Gould v. Mellick & Sexton,* 263 Conn. 140, 146, 819 A.2d 216 (2003). "[T]he party moving for summary judgment ... is required to support its motion with supporting documentation, including affidavits." *Heyman Associates No. 1 v. Ins. Co. of Pennsylvania,* 231 Conn. 756, 796, 653 A.2d 122 (1995).

As an initial matter, the court will address the admissibility of the various documents submitted by the parties. It is well established that "[o]nly evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Internal quotation marks omitted.) *Great County Bank v. Pastore,* 241 Conn. 423, 436, 696 A.2d 1254 (1997). As stated, Production has submitted both certified and uncertified excerpts of deposition testimony in support of its motion. As this court has previously indicated, "[t]he trend in the Superior Courts is to consider certified but not uncertified deposition testimony when ruling on a motion for summary judgment ... Courts following this trend reason that the court cannot consider ... uncertified deposition testimony for the purposes of [a] motion for summary judgment because the transcript is not independently admissible as evidence and it fails to comply with the requirements of the Practice Book ... This court has followed the trend and previously refused to consider uncertified deposition testimony." (Internal quotation marks omitted.) *Shapiro v. Hillside Village Condominium Ass'n,* Superior Court, judicial district of New Haven at Meriden, Docket No. CV 00 0274597 (March 7, 2003, Wiese, J.) (34 Conn. L. Rptr. 262). Therefore, the court will consider the certified deposition excerpts but not the uncertified deposition excerpts.

Production has also submitted unauthenticated documents. This court has previously stated: "Practice Book § 17-46 provides that '[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto.' [U]ncertified copies of documents to which no affidavit exists attesting to their authenticity ... do not constitute proof of documentary evidence for purposes of a motion for summary judgment." (Internal quotation marks omitted.) *Aherne v. Lifeline Systems, Inc.,* Superior Court, judicial district of New Haven at Meriden, Docket No. CV 99 0269317 (March 21, 2003, Wiese, J.). In the present case, however, the unauthenticated documents submitted by Production in support of its motion are identical to the documents that Creed-Monarch affirmatively alleges in its counterclaim to be agreements between the parties, and that Creed-Monarch has incorporated in the counterclaim. Because Production has submitted those documents and Creed-Monarch has itself asserted that they are authentic, the court will

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d
(Cite as: 2003 WL 22333005, *2 (Conn.Super.))

Page 3

consider them in ruling on Production's motion for summary judgment.

*3 The court, having resolved those evidentiary issues, turns to the merits of Production's motion for summary judgment. Production first argues that it is entitled to summary judgment on Creed-Monarch's counterclaim because Production did not have an independent legal duty to Creed-Monarch. In response, Creed-Monarch argues that there is a genuine issue of material fact as to whether Production had either an express or implied duty to provide the necessary equipment for the installation job on Creed-Monarch's premises.

"In an action for indemnity, as distinguished from an action for contribution, one tortfeasor seeks to impose total liability upon another [tortfeasor]. The doctrines of indemnification and contribution are based on fundamentally different principles. [I]ndemnity involves a claim for reimbursement in full from one on whom a *primary liability* is claimed to rest, while contribution involves a claim for reimbursement of a share of a payment necessarily made by the claimant which equitably should have been paid in part by others ... Ordinarily there is no right of indemnity or contribution between joint tortfeasors ... Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury ... Under the circumstances described, [our Supreme Court has] distinguished between active or primary negligence and passive or secondary negligence ... Indemnity *shifts the impact of liability* from passive tortfeasors to active ones." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Crotta v. Home Depot, Inc.,* 249 Conn. 634, 641-42, 732 A.2d 767 (1999).

An additional showing is required of a defendant tortfeasor seeking indemnification from a plaintiff's employer. General Statutes § 31-284 "provides that an employer that complies with the requirements of the workers' compensation laws shall not be liable for any action for damages on account of personal injuries sustained by an employee arising out of and in the course of employment. Under the Workers' Compensation Act, both the employer and the employee have relinquished certain rights to obtain other advantages. The employee no longer has to prove negligence on the part of the employer, but, in return, he has to accept a limited, although certain, recovery ... The employer, in turn, guarantees compensation to an injured employee in return for the exclusivity of the workers' compensation liability to its employees." (Internal quotation marks omitted.) *Barry v. Quality Steel Products, Inc.,* 263 Conn. 424, 450-51, 820 A.2d 258 (2003). "Because of the importance of the exclusivity provisions of the Workers' Compensation Act, [the Supreme Court] has limited a third party's right to seek indemnification from an employer to those situations where there is an independent legal relationship between the third party and the employer, thereby generating a legal duty from the employer to the third party seeking indemnification. *Ferryman v. Groton,* 212 Conn. 138, 144-45, 561 A.2d 432 (1989)." *Barry v. Quality Steel Products, Inc., supra,* 263 Conn. at 451.

*4 Creed-Monarch's sole allegation in the counterclaim regarding the existence of an independent legal relationship between itself and Production is that "[a]t the time of the incident giving rise to the plaintiff's claim, there existed an independent legal relationship between the defendant and the intervening plaintiff, *by virtue of signed agreements* ... dated December 17, 1998 and December 18, 1998." (Emphasis added.) It is that alleged relationship that Creed-Monarch now argues gave Production a duty to provide all the necessary equipment for Gott's work on Creed-Monarch's premises. Creed-Monarch further argues that the duty to provide all necessary equipment created in turn an implied duty to indemnify Creed-Monarch in the event that Production failed to provide the proper equipment. Because Creed-Monarch relies solely on the December 17, 1998 and December 18, 1998 documents as the basis for the existence of an independent legal duty, Production may obtain summary judgment by demonstrating that there is no genuine issue regarding the fact that those documents did not create a duty to indemnify. Furthermore, because Creed-Monarch argues that the alleged implied duty to indemnify arises from a contractual duty to provide all necessary equipment, [FN5] Production is entitled to judgment on the counterclaim if it establishes that there is no issue as

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d
(Cite as: 2003 WL 22333005, *4 (Conn.Super.))

Page 4

to the fact that the alleged agreements between the parties did not require Production to provide all necessary equipment. "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Internal quotation marks omitted.) *Gould v. Mellick & Sexton, supra,* 263 Conn. at 153. Because the existence of a duty is a question of law, it is an appropriate matter for summary judgment. See *Mozeleski v. Thomas,* 76 Conn.App. 287, 290, 818 A.2d 893, cert. denied, 264 Conn. 904, 823 A.2d 1221 (2003).

> FN5. Although Creed-Monarch cites case law regarding a contractor's duty to perform work with due care, it does not argue that Production or Gott failed to perform the installation on its property with due care. Rather, Creed-Monarch argues that Production breached its contract by failing to supply all of the equipment necessary for the installation.

Production has submitted the affidavit of Rebecca S. Davis, its president. Davis states that Production "agreed to install certain equipment at Creed-Monarch pursuant to a proposal dated December 17, 1998 and a one page list of 'General Conditions' " and that Production "has not through [the December 17, 1998 proposal] or any other document agreed to indemnify Creed-Monarch for [Production's] action or for the actions of its employees." The documents consist of two letters from Production to Creed-Monarch, dated December 17, 1998 and December 18, 1998 respectively, quoting the cost of materials and labor for the installation of certain equipment. Each of the letters has an attachment labeled "General Conditions" signed by Roswell Davis on behalf of Production and not signed by Creed-Monarch. The court concludes that, even if those documents constitute an enforceable contract, they do not establish the existence of a duty to indemnify as Creed-Monarch argues.

*5 A review of the documents themselves reveals that they do not contain any express promise to indemnify. Furthermore, the documents do not expressly require Production to provide all of the equipment necessary to complete the job on Creed-Monarch's premises. Creed-Monarch argues that the phrase "all the above equipment" in each letter required Production to provide all equipment needed for completion of the installation project. The actual language of the letters, however, is that "[t]he Production Equipment Company will *install* the above equipment." [FN6] (Emphasis added.) Thus, the language cited by Creed-Monarch refers to the equipment to be installed on Creed-Monarch's premises, not the equipment, such as the ladder involved in this action, that was necessary to enable Production and its employees to perform the installation. There is no statement in the letters indicating whether Production or Creed-Monarch would provide the equipment necessary for the installation.

> FN6. It is not clear why Creed-Monarch quotes the letters as referring to "*all* the above equipment." (Emphasis added.)

Creed-Monarch also cites to the following language in the letters: "Clear access of work area will be required for field crew and equipment during installation. Limited access to work area, or unclear work area will incur a 15% increase to cost of installation." Creed-Monarch suggests that this language created a duty on the part of Production to provide all necessary equipment. Contrary to Creed-Monarch's assertion, the language appears simply to require Creed-Monarch to provide clear access to the working area so that Production could complete its work.

Nevertheless, Creed-Monarch has submitted the affidavit of Paul Stawarz, its production manager. Stawarz states that "[o]n or about December 17 and 18 of 1998, Creed-Monarch entered into a contract with Production ... for the extension of Creed-Monarch's crane runway system. As a condition of the contract, Production ... was to bring all the equipment necessary to complete the performance of the job, required to install the crane rail at Creed-Monarch." Stawarz' conclusory statement regarding the terms of the alleged contract does not raise a genuine issue of material fact. "Although ordinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact ... [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law." (Internal quotation marks omitted.) *Niehaus v. Cowles Business Media, Inc.,* 263 Conn. 178, 188, 819 A.2d 765. As stated, the documents that Creed-Monarch alleges comprise the contract do not contain any language indicating who was responsible

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



for providing the equipment needed to complete the installation.

The court finds that Production has met its burden of demonstrating that there is no genuine issue regarding the fact that the alleged written agreement between the parties did not require Production to provide the equipment necessary for the installation. This court has previously held that where a defendant bases a claim for indemnification from a plaintiff's employer on an implied duty to indemnify arising from an express contract, the employer is entitled to summary judgment upon demonstrating the absence of genuine issues of material fact regarding the nonexistence of the contract. See *Fialho v. Guglielmo,* Superior Court, judicial district of New Haven at Meriden, Docket No. CV 99 0268224 (November 25, 2002, Wiese, J.) (31 Conn. L. Rptr. 371). In the present case, Creed-Monarch's counterclaim relies solely on the alleged written agreements as the source of an independent legal relationship between the parties. In addition, Creed-Monarch, in its memoranda of law, relies solely on Production's alleged failure to provide the necessary equipment as the basis for establishing that Production breached an independent legal duty to Creed-Monarch. Accordingly, by showing the absence of a genuine issue regarding the fact that it was not required under the alleged agreements to provide all necessary equipment, Production has established the nonexistence of the very contract provision that Creed-Monarch argues created an implied duty to indemnify. Accordingly, Creed-Monarch's counterclaim seeking indemnification from Production is barred by the exclusive remedy provision of the Workers' Compensation Act and that Production's motion for summary judgment is granted on that basis.

*6 In addition, Production argues that it is entitled to summary judgment on Creed-Monarch's counterclaim because Production was not in exclusive control of the situation that allegedly injured the plaintiff. As stated previously, a claim of common-law indemnification requires proof that the indemnitor was in control of the situation giving rise to the injury to the exclusion of the indemnitee. Ordinarily, the question of exclusive control is a question of fact. *Skuzinski v. Bouchard Fuels, Inc.,* 240 Conn. 694, 704, 694 A.2d 788 (1997). "Nonetheless, special circumstances may give rise to the question of whether, in light of the facts ... any reasonable juror could find that the [indemnification] defendants had exclusive control of the situation. Under such circumstances, this issue becomes a question of law." *Id.,* at 705.

As stated, a claim for indemnification arises when a joint tortfeasor who is passively negligent seeks complete reimbursement from a joint tortfeasor who is primarily liable. *Crotta v. Home Depot, Inc., supra,* 249 Conn. at 641-42. Production therefore can be liable to Creed-Monarch for indemnification only if Creed-Monarch is found liable under Gott's complaint. Consequently, the court looks to Gott's complaint in order to determine the situation allegedly giving rise to Gott's injuries. As stated, Gott has alleged in his complaint that Creed-Monarch furnished him with a ladder that was in an unsafe condition. Gott specifically alleges that "[t]he ... ladder *at the time it was furnished to the plaintiff by the defendant, its agents, servants and employees* was in poor condition ..." (Emphasis added.) It is clear from that allegation that the situation giving rise to Gott's injuries was Creed-Monarch's alleged failure to ensure that the ladder it provided to Gott was in good condition.

In its answer to Production's intervening complaint, Creed-Monarch has admitted that on or about March 1, 1999, it provided Gott with the ladder, which it owned. "An admission in a defendant's answer to an allegation in a complaint is binding as a judicial admission. A judicial admission dispenses with the production of evidence by the opposing party as to the fact admitted, and is conclusive upon the party making it." (Citations omitted; internal quotation marks omitted.) *Isaac v. Truck Service, Inc.,* 52 Conn.App. 545, 550-51, 727 A.2d 755 (1999), aff'd., 253 Conn. 416, 752 A.2d 509 (2000). Because Creed-Monarch's judicial admission has conclusively established that Creed-Monarch provided Gott with the ladder, there is no genuine issue as to that fact. That fact makes it clear that Production was not in exclusive control of the situation giving rise to Gott's claim. Therefore, Production's motion for summary judgment should be granted on that additional basis.

*CONCLUSION*
The intervening plaintiff, Production Equipment Company, has met its burden of demonstrating that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law on the

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.



Not Reported in A.2d
**(Cite as: 2003 WL 22333005, \*6 (Conn.Super.))**

Page 6

counterclaim of the defendant Creed-Monarch, Inc. Accordingly, Production's motion for summary judgment on the counterclaim is granted.

\*7 So ordered.

2003 WL 22333005 (Conn.Super.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

Westlaw.