# EXHIBIT 6

Not Reported in A.2d
**(Cite as: 2000 WL 775506 (Conn.Super.))**

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

SHELBY INSURANCE COMPANY,
v.
Henry J. CASTELLON et al.

No. CV 980416779S.

May 26, 2000.

MEMORANDUM OF DECISION RE: APPORTIONMENT DEFENDANT/THIRD PARTY DEFENDANT, PETER BUONOME'S MOTION FOR SUMMARY JUDGMENT (# 118)

DEVLIN.

**\*1** The plaintiff, Shelby Insurance Company, brings this lawsuit against defendants Henry J. Castellon, Ann Castellon, Phillip Castellon and Christie Castellon (hereinafter the "Castellons") for money damages arising out of Shelby's payment of an insurance claim to its insureds, Alphonse & Dolores Vacco d/b/a Hair on Main. The insurance claim arose out of a January 28, 1998 fire that broke out at the Castellons' bakery located at 980 Main Street, Branford, Connecticut. The fire caused damage to the Vaccos' business, Hair on Main, located at 970 Main Street, Branford. Shelby brings the suit as subrogee of the rights of its insured.

In its complaint, Shelby asserts that the fire was caused by the negligence of the Castellons in that they failed to properly repair, replace or maintain the furnace at the bakery. By pleading dated June 23, 1999, the Castellons obtained permission to cite in Peter Buonome, Fire Marshal of Branford, Connecticut (hereinafter the "Fire Marshal") as an apportionment/third party defendant. Thereafter, the Castellons served a two count complaint on the Fire Marshal. The first count seeks apportionment of liability between the Castellons and the Fire Marshal. The second count seeks common law indemnification from the Fire Marshal for any judgment that may be entered against the Castellons.

The Fire Marshal has moved for summary judgment. As to the apportionment count, the Fire Marshal asserts that the claim is barred by Public Act 99-69. The Fire Marshal further claims that the indemnification count is not valid because the doctrine of active/passive negligence does not provide for a cause of action against him. For the reasons set forth below, the motion for summary judgment is granted.

DISCUSSION

Pursuant to the Practice Book, summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Practice Book § 17-49.

Summary judgment is appropriate only if a fair and reasonable person could conclude only one way. Miller v. United Technologies Corp., 233 Conn. 732, 751 (1995). A summary disposition should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party. Id.

In determining whether there exists a genuine issue of material fact, the trial court must view the evidence in the light most favorable to the nonmoving party. Hertz Corp. v. Federal Ins. Co., 245 Conn. 374, 381 (1998). "A genuine issue has been variously described as a triable, substantial or real issue ... and had been defined as one which can be maintained by substantial evidence." United Oil Co. v. Urban Development Commission, 158 Conn. 364, 378 (1969).

A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case. United Oil v. Urban Development Commission, supra, 158 Conn. 379.

**\*2** The movant has the burden of demonstrating the absence of any genuine issue of material fact. Hertz v. Federal Ins. Co., supra, 245 Conn. 381. The party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. Id.

"Although the party seeking summary judgment has the burden of showing the nonexistence of

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work



Not Reported in A.2d
(Cite as: 2000 WL 775506, *2 (Conn.Super.))

materials fact ... a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. It is not enough however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertion of fact ... are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court." Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 554-55 (1998).

## APPORTIONMENT COUNT

The Fire Marshal correctly states that Connecticut law does not permit apportionment of liability with a party liable on a non-negligence basis. See P.A. 99-69. Since the Fire Marshal is alleged to have acted recklessly, apportionment is not available.

The Castellons concede that P.A. 99-69 does not authorize apportionment on the facts alleged. Accordingly, summary judgment must enter in favor of the Fire Marshal on the apportionment count.

## INDEMNITY COUNT

The Fire Marshal asserts three grounds in support of its claim for summary judgment on the common law indemnity count. First, that indemnity based on an active/passive tort theory is limited to negligence actions and is not available for recklessness or actions based on intentional torts. Second, that, as a matter of law, the Fire Marshal lacked the exclusive control of the situation required to establish indemnity liability. Third, that on the present record no trier of fact could find that the Fire Marshal acted recklessly.

### 1. Indemnification

The Fire Marshal asserts that indemnification is limited to negligence actions. It is true that the principal modern cases in Connecticut that have considered indemnification have done so in the active / passive negligence context. See Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405 (1965) (negligence); Burkert v. Petrol Plus of Naugatuck, Inc., 216 Conn. 65, 74 (1990) (negligence and product liability). Those cases do not, however, explicitly limit common law indemnification to negligence actions only. More importantly, the Restatement (Second) Torts does not contain this limitation. See Restatement (Second) Torts § 886B. Indeed, comment k of § 886B recognizes that cases have permitted indemnity in situations where the parties are guilty of different types of tortious conduct, including those in which a negligent party seeks indemnification from the party who acted recklessly. Given this state of the law, summary judgment is not appropriate on this ground.

### 2. Exclusive Control

*3 Where a claim for indemnification is grounded in tort, reimbursement is warranted only upon proof of the active or primary negligence of the party against whom reimbursement is sought. Kaplan v. Merberg Wrecking Corporation, supra, 152 Conn. 415. [FN1] Such proof requires a plaintiff to establish four elements: (1) that the other tortfeasor was negligent; (2) that his negligence, rather than the plaintiff's, was the direct immediate cause of the accident and injuries; (3) that he was in control of the situation to the exclusion of the plaintiff; and (4) that the plaintiff did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent. Id., 416.

> FN1. The term "negligence" is used to comport with the language in the cases. The Castellons seek indemnification based on the active or primary recklessness of the Fire Marshal.

The Fire Marshal claims that no reasonable jury could find that he was in exclusive control of the situation and therefore summary judgment is required. Resolution of this issue requires discussion of the underlying facts of the lawsuit.

The Castellons' claim against the Fire Marshal stems from the undisputed fact that the Fire Marshal did not conduct annual inspections of the bakery as required by General Statues § 29-305. According to the affidavit filed by Henry Castellon, had the Fire Marshal's office cited the bakery for fire code violations concerning the basement furnace, prompt action would have been taken to correct the violations.

After the fire, investigators concluded that a defective gas furnace in the basement of the bakery

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work



Not Reported in A.2d
**(Cite as: 2000 WL 775506, *3 (Conn.Super.))**

was the cause and origin of the fire. For purposes of this motion, neither party has contested this conclusion.

The Castellons assert that since the Fire Marshal had exclusive control of the inspection of buildings in Branford for fire code compliance and in particular inspection of the bakery's furnace, he had control of "the situation" for purposes of indemnity liability.

The Fire Marshal claims that, as owners of the premises and operators of the bakery, the Castellons had control of the situation. The Fire Marshal further argues that "the situation" is the operation of the defective furnace. In this regard, the Fire Marshal points to evidence in the record that: 1) in November 1997 the Castellons called the Southern Connecticut Gas Company to repair the furnace and upon inspection, the gas company technician shut the furnace down; and 2) after the shut down, the Castellons had a friend, Sal Ruotolo, Jr., get the furnace running using a temporary thermostat.

Our Supreme Court has stated that, "it is plausible to define exclusive control over 'the situation' as exclusive control over the dangerous condition that gives rise to the accident." Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 706 (1997). In the present case, the dangerous condition that gave rise to the accident was the defective furnace. The parties advance competing positions regarding the issue of control of the furnace. If the standard were merely control, summary judgment should be denied. The Castellons, however, must prove more than some measure of control, they must prove that the Fire Marshal was in exclusive control of the situation. Even construed in the light most favorable to the Castellons, the facts fail to establish that degree of control. The court is mindful that the question of exclusive control is ordinarily one of fact for the trier. Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573 (1982). On the present record, however, no reasonable jury could find that the Fire Marshal had control of the defective furnace to the exclusion of the Castellons. Under these circumstances, the issue becomes one of law for the court. Skuzinski v. Bouchard Fuels, Inc., supra 240 Conn. 705. Accordingly, summary judgment on this count should enter in favor of the Fire Marshal.

3. Recklessness

*4 The court's resolution of the exclusive control issue discussed above makes it unnecessary to decide the question of whether a genuine issue of fact exists regarding the alleged recklessness of the Fire Marshal. It is noted, however, that the present record does raise such an issue of fact and summary judgment is not appropriate on this ground. See Suarez v. Dickmont Plastics Corp., 229 Conn. 99, 111 (1994) (summary judgment inappropriate to resolve questions of intent).

Conclusion

For the reasons set forth above the motion for summary judgment is granted as to both the apportionment and indemnity counts.

So Ordered at New Haven, Connecticut this 26th day of May, 2000.

2000 WL 775506 (Conn.Super.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work

