# EXHIBIT 10

Not Reported in A.2d  
33 Conn. L. Rptr. 622  
(Cite as: 2003 WL 178774 (Conn.Super.))  
<KeyCite Citations>

Page 106

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

Christopher J. McAULEY,  
v.  
Richard T. FREDERICK et al.

No. CV000338203S.

Jan. 7, 2003.

Pinney Payne Vanlenten Burrell Wolf, Danbury, for Christopher J. Mcauley.

Montstream & May LLP, Glastonbury, and Cohen & Wolf PC, Danbury, for Town of Ridgefield.

D'Attelo & Shields, Rocky Hill, for Richard T. Frederick and Copps Hill Auto Parts Inc.

Garraty Cynthia M & Associates, North Haven, for Apport Def/Jose Borges and Apport Def/ Norwalk Vault Co. of Bridgep.

WHITE, J.

## FACTS

*1 In the underlying action, the plaintiff, Christopher J. McAuley, alleges, inter alia, that the defendants, Richard T. Frederick and his employer, Copps Hill Auto Parts, Inc., were negligent in causing their vehicle to collide with the plaintiff while he was directing road traffic within the scope of his duties as a flagman for his employer, the town of Ridgefield. On February 7, 2000, the court, Radcliffe J., granted the town's motion to file an intervening complaint. In the intervening complaint, the town, as the intervening plaintiff, seeks to recover from the defendants the amount that it has paid or may become obligated to pay the plaintiff under the Connecticut Workers' Compensation Act. [FN1] The defendants then filed a counterclaim against the intervening plaintiff on March 15, 2000 seeking indemnification. In the counterclaim, the defendants allege that they are entitled to indemnification because the intervening plaintiff's active/primary negligence in training, monitoring and equipping caused the plaintiff's injury.

FN1. Section 31-293(a) of the Connecticut General Statutes states that "any employer ... having paid, or having become obligated to pay, compensation under the provisions of this chapter may bring an action against such person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee."

On April 4, 2000, the intervening plaintiff filed a motion to strike the defendants' counterclaim, accompanied by a memorandum in support. On April 19, 2000, the defendants filed an objection and a memorandum in opposition to the motion to strike.

## DISCUSSION

"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service, 4 Conn.App. 495, 496, 495 A.2d 286 (1985). "It is fundamental that in determining the sufficiency of a [pleading] challenged by a ... motion to strike, all well-pleaded facts and those facts necessarily implied from the allegations are taken as admitted." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 260, 765 A.2d 505 (2001). The court "must construe the facts alleged in the counterclaim in a light most favorable to the pleader ... This includes the facts necessarily implied and fairly provable under the allegations ... It does not include, however, the legal conclusions or opinions stated in the [counterclaim]." (Internal quotation marks omitted.) Noble v. Marshall, 23 Conn.App. 227, 229, 579 A.2d 594 (1990).

The intervening plaintiff moves to strike the defendants' counterclaim on the grounds that they may not use the negligence of an employer as a basis for indemnification in a case in which an employer has intervened as a party plaintiff pursuant to § 31-293. They further argue that the defendants' counterclaim does not allege that any type of independent legal relationship existed between the parties.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work



In opposition, the defendants argue that the Workers' Compensation Act does not bar an indemnification action that is predicated upon an independent legal relationship between a third party and an employer. The defendants contend that they have alleged sufficient facts to establish the existence of an independent legal duty between themselves and the intervening plaintiff. They argue that this duty is premised upon the intervening plaintiff's duty as a town to maintain, control and monitor the public highway on which the plaintiff was injured. Therefore, the defendants conclude that they are permitted to pursue a claim for indemnity.

*2 "In an action for indemnity ... one tortfeasor seeks to impose total liability upon another ... [I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest ..." (Internal quotation marks omitted.) Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 697-98 n. 3, 694 A.2d 788 (1997). Thus, in order to maintain a common law action for indemnity in the context of a tort action, the defendants must allege "(1) that the [intervening plaintiff] was negligent; (2) that [the intervening plaintiff's negligence] rather than [the defendants'], was the direct, immediate cause of the accident and injuries; (3) that [the intervening plaintiff] was in control of the situation to the exclusion of [the defendants]; and (4) that [the defendants] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the [intervening plaintiff] not to be negligent." (Internal quotation marks omitted .) Id., at 698.

When, as in the present case, "the third party, in a suit by the employee, seeks recovery over against a contributorily negligent employer ... [or indemnification] is ordinarily denied on the ground that the employer cannot be said to be jointly liable in tort to the employee because of the operation of the exclusive-remedy clause [of the Workers' Compensation Act, General Statutes 31-284 [FN2]]. But if the employer can be said to have breached an independent duty toward the third party, or if there is a basis for finding an implied promise of indemnity, recovery in the form of indemnity may be allowed. The right to indemnity is clear when the obligation springs from a separate contractual relation, such as an employer-tenant's express agreement to hold the third-party landlord harmless, or a bailee's obligation to indemnify a bailor, or a contractor's obligation to perform his work with due care; but when the indemnity claim rests upon the theory that a 'primary' wrongdoer impliedly promises to indemnify a 'secondary' wrongdoer, the great majority of jurisdictions disallow this claim." (Internal quotation marks omitted.) Ferryman v. Groton, 212 Conn. 138, 144-45, 561 A.2d 432 (1989). Accordingly, "indemnity claims against employers as joint tortfeasors warrant the special additional limitation of an independent legal relationship." Skuzinski v. Bouchard Fuels, Inc., supra, 240 Conn. at 699; see also Donar v. King Associates, Inc., 67 Conn.App. 346, 350, 786 A.2d 1256 (2001). The duty must be an independent one, "not simply an active/passive negligence relationship," which is inadequate to support indemnification. Ferryman v. Groton, supra, 144.

> FN2. General Statutes § 31-284(a) provides in pertinent part: "An employer who complies with the requirements of subsection (b) of this section shall not be liable for any action for damages on account of personal injury sustained by an employee arising out of and in the course of his employment ... but an employer shall secure compensation for his employees as provided under this chapter ... All rights and claims between an employer who complies with the requirements of subsection (b) of this section and employees ... arising out of personal injury or death sustained in the course of employment are abolished other than rights and claims given by this chapter ..."

"Thus, in order to plead outside the exclusivity of workers' compensation, it is essential that the third party properly alleges the required elements of indemnification as well as the existence of an independent duty between the parties ... Although establishing an implied promise to indemnify or an independent duty ... may overcome the workers' compensation exclusivity bar, courts have construed this exception very narrowly." (Internal quotation marks omitted.) Daniels v. Felner Corp, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 378370 (May 13, 2002, Sheedy, J.). A review of Connecticut case law demonstrates that independent legal relationships that are adequate to support an indemnification claim in this context are generally based on express or implied contractual relationships between the employer and the third party. [FN3] In this case, the defendants allege in

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work



Not Reported in A.2d  
(Cite as: 2003 WL 178774, *2 (Conn.Super.))

Page 108

the counterclaim that the "[intervening plaintiff] owed an independent legal duty to the defendants ... who were making use of a public highway within the Town of Ridgefield ..." (Counterclaim, ¶ 5(2).) These allegations are conclusory and are founded solely on the intervening plaintiff's passive conduct and are not based on an express or implied contractual duty. Thus they are insufficient to overcome the exclusivity provision of the Workers' Compensation Act. Therefore, the court grants the intervening plaintiff's motion to strike the defendants' counterclaim.

> FN3. See, e.g., Ferryman v. Groton, 212 Conn. 138, 561 A.2d 432 (1989) (joint ownership of property); Maccarone v. Hawley, 7 Conn.App. 19, 507 A.2d 506 (1986) (express contract); Lombardo v. Timex Corp., Superior Court, judicial district of Litchfield, Docket No. 080002 (May 14, 2002, DiPentima, J.) (express indemnification provision); Beecher v. Shelton, Superior Court, judicial district of New Haven, Docket No. 417052 (November 30, 2001, Zoarski, J.) (express indemnification provision).

2003 WL 178774 (Conn.Super.), 33 Conn. L. Rptr. 622

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work

