# EXHIBIT 14

Not Reported in A.2d                                                                                                                Page 123
(Cite as: 2002 WL 31955041 (Conn.Super.))

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.

UNITED RENTALS,
v.
BELL HAVEN CLUB.

No. CV010186372S.

Dec. 27, 2002.

Montstream & May, LLP, Glastonbury, for United Rentals Inc.

Bentley, Mosher, Babson & Lambert, PC, Greenwich, for Bell Haven Club.

Esty & Buckmir, LLC, New Haven, for Bill's Service of Stamford.

D'ANDREA, J.T.R.

*1 This case arises out of a situation in which a forklift, owned by the plaintiff and used by the co-defendant Belle Haven Club (BHC), [FN1] tipped over on a beach where, before it was righted, it became submerged in the water at high tide. As admitted by each party, respectively, the plaintiff, United Rentals, Inc. (United Rentals), is in the business of leasing equipment, and the defendant, Belle Haven Club (BHC), is a private yacht club in Greenwich, Connecticut. In its complaint, United Rentals alleges that while one of BHC's employees was operating the forklift on a tidal beach, the forklift toppled over. Before it could be righted, the tide came in and completely covered the forklift, allegedly causing it much damage by both the sea and its fall in the sand.

> FN1. Although the summons names the defendant as "Bell Haven Club," the defendant has indicated that its correct name is "The Belle Haven Club, Inc." (BHC's Answer, count one, ¶ 2.)

On March 20, 2002, BHC filed an apportionment complaint naming Bill's Service of Stamford (Bill's Service) and Marino Crane Service (Marino) as defendants. In its apportionment complaint, BHC alleges that the plaintiff hired Bill's Service and Marino to raise the forklift, but because of the negligence of these parties, the forklift was not uprighted before the tide came in. Bill's Service has admitted that it was hired by the plaintiff to upright the forklift.

The plaintiff filed a second amended complaint on May 2, 2002, naming Bill's Service and Marino as defendants. After the plaintiff and the defendant withdrew their claims against Marino, the plaintiff again revised its complaint on June 19, 2002, in which it continues to seek damages from BHC and Bill's Service. In its latest revised complaint, the plaintiff alleges that it hired Bill's Service to upright the forklift, but Bill's Service failed to do so before the forklift became submerged. On June 26, 2002, Bill's Service filed a cross claim against co-defendant BHC, seeking indemnification.

Pursuant to Practice Book § 10-39, on July 18, 2002, BHC filed a motion to strike this cross claim. BHC contends that the cross claim is legally insufficient to state a claim for indemnification because it does not allege facts that BHC was in control of the circumstances to the exclusion of Bill's Service. BHC filed a memorandum in support of its motion to strike; Bill's Service filed a memorandum in opposition.

"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted ... that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court ... [The trial court must] construe the [cross claim] in the manner most favorable to sustaining its legal sufficiency ... Thus, [i]f facts provable in the [cross claim] would support a cause of action, the motion to strike must be denied ... Thus, we assume the truth of both the specific factual allegations and any facts fairly provable thereunder. In doing so, moreover, we read the allegations broadly, rather than narrowly." (Citation omitted; internal quotation marks omitted.) Macomber v. Travelers Property & Casualty Corp., 261 Conn. 620, 629, 804 A.2d 180 (2002). While "[a] motion to strike admits all facts well pleaded; it

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work



Not Reported in A.2d
(Cite as: 2002 WL 31955041, *1 (Conn.Super.))

Page 124

does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. United Technologies Corp., 240 Conn. 576, 588, 693 A.2d 293 (1997).

*2 "[I]ndemnity involves a claim for reimbursement in full from one on whom a primary liability is claimed to rest ... Ordinarily there is no right of indemnity or contribution between joint tortfeasors ... Where, however, one of the defendants is in control of the situation and his negligence alone is the direct immediate cause of the injury and the other defendant does not know of the fault, has no reason to anticipate it and may reasonably rely upon the former not to commit a wrong, it is only justice that the former should bear the burden of damages due to the injury ... Under the circumstances described, we have distinguished between active or primary negligence, and passive or secondary negligence ... Indemnity shifts the impact of liability from passive joint tortfeasors to active ones." (Citations omitted; emphasis in original; internal quotation marks omitted.) Crotta v. Home Depot, Inc., 249 Conn. 634, 641-42, 732 A.2d 767 (1999).

The issue before this court is whether in its cross claim, Bill's Service has alleged facts sufficient to establish that BHC was in exclusive control of the situation that gives rise to United Rentals' action. Bill's Service "must allege facts sufficient to establish at least four separate elements in order to maintain a common law action for indemnity. These elements are: (1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [Bill's Service's], was the direct, immediate cause of the ... injuries; (3) that [the other tortfeasor, here, BHC,] was in control of the situation to the exclusion of [Bill's Service]; and (4) [that Bill's Service] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." (Internal quotation marks omitted .) Skuzinski v. Bouchard Fuels, Inc., 240 Conn. 694, 698, 694 A.2d 788 (1997). BHC focuses on the third element and argues that Bill's Service has not alleged facts sufficient to establish that BHC was in control of the situation giving rise to this action to the exclusion of Bill's Service.

As to this element, "[t]here is no dispute that, to maintain a common law action for indemnity, not based on statute or express contract, the facts alleged in [the cross claim of Bill's Service] must establish that [BHC was] in control of the situation to the exclusion of [Bill's Service]." (Internal quotation marks omitted.) Id., at 703. The rule, subject to exception, is that "the question of exclusive control should not be resolved on a motion to strike because the absence or presence of exclusive control is a question of fact." Id., at 704. This issue becomes a question of law, however, where "special circumstances ... give rise to the question of whether, in light of the facts alleged in the [cross claim], any reasonable juror could find that [BHC] had exclusive control of the situation." Id., at 705. For example, if the facts, as alleged, are not meaningfully disputed, who had control over the situation becomes a question of law for the trial court. Thus, the real question here is whether, if the facts as alleged in the cross claim were proven, "any reasonable juror could find that [Bill's Service] had met its burden of establishing that [BHC was] in exclusive control of 'the situation.' " Id., at 705.

*3 Here, Bill's Service does not incorporate any of the factual allegations contained in the plaintiff's complaint or in BHC's apportionment complaint into its cross claim. Through admissions by the plaintiff and the defendants, it is undisputed that the forklift toppled over while BHC's employee was using it on a tidal beach on BHC's property, and the plaintiff hired Bill's Service to right the forklift. BHC has also admitted that it is a private yacht club. Bill's Service does assert that, at all relevant times, BHC "exercised exclusive possession of the said forklift and exclusive control over the manner, means and frequency to which they operated the said forklift." (Bill's Service's Cross Claim, ¶ 5.) Bill's Service also alleges that BHC operated the forklift improperly, causing it to fall over, and that BHC failed to timely contact and retain a proper righting service. Legal conclusions and opinions such as these, however, will not be considered by the court.

Even read in the light most favorable to the pleader, the minimal facts Bill's Service alleges in the cross claim do not establish, and no reasonable juror could conclude, that BHC was in total control of the situation to the exclusion of Bill's Service.

For the foregoing reasons, BHC's motion to strike the cross claim of Bill's Service is granted.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work



Not Reported in A.2d  
(Cite as: 2002 WL 31955041, *3 (Conn.Super.))

Page 125

2002 WL 31955041 (Conn.Super.)

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work

