# EXHIBIT 15

Not Reported in A.2d  
6 Conn. L. Rptr. 405  
(Cite as: 1992 WL 108018 (Conn.Super.))  
<KeyCite Yellow Flag>

Page 127

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut, Judicial District of Hartford-New Britain, at Hartford.

Alexis SANCLEMENTE  
v.  
Andrzej WLAZ, Daniel Wish and Auto Rental Corp.

No. CV91-0394430.

May 7, 1992.

MEMORANDUM OF DECISION ON MOTION TO STRIKE CROSS-CLAIM

AURIGEMMA, Judge.

*1 The complaint alleges that the plaintiff was a passenger in an automobile operated by defendant Wlaz and owned by defendant Auto Rental Corporation which collided with a vehicle operated by defendant Wish. It also alleges that the collision occurred after the Wish vehicle changed lanes and moved into the lane of the Wlaz vehicle. The complaint further alleges that the collision was caused by the negligence of Wlaz and Wish.

The defendants Wlaz and Auto Rental Corporation filed a cross-claim against the defendant Wish in which they seek indemnification for any judgment rendered in favor of the plaintiff. The cross-claim alleges, inter alia, that any injuries suffered by the plaintiff were solely caused by the negligence and carelessness of defendant Wish, that Wlaz and Auto Rental Corporation were not aware of the dangerous and defective conditions created by the negligence of Wish and did not have a reasonable opportunity to correct them, that they had no reason to anticipate the negligence of Wish and that any negligence chargeable to them is passive in nature.

The defendant Wish has moved to strike the cross-claim on the grounds that it fails to state a valid claim for common law indemnification as set forth in Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 207 A.2d 732 (1965).

Kaplan established that the following elements are required in order to prove a right to common law indemnification:

1) the indemnitor was negligent;

2) the indemnitor's negligence, rather than the indemnitee's negligence, was the direct, immediate cause of the injuries;

3) the indemnitor was in control of the situation to the exclusion of the indemnitee;

4) the indemnitee did not know of the indemnitor's negligence, had no reason to anticipate it and could reasonably rely on the indemnitor not to be negligent.

In ruling on a motion to strike the court must construe the challenged pleadings in a manner most favorable to the pleader, Amodio v. Cunningham, 182 Conn. 80, 82, 438 A.2d 6 (1980), and take as admitted all well pleaded allegations. Verdon v. Transamerica Insurance Co., 187 Conn. 363, 365, 446 A.2d 3 (1982). However, allegations which state conclusions of law are not entitled to the same favorable consideration in a motion to strike as are facts well pleaded. McAdam v. Sheldon, 153 Conn. 278, 282, 216 A.2d 193 (1965).

Therefore, for the purpose of a motion to strike, the allegation in the cross-claim of active and passive negligence may be disregarded as it is conclusory. 1 Stevenson, Connecticut Civil Procedure (2d Ed.) § 116 pp. 472-3.

Mahoney v. Gibson, 10 C.L.T. 47 p. 13 (Super.Ct. June 26, 1984, Lewis, J.) involved factual and procedural issues virtually identical to those in this case. The plaintiff was a passenger in an automobile driven by the first defendant. That automobile collided with an automobile driven by the second defendant and owned by the third defendant. The plaintiff brought suit alleging the negligence of both drivers. The first defendant filed a cross-claim against the second and third defendants seeking indemnification for all amounts for which he became liable to the plaintiff. In a well reasoned opinion, the court granted a motion to strike the cross-claim.

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work



Not Reported in A.2d
(Cite as: 1992 WL 108018, *2 (Conn.Super.))

Page 128

*2 In Mahoney the court reviewed the following for cases which involved claims of common law indemnification. Preferred Accident Insurance Co. v. Musante, Berman & Steinberg Co., 133 Conn. 536, 542, 52 A.2d 682 (1947) (delivery man who left trap door open versus restaurant adjacent to trap door); Kaplan v. Merberg Wrecking Corporation, 152 Conn. 405, 416, 207 A.2d 732 (1965) (owner versus contractor who was constructing wall which collapsed); Weintraub v. Richard Dahn, Inc., 188 Conn. 570, 573, 452 A.2d 117 (1982) (subcontractor versus contractor); and Therrien v. Safeguard Mfg. Co., 180 Conn. 91, 95, 429 A.2d 809 (1980) (employer versus manufacturer of offending product).

The court concluded that the foregoing cases all involved issues which presented a genuine question of exclusive control, unlike the issues in the present case. It held that in a case such as this where the accident occurs on a public highway and both drivers are charged with active negligence, it is not possible for anyone to have had exclusive control over the accident site. Furthermore, the court opined that it was difficult to envision how one driver would have no reason to anticipate that another driver would be negligent.

The court agrees with the holding and reasoning of the court in Mahoney. Therefore, the court grants the motion to strike the cross-claim.

1992 WL 108018 (Conn.Super.), 6 Conn. L. Rptr. 405

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Work

