UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02 CV 1302 (DJS) |
| | : | |
| PAUL ARPIN VAN LINES, INC.; | : | |
| ARPIN LOGISTICS, INC.; THE  FESTO | : | |
| CORPORATION; MICHAEL D. KOVAC | : | |
| d/b/a TRANS-EXPO INTERNATIONAL, | : | |
| ERICA RAMIREZ, IN HER CAPACITY AS | : | |
| EMPLOYEE OF TRANS-EXPO | : | |
| INTERNATIONAL | : | January 5, 2004 |
| | : | |
| Defendants | : | |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT/THIRD-PARTY DEFENDANT THE FESTO CORPORATION'S MOTION FOR SUMMARY JUDGMENT AS TO THE COMMON LAW INDEMNITY COUNTS ALLEGED BY PAUL ARPIN VAN LINES, INC. AND ARPIN  LOGISTICS, INC.

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7(a), Defendants

Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin" or

"Arpin Defendants") submit this Memorandum of Law in opposition to the Motion for

Partial Summary Judgment of the Festo Corporation (hereinafter "Festo").[1]

I.    FACTS

On Saturday, October 20, 2001, Plaintiff was dispatched from Arpin's

headquarters in Rhode Island with directions to pick up a shipment at Festo Corporation

in Hauppauge, New York and deliver it to Naugatuck Valley Community College in

---

[1] Although not styled as such, Festo's Motion for Summary Judgment seeks only partial summary judgment.  Festo does not seek summary judgment on Arpin's contribution claims and, in fact, concedes that those counts remain viable.  Festo seeks judgment on a number of counts in both the Third-Party Complaint and the Cross-Claims of Arpin.  Each of those counts, however, arises out of Festo's common law duty to indemnify Arpin.

**ORAL ARGUMENT REQUESTED**

Waterbury, Connecticut.  Local Rule 56(a)(2) Statement, at ¶¶ 19, 53.  The shipment consisted of two pieces.  One of the items was a Festo Learnline 2000 unit used for teaching engineering students.  During the process of unloading the Learnline 2000 unit, the unit fell on top of the Plaintiff, injuring the Plaintiff.  Local Rule 56(a)(2) Statement, at ¶ 155.

At the time Arpin dispatched the Plaintiff to pick-up and deliver the shipment, Arpin believed that the delivery consisted of two items, together totaling 400 pounds.  Local Rule 56(a)(2) Statement, at ¶¶ 157, 158.    Arpin did not know that one of the items, the Festo Learnline 2000 unit, actually weighed 812 pounds.  Local Rule 56(a)(2) Statement, at ¶¶ 157, 158.

Based upon the information provided to Arpin, it assigned one driver, the Plaintiff, for this pick-up and delivery.  Local Rule 56(a)(2) Statement, at ¶ 160.  Had Arpin been aware that the Learnline 2000 unit alone weight in excess of 800 pounds, it would have required a second person to accompany the Plaintiff for the pick-up and delivery.  Local Rule 56(a)(2) Statement, at ¶ 160.  With a second person present, the Plaintiff's accident is not likely to have occurred, even if the same vehicle had been used.  Local Rule 56(a)(2) Statement, at ¶ 161.

The information indicating that both parcels together weighed 400 pounds was transmitted to Arpin by Trans-Expo.  Local Rule 56(a)(2) Statement, at ¶ 158.  Festo was, however, obligated to inform Trans-Expo of the correct weight of the shipment.  Local Rule 56(a)(2) Statement, at ¶ 166.  Trans-Expo, in turn, was obligated to provide Arpin with the accurate weight of the two parcels.  Local Rule 56(a)(2) Statement, at ¶ 167.  It is disputed whether Trans-Expo received correct information regarding the shipments

weight from Festo Corporation or whether Festo provided incorrect information to Trans-Expo. Local Rule 56(a)(2) Statement, at ¶ 157. It is incontrovertible that Arpin was provided inaccurate information and that accurate information is imperative to the safe pick-up and delivery of shipments by a carrier such as Arpin. Local Rule 56(a)(2) Statement, at ¶¶ 158, 162, 163.

It is also undisputed that Festo was the seller of the Learnline Mobile Workstation. Local Rule 56(a)(2) Statement, at ¶¶ 12, 13. Moreover, the Learnline unit was on moving wheels. Local Rule 56(a)(2) Statement, at ¶ 179. Two of the wheels had locks. The fact that the wheels had locks was not disclosed to the driver or to Arpin, even though Festo employees helped the Plaintiff roll the unit to his truck. Local Rule 56(a)(2) Statement, at ¶ 179. The wheels and wheel brakes that Festo installed on the Learnline 2000 contained a defect in that one did not lock properly in an event Local Rule 56(a)(2) Statement, at ¶ 159. Regardless of defect, however, neither Festo nor Trans-Expo provided any information regarding the wheels or wheel brakes to Arpin other than "protect wheels."

Defendants Trans-Expo and Festo have both moved for Summary Judgment against Arpin on the issue of whether either must indemnify Arpin. As is discussed in the respective Oppositions to those Motions, there exist multiple genuine issues of material fact that preclude the entry of summary judgment.

## II.     SUMMARY JUDGMENT STANDARD

A court may grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a

judgment as a matter of law." *Sec. Ins. Co. v. Old Dominion Freight Line, Inc.*, 391 F.3d 77, __ (2d Cir. 2004), *citing* Fed. R. Civ. P. 56(c); *St. Pierre v. Dyer*, 208 F.3d 394, 404 (2d Cir. 2000). Summary judgment must be denied for any issue where "there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party." *Old Dominion Freight Line, Inc.*, 391 F.3d at __, *quoting Gummo v. Village of Depew*, 75 F.3d 98, 107 (2d Cir. 1996), *cert. denied*, 517 U.S. 1190, 134 L. Ed. 2d 780 (1996); *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986) (Summary judgment is proper only when "there can be but one reasonable conclusion as to the verdict.").

As the party seeking summary judgment, Festo has "the burden of showing that no genuine factual dispute exists." *Old Dominion Freight Line, Inc.*, 391 F.3d at __; *see also Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986)(To succeed on a motion for summary judgment, the moving party must demonstrate an absence of evidence to support the nonmoving party's case). "In assessing the record to determine whether there is a genuine issue as to a material fact, the court is required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Old Dominion Freight Line, Inc.*, 391 F.3d at __, *citing Liberty Lobby, Inc.*, 477 U.S. at 255; *Stern v. Trustees of Columbia University*, 131 F.3d 305, 312 (2d Cir. 1997); *see also Golden Pacific Bancorp v. FDIC*, 375 F.3d 196, 201 (2d Cir. 2004).

When all ambiguities and permissible inferences are drawn in favor of Arpin, it

becomes evident that the accident was caused by Festo's substantial misrepresentation as to the weight of the shipment and its placing a defective product in the stream of commerce. As a result, summary judgment must be denied .

III.    ARGUMENT

**A.    Festo's Motion for Summary Judgment must be denied because there are genuine issues of material fact arising out of its common law duty to indemnify Arpin.**

Festo seeks summary judgment on the limited issue of whether it has any common law obligation to indemnify Arpin. Festo's Motion fails as to both the law and facts and must, therefore, be denied.

Under Connecticut law, a third-party plaintiff may be indemnified by a third-party defendant where the third-party plaintiff is found to be secondarily liable to the underlying plaintiff. *See Weintraub v. Dahn*, 188 Conn. 570, 573, 452 A.2d 117, 119 (1982). It is important to note that "[t]he question of whether a party is primarily negligent and thus liable to indemnify another tortfeasor is a question of fact." *Williams v. Hoffman/New Yorker, Inc.*, 923 F. Supp. 350, 355 (D. Conn. 1996), *citing Weintraub*, 188 Conn. at 573-574, 452 A.2d at 120.

Festo is primarily liable and, therefore, has a common law duty to indemnify Arpin if Arpin establishes that:

(1)    [Festo] was negligent;

(2)    [Festo's] negligence, rather than [Arpin's] negligence, was the direct, immediate cause of the accident and injuries;

(3)    [Festo] was in control of the situation to the exclusion of [Arpin]; and

(4)    [Arpin] did not know of [Festo's] negligence, had no reason to anticipate it, and could reasonably rely on [Festo] not to

be negligent.

*Fifield v. South Hill Limited Partnership,* 20 F. Supp. 2d 366, 368 (D. Conn. 1998), *citing*

*Kaplan v. Merberg Wrecking Corp.*, 152 Conn. 405, 412, 207 A.2d 732, 736 (1965).

This Court previously denied Festo's Motion to Dismiss the indemnity counts of

Arpin's Third-Party Complaint and Cross-Claims against Festo.   In denying Festo's

Motion to Dismiss, this Court stated:

> The Connecticut Supreme Court has held that the question of
> exclusive control is ordinarily a question of fact. *Skuzinski v.
> Bouchard Fuels, Inc.*, 240 Conn. 694, 694 A.2d 788, 794 (Conn.
> 1997). The exclusive control test can be construed as a matter of law
> under "special circumstances." *Id.* The Connecticut Supreme Court
> has not defined these special circumstances, but the *Skuzinski*
> decision did note that a decision on the exclusive control was
> appropriate because, in that case, it did not "turn upon any
> meaningful dispute about the alleged facts." *Skuzinski*, 240 Conn.
> 694, 694 A.2d at 794. The Court in *Skuzinski* also declared it to be a
> "rare example." *Id.* Unlike *Skuzinski*, where the parties
> acknowledged negligence and disputed only causation, the facts of
> this case are very much in dispute. Festo disputes its relationship
> with Trans-Expo, the alleged deficiencies in the Learnline 2000 unit
> and the extent to which those deficiencies contributed to or caused
> Pouliot's injuries. Neither Festo nor Arpin can be said to agree on
> the extent or existence of negligence and its impact. This case does
> not fit comfortably in the rare example tent raised by the *Skuzinski*
> court.

*Pouliot v. Paul Arpin Van Lines, Inc.*, 303 F. Supp. 2d 135, 139-140 (D. Conn., 2004).

Since this Court's decision, nothing has changed as to the issue at hand.  Here,

there remain meaningful disputes as to the alleged facts.  As is discussed herein, despite

the benefit of discovery, there Festo and Arpin still cannot be said to agree on the extent

or existence of negligence or its impact.  As such, a reasonable jury could find in favor of

Arpin on its indemnity claims against Festo.  Summary judgment must therefore be

denied.

6

**B.      A reasonable jury could find that Festo's negligence was
         primary.**

      **1.      Festo has misstated the legal elements for determining a
               right to common law indemnification.**

In an attempt to avoid its duty to indemnify, Festo tries to weave out of whole
cloth a condition precedent to the Connecticut law of indemnity that does not exist.  Festo
appears to argue that before reaching the factors relating to the common law duty to
indemnify, the Court must first determine whether a party's negligence was passive or
active.  This theory misapprehends Connecticut's law on common law indemnity.  The
determination of whether one party is actively (primarily) liable or passively
(secondarily) liable is not a precursor to the duty to indemnify.  Instead, whether a party's
negligence is active/primary or passive/secondary is the ultimate determination of the
analysis of the four factors that serve as the basis of the duty to indemnify.

As the court held in *Skuzinski*:

> The question that we must decide is whether [the] third party
> complaint is legally sufficient to state a cause of action for common
> law indemnity.  "Ordinarily there is no right of indemnity or
> contribution between joint tort-feasors. . . . Where, however, one of
> the defendants is in control of the situation and his negligence alone
> is the direct immediate cause of the injury and the other defendant
> does not know of the fault, has no reason to anticipate it and may
> reasonably rely upon the former not to commit a wrong, it is only
> justice that the former should bear the burden of damages due to the
> injury. . . . Under the circumstances described, we have
> distinguished between 'active or primary negligence,' and 'passive or
> secondary negligence.' . . . Indemnity shifts the impact of liability
> from passive joint tortfeasors to active ones." (Citations omitted;
> internal quotation marks omitted.) *Kyrtatas v. Stop & Shop, Inc.*,
> 205 Conn. 694, 697-98, 535 A.2d 357 (1988); *Burkert v. Petrol Plus
> of Naugatuck, Inc.*, 216 Conn. 65, 74, 579 A.2d 26 (1990); *Kaplan
> v. Merberg Wrecking Corp.*, 152 Conn. 405, 412-16, 207 A.2d 732
> (1965).

For the purposes of the present appeal, the parties agree that, under

> these precedents, [the] third party complaint must allege facts sufficient to establish at least four separate elements in order to maintain a common law action for indemnity. These elements are: "(1) that the other tortfeasor was negligent; (2) that [that] negligence, rather than [third-party plaintiff's], was the direct, immediate cause of the accident and injuries; (3) that [the other tortfeasor] was in control of the situation to the exclusion of [third-party plaintiff's]; and (4) that [third-party plaintiff] did not know of such negligence, had no reason to anticipate it, and could reasonably rely on the other tortfeasor not to be negligent." *Kyrtatas v. Stop & Shop, Inc., supra*, 205 Conn. 698; *Burkert v. Petrol Plus of Naugatuck, Inc., supra*, 216 Conn. 74; *Kaplan v. Merberg Wrecking Corp., supra*, 152 Conn. 416.

*Skuzinski,* 240 Conn. at, 697-98, 694 A.2d at 790-91 (footnotes omitted). Thus, passive or active negligence is not a precursor to a finding of a duty to indemnity, but the result of the indemnity analysis. *See, e.g., Weintraub,* 188 Conn. at 573, 452 A.2d at 119-120 (holding that the essential elements for a finding of primary (or active) negligence are the four factors for finding a common law duty to indemnify).

In addition, Festo's claim on page 13 of its Memorandum of Law that "'passive" negligence for purposes of common-law indemnification claims equates [sic] involves the situation where a party is chargeable with negligence solely by virtue of the party's oversight of or relationship with the actual wrongdoer" is belied by the *Skuzinski* case. In *Skuzinski,* the primary issue on appeal was "whether, as a condition precedent to a common law action for indemnification, a tortfeasor must establish an independent relationship between itself and the joint tortfeasor from which it seeks indemnity." *Skuzinski*, 240 Conn. at 695, 694 A.2d at 789. The court held that its "existing precedents contain no such universal requirement and that we should not engraft it onto our existing case law." *Skuzinski*, 240 Conn. at 699, 694 A.2d at 791.

In fact, in *Skuzinski*, the trial court found that the relationship between the

8

indemnitor and the indemnitee was "clearly random and unanticipated." *Skuzinski*, 240

Conn. at 697, 694 A.2d at 790. Despite the random and unanticipated relationship

between the two parties, one which clearly could not have involved the oversight

relationship Festo seeks to impose here, the court found that the full indemnification

analysis was still required. *Skuzinski*, 240 Conn. at 6987, 694 A.2d at 791. Although the

court ultimately upheld the dismissal, it did so not based upon the relationship of the

parties – or lack thereof – but rather because it was the unique case in which the factor of

exclusive control could be determined as a matter of law. *Skuzinski*, 240 Conn. at 705,

694 A.2d at 794.[2] Festo's attempt to create new requirements for indemnification

contrary to the law of this jurisdiction must fail.

> **2.  Genuine issues of material fact exist for each of the elements for common law indemnification, precluding entry of summary judgment in favor of Festo.**
>
> **a.  Festo was negligent by failing to communicate appropriate and necessary information concerning the Learnline 2000 unit.**

It is axiomatic that negligence is established by demonstrating a duty, the breach

of that duty, causation and damages. Ordinarily, the existence of negligence is a question

of fact. *Weintraub,* 188 Conn. at 573, 452 A.2d at 120. Here, there is no question that

Arpin has raised sufficient facts to avoid judgment on this first factor of the four part

---

[2] Although this court is certainly aware of the facts in *Skuzinski*, they are easily distinguished from the facts of this case and clearly demonstrate why *Skuzinski* is the unique case in which the exclusive control factor may be decided as a matter of law. In *Skuzinski*, the accident occurred when a pedestrian walking in the street was hit by a truck. *Skuzinski,* 240 Conn. at 695-696, 694 A.2d at 789-790. The driver of the truck brought a third-party action seeking indemnity against the owner of the property adjacent to the roadway, alleging that the dangerous condition was the failure to remove snow from the sidewalk. *Skuzinski,* 240 Conn. at 706, 694 A.2d at 794. The court then held that the failure to clear snow could not be equated to control over the situation that occurred in the adjoining public roadway. *Id.* Thus in *Skuzinski* there was no question over the dangerous condition because the sidewalk was separate and distinct from the location in which the accident occurred. *Id.* Here, on the other hand, the Festo product was directly involved in the incident and the substantial misrepresentation of the weight of the unit, together with a defective brake mechanism, were the dangerous conditions that caused the accident.

indemnity test.[3]

Festo, as the manufacturer and shipper, had a duty to inform Arpin of any and all relevant and correct information required for the safe shipment of the Festo product. Local Rule 56(a)(2) Statement, at ¶ 166.  Festo failed to provide Arpin with all of the pertinent information required for the shipment of the Learnline 2000 unit and, in fact, misrepresented information that was vital to the safe shipping and handling of the Learnline 2000.

There is undisputed evidence that Festo substantially misrepresented the weight of the unit.  Local Rule 56(a)(2) Statement, at ¶ 157.  Clearly the weight of the product being shipped is most relevant to the manner in which it is transported.  In this case, Arpin was told that the total weight for two parcels was 400 pounds.  Local Rule 56(a)(2) Statement, at ¶¶ 157, 158.  In fact, the weight of the Learnline 2000 unit alone exceeded 800 pounds.  Local Rule 56(a)(2) Statement, at ¶ 160.  Had Arpin been aware of the actual weight of the Learnline 2000, it would have required two delivery persons rather than sending Plaintiff alone.  Local Rule 56(a)(2) Statement, at ¶ 160.  Had two persons been dispatched, the Learnline could have been unloaded safely, using Arpin's truck and lift.  Local Rule 56(a)(2) Statement, at ¶¶ 161.  Accordingly, but for Festo's negligence, the accident would not have occurred.  Local Rule 56(a)(2) Statement, at ¶¶ 166, 186. Arpin should be permitted to present this evidence to a jury and allow the jury to weigh Festo's misrepresentation and the implications of that misrepresentation in causing the

---

[3] Although Festo alleges in its Motion for Summary Judgment that Arpin cannot meet any of the four factors required for common law indemnification, it addresses only two elements: the alleged negligence of Arpin and the exclusive control of the situation.  As Festo did not address the remaining two issues – its own negligence and whether Arpin knew of or could reasonably anticipate Festo's negligence – Festo has, for purposes of its summary judgment motion, waived any argument that it was not negligent or that Arpin knew of or had reason to anticipate Festo's negligence. *Accord Knipe v. Skinner,* 999 F.2d 708, 711 (2d Cir. 1993).  Despite this waiver, Arpin discusses these issues herein to demonstrate fully to this Court that Summary Judgment is not appropriate.

accident.

In addition, the only information provided to Arpin regarding "wheels" and any of the cargo was that Arpin is to "protect wheels." Local Rule 56(a)(2) Statement, at ¶ 179. The notation does not provide Arpin with any pertinent information regarding the wheels, such as their location, what piece of cargo they related to, their operation, whether they had brakes or any other fact that would be pertinent to the safe transportation of the Learnline 2000, or for that matter either piece of cargo. The failure to provide pertinent information regarding the wheel brakes is particularly relevant because there is also evidence in the record that demonstrates that the braking system on the wheels was improperly installed or defective. Local Rule 56(a)(2) Statement, at ¶ 159. The character, and safe and effective operation of the wheels is a question of fact that goes directly to the negligence of the manufacturer, Festo, the entity with the most familiarity and knowledge of the unit.

In sum, with all inferences taken in favor of Arpin, as they must be on a motion for summary judgment, a reasonable jury could find that Festo's conduct was negligent and the proximate cause of Plaintiff's damages.

> **b.    Festo's negligence was the direct, immediate cause of the accident and injuries**.

Festo had an obligation to provide Arpin with complete and accurate information regarding the Learnline 2000 unit so that it could be safely transported. Local Rule 56(a)(2) Statement, at ¶ 166. Festo failed in numerous ways in this respect. As noted, Festo substantially misrepresented the weight of the unit. Local Rule 56(a)(2) Statement, at ¶¶ 157, 158, 160. Indeed, the weight of the Festo unit that injured the Plaintiff was more than twice the weight Festo conveyed as to two pieces of its own products

11

combined.  A reasonable jury could find that the misrepresentation of the weight proximately caused this accident because, at minimum, Arpin would have required two delivery persons if it had been informed that the Learnline unit itself weighed in excess of 800 pounds.

 Similarly, Festo had a duty to place a safe, defect-free product in the stream of commerce.  There is evidence that it did not do so because the evidence in the record regarding the wheels suggests that their braking mechanisms were unsafe or defective. Local Rule 56(a)(2) Statement, at ¶ 166.  If the braking mechanisms for the wheels were defective, a jury could find that Festo's negligence was the direct immediate cause of the accident.

Moreover, there is no record evidence that Festo ever told Plaintiff or Arpin that there were braking mechanisms on the wheels at all.  Such information is clearly relevant and vital to the safe transportation of the shipment.

In sum, there exist disputed questions of fact with regard to Festo's liability for Plaintiff's injuries.  Based upon Festo's misrepresentations of facts, its failure to disclose important facts, and evidence that the Learnline 2000 unit itself was defective, a reasonable jury could conclude that Festo's negligence was the direct and immediate cause of Plaintiff's injuries.

### c.    Festo had exclusive control of the situation.

The question of exclusive control is ordinarily a question of fact.  *Williams*, 923 F. Supp. at 355.[4]  The Connecticut Supreme Court has defined "exclusive control over

---

[4] Although the issue of exclusive control was determined as a matter of law in *Skuzinski v. Bouchard Fuels, Inc.*, 240 Conn. 694, 694 A.2d 788 (1997), the *Skuzinski* court specifically held that the circumstances of that case were "one of the rare examples in which the issue may properly be decided as a question of law." *Skuzinski*, 240 Conn. at 705, 694 A.2d at 794.  As noted above, this Court determined in its Order on

'the situation' as exclusive control over the dangerous condition that gives rise to the

accident." *Skuzinski,* 240 Conn. At ___, 706 A.2d at 794.  Moreover, Connecticut courts

are "unwilling to conclude, as a matter of law, that the parting with possession of the

products by [the third-party defendants] prevents them from being in exclusive control of

the situation."  *Williams*, 923 F.Supp. at 355, *quoting Torrington Country Club v. Ply

Gem*, No. CV92-0061340, Conn. L. Rptr. 53, 55 (Conn. Super. Ct. Aug. 8, 1994).  "In

product liability actions, the Connecticut courts have defined 'exclusive control' to

include not only control over the premises where the injury occurred, but also control

over the condition or defect causing the injury."  *Williams,* 923 F. Supp. At 355

(emphasis added).[5]

Of note, when it ruled on this factor on Festo's Motion to Dismiss, this Court held

that:

> [E]ven if this court treats the facts as undisputed, Festo cannot
> satisfy the test for determining exclusive control as a matter of law
> as established in *Skuzinski*. A moving party must show that no
> reasonable jury could find that the defendant had exclusive control
> over the situation. *Skuzinski*, 240 Conn. 694, 694 A.2d at 794. The
> Connecticut Supreme Court defines "exclusive control over the
> 'situation' as exclusive control over the dangerous condition that
> gives rise to the accident." *Id.* Arpin, and Pouliot, allege that the
> accident in this case was caused, at least in part, by
> misrepresentations about the weight of the Learnline 2000 unit and
> by inadequacies in the Learnline unit's brakes. A reasonable jury
> could conclude that Festo, as the manufacturer of the Learnline 2000
> unit, had exclusive control over the dangerous conditions that led to
> the accident and Pouliot's injuries.

---

Festo's Motion to Dismiss that "[t]his case does not fit comfortably in the rare example tent raised by the *Skuzinski* court." *Pouliot*, 303 F. Supp. 2d at __ (D. Conn. 2004).  Nothing in Festo's purportedly undisputed facts or uncovered through discovery places this case in "that rare example tent raised by the *Skuzinski* court."

[5] Although this matter is not a products liability action *per se*, the facts underlying the potential liability of Festo make this analogous to a products liability case.  Much like a products liability case, if a jury finds that Festo misrepresented facts concerning the Learnline 2000 unit and that there were inherent dangers that were not disclosed by Festo, there is no reason to absolve it of liability simply because the unit left Festo's possession.

*Pouliot*, 303 F. Supp. 2d at 139-40.

As is discussed throughout this Opposition, both the weight of the Learnline and the existence of and inadequacies in the brakes remain at issue as to their role in the Plaintiff's accident. To date, it remains uncontroverted that Festo misrepresented the weight of the unit to Arpin. The knowledge of a misrepresentation as to the weight of the unit is an issue that was clearly within the exclusive control of Festo.[6] There is simply no record evidence that Arpin knew the actual weight of the Learnline 2000 unit at the time it dispatched the Plaintiff to pick up the unit.

Similarly, the involvement of the brakes on the wheels of the Learnline unit remain at issue. There is, however, not even a suggestion in the record that Arpin designed, installed or otherwise had control over the braking mechanisms that were installed on the Learnline 2000. Moreover, Arpin and its driver, the Plaintiff, were not ever told by Festo that the unit even had brakes to stop the wheels from moving. Local Rule 56(a)(2) Statement, at ¶¶ 157, 179. As with the weight issue, Festo has not and cannot claim that Arpin had exclusive control over the braking mechanism that Festo installed on the Learnline 2000.

In sum, Festo cannot reasonably argue that it did not have exclusive control over the product specifications, such as the actual weight of the unit, that were not adequately or fully disclosed to Arpin. Nor can Festo reasonably argue that it did not have exclusive control over the design and installation of the wheels and braking devices on those

---

[6] While Festo may allege that it provided the correct weight to the shipping agent, Trans-Expo, it is, at this time, merely an allegation, not an undisputed fact. A jury is entitled to determine whether Festo misrepresented the weight. If, in fact, the jury finds that Festo was responsible for Arpin being provided the incorrect weight, Festo can be said to have exclusive control over that information. As a question of fact remains on this issue, Festo is not entitled to summary judgment.

wheels. A reasonable jury could find that the misrepresentation as to the weight of the Learnline 2000 unit and the failure to advise of breaks and inadequacies of the wheel brakes were the dangerous conditions that led to the accident. Consequently, a jury could reasonably find that Festo had exclusive control over the dangerous condition or conditions that gave rise to the accident.

> **d.    Arpin did not know of Festo's negligence, had no reason to anticipate it, and could reasonably rely on Festo not to be negligent.**

As with the other factors for determining primary and secondary liability, the issue of "[a] party's actual knowledge and the reasonableness of his reliance on others are also to be determined by the trier of fact." *Weintraub*, 188 Conn. at 573-74, 452 A.2d at 120. Here, a jury could find that Arpin did not know of Festo's negligence, had no reason to anticipate it and could reasonably rely on Festo to meet its duty of care.

It is undisputed that Arpin had been provided with inaccurate information by Festo of the actual weight of the unit at the time it instructed Plaintiff to pick up the Learnline 2000. Local Rule 56(a)(2) Statement, at ¶ 158. Arpin had no reason to believe that Festo misrepresented the weight. Local Rule 56(a)(2) Statement, at ¶ 171. Also, Festo has provided no evidence that Arpin's reliance on a manufacturer's representation as to the weight of its product to be shipped was unreasonable.

Similarly, even if it is assumed that Arpin was aware that part of the shipment was on wheels, it had no knowledge of any braking system for those wheels or whether the braking system was adequate. Local Rule 56(a)(2) Statement, at ¶¶ 157, 159, 179. The deficiencies in the wheel braking mechanisms could not and would not reasonably be anticipated by Arpin. Festo has provided no evidence demonstrating that Arpin was

aware of any issues with the wheels or that it is unreasonable for a shipper to believe that the manufacturer would provide all pertinent information for the shipment of its product.

In sum, there remain genuine issues of material fact for each factor enunciated by the Connecticut courts for Festo's common law obligation to indemnify Arpin. When, as is required on a summary judgment motion, the facts are viewed in the light most favorable to Arpin with all inferences taken in favor of Arpin, a reasonable jury could find that Festo was negligent, that Festo's negligence was the immediate, direct cause of Plaintiff's injuries, that Festo had exclusive control over the dangerous condition that caused the accident and that Arpin had no reason to know of or anticipate Festo's negligence. As such, there are, at very least, disputed material issues as to whether Festo was actively, or primarily, negligent for purposes of indemnifying Arpin. *See Skuzinski*, 240 Conn. At 697-98, 694 A.2d at 790-91. Summary judgment must be denied.

IV.    CONCLUSION

For the reasons set forth herein and because there exist genuine issues of material fact in the Local Rule 56(a)(1) Statement, Festo's Motion for Summary Judgment must be denied.

Dated this 5th day of January, 2005.

Defendants Paul Arpin Van Lines, Inc. and
Arpin Logistics, Inc.,
By their attorneys:

_____/s/ Thomas J. Grady_____
Thomas J. Grady, Esq. CT 17139
LENIHAN, GRADY & STEELE
6 Canal Street, P.O. Box 541
Westerly, R.I.  02891
(401) 596-0183
(401) 596-6845 (Fax)
tjg@aol.com

_____/s/ Karen Frink Wolf_____
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF &
LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 5th day of January, 2005 to the following:


Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT  06510

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

John Tarantino, Esq.
James R. Oswald, Esq.
Adler, Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI  02903-2443

Susan O'Donnell, Esq.
Halloran & Sage
One Goodwin Sq., 225 Asylum St.
Hartford, CT  06103

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Spillane & Mannion
46 Main Street, PO BOX 1319
New Milford, CT 06776-1319


_____/s/ Karen Frink Wolf_____
Karen Frink Wolf, Esq. CT 26494