UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT | : CIVIL ACTION NO.<br>: 3:02 CV 1302 (JCH)<br>: |
| VS. | :<br>: |
| PAUL ARPIN VAN LINES, INC., ET AL. | : JANUARY 10, 2005 |

## PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT

1. Admit.

2. Denied. The FMCSA regulations apply according to law.

3. Admit in part. Application of the agreement and the conduct of Arpin and the plaintiff is judged according to the choice of law rules of the State of Connecticut.

4. Admit in part. The owner/operator agreement did not require that the plaintiff contract exclusively with Arpin.

5. Admit that the agreement contains this clause.

6. Id.

7. Id.

8. Id.

9. Admit.

10. Admit that the plaintiff delivered freight and drove the vehicle.

11. Admit that the plaintiff had to deliver in accordance with the documents provided by Arpin but, inter alia, the route and means and methods of delivery were up to the plaintiff. (Appendix A, Exhibit 10, ¶ 1 (A) (c) (owner/operator agreement)).

12. Admit.

13. See answer to ¶ 11.

14. Admit.

15. Admit that the plaintiff possessed uniforms.

16. Admit.

17. Admit. These requirements are mandated by federal law.

18. Admit.

19. Admit.

20. Admit in part, to the extent that this is what Mr. Tweedy stated in his deposition. See ¶ 11, supra.

21. Denied, to the extent that Petra Milks told Erica Ramirez that the load weighed 700-900 pounds. See Tr. of Petra Milks at 28-30 (Appendix B). Further, Arpin was aware that there would be no dock at the destination site; that there would need to be an inside delivery, the dimensions of the items being delivered; and the need for extra caution. Tr. of Heidi Kern, Exhibit 1

(Appendix C). Finally, Arpin should have been aware that the truck provided to Shawn was not adequate for the job he was being requested to do. Tr. of Joe Rocha at 241-43 (Appendix D).

22. Denied, to the extent that Petra Milks told Erica Ramirez that the load weighed 700-900 pounds. Tr. of Petra Milks at 28-30 (Appendix B), and that the system used by Arpin was inadequate to convey this information to drivers. Tr. of William Mottla at 68-75 (Appendix E) and Tr. of William Tweedy (Appendix F).

23. Denied as stated. The equipment Arpin provided was defective and dangerous. Joe Rocha, an Arpin employee, said the truck was not properly equipped, Tr. of Joe Rocha at 241-43 (Appendix D), as did William Tweedy, Tr. of Tweedy (Appendix F). In addition, experts including Roland Ruhl have opined that the the liftgate was defective and inadequate. Tr. of Roland Ruhl (Appendix G) and expert report (Appendix H).

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Admit.

34. Denied. The deposition transcripts cited by Arpin do not support this claim that the college employees "unloaded" the tri-wall.

35. Admit.

36. Denied, to the extent that the defendant uses the term "unsecured". That word is not used in the transcripts and mischaracterizes the occurrence.

37. Admit.

38. Admit.

39. Admit.

40. Admit.

41. Admit.

42. Denied. Tr. of Shawn Pouliot at 254-57 (Appendix I).

43. Admit in part. The plaintiff did not have experience with the defective liftgate provided by Arpin.

44. Denied. The truck should have been out of service and has been so since

4

the plaintiff's injury. Tr. of Joseph Rocha at 241-43 (Appendix D); and Tr. of Roland Ruhl (with expert report) (Appendix G and H).

45. Denied, to the extent that this mischaracterizes the cited testimony. The tuck away lift is designed to rotate on its axis during the ascent and descent.

46. Denied as stated. The liftgate had that capacity if in proper working order.

47. Admit.

48. Admit, to the extent the liftgate was "big enough".

49. Admit.

50. Admit in part. The answer should read "inadequate liftgate".

51. Admit in part. The duty ran to both Arpin and Festo/Trans Expo.

52. Denied. Tr. of Rocha at 241-43 (Appendix D); Tr. of Ruhl (with expert report) (Appendix G and H).

53. Denied. The duty is joint – Arpin also has the duty to provide the plaintiff with information to do his job properly. This assertion is incomprehensible in its use of the terms "it is up to".

54. Denied in part. The ability to request help depends on sufficient notice of the difficulty encountered. This assertion ignores the information withheld from Shawn Pouliot making it very difficult for him to know that he needed additional help or equipment. Tr. of William Tweedy (Appendix F).

55. Admitted, to the extent that Mr. Pouliot was not provided with extra help.

56. Denied, to the extent that the terms "eyes and ears" are colloquialisms that create extreme vagueness.

57. Denied to the extent that it is overbroad and is unsupported by the cited documents.

58. Denied to the extent that it is overbroad and is unsupported by the cited documents.

59. Admitted, to the extent that Mr. Pouliot was positioned behind the liftgate.

60. Admit.

61. Admit.

62. Admit.

63. Admit that the agreement contains this clause.

64. <u>Id.</u>

65. Denied as stated.

66. Admit that the agreement contains this clause.

67. Admit.

68. Admit.

69. Denied. The parties shared profits.

70. Admit that the agreement contains this clause.

71. Denied as stated.

72. Admit.

73. Admit.

74. Admit.

75. Admit.

76. Admit.

77. Admit.

78. Admit.

79. Admit.

80. Admit.

81. Admit.

82. Admit.

83. Admit.

84. Admit.

85. Admit.

86. Admit.

87. Admit.

88. Admit.

89. Admit.

90. Admit.

### **STATEMENT OF ISSUES TO BE TRIED**

1. The plaintiff is not an employee of Arpin as a matter of law, however, at a minimum, a dispute of fact exists on the issue based principally on the owner/operator agreement and Arpin's own pleadings. See Appendix A (evidence filed in opposition to Arpin's Motion to Dismiss on the issue of exclusivity which the court, Squatrito, D.J., previously and authoritatively denied [Doc. # 217].

2. The defendant is not exonerated from liability as a matter of law based on the alleged exculpatory clause in the owner/operator agreement, however, at a minimum, a dispute of fact exists on the issue due to the vagueness of the clause requiring the jury to determine the intent of the parties based on the language of the agreement. Moreover, the lack of the term "negligence" is fatal to Arpin's argument.

3. There is a dispute of material fact whether Arpin and the co-defendants are agents or joint venturers. Arpin is vicariously liable for the acts of the co-defendants.

4. There is a dispute of material fact whether Arpin acted in a reckless fashion causing injuries and damages to the plaintiff.

THE PLAINTIFF

By_____
Michael A. Stratton
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Federal Bar No. ct 08166
Tel: (203) 624-9500
Fax: (203) 624-9100
mstratton@strattonfaxon.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, on this date to:

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI  02891
Fax No. (401) 596-6845

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT  06776-1319
Fax No. (860) 355-8487

**Susan O'Donnell, Esq.**
**Halloran & Sage, LLP**
One Goodwin Square
Hartford, CT  06103
Fax No. (860) 548-0006

**James R. Oswald, Esq.**
**Adler, Pollock & Sheehan, PC**
2300 Financial Plaza
Providence, RI  02903-2443
Fax No. (401) 751-0604/351-4607

**Harold J. Friedman, Esq.**
**Karen Wolf, Esq.**
**Friedman, Gaythwaite, Wolf & Leavitt**
6 City Center
P.O. Box 4726
Portland, ME 04101-4726
Fax No. (207)-761-0186

_____
Michael A. Stratton