UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02 CV 1302 (JCH) |
| | : | |
| PAUL ARPIN VAN LINES, INC.; | : | |
| ARPIN LOGISTICS, INC.; THE FESTO | : | |
| CORPORATION; MICHAEL D. KOVAC | : | |
| d/b/a TRANS-EXPO INTERNATIONAL, | : | |
| ERICA RAMIREZ, IN HER CAPACITY AS | : | |
| EMPLOYEE OF TRANS-EXPO | : | |
| INTERNATIONAL | : | January 25, 2005 |
| | : | |
| Defendants | : | |

### _DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT_

Pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7(d), Defendants

Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin" or

"Arpin Defendants") submit this Reply to Plaintiff's Opposition to their Motion for

Summary Judgment.[1]

**I.      Rhode Island Law applies to the determination that Plaintiff was Arpin's employee and that, therefore, his exclusive remedy is under Workers' Compensation Law.**

In deciding a workers' compensation issue, a Connecticut court must apply the

---

[1] In both his Opposition and his Local Rule 56(a)(2) Statement, Plaintiff has asserted denials and set forth allegations that are mostly unsupported by citation to the record evidence, contrary to the requirements of Local Red. R. 56(a)(1), (2), and (3).  Accordingly, those Statements of Material Fact contained in Arpin's Rule 56(a)(1) Statement not properly controverted by the Plaintiff should be deemed admitted.  Moreover, Plaintiff failed to set forth "Disputed Issues of Material Fact" section as required by Local Rule 56(a)(2) to controvert a motion for summary judgment. Although Plaintiff set forth a "Statement of Issues to be Tried," the claims made therein are neither factual, nor are they supported by citation to the record.  As such, no response by Arpin is required to the "Statement of Issues to be Tried."  Plaintiff has failed to demonstrate that any genuine issue of material fact exists.  Judgment should be entered in favor of Arpin.

law of the place of the employment relation. *Snyder v. Seldin*, 81 Conn. App. 718, 725

(2004), citing 4 A. Larson, Workers' Compensation Law (1997), § 87.40, p. 16-84. *See*

*also Simaitis v. Flood*, 182 Conn. 24, 34 (1980). Arpin's corporate headquarters are in

Rhode Island. *See* Amended Answer and Crossclaims of Defendant Paul Arpin Van

Lines, Inc. and Arpin Logistics, Inc. to Fifth Amended Complaint of Shawn Pouliot, at ¶¶

1, 2. On March 16, 2001, Plaintiff entered into the Owner-Operator Agreement with

Arpin in Rhode Island. Local Rule 56(a)(1) Statement, at ¶ 1. Under the terms of the

Owner-Operator Agreement, Plaintiff agreed that he would "pick up, transport and

deliver all shipments as directed and instructed by" Arpin. Local Rule 56(a)(1)

Statement, at ¶ 5. Plaintiff also agreed that "all operations with the equipment are and

shall be subject to the exclusive control and direction of" Arpin. Local Rule 56(a)(1)

Statement, at ¶ 6. Plaintiff was dispatched from Arpin's headquarters in Rhode Island.

Local Rule 56(a)(1) Statement, at ¶ 19. Arpin gave Plaintiff job assignments and told

him where to go; Plaintiff was required to perform the job according to Arpin's

directions. Local Rule 56(a)(1) Statement, at ¶ 11.

Plaintiff's and Arpin's employment relation was based in Rhode Island.

Accordingly, Rhode Island workers' compensation law applies. As discussed in Arpin's

December 15, 2004 Memorandum of Law in Support of its Motion for Summary

Judgment, Rhode Island law prohibits an injured employee from maintaining a common

law action against an employer for his or her injuries. *Nunes v. Aiello*, 664 A.2d 1121,

1121-1122 (R.I. 1995). Rather, the employee's exclusive remedy is under the Rhode

Island Workers' Compensation statute. *See* R.I. Gen. Laws § 28-29-20.[2] By virtue of

---

[2] The Rhode Island Workers' Compensation statute covers injury from an accident occurring outside the
state where the contract of employment was entered into and is executed principally within the state. *See*

this exclusivity provision, the remedy available to Plaintiff in this case is Rhode Island

workers' compensation benefits.

> II.    **Section 376.12(c)(4) of the Federal Motor Carrier Safety Regulations and the case law interpreting it are irrelevant on the issue of whether Plaintiff is an "employee" pursuant to Section 390.5 of those Regulations.**

Plaintiff argues that he cannot be considered an "employee" of Arpin under

Federal Motor Carrier Safety regulations.  In support of his argument, Plaintiff relies on

*Universal Am-Can, Ltd. v. Workers' Compensation Board*, 762 A.2d 328 (Pa. 2000), in

which the court stated, "we agree with Universal Am-Can that based upon the

unequivocal language contained in § 376.12(c)(4), the regulation found at § 376.12(c)(1),

relating to possession, control, and use does not mandate a determination of employee

status."  *Id.* at 331.

Section 376.12(c)(1) requires a motor carrier operating pursuant to an Interstate

Commerce Commission permit to maintain exclusive possession, control, and use of its

leased vehicles.  *Universal Am-Can*, 762 A.2d at 331.  However, that section is not the

basis for Arpin's assertion that Plaintiff was an employee.  Rather, Arpin asserts that

Plaintiff was an employee under the definition set out in § 390.5 of the Regulations.[3]  The

*Universal Am-Can* court did not consider § 390.5.

Under Federal Motor Carrier Safety regulations, Plaintiff was employed by Arpin

---

*Grinnell v. Wilkinson*, 39 R.I. 447, 463, 98 A. 103, 108 (1916).

[3] Section 390.5 defines an employee as

> any individual, other than an employer, who is employed by an employer and who in the course of his or her employment directly affects commercial motor vehicle safety.  Such term includes a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), a mechanic, and a freight handler.

49 C.F.R. § 390.5.

at the time of the accident.  49 C.F.R. § 390.5.  As an employee, his remedy for injuries

sustained in the October 23, 2001 accident is under the provisions of Rhode Island's

Workers' Compensation statute.

   III.    **The Owner-Operator Agreement precludes Plaintiff's suit against Arpin.**

      A.    **Rhode Island Law applies to the interpretation of the Owner-Operator Agreement.**

   In his Opposition, Plaintiff "disputes whether the law of Rhode Island applies" to

the interpretation of the Owner-Operator Agreement.  *Opposition at p. 14.*  Plaintiff does

not, however, provide any legal or factual support for this position which ignores the

prior rulings of this Court.  Specifically, this Court previously held that:

> [t]he terms of the contract between Pouliot and Arpin <u>expressly incorporate the laws of the State of Rhode Island</u> and the court <u>can conceive of no reason why the law of Rhode Island should not be applied</u> to determine whether Pouliot is barred by the terms of his contract from bringing this suit.

*Pouliot v. Paul Arpin Van Lines, Inc.*, No. 3:02CV1302 (DJS), 2003 U.S. Dist. LEXIS

21596, *26 (D. Conn. November 26, 2003)(emphasis added).[4]  As such, the application

of Rhode Island law to interpret the contract between Plaintiff and Arpin falls within the

law of the case doctrine.  *See Virgin Atlantic Airways, Ltd. v. National Mediation Board,*

956 F.2d 1245, 1255 (2d Cir. 1992), *quoting Zdanok v. Glidden Co.,* 327 F.2d 944, 953

(2d Cir. 1964)("where litigants have once battled for the court's decision, they should

neither be required, nor without good reason permitted, to battle for it again.").

   Plaintiff has not demonstrated that the ruling of this Court that Rhode Island law

applies to the interpretation of the Owner-Operator Agreement falls within any exception

---

[4] The Owner-Operator Agreement states: "It is expressly understood and agreed between the parties to this Contract that the same shall be interpreted under the laws of the State of Rhode Island…."  *See Arpin's Local Rule 56(a)(1) Statement at ¶ 3.*

to the law of the case doctrine.  *See Virgin Atlantic Airways, Ltd.,* 956 F.2d at 1255, *quoting* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790 ("The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence or the need to correct a clear error or prevent manifest injustice.'").   In the absence of any law or fact to support a different conclusion, there remains no conceivable basis for applying the law of any state other than Rhode Island to this issue.

## B.     The language of the indemnity section of the Owner-Operator Agreement unambiguous.

Plaintiff, relying on Connecticut law, argues that the indemnification provision is ambiguous and must, therefore, be construed against Arpin, the drafter of the contract. Plaintiff argues that the language of the indemnity provision suffers from "weak and ridiculous" drafting, causing it to be ambiguous.

A contract is not, however, ambiguous simply because one party to the contract claims it to be ambiguous; "[a] court should not . . . stretch its imagination in order to read ambiguity into a [contract] where none is present."  *Mullins v. Federal Dairy Co.*, 568 A.2d 759, 762 (R.I. 1990).  As the Rhode Island Supreme Court has said

> Because ambiguity lurks in every word, sentence, and paragraph in the eyes of a skilled advocate . . . the question is not whether there is an ambiguity in the metaphysical sense, but whether the language has only one reasonable meaning when construed, not in a hypertechnical fashion, but in an ordinary, common sense manner.

*Textron, Inc. v. Aetna Casualty and Surety Co.*, 638 A.2d 537, 541 (R.I. 1994), *quoting New Castle County v. Hartford Accident and Indemnity Co.,* 970 F.2d 1267, 1270 (3d Cir. 1992), cert. denied, 113 S. Ct. 1846, 123 L. Ed. 2d 470 (1993).

The indemnity provision here is not ambiguous.  When read as a whole, it clearly

enunciates the parties' intent for Plaintiff to indemnify Arpin for claims such as those at issue here. In fact, the Rhode Island Supreme Court had held that "[a] provision that releases [the defendant] from 'all liability from loss, injury (including death) or for damages to persons or property' absolve[s] the defendant from its own negligence." *Best Impressions, Inc. v. Port Edgewood, Ltd.*, 641 A.2d 1323, 1324 (R.I. 1994). The court further found that such a provision was unambiguous. *Id.*

Moreover, Plaintiff's reliance on Connecticut law for the requirement that an exculpatory provision expressly relieves a party for liability for negligent conduct is misplaced because it does not comport with Rhode Island law. Under Rhode Island law, a "court does not simply mechanically search for the use of the term "negligence" in making a determination…but examines the intent of the parties as expressed in the contract." *Best Impressions, Inc.* 641 A.2d at 1324 (R.I. 1994). Here, when the Owner-Operator Agreement is read as a whole and interpreted in accordance with Rhode Island law, the intent of the parties is clearly to require Plaintiff to indemnify Arpin under the circumstances of this case.

## IV. Arpin is not liable for the acts of Festo or Trans-Expo.

In his Objection, Plaintiff relies upon the Federal Motor Carrier Safety Regulations to impose vicarious liability upon Arpin for the actions of the Festo Corporation and Michael D. Kovac, d/b/a Trans-Expo, International, by claiming that the Regulations place a non-delegable duty on Arpin. The Federal Motor Carrier Safety Regulations do not, however, apply to the relationship between Arpin and Festo or Trans-Expo under the circumstances of this case.

The Regulations cited in Plaintiff's objection are performance criteria concerning

vehicles in the process of transporting cargo (i.e. actually traveling on a public highway) and were intended to make certain that cargo was properly loaded so that it does not shift during transit and adversely affect the steering and maneuverability of the commercial motor vehicle. *See 49 C.F.R. §§ 392.9, 393.1, et seq. and 396.3.* The Regulations were not intended to impose vicarious liability upon a motor carrier for the actions of a shipper (Festo) or freight forwarder (Trans-Expo) which result in an injury during the course of an unloading of a truck in the loading/unloading area of a community college.

Moreover, while Arpin expressly denies that it has violated the Regulations, it is simply absurd to imagine any scenario whereby Festo or Trans-Expo could have violated Section 396.3 and made Arpin vicariously liable. Festo and Trans-Expo had no role whatsoever in Arpin's inspection, repair and maintenance of its motor vehicles. Festo's and Trans-Expo's liability is based upon negligent packaging and the negligent provision of shipping information. This Regulation is inapplicable to impose vicarious liability upon Arpin for the actions of Festo and/or Trans-Expo.

Finally, in the Owner-Operator Agreement Arpin may have assumed control over operations involving the equipment and that transportation and documentation thereof would occur in accordance with Federal and State regulations. However, such control does not equate to vicarious liability for the actions of Festo and Trans-Expo where the conduct at issue was negligent packing and providing of shipping information. Neither the Regulations nor the Owner-Operator Agreement make Arpin liable for the independent negligent acts of Festo or Trans-Expo. As such, Arpin is entitled to Summary Judgment on each count of Plaintiff's complaint in which he alleges that Arpin is vicariously liable for the actions of Trans-Expo or Festo.

**V.    Arpin is entitled to judgment as a matter of law on the issue of Recklessness.**

In its opposition, Plaintiff cites to cases stating that recklessness is a question of fact for the jury.  It is well-settled law in Connecticut that courts will not allow claims of recklessness to survive summary judgment in circumstances where the complaint fails to "employ language explicit enough to clearly inform the court and opposing counsel that reckless misconduct is relied on." *Maud v. John Donovan Enterprises*, 2002 Conn. Super. LEXIS 1221, *6 (*Kostiuk v. Queally*, 159 Conn. 91, 94 (1970)).  Moreover, recklessness is a "state of consciousness" that involves a "design to injure either actually or to be implied from the conduct and circumstances."  *Dubay v. Irish*, 207 Conn. 518, 532-33, 542 A.2d 711, 718-19 (Conn. 1988)(citations omitted).

As Plaintiff has not articulated or developed any such intent, and, as Plaintiff's underlying facts support, at best, ordinary negligence, Plaintiff can not survive summary judgment. *See Carroll v. Village Park I Realty Co.*, 1998 Conn. Super. LEXIS 2559. Thus, Plaintiff's claim that recklessness is a question of fact for the jury is inapplicable, as Plaintiff has not achieved the threshold requirement of setting forth specific claims of recklessness.  Accordingly, Counts Five and Six of Plaintiff's Complaint must fail.

## VI.     Conclusion

For these reasons, and for the reasons set out in Arpin's Memorandum of Law in Support of its Motion for Summary Judgment, this Court should grant summary judgment in Arpin's favor and order such other and further relief as it deems appropriate.

Dated this 25th day of January, 2005.

Defendants Paul Arpin Van Lines, Inc. and
Arpin Logistics, Inc.,
By their attorneys:


_____/s/Thomas J. Grady_____
Thomas J. Grady, Esq. CT 17139
LENIHAN, GRADY & STEELE
6 Canal Street, P.O. Box 541
Westerly, R.I.  02891
(401) 596-0183
(401) 596-6845 (Fax)
tjg@aol.com


_____/s/ Karen Frink Wolf_____
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF &
LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 25th day of January, 2005 to the following:

Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT  06510

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Spillane & Mannion
46 Main Street, PO BOX 1319
New Milford, CT 06776-1319

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

Susan O'Donnell, Esq.
Halloran & Sage
One Goodwin Sq., 225 Asylum St.
Hartford, CT  06103

John Tarantino, Esq.
James R. Oswald, Esq.
Adler, Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI  02903-2443


            /s/ Karen Frink Wolf
        Karen Frink Wolf, Esq. CT 26494