

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SHAWN POULIOT    :  CIVIL ACTION
              NO. 3:02 CV1302 (DJS)
V.           :

PAUL ARPIN VAN LINES, INC.,
ET AL.

V.

THE FESTO CORPORATION,
ET AL.         :  FEBRUARY 1, 2005

## DEFENDANTS / THIRD PARTY DEFENDANTS MICHAEL D. KOVAC d/b/a TRANS-EXPO INTERNATIONAL and ERICA RAMIREZ'S REPLY TO ARPIN'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 7(d) of the Local Civil Rules of the District of Connecticut, the Defendants / Third Party Defendants, Michael D. Kovac d/b/a Trans-Expo International and Erica Ramirez (hereafter collectively referred to as "Trans-Expo"), [1] hereby submit this Reply Brief in response to the Opposition filed by Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereafter collectively "Arpin") to Trans-Expo's Motion for Partial Summary Judgment.

---

[1] Michael D. Kovac d/b/a Trans-Expo International and Erica Ramirez are collectively referred to as "Trans-Expo" in this Reply Brief. Arpin has failed to provide any cogent reason why the claims against Michael D. Kovac in his individual capacity (e.g. Counts 17 and 25 of Arpin's Cross Claim), as opposed to those asserting vicarious liability of Kovac in his capacity at Ramirez's employer, should stand. See Arpin's Memorandum of Law, pg. 7, fn. 3.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**HALLORAN
& SAGE LLP**

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## A. Summary Judgment Standards Favor Trans-Expo

Summary judgment in favor of Trans-Expo as to the common law indemnity claims alleged against them by Arpin is proper here because "there can be but one reasonable conclusion as to the verdict." Security Insurance Company of Hartford v. Old Dominion Freight Line, Inc. 391 F.3d 77, 83 (2d Cir. 2004)(citations omitted)(Cited at Arpin Memorandum of Law, pg. 4). A dispute regarding a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir.) cert. denied, 502 U.S. 849 (1991) (citing Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 248 (1986)). A genuine dispute is not raised by Arpin's Memorandum of Law and Local Rule 56(a)(2) Statement. Rather, Arpin attempts to defeat Trans-Expo's property supported motion on the basis of conjecture that "this accident could have been averted if Plaintiff had been provided an assistant." [See Arpin's Memorandum at pgs. 2, 9, 10]. Since proof that Trans-Expo was in "exclusive control over the dangerous condition that gave rise to the accident" is utterly lacking, a reasonable jury, as a matter of law, could not find that Trans-Expo bears the total responsibility for plaintiff's injuries. Hence, the indemnity claims against Trans-Expo are properly dismissed by the granting of summary judgment.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## B. Trans-Expo Owes No Common Law Duty of Indemnity to Arpin

In its Opposition to Trans-Expo's Motion for Summary Judgment, Arpin cites

Wientraub v. Dahn, 188 Conn. 570 (1982) for the proposition that Trans-Expo is

obligated to indemnify Arpin. (Arpin's Memorandum of Law, pg. 7-8). Arpin's reliance

on the pre-tort reform Weintraub case is misplaced.

In Weintraub, the plaintiffs sued the defendant Richard Dahn, Inc. ("Dahn"), a

subcontractor supplier, for property damage caused when Dahn's employee was

trucking a load of stone on the property during residential construction. In Weintraub,

the plaintiff sued only Dahn, the supplier. In turn, Dahn filed a third party complaint

against the general contractor, Milton Factor and Company ("Factor"), seeking

indemnification. The third party complaint alleged that Factor's employees were

primarily responsible because they were directing the Dahn truck driver as he was

backing up to the point where the damage occurred. Affirming a judgment for

indemnification in favor of the subcontractor Dahn, the Supreme Court noted that "the

relationship of suppliers and subcontractors to the general contractor on a construction

project has frequently been the setting in which questions of ultimate liability for

employee actions arise." Id. at 574 (citations omitted)(see also, Atkinson v. Berloni, 23

Conn. App. 325, 320 (1990)). Such a relationship is not present in this case.

Furthermore, in the Weintraub case, the plaintiffs brought suit against the subcontractor

Dahn only and judgment was entered against that party. The Weintraub's initial

complaint was brought in 1974, and the case was decided in 1982, long before this

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

state adopted comparative principles for negligence actions as part of tort reform.  As such, apportionment was not available to the defendants in the Weintraub lawsuit.

In the case before this Court, the plaintiff has brought direct claims against Trans-Expo.  The current operative Complaint (doc. #201) makes a direct claim against Trans-Expo and Ramirez sounding in negligence.  In that Complaint, Pouliot alleges that Trans-Expo negligently represented the weight of the Learnline unit.  It is clear from Arpin's opposition papers that the purported inaccurate weight of the cargo is the factual gravamen of the indemnity claim against Trans-Expo.  [See Arpin's Memorandum of Law at pgs. 2-3, 8-9, 9-10, 11-12, 14].  However, given the claims as pled in this case, *if* a jury finds that Trans-Expo's failure to provide the correct weight of the cargo to Arpin was a proximate cause of the accident, then Trans-Expo will answer to Pouliot in damages for that conduct.  Arpin continues to ignore the plain fact that a suit for indemnity is brought to recover the total amount an indemnitee pays to the Plaintiff.  It is an all-or-nothing remedy.  See Restatement of Torts (Second) § 886B (1979). If a jury finds that Trans-Expo was the most blameworthy defendant, then given the mechanism of comparative fault, Trans-Expo will be paying those damages, not Arpin.

## C.  Trans-Expo's Negligence Is Not Established by Arpin's Opposition Memorandum or Rule 56(a)2 Statement of Disputed Facts

In its Opposition Memorandum (pg. 8) Arpin argues that it has "raised sufficient facts to avoid judgment on the first factor of the four-part indemnity test," which factor requires proof that Trans-Expo was negligent.  Arpin then engages in an analysis of this

– 4 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

first prong of the <u>Kaplan</u> test even though Trans-Expo does not seek summary judgment on that issue. Trans-Expo does not concede that it was negligent, or that its negligence was the direct and immediate cause of the plaintiff's injuries.[2] Rather, Trans-Expo recognizes that issues of disputed material fact often make the determination of negligence ill suited for summary judgment. <u>Weintraub</u> (citing <u>Svenberg v.</u> Subotkouski, 133 Conn. 329, 332 (1946)). In fact, Arpin concedes in its Memorandum of Law (page 8) that "[o]rdinarily, the existence of negligence is a question of fact." Nevertheless, Arpin then cites to statements of <u>disputed</u> material fact (Arpin Memorandum pgs. 8-9 and Local Rule 56(a)(2) Statement at ¶¶ 65, 56, 58 and 59) to support the argument that, "it is clear that Trans-Expo's failure to apprise Arpin of the correct weight of the Learnline unit was a direct, proximate cause of the accident." And, "[a]s such, a reasonable jury could find that Trans-Expo's conduct was negligent." (Arpin Memorandum pg. 9).

Arpin's Opposition Memorandum and Local Rule 56(a)(2) Statement in no way make "clear" that Trans-Expo's conduct was a proximate cause of the accident, or that a reasonable jury could find that Trans-Expo's conduct was negligent. Arpin has not filed a Motion for Summary Judgment on the issue of Trans-Expo's negligence and has not

---

[2] Arpin similarly argues with reliance on a Statement of Disputed Facts that Trans-Expo's negligence was the direct, immediate cause of the plaintiff's injuries, which issue is not before this Court. Arpin's claims that "the evidence demonstrates" that had Arpin been apprised of the correct weight it would have provided plaintiff an assistant , which would have avoided the accident. (Arpin's Memorandum of Law, pgs. 9-10). There is no "evidence" demonstrating this speculative conclusion. Rather, there is an excerpt from Arpin's hired expert contained in a Statement of Disputed Issues of Material Fact , thus, Arpin concedes this is "a material fact as to which there is a genuine issue to be tried." D.Conn.L.Civ. R.56(a)2.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

filed the appropriate supporting statement of undisputed material facts. Rather confusingly, Arpin submits a "Statement of Disputed Issues of Material Fact" and then argues that these disputed facts establish that Trans-Expo's conduct was negligent and was a direct, proximate cause of the accident.  Local Rule 56(a) 2 requires that the papers opposing a motion for summary judgment shall include a "Local Rule 56(a)2 Statement" which must include a separate section entitled "Disputed Issues of Material Fact" containing a "list of each issue of material fact as to which it is contended that there is a genuine issue to be tried." D.Conn.L.Civ.R. 56(a)2.  Arpin's reliance on a statement of disputed material facts to support what appears to be the equivalent of a cross-motion for summary judgment is improper and should not be considered by this Court.

### D. A Reasonable Jury Could Not Find Trans-Expo in "Exclusive Control" Over the Situation

Even assuming that Trans-Expo failed to communicate the actual weight of the product to be shipped by Festo, Trans-Expo was not in "exclusive control over the dangerous condition that gives rise to the [plaintiff's] accident." Skuzinski v. Bouchard, 240 Conn. 694, 706 (1997).  Because, as a matter of law, this third prong of the Kaplan test cannot be satisfied, Trans-Expo is entitled to summary judgment.

In the Skuzinski case, supra, our Connecticut Supreme Court defined "exclusive control over the situation" in negligence cases as "exclusive control over the dangerous condition that gives rise to the accident." (See Arpin Memorandum pg. 10).  The

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

"condition or defect" over which Arpin claims Trans-Expo had exclusive control was information regarding the weight of the Learnline unit. (See Arpin Memorandum, pg. 11, fn. 6: "Trans-Expo had exclusive control over the correct information" and pg. 12: "Trans-Expo or Festo had exclusive control over the information regarding the true weight of the Learnline unit"). That Arpin claims Trans-Expo was in "exclusive control" over information regarding weight of the Learnline unit is senseless, given the undisputed facts of this case and the representations Arpin has made to this Court in its own Motion for Summary Judgment.

Seeking summary judgment in its favor against the claims made by the plaintiff, Arpin filed with this Court a Memorandum of Law In Support of Motion for Summary Judgment and Local Rule 56(a)(1) Statement. In those documents, dated December 15, 2004, Arpin represents as undisputed the following facts:

> When Plaintiff arrived at Festo headquarters in Hauppauge, New York, he inspected the Learnline 2000 unit. Local Rule 56(a)(1) Statement at ¶ 30. Plaintiff rolled the Learnline 2000 unit by himself onto the lift gate platform. Local Rule 56(a)(1) Statement, at ¶ 35. Upon wheeling the unit into the truck, Plaintiff noticed that the machine was "heavy." Local Rule 56(a)(1) Statement, at ¶ 31. Plaintiff would have followed the same procedures both unloading and loading the machine, even if the machine weighed in excess of 1,000 pounds. Local Rule 56(a)(1) Statement, at ¶ 57. The liftgate used by Plaintiff on the truck involved in the accident had a weight capacity of up to 2,500 pounds. Local Rule 56(a)(1) Statement, at ¶ 46. (Arpin's Memorandum of Law in Support of Motion for Summary Judgment, dated 12/15/04, pgs. 25-26).

Furthermore, Arpin, which argues that the plaintiff, Shawn Pouliot, was its employee, represents to this Court that:

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

Drivers have a responsibility to evaluate the size of the delivery and call for extra help or adequate equipment if the trucks, liftgates, or equipment they have are insufficient. Local Rule 56(a)(1) Statement, at ¶ 53. Plaintiff was an experienced driver. Local Rule 56(a)(1) Statement, at ¶ 54. Further, the driver is the eyes and ears of the carrier, so if a driver finds something that is wrong or amiss in some way, the driver usually picks up the phone and calls his dispatcher. Local Rule 56(a)(1) Statement, at ¶ 56. Plaintiff never did so. Local Rule 56(a)(1) Statement, at ¶ 56.

Thus, Arpin has admitted in its own moving papers, that its employee driver, its "eyes and ears," inspected the Learnline unit at the Festo headquarters; had a *responsibility* to evaluate the size of the delivery and call for extra help if necessary; and determined that the load was "heavy." An original carbonless copy of a Festo bill of lading bearing Shawn Pouliot's signature is in the possession of plaintiff's counsel which shows a weight of the cargo as 755. (See Trans-Expo Rule 56(a)1 Statement at ¶45 and Tab 11.) Trans-Expo was never in possession or the product, or cargo, that fell upon the plaintiff. [3] Under these facts and circumstances, even with all reasonable inferences drawn in Arpin's favor, Trans-Expo cannot be found to have been in exclusive control of information regarding the weight of the cargo, or the absence of an assistant at the delivery location.

### E. Arpin Has Not Suffered A Pecuniary Loss Supportive of a Misrepresentation Claim

Arpin's claim for negligent misrepresentation fails because it has not suffered a "pecuniary loss." In its Opposition to Trans-Expo's Motion for Summary Judgment on

---

[3] Arpin has admitted that "it is undisputed that Festo was solely responsible for the design and manufacture of the Learnline 2000 unit." See Arpin's Memorandum at pg. 3, and Local Rule 56(a)2 Statement at ¶ 9.

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

this issue, Arpin argues that, "[s]imply put, any damages Arpin pays as a result of Trans-Expo's misrepresentation are suffered by Arpin 'as a consequence of [Arpin's] reliance upon [Trans-Expo's] misrepresentation.'" (Arpin Memorandum pg. 14).  Here again, Arpin fails to comprehend the Connecticut law of apportionment.  For if a jury finds that Trans-Expo's failure to provide the correct weight of the cargo to Arpin was a proximate cause of the accident, then because of the direct claims made by plaintiff against Trans-Expo, it and not Arpin will answer to Pouliot in damages for that conduct.

Finally, Arpin declares that Trans-Expo's 56(a)(1) statement does not contain a single reference to whether Arpin has suffered a pecuniary loss.  Quite to the contrary, Trans-Expo's Rule 56(a)1 Statement at ¶ 54 establishes that Arpin was paid $537.65 by Festo Corporation, the amount quoted by Arpin customer service representative William Mottla, for performing the shipment which is the subject of this lawsuit.  Arpin has admitted this fact. (See Arpin's Local Rule 56(a)(2) Statement dated 1/5/05 at ¶ 54).  In its own Motion for Summary Judgment, Arpin further admits that it profited "only from the transportation of the unit" (Arpin's Memorandum in Support of Motion for Summary Judgment dated 12/15/04, pg. 20), and it submits as undisputed fact that, "Arpin's interest was to make money doing the actual moving for various clients."    Arpin's Local Rule 56(a)(1) Statement, dated 12/15/04, ¶88.  Thus, Arpin has conceded that it suffered no pecuniary loss in connection with the transportation of the cargo which is the subject of this case.  As a result, it has no viable claims against Trans-Expo for misrepresentation.

- 9 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

F. **Conclusion**

For all the foregoing reasons, and for the reasons set out in their Memorandum of Law dated December 15, 2004, Trans-Expo and Ramirez hereby respectfully requests that this Court grant its Motion for Partial Summary Judgment as to the claims of common law indemnification made by Arpin.

DEFENDANTS / THIRD PARTY DEFENDANTS,
MICHAEL D. KOVAC D/B/A
TRANS-EXPO INTERNATIONAL AND
ERICA RAMIREZ, IN HER CAPACITY AS
EMPLOYEE OF TRANS-EXPO INT'L.

BY: _____
Susan O'Donnell of
**HALLORAN & SAGE LLP**
Fed. Bar No. ct07539
One Goodwin Square
Hartford, CT 06103
Tel. No. (860) 522-6103
Fax No. (860) 548-0006
email: odonnell@halloran-sage.com

– 10 –

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105

## CERTIFICATION

       This is to certify that on this 1st day of February, 2005 a copy of the foregoing was either mailed, postpaid, or hand-delivered to:

| | |
|---|---|
| **Shawn Pouliot**<br>Michael A. Stratton, Esquire<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT 06510<br>Tel No. (203) 624-9500<br>Fax No. (203) 624-9100 | **Paul Arpin Van Lines, Inc and Arpin Logistics, Inc.**<br>Thomas J. Grady, Esquire<br>Lenihan, Moone, Gallogly & Grady<br>6 Canal Street<br>Westerly, RI 02891-0541<br>Tel. No. (401) 596-0183<br>Fax No. (401) 596-6845 |
| Roland F. Moots, Jr., Esquire<br>Moots, Pellegrini, Mannion, Martindale<br>   & Dratch, P.C.<br>46 Main Street, P.O. Box 1319<br>New Milford, CT 06776-1319<br>Tel. No. (860) 355-4191<br>Fax No. (860) 355-8487 | Harold J. Friedman, Esquire; and<br>Attorney Karen Frink Wolf<br>Friedman Gaythwaite Wolf & Leavitt<br>Six City Center, P.O. Box 4726<br>Portland, ME 04112<br>Tel. No. (207) 761-0900<br>Fax No. (207) 761-0186 |
| **The Festo Corporation**<br>John A. Tarantino, Esquire<br>James R. Oswald, Esquire<br>Adler, Pollock & Sheehan<br>One Citizens Plaza, 8th Floor<br>Providence, RI 02903<br>Tel: (401) 274-7200<br>Fax: (401) 751-0604 | |

639260_1.DOC

_Susan O'Donnell_

One Goodwin Square
225 Asylum Street
Hartford, CT 06103

HALLORAN
& SAGE LLP

Phone (860) 522-6103
Fax (860) 548-0006
Juris No. 26105