UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT : | |
| : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3:02 CV 1302 (JCH) |
| : | |
| PAUL ARPIN VAN LINES, INC.; : | |
| ARPIN LOGISTICS, INC.; THE FESTO : | |
| CORPORATION; MICHAEL D. KOVAC : | |
| d/b/a TRANS-EXPO INTERNATIONAL, : | |
| ERICA RAMIREZ, IN HER CAPACITY AS : | |
| EMPLOYEE OF TRANS-EXPO : | |
| INTERNATIONAL : | February 18, 2005 |
| : | |
| Defendants : | |

### *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO DISCLOSE ADDITIONAL EXPERT WITNESSES*

Pursuant to Local Rule 7(a), Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin" or "Arpin Defendants") submit this Memorandum of Law in support of their Motion for Leave to Disclose Additional Expert Witnesses.

**BACKGROUND**

Arpin seeks leave of this Court to disclose William H. Burke, Ph.D. and Allan S. McCausland, Ph.D. as additional expert witnesses in this case. Dr. Burke is a certified life care planner. Dr. McCausland is an economist. Both of these experts' *curriculum vitae* and expert reports are attached as Exhibits to Arpin's motion.

## ARGUMENT

Under F. R. Civ. P. 26(a), a party must disclose the identity of its expert witnesses to the other parties to an action. "The purpose of Rule 26(a) is to prevent an ambush, resulting in surprise or prejudice, of undisclosed or late disclosed evidence." *Equant Integrations Services, Inc. v. United Rentals (North America), Inc.*, 217 F.R.D. 113, 117 (D. Conn. 2003). However, this Court has discretion to grant Arpin's request for leave to disclose additional expert witnesses where (1) there will be no prejudice to Plaintiff from having to prepare to meet the new testimony; (2) the disclosure of additional experts by Arpin will not lead to a continuance of this matter; (3) Arpin has a reasonable justification for its request to disclose the additional experts; and (4) the testimony of the additional witnesses is important to the issues in the case. *See Eadie v. McMahon*, 199 F.R.D. 45, 46 (D. Conn. 2001).[1] Where there is substantial justification for a party's request to disclose additional experts, or where the failure to make disclosure earlier is harmless, or where any prejudice to the opposing party may be remedied, the court may allow disclosure of additional experts. *Equant*, 217 F.R.D. at 117.[2]

Plaintiff will not be prejudiced by Arpin's disclosure of these additional expert witnesses. Plaintiff's own damages experts were not available for deposition until

---

[1] In evaluating a plaintiff's motion to strike defendant's expert's reply report, this court referred to a similar four-part test outlined by the Southern District of New York in *Virgin Enterprises Ltd. v. American Longevity*, 2001 U.S. Dist. LEXIS 2048 (S.D. N.Y. March 1, 2001). *See Equant Integrations Services, Inc. v. United Rentals (North America), Inc.*, 217 F.R.D. 113, 117 (D. Conn. 2003). In *Virgin*, the court considered: (1) surprise or prejudice suffered by the opposing party; (2) the ability of that party to cure the prejudice; (3) whether the party seeking to disclose the additional experts acted willfully or in bad faith; and (4) whether waiver of the rule against calling unlisted witnesses is appropriate. *Virgin*, 2001 U.S. Dist. LEXIS 2048, at *5.

[2] Preclusion of a party's experts is "a drastic remedy and it is generally ordered only where the court finds that the party's failure to comply with the requirements [of F. R. Civ. P. 26(a)] was both unjustified and prejudicial." *Equant*, 217 F.R.D. at 118. Neither circumstance is present here; accordingly, the court should grant this motion and allow Arpin to disclose the additional expert witnesses.

November 2004, as the latest of over 50 depositions taken in this case. While Dr. Burke had previously reviewed this matter, it was not until new trial counsel became involved in this case that the value of Dr. Burke's life care plan, as well as the other components of Plaintiff's economic damages claim, were analyzed by Dr. McCausland and Arpin's counsel made the determination to go ahead and use Dr. Burke and Dr. McCausland as expert witnesses in this matter. Arpin will make Dr. Burke and Dr. McCausland available for deposition at a time and location convenient to Plaintiff. As such, there will be no prejudice to the other parties to this action. *Strougo v. Bea Assoc.*, 188 F. Supp. 2d 373, 380 (S.D. N.Y. 2002) ("any prejudice caused by untimely disclosure was remedied by the availability of those months during which plaintiff could depose the experts.").

Moreover, Arpin's disclosure of these additional expert witnesses will not result in the need for a continuance of this matter. As noted, the witnesses will promptly be available for deposition. Moreover, the Defendants' motions for summary judgment are currently pending before the Court and a trial date has not yet been set. Further, in a case of this complexity, a Pretrial Conference will need to be set and dates for *in limine* and other pretrial motions, and submission of other pretrial pleadings such as proposed jury instructions and verdict forms, will need to be set. Sufficient time exists for Plaintiff to fully explore Defendants' experts' comprehensive reports and to depose these two witnesses if he chooses to do so.

Finally, Arpin's justification for its request to disclose additional expert witnesses is closely linked with the importance of the witnesses' testimony. Neither of the witnesses will testify about new issues. They are being offered in response to the

depositions of Plaintiff's damages experts.[3] Dr. Burke will testify about the Plaintiff's abilities, care needs, and life care plan. Dr. McCausland will testify about the components and valuation of Plaintiff's economic loss. Specifically, Dr. Burke and Dr. McCausland will testify that it is their opinion that Plaintiff's economic damages, including lost earning capacity, are in the $1.8 million to $2.3 million range, not in the $7 million to $8.3 million range that Plaintiff's experts claim. The witnesses' testimony will provide the jury with critical evidence about the extent and value of Plaintiff's damages. It would be extremely unfair for Defendants to be required to defend a case of this magnitude and complexity without these damages experts. Once the new undersigned counsel entered their appearances in this matter on December 14 and 15, 2004, they have worked diligently reviewing over 50 depositions, voluminous pleadings, case files and documents. Counsel should be allowed the opportunity to fully present this case at trial, which includes these critical experts.

This is an important case involving significant injuries. Each party should have the opportunity to fully present to the jury its case, through appropriate experts, of the Plaintiff's damage claims. The testimony of Dr. Burke and Dr. McCausland is crucial to the defense of this case.

## CONCLUSION

For the foregoing reasons, there is justification for this Court to grant Arpin's Motion for Leave to Disclose Additional Expert Witnesses, and such other and further relief as the Court deems appropriate.

---

[3] Four of Plaintiff's five disclosed expert damages witnesses were deposed.

Dated this 18th day of February, 2005.

                         Defendants Paul Arpin Van Lines, Inc. and
                         Arpin Logistics, Inc.,
                         By their attorneys:

                         _____/s/ Harold J. Friedman_____
                         Harold J. Friedman, Esq. CT 23785
                         Karen Frink Wolf, Esq. CT 26494
                         FRIEDMAN GAYTHWAITE WOLF &
                         LEAVITT
                         Six City Center, P.O. Box 4726
                         Portland, ME  04112-4726
                         (207) 761-0900
                         (207 761-0186 (Fax)
                         hfriedman@fgwl-law.com
                         kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 18th day of February, 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |
| Thomas J. Grady, Esq.<br>Lenihan Grady & Steele<br>6 Canal Street<br>PO Box 541<br>Westerly, RI 02891-0541 | Susan O'Donnell, Esq.<br>Halloran & Sage<br>One Goodwin Sq., 225 Asylum St.<br>Hartford, CT  06103 |
| John Tarantino, Esq.<br>James R. Oswald, Esq.<br>Adler, Pollock & Sheehan<br>One Citizens Plaza, 8th Floor<br>Providence, RI  02903-2443 | |

                                            /s/ Karen Frink Wolf
                                     Karen Frink Wolf, Esq. CT 26494