FILED

2005 FEB 25 A 10: 15

U.S. DISTRICT COURT
BRIDGEPORT, CONN

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT<br>Plaintiff,<br><br>V.<br><br>PAUL ARPIN VAN LINES, INC.;<br>ARPIN LOGISTICS, INC.; THE FESTO<br>CORPORATION; MICHAEL D. KOVAC<br>d/b/a TRANS-EXPO INTERNATIONAL,<br>ERICA RAMIREZ, IN HER CAPACITY A<br>EMPLOYEE OF TRANS-EXPO<br>INTERNATIONAL, | CIVIL ACTION NO.<br>3:02 CV 1302 (DJS)(JCH)<br><br><br><br><br><br><br><br>FEBRUARY 24, 2005 |

## MOTION TO VACATE COURT ORDER (#390) AND MOTION FOR LEAVE TO FILE OBJECTION TO PLAINTIFF'S MOTION TO COMPEL (#381)

Pursuant to Fed.R.Civ.P. 60(b), Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. hereby move to vacate court order (#390) and move for leave to file an objection to Plaintiff's Motion to Compel (#381).

On January 10, 2005, Plaintiff filed a Motion to Compel Full Answers to Plaintiff's Discovery Request. On or prior to January 25, 2005, the undersigned drafted an Objection to the Plaintiff's motion. The undersigned cannot confirm whether this objection was mailed to the Court or the parties at that time. On February 24, 2005, the Court granted Plaintiff's Motion to Compel on the basis that no objection had been filed. (#390).

1

Pursuant to Fed.R.Civ.P. 60(b) the Court may "relieve a party or a party's legal representative from a final judgment, order, or proceedings for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect...". Due to the undersigned's inadvertence, the attached objection to the Plaintiff's Motion to Compel appears to have not been timely filed. The circumstances are recounted in the attached affidavit. See Exhibit 1. Among such circumstances, counsel for the Arpin defendants, Thomas J. Grady, Esquire was hospitalized from January 4, 2005 to January 11, 2005.

The Plaintiff has been provided with copies of the audio cassette tapes which he requested in his motion, free of expense. For the reasons set forth in the attached Objection, Arpin has provided fully complete answers to the Plaintiff's Interrogatories and cannot respond in a more complete manner as ordered by the court's Order of February 24, 2005. (#390). For this reason, the undersigned submits that Plaintiff will not suffer from any prejudice. The undersigned submits that consideration of its Objection will not delay proceedings in this action. The undersigned submits that any failure to file the attached Objection was the result of pure inadvertence rather than any bad faith. Particularly, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. and their representatives were fully co-operative in co-operating with undersigned counsel in responding to the Plaintiff's request.

Arpin respectfully requests the court to exercise its discretion and vacate its order (#390).

Arpin further respectfully requests this court to permit the filing of the attached Objection for its consideration.

Defendants<br>
By their attorney:<br>
<br>
Thomas J. Grady, Esq., CT 17139<br>
***LENIHAN, GRADY & STEELE***<br>
Six Canal Street, P.O. Box 541<br>
Westerly, RI 02891<br>
(401) 596-0183<br>
(401) 596-6845 (Fax)

## CERTIFICATION OF NOTICE

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 25th day of February 2005 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103, James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443, Karen Frink Wolf, Esq., Friedman Gaythwaite Wolf & Leavitt, Six City Center, Portland, Maine 04112 and Harold Friedman, Esq., Friedman Gaythwaite Wolf & Leavitt, Six City Center, Portland, Maine 04112

Thomas J. Grady, Esq.

# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT<br>　　Plaintiff | : | CIVIL ACTION<br>NO. 3:02 CV1302 (JCH) |
| | : | |
| v. | : | |
| | : | |
| PAUL ARPIN VAN LINES, INC. AND<br>ARPIN LOGISTICS, INC.<br>　　Defendants/Third-Party Plaintiffs<br>　　Cross-Claim Plaintiffs | : | |
| | : | |
| v. | : | |
| | : | |
| FESTO CORPORATION, MICHAEL<br>D. KOVAC D/B/A TRANS-EXPO<br>INTERNATIONAL, AND ERICA<br>RAMIREZ IN HER CAPACITY AS<br>EMPLOYEE OF TRANS-EXPO<br>INTERNATIONAL<br>　　Defendants/Third-Party Defendants | : | JANUARY 25, 2005 |

## *OBJECTION TO PLAINTIFF'S MOTION TO COMPEL*

Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter "Arpin") hereby object to Plaintiff's Motion to Compel Full Answers to Plaintiff's Discovery Request dated January 10, 2005.

On January 10, 2005, Plaintiff filed a Motion to Compel Full Answers to Plaintiff's Discovery Request. In that motion, the Plaintiff requested more responsive answers to the Plaintiff's Second Set of Interrogatories and Second Request For Production of Documents which Arpin answered on January 6, 2005. Arpin objects to the Plaintiff's motion on grounds that it has provided full and responsive answers to the Plaintiff's interrogatories.

In its interrogatories, the Plaintiff requested (1) all information supporting Arpin's

special defense of fraud; (2) any recorded surveillance of the Plaintiff; and (3) the medical records of all Arpin personnel who participated in the drafting of Arpin's special defense of fraud. Arpin provided Supplemental Answers to the Plaintiff's Second Set of Interrogatories on January 6, 2005.

In his Motion to Compel, Plaintiff now seeks "more responsive" answers to Arpin's Supplemental Answers asking (1) whether any recorded surveillance was taken of the Plaintiff and (2) that Arpin provide Plaintiff with copies of the recordings of which Arpin is in possession.

In response to Plaintiff's interrogatory regarding any recorded surveillance of the Plaintiff, Arpin responded in its supplemental answers that it had not taken any recorded surveillance of the Plaintiff nor was any made at Arpin's direction. Arpin responded in its answer that it discovered that Mark Bibbee and Charity Bibbee recorded conversations with the Plaintiff. Arpin responded that it was in possession of four original cassette tapes which were recorded by Charity Bibbee. Arpin made those tapes available to the Plaintiff at the undersigned counsel's office. Arpin also referred the Plaintiff to an investigative report regarding Mark and Charity Bibbee's activities in recording the Plaintiff. This investigative report had already been disclosed as an exhibit to the deposition of Mark Bibbee at which Plaintiff's counsel was in attendance.

Arpin is unaware of, nor does it possess, any other recordings and has no knowledge of whether any other recorded surveillance has taken place. Arpin's answers to the Plaintiff are full and responsive.

Through the vehicle of a motion to compel, Plaintiff has now demanded that Arpin make copies of the tapes and send them to him. Because Arpin has made these

tapes available to the Plaintiff, it is not obligated to make copies as well. In a showing of good faith, however, Arpin mailed copies of these cassette tapes to the Plaintiff's counsel on January 25, 2005. This altogether reasonable request could have been made without a motion to compel and without the intervention of the court.

Plaintiff's counsel never contacted Arpin counsel in order to resolve such discovery issues. Instead, Plaintiff's counsel filed a motion to compel and did not comply with the meet and confer requirements of Local Rule 37(a)(2) and Fed.R.Civ.P. 37(a)(2)(A). Due to its full and responsive answers to the Plaintiff's Second Set of Interrogatories and Request For Production of Documents and Plaintiff's failure to meet and confer prior to filing a motion to compel, the Plaintiff's Motion to Compel must be denied.

Defendants/Third-Party Plaintiffs/
Cross-Claim Plaintiffs
By Their Attorney

*(signature)*

Thomas J. Grady, Esquire
Federal Bar No. CT 17139
LENIHAN, GRADY & STEELE
6 Canal Street
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)
tjg19872@aol.com

*(signatures)*

Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esquire
Federal Bar No. CT 26494
FRIEDMAN GAYTHWAITE
WOLF & LEAVITT
Six City Center, P.O. Box 4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com