**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **SHAWN POULIOT** | : | **CIVIL ACTION NO.** |
| **Plaintiff,** | : | **3:02CV1302(JCH)** |
| | : | |
| **V.** | : | |
| | : | |
| | : | |
| **PAUL ARPIN VAN LINES, INC.** | : | |
| **AND ARPIN LOGISTICS, INC.,** | : | |
| **THE FESTO CORPORATION, MICHAEL** | : | |
| **D. KOVAC D/B/A TRANS-EXPO** | : | |
| **INTERNATIONAL AND ERICA RAMIREZ,** | : | |
| **Defendants,** | : | **MARCH 2, 2005** |

<u>**MEMORANDUM IN OPPOSITION TO THE DEFENDANT ARPIN'S REQUEST**
**TO AMEND THE SCHEDULING ORDER**</u>

The defendant Arpin now moves to amend the scheduling order to reopen discovery and add expert witnesses. The plaintiff strongly objects.

Judge Squatrito oversaw the discovery in this case, and extended the deadline on numerous occasions to accommodate the parties. Dozens of fact witnesses were deposed and more than 15 experts were disclosed and deposed. The scheduling and compliance with the discovery was extraordinarily detailed, arduous, and time consuming.

At the final close of discovery on September 8, 2004, Arpin pleaded with the Court for one last extension. <u>See</u> Transcript of Telephone Conference, at page 13 attached. The Court granted Arpin's request reluctantly because Arpin's counsel claimed to have some secret information that implicated the plaintiff in a fraudulent scheme to cause his own paraplegia. Id. at page 5.  Arpins counsel argued for additional time to secure all of the evidence. Judge Squatrito indicated

that there would be absolutely no extensions beyond December 15, 2004.  Id. at page 16.

It turned out that this "final" request for an extension of discovery was nothing more than a delay tactic. There was no evidence implicating the plaintiff in a fraudulent scheme to cause his own paraplegia and Arpin now intends to withdraw that affirmative defense which it injected into the case in order to gain the last delay.

Prior to Judge Squatrito transferring the case to this court, the case was set to be trial ready by February, 2005. Permitting the defendant's motion would be improper for several reasons: 1) discovery is closed; 2) the defendant Arpin has already been granted a last minute extension which turned out to be a delay tactic; 3) the case is now trial ready; 4) the reopening of discovery is unwarranted by the facts as there is no good cause as required by Local Rule 7(b)(2) on or any good faith excuse as to why Arpin did not disclose these experts in a timely fashion 5) the reopening of discovery will delay the trial of this case and likely lead to multiple additional requests by all four parties for extensions based on the need for rebuttal experts and fact witness depositions.

The plaintiff is a paraplegic with custody of and financial responsibility for three young children. He has waited more than 3 years, and would like his day in court has promptly as possible.

The motion should be denied.

2

THE PLAINTIFF,

By: _____
Michael A. Stratton, Esq.
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Juris #:  421593
Telephone:  (203) 624-9500
Fax: (203) 624-9100
MStatton@StrattonFaxon.com


## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via facsimile

transmission and by U.S. Mail, postage prepaid, this day to all counsel and pro

se parties of record:

**Roland F. Moots, Jr., Esq.**
**Moots, Pellegrini, Mannion, Martindale**
**& Dratch**
46 Main Street
New Milford, CT 06776

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
6 Canal Street
P.O. Box 541
Westerly, RI 02891

3

**Susan O'Donnell, Esq.**
**Halloran & Sage**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**James R. Oswald, Esq.**
**Adler, Pollock & Sheehan, PC**
2300 Financial Plaza
Providence, RI  02903-2443

**Harold J. Friedman, Esq.**
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112

_____
Michael A. Stratton, Esq.