Page 1

1                    UNITED STATES DISTRICT COURT
                         DISTRICT OF CONNECTICUT

2

3    SHAWN POULIOT                         :
          Plaintiff,                       :

4

     v.                                    :    CIVIL ACTION NO.
5                                               3:02 CV 1302 (DJS)

     PAUL ARPIN VAN LINES, INC.;           :
6    ARPIN LOGISTICS, INC.; THE FESTO :
     CORPORATION; MICHAEL D. KOVAC         :
7    d/b/a TRANS-EXPO INTERNATIONAL,   :
     ERICA RAMIREZ, IN HER CAPACITY AS:
8    EMPLOYEE OF TRANS-EXPO             :
     INTERNATIONAL,                        :

9

                     MOTION FOR EXPEDITED HEARING
10                    VIA TELEPHONE CONFERENCE
11      DATE:  SEPTEMBER 8, 2004
        TIME:  2:00 P.M.

12

     BEFORE:  JUDGE DOMINIC J. SQUATRITO

13

     APPEARANCES:

14

     FOR THE PLAINTIFF . . . .STRATTON FAXON
15                        BY:  MICHAEL A. STRATTON, ESQUIRE
                               MOOTS, PELLEGRINI, MANNION,
16                             MARTINDALE & DRATCH
                          BY:  ROLAND F. MOOTS, JR., ESQUIRE

17

     FOR THE DEFENDANTS. . . . .LENIHAN, GRADY & STEELE
18   (Paul Arpin)         BY:  THOMAS J. GRADY, ESQUIRE
19   FOR THE DEFENDANTS. . . . .ADLER, POLLACK & SHEEHAN, P.C.
     (Festo)              BY:  JAMES R. OSWALD, ESQUIRE

20

     FOR THE DEFENDANTS. . . . .HALLORAN & SAGE
21   (Trans-Expo)         BY:  SUSAN O'DONNELL, ESQUIRE

22

                     ALLIED COURT REPORTERS, INC.
23                        115 PHENIX AVENUE
                    CRANSTON, RHODE ISLAND  02920
24                        (401) 946-5500

Page 2

1        (COMMENCED AT 2:03 P.M.)

2        JUDGE SQUATRITO:  Here's the issue.  The

3   Defendant wants the Plaintiff's tax returns for '99

4   and 2000.

5        MR. STRATTON:  They were produced in 2003,

6   Your Honor.

7        JUDGE SQUATRITO:  All right.  Were they

8   signed or unsigned?

9        MR. STRATTON:  They were signed by an

10  accountant.

11       JUDGE SQUATRITO:  Is that right?

12       MR. GRADY:  They're not signed, Your

13  Honor.

14       MR. STRATTON:  Your Honor, the issue I

15  have is those are the tax returns for '99-2000.  He

16  had them for a year and a half, and now he wants to

17  get a scheduling delay based on -- I don't

18  understand the issue here.  I'll be happy to get him

19  whatever I possibly can, but these are the tax

20  returns.

21       JUDGE SQUATRITO:  Let's forget about that.

22  The ones that were signed by the taxpayer were

23  probably sent to the government, right?

24       MR. STRATTON:  Right.

Page 3

1         JUDGE SQUATRITO:  And so you have ones

2    that the accountant says are the proper ones, but

3    are photocopies that are unsigned, right?

4         MR. STRATTON:  Right.  We've had two

5    depositions where our guy -- well, the Plaintiff has

6    authenticated them under oath.

7         JUDGE SQUATRITO:  All right.  Okay.  So,

8    as far as I'm concerned, that's acceptable.  Okay.

9    All right.  Next?

10        MR. GRADY:  There's a motion to extend the

11   scheduling order, Judge, and a motion to seal.  This

12   is Tom Grady.  Judge, I asked that this hearing be

13   stenographically recorded.  I spoke with your clerk,

14   and he indicated to me that he spoke to you, and

15   that you refused to do that.

16        JUDGE SQUATRITO:  Yes, of course.

17        MR. GRADY:  But you had no objection if I

18   had the matter stenographically recorded?

19        JUDGE SQUATRITO:  No, but if you people

20   don't have enough billable time, you could all come

21   to the courtroom here, and we can talk about the

22   same thing with a stenographer, and you can waste a

23   lot of time.

24        MR. GRADY:  Okay.  Well, I provided a

1    stenographer, Judge, if you have no objection?

2         JUDGE SQUATRITO:  I have no objection

3    whatsoever.  Just make sure that there's not a slip

4    between the lip and the gum.

5         MR. GRADY:  Okay, Judge, I would hope that

6    everybody would introduce themselves before

7    speaking, so that she can get down the right words

8    with the right person.

9         JUDGE SQUATRITO:  You're the one who has

10   the tough job here, you know that.

11        MR. GRADY:  I understand.

12        JUDGE SQUATRITO:  Okay.  Now, the next

13   one, you want to extend the scheduling order for 60

14   days for more depositions, is that correct?

15        MR. GRADY:  Yes, Your Honor.

16        MR. STRATTON:  Your Honor, there's no

17   reason for this extension.  We have -- we provided

18   multiple dates for the last two damage witnesses,

19   and they're both on damages.  The reports have been

20   fully disclosed.  There's a date that's been given

21   to get these depositions done by October 1st.

22   There's no reason the dispositive motion we should

23   be delayed.  Those would all be on indemnity issues

24   anyway, and they aren't due until November 1st.  And

Page 5

1        I have a client who's a paraplegic who desperately

2        needs an operation and needs to get this matter

3        resolved, tried at some point in the next three,

4        four, or five months, and, you know, to delay in the

5        scheduling of this case any further doesn't make any

6        sense.  There's no reason for it.

7                MR. GRADY:  Judge, I've provided to you --

8        this is Tom Grady speaking -- I've provided to you

9        an investigative report under seal, and I ask that

10       the matter be kept under seal, but I think it

11       clearly shows newly discovered evidence as of the

12       end of August, which is of a very serious nature

13       that we need further discovery to follow up on

14       that.  Furthermore -- furthermore, if I may be --

15               MR. STRATTON:  Has that order been ruled

16       on, because none of us have received this sealed

17       document, and under Local Rule 5 -- this is Michael

18       Stratton speaking -- under Local Rule 5, that

19       document is public information when it is filed, so

20       I don't have a copy --

21               JUDGE SQUATRITO:  It was granted this

22       morning around ten o'clock.

23               MR. STRATTON:  It was granted around ten

24       o'clock this morning?

Page 6

1          JUDGE SQUATRITO:  It was granted around

2     ten o'clock this morning.

3          MR. GRADY:  Thank you, Your Honor.  Now,

4     if I may proceed, Your Honor.  The two experts that

5     Mr. Stratton says are available for the deposition,

6     we do need to depose those in Kentucky, but not in

7     the order that he wants.  We also need to depose the

8     accountant that provided the tax return two weeks

9     ago.  We also need to depose William Tweedy, who is

10    a witness that was subpoenaed twice by the

11    Plaintiff, and showed up -- I've enclosed the

12    deposition text with the motion so that you'd have

13    it.  He's a very important witness.  I don't know

14    why Mr. Stratton has not gone forward, as he

15    represented, and taken this witness's deposition in

16    a courthouse, which is what he represented.  In

17    addition, I --

18          JUDGE SQUATRITO:  How many depositions are

19    there now?

20          MR. GRADY:  I anticipate that we've got

21    another ten to twelve depositions to take, Your

22    Honor.  This is Tom Grady saying that.

23          MR. STRATTON:  This is outrageous.  First

24    of all, I don't have any interest in taking Bill

Page 7

1    Tweedy's deposition anymore, and it was never

2    noticed by the Defendant.  Bill Tweedy came in and

3    said that he would lie under oath, and that was

4    enough for me.

5    JUDGE SQUATRITO:  He said he would lie

6    under oath?

7    MR. STRATTON:  He said he would lie under

8    oath, and he called me a couple of names, and he

9    said he would lie under oath, and he is the

10   dispatcher for the Defendant corporation; and that's

11   all I needed to hear is that he is going to lie

12   under oath, and the deposition was done in about

13   five minutes.  So, I have no intention to renotice

14   that deposition.  I'm going to call Mr. Tweedy into

15   court at the time when the trial takes place.

16   JUDGE SQUATRITO:  Did you write that down

17   under -- was it transcribed that he said he

18   would --

19   MR. STRATTON:  It was transcribed.  He

20   said that he had amnesia and that he would lie.

21   JUDGE SQUATRITO:  All right.  Well, if he

22   comes to court, if this goes to court, you bring

23   that copy of that transcript with you if he's going

24   to testify.

In Re: Motion to Amend Calendar

Page 8

1              MR. STRATTON:  And I think other counsel

2     will vouch for me, he was literally a split second

3     away from throwing a left hook at me for no apparent

4     reason.

5              JUDGE SQUATRITO:  You know, some people

6     don't like the way we proceed in terms of the legal

7     process.

8              MR. STRATTON:  And I really was very

9     civilized with him, but I understand, some people

10    don't like being forced to be compelled to do

11    anything.

12             MR. GRADY:  Apparently, Judge, he was

13    threatened by Mr. Stratton before, and that's why he

14    was so upset.

15             MR. STRATTON:  Yes, that's likely.  The

16    point is, Your Honor, that there is the vocational

17    person, and there is the physiatrist, and I can make

18    them available definitely before the end of the

19    month in Connecticut, and those are the only two

20    witnesses that I believe the defendant has any right

21    to take depositions of.  We're well past the

22    scheduling order here.

23             MR. GRADY:  Judge, he produced the tax

24    return two weeks ago.  We have a right to depose the

In Re: Motion to Amend Calendar

Page 9

1      accountant who prepared that tax return and signed

2      it, and I fully intend to do that.

3                  MR. STRATTON:  We got the same tax return

4      that had not been filed a year ago.  Mr. Pouliot had

5      not filed a 2001 tax return, because he was

6      paralyzed in October of that year and didn't get his

7      paperwork together.  So, the actual filing wasn't

8      done until August of this year.  He had testified as

9      to his earnings.  They're entirely consistent with

10     the filing that was done in August, and this is

11     collateral litigation.  It's absolute collateral

12     litigation.

13                 JUDGE SQUATRITO:  Hold on a second, I've

14     got to address something else here.  Hold on.

15                 (OFF THE RECORD)

16                 JUDGE SQUATRITO:  All right.

17                 MR. GRADY:  Judge, Tom Grady.

18                 JUDGE SQUATRITO:  Yes, go ahead.

19                 MR. GRADY:  I just want to say that

20     Mr. Stratton is trying to limit the amount of

21     depositions that need to be taken to two.  That is,

22     the two damage experts that were indicated before.

23     We also have Mr. Tweedy to do, and we also have the

24     accountant to do, and there are several depositions

Page 10

1    that I think will need to be done with respect to

2    the investigation that's ongoing that's discussed in

3    that sealed document, and I will need subpoena power

4    to be able to, you know, to continue with that

5    investigation.

6           JUDGE SQUATRITO:  What do you mean you

7    need subpoena power?

8           MR. GRADY:  I may need to subpoena

9    records.

10          JUDGE SQUATRITO:  Oh, right.

11          MR. GRADY:  And I don't want to be limited

12   by your scheduling order from doing that, because

13   it's going to affect the scope of our investigation

14   and our defense.

15          MR. STRATTON:  You know, it just boggles

16   my mind, we've been litigating this case for almost

17   three years now, and we have two damage witnesses to

18   go.  Tweedy, you know, Tweedy did a deposition.  I

19   was the one who noticed it.  I'm not interested in

20   renoticing it, and Mr. Grady doesn't have it for

21   trial on the scheduling notice to do Tweedy, and

22   that was his own employee.  The accountant -- I

23   don't understand the need to depose an accountant.

24   You have a tax return, you know, and certainly, if

Page 11

1  we have to do the accountant, he's a damage witness.

2          JUDGE SQUATRITO:  This is what we're going

3  to do.  Unfortunately, sometimes the defendants get

4  a little bit under the gun here, because they're the

5  ones eventually, if they're liable, are going to

6  have to pay, so they'VE got to dot all the i's

7  and cross all the t's.  Okay.  But as a practical

8  matter, I don't see how we are all going to be hurt

9  by extending this for a short period of time,

10  because what we're going to also be able to do is to

11  give you, in all likelihood, a guaranteed trial

12  date.  So, once you file this case, unless there's a

13  summary judgment motion, things held up by the

14  summary judgment motion are ruled upon; but if

15  that's not of a great magnitude, you could be

16  guaranteed a trial for a specific point in time once

17  the summary judgment issue is resolved.  But this is

18  a little different here.  Like right now, today, we

19  could guarantee a trial two or three months from now

20  if there are no summary judgment motions standing.

21          MR. STRATTON:  All there is, Your Honor,

22  on the summary judgment side is the issue between

23  the Festo, Trans-Expo -- there's a couple of third

24  party claims where the question is, is indemnity

Page 12

1    appropriate, given the facts in this case, and I

2    don't think it's a terribly complicated issue.

3              JUDGE SQUATRITO:  No, but what I'm saying

4    is it adds another three or four months to the

5    process.  That's all.  Because by the time somebody

6    files it and there's a response and a rely, and then

7    we get to it, which will take us at least a couple

8    of months to properly respond to it, so you're

9    always adding three or four months every time you

10   have a summary judgment.  But here we're able to

11   give you a guaranteed trial date, and quite often,

12   guaranteed trial date hopefully will help resolve

13   some of the outstanding issues.

14             MR. STRATTON:  As I understand it, the

15   only summary judgment motion that I think anybody

16   can anticipate right now is the issue of an

17   indemnity between the third party claims, and

18   there's no reason that those can't --

19             MR. GRADY:  No, that's not true, Judge.

20   This is Tom Grady speaking.  We contemplate filing a

21   motion for summary judgment against the Plaintiff on

22   some of the claims that they filed.  So, that's

23   another motion that the --

24             JUDGE SQUATRITO:  What kind of claims?

Page 13

1              MR. GRADY:  Claims for punitive damages.

2              JUDGE SQUATRITO:  Can't that be filed now,

3        because --

4              MR. GRADY:  Well, it just -- it wasn't

5        filed, because the scheduling order didn't call for

6        dispositive motions, I think, until mid-October.

7              MR. STRATTON:  I mean, there's no reason,

8        I think Trans-Expo and Festo are looking forward to

9        filing their motions.

10             JUDGE SQUATRITO:  Here's what we're going

11       to do.  If we go through October 31st for all

12       depositions, summary judgment motions would be on

13       November 30th -- excuse me, December 15th, because

14       of the holidays, and then the trial January 15th.

15             MR. STRATTON:  Can we get a date certain,

16       Your Honor?  My client --

17             JUDGE SQUATRITO:  For what?

18             MR. STRATTON:  For trial?

19             JUDGE SQUATRITO:  How can you have a date

20       certain for trial, if we don't know if the summary

21       judgment motions are going to wipe out certain

22       claims?  I can give you a date right now, but you're

23       not ready.

24             MR. STRATTON:  Well, the Plaintiff is

Page 14

1    ready.

2    JUDGE SQUATRITO:  I know you're ready, but

3    there are going to be motions that are going to be

4    filed, so as a practical matter, it's almost

5    impossible.  It's a hurry up and wait, and if you

6    want to have a judgment, hopefully, if you get a

7    judgment that will stand, you can't have outstanding

8    legal issues that would perhaps curtail it or make

9    it inappropriate.  I mean, you know, if you get a

10   judgment, you want it to stick, don't you?

11   MR. STRATTON:  Yes, I absolutely do, but

12   I have a client who desperately needs an operation

13   and is holding off on it because it's got a

14   recuperation period that's very, very long.  He's

15   got sole custody of his three kids and desperately

16   needs some funds.

17   JUDGE SQUATRITO:  Workers' Comp. doesn't

18   apply here at all?

19   MR. GRADY:  Well, that's still an open

20   question, Judge, I think.

21   JUDGE SQUATRITO:  Can't he get the money

22   on Workers' Comp. temporarily?

23   MR. GRADY:  Well, I think it's a question

24   that you already decided in part.  You know, I don't

Page 15

1     know how that's going to shake out, but I think you

2     decided that -- we had argued that this man was an

3     employee, and that it was a Workers' Compensation

4     matter, and I think you took the position that it

5     wasn't.

6                    JUDGE SQUATRITO:   That he's an independent

7     contractor?

8                    MR. GRADY:   That he's an independent

9     contractor, right.   So, that's where it sits at the

10    present time.

11                   JUDGE SQUATRITO:   All right.   So,

12    basically, we're going to send you out a rewritten

13    scheduling order on this.

14                   MR. GRADY:   Okay, Judge.   Thank you, very

15    much.

16                   MR. STRATTON:   Your Honor, I'm a little

17    disturbed by the things being filed under seal.   I

18    mean, there has to be some kind of burden that's

19    been demonstrated that allows things to be filed

20    under seal.   I mean, I'd like an opportunity to file

21    a motion to unseal whatever document that has been

22    provided to the court.   It seems highly unusual to

23    be providing investigative documents.

24                   MR. GRADY:   It was provided, Your Honor,

Page 16

1       for the sole purpose of showing you that there was

2       substance to our request to extend the scheduling

3       order, that it wasn't a dilatory or a delaying

4       motion, and that was the narrow reason that it was

5       filed.  It's work product.  It's protected by the

6       work product privilege, I believe, and I believe

7       that the scheduling order is a just and right order,

8       the sealed order.

9               MR. STRATTON:  Where are we heading in

10      terms of additional discovery?  Anywhere?  Are all

11      the flood gates open here for --

12              THE CLERK:  If I could go over that real

13      quick the scheduling order the Judge just laid out

14      for you.  The discovery ends on October 31st.

15              MR. GRADY:  Right.

16              THE CLERK:  There will be no further

17      extensions granted.  The Judge has said that, even

18      though he didn't say it to you just now, it will be

19      included in the order that there will be no further

20      extensions and the dispositive motions are due on

21      December 15th.  I believe at this point, although I

22      don't have the scheduling in front of me, that

23      any -- if there are changes in the nature of the

24      case or claims presented need to be approved by the

1      court, whether it's a motion to amend the answer or

2      the complaint.  So, to the extent that any changes

3      are made in the nature of the case or in the claims

4      that are subject to ruling or trial, you'll all be

5      aware of it, because motions will need to be made,

6      and changes will be made in the documents as

7      necessary; but I don't know that there's a whole lot

8      to discuss about sort of the nature or extent or

9      scope of discovery.  Discovery ends on October 31st,

10     and that's that, and I think as of right now, you

11     all understand what the claims that are presented in

12     the case are, and again, if they're going to change,

13     you'll have notice of that.

14              MR. GRADY:  Okay.  Thank you, very much.

15              JUDGE SQUATRITO:  Anything else, folks?

16              MR. STRATTON:  That's it.  Thank you, Your

17     Honor.

18              JUDGE SQUATRITO:  If you can, fight the

19     subject matter, not each other.

20              MR. STRATTON:  Thanks, Judge.

21              MR. GRADY:  Thank you, Judge.

22              (HEARING ENDED AT 2:30 P.M.)

23

24

9/8/2004                                        In Re: Motion to Amend Calendar

Page 18

1

2

3

4

5                    C-E-R-T-I-F-I-C-A-T-E

6      I, Michele Kelly Gaudet, do hereby certify that I am
       expressly approved as a person qualified and
7      authorized to take depositions pursuant to Rules of
       Civil Procedure of the Superior Court of Rhode
8      Island, especially, but without restriction thereto,
       under Rule 30 (e) of said Rules; that the witness was
9      first sworn by me; that the transcript contains a
       true record of the proceedings.

10

       IN WITNESS WHEREOF, I have hereunto set my hand this
11     9th day of September 2004.

12

       *Michele Kelly Gaudet, Notary Public*
13     MICHELE KELLY GAUDET, NOTARY PUBLIC/RPR

       MY COMMISSION EXPIRES JULY 2, 2005

14

15

16

17

18

19

20

21

22

23

24

9/8/2004                                          In Re: Motion to Amend Calendar

Page 19

| A | | | | |
|---|---|---|---|---|
| **A** | bring 7:22 | **CRANSTON** 1:23 | documents 15:23 | forced 8:10 |
| able 10:4 11:10 | burden 15:18 | cross 11:7 | 17:6 | forget 2:21 |
| 12:10 | | curtail 14:8 | doing 10:12 | forward 6:14 13:8 |
| absolute 9:11 | **C** | custody 14:15 | **DOMINIC** 1:12 | four 5:4 12:4,9 |
| absolutely 14:11 | call 7:14 13:5 | **CV** 1:5 | dot 11:6 | front 16:22 |
| acceptable 3:8 | called 7:8 | C-E-R-T-I-F-I-C-_ | **DRATCH** 1:16 | fully 4:20 9:2 |
| accountant 2:10 3:2 | **CAPACITY** 1:7 | 18:5 | due 4:24 16:20 | funds 14:16 |
| 6:8 9:1,24 10:22 | case 5:5 10:16 11:12 | | d/b/a 1:7 | further 5:5,13 16:16 |
| 10:23 11:1 | 12:1 16:24 17:3,12 | **D** | | 16:19 |
| **ACTION** 1:4 | certain 13:15,20,21 | **D** 1:6 | **E** | furthermore 5:14,14 |
| actual 9:7 | certainly 10:24 | damage 4:18 9:22 | e 18:8 | |
| adding 12:9 | certify 18:6 | 10:17 11:1 | earnings 9:9 | **G** |
| addition 6:17 | change 17:12 | damages 4:19 13:1 | employee 1:8 10:22 | gates 16:11 |
| additional 16:10 | changes 16:23 17:2 | date 1:11 4:20 11:12 | 15:3 | Gaudet 18:6,13 |
| address 9:14 | 17:6 | 12:11,12 13:15,19 | enclosed 6:11 | give 11:11 12:11 |
| adds 12:4 | Civil 1:4 18:7 | 13:22 | **ENDED** 17:22 | 13:22 |
| **ADLER** 1:19 | civilized 8:9 | dates 4:18 | ends 16:14 17:9 | given 4:20 12:1 |
| affect 10:13 | claims 11:24 12:17 | day 18:11 | entirely 9:9 | go 9:18 10:18 13:11 |
| ago 6:9 8:24 9:4 | 12:22,24 13:1,22 | days 4:14 | **ERICA** 1:7 | 16:12 |
| ahead 9:18 | 16:24 17:3,11 | December 13:13 | especially 18:8 | goes 7:22 |
| **ALLIED** 1:22 | clearly 5:11 | 16:21 | **ESQUIRE** 1:15,16 | going 7:11,14,23 |
| allows 15:19 | clerk 3:13 16:12,16 | decided 14:24 15:2 | 1:18,19,21 | 10:13 11:2,5,8,10 |
| amend 17:1 | client 5:1 13:16 | defendant 2:3 7:2,10 | eventually 11:5 | 13:10,21 14:3,3 |
| amnesia 7:20 | 14:12 | 8:20 | everybody 4:6 | 15:1,12 17:12 |
| amount 9:20 | collateral 9:11,11 | defendants 1:17,19 | evidence 5:11 | government 2:23 |
| answer 17:1 | come 3:20 | 1:20 11:3 | excuse 13:13 | Grady 1:17,18 2:12 |
| anticipate 6:20 | comes 7:22 | defense 10:14 | **EXPEDITED** 1:9 | 3:10,12,17,24 4:5 |
| 12:16 | **COMMENCED** 2:1 | definitely 8:18 | experts 6:4 9:22 | 4:11,15 5:7,8 6:3 |
| anybody 12:15 | **COMMISSION** | delay 2:17 5:4 | **EXPIRES** 18:13 | 6:20,22 8:12,23 |
| anymore 7:1 | 18:13 | delayed 4:23 | expressly 18:6 | 9:17,17,19 10:8,11 |
| anyway 4:24 | Comp 14:17,22 | delaying 16:3 | extend 3:10 4:13 | 10:20 12:19,20 |
| apparent 8:3 | compelled 8:10 | demonstrated 15:19 | 16:2 | 13:1,4 14:19,23 |
| Apparently 8:12 | Compensation 15:3 | depose 6:6,7,9 8:24 | extending 11:9 | 15:8,14,24 16:15 |
| **APPEARANCES** | complaint 17:2 | 10:23 | extension 4:17 | 17:14,21 |
| 1:13 | complicated 12:2 | deposition 6:5,12,15 | extensions 16:17,20 | granted 5:21,23 6:1 |
| apply 14:18 | concerned 3:8 | 7:1,12,14 10:18 | extent 17:2,8 | 16:17 |
| appropriate 12:1 | **CONFERENCE** | depositions 3:5 4:14 | | great 11:15 |
| approved 16:24 18:6 | 1:10 | 4:21 6:18,21 8:21 | **F** | guarantee 11:19 |
| argued 15:2 | Connecticut 1:1 | 9:21,24 13:12 18:7 | **F** 1:16 | guaranteed 11:11,16 |
| Arpin 1:5,6,18 | 8:19 | desperately 5:1 | facts 12:1 | 12:11,12 |
| asked 3:12 | consistent 9:9 | 14:12,15 | far 3:8 | gum 4:4 |
| August 5:12 9:8,10 | contains 18:9 | different 11:18 | **FAXON** 1:14 | gun 11:4 |
| authenticated 3:6 | contemplate 12:20 | dilatory 16:3 | Festo 1:6,19 11:23 | guy 3:5 |
| authorized 18:7 | continue 10:4 | disclosed 4:20 | 13:8 | |
| available 6:5 8:18 | contractor 15:7,9 | discovered 5:11 | fight 17:18 | **H** |
| **AVENUE** 1:23 | copy 5:20 7:23 | discovery 5:13 16:10 | file 11:12 15:20 | half 2:16 |
| aware 17:5 | corporation 1:6 7:10 | 16:14 17:9,9 | filed 5:19 9:4,5 | **HALLORAN** 1:20 |
| | correct 4:14 | discuss 17:8 | 12:22 13:2,5 14:4 | hand 18:10 |
| **B** | counsel 8:1 | discussed 10:2 | 15:17,19 16:5 | happy 2:18 |
| based 2:17 | couple 7:8 11:23 | dispatcher 7:10 | files 12:6 | heading 16:9 |
| basically 15:12 | 12:7 | dispositive 4:22 13:6 | filing 9:7,10 12:20 | hear 7:11 |
| believe 8:20 16:6,6 | course 3:16 | 16:20 | 13:9 | hearing 1:9 3:12 |
| 16:21 | court 1:1,22 7:15,22 | **DISTRICT** 1:1,1 | first 6:23 18:9 | 17:22 |
| Bill 6:24 7:2 | 7:22 15:22 17:1 | disturbed 15:17 | five 5:4 7:13 | held 11:13 |
| billable 3:20 | 18:7 | **DJS** 1:5 | flood 16:11 | help 12:12 |
| bit 11:4 | courthouse 6:16 | document 5:17,19 | folks 17:15 | hereunto 18:10 |
| boggles 10:15 | courtroom 3:21 | 10:3 15:21 | follow 5:13 | highly 15:22 |

| | | | | |
|---|---|---|---|---|
| **Hold** 9:13,14 | 15:14 16:13,17 | 10:16 | 14:7 | **Q** |
| **holding** 14:13 | 17:15,18,20,21 | **minutes** 7:13 | **o'clock** 5:22,24 6:2 | **qualified** 18:6 |
| **holidays** 13:14 | **judgment** 11:13,14 | **money** 14:21 | **O'DONNELL** 1:21 | **question** 11:24 14:20 |
| **Honor** 2:6,13,14 | 11:17.20,22 12:10 | **month** 8:19 | | 14:23 |
| 4:15,16 6:3,4,22 | 12:15.21 13:12,21 | **months** 5:4 11:19 | **P** | **quick** 16:13 |
| 8:16 11:21 13:16 | 14:6,7.10 | 12:4,8,9 | **paperwork** 9:7 | **quite** 12:11 |
| 15:16,24 17:17 | **JULY** 18:13 | **MOOTS** 1:15,16 | **paralyzed** 9:6 | |
| **hook** 8:3 | | **morning** 5:22,24 6:2 | **paraplegic** 5:1 | **R** 1:19 |
| **hope** 4:5 | **K** | **motion** 1:9 3:10,11 | **part** 14:24 | **RAMIREZ** 1:7 |
| **hopefully** 12:12 14:6 | **Kelly** 18:6,13 | 4:22 6:12 11:13,14 | **party** 11:24 12:17 | **ready** 13:23 14:1,2 |
| **hurry** 14:5 | **Kentucky** 6:6 | 12:15,21,23 15:21 | **Paul** 1:5,18 | **real** 16:12 |
| **hurt** 11:8 | **kept** 5:10 | 16:4 17:1 | **pay** 11:6 | **really** 8:8 |
| | **kids** 14:15 | **motions** 11.20 13:6 | **PELLEGRINI** 1:15 | **reason** 4:17,22 5:6 |
| **I** | **kind** 12:24 15:18 | 13:9,12,21 14:3 | **people** 3:19 8:5,9 | 8:4 12:18 13:7 |
| **important** 6:13 | **know** 4:10 5:4 6:13 | 16:20 17:5 | **period** 11:9 14:14 | 16:4 |
| **impossible** 14:5 | 8:5 10:4,15,18,24 | **multiple** 4:18 | **person** 4:8 8:17 18:6 | **received** 5:16 |
| **inappropriate** 14:9 | 13:20 14:2,9,24 | | **PHENIX** 1:23 | **record** 9:15 18:9 |
| **included** 16:19 | 15:1 17:7 | **N** | **photocopies** 3:3 | **recorded** 3:13,18 |
| **indemnity** 4:23 | **KOVAC** 1:6 | **names** 7:8 | **physiatrist** 8:17 | **records** 10:9 |
| 11:24 12:17 | | **narrow** 16:4 | **place** 7:15 | **recuperation** 14:14 |
| **independent** 15:6,8 | **L** | **nature** 5:12 16:23 | **Plaintiff** 1:3,14 3:5 | **refused** 3:15 |
| **indicated** 3:14 9:22 | **laid** 16:13 | 17:3,8 | 6:11 12:21 13:24 | **rely** 12:6 |
| **information** 5:19 | **left** 8:3 | **necessary** 17:7 | **Plaintiff's** 2:3 | **renotice** 7:13 |
| **intend** 9:2 | **legal** 8:6 14:8 | **need** 5:13 6:6,7,9 | **point** 5:3 8:16 11:16 | **renoticing** 10:20 |
| **intention** 7:13 | **LENIHAN** 1:17 | 9:21 10:1,3,7,8,23 | 16:21 | **report** 5:9 |
| **interest** 6:24 | **Let's** 2:21 | 16:24 17:5 | **POLLACK** 1:19 | **REPORTERS** 1:22 |
| **interested** 10:19 | **liable** 11:5 | **needed** 7:11 | **position** 15:4 | **reports** 4:19 |
| 7:7,8 | **lie** 7:3,5,7,9,11,20 | **needs** 5:2,2 14:12,16 | **possibly** 2:19 | **represented** 6:15,16 |
| **INTERNATIONAL** | **likelihood** 11:11 | **never** 7:1 | **Pouliot** 1:3 9:4 | **request** 16:2 |
| 1:7,8 | **limit** 9:20 | **newly** 5:11 | **power** 10:3,7 | **resolve** 12:12 |
| **introduce** 4:6 | **limited** 10:11 | **NOTARY** 18:13 | **practical** 11:7 14:4 | **resolved** 5:3 11:17 |
| **investigation** 10:2,5 | **LINES** 1:5 | **notice** 10:21 17:13 | **prepared** 9:1 | **respect** 10:1 |
| 10:13 | **lip** 4:4 | **noticed** 7:2 10:19 | **present** 15:10 | **respond** 12:8 |
| **investigative** 5:9 | **literally** 8:2 | **November** 4:24 | **presented** 16:24 | **response** 12:6 |
| 15:23 | **litigating** 10:16 | 13:13 | 17:11 | **restriction** 18:8 |
| **Island** 1:23 18:8 | **litigation** 9:11.12 | | **privilege** 16:6 | **return** 6:8 8:24 9:1,3 |
| **issue** 2:2,14,18 11:17 | **little** 11:4,18 15:16 | **O** | **probably** 2:23 | 9:5 10:24 |
| 11:22 12:2,16 | **Local** 5:17,18 | **oath** 3:6 7:3,6,8,9,12 | **Procedure** 18:7 | **returns** 2:3,15,20 |
| **issues** 4:23 12:13 | **LOGISTICS** 1:6 | **objection** 3:17 4:1,2 | **proceed** 6:4 8:6 | **rewritten** 15:12 |
| 14:8 | **long** 14:14 | **October** 4:21 9:6 | **proceedings** 18:9 | **Rhode** 1:23 18:7 |
| **i's** 11:6 | **looking** 13:8 | 13:11 16:14 17:9 | **process** 8:7 12:5 | **right** 2:7,11,23,24 |
| | **lot** 3:23 17:7 | **Oh** 10:10 | **produced** 2:5 8:23 | 3:3,4,7,9 4:7,8 |
| **J** | | **Okay** 3:7,8,24 4:5,12 | **product** 16:5,6 | 7:21 8:20,24 9:16 |
| **J** 1:12,18 | **M** | 11:7 15:14 17:14 | **proper** 3:2 | 10:10 11:18 12:16 |
| **JAMES** 1:19 | **magnitude** 11:15 | **once** 11:12,16 | **properly** 12:8 | 13:22 15:9,11 16:7 |
| **January** 13:14 | **man** 15:2 | **ones** 2:22 3:1,2 11:5 | **protected** 16:5 | 16:15 17:10 |
| **job** 4:10 | **MANNION** 1:15 | **ongoing** 10:2 | **provided** 3:24 4:17 | **ROLAND** 1:16 |
| **JR** 1:16 | **MARTINDALE** | **open** 14:19 16:11 | 5:7,8 6:8 15:22,24 | **Rule** 5:17,18 18:8 |
| **Judge** 1:12 2:2,7,11 | 1:16 | **operation** 5:2 14:12 | **providing** 15:23 | **ruled** 5:15 11:14 |
| 2:21 3:1,7,11,12 | **matter** 3:18 5:2.10 | **opportunity** 15:20 | **public** 5:19 | **Rules** 18:7,8 |
| 3:16,19 4:1,2,5,9 | 11:8 14:4 15:4 | **order** 3:11 4:13 5:15 | **PUBLIC/RPR** 18:13 | **ruling** 17:4 |
| 4:12 5:7,21 6:1,18 | 17:19 | 6:7 8:22 10:12 | **punitive** 13:1 | |
| 7:5,16,21 8:5,12 | **mean** 10:6 13:7 14:9 | 13:5 15:13 16:3,7 | **purpose** 16:1 | **S** |
| 8:23 9:13,16,17,18 | 15:18,20 | 16:7,8,13,19 | **pursuant** 18:7 | **SAGE** 1:20 |
| 10:6,10 11:2 12:3 | **Michael** 1:6,15 5:17 | **OSWALD** 1:19 | **P C** 1:19 | **saying** 6:22 12:3 |
| 12:19,24 13:2,10 | **Michele** 18:6,13 | **outrageous** 6:23 | **P.M** 1:11 2:1 17:22 | **says** 3:2 6:5 |
| 13:17,19 14:2,17 | **mid-October** 13:6 | **outstanding** 12:13 | | |
| 14:20.21 15:6,11 | **mind** | | | |

scheduling 2:17 3:11
    4:13 5:5 8:22
    10:12,21 13:5
    15:13 16:2,7,13.22
scope 10:13 17:9
seal 3:11 5:9,10
    15:17,20
sealed 5:16 10:3
    16:8
second 8:2 9:13
see 11:8
send 15:12
sense 5:6
sent 2:23
September 1:11
    18:11
serious 5:12
set 18:10
shake 15:1
SHAWN 1:3
SHEEHAN 1:19
short 11:9
showed 6:11
showing 16:1
shows 5:11
side 11:22
signed 2:8,9,12,22
    9:1
sits 15:9
slip 4:3
sole 14:15 16:1
somebody 12:5
sort 17:8
speaking 4:7 5:8,18
    12:20
specific 11:16
split 8:2
spoke 3:13,14
SQUATRITO 1:12
    2:2,7,11,21 3:1,7
    3:16,19 4:2,9,12
    5:21 6:1,18 7:5,16
    7:21 8:5 9:13,16
    9:18 10:6,10 11:2
    12:3,24 13:2,10,17
    13:19 14:2,17,21
    15:6,11 17:15,18
stand 14:7
standing 11:20
STATES 1:1
STEELE 1:17
stenographer 3:22
    4:1
stenographically
    3:13,18
stick 14:10
Stratton 1:14,15 2:5

2:9,14,24 3:4 4:16
    5:15,18,23 6:5,14
    6:23 7:7,19 8:1,8
    8:13,15 9:3,20
    10:15 11:21 12:14
    13:7,15,18,24
    14:11 15:16 16:9
    17:16,20
subject 17:4,19
subpoena 10:3,7,8
subpoenaed 6:10
substance 16:2
summary 11:13,14
    11:17,20,22 12:10
    12:15,21 13:12,20
Superior 18:7
sure 4:3
SUSAN 1:21
sworn 18:9

**T**

take 6:21 8:21 12:7
    18:7
taken 6:15 9:21
takes 7:15
talk 3:21
tax 2:3,15,19 6:8
    8:23 9:1,3,5 10:24
taxpayer 2:22
TELEPHONE 1:10
temporarily 14:22
ten 5:22,23 6:2,21
terms 8:6 16:10
terribly 12:2
testified 9:8
testify 7:24
text 6:12
Thank 6:3 15:14
    17:14,16,21
Thanks 17:20
thereto 18:8
thing 3:22
things 11:13 15:17
    15:19
think 5:10 8:1 10:1
    12:2,15 13:6,8
    14:20,23 15:1,4
    17:10
third 11:23 12:17
THOMAS 1:18
threatened 8:13
three 5:3 10:17
    11:19 12:4,9 14:15
throwing 8:3
time 1:11 3:20,23
    7:15 11:9,16 12:5
    12:9 15:10

today 11:18
Tom 3:12 5:8 6:22
    9:17 12:20
tough 4:10
transcribed 7:17,19
transcript 7:23 18:9
Trans-Expo 1:7,8,21
    11:23 13:8
trial 7:15 10:21
    11:11,16,19 12:11
    12:12 13:14,18,20
    17:4
tried 5:3
true 12:19 18:9
trying 9:20
Tweedy 6:9 7:2,14
    9:23 10:18,18,21
Tweedy's 7:1
twelve 6:21
twice 6:10
two 3:4 4:18 6:4,8
    8:19,24 9:21,22
    10:17 11:19
t's 11:7

**U**

understand 2:18
    4:11 8:9 10:23
    12:14 17:11
Unfortunately 11:3
UNITED 1:1
unseal 15:21
unsigned 2:8 3:3
unusual 15:22
upset 8:14

**V**

v 1:4
VAN 1:5
vocational 8:16
vouch 8:2

**W**

wait 14:5
want 4:13 9:19
    10:11 14:6,10
wants 2:3,16 6:7
wasn't 9:7 13:4 15:5
    16:3
waste 3:22
way 8:6
weeks 6:8 8:24
we're 8:21 11:2.10
    12:10 13:10 15:12
we've 3:4 6:20 10:16
whatsoever 4:3
WHEREOF 18:10
William

6:9
wipe 13:21
witness 6:10,13 11:1
    18:8,10
witnesses 4:18 8:20
    10:17
witness's 6:15
words 4:7
work 16:5,6
Workers 14:17,22
    15:3
write 7:16

**Y**

year 2:16 9:4,6,8
years 10:17

**0**

02920 1:23

**1**

1st 4:21,24
115 1:23
1302 1:5
15th 13:13,14 16:21

**2**

2 18:13
2:00 1:11
2:03 2:1
2:30 17:22
2000 2:4
2001 9:5
2003 2:5
2004 1:11 18:11
2005 18:13

**3**

3:02 1:5
30 18:8
30th 13:13
31st 13:11 16:14
    17:9

**4**

401 1:24

**5**

5 5:17,18

**6**

60 4:13

**8**

8 1:11

**9**

9th 18:11

946-5500 1:24
99 2:3
99-2000 2:15