UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02 CV 1302 (JCH) |
| | : | |
| PAUL ARPIN VAN LINES, INC.; | : | |
| ARPIN LOGISTICS, INC.; THE FESTO | : | |
| CORPORATION; MICHAEL D. KOVAC | : | |
| d/b/a TRANS-EXPO INTERNATIONAL, | : | |
| ERICA RAMIREZ, IN HER CAPACITY AS | : | |
| EMPLOYEE OF TRANS-EXPO | : | |
| INTERNATIONAL | : | March 11, 2005 |
| | : | |
| Defendants | : | |

***DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND
ARPIN LOGISTICS, INC.'S REPLY TO PLAINTIFF'S
MEMORANDUM OF LAW IN OPPOSITION TO MOTION FOR
LEAVE TO DISCLOSE ADDITIONAL EXPERT WITNESSES***

Pursuant to Local Rule 7(d), Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin" or "Arpin Defendants") submit this Reply to Plaintiff's Memorandum of Law in Opposition to Arpin's Motion for Leave to Disclose Additional Expert Witnesses.[1]

Although Plaintiff attempts to suggest otherwise in order to bias the Court against Arpin, the issue before the Court does not concern the affirmative defense of fraud. *See* Opposition at pp. 1, 2. The issue, as discussed in Arpin's Motion and supporting

---

[1] Plaintiff has titled the pleading he filed on March 2, 2005 a "Memorandum of Law in Opposition to the Defendant Arpin's Request to Amend the Scheduling Order" (hereinafter "Opposition"); however, Arpin's pleading, filed February 18, 2005, is a Motion for Leave to Disclose Additional Expert Witnesses. By its motion, Arpin does not seek a broad reopening of discovery in this matter, but rather a chance to fully present its case on Plaintiff's damages claim to the jury, through appropriate experts. Accordingly, Plaintiff's reliance on Local Rule 7(b)(2) is misplaced. *See* Opposition at p. 2. This Court should, instead, consider the analysis set out in Arpin's February 18, 2005 Memorandum of Law and grant the Motion for Leave to Disclose Additional Experts.

Memorandum of Law, is Arpin's need to fully present its defense at trial. Arpin's undersigned new trial counsel's decision to designate damages experts introduces no new issues into this case. Arpin's new counsel's designation of these experts has nothing to do with delay; but indeed has to do with providing the jury with full perspectives on the extent and value of Plaintiff's damages in this important case.

The witnesses will be available for deposition promptly, so continuance of the trial is not required. Furthermore, as Arpin has already indicated, there are a number of substantive and procedural steps to be taken before the case is trial ready. For example, the Defendants' extensive motions for summary judgment are currently pending before the Court. Also, the Court must hold a Pretrial Conference to discuss the timing for *in limine* and other pretrial motions and submission of other pretrial pleadings in this complex matter to allow for the orderly presentation of the trial. Sufficient time exists for Plaintiff to fully explore Defendants' experts' comprehensive reports and to depose these two witnesses if he chooses to do so.

## **CONCLUSION**

Plaintiff would like, and is entitled to "his day in court." *See* Opposition at p. 2. However, Arpin is equally entitled to present its full defense, to which the testimony of Dr. Burke and Dr. McCausland is crucial. For the foregoing reasons and for the reasons set forth in Arpin's Memorandum of Law in Support of its Motion for Leave to Disclose Additional Expert Witnesses, this Court should grant Arpin's Motion, and such other and further relief as the Court deems appropriate.

Dated this 11th day of March, 2005.

                Defendants Paul Arpin Van Lines, Inc. and
                Arpin Logistics, Inc.,
                By their attorneys:

/s/ Karen Frink Wolf
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF &
LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

  This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 11th day of March, 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |
| Thomas J. Grady, Esq.<br>Lenihan Grady & Steele<br>6 Canal Street<br>PO Box 541<br>Westerly, RI 02891-0541 | Susan O'Donnell, Esq.<br>Halloran & Sage<br>One Goodwin Sq., 225 Asylum St.<br>Hartford, CT  06103 |
| James R. Oswald, Esq.<br>Adler, Pollock & Sheehan<br>One Citizens Plaza, 8th Floor<br>Providence, RI  02903-2443 | |

             /s/ Karen Frink Wolf
            Karen Frink Wolf, Esq. CT 26494