UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | CIVIL ACTION |
|    Plaintiff | : | NO. 3:02 CV1302 (JCH) |
| | : | |
| v. | : | |
| | : | |
| PAUL ARPIN VAN LINES, INC. AND | : | |
| ARPIN LOGISTICS, INC. | : | |
| FESTO CORPORATION, MICHAEL | : | |
| D. KOVAC D/B/A TRANS-EXPO | : | |
| INTERNATIONAL, AND ERICA | : | |
| RAMIREZ IN HER CAPACITY AS | : | |
| EMPLOYEE OF TRANS-EXPO | : | |
| INTERNATIONAL | : | |
|    Defendants | : | JANUARY 25, 2005 |

## ***OBJECTION TO PLAINTIFF'S MOTION TO COMPEL***

Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter "Arpin") hereby object to Plaintiff's Motion to Compel Full Answers to Plaintiff's Discovery Request dated January 10, 2005.

On January 10, 2005, Plaintiff filed a Motion to Compel Full Answers to Plaintiff's Discovery Request. In that motion, the Plaintiff requested more responsive answers to the Plaintiff's Second Set of Interrogatories and Second Request For Production of Documents which Arpin answered on January 6, 2005. Arpin objects to the Plaintiff's motion on grounds that it has provided full and responsive answers to the Plaintiff's interrogatories.

In its interrogatories, the Plaintiff requested (1) all information supporting Arpin's special defense of fraud; (2) any recorded surveillance of the Plaintiff; and (3) the medical records of all Arpin personnel who participated in the drafting of Arpin's special defense of fraud. Arpin provided Supplemental Answers to the Plaintiff's Second Set of Interrogatories on January 6, 2005.

In his Motion to Compel, Plaintiff now seeks "more responsive" answers to Arpin's Supplemental Answers asking (1) whether any recorded surveillance was taken of the Plaintiff and (2) that Arpin provide Plaintiff with copies of the recordings of which Arpin is in possession.

In response to Plaintiff's interrogatory regarding any recorded surveillance of the Plaintiff, Arpin responded in its supplemental answers that it had not taken any recorded surveillance of the Plaintiff nor was any made at Arpin's direction. Arpin responded in its answer that it discovered that Mark Bibbee and Charity Bibbee recorded conversations with the Plaintiff. Arpin responded that it was in possession of four original cassette tapes which were recorded by Charity Bibbee. Arpin made those tapes available to the Plaintiff at the undersigned counsel's office. Arpin also referred the Plaintiff to an investigative report regarding Mark and Charity Bibbee's activities in recording the Plaintiff. This investigative report had already been disclosed as an exhibit to the deposition of Mark Bibbee at which Plaintiff's counsel was in

attendance.

Arpin is unaware of, nor does it possess, any other recordings and has no knowledge of whether any other recorded surveillance has taken place. Arpin's answers to the Plaintiff are full and responsive.

Through the vehicle of a motion to compel, Plaintiff has now demanded that Arpin make copies of the tapes and send them to him. Because Arpin has made these tapes available to the Plaintiff, it is not obligated to make copies as well. In a showing of good faith, however, Arpin mailed copies of these cassette tapes to the Plaintiff's counsel on January 25, 2005. This altogether reasonable request could have been made without a motion to compel and without the intervention of the court.

Plaintiff's counsel never contacted Arpin counsel in order to resolve such discovery issues. Instead, Plaintiff's counsel filed a motion to compel and did not comply with the meet and confer requirements of Local Rule 37(a)(2) and Fed.R.Civ.P. 37(a)(2)(A). Due to its full and responsive answers to the Plaintiff's Second Set of Interrogatories and Request For Production of Documents and Plaintiff's failure to meet and confer prior to filing a motion to compel, the Plaintiff's Motion to Compel must be denied.

                                                Defendants/Third-Party Plaintiffs/
                                                Cross-Claim Plaintiffs

By Their Attorney

_____
Thomas J. Grady, Esquire
Federal Bar No. CT 17139
LENIHAN, GRADY & STEELE
6 Canal Street
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)
tjg19872@aol.com

_____
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esquire
Federal Bar No. CT 26494
FRIEDMAN  GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

### *CERTIFICATION OF NOTICE*

     I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this ____ day of April, 2005 to Michael A. Stratton, Esquire of *Stratton Faxon,* 59 Elm Street, New Haven, CT  06510, Roland F. Moots, Jr., Esquire *of Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT  06776, Susan O'Donnell, Esquire of *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT  06103, James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI  02903-2443, Harold Friedman, Esq., *Friedman, Gaythwaite, Wolf & Leavitt*, Six City Center, P.O. Box 4726, Portland, Maine 04112-4726 and Karen Frink Wolf, Esq., *Friedman, Gaythwaite, Wolf & Leavitt*, Six City Center, P.O. Box 4726, Portland, Maine 04112-4726

                                                                                                                               _____