UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | June 17, 2005 |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | |
| Defendants | ) | |
| | ) | |

### *DEFENDANT ARPIN'S MOTION TO QUASH SUBPOENA*

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin" or "Defendant"), move to quash the Subpoena (hereinafter "Subpeona") that was issued by James L. Wagner, and was served upon Mr. Pat Foran on June 3, 2005. The reasons for this motion are fully set forth below.

### BACKGROUND

**A.      PRE-ISSUANCE OF SUBPOENA**

This action arises out of an October 23, 2001 accident in which Plaintiff was injured while unloading a truck owned by Paul Arpin Van Lines, Inc. On or about August 12, 2004, counsel for Arpin, Thomas Grady, was contacted by Mark Bibbee, an acquaintance of and the accountant for Plaintiff.[1] Mr. Bibbee told Mr. Grady that Plaintiff had suggested to him that the October 23, 2001 accident had been staged. Based on the information from Mr. Bibbee, Mr. Grady was obliged to investigate on behalf of Arpin whether Plaintiff had, indeed, staged the accident.[2] When Arpin sought discovery on the issue, however, this court issued a protective

---

[1] At the time of his August 12, 2004 call to Mr. Grady, Mr. Bibbee was married to Plaintiff's ex-wife.
[2] Immediately following Mr. Grady's conversation with Mr. Bibbee, Defendant Arpin retained the services of an investigator, Mr. Pat Foran, to explore the possibility of fraud. Mr. Foran consulted with Defendant Arpin's counsel and investigated the facts and circumstances surrounding the underlying basis for the alleged incident of fraud.

ORAL ARGUMENT REQUESTED

order on grounds that "Arpin ha[d] not offered as an affirmative counter-claim or as a defense to [Plaintiff]'s action any claim or count of fraud or mistake that might serve as a legal barrier to a jury finding Arpin liable of negligence." *See* Memorandum of Decision and Order, dated September 27, 2004, at pp. 2-3.  In response to the court's September 27th protective order, Arpin filed an Amended Answer and Crossclaims to Plaintiff's Fifth Amended Complaint on October 19, 2004.  As the Eighteenth Defense in its Amended Answer, Arpin asserted the affirmative defense of fraud.  Thereafter, on November 2, 2004, the court vacated its September 27th protective order and granted Arpin leave to proceed with discovery on the fraud issue.

Defendant Arpin initially responded on November 4, 2004, to Plaintiff's Interrogatories and Requests for Document Production regarding the basis for the fraud defense.  In addition to responding to such requests, Arpin voluntarily produced the investigative report authored by Mr. Pat Foran, which served as an underlying basis for Arpin's fraud defense, at Mark Bibbee's deposition on November 19, 2004.[3]

During a court-ordered mediation on January 21, 2005, Arpin's newly appointed co-counsel, Harold J. Friedman and Karen Frink Wolf, advised the Court that Arpin would withdraw its Eighteenth Defense, the affirmative defense of fraud prior to trial.  At the January 21st mediation, all of the parties, including Plaintiff, consented to the withdrawal of the fraud defense.  Defendant Arpin formally withdraws its affirmative defense of fraud, as evidenced by the Motion to Withdraw, submitted to the Court simultaneously with this Motion.

---

[3] When Mr. Bibbee was deposed on November 19, 2004, he confirmed the story he had related to Mr. Grady on August 12, 2004 regarding his conversation with Plaintiff during which Plaintiff suggested that he had staged the October 23, 2001 accident.  Deposition of Mark Bibbee, taken November 19, 2004 ("Bibbee Dep.), at pp. 94-98 (cited excerpts from Mr. Bibbee's deposition are attached as Exhibit A to this motion).  On questioning by Plaintiff's counsel, however, Mr. Bibbee "retracted" his testimony on this point because he did not have a tape recording or other proof to back it up.  Bibbee Dep. at pp. 86-89, 93-94.

2

**B.     ISSUANCE OF SUBPOENA**

The purported Subpoena was served on Pat Foran, in Bay Village, Ohio, on June 3, 2005. (Attached hereto as Exhibit B). The subpoena commands Pat Foran to:

1. Appear at a deposition on August 10, 2005, at 1:00 p.m. in Akron, Ohio;

2. Produce any and all investigative reports, notes, memorandum or records of any nature concerning any investigation, surveillances, inquiries or interviews of any nature concerning Shawn Pouliot, Mark Pouliot, Rick Wallis, Thomas Bennett and/or Kari Lane Rowh, performed on behalf of Paul Arpin Van Lines, Inc. or any other person or entity involved in the lawsuit or any other person or entity;

3. Produce a list of employees or contractors of his employer, Northcoast Investigative Consultants, who have been employed or have been utilized by said firm in the years 2003, 2004 and 2005.

The Subpoena is from the United States District Court for the District of Connecticut. It is unsigned and undated. Moreover, it lists issuing counsel as James Wagner, an Ohio attorney, who is neither licensed in Connecticut, nor has any connection to this action.[4]

**ARGUMENT**

Federal Rule of Civil Procedure 45 provides for the bases for quashing a subpoena. Among the reasons outlined in this Rule are the following. Rule 45(c)(3)(A) states that:

> On timely motion, the court by which a subpoena was issued shall
> quash or modify the subpoena if it
> . . .
> (iii) requires disclosure of privileged or other protected matter and
> no exception or waiver applies, or
> (iv) subjects a person to undue burden.

---

[4] Plaintiff, Shawn Pouliot, is in the midst of a custody dispute with his ex-wife, Charity Bibbee, in an Ohio court. Plaintiff is represented by attorney James L. Wagner in the custody matter. It is unclear why Mr. Wagner has issued a subpoena in this case.

3

U.S.C.S. Fed. Rule Civ. Pro. R. 45(c)(3)(A)(ii), (iv) (2005).

The courts have elaborated on this Rule and have held that "motions to quash a subpoena are . . . entrusted to the sound discretion of the district court." *American Savings Bank FSB v. UBS PaineWebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003); *see also United States v. Sanders*, 211 F.3d 711, 720 (2d Cir. 2000) (stating that "much deference [is] owed to the lower court's authority" with regard to the decision to quash a subpoena); *Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357 (5th Cir. 2004) (upholding a trial court's decision to quash a subpoena.).

## A.  THE SUBPOENA IS DEFECTIVE ON ITS FACE AND, THEREFORE, SHOULD BE QUASHED.

First, Rule 45(a)(3) states that:

> [a]n attorney as officer of the court may also issue and sign a subpoena on behalf of
> (A) a court in which the attorney is authorized to practice; or
> (B) a court for a district in which a deposition or production is compelled by the subpoena, if the deposition or production pertains to an action pending in a court in which the attorney is authorized to practice.

Here, the attorney who issued the Subpoena, James Wagner, is the Plaintiff's attorney in an entirely separate child custody matter in Ohio.  He has not entered an appearance in this case, has not participated in the case on behalf of any of the parties, nor is he authorized to practice law in the State of Connecticut, the jurisdiction in which the action is pending.

Second, Rule 45(a)(2) states that "a subpoena for attendance at a deposition shall be issued from the court for the district in which the deposition is to occur." *See Amgen Inc. v. Kidney Center of Delaware County, Ltd.*, 879 F. Supp. 878 (N.D.Ill. 1995).  In addition, "if a separate subpoena is issued commanding the production of documents or an inspection of

4

premises, the subpoena shall issue from the court for the district in which the production or inspection is to occur." *See also Mabe v. San Bernardino Country Dept. of Public Social Services*, 237 F.3d 1101, 1112 (9th Cir. 2001); *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 711 (1st Cir. 1998); *Crafton v. U.S. Specialty Ins. Co.*, 218 F.R.D. 175, 177 (E.D. Ark. 2003). Contrary to the requirements of this Rule, the purported Subpoena was issued from the United States District Court of Connecticut commanding that the deposition and document production take place in Akron, Ohio. Accordingly, the Subpoena was not issued through the appropriate district court in Ohio as required by Rule 45.

Moreover, the Subpoena is not signed by an issuing officer, as is required by Federal Rule of Civil Procedure 45(a)(3). *See Mann v. University of Cincinnati*, 824 F. Supp. 1190, 1201 (D. Ohio 1993) (stating that "[p]roviding attorneys authority to issue subpoenas on their own signature as a court mandate and to obtain documents ex parte without the custodian appearing for deposition constituted a substantial empowerment of the bar," and quoting the advisory committee notes in admonishing that "[n]ecessarily accompanying the evolution of this power of the lawyer as an officer of the court is the development of increased responsibility and liability for the misuse of this power.").

The numerous flaws on the face of the Subpoena "reflect . . . [a] lack of adherence to the clear dictates of Rule 45." *Anderson v. V.I.*, 1998 U.S. Dist. LEXIS 8716, 17 (D.V.I. 1998). "Because of these serious deficiencies," the Subpoena in question should be quashed on procedural grounds, as it does not comply with Rule 45. *Id*.

**B.  THE SUBPOENA SHOULD BE QUASHED ON SUBSTANTIVE GROUNDS.**

**1.  The Subpoena should be quashed because it is unduly burdensome.**

Rule 45 states that

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
> . . .
>  (iv) subjects a person to undue burden.

The courts have further elaborated on this Rule in stating that "[w]hether a subpoena subjects a witness to undue burden generally raises a question of the subpoena's reasonableness." *Positive Black Talk, Inc.*, 394 F.3d at 377; *See also Cusumano*, 162 F.3d at 717 (stating that "concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" with regard to subpoenas.).  Thus, in determining whether a subpoena is reasonable, the courts must "balance the interests served by demanding compliance with the subpoena against the interests furthered by quashing it." *Positive Black Talk, Inc.,* 394 F.3d at 357 (5th Cir. 2004); *citing* 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2463 (2d ed. 1995).  Among the factors that courts may consider in determining whether there is an undue burden are "relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996) (quoting *United States v. International Bus. Machs. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979)).  Finally, the courts have stated that the discovery rules under Rule 26 govern the scope of documents and information that can be sought through subpoenas. *See Graham v. Casey's General Stores*, 206 F.R.D. 251, 253-54 (S.D.Ind. 2002).

**a. The Subpoena should be quashed because it seeks information that is not relevant to the case.**

In this case, since the basis for the subpoena apparently pertains to an investigation of the fraud defense, which has been withdrawn by Defendant Arpin, the information requested is irrelevant pursuant to Federal Rule of Evidence 401. Federal Rule of Evidence 401 permits the offering of only relevant evidence. *Fed. R. Evid. 401.* For purposes of Rule 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the accident more or less probable than it would be without the evidence." Because the fraud claim has been withdrawn in this case, evidence surrounding the claim is not probative of the issues in the case.

**b. The Subpoena should be quashed because it is outside the scope of discovery.**

The courts have held that "it is not an abuse of discretion to quash a subpoena served after the discovery deadline." *Fields v. Runyon*, 1996 U.S. App. 27380, 5 (6th Cir. 1996); *See also Ghandi v. Police Dept. of Detroit*, 747 F.2d 338, 354 (6th Cir. 1984) (holding that the "district court did not abuse its discretion in deciding to quash plaintiff's trial subpoena duces tecum" because "the record demonstrate[d] that plaintiffs were given ample opportunity to complete discovery before trial."); *United States v. Carter*, 1954 U.S. Dist. LEXIS 4262, 5 (D.D.C. 1954) ("The second sentence of . . . Rule [45] indicates that the entire matter is in the discretion of the court, since it expressly authorizes the court to quash or modify a subpoena *duces tecum* if compliance would be unreasonable or oppressive."). "Under Rule 45(c)(1), a party requesting a subpoena is responsible for taking reasonable steps to avoid placing undue burdens or expenses upon the party subject to that subpoena. If the litigant's actions are unreasonable, a court may impose appropriate sanctions, including attorney's fees." *See Orgulf Transp. Co. v. Grillot Co.*, 1998 U.S. Dist. LEXIS 8937, 3; *citing Wright & Miller, Federal*

7

*Practice and Procedure*: Civil 2d § 2463 at 68 (1994); *see also Abbott v. Kidder, Peabody & Co.*, 1997 U.S. Dist. LEXIS 8500, 8 (N.D.Ill 1997).

Pursuant to the Scheduling Order, discovery in this case was scheduled to close on October 29, 2004. Discovery was reopened for a time to address the fraud affirmative defense. The Plaintiff was placed on notice of any evidence relating to the investigations, which is the subject of the Subpoena, as early as November 19, 2004, the date that Mark Bibbee was deposed with regard to possible fraudulent activity by the Plaintiff. At the deposition, an investigation report authored by Mr. Foran was appended by counsel as an exhibit. In addition, the basis for such investigation was discussed on the record. The Plaintiff could have pursued this issue, attempted to take Mr. Foran's deposition, and requested documents relating to the investigation within the discovery period, but failed to do so.

As the deadline set for the conclusion of discovery has long passed in this case, it would be unduly burdensome to require Defendant Arpin to return to that stage of the litigation and perform additional discovery, even qualifying as an act of harassment because the subject matter sought by the Plaintiff in the Subpoena will not be relevant at trial. *See Builders' Assoc. of Greater Chicago v. City of Chicago*, 2003 U.S. Dist. LEXIS 4523, 11 (N.D.Ill. 2003) (stating that "[a] subpoena is obviously unduly burdensome if the information is wholly irrelevant under any reasonable legal theory; if the subpoena was issued for the purpose of harassment or if the party issuing the subpoena did not, in good faith, believe, after reasonable inquiry, that the subpoena was not unreasonable or unduly burdensome or expensive for the reasons indicated."). Therefore, the Subpoena should be quashed under Rule 45(c)(3)(A)(iv), and this Court should grant any additional relief as justice requires. *See American Savings Bank FSB v. UBS PaineWebber, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (stating that "[m]otions to compel and

motions to quash a subpoena are both entrusted to the sound discretion of the district court."); *see also Orgulf Transp. Co.*, 1998 U.S. Dist. LEXIS at 3; *Fields*, 1996 U.S. App. at 5; *Ghandi*, 747 F.2d at 354; *Carter*, 1954 U.S. Dist. LEXIS at 5.

**2.  The Subpoena should be quashed because it requests information that is privileged.**

Rule 45(c)(3)(A) states that:

> On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
> . . .
> (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies.

Courts may use their discretion in granting motions to quash subpoenas based on privilege. *See Brookfield-North Riverside Water Co. v. Martin Oil*, 1992 U.S. Dist. LEXIS 8160, 7 (N.D. Ill. 1992) (granting a motion to quash a subpoena based on work-product and stating that "[a] party seeking work product must first show that it has attempted to obtain the equivalent information through other means of discovery or that the material sought cannot be obtained from other sources."). The purported Subpoena in question requests information that is protected by the work product doctrine, and therefore, should be quashed pursuant to the above Rule.

The courts have held that "documents prepared for . . . litigation . . . generally enjoy work-product protection." *Mount Vernon Fire Ins. Co. v. Try 3 Building Serv., Inc.*, 1998 U.S. Dist. LEXIS 16183, 15 (S.D.N.Y. 1998).  In deciding whether a document falls within this protection, the "test is whether 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" *Id.* (quoting *United States v. Adlman*, 134 F.3d 1194, 2103 (2d Cir. 1998)).  The courts have expanded this doctrine in stating that "it is necessary that the work product doctrine . . . 'protect material prepared by agents for the attorney as well as those

9

prepared by the attorney himself.'" *United States v. Chatham City Corp.*, 1976 U.S. Dist. LEXIS 11977, 7 (S.D.Ga. 1976). Some courts have even gone as far as defining investigative reports as "opinion work product rather than ordinary work product" because "they are suffused with the investigator's mental impressions and conclusions." *Smith v. Diamond Offshore Drilling, Inc.*, 1996 U.S. Dist. LEXIS 12605, 10 (S.D.TX 1996) (holding that "investigative reports are protected opinion work product, and need not be produced.").

In this case, investigative reports, notes, memoranda or records of any nature concerning the investigation, surveillances, inquiries or interviews of any nature concerning the issue of fraud are privileged. Defendant Arpin retained Mr. Foran to investigate the now withdrawn fraud claim. Mr. Foran's role was to aid in Defendant's preparation of the case, providing underlying facts and information for use by the Defendant in developing its trial strategies and theories. Mr. Foran's investigation and subsequent report were "prepared . . . because of the prospect of litigation." *Mount Vernon Fire Ins. Co.*, 1998 U.S. Dist. LEXIS at 15. Therefore, the investigation and report fall within the confines of the work-product doctrine and are, therefore, not discoverable. *See Smith*, 1996 U.S. Dist. LEXIS at 10.

Moreover, Connecticut courts have held that "the work product doctrine permits discovery of documents and tangible things prepared by or for counsel in anticipation of civil litigation only upon a showing that the party seeking discovery has substantial need of the materials and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *Mercator Corp. v. United States*, 318 F.3d 379, 383 (2d Cir. 2003); *See also United States v. Adlman*, 134 F.3d 1194, 1198 (2d Cir. 1996); *Go Meds. Indus. Pty., Ltd. v. C.R. Bard, Inc.*, 1998 U.S. Dist. LEXIS 22919, 16 (D. Conn. 1998). Here, Mr. Foran interviewed Mark Bibbee, the initial unsolicited source of the allegation that the Plaintiff may

have staged his own injury.  As Mr. Bibbee was deposed, obviously the "equivalent" of the information was available from the direct source.  Moreover, the Plaintiff clearly has no substantial need for additional information pertaining to the issue of fraud since that defense has been withdrawn by Arpin.

As indicated above, Defendant Arpin answered discovery requests and complied with court orders regarding discovery pertaining to the fraud defense.  Arpin has provided the Plaintiff with the investigation regarding the underlying basis for the fraud defense; any other information is not discoverable.  Accordingly, because the basis of the Subpoena targets privileged information, it should be quashed pursuant to Rule 45. *See Brookfield-North Riverside Water Co.*, 1992 U.S. Dist. LEXIS at 7.

## **CONCLUSION**

For all of the foregoing reasons, Defendant respectfully requests that this Motion to Quash is Granted, and this Court grant any additional relief as justice and equity requires.

Dated this 17th day of June 2005.

Respectfully submitted,

_____
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

12

                                            _____
Thomas J. Grady, Esq. CT 17139
Lenihan, Grady & Steele
Six Canal Street
PO Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)
tjg19872@aol.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 17th day of June, 2005 to the following:

Michael A. Stratton, Esq.  
Stratton Faxon  
59 Elm Street  
New Haven, CT 06510

Roland F. Moots, Jr., Esq.  
Moots, Pellegrini, Spillane & Mannion  
46 Main Street, PO BOX 1319  
New Milford, CT 06776-1319

Thomas J. Grady, Esq.  
Lenihan Grady & Steele  
6 Canal Street  
PO Box 541  
Westerly, RI 02891-0541

John Tarantino, Esq.  
James R. Oswald, Esq.  
Adler, Pollock & Sheehan  
One Citizens Plaza, 8th Floor  
Providence, RI 02903-2443

Susan O'Donnell, Esq.  
Halloran & Sage  
One Goodwin Sq., 225 Asylum St.  
Hartford, CT 06103

_____  
Karen Frink Wolf, Esq. # 26494