UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT | : |
| | : |
| Plaintiff | : |
| | : CIVIL ACTION NO. |
| v. | : 3:02 CV 1302 (JCH) |
| | : |
| PAUL ARPIN VAN LINES, INC. et al. | : |
| | : June 17, 2005 |
| Defendants | : |

## *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MOTION TO WITHDRAW AFFIRMATIVE DEFENSE OF FRAUD, WITH INCORPORATED MEMORANDUM OF LAW*

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin" or "Arpin Defendants") hereby move to withdraw the affirmative defense of fraud asserted in good faith as the Eighteenth Defense in Arpin's Amended Answer and Cross-Claim to Plaintiff's Fifth Amended Complaint, filed with this court on or about October 19, 2004.[1] The grounds for Arpin's motion are set out more fully below.

## BACKGROUND

This action arises out of an October 23, 2001 accident in which Plaintiff was injured while unloading a truck owned by Paul Arpin Van Lines, Inc. On or about August 12, 2004, counsel for Arpin, Thomas Grady, was contacted by Mark Bibbee, an acquaintance of and the accountant for Plaintiff.[2] Mr. Bibbee told Mr. Grady that

---

[1] Although Arpin has elected to file this motion seeking leave to withdraw its Eighteenth Defense, there is precedent for accomplishing such a withdrawal by less formal means. *See Oneida Indian Nation of New York State v. U.S.*, 74-cv-187, 1999 U.S. Dist. LEXIS 21286, at *2 (N.D. N.Y. December 23, 1999) (based on proposed intervenor's letter to court indicating that it was withdrawing an affirmative defense, court deemed affirmative defense withdrawn).

[2] At the time of his August 12, 2004 call to Mr. Grady, Mr. Bibbee was married to Plaintiff's ex-wife.

**ORAL ARGUMENT REQUESTED**

Plaintiff had suggested to him that the October 23, 2001 accident had been staged. Based on the information from Mr. Bibbee, Mr. Grady was obliged to investigate on behalf of Arpin whether Plaintiff had, indeed, staged the accident. When Arpin sought discovery on the issue, however, this court issued a protective order on grounds that "Arpin ha[d] not offered as an affirmative counter-claim or as a defense to [Plaintiff]'s action any claim or count of fraud or mistake that might serve as a legal barrier to a jury finding Arpin liable of negligence." *See* Memorandum of Decision and Order, dated September 27, 2004, at pp. 2-3. In response to the court's September 27th protective order, Arpin filed an Amended Answer and Crossclaims to Plaintiff's Fifth Amended Complaint on October 19, 2004. As the Eighteenth Defense in its Amended Answer, Arpin asserted the affirmative defense of fraud. Thereafter, on November 2, 2004, the court vacated its September 27th protective order and granted Arpin leave to proceed with discovery on the fraud issue.

Arpin continued its investigation and, pursuant to the court's November 2nd order, conducted discovery on the issue, which included the deposition of Mark Bibbee.[3] During a court-ordered mediation on January 21, 2005, Arpin's newly appointed co-counsel, Harold J. Friedman and Karen Frink Wolf, advised the court that Arpin would withdraw its Eighteenth Defense, the affirmative defense of fraud, prior to trial. At the January 21st mediation, all of the parties, including Plaintiff, consented to the withdrawal

---

[3] When Mr. Bibbee was deposed on November 19, 2004, he confirmed the story he had related to Mr. Grady on August 12, 2004 regarding his conversation with Plaintiff during which Plaintiff suggested that he had staged the October 23, 2001 accident. Deposition of Mark Bibbee, taken November 19, 2004 ("Bibbee Dep."), at pp. 94-98 (cited excerpts from Mr. Bibbee's deposition are attached as Exhibit A to this motion). On questioning by Plaintiff's counsel, however, Mr. Bibbee "retracted" his testimony on this point because he did not have a tape recording or other proof to back it up. Bibbee Dep. at pp. 86-89, 93-94.

2

of the fraud defense.  For all of these reasons, and as agreed upon by all of the parties, Arpin hereby seeks the court's leave to formally withdraw its Eighteenth Defense, the affirmative defense of fraud.

## ARGUMENT

Based on what Mr. Grady learned from Mr. Bibbee, Arpin was obliged to investigate whether Plaintiff had staged the accident.  In order to complete that investigation, Arpin had to undertake certain discovery.  Under Fed. R. Civ. P. 8(c), and pursuant to the court's September 27th protective order, Arpin was required to affirmatively plead the defense of fraud before conducting the necessary discovery, so, in good faith, it amended its Answer to assert that defense.  After that good faith investigation, Arpin advised the court and the parties that it would be withdrawing its Eighteenth Defense prior to trial.

At a defendant's request, a court may grant permission to withdraw an affirmative defense.  *See Securities and Exchange Commission v. Rosenfeld*, 97 Civ. 1467 (RPP), 1997 U.S. Dist. LEXIS 10159, at *1, n.1 (S.D. N.Y. July 16, 1997).  Where, as here, there is no surprise or prejudice to Plaintiff from the withdrawal of the fraud defense and the withdrawal will not introduce any new theory or evidence into the case, the court may permit the withdrawal of the affirmative defense.  *See Kwiatkowski v. Bear, Stearns & Co.*, No. 96 Civ. 4798 (VM), 2000 U.S. Dist. LEXIS 6897, at *5 (S.D. N.Y. May 18, 2000) (at charging conference, court granted defendants leave to withdraw affirmative defense of comparative fault), *case criticized on other grounds*.

Arpin's withdrawal of its Eighteenth Defense presents Plaintiff with no surprise, prejudice, or new issues or evidence but, rather, simplifies this case.  For that, and all of

3

the foregoing reasons, Arpin respectfully requests that this Court:

    A.    Grant Arpin leave to withdraw the Eighteenth Defense in the Amended Answer and Crossclaims of Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. to Fifth Amended Complaint of Shawn Pouliot;

    B.    Order that Arpin's Eighteenth Defense is hereby withdrawn; and

    C.    Grant such other and further relief as justice may require.

Dated this 17th day of June, 2005.

                        Defendants Paul Arpin Van Lines, Inc. and
                        Arpin Logistics, Inc.,
                        By their attorneys:

                        _____
                        Harold J. Friedman, Esq. CT 23785
                        Karen Frink Wolf, Esq. CT 26494
                        FRIEDMAN GAYTHWAITE WOLF &
                        LEAVITT
                        Six City Center, P.O. Box 4726
                        Portland, ME  04112-4726
                        (207) 761-0900
                        (207 761-0186 (Fax)
                        hfriedman@fgwl-law.com
                        kwolf@fgwl-law.com

                        _____
                        Thomas J. Grady, Esq. CT 17139
                        LENIHAN, GRADY & STEELE
                        6 Canal Street, P.O. Box 541
                        Westerly, R.I.  02891
                        (401) 596-0183
                        (401) 596-6845 (Fax)
                        tjg@aol.com

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 17th day of June, 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |
| Thomas J. Grady, Esq.<br>Lenihan Grady & Steele<br>6 Canal Street<br>PO Box 541<br>Westerly, RI 02891-0541 | Susan O'Donnell, Esq.<br>Halloran & Sage<br>One Goodwin Sq., 225 Asylum St.<br>Hartford, CT  06103 |
| John Tarantino, Esq.<br>James R. Oswald, Esq.<br>Adler, Pollock & Sheehan<br>One Citizens Plaza, 8th Floor<br>Providence, RI  02903-2443 | |

                                                  Karen Frink Wolf, Esq. CT 26494