UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | June 17, 2005 |
| Defendants | ) | |
| | ) | |

### *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MOTION IN LIMINE EXCLUDING EVIDENCE OF AND REFERENCES TO WITHDRAWN FRAUD DEFENSE.*

### INTRODUCTION

Defendants, PAUL ARPIN VAN LINES, INC. and ARPIN LOGISTICS, INC., (hereinafter "Arpin") move *in limine* for a ruling excluding evidence of a withdrawn fraud defense at trial. The reasons that such evidence would be inadmissible are set forth below.

### FACTUAL BACKGROUND

This action arises out of an October 23, 2001 accident in which Plaintiff was injured while unloading a truck owned by Paul Arpin Van Lines, Inc. On or about August 12, 2004, counsel for Arpin, Thomas Grady, was contacted by Mark Bibbee, an acquaintance of and the accountant for Plaintiff.[1] Mr. Bibbee told Mr. Grady that Plaintiff had suggested to him that the October 23, 2001 accident had been staged. Based on the information from Mr. Bibbee, Mr. Grady was obliged to investigate on behalf of Arpin whether Plaintiff had, indeed, staged the accident. When Arpin sought discovery on the issue, however, this court issued a protective order on grounds that "Arpin ha[d] not offered as an affirmative counter-claim or as a defense to

---

[1] At the time of his August 12, 2004 call to Mr. Grady, Mr. Bibbee was married to Plaintiff's ex-wife.

**ORAL ARGUMENT REQUESTED**

[Plaintiff]'s action any claim or count of fraud or mistake that might serve as a legal barrier to a jury finding Arpin liable of negligence." *See* Memorandum of Decision and Order, dated September 27, 2004, at pp. 2-3.  In response to the court's September 27th protective order, Arpin filed an Amended Answer and Crossclaims to Plaintiff's Fifth Amended Complaint on October 19, 2004.  As the Eighteenth Defense in its Amended Answer, Arpin asserted the affirmative defense of fraud.  Thereafter, on November 2, 2004, the court vacated its September 27th protective order and granted Arpin leave to proceed with discovery on the fraud issue, which included the deposition of Mark Bibbee.[2]

During a court-ordered mediation on January 21, 2005, Arpin's newly appointed co-counsel, Harold J. Friedman and Karen Frink Wolf, advised the court that Arpin would withdraw its Eighteenth Defense, the affirmative defense of fraud, prior to trial.  At the January 21st mediation, all of the parties, including Plaintiff, consented to the withdrawal of the fraud defense.

## ARGUMENT

As the fraud defense has been properly withdrawn from the pleadings, it is no longer relevant and, therefore, any references to it should be excluded from evidence at trial pursuant to Federal Rules of Civil Evidence 401 and 403.  Federal Rule of Evidence 401 permits the offering of only relevant evidence.  *Fed. R. Evid. 401*.  For purposes of Rule 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the accident more or less probable than it would be without the evidence." *See also Davis v. Rodriguez*, 364 F.3d 424, 436 (2d Cir. 2004) (quoting FRCP 401

---

[2] When Mr. Bibbee was deposed on November 19, 2004, he confirmed the story he had related to Mr. Grady on August 12, 2004 regarding his conversation with Plaintiff during which Plaintiff suggested that he had staged the October 23, 2001 accident.  Deposition of Mark Bibbee, taken November 19, 2004 ("Bibbee Dep.), at pp. 94-98 (cited excerpts from Mr. Bibbee's deposition are attached as Exhibit A to this motion).  On questioning by Plaintiff's counsel, however, Mr. Bibbee "retracted" his testimony on this point because he did not have a tape recording or other proof to back it up.  Bibbee Dep. at pp. 86-89, 93-94.

2

and stating that it "defines relevant evidence as 'evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"); *United States v. Griffith*, 284 F.3d 338, 352 (2d Cir. 2002) (stating that "relevant evidence . . . is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.").

In this case, the central issue is whether Arpin was negligent. *See* Plaintiff's Fifth Amended Complaint dated October 7, 2003, Count I, ¶¶ 7, 8; Count II, ¶¶ 7, 8.  The withdrawn fraud defense does not provide any insight with regard to Arpin's negligence.  Because the withdrawn fraud defense is not probative of the core issue of negligence, it is not relevant. Therefore, references to this defense should be excluded from evidence.

Even if the evidence is found to have any minimal relevance, Defendant would be unduly prejudiced if references to the withdrawn fraud defense are allowed into evidence.  Relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Fed. R. Evid. 403; See also Albert v. N.Y. City Sch. Constr. Auth.*, 2004 U.S. App. LEXIS 10173, **4 (2d Cir. 2004) (citing FRCP 403 and stating that "Rule 403 rulings 'are entitled to considerable deference.'"). The Second Circuit has stated that unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Birney*, 686 F.2d 102, *106 (2d Cir. 1982) (quoting Advisory Committee Note to Fed. R. Evid. 403). The court further stated that "put another way, courts should be sensitive to any 'unfair advantage that results from the capacity of the evidence to persuade by illegitimate

means.'" *Id.* (quoting 22 C. Wright & K. Graham, *Federal Practice and Procedure* § 5215 at 275 (1978)).

In this case, as the defense has been withdrawn, the only possible use for such evidence would be to besmirch the Defendants for at any point suggesting that a paraplegic may have staged his own serious injury. Here, the basis for the defense was neither solicited nor unsupported. Mr. Bibbee contacted defense counsel suggesting that Plaintiff had staged his accident. Counsel had an obligation to investigate this allegation. By court order, counsel could not investigate or pursue discovery without formal assertion of a fraud defense. After further good faith investigation, the defense has been withdrawn. Therefore, allowing evidence of the defense, or any references to the underlying assertions or its subsequent withdrawal, would only serve to confuse the jury and waste judicial resources. Moreover, allowance of such references may lead to a "decision on an improper basis." *Id*. at *106; *see also United States v. Certain Lands in Highlands*, 47 F. Supp. 934, 937 (S.D.N.Y. 1942) (stating that "[t]he public interest requires that the court of its own motion, as is its power and duty, protect suitors in their right to a verdict, uninfluenced by the appeals of counsel to passion or prejudice"). Therefore, evidence concerning the withdrawn fraud defense should be excluded pursuant to Federal Rule of Civil Procedure 403, as the dangers of prejudice outweigh the probative value of this evidence.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Court GRANT this motion *in limine* and exclude references to the withdrawn fraud pleading from trial, as it is not relevant and highly prejudicial to the Defendant.

Dated this 17th day of June 2005.

                                          Respectfully submitted,

                                          _____

                                          Harold J. Friedman, Esq. CT 23785
                                          Karen Frink Wolf, Esq. CT 26494
                                          FRIEDMAN GAYTHWAITE WOLF & LEAVITT
                                          Six City Center, P.O. Box 4726
                                          Portland, ME  04112-4726
                                          (207) 761-0900
                                          (207) 761-0186 (Fax)
                                          hfriedman@fgwl-law.com
                                          kwolf@fgwl-law.com

                                          _____

                                          Thomas J. Grady, Esq. CT 17139
                                          LENIHAN, GRADY & STEELE
                                          6 Canal Street, P.O. Box 541
                                          Westerly, R.I.  02891
                                          (401) 596-0183
                                          (401) 596-6845 (Fax)
                                          tjg@aol.com

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 17th day of June, 2005 to the following:

Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT  06510

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

John Tarantino, Esq.
James R. Oswald, Esq.
Adler, Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI  02903-2443

Susan O'Donnell, Esq.
Halloran & Sage
One Goodwin Sq., 225 Asylum St.
Hartford, CT  06103

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Spillane & Mannion
46 Main Street, PO BOX 1319
New Milford, CT 06776-1319

_____
Karen Frink Wolf, Esq. # 26494