UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | SUBMISSION REGARDING |
| PAUL ARPIN VAN LINES, INC. et al. | ) | DISMISSAL OF |
| Defendants | ) | CO-DEFENDANTS |
| | ) | July 21, 2005 |

NOW COME Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (collectively "Arpin") and hereby file this Submission Regarding Plaintiff's Dismissal of Arpin's Co-Defendants The Festo Corporation, Michael D. Kovac, d/b/a Trans-Expo International and Erica Ramirez in her capacity as an employee of Trans-Expo International (collectively "Co-Defendants").

With regard to the dismissal of its Co-Defendants, Arpin wishes to make explicit its intention to introduce evidence[1] in order to retain its right to have the fault of any Co-Defendant(s) apportioned by the jury. *See* Conn. Gen. Stat. § 52-572h(n) ("the total award of damages is reduced by the amount of the released person's percentage of negligence determined in accordance with subsection (f) of this section"); *Baxter*, 46 Conn. App. at 379, n. 1 ("to determine the percentage of liability attributed to a settled or released person, the jury must first consider the negligence or lack thereof of the settled or released person"). *See also Collins v. Colonial Penn Ins. Co.*, 257 Conn. 718, 734, 778 A.2d 899 (Conn. 2001) ("[t]he underlying rationale of [Conn. Gen. Stat. § 52-572h(n)] is that . . . the amount of the award is reduced by

---

[1] As the Court knows, "[a]pportionment does not arise automatically, but must be based on evidence at trial." *Ayalon v. Breakstone*, 2003 WL 23025399, at *4 (Conn. Super. Dec 05, 2003), *citing Baxter v. Cardiology Assocs. of New Haven, P.C.,* 46 Conn. App. 377, 381-82, 699 A.2d 271, *cert denied,* 243 Conn. 933, 702 A.2d 640 (1997).

the settling party's percentage of negligence. *Thus, if a claimant settles with one potential tortfeasor, the plaintiff is allowed to keep the amount of that settlement, but the award against the remaining tortfeasor is reduced by the percentage of negligence attributable to the settling tortfeasor*") (emphasis supplied).

Dated: July 21, 2005

                                                                                                      _____
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
Attorneys for Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

  This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 20th day of July, 2005 to the following:

Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT  06510

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

John Tarantino, Esq.
James R. Oswald, Esq.
Adler, Pollock & Sheehan
One Citizens Plaza, 8th Floor
Providence, RI  02903-2443

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Spillane & Mannion
46 Main Street, PO BOX 1319
New Milford, CT 06776-1319

Susan O'Donnell, Esq.
Halloran & Sage
One Goodwin Sq., 225 Asylum St.
Hartford, CT  06103

          _____
          Karen Frink Wolf, Esq. CT 26494