UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 3:02 CV 1302 (JCH) |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | July 21, 2005 |
| Defendants | : | |

### DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 20, 2005 ORDER GRANTING PLAINTIFF'S MOTION FOR PERMISSION TO TAKE VIDEOTAPED TRIAL TESTIMONY BY WAY OF DEPOSITION, WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to Local Rule 7(c), Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter "Arpin") hereby move for reconsideration of the Court's July 20, 2005 Order (the "Order") granting, over objection, Plaintiff's Motion for Permission to Take Videotaped Trial Testimony by Way of Deposition ("Plaintiff's Motion"). By this motion, Arpin requests that the Court vacate the Order, review and consider Arpin's timely filed objection, and deny Plaintiff's Motion.[1]

The objection referenced in the Order was filed by co-Defendant Festo Corporation ("Festo"). In its objection, Festo pointed out that each of the witnesses whose trial testimony Plaintiff seeks to take by videotaped deposition has already been deposed in this case. Festo's objection was not based on the standard to be applied by the Court in evaluating Plaintiff's Motion. By contrast, Arpin's objection, timely filed with the Court on July 21, 2005, outlines the showing Plaintiff, as the proponent of the use of

---

[1] Plaintiff's Motion was filed with the Court on July 1, 2005 (a copy of Plaintiff's Motion, reflecting the July 1, 2005 filing date, is attached as Exhibit A to this Motion for Reconsideration). Pursuant to Local Rule 7(a)(1), the parties, including Arpin, had until July 21, 2005 to file opposition papers. Arpin filed its objection on July 21, 2005, within the time period for doing so set out in the Local Rules (a copy of Arpin's timely filed objection is attached as Exhibit B to this Motion).

1

videotaped deposition testimony at trial, must make. As Arpin noted in its objection, the proponent of a videotaped deposition must demonstrate both that the witness is unavailable and that the proponent used due diligence in an effort to secure the witness's attendance at trial. *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 165 (3rd Cir. 1995), *cert. denied* 516 U.S. 1145, 116 S. Ct. 1015, 134 L.Ed.2d 95 (1996); *Moore v. Mississippi Valley State University*, 871 F.2d 545, 552 (5th Cir. 1989) (plaintiff's assertion that witness was unavailable, without further explanation, was insufficient); *Williams v. United Dairy Farmers*, 188 F.R.D. 266, 272 (S.D. Ohio 1999) (proponent must establish that reasonable efforts were undertaken to secure the witness's attendance at the hearing). Plaintiff has failed to make the required showing.

For the foregoing reasons, Arpin respectfully requests that this Court vacate its July 20, 2005 Order, review and consider Arpin's timely filed objection, and deny Plaintiff's Motion For Permission to Take Videotaped Trial Testimony by Way of Deposition.

Dated this 21st day of July, 2005.

                                                  Defendants Paul Arpin Van Lines, Inc. and
                                                  Arpin Logistics, Inc.,
                                                  By their attorneys:

                                                  Harold J. Friedman, Esq. CT 23785
                                                  Karen Frink Wolf, Esq. CT 26494
                                                  FRIEDMAN GAYTHWAITE WOLF & LEAVITT
                                                  Six City Center, P.O. Box 4726
                                                  Portland, ME  04112-4726
                                                  (207) 761-0900
                                                  (207 761-0186 (Fax)
                                                  hfriedman@fgwl-law.com
                                                  kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 21st day of July, 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |
| Thomas J. Grady, Esq.<br>Lenihan Grady & Steele<br>6 Canal Street<br>PO Box 541<br>Westerly, RI 02891-0541 | Susan O'Donnell, Esq.<br>Halloran & Sage<br>One Goodwin Sq., 225 Asylum St.<br>Hartford, CT  06103 |
| John Tarantino, Esq.<br>James R. Oswald, Esq.<br>Adler, Pollock & Sheehan<br>One Citizens Plaza, 8th Floor<br>Providence, RI  02903-2443 | |

_____
Karen Frink Wolf, Esq. CT 26494