UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | July 30, 2005 |
| | ) | |
| Defendants | ) | |
| | ) | |

**_DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MOTION TO BIFURCATE TRIAL AND INCORPORATED MEMORANDUM OF LAW_**

**INTRODUCTION**

Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., (hereinafter "Arpin") move to bifurcate trial. The reasons for granting this motion are set forth below.

**FACTUAL BACKGROUND**

This action arises out of an October 23, 2001 accident in which Plaintiff was injured while unloading a truck owned by Paul Arpin Van Lines, Inc. As a result of the accident, Plaintiff suffered serious injuries, causing him to undergo multiple operations and medical procedures and a lengthy rehabilitation process. He is a paraplegic. It is anticipated that Plaintiff will present testimony of his injuries and treatment, along with the physical and economic impact they have had on him at trial. Plaintiff's injuries in this case are extremely severe and his post-accident medical history is lengthy and complex, constituting the need for both liability and damages experts on both sides.

*ORAL ARGUMENT REQUESTED*

**ARGUMENT**

Federal Rule of Civil Procedure 42(b) states the following:

> The court, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, . . . or of any separate issue or of any number of claims . . . or issues, always preserving inviolate the right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States.

Courts in the Second Circuit have explored the issue of bifurcation and "accord district courts broad discretion in determining whether to grant separate trials." *Lewis v. Triborough Bridge and Tunnel*, 2000 WL 423517, 2 (S.D.N.Y. 2000); *See also Getty Petroleum Corp. v. Island Transp. Corp.*, 862 F.2d 10, 15 (2d Cir. 1988). The courts have held that "[a]s a general matter, courts do at times order separate trials for liability and for damages." *Lagudi v. Long Island R.R. Co.*, 775 F. Supp. 73, 75 (E.D.N.Y. 1991). Courts in the Second Circuit have "endorsed bifurcation if the 'two phases involve[] different types of evidence.'" *Id*. (quoting *Katsaros v. Cody*, 744 F.2d 270, 278 (2d Cir. 1984)). The courts have further "stated that bifurcation 'is appropriate when the evidence pertinent to the two issues is wholly unrelated and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination.'" *Id*. (quoting *Helminski v. Ayerst Lab., a Div. of A.H.P.C.*, 766 F.2d 208, 212 (6th Cir. 1985)).

**1.  Bifurcation of the liability and damages phases of trial is appropriate in order to avoid prejudice and confusion of the issues.**

Courts in the Second Circuit have held that "[b]ifurcation of an action is appropriate where . . . there are complicated issues of liability that must be resolved prior

to the assessment of any damages." *Witherbee v. Honeywell, Inc.*, 151 F.R.D. 27, 29 (N.D.N.Y. 1993). Moreover, the courts have stated that

> where . . . there is evidence concerning the severity of a plaintiff's injuries, the lengthy treatment received, and the physical and economic impact of such injuries on the plaintiff . . . there is potential that a jury may be adversely and improperly affected in considering the issues of liability fairly, impartially, and objectively.

*Id.* (citing Eunice A. Eichelberger, *Propriety of ordering separate trials as to liability under Rule 42(b)*, 78 ALR Fed. 890, 903-906 and cases cited therein). The courts have held that "[i]n such cases, it is preferable to permit the jury to concentrate on the complicated issues of liability without considering evidence of the extent of [plaintiff's] injuries and the damages sought by the plaintiff for such injuries." *Id.* Further, the courts recognize that "evidence of harm to a plaintiff, regardless of the cause, may result in sympathetic jurors more concerned with compensating plaintiff for his injury than whether or not defendant is at fault." *Zofcin v. Dean*, 144 F.R.D. 203, 205 (S.D.N.Y. 1992) (quoting *Buscemi v. Pepsico, Inc.*, 736 F. Supp. 1267, 1272 (S.D.N.Y. 1990)). Ultimately, "by separating the issues of liability and damages, the court will minimize the risk that the defendants . . . will be unfairly prejudiced by testimony relating to the damages which involve extensive . . . injuries." *Witherbee*, 151 F.R.D. at 30; *See also Lagudi*, 775 F. Supp. at 75 (stating that "[a]s to possible prejudice, it is clear that evidence about plaintiff's alleged injuries may well serve only to confuse the jury as to the separate questions of liability and of damages.").

Here, there are complicated issues of liability. Plaintiff claims the Arpin Defendants sent him on a job without proper equipment. There are engineering liability experts on both sides who present complicated engineering concepts regarding the

3

operation of a liftgate, a piece of equipment used in the moving industry.  In addition, there is a comparative fault defense asserted regarding Plaintiff's obligations to safely load and unload.  There are issues involving Plaintiff's contractual and common law responsibilities as an independent contractor.  Finally, Arpin alleges that two settling Defendants, Festo Corporation and Trans-Expo International, were negligent.  Their fault will be apportioned by the jury.  *See* Conn. Gen. Stat. § 52-572h(n); *Baxter v. Cardiology Assocs. Of New Haven, P.C.*, 46 Conn. App. 377, 379, n.1 699 A.2d 27, *cert. denied*, 243 Conn. 933, 702 A.2d 640 (1997).  The allegations against Festo involve issues surrounding misrepresentation of critical information as well as preparation for moving of a complicated hydraulics training machine.  In short, the liability analysis in this case is a complex one.

       Moverover, as to damages, Plaintiff was 31 years old at the time of the accident.  He is a flaccid paraplegic confined to a wheelchair.  His wife left him after the accident.  He takes care of three young children, shown in full sympathetic view playing, and praying, with their paraplegic father, in Plaintiff's day in the life video submitted as his Exhibit 24.  Plaintiff will present testimony of his injuries and treatment, along with the physical and economic impact they have had on him at trial.  Plaintiff's injuries in this case are life-altering and his post-accident medical history is lengthy and complex.  He has had a pressure ulcer, which he shows in his Exhibit 23.  Such graphic and highly emotional testimony will "result in sympathetic jurors more concerned with compensating plaintiff for his injury than whether or not defendant is at fault." *Zofcin,* 144 F.R.D. at 205 (quoting *Buscemi v. Pepsico, Inc.*, 736 F. Supp. at 1272).  Thus, "there is potential that a jury may be adversely and improperly affected in considering the issues

4

of liability fairly, impartially, and objectively. *Witherbee*, 151 F.R.D. at 29 (citing Eunice A. Eichelberger, *Propriety of Ordering Separate Trials as to Liability under Rule 42(b)*, 78 ALR Fed. 890, 903-906 and cases cited therein).

Therefore, in order to avoid the strong possibility here of prejudice and jury confusion, it is appropriate to bifurcate the liability and damages phases of this case so that "the jury [may] concentrate on [the] complicated issues of liability without considering evidence of the extent of [Plaintiff's] injuries and the damages sought by the [P]laintiff for such injuries." *Id.*

### 2. Bifurcation of the liability and damages phases of trial is appropriate as it would conserve judicial resources

Federal Rule of Civil Procedure 42(b) requires that the "furtherance of convenience" be considered in a bifurcation analysis. Thus, in deciding whether to bifurcate a trial, courts also evaluate the effect such a separation would have on "efficiency, convenience or judicial economy." *Id*. at 29-30 (*citing Buscemi*, 736 F. Supp. at 1272). Both Plaintiff and Defendants have designated experts who will focus solely on liability or solely on damages. Also, "[a]s the same jury will be used to try both the liability and damage phases of the action, there will be no need to have duplicative testimony." *Id.* Thus, "there will be little sacrifice to efficiency, convenience or judicial economy" in the bifurcation of this case. *Id.* at 29-30 (*citing Buscemi*, 736 F. Supp. at 1272).

Also, as noted above, there is a significant comparative fault component in this case. The jury's determination on this issue could result in no further assessment by the jury of damages. Thus, there may well be no need for significant damages testimony in this case. Moreover, Plaintiff has listed eleven damages witnesses, eight of whom are out

5

of state, most in Ohio. If the case never proceeds to damages, presenting such witnesses would result in a major inconvenience to the Court, the parties, and the witnesses, in addition to presenting significant and perhaps unnecessary expense.

In summary, a bifurcated trial indeed furthers economy in this matter and does not sacrifice judicial resources at all. Bifurcation of liability and damages should be ordered.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court GRANT this motion and bifurcate the trial based on liability and damages.

Dated this 30th day of July 2005.

Respectfully submitted,

/s/ Karen Frink Wolf
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF &
LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 30th day of July 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |
| Thomas J. Grady, Esq.<br>Lenihan Grady & Steele<br>6 Canal Street<br>PO Box 541<br>Westerly, RI 02891-0541 | |

                                                              /s/ Karen Frink Wolf_____
                                                   Karen Frink Wolf, Esq. # 26494