UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1302 (JCH) |
| | : | |
| v. | : | JUDGE JANET C. HALL |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | July 30, 2005 |
| Defendants | : | |

### *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OF, REFERENCE TO OR SUGGESTION THAT PLAINTIFF IS AN EMPLOYEE OF DEFENDANTS, WITH INCORPORATED MEMORANDUM OF LAW*

### DISCUSSION

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin") hereby move *in limine* to preclude at trial any evidence of, reference to, or suggestion that Plaintiff is an employee of Arpin.

This Court has found that Plaintiff was an independent contractor. *See* Rulings on Motions for Summary Judgment, dated May 2, 2005, at p. 9.[1]  Under this ruling, Plaintiff's status as an independent contractor is the law of the case. Accordingly it need not, and should not, be relitigated at trial. *See Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982) ("Under the law of the case doctrine, once an issue is decided, it will not be relitigated in the same case, except in unusual circumstances."); *Zdanok v. Glidden Company, Durkee Famous Foods Division*, 327 F.2d 944, 953 (2d Cir. 1964), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338 (1964) ("[W]here litigants have once

---

[1] While conceding for purposes of this motion *in limine* that this Court has found that Plaintiff was an independent contractor, Arpin expressly reserves all appellate rights relative to the Court's May 2, 2005 Rulings on Motions for Summary Judgment, as well as to the Court's November 26, 2003 decision on Arpin's Motion to Dismiss on the issues of Plaintiff's employee status and worker's compensation exclusivity as a bar to this action.

*ORAL ARGUMENT REQUESTED*

battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.").[2]

Plaintiff's status as an independent contractor is the law of the case. For that reason, Arpin respectfully requests that this Court issue an Order precluding at trial any evidence of, reference to, or suggestion that Plaintiff is an employee of Arpin, or that he is otherwise anything other than an independent contractor, as determined by this Court as a matter of law

## CONCLUSION

For the foregoing reasons, Defendants request that this Motion *in Limine* be granted.

Dated this 30th day of July, 2005.

> Respectfully submitted,
>
>   /s/ Karen Frink Wolf
> Harold J. Friedman, Esq. CT 23785
> Karen Frink Wolf, Esq. CT 26494
> FRIEDMAN GAYTHWAITE WOLF & LEAVITT
> Six City Center, P.O. Box 4726
> Portland, ME  04112-4726
> (207) 761-0900
> (207 761-0186 (Fax)
> hfriedman@fgwl-law.com
> kwolf@fgwl-law.com

---

[2] For the purposes of this motion, only, Arpin concedes that no "unusual circumstances" or "good reasons" for departing from the law of the case rule have been suggested in this case. As noted in footnote 1, above, Arpin expressly reserves all appellate rights relative to the Court's May 2, 2005 Rulings on Motions for Summary Judgment, as well as to the Court's November 26, 2003 decision on Arpin's Motion to Dismiss.

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 30th day of July, 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

                                                   /s/ Karen Frink Wolf
                                        Karen Frink Wolf, Esq. CT 26494