UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | July 30, 2005 |
| | ) | |
| Defendants | ) | |
| | ) | |

### *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AND REFERENCE TO INVESTIGATION CONDUCTED BY THE DEFENSE AND INCORPORATED MEMORANDUM OF LAW*

### INTRODUCTION

Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., (hereinafter "Arpin") move *in limine* for a ruling excluding evidence of and reference to any investigation that was conducted by a private investigator hired by the defense. The reasons that such evidence is inadmissible are set forth below.

### FACTUAL BACKGROUND

This action arises out of an October 23, 2001 accident in which Plaintiff was injured while unloading a truck owned by Paul Arpin Van Lines, Inc. On or about August 12, 2004, counsel for Arpin, Thomas Grady, was contacted by Mark Bibbee, an acquaintance of and the accountant for Plaintiff.[1] Mr. Bibbee told Mr. Grady that Plaintiff told him that the October 23, 2001 accident had been staged. Based on the information from Mr. Bibbee, Mr. Grady was obliged to investigate on behalf of Arpin. Therefore, Defendant hired Mr. Pat Foran as a private

---

[1] At the time of his August 12, 2004 call to Mr. Grady, Mr. Bibbee was married to Plaintiff's ex-wife.

*ORAL ARGUMENT REQUESTED*

investigator to explore whether there was any validity to the suggestion that Plaintiff staged the accident.

In conjunction with Mr. Foran's investigation, Arpin filed an Amended Answer and Crossclaims to Plaintiff's Fifth Amended Complaint on October 19, 2004. As the Eighteenth Defense in its Amended Answer, Arpin asserted the affirmative defense of fraud. During a court-ordered mediation on January 21, 2005, Arpin's newly appointed co-counsel, Harold J. Friedman and Karen Frink Wolf, advised the court that Arpin would withdraw its Eighteenth Defense, the affirmative defense of fraud, prior to trial. At the January 21st mediation, all of the parties, including Plaintiff, consented to the withdrawal of the fraud defense. On or about June 17, 2005, Arpin moved to withdraw the fraud defense. The court granted Arpin's motion on June 23, 2005.

## ARGUMENT

### 1. Evidence of or reference to Arpin's investigation should be excluded at trial because it is not relevant.

As the fraud defense has been properly withdrawn from the pleadings, any investigation surrounding it is no longer relevant. Federal Rule of Evidence 401 permits the offering of only relevant evidence. *Fed. R. Evid. 401*. For purposes of Rule 401, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *See also Davis v. Rodriguez*, 364 F.3d 424, 436 (2d Cir. 2004) (quoting Fed. R. Evid. 401's definition of relevancy); *United States v. Griffith*, 284 F.3d 338, 352 (2d Cir. 2002) (quoting Fed. R. Evid. 401's definition of relevancy).

In this case, the central issue is whether Arpin was negligent. *See* Plaintiff's Fifth Amended Complaint dated October 7, 2003, Count I, ¶¶ 7, 8; Count II, ¶¶ 7, 8. Accordingly, the

2

investigation surrounding the now withdrawn fraud defense is not probative of the core issue of negligence and is, therefore, not relevant. Thus, evidence of or references to Mr. Foran's investigation should be excluded from evidence.

Even if the evidence is found to have any minimal relevance, Defendant would be unduly prejudiced if evidence of or references to Mr. Foran's investigation were admitted at trial. Even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Fed. R. Evid. 403*. The Second Circuit has stated that unfair prejudice "means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *United States v. Birney*, 686 F.2d 102, 106 (2d Cir. 1982) (quoting Advisory Committee Note to Fed. R. Evid. 403). The court further stated that "put another way, courts should be sensitive to any 'unfair advantage that results from the capacity of the evidence to persuade by illegitimate means.'" *Id.* (quoting 22 C. Wright & K. Graham, *Federal Practice and Procedure* § 5215 at 275 (1978)).

As the fraud defense has been withdrawn, the only possible use for evidence of the investigation surrounding the defense would be to besmirch the Defendants for at any point considering whether Plaintiff might have staged his own serious injury. Here, the basis for the defense was neither solicited nor unsupported. Mr. Bibbee contacted defense counsel with the information in question. Counsel had an obligation to investigate Mr. Bibbee's allegations. After further good faith investigation, the defense has been withdrawn. Allowing evidence of the investigation would only serve to confuse the jury and waste judicial resources. Moreover, allowance of such references may lead to a "decision on an improper basis." *Id..* at 106; *see also*

3

*United States v. Certain Lands in Highlands*, 47 F. Supp. 934, 937 (S.D.N.Y. 1942) (stating that "[t]he public interest requires that the court of its own motion, as is its power and duty, protect suitors in their right to a verdict, uninfluenced by the appeals of counsel to passion or prejudice"). Therefore, such evidence should be excluded pursuant to Federal Rule of Civil Procedure 403.

**2. Evidence of or reference to Arpin's investigation should be excluded at trial because it is protected by the Work Product Doctrine.**

Federal Rule of Civil Procedure 26(b)(3) states that the "court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." The courts have elaborated on this rule, stating that the "work product doctrine applies only to documents 'prepared principally or exclusively to assist in anticipated or ongoing litigation." *Liz Claiborne, Inc. v. Mademoiselle Knitwear, Inc.*, 1996 WL 668862, *3 (S.D.N.Y.) (quoting *In re Kidder Peabody Securities Litigation,* No. 94 Civ. 3954, 1996 WL 469122 at *2 (S.D.N.Y. 1996). The courts have expanded this rule to include "documents prepared by investigators and others working under the direction and control of an attorney." *Id*. The rationale for this is that "one of [the] realities [of litigation] is that attorneys often must rely on the assistance of investigators and other agents in the compilation of materials in preparation for trial." *United States v. Nobles*, 422 U.S. 225, 238, 95 S.Ct. 2160, 45 L.Ed.2d 141, 20 Fed.R.Serv.2d 547 (1975). Thus, the courts have held that "it is therefore necessary that the doctrine protect material prepared by agents for the attorney as well as those prepared by the attorney for himself." *Id*. at 238-239.

In this case, the investigation and any materials generated from it constitute work product, as they were "documents 'prepared principally or exclusively to assist in anticipated or ongoing litigation.'" *Liz Claiborne, Inc.*, 1996 WL 668862 at 3 (quoting *In re Kidder Peabody*

4

*Securities Litigation,* No. 94 Civ. 3954, 1996 WL 469122, 2 (S.D.N.Y. 1996).  Thus, evidence or reference of any investigation should be excluded.

**3.  Evidence of or reference to the investigation should be excluded at trial because it is hearsay.**

In accordance with Federal Rule of Evidence 801, the courts have held that "an out-of-court statement offered to prove the truth of the matter asserted is hearsay and is generally inadmissible unless an exception to the general rule applies." *State v. Fasano*, 868 A.2d 79, 96 (Conn. App. 2005).  The courts have further commented on this concept with regard to interviews and reports and have held that "statements contained in [a] report, made by one person to another to whom he has no duty to report, constitute inadmissible hearsay." *State v. Johnson*, 498 N.Y.S.2d 804, 807 (1986).

As part of his investigation, Mr. Foran interviewed a number of witnesses.  These out-of-court statements constitute inadmissible hearsay, as they were made by witnesses who had "no duty to report" to Mr. Foran. *Id.*  In fact, the statements constitute double hearsay, as they were reported second hand by Mr. Foran, after having interviewed the witnesses.  *See Agriculture Ins. Co. v. Ace Hardware Corp.*, 214 F. Supp.2d 413, 416 (S.D.N.Y. 2002) (holding that an accident investigation report made by defendant, which included witness interviews, was inadmissible because it contained double hearsay).  As such, the reports, interviews or reference to them is inadmissible at trial.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court grant this motion *in limine* and exclude evidence of and reference to Arpin's investigation at trial as such evidence is not relevant, is unduly prejudicial to the Defendants, is protected by the work product privilege, and is hearsay.

Dated this 30th day of July 2005.

                                        Respectfully submitted,

                                        /s/ Karen Frink Wolf
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

  This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 30th day of July 2005 to the following:

Michael A. Stratton, Esq.       Roland F. Moots, Jr., Esq.
Stratton Faxon          Moots, Pellegrini, Spillane & Mannion
59 Elm Street           46 Main Street, PO BOX 1319
New Haven, CT 06510       New Milford, CT 06776-1319

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541


               _____/s/ Karen Frink Wolf_____
               Karen Frink Wolf, Esq. # 26494