UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | July 30, 2005 |
| | ) | |
| Defendants | ) | |

### *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AND REFERENCE TO THE LUBRICATION OF THE SUBJECT VEHICLE AND LIFTGATE WITH INCORPORATED MEMORANDUM OF LAW*

### INTRODUCTION

Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., hereinafter ("Arpin") move *in limine* for a ruling excluding evidence of and reference to the lubrication of the subject vehicle and liftgate. The bases for excluding such evidence are set forth below.

### FACTUAL BACKGROUND

This action arises out of an October 23, 2001 accident in which Plaintiff was injured while unloading a truck owned by Paul Arpin Van Lines, Inc. The truck in question was transferred from West Virginia to Rhode Island approximately one week prior to the incident in question. As is the custom and practice of Arpin, vehicles that are new to the Arpin fleet undergo routine maintenance shortly after they are put into service. In keeping with this practice, the vehicle and liftgate at issue herein were lubricated.

*ORAL ARGUMENT REQUESTED*

Arpin was unaware that the underlying incident would be the subject of litigation and had no reason to believe that litigation would ensue.[1]

In his trial exhibits, Plaintiff has marked certain documents as evidence of alleged spoliation. For the reasons cited herein, Plaintiff should be barred from making any reference to spoliation of evidence during the course of the trial.

## DISCUSSION

Spoliation of evidence gives rise to an adverse inference instruction only where the party seeking the adverse inference instruction establishes "(1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the [evidence was] destroyed 'with a culpable state of mind'; and (3) that the destroyed evidence was 'relevant' to the party's claim or defense such that a reasonable trier of fact would find that it would support that claim or defense." *Residential Funding Corporation v. DeGeorge Financial Corporation*, 306 F.3d 99, 107 (2d Cir. 2002) citing *Byrnie v. Town of Cromwell*, 243 F.3d 93, 107-112 (2d Cir. 2001). An adverse inference is proper only if:

> The party having control over the evidence . . . had an obligation to preserve it at the time it was destroyed. This obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation – most commonly when suit has already been filed, providing the party responsible for the destruction with expressed notice, but also on occasion in other circumstances, as for example when a party should have known that the evidence maybe relevant to further litigation.

*Kronisch v. United States*, 150 F.3d 112, 126 (2d Cir. 1998) (citations omitted). Where a court concludes that the party had an obligation to preserve the evidence, the court must then consider whether the evidence was destroyed intentionally and the likely contents of

---

[1] Arpin received a letter dated November 12, 2001, requesting that the truck be preserved.

the evidence. *Id*. 127. The spoliation inference is not appropriate, however, where the alleged destruction of evidence is either not intentional or is merely a matter of routine procedure. *See Beers v. Bayliner Marine Corporation*, 675 A.2d 829, 833 (Conn. 1996) citing *State v. Langlet*, 283 N.W.2d 330, 333 (Iowa 1979).

   Here, any adverse inference arising out of the lubrication of the vehicle and the liftgate is inappropriate and any reference to spoliation should be barred from this case. The maintenance at issue in this motion occurred prior to the time that Arpin was put on notice that this matter would be the subject of litigation. Moreover, the lubrication of the vehicle and the liftgate in question was part of routine maintenance that each vehicle entering Arpin's fleet undergoes. As such, the lubrication of the vehicle was not intentional but was merely part of the routine that Arpin uses to insure that its vehicles are operational.

   Moreover, the standard for demonstrating relevance in the context of spoliation of evidence:

> Means something more than sufficiently probative to satisfy Rule 401 of the Federal Rules of Evidence. Rather, the party seeking an adverse inference must adduce sufficient evidence from which a reasonable trier of fact could infer that "the destroyed [or unavailable] evidence would have been of the nature alleged by the party affected by its destruction."

*Residential Funding Corporation*, 306 F.3d at 108-109; citing *Kronisch,* 150 F.3d at 127; *Byrnie*, 243 F.3d at 110. In this instance, although Plaintiff's expert Roland L. Ruhl indicates in the section of his report entitled "Inspections" that the lubrication of the vehicle was important to a forensic investigation, his conclusions do not in any way reference or rely upon the lubrication or lack of lubrication of the lift. As Plaintiff's expert's conclusion does not in any way require tests relating to the lubrication or lack of

3

lubrication of the liftgate or truck, it is not relevant to any issue in this case and therefore would be unduly prejudicial to Arpin to allow reference to be made to "spoliation" where that purported spoliation has no impact on the case.

In short, Plaintiff cannot meet his burden of demonstrating that the lubrication of the vehicle and liftgate meet the three prong test for an adverse inference for spoliation of evidence and, as such, any reference to spoliation and/or the lubrication of the vehicle is inadmissible in this matter.

## **CONCLUSION**

For the reasons cited herein, any evidence of Arpin's lubrication of the truck and liftgate as part of its routine maintenance is inadmissible and no reference should be permitted to the lubrication of the truck or liftgate during the course of the trial.

Dated this 30th day of July, 2005.

Respectfully submitted,

    /s/ Karen Frink Wolf
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 30th day of July, 2005 to the following:

Michael A. Stratton, Esq.  
Stratton Faxon  
59 Elm Street  
New Haven, CT  06510

Roland F. Moots, Jr., Esq.  
Moots, Pellegrini, Spillane & Mannion  
46 Main Street, PO BOX 1319  
New Milford, CT 06776-1319

Thomas J. Grady, Esq.  
Lenihan Grady & Steele  
6 Canal Street  
PO Box 541  
Westerly, RI 02891-0541

                              /s/ Karen Frink Wolf  
                          Karen Frink Wolf, Esq. CT 26494