UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | July 30, 2005 |
| | ) | |
| Defendants | ) | |

***DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MOTION IN LIMINE EXCLUDING EVIDENCE OF AND REFERENCES TO POST-ACCIDENT REMEDIAL MEASURES
WITH INCORPORATED MEMORANDUM OF LAW***

### INTRODUCTION

Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., hereinafter ("Arpin") move *in limine* for a ruling excluding evidence of post-accident remedial measures.

### FACTUAL BACKGROUND

This action arises out of an October 23, 2001 accident which Plaintiff was injured while unloading a truck owned by Paul Arpin Van Lines, Inc. During discovery in this matter, reference was made to the computer system used by Arpin for inputting shipping orders, pricing those orders and dispatching trucks and drivers to fill the shipping orders. During the deposition of William F. Mottla, Jr. ("Mr. Mottla") there was discussion of the adequacy of the computer system and alleged modifications that were to be made thereto. In addition, Mr. Mottla testified with regard to an operations manager for Arpin who was

*ORAL ARGUMENT REQUESTED*

hired after the incident.  According to Mr. Mottla, the new operations manager was attempting to run "a tight ship" and "trying to button things down."  It is expected that Plaintiff will attempt to elicit similar testimony from Mr. Mottla or others at trial.  For the reasons discussed herein, references to the modification of the computer system and the employment of a new operations manager after the accident should be excluded as post-accident remedial measures.

## DISCUSSION

Pursuant to Federal Rule of Evidence 407 where a party takes measures that, if taken prior to the accident, would have made the injury less likely to occur "evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in product, a defect in a product's design, or a need for a warning or instruction."  The exclusion of subsequent remedial measures "represents a common sense recognition that people are loathe to take actions which increase the risk of losing the lawsuit.  Rule 407 is prompted by the fear that people will be less likely to take subsequent remedial measures if evidence of the repairs or improvements may be used against them in lawsuits arising out of prior accidents."  *Cann v. Ford Motor Company,* 658 F.2d 54, 60(2d Cir. 1981) (citations omitted).  Rule 407 is applicable not only to physical modifications such as added safety devices, but also modifications to provisions in agreements.  *See R.M. Perlman, Inc. v. New York Coat, Suit, Dresses, Rainwear and Allied Workers' Union Local 89-22-1,* 33 F.3d 145, 157 (2d Cir. 1994) (letter to affiliated local unions recommending that a clause be reworded or removed inadmissible as a subsequent or remedial measure).

Here, if the Arpin computer system was upgraded or otherwise modified after the accident or discussions occurred concerning the modification or upgrading of the computer, such evidence is properly excluded pursuant to Federal Rule of Evidence 407 as a post-accident remedial measure. During Mr. Mottla's deposition he testified that the computer system used by Arpin had the ability to provide necessary information to the truck driver, but that the process for the dispatcher and driver required a cumbersome procedure and that discussions occurred after the accident with regard to upgrading the program for a more streamlined procedure. These are specifically the types of measures Rule 407 seeks to protect so that an entity can improve its operations without fear of such improvements or discussions about improvements being used as admissions of negligence.

Mr. Mottla also testified that after the accident a new operations manager was hired for Arpin and that he was in the process of modifying the manner in which Arpin was run so that it would be a "tighter ship." The changes in policies or other operation procedures intended to ensure that Arpin was a more efficiently run company are similarly inadmissible as post-accident remedial measures to the extent that they are used to prove that Arpin was lax in its policies prior to the new operations manager's employment.

Furthermore, any changes to Arpin's computer system or policies instituted by the new operations manager would be far more prejudicial than probative and are therefore inadmissible pursuant to Federal Rule of Civil Procedure 403. Evidence of the new computer system and/or new policies instituted by the operations manager are unlikely to be relevant but, any such relevance is substantially outweighed by the danger that the jury

3

will infer from those new procedures or the new computer system that prior policies or the old computer system were inadequate or the cause of the accident.  Moreover, the new policies or "tighter ship" referenced by Mr. Mottla are far too vague and ambiguous for them to have any probative value.  As such, the probative value is extremely limited while the prejudicial nature of this evidence, i.e. the inference that prior policies or computer systems led to the accident, will cause undue prejudice to Arpin.

## **CONCLUSIONS**

For the reasons cited herein, any modification to Arpin computer system after the incident as well as the engagement of a new operations manager and policies instituted by that operations manager after the subject accident should be excluded.

Dated this 30th day of July, 2005.

Respectfully submitted,

/s/ Karen Frink Wolf
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 30th day of July, 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |
| Thomas J. Grady, Esq.<br>Lenihan Grady & Steele<br>6 Canal Street<br>PO Box 541<br>Westerly, RI 02891-0541 | |

                                                             /Karen Frink Wolf
                                            Karen Frink Wolf, Esq. CT 26494