UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | July 30, 2005 |
| | ) | |
| Defendants | ) | |

### *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MOTION IN LIMINE TO EXCLUDE EVIDENCE OF AND REFERENCE TO REPAIRS TO THE SUBJECT VEHICLE WITH INCORPORATED MEMORANDUM OF LAW*

### INTRODUCTION

Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., hereinafter ("Arpin") move *in limine* for a ruling excluding evidence of and reference to repairs to the subject vehicle. The reasons that such evidence is inadmissible as set forth below.

### FACTUAL BACKGROUND

This action arises out of an October 23, 2001 accident in which Plaintiff was injured while unloading a truck owned by Paul Arpin Van Lines, Inc. The truck in question was transferred from West Virginia to Rhode Island prior to the incident in question. While in West Virginia, it had certain general repairs and maintenance.[1] In any event, the repairs to the vehicle made prior to the incident are not relevant to the issues of this case and should therefore be excluded.

---

[1] No exhibits referencing repairs have been listed and exchanged as exhibits for trial by the parties as required by Paragraph 11 of the Final Pretrial Order.

*ORAL ARGUMENT REQUESTED*

**DISCUSSION**

Rule 402 of the Federal Rules of Evidence states that "[e]vidence which is not relevant is not admissible." Relevant evidence is defined by Federal Rule of Evidence 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action and more probable or less probable than it would be without the evidence." The definition of relevant evidence contains two distinct requirements. First, the evidence must be probative of the fact or issue it is offered to prove; second the fact or issue to be proved must be one that is of consequence to the outcome of the action. *See United States v. D.S. Diaz,* 878 F.2d 608, 614 (2d Cir. 1989) quoting *United State v. Hall,* 653 F.2d 1002, 1005 (5th Cir. 1981).

Here, any evidence of repairs prior to the incident is neither probative to the facts or issues in this matter nor does it prove any fact or issue that is of any consequence to the outcome of the action. No witness has related any repairs to the mechanism of this accident. As such they are neither probative of any fact or issue that is to be proven in this case nor are they related to any fact or issue that is of consequence to the outcome of the action. As such, the repairs records should be excluded.

**CONCLUSION**

For the reasons discussed herein, the repair records for the subject vehicle are inadmissible.

Dated this 30th day of July, 2005.

        Respectfully submitted,


        /s/ Karen Frink Wolf
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

    This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 30th day of July, 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT 06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |
| Thomas J. Grady, Esq.<br>Lenihan Grady & Steele<br>6 Canal Street<br>PO Box 541<br>Westerly, RI 02891-0541 | |

                                    /s/ Karen Frink Wolf
                              Karen Frink Wolf, Esq. CT 26494