UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| **v.** | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | July 30, 2005 |
| | ) | |
| Defendants | ) | |

### DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MOTION IN LIMINE BARRING ANY STATEMENTS, WRITTEN OR ORAL, OF WILLIAM TWEEDY REGARDING THE CONDITION OF THE VEHICLE AT ISSUE IN THIS MATTER WITH INCORPORATED MEMORANDUM OF LAW

**INTRODUCTION**

Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., hereinafter ("Arpin") move *in limine* for a ruling excluding evidence of and reference to all statements by William Tweedy with regard to the condition of the vehicle at issue in this matter. The reasons that such evidence is inadmissible are set forth below.

**FACTUAL BACKGROUND**

This action arises out of an October 23, 2001 accident in which Plaintiff was injured while unloading a truck owned by Paul Arpin Van Lines, Inc. At the time of the accident William Tweedy ("Mr. Tweedy") was a dispatcher for Arpin Logistics. He was at a later date terminated by Arpin for reasons unrelated to the accident. Mr. Tweedy testified at his deposition, and provided a written statement at the Plaintiff's request (Plaintiff's Trial Exhibit 7, attached hereto as Exhibit A) that the truck was dilapidated and the liftgate was not appropriate. It is expected Plaintiff will attempt to elicit similar statements from Mr. Tweedy at trial.

***ORAL ARGUMENT REQUESTED***

Although Mr. Tweedy has experience as a truck driver he does not have experience with a Maxon 72-25 rear lift – the type of lift at issue in this case. Moreover, in his position as dispatcher, Mr. Tweedy was not responsible for the determination of whether a vehicle was in sound operational condition. In fact, at the time Mr. Tweedy dispatched Plaintiff and the subject vehicle, Mr. Tweedy had never seen or operated the vehicle in question. Mr. Tweedy bases his opinion regarding the condition of the vehicle solely upon statements allegedly made to him by individuals in West Virginia where the truck had been used prior to being transferred to Rhode Island. Furthermore, there is no evidence in the record as to when those statements were made or whether the truck was in the same condition at the time it was dispatched with the Plaintiff to make the delivery at issue herein as it was when the statements were allegedly made. As is discussed herein, Mr. Tweedy's statements regarding the condition of the truck and the basis upon which he gained this knowledge are inadmissible.

## **DISCUSSION**

Federal Rule of Evidence 802 precludes the admission of hearsay into evidence. Federal Rule of Evidence 801 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in the evidence to prove the truth of the matter asserted." *F.R.Evid.* 801. Statements made by a witness that are based upon information provided by a third party are inadmissible hearsay and properly excluded from evidence. *See United States Football Leagues v. National Football League,* 842 F.2d 1335, 1376 (2d Cir. 1988) (notes of NFL official purportedly reflecting the comments of an NFL players' union official at an NFL meeting excluded as hearsay); *Merry Charters, LLC v. Town of Stonington* 342 F. Supp. 2d 69, 76 (D. Conn. 2004) (notes taken by a member of the community that purportedly related to a Planning and Zoning Commission hearing are inadmissible hearsay).

During his deposition, Mr. Tweedy testified that the truck at issue should not have been used because of its alleged condition. He further testified that it was purportedly transferred to Rhode Island from West Virginia because it was in need of repair. After the accident, at Plaintiff's request, he purportedly gave a written statement alleging the same thing. Mr. Tweedy admitted, however, that he did not view the truck until after the accident and based information regarding its condition solely on statements that were made to him by a third party. As Mr. Tweedy's information is based solely upon hearsay, it is inadmissible.

Furthermore, there is absolutely no information regarding when those statements were made and whether the vehicle underwent any modifications after Mr. Tweedy was allegedly told by persons in West Virginia that the vehicle was in need of repair. As such, the statements lack the trustworthiness necessary to overcome any exclusion or exception to the hearsay rule. In addition, because the statements lack any indicia of trustworthiness, the statements are also inadmissible under Federal Rule of Evidence 403 on the grounds that even if the information were relevant, which Arpin denies, any such relevance is outweighed by "the danger of unfair prejudice, confusion of the issues, or misleading the jury…" *See F.R.Evid.* 403.

## CONCLUSION

For the reasons cited herein all statements of Mr. Tweedy regarding the condition of the truck should be excluded.

Dated this 30th day of July, 2005.

                                          Respectfully submitted,

                                              /s/ Karen Frink Wolf
                                       Harold J. Friedman, Esq. CT 23785
                                       Karen Frink Wolf, Esq. CT 26494
                                       FRIEDMAN GAYTHWAITE WOLF & LEAVITT
                                       Six City Center, P.O. Box 4726
                                       Portland, ME  04112-4726
                                       (207) 761-0900
                                       (207) 761-0186 (Fax)
                                       hfriedman@fgwl-law.com
                                       kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 30th day of July, 2005 to the following:

Michael A. Stratton, Esq.  
Stratton Faxon  
59 Elm Street  
New Haven, CT  06510

Thomas J. Grady, Esq.  
Lenihan Grady & Steele  
6 Canal Street  
PO Box 541  
Westerly, RI 02891-0541

Roland F. Moots, Jr., Esq.  
Moots, Pellegrini, Spillane & Mannion  
46 Main Street, PO BOX 1319  
New Milford, CT 06776-1319

        /s/ Karen Frink Wolf  
Karen Frink Wolf, Esq. CT 26494