

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT<br>Plaintiff, | :<br>:<br>: |
| | :     CIVIL ACTION NO.<br>:     3:02 CV 1302 (DJS) |
| PAUL ARPIN VAN LINES, INC.;<br>ARPIN LOGISTICS, INC.; THE FESTO<br>CORPORATION; MICHAEL D. KOVAC<br>d/b/a TRANS-EXPO INTERNATIONAL,<br>ERICA RAMIREZ, IN HER CAPACITY AS<br>EMPLOYEE OF TRANS-EXPO<br>INTERNATIONAL, | :<br>:<br>:<br>:<br>:<br>:<br>:     AUGUST 27, 2004 |

### *MEMORANDUM IN SUPPORT OF MOTION TO AMEND THE SCHEDULING ORDER*

Pursuant to Local Rule 7(a), the undersigned attach this Memorandum in support of their Motion to Amend the Scheduling Order. Pursuant to Local Rule 16 (b), the undersigned, for good cause, move the Court to amend the scheduling order because the current schedule cannot be reasonably met despite diligent efforts by counsel.

The current scheduling order calls for the cessation of all discovery, including depositions of expert witnesses, on August 30, 2004. See Exhibit 1.

Completed Depositions

Counsel for all parties in this action have acted with diligence in completing discovery in

1

EXHIBIT A

this matter. Over the past month, counsel have deposed eight witnesses. One deposition was held in Tahoe City, California and required travel days. Earlier this summer, counsel traveled to Akron, Ohio and took several depositions. Earlier this year, counsel have been required to travel to Los Angeles, Phoenix and Miami for the purpose of completing expert depositions. Counsel have deposed 37 witnesses listed on Exhibit 2 and attached hereto. Despite these diligent efforts, defense counsel will be unable to complete discovery by August 30, 2004.

<u>William Tweedy (Former Arpin Dispatcher)</u>

William Tweedy is reputed to be the one who dispatched the Plaintiff to do this job. He is also the one at Arpin who was very friendly with Shawn and Mark Pouliot. Plaintiff subpoenaed him twice. On each occasion he said he would depose him. Defense counsel was waiting for this to occur. He never has. It is believed that he has information that may be crucial to this case and should be deposed. See Exhibit 3 (William Tweedy deposition)

<u>Question of Tax Returns</u>

Additional time will also be necessary to address the narrow issue of whether the Plaintiff has submitted joint tax returns (Charity and Shawn Pouliot) for the years 1999, 2000 and 2001. Through a Request for Production, Arpin received from the Plaintiff's lawyer on January 28, 2004 unsigned joint tax returns for the years 1999 and 2000. Counsel for the Plaintiff stated that the Plaintiff did not file a tax return for the year 2001.

In a subsequent deposition, (June 29, 2004) the Plaintiff stated under oath that he did in fact file tax returns for the years 1999, 2000 and 2001 and they were in the hands of his lawyer. See Exhibit 4. This testimony is contradicted by the deposition testimony (June 30, 2004) of the Plaintiff's former wife, Charity Bibbee who states not only that they were never filed, but also that she filed her own. See Exhibit 5. Correspondence from Plaintiff's counsel in Ohio indicates that no tax returns for the years 1999, 2000 and 2001 had been filed as of May 20, 2003. See Exhibit 6. A recent letter, August 13, 2004, from Plaintiff's counsel's legal assistant in this current matter indicates that he is not in possession of the Plaintiff's actual signed tax returns. See Exhibit 7.

These filed and signed tax returns are important evidence regarding Dr. Gamboa, Dr. Thompson's and Dr. Crake's factual predicate in determining the damages suffered by the Plaintiff. These tax return documents for income earned by Plaintiff must be obtained before Dr. Gamboa, Dr. Thompson's and Dr. Crake's depositions go forward. A motion to produce these signed tax returns has just been filed.

Recent Disclosure of Two New Plaintiff's Damage Economic Experts from Kentucky

For the first time, the Plaintiff disclosed two additional expert witnesses on July 31, 2004. One of these experts, Dr. Anthony Gamboa is a vocational expert. The other expert is Dr. Robert Thompson, a physical rehabilitation expert. Neither has been deposed at this time. It is believed

that Plaintiff selected these experts to replace an earlier expert, Lawrence Forman who has been vigorously examined in Miami, Florida by opposing counsel.

Both Dr. Gamboa and Dr. Thompson reside in Kentucky.

There new disclosures consists of a new life care planner and new lost earning capacity assessment, with these recently Plaintiff disclosed experts contradicting earlier disclosed experts and opinion that Plaintiff's future economic damages will be in the 6-8 million dollar range or higher. These newly disclosed experts are apparently intended to replace a life care expert, Dr. Forman, and possibly economist, Dr. Crakes, previously disclosed. With respect to Forman, significant time and expense was incurred by defense counsel to depose that witness. Counsel needs additional time to depose these newly-disclosed substantial experts, who are both in Kentucky.

Five Futile Attempts to Depose the Plaintiff's Economist

Furthermore, Dr. Gary Crakes, the Plaintiff's economist, has yet to be deposed. Arpin has noticed him on several occasions during the last nine months and each time Plaintiff has cancelled or continued the deposition. The Plaintiff has indicated he might still utilize Dr. Crakes as an economics expert.

The Plaintiff disclosed Dr. Crakes as an expert on January 7, 2004. Counsel for Arpin noticed Dr. Crakes deposition and issued him a subpoena for a deposition scheduled for February

4

Plaintiff's counsel responded that Dr. Crakes had confirmed the time and date of deposition but requested the deposition take place at Stratton Faxon in New Haven, Connecticut. On January 29, 2004, counsel for Arpin refused Dr. Crakes's request because a subpoena duces tecum had already been issued.

On January 30, 2004, Plaintiff's counsel responded that Dr. Crakes had been made available at Stratton Faxon in New Haven, Connecticut. On February 3, 2004, Plaintiff's counsel cancelled Dr. Crakes's deposition citing a conflict, of Dr. Crakes, with an ongoing trial.

On February 3, 2004, Plaintiff's counsel sent out a letter objecting to Arpin counsel's subpoena on grounds that the requests were in violation of Fed.R.Civ.P. 45. On February 5, 2004, Plaintiff's counsel sent a letter to Arpin counsel asking Arpin counsel to refrain from contacting the Dr. Crakes and to schedule all depositions through Plaintiff's counsel's office. On February 6, 2004, Plaintiff's counsel sent out a letter stating that he would provide dates for Dr. Crakes's deposition.

On February 10, 2004, Arpin counsel issued a subpoena compelling Dr. Crakes to appear for a deposition on March 31, 2004 at 9 a.m. at Stratton Faxon in New Haven. On February 10, 2004, Plaintiff's counsel sent out another letter stating that he would provide dates for Dr. Crakes's deposition. On February 11, 2004, Plaintiff's counsel sent out a letter setting dates of availability for Dr. Crakes on March 11, 2004, March 29, 2004, March 31, 2004 and April 5,

2004 at Stratton Faxon in New Haven. On February 13, 2004, Plaintiff's counsel confirmed a deposition date for Dr. Crakes on March 31, 2004 to be held in the afternoon.

On February 16, 2004, counsel for Arpin agreed to hold Dr. Crakes's deposition in New Haven, but refused the request to hold it in the morning as Festo counsel had a conflict in the late afternoon. On March 29, 2004, Plaintiff's counsel sent out a letter stating that Dr. Crakes had an unforeseen scheduling conflict on the morning of March 31, 2004 and that he needs to change the time to the afternoon. On March 30, 2004, Plaintiff's counsel's assistant sent a letter indicating that Dr. Crakes's deposition had been cancelled by agreement and provided that Dr. Crakes would be available for the afternoon on April 14, 2004 and on April 15 and 16 of 2004, in the morning. On March 31, 2004, counsel for Arpin indicated that he would be available for the Crakes deposition on April 15 or April 16 of 2004.

On March 31, 2004, Plaintiff's counsel indicated that counsel for Trans-Expo was unavailable for the proposed dates, but that Dr. Crakes would be rescheduled for late April. Plaintiff's counsel indicated that he would not hold the other attorneys to the expert discovery deadline in regard to Dr. Crakes.

On June 1, 2004, counsel for Trans-Expo sent out a letter indicating that all counsel would set aside the week of July 29 to depose Dr. Crakes. On June 2, 2004, Arpin counsel sent out a letter proposing that Dr. Crakes be deposed the week of July 29 and indicated that he

6

expected the Crakes deposition to be lengthy.

On June 9, 2004, counsel for Arpin noticed Dr. Crakes's deposition for July 28, 2004 at Stratton Faxon in New Haven, Connecticut. On June 16, 2004, Plaintiff's counsel sent out a letter stating that Dr. Crakes was not available July 28, 2004, but that he would be available on August 12, 2004. On August 11, 2004, counsel for Arpin sent out a letter confirming a telephone conversation with Shannon Wickham from Plaintiff's counsel's office, which indicated that Plaintiff's counsel had decided to "scrap" Dr. Crakes's testimony. On August 11, 2004, Shannon Wickham returned Arpin counsel's letter and stated that Plaintiff's counsel has yet to decide whether to use Dr. Crakes as an expert. On August 23, 2004, Arpin counsel sent a letter to Plaintiff's counsel indicating that Plaintiff's counsel had told Trans-Expo counsel that he was not going to use Dr. Crakes.

Dr. Crakes still must be deposed by all defense counsel.

At this time, three of the Plaintiff's expert witnesses have not yet been deposed.

In conclusion, depositions of three of Plaintiff's experts and additional fact witnesses must be conducted. Given this newfound information, interrogatory answers and requests for admission need to be revised based upon this new information.

Counsel believes that all depositions can be concluded by October 29, 2004 and would therefore recommend the following changes in the Scheduling Order.

1.  Close of Discovery                October 29, 2004

2.  Dispositive Motions               November 14, 2004

3.  Submit Joint Trial Memorandum     December 30, 2004

The undersigned contend that for good cause the Scheduling Order deadlines cannot be reasonably met, despite the diligence of all parties. Counsel for Arpin, with the assent of Festo counsel and counsel for Michael D. Kovac d/b/a Trans-Expo, International and Erica Ramirez, moves that the above requested relief be granted.

DEFENDANT/THIRD PARTY
PLAINTIFF/CROSS-CLAIM PLAINTIFF

_____
Thomas J. Grady, Esq.
Lenihan, Grady & Steele
Six Canal Street
P.O. Box 541
Westerly, RI 02891
(401) 596-0183
(401) 596-6845 (Fax)

## **CERTIFICATION OF NOTICE**

I hereby certify that a copy of the foregoing was forwarded, via U.S. First Class Mail this 27th day of August 2004 to Michael A. Stratton, Esquire of *Stratton Faxon*, 59 Elm Street, New Haven, CT 06510, Roland F. Moots, Jr., Esquire of *Moots, Pellegrini, Mannion, Martindale & Dratch*, 46 Main Street, New Milford, CT 06776, Susan O'Donnell, Esquire *Halloran & Sage*, One Goodwin Square, 225 Asylum Street, Hartford, CT 06103 and James R. Oswald, Esquire of *Adler, Pollack & Sheehan*, P.C., 2300 Financial Plaza, Providence, RI 02903-2443.

                                        Thomas J. Grady, Esq.



EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT<br>Plaintiff, | : CIVIL ACTION NO.<br>: 3:02CV1302(DJS) |
| V. | : |
| PAUL ARPIN VAN LINES, INC.<br>AND ARPIN LOGISTICS, INC.,<br>THE FESTO CORPORATION, MICHAEL<br>D. KOVAC D/B/A TRANS-EXPO<br>INTERNATIONAL AND ERICA RAMIREZ,<br>Defendants, | :<br>:<br>:<br>:<br>: AUGUST 25, 2004 |

### OBJECTION TO MOTION TO CHANGE SCHEDULING ORDER

The defendant Arpin has requested a scheduling order amendment. The plaintiff objects to this amendment to the extent that it changes the date that this case is exposed for trial.

Discovery is nearly complete with only two depositions left. These two depositions include Dr. Anthony Gamboa who is available on both September 13, 2004 and September 14, 2004, as well as Dr. Robert Thompson who is available beginning at 1:00 p.m. on either September 28, 2004, October 12, 2004, October 19, 2004 or October 26, 2004. Dr. Crakes will not be used as an expert witness.

Given that these witnesses are available for deposition; and that their testimony goes to damages only, there is no reason to change these dates now set for the filing of dispositive motions or for trial.

THE PLAINTIFF,


By:_____
Michael A. Stratton, Esq.
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Juris #: 421593
Telephone: (203) 624-9500
Fax: (203) 624-9100
MStatton@StrattonFaxon.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, via facsimile transmission and by U.S. Mail, postage prepaid, this day to all counsel and pro se parties of record:

**Roland F. Moots, Jr., Esq.**
**Moots, Pellegrini, Mannion, Martindale**
**& Dratch**
46 Main Street
New Milford, CT 06776

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
6 Canal Street
P.O. Box 541
Westerly, RI 02891

**Susan O'Donnell, Esq.**
**Halloran & Sage**
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

**James R. Oswald, Esq.**
**Adler, Pollock & Sheehan, PC**
2300 Financial Plaza
Providence, RI 02903-2443

                                                                  Michael A. Stratton, Esq.