UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1302 (JCH) |
| | : | |
| v. | : | JUDGE JANET C. HALL |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | July 30, 2005 |
| Defendants | : | |

### DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN  LOGISTICS, INC.'S MOTION IN LIMINE TO EXCLUDE MEDICAL RECORDS AND ALL REFERENCES THERETO AND INCORPORATED MEMORANDUM OF LAW

NOW COME Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (collectively "Defendants") and request that the Court exclude certain evidence as set forth below.

## I. RELEVANT BACKGROUND FACTS

Plaintiff Shawn Pouliot alleges that he has sustained serious personal injuries as a result of Defendants' acts and/or omissions. On September 12, 2002, Defendants served their First Request for Production of Documents upon Plaintiff, requesting, *inter alia*:

1. All hospital records relating to treatment received as a result of the alleged incident, and to injuries, diseases or defects alleged to have been caused by said incident described in the Complaint.

2. All reports of all doctors and all other medical care providers relating to treatment allegedly received by the Plaintiff as a result of injuries received in the alleged incident as described in the Complaint.

6. Copies of all medical bills that are claimed to have been incurred as a result of this incident as described in the Complaint and copies of all reports received from each and every medical provider from whom you have sought and received treatment for injuries caused by said incident and which have not been produced in response to request #1 and #2, above.

***ORAL ARGUMENT REQUESTED***

On January 19, 2005, trial counsel for Defendants sent a letter to counsel for Plaintiff asking for updated materials responsive to these Requests and received the following response:

> [P]lease be advised that everything  . . . that you have asked for has been previously obtained by Thomas J. Grady, Esq., co-counsel in this case and you can obtain this information from him. If you and Mr. Grady are missing information please indicate exactly what it is you are missing with the name of the provider and the date of the visit.

**Exhibit A**.[1]

On July 22, 2005, by federal express package, Defendants received Plaintiff's trial exhibits. Contrary to the representation made above, these materials contained several hundred pages of Plaintiff's medical records that had not been previously produced, including materials relating to the following medical care and treatment Plaintiff received:

- Summa Health System (January and March 2003). **Plaintiff's Exhibit 3f**; **3l**.

- Steven Cremer, M.D. (January 2004 - June 2004). **Plaintiff's Exhibit 3g**.

- Frederick A. Slezak, M.D. (August 2002 and January 2003). **Plaintiff's Exhibit 3h**.

- Jeffrey S. Tharp, M.D. (December 2001). **Plaintiff's Exhibit 3j**.

- Emergency Medical Services, Tallmadge, Ohio Fire Department (December 2001). **Plaintiff's Exhibit 3k**.

- David B. Dellinger, D.O. (July 2003 – December 2003). **Plaintiff's Exhibit 3m**.

- Various health care providers (September 1971 – February 2004) **Plaintiff's Exhibit 3n**.

- Cuyahoga Falls, Ohio General Hospital (May, July September and October 2003 and February 2004). **Plaintiff's Exhibit 3o**; **3p**.

---

[1] Additionally, on July 1, 2005, by faxed letter at 12:22 p.m. counsel for Defendant made the following requests: "Please confirm whether your answers to interrogatories and document requests are complete and up to date or whether you will be supplementing. I do need all supplemental and up to date medical records. I do not believe any medical records beyond 2003 have been produced."  No response to this letter was ever received.

## II. ARGUMENT

**A.    The Court Should Prohibit Any Use Of Plaintiff's Medical Records[2] Due To His Failure To Provide Them In Discovery.**

Fed. R. Civ. P. 26(e)(2) unambiguously imposes a duty upon litigants to amend or update a response to a Request for Production where "the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Case law is clear that litigants, like Defendants here, are neither expected nor required to badger their opposition in order to obtain the updated materials to which they are entitled. *See Allen v. Bake-Line Products, Inc.*, 2001 WL 883693, at *1 (N.D. Ill. Aug 6, 2001), *citing Marianjoy Rehab. Hosp. v. Williams Elec. Games, Inc.,* 1996 WL 411395 (N.D. Ill.1996) ("[t]he duty to supplement discovery requests lingers on without solicitation by the requesting party").[3]

The sanction for failing to comply with the Rule is exclusion: "Fed. R. Civ. P. 37(c)(1) provides: 'A party that without substantial justification fails to . . . amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so disclosed.'" *Applera Corp. v. MJ Research, Inc.*, 220 F.R.D. 13, 17 (D. Conn. 2004), *quoting* Fed. R. Civ. P. 37(c)(1). "Under Federal Rule of Civil Procedure 37(c)(1), exclusion of undisclosed information is automatic, unless the nonmovant can show that its failure to disclose was substantially justified, or that such failure is harmless." *1st Source Bank v. First Resource Fed. Credit Union*, 167 F.R.D. 61, 64 (N.D. Ind. 1996)

---

[2] In his July 30, 2004 report, Plaintiff's "vocational economics" expert, Anthony Gamboa references a number of the medical records that Plaintiff only recently provided to Defendants. In the instant Motion, Defendants request that the Court bar all references to the records in question, including those within Mr. Gamboa's report.

[3] Similarly, Plaintiff's attempt to force Defendants to attach provider names and dates to treatment of which they are unaware, or to othewise guess what information they might be missing, **Exhibit A**, is contrary to both the letter and the spirit of the Rule.

Plaintiff cannot argue that there is any substantial justification for his failure to provide these records to Defendants for several years.  For over seven months, until forced under the terms of the Court's Order governing the disclosure of his exhibits, Plaintiff flatly refused to respond to Defendants' appropriate, albeit unnecessary, request for updated information and affirmatively represented that the records had been provided.  A plaintiff's conduct in such situations has been deemed to "'represent[s] flagrant bad faith and callous disregard of the federal rules,'" and merits the sanction of exclusion.  *Palma v. Pharmedica Communications, Inc.*, 2002 WL 32093275 (D. Conn. March 27, 2002), *quoting McNerney v. Archer Daniels Midland Company,* 164 F.R.D. 584, 587  (W.D. N.Y. 1995).  *See also Allen*, 2001 WL 883693, at *2 (where belatedly provided evidence could not be classified as "later-discovered," its admission would violate Fed. R. Civ. P. 26 and instead, it would be stricken).

Additionally, Plaintiff's untimely disclosure of these materials was not "harmless" within the meaning of Fed. R. Civ. P. 37(c)(1).  As a matter of law in this judicial district, a litigant's failure to timely supplement his discovery responses is not "harmless" where: 1.  The supplementation is made on the eve of trial; 2.  The case has not been recently filed;[4] 3. Discovery has long been closed; 4.  There is no time for additional discovery before trial commences; 5.  The litigant has been repeatedly asked for supplemental materials by its opponent and 6.  The litigant has refused to respond to these inquiries.  *Applera Corp.*, 220 F.R.D. at 19-20 & n. 8.  That, of course, is exactly the situation here.

### III. CONCLUSION

For whatever reason, Plaintiff made the calculated decision not to provide the medical records in question and to represent that all records had been submitted to Defendants.  There was no justification, much less any substantial one for doing so, and Plaintiff's failure to comply

---

[4] Plaintiff filed suit in 2002.

with the Federal Rules of Civil Procedure was not harmless.  Based upon all of the foregoing,

Defendants respectfully request that the Court grant their Motion and bar any use of the medical

records within Plaintiff's Exhibits **3f-3h** and **3j-3p** as evidence at the trial of this case.

Dated this 30th day of July, 2005                         Respectfully submitted


                                                    /s/ Karen Frink Wolf
                                                Harold J. Friedman, Esq. CT 23785
                                                Karen Frink Wolf, Esq. CT 26494
                                                Attorneys for Defendants Paul Arpin Van
                                                Lines, Inc. and Arpin Logistics, Inc.
                                                FRIEDMAN GAYTHWAITE WOLF &
                                                LEAVITT
                                                Six City Center, P.O. Box 4726
                                                Portland, ME  04112-4726
                                                (207) 761-0900
                                                (207) 761-0186 (Fax)
                                                hfriedman@fgwl-law.com
                                                kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 30th day of July 2005 to the following:


Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT  06510

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Spillane & Mannion
46 Main Street, PO Box 1319
New Milford, CT 06776-1319


/s/ Karen Frink Wolf
Karen Frink Wolf, Esq. CT 26494