UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
|     Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | |
|     Defendants | ) | |
| | ) | August 1, 2005 |

### PLAINTIFF'S MOTION IN LIMINE

Pursuant to this Court's May 9, 2005 order, the plaintiff submits the following motion to preclude certain evidence from coming before the jury. In particular the plaintiff moves in limine to:

    1.    Preclude the introduction of any evidence that the plaintiff has settled with any former party to this action as this type of evidence is prohibited by state statute and is otherwise irrelevant;

    2.    Preclude the introduction of any collateral sources that have paid any benefits or monies to the plaintiff for his care, disability, or medical needs as this is for the Court's determination post-trial;

    3.    Preclude the testimony of Paul Herbert, defendant's "trucking" expert, from testifying regarding governmental rules or regulations, or testifying

about whether the plaintiff was negligent or careless, as it invades the province of the Court to determine the law;

4. Preclude the testimony of Irving Ojalvo, defendant's mechanical engineering expert, regarding procedures and protocols for using liftgates and loading and unloading freight as he has no demonstrated expertise in these issues. In addition, preclude him from characterizing the plaintiff's conduct as negligent as that invades the province of the jury and is beyond his expertise;

5. Preclude any evidence that Festo was negligent for failing to properly prepare the unit for delivery or for failing to have locking wheels on the Learnline unit as Festo has no legal requirement or basis in the facts for having to have done so;

6. Preclude the testimony of Irving Ojalvo as to the position of the plaintiff when the unit fell on him as the expert has no foundation for this opinion;

7. Preclude the testimony of any undisclosed expert as to the procedures and protocols for using a liftgate or loading or unloading freight;

8. Preclude evidence of the plaintiff's failure to timely file tax returns or otherwise fail to meet IRS requirements as this issue irrelevant and more prejudicial than probative;

9. Preclude evidence regarding the plaintiff's prior social security disability filing several years before the incident; his use of Viagra once years before the incident; his personnel records at other companies before the incident;

as well as any reference to the plaintiff being involved in a fraud or crime either arising out of this incident or at some prior time as all of this material is irrelevant, collateral, or more prejudicial than probative;

10. Preclude the testimony of Allan McCausland, the defendant's economist, on the basis that he has no foundation for his opinion in that he improperly deducts taxes from the plaintiff's future earning capacity; he uses unemployment data to speculate on the plaintiff's work life; he uses generic data on the earnings of truck drivers in Ohio as opposed to data on independent owner operators; he speculates that the plaintiff could be a dispatcher without medical expert opinion; and he uses a discount rate that requires the plaintiff to risk his award in the bond market and is not adjusted for inflation or rise in wages.

11. Preclude the testimony of William Burke, rehabilitation expert, which improperly discounts the plaintiff's future needs based on collateral sources, and opines that the plaintiff can do sedentary work in the labor market without foundation; and

12. Preclude any arguments or evidence regarding the doctrines contribution, contributory negligence, independent contractor, contractual indemnity or release.

The aforementioned issues are set forth in greater detail in the attached memorandum of law.

THE PLAINTIFF,

By: _____
Michael A. Stratton
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Federal Bar No: ct08166
Telephone: 203-624-9500
Fax: 203-624-9100

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, on this day to:

**Karen Frink Wolf, Esq.**
**Harold J. Friedman, Esq.**
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

_____
Michael A. Stratton, Esq.