UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | |
| Defendants | ) | |
| | ) | August 1, 2005 |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION IN LIMINE

The plaintiff provides the following support for their motion in limine:

**1.  Preclude the introduction of any evidence that the plaintiff has settled with any former party to this action as this type of evidence is prohibited by state statute and is otherwise irrelevant.**

The plaintiff settled with former defendants Festo and Trans Expo. The fact or amount of the settlement is irrelevant to the questions of negligence before the jury. Further, there is a Connecticut state statute which prohibits bringing settlements to the attention of the jury. C.G.S. Section 52-216a. See also Yuzari v. Southern Auto Sales, 688 F.Supp. 825 (D.Conn 1988)(applying Connecticut collateral source law and settlement rules to a negligence action in federal court).

    **2.    Preclude the introduction of any collateral sources that have paid any benefits or monies to the plaintiff for his care, disability, or medical needs as this is for the Court's determination post-trial.**

C.G.S. Section 52-225a et seq. puts the burden on the Court to reduce the verdict by collateral sources after trial. Evidence of collateral sources is admissible at that time, but not as evidence in the trial to avoid the potential of a double set off.

    **3.    Preclude the testimony of Paul Herbert, defendant's "trucking" expert, from testifying regarding governmental rules or regulations, or testifying about whether the plaintiff was negligent or careless, as it invades the province of the Court to determine the law.**

During his deposition testimony, Paul Herbert opined as to what particular federal rules and regulations and state regulations, meant or how they read. The interpretation of these rules is for the Court and invades the province of the Court in violation of FRE Rule 701 and 702. Similarly in his report, the expert opined that the plaintiff was "incredibly careless". This is a clear violation of FRE Rule 701 and he should not be allowed to characterize the plaintiff's conduct. This is for the jury.

    **4.    Preclude the testimony of Irving Ojalvo, defendant's mechanical engineering expert, regarding procedures and protocols for using liftgates and loading and unloading freight as he has no**

**demonstrated expertise in these issues. In addition, preclude him from characterizing the plaintiff's conduct as negligent as that invades the province of the jury and is beyond his expertise.**

Pursuant to FRE Rule 702, Irving Ojalvo should be precluded from this type of testimony in that he admittedly has used a liftgate only once in his life, and is not an expert in trucking or loading or unloading. He does not have a proper basis pursuant to the rule for giving his opinion on alternative loading or unloading procedures or on how to use a liftgate.

Also, like Mr. Herbert, Dr. Ojalvo should not be allowed to characterize the plaintiff's conduct as negligent.

**5.    Preclude any argument or "expert testimony" that Festo was negligent for failing to properly prepare the unit for delivery or for failing to have locking wheels on the Learnline unit as Festo has no legal requirement or basis in the facts for having to have done so.**

Festo is a manufacturer of Learnline units on wheels. Festo hired Arpin to move the Learnline unit on wheels, and no one disputes that Arpin holds itself out as providing this service. There is no legal or industry requirement for Festo to do Arpin's job and palletize or otherwise assist in the loading or unloading of the Learnline unit. As such, any argument based on Festo having such a duty is spurious and not based on any fact or law.

Without a duty, Festo cannot be held negligent and the defendants' experts cite to no authority for their opinion that Festo had a duty which is required by FRE Rule 702.

**6.    Preclude the testimony of Irving Ojalvo as to the position of the plaintiff when the unit fell on him as the expert has no foundation for this opinion.**

FRE Rule 702 requires that an expert have a basis for his opinions. Dr. Ojalvo speculates as to the relative positions of the learnline unit and the plaintiff at rest, and then uses computer modeling to determine the possible orientations of the plaintiff prior to the fall of the unit. There is, however, no hard data as to the positions at rest because no measurements were taken and the plaintiff was moved immediately after the incident.

**7.    Preclude the testimony of any undisclosed expert as to the procedures and protocols for using a liftgate or loading or unloading freight.**

In certain descriptions of anticipated testimony of the defendants' witnesses, it is claimed that certain lay witnesses will testify or documents will be submitted regarding loading and unloading protocols and use of liftgates. This type of testimony is outside the province of most laypeople and requires expert opinion. This testimony should be precluded per FRE Rule 701.

**8.    Preclude evidence of the plaintiff's failure to timely file tax returns or otherwise fail to meet IRS requirements as this issue irrelevant and more prejudicial than probative.**

The defendants have included IRS documents related to the plaintiff's late filing of income tax returns, and have made claims that the plaintiff violated IRS rules. This type of evidence should be precluded as irrelevant per FRE Rule 402, or will be unfairly prejudicial and collateral to the issues of this case under FRE Rule 403.

**9.    Preclude evidence regarding the plaintiff's prior social security disability filing several years before the incident; his use of Viagra once years before the incident; his personnel records at other companies before the incident; as well as any reference to the plaintiff being involved in a fraud or crime either arising out of this incident or at some prior time as all of this material is irrelevant, collateral, or more prejudicial than probative.**

This type of evidence should be precluded as irrelevant per FRE Rule 402, or will be unfairly prejudicial and collateral to the issues of this case under FRE Rule 403.

**10.    Preclude the testimony of Allan McCausland, the defendant's economist, on the basis that he has no foundation for his opinion in that he improperly deducts taxes from the plaintiff's future earning capacity; he uses unemployment data to speculate on the plaintiff's work life; he uses**

generic data on the earnings of truck drivers in Ohio as opposed to data on independent owner operators; he speculates that the plaintiff could be a dispatcher without medical expert opinion; and he uses a discount rate that requires the plaintiff to risk his award in the bond market and is not adjusted for inflation or rise in wages.

An expert must have a sufficient basis for his opinion per FRE Rule 702. The basis for this expert's opinion is rendered unhelpful and baseless for the reasons mentioned above.

11.  Preclude the testimony of William Burke, rehabilitation expert, which improperly discounts the plaintiff's future needs based on collateral sources, and opines that the plaintiff can do sedentary work in the labor market without foundation.

An expert must have a sufficient basis for his opinion per FRE Rule 702. The basis for this expert's opinion is rendered unhelpful and baseless for the reasons mentioned above.

12.  Preclude any arguments or evidence regarding the doctrines contribution, contributory negligence, independent contractor, contractual indemnity or release.

The doctrine of contribution was eliminated for settled parties pursuant to C.G.S. Section 52-572h(n).

Contributory negligence has been abolished and replaced with comparative negligence pursuant to C.G.S. Section 52-572h.

The defenses of independent contractor, contractual indemnity and release have been stricken by this Court in its memorandum of decision on the motion for summary judgment.

Wherefore we ask that the Court grant the motion in limine in its entirety.

> THE PLAINTIFF,
>
> By: _____
> Michael A. Stratton
> STRATTON FAXON
> 59 Elm Street
> New Haven, CT 06510
> Federal Bar No: ct08166
> Telephone: 203-624-9500
> Fax: 203-624-9100

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, on this day to:

**Karen Frink Wolf, Esq.**
**Harold J. Friedman, Esq.**
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

_____
Michael A. Stratton, Esq.