UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | |
| Defendants | ) | |
| | ) | AUGUST 1, 2005 |

## FINAL PRETRIAL MEMORANDUM

The parties submit the following memorandum in conformity with this

Court's May 9, 2005 Final Pretrial Order.

1.    **COUNSEL**

A.    Plaintiff's Trial Counsel:

Michael A. Stratton
Sandra L. Snaden
Stratton Faxon
59 Elm Street
New Haven, CT 06510

B.    Defendants' Trial Counsel:
Harold J. Friedman
Karen Frink Wolf
Friedman Gaythwaite Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

**2.    JURISDICTION**

This Court has jurisdiction based on diversity of citizenship.  The plaintiff resides in Akron, Ohio.  The defendants are from Rhode Island. The incident occurred in Connecticut.

**3.    JURY/NONJURY TRIAL**

The Case will be tried before a jury.

**4.    LENGTH OF TRIAL**

Plaintiff's Case in Chief: 4 days

Defendant's Case in Chief:  4 days

**5.    FURTHER PROCEEDINGS**

The Court granted the plaintiff's motion to take trial testimony by way of videotape deposition.  The defendants have asked for reconsideration of this order. These are out of state liability witnesses: William Mottla, Joseph Rocha, William Tweedy, Petra Milks and Erica Ramirez.  In addition, the plaintiff will request permission to take two additional depositions for purposes of trial of out of state witnesses Michael Kovacs and Agatha "Faye" Devito. These depositions can be taken at the same time as the other five, and have become necessary based on the deposition designations of these witnesses attached hereto. The defendant will similarly object to this request.

6.   **NATURE OF THE CASE**

   **A. All Parties and All Claims Alleged in the Complaint**

   PLAINTIFF'S CLAIMS

   Plaintiff's Fifth Complaint (October 7, 2003):

     i. Count One: Negligence as to Paul Arpin Van Lines, Inc.

     ii. Count Two: Negligence as to Arpin Logistics, Inc.

     iii. Count Three: Negligence as to Festo Corporation [Dismissed by Court's Order, 7/12/05]

     iv. Count Four: Negligence as to Michael Kovac d/b/a Trans-Expo International and Erica Ramirez [Dismissed by Court's Order, 7/12/05]

     v. Count Five: Recklessness as to Paul Arpin Van Lines, Inc.

     vi. Count Six: Recklessness as to Arpin Logistics, Inc.

     vii. Count Seven: Vicarious liability of Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. for negligence of Michael Kovac d/b/a Trans-Expo International and Erica Ramirez [Dismissed by Court's 5/2/05 Ruling on Motion for Summary Judgment]

DEFENDANTS' CLAIMS

Arpin's Cross-claims (October 6, 2004):

    i.   Count One: Common law indemnification against Festo Corporation for negligence [Dismissed by Court's 5/2/05 Ruling on Motion for Summary Judgment]

    ii.   Count Two: Common law indemnification against Festo Corporation in vicarious liability [Dismissed by Court's 5/2/05 Ruling on Motion for Summary Judgment]

    iii.   Count Three: Equitable indemnification against Festo Corporation for negligence [Dismissed by Court Order, 2/9/04, #257]

    iv.   Count Four: Equitable indemnification against Festo Corporation vicarious liability for negligence [Dismissed by Court Order, 2/9/04, #257]

    v.   Count Five: Apportionment of damages against Festo Corporation for negligence [Dismissed by Court Order, 2/9/04, #257]

    vi.   Count Six: Apportionment of damages against Festo Corporation for vicarious liability for negligence [Dismissed by Court Order, 2/9/04, #257]

vii.   Count Seven: Contribution against Festo Corporation

for negligence [Extinguished by plaintiff's settlement

with Festo. *See* Conn. Gen. Stat. §52-572o; *Stefano*

*v. Smith*, 705 F. Supp. 733, 737 (D. Conn. 1989).]

viii.   Count Eight: Contribution against Festo Corporation

for vicarious liability [Extinguished by plaintiff's

settlement with Festo. *See* Conn. Gen. Stat. §52-

572o; *Stefano v. Smith*, 705 F. Supp. 733, 737 (D.

Conn. 1989).]

ix.   Count Nine: Common law indemnification against

Festo Corporation for negligent representation

[Dismissed by Court's 5/2/05 Ruling on Motion for

Summary Judgment]

x.   Count Ten: Common law indemnification against

Festo Corporation in vicarious liability for negligent

misrepresentation [Dismissed by Court's 5/2/05

Ruling on Motion for Summary Judgment]

xi.   Count Eleven: Equitable indemnification against Festo

Corporation for negligent misrepresentation

[Dismissed by Court Order, 2/9/04, #257]

xii.  Count Twelve: Equitable indemnity against Festo
      Corporation for vicarious liability for negligent
      misrepresentation of Michael D. Kovac, d/b/a Trans-
      Expo International [Dismissed by Court Order,
      2/9/04, #257]

xiii.  Count Thirteen: Against Festo Corporation in
      apportionment for negligent misrepresentation
      [Dismissed by Court Order, 2/9/04, #257]

xiv.  Count Fourteen: Apportionment of damages against
      Festo Corporation in vicarious liability for negligent
      misrepresentation [Dismissed by Court Order,
      2/9/04, #257]

xv.  Count Fifteen: Against Festo Corporation in
      contribution for negligent misrepresentation
      [Extinguished by plaintiff's settlement with Festo.
      *See* Conn. Gen. Stat. §52-572o; *Stefano v. Smith*,
      705 F. Supp. 733, 737 (D. Conn. 1989).]

xvi.   Count Sixteen: Contribution against Festo

Corporation in vicarious liability for negligent

misrepresentation [Extinguished by plaintiff's

settlement with Festo. *See* Conn. Gen. Stat. §52-

572o; *Stefano v. Smith*, 705 F. Supp. 733, 737 (D.

Conn. 1989).]

xvii.   Count Seventeen: Common law indemnification

against Michael D. Kovac, d/b/a Trans-Expo

International in negligence [Dismissed by Court's

5/2/05 Ruling on Motion for Summary Judgment]

xviii.   Count Eighteen: Common law indemnification

against Michael D. Kovac, d/b/a Trans-Expo

International in vicarious liability for negligence

[Dismissed by Court's 5/2/05 Ruling on Motion for

Summary Judgment]

xix.   Count Nineteen: Equitable indemnification against

Michael D. Kovac, d/b/a Trans-Expo International in

negligence [Dismissed by Court Order, 1/14/04,

#240]

xx.  Count Twenty: Equitable indemnification against
Michael D. Kovac, d/b/a Trans-Expo International in
vicarious liability for negligence [Dismissed by Court
Order, 1/14/04, #240]

xxi.  Count Twenty-One: Apportionment of damages
against Michael D. Kovac, d/b/a Trans-Expo
International for negligence [Dismissed by Court
Order, 1/14/04, #240]

xxii.  Count Twenty-Two: Apportionment of damages
against Michael D. Kovac, d/b/a Trans-Expo
International based on vicarious liability in
negligence [Dismissed by Court Order, 1/14/04,
#240]

xxiii.  Count Twenty-Three: Contribution against Michael D.
Kovac, d/b/a Trans-Expo International for
negligence [Extinguished by plaintiff's settlement
with Michael Kovac, d/b/a Trans-Expo International.
See Conn. Gen. Stat. §52-572o; Stefano v. Smith,
705 F. Supp. 733, 737 (D. Conn. 1989).]

8

xxiv.   Count Twenty-Four: Contribution against Michael D.
        Kovac, d/b/a Trans-Expo International in vicarious
        liability for negligence [Extinguished by plaintiff's
        settlement with Michael Kovac, d/b/a Trans-Expo
        International. *See* Conn. Gen. Stat. §52-572o;
        *Stefano v. Smith*, 705 F. Supp. 733, 737 (D. Conn.
        1989).]

xxv.    Count Twenty-Five: Common law indemnification
        against Michael D. Kovac, d/b/a Trans-Expo
        International for negligent misrepresentation
        [Dismissed by Court's 5/2/05 Ruling on Motion for
        Summary Judgment]

xxvi.   Count Twenty-Six: Common law indemnification
        against Michael D. Kovac, d/b/a Trans-Expo
        International for vicarious liability for negligent
        misrepresentation [Dismissed by Court's 5/2/05
        Ruling on Motion for Summary Judgment]

xxvii.  Count Twenty-Seven: Equitable indemnification
        against Michael D. Kovac, d/b/a Trans-Expo
        International for negligent misrepresentation
        [Dismissed by Court Order, 1/14/04, #240]

xxviii.  Count Twenty-Eight: Equitable indemnification against
Michael D. Kovac, d/b/a Trans-Expo International in
vicarious liability for negligent misrepresentation
[Dismissed by Court Order, 1/14/04, #240]

xxix.  Count Twenty-Nine: Apportionment of damages
against Michael D. Kovac, d/b/a Trans-Expo
International for negligent misrepresentation
[Dismissed by Court Order, 1/14/04, #240]

xxx.  Count Thirty: Apportionment of damages against
Michael D. Kovac, d/b/a Trans-Expo International in
vicarious liability for negligent misrepresentation
[Dismissed by Court Order, 1/14/04, #240]

xxxi.  Count Thirty-One: Contribution against Michael D.
Kovac, d/b/a Trans-Expo International in negligent
misrepresentation [Extinguished by plaintiff's
settlement with Michael Kovac, d/b/a Trans-Expo
International. *See* Conn. Gen. Stat. §52-572o;
*Stefano v. Smith*, 705 F. Supp. 733, 737 (D. Conn.
1989).]

xxxii.  Count Thirty-Two: Contribution against Michael D.

Kovac, d/b/a Trans-Expo International in vicarious

liability for negligent misrepresentation

[Extinguished by plaintiff's settlement with Michael

Kovac, d/b/a Trans-Expo International. *See* Conn.

Gen. Stat. §52-572o; *Stefano v. Smith*, 705 F. Supp.

733, 737 (D. Conn. 1989).]

xxxiii.  Count Thirty-Three: Common law indemnification

against Erica Ramirez in her capacity as an

employee of Michael D. Kovac, d/b/a Trans-Expo

International in negligence [Dismissed by Court's

5/2/05 Ruling on Motion for Summary Judgment]

xxxiv.  Count Thirty-Four: Equitable indemnification against

Erica Ramirez in her capacity as an employee of

Michael D. Kovac, d/b/a Trans-Expo International in

negligence [Dismissed by Court Order, 1/14/04,

#240]

xxxv.  Count Thirty-Five: Apportionment of damages against

Erica Ramirez in her capacity as an employee of

Michael D. Kovac, d/b/a Trans-Expo International for

negligence [Dismissed by Court Order, 1/14/04,

#240]

xxxvi.   Count Thirty-Six: Contribution against Erica Ramirez
in her capacity as an employee of Michael D. Kovac,
d/b/a Trans-Expo International in negligence
[Extinguished by plaintiff's settlement with Erica
Ramires in her capacity as an employee of Michael
D. Kovac, d/b/a Trans-Expo International. *See*
Conn. Gen. Stat. §52-572o; *Stefano v. Smith*, 705 F.
Supp. 733, 737 (D. Conn. 1989).]

xxxvii.   Count Thirty-Seven: Common law indemnification
against Erica Ramirez in her capacity as an
employee of Michael D. Kovac, d/b/a Trans-Expo
International for negligent misrepresentation
[Dismissed by Court's 5/2/05 Ruling on Motion for
Summary Judgment]

xxxviii.   Count Thirty-Eight: Equitable indemnification against
Erica Ramirez in her capacity as an employee of
Michael D. Kovac, d/b/a Trans-Expo International for
negligent misrepresentation [Dismissed by Court
Order, 1/14/04, #240]

xxxix.  Count Thirty-Nine: Apportionment against Erica

Ramirez in her capacity as an employee of Michael

D. Kovac, d/b/a Trans-Expo International for

negligent misrepresentation [Dismissed by Court

Order, 1/14/04, #240]

xl.  Count Forty: Contribution against Erica Ramirez in

her capacity as an employee of Michael D. Kovac,

d/b/a Trans-Expo International for negligent

misrepresentation [Extinguished by plaintiff's

settlement with Erica Ramires in her capacity as an

employee of Michael D. Kovac, d/b/a Trans-Expo

International. *See* Conn. Gen. Stat. §52-572o;

*Stefano v. Smith*, 705 F. Supp. 733, 737 (D. Conn.

1989).]

Arpin's Third-Party Party Claims (February 11, 2003)

i.  Count One – Common law indemnification and/or

equitable indemnification against Festo Corporation

[Dismissed by Court Orders, 5/2/05 and 2/9/04]

ii.  Count Two – Common law indemnification and/or

equitable indemnification against Michael D. Kovac,

d/b/a Trans-Expo International [Dismissed by Court

Orders, 5/2/05 and 1/14/04]

iii.    Count Three – Common law indemnification and/or equitable indemnification against Erica Ramirez [Dismissed by Court Orders, 5/2/05 and 1/14/04]

iv.    Count Four – Common law indemnification and/or equitable indemnification in vicarious liability as to Festo Corporation [Dismissed by Court Orders, 5/2/05 and 2/9/04]

v.    Count Five – Common law and/or equitable indemnity in vicarious liability as to Michael D. Kovac d/b/a Trans-Expo International [Dismissed by Court Orders, 5/2/05 and 1/14/04]

vi.    Count Six – Apportionment complaint against Festo Corporation [Dismissed by Court Order, 2/9/04]

vii.    Count Seven – Apportionment complaint against Michael D. Kovac, d/b/a Trans-Expo International and Erica Ramirez [Dismissed by Court Order, 1/14/04]

viii.    Count Eight – Common law and/or equitable indemnity for misrepresentation against Michael D. Kovac, d/b/a Trans-Expo International and Erica Ramirez [Dismissed by Court Orders, 5/2/05 and 1/14/04]

### B.    Claims to be pursued at trial

The following will be tried: Count One (negligence) and Count Five (Recklessness) as to Paul Arpin Van Lines, Inc.; and Count Two (Negligence) and Count Six (Recklessness) as to Arpin Logistics, Inc.

The following have been resolved: Counts 3 (as to Festo) and Count 4 (as to Trans-Expo) have been dismissed by July 12, 2005 Order of the Court following settlement.  Count Seven (vicarious liability of Arpin for Trans-Expo International and Ramirez) was dismissed by the Court's 5/2/05 Ruling on Motion for Summary Judgment.

Defendants' cross-claims and third party claims were either dismissed by Court Order dated 1/14/2004; dismissed by Court Order dated 2/9/2004; dismissed by the Court's 5/2/05 Ruling on Motion for Summary Judgment; or extinguished by plaintiff's settlement with co-defendants Festo and Trans-Expo. See Conn. Gen. Stat. §52-572o; Stefano v. Smith, 705 F. Supp. 733, 737 (D. Conn. 1989). The defendants wish to make explicit their intention to introduce evidence against the settling defendants in order to retain their right to have the fault of the settling co-defendants apportioned by the jury. See Conn. Gen. Stat. §52-572h(n).

C.    **Special Defenses that will be pursued at trial**

Arpin's Defenses (October 6, 2004)

1) Comparative negligence (Count I, Count II, Count V and Count VI

2) Plaintiff's agreement of no liability for risk of injury (Count I, Count II, Count V and Count VI)

3) Contractual indemnity (Count I, Count II, Count V and Count VI)

4) Failure to adequately prepare cargo (Count I, Count II, Count V and Count VI)

5) Independent contractor (Count I, Count II, Count V and Count VI)

6) No duty to unload (Count I, Count II, Count V and Count VI)

7) Setoff (Count I, Count II, Count V and Count VI)

D.    **Brief Joint Statement of the Case**

On October 23, 2001, plaintiff Shawn Pouliot, a truck driver, was injured during the delivery of freight in Waterbury, Connecticut. The plaintiff claims that his injuries are due to the negligence of Paul Arpin Van Lines, Inc., who owned the truck, and Arpin Logistics, who assigned him the delivery in that they failed to provide him with necessary information about the load or the proper equipment to handle the load.  Arpin claims that the plaintiff was negligent in the manner in which he delivered the freight and

16

caused or contributed to his own injuries. Arpin also claims that the company who owned the item being shipped, Festo Corporation, and the sales agent Michael Kovac d/b/a Trans-Expo International, were negligent and caused plaintiff's injuries in that they did not give certain information to Arpin or prepare the freight properly.

7.    **TRIAL BY MAGISTRATE**

The parties do not consent to trial by a magistrate judge.

8.    **LIST OF WITNESSES**

Please see Plaintiff's witness list attached hereto. Please see Defendant's witness list attached hereto.

9.    **DEPOSITION TESTIMONY**

Please see Plaintiff's list of witnesses who may testify by deposition with designations, and list of objections and counter-designations attached hereto. Please see Defendant's list with designations, and list of objections and counter-designations attached hereto.

10.    **INTERROGATORIES AND REQUESTS TO ADMIT**

Please see Plaintiff's list of Interrogatories and Requests to Admit attached hereto. Please see Defendants' list of Interrogatories and Requests to Admit attached hereto.

11.   **EXHIBITS**

> Please see Plaintiff's exhibit list and list of objections to Defendants' exhibit list attached hereto. Please see Defendants' exhibit list and list of objections to Plaintiff's exhibit list attached hereto.

12.   **ANTICIPATED EVIDENTARY PROBLEMS**

The plaintiff anticipates that there may be an issue about evidence or argument related to the fact of or the amount of prior settlements. Additionally, the plaintiff will move in limine regarding certain witnesses testifying as experts without being disclosed; and certain experts testifying without a proper foundation or as to issues related to the law invading the province of the judge. There are also issues related to the defendant's special defenses including: 1) plaintiff's agreement of no liability for risk of injury (an issue already resolved by the court and certainly not for the jury); 2) contractual indemnity (same); 3)failure to adequately prepare cargo (this is not a proper special defense in a negligence case and is subsumed by the comparative negligence special defense); 4) independent contractor (this is an issue for the Court, and the plaintiff believes that this has in fact been resolved by this Court's orders; 5) setoff (this is automatically done by the Court post verdict and is not the subject of evidence at trial of collateral sources; 6) no duty to unload (this is not a proper special defense and is subsumed into the comparative negligence special defense). A memorandum discussing these issues is attached hereto as motions *in limine*.

18

The Defendants anticipate several additional evidentiary concerns regarding plaintiff's status as an employee or independent contractor, evidence of defendants' now withdrawn fraud affirmative defense, evidence of private investigation, evidence of alleged changes to Arpin's computer system or business, hearsay statements of witnesses regarding the condition of the Arpin truck, evidence of repairs to the Arpin truck before the accident, evidence of maintenance on the truck after the accident, evidence of plaintiff's business income, use of certain undisclosed medical records, and issues related to foundation, qualifications, and reliability of plaintiff's purported expert opinions.  These evidentiary issues are addressed in motions *in limine* dated July 30, 2005 and filed separately pursuant to the Final Pretrial Order.

13. **MOTIONS IN LIMINE**

These will be filed separately pursuant to the Final Pretrial Order.

14. **GLOSSARY**

This will be provided to the Court as required by the Final Pretrial Order.

15. **TRIAL TO JURY**

A.   Uncontested Facts

The parties can stipulate to the following:

Arpin Logistics and Paul Arpin Van Lines, Inc. are companies in Rhode Island.

19

On October 21, 2001 Arpin provided Mr. Pouliot with a truck and assigned him to perform several deliveries and a pick-up, which deliveries and pick-ups will be detailed at trial. One delivery was at Naugatuck Valley Community College in Waterbury, Connecticut.

On October 23, 2001, Shawn Pouliot was injured while unloading cargo at the College. The details of this incident will be presented at trial.

B.    Contested Issues of Fact/Law

The plaintiff asserts that the contested issues in this case are the following: 1) Was the defendant Arpin negligent or reckless for failing to provide adequate equipment for the delivery of the Learnline Unit? This includes whether the defendant provided a truck with a liftgate that did not have  a level lift, was too small for the job and had no cart retention system when the unit being delivered was a cart on wheels; 2) Was Arpin reckless or negligent for providing a defective liftgate that was not properly maintained so that the platform angled too far out away from the truck causing the Learnline Unit to fall?; 3) Was Arpin reckless or negligent for failing to convey the information it had or should have had in its possession to the plaintiff when the delivery was assigned? 4) The amount of damages.

The defendant denies every fact alleged by plaintiff in his contested issues above. The defendant asserts that the contested issues in this case include: 1) whether the information provided to the plaintiff was correct and adequate, and whether the equipment provided was reasonably safe and adequate, and properly operational; 2) whether the plaintiff was comparatively negligent, in failing to adequately load and unload, failing to secure the load, failing to obtain help, failing to be aware of his surroundings, failing to keep his body in a safe place while unloading, and failing to follow safe unloading procedures; 3) The defendant also asserts that the settling defendants, Festo and Trans-Expo, failed to properly represent the nature and weight of the cargo, failed to appropriately package the cargo for transport, failed to assist the plaintiff, and misrepresented material aspects of the cargo; 4) Defendants assert that as a matter of law, based on this Court's summary judgment ruling, the plaintiff is an independent contractor for purposes of trial. The scope of his responsibilities for his own safety thereby are factual matters that are contested at trial; 5) Defendants assert that material factual issues remain in dispute as to plaintiff's agreement to indemnify Arpin for his risk of injury and damages, as contemplated by this Court's ruling on Motion for Summary Judgment, May 2, 2005; 6) Defendant challenges the nature and amount of plaintiff's damages, economic and non-economic, at trial.

21

C.    Proposed Voir Dire Questions

Plaintiff's proposed questions are attached.

Defendants' proposed questions are attached.

D.    Proposed Jury Instructions

Plaintiff's proposed jury instructions are attached, as is a 3 ½"

diskette with the instructions saved in word perfect 11.

Defendants' proposed jury instructions are attached, as is a 3 ½"

diskette with the instructions saved in word perfect 11.

The parties each reserve the right to object to the other's jury

instructions at or before the charge conference, or as required by the

Court.

E.    Jury Interrogatories

Plaintiff's proposed jury interrogatories are attached.

Defendants' proposed jury interrogatories are attached.

THE PLAINTIFF,

By: _____
    Michael A. Stratton
    STRATTON FAXON
    59 Elm Street
    New Haven, CT 06510
    Federal Bar No: ct08166
    Telephone:  203-624-9500
    Fax:  203-624-9100

THE DEFENDANTS,

By: _____
    Harold J. Friedman
    Karen Frink Wolf
    FRIEDMAN GAYTHWAITE
    WOLF & LEAVITT
    Six City Center
    P.O. Box 4726
    Portland, ME  04112-4726
    Federal Bar Nos: ct23785
    ct 26494
    Telephone: 207-761-0900
    Fax:  207-761-0186