UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT : | |
| : | |
| Plaintiff : | |
| : | CIVIL ACTION NO. |
| v. : | 3:02 CV 1302 (JCH) |
| : | |
| PAUL ARPIN VAN LINES, INC. et al. : | |
| : | August 18, 2005 |
| Defendants : | |

### *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PERMISSION TO TAKE ADDITIONAL VIDEOTAPED TRIAL TESTIMONY BY WAY OF DEPOSITION*

Pursuant to Local Rule 7, Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin") hereby submit this Opposition to Plaintiff's motion for permission to take the videotaped trial testimony of Faye Devito and Michael Kovac. As in its response to Plaintiff's previous motion to take the videotaped trial testimony of William Mottla, William Tweedy, and Joseph Rocha, Arpin opposes the proposed use of videotaped depositions to present Ms. Devito's and Mr. Kovac's testimony at trial because Plaintiff has not met his burden of demonstrating that both of these witnesses are unavailable as required by Fed. R. Evid. 804.[1] The grounds for Arpin's Opposition are set out more fully below.

### ARGUMENT

This court has expressed its preference for having live witnesses testify versus reading deposition testimony into the record or using videotaped deposition testimony.

---

[1] In his motion, Plaintiff assures the Court that the depositions he seeks permission to take would not be time-consuming; however, timing is not part of the test this Court must apply in evaluating Plaintiff's request. Rather, as discussed below, the Court must consider whether Plaintiff has demonstrated that the witnesses are unavailable. Plaintiff has not made the required showing. Accordingly, the Court should deny his motion.

**ORAL ARGUMENT REQUESTED**

EXHIBIT
B

*Lever Brothers Co. v. Procter & Gamble Co.*, 23 F. Supp. 2d 208, 211 (D. Conn. 1998).

F. R. Evid. 804 provides a hearsay exception for a witness's former testimony, including a videotaped deposition, when that witness is unavailable for trial. Under Rule 804, a witness is unavailable where he or she

1. is exempted by ruling of the court on the ground of privilege from testifying concerning the subject matter of the [witness]'s statement; or

2. persists in refusing to testify concerning the subject matter of the [witness]'s statement despite an order of the court to do so; or

3. testifies to a lack of memory of the subject matter of the [witness]'s statement; or

4. is unable to be present or to testify at the hearing because of death or then existing physical or mental illness or infirmity; or

5. is absent from the hearing and the proponent of a statement has been unable to procure the [witness]'s attendance…by process or other reasonable means.[2]

F. R. Evid. 804(a).[3] The proponent of the videotaped deposition must demonstrate both

---

[2] Fed. R. Civ. P. 45 provides that a trial subpoena may be served outside the district anyplace that is within 100 miles of the place of trial. The 100-mile radius is calculated based upon a straight line measurement, "as the crow flies." *Palazzo v. Corio*, 204 F.R.D. 639 (E.D. N.Y. 1998) *citing SCM Corp. v. Xerox Corp.*, 76 F.R.D. 214, 215-16 (D. Conn. 1977). Even if a witness resides at a distance greater than 100 miles from Bridgeport he or she can still be subpoenaed for trial based upon the location of their place of employment. *SCM Corp. v. Xerox Corp.*, 77 F.R.D. 16, 18 (D. Conn. 1977) ("Residence would normally suffice as an appropriate location, easily ascertained, so long as there is some evidence that the witness is actually at his residence. A regular place of employment should be an equally acceptable location since the criterion of prompt ascertainment of presence can be expected to be easily met").

[3] Fed. R. Civ. P. 32(a)(3) also limits the use of deposition testimony at trial. Rule 32(a)(3) provides that the deposition of a witness may be used by any party, for any purpose, only if the court finds:

 A. That the witness is dead; or
 B. That the witness is at a greater distance than 100 miles from the place of trial or hearing, or is out of the United States, unless it appears that the absence of the witness was procured by the party offering the deposition; or
 C. That the witness is unable to attend or testify because of age, infirmity, or imprisonment; or
 D. That the party offering the deposition has been unable to procure the attendance of the witness by subpoena; or

that the witness is unavailable and that the proponent used due diligence in an effort to secure the witness's attendance at trial. *Kirk v. Raymark Industries, Inc.*, 61 F.3d 147, 165 (3rd Cir. 1995), *cert. denied* 516 U.S. 1145, 116 S. Ct. 1015, 134 L.Ed.2d 95 (1996); *Moore v. Mississippi Valley State University*, 871 F.2d 545, 552 (5th Cir. 1989) (plaintiff's assertion that witness was unavailable, without further explanation, was insufficient); *Williams v. United Dairy Farmers*, 188 F.R.D. 266, 272 (S.D. Ohio 1999) (proponent must establish that reasonable efforts were undertaken to secure the witness's attendance at the hearing). In his motion, Plaintiff has merely asserted, but not proved, that the witnesses are outside of the Court's subpoena power. *See* Motion for Permission to Take Additional Videotaped Trial Testimony By Way of Deposition, at p. 1. He has therefore failed to make the required showing of unavailability.

Even if the witnesses identified in Plaintiff's motion were unavailable for trial, both of them have already been deposed. This existing deposition testimony, like the deposition testimony of any other unavailable witness, can be read to the jury. Plaintiff could have videotaped those depositions but chose not to. Because deposition testimony already exists, there is no reason to subject the witnesses to a second round of videotaped depositions or to subject Arpin to the time and expense those additional depositions would entail. *See Ruehle v. Lifespring, Inc.*, No. 89 CV 7679 (GLG), 1992 WL 34150, *1 (S.D. N.Y. February 20, 1992) (where witness has already been deposed and party did not seek to record initial deposition on videotape, that party "must now make do with the deposition transcripts").

---

      E.  Upon application or notice, that such exceptional circumstances exist as to make it desirable, in the interest of justice and with due regard to the importance of presenting the testimony of witness orally in open court, to allow the deposition to be used.

Fed. R. Civ. P. 32(a)(3). Plaintiff has pointed to no such exceptional circumstances in this case.

Plaintiff has not demonstrated that the witnesses whose trial testimony he would like to present by videotaped deposition are unavailable. Nor has he shown that he used due diligence in an effort to secure the witnesses' attendance at trial. Furthermore, Plaintiff has already deposed each of the witnesses and could read that testimony to the jury. For all of these reasons, Arpin respectfully requests that this Court deny Plaintiff's Motion for Permission to Take Additional Videotaped Trial Testimony by Way of Deposition.

Dated this 18th day of August, 2005.

    Defendants Paul Arpin Van Lines, Inc. and
Arpin Logistics, Inc.,
By their attorneys:

_/s/_____
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF &
LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 18th day of August, 2005 to the following:

Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Spillane & Mannion
46 Main Street, PO BOX 1319
New Milford, CT 06776-1319

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

_____
Karen Frink Wolf, Esq. CT 26494