UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | |
| Defendants | ) | August 18, 2005 |
| | ) | |

### SUBMISSION OF DEFENDANTS PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC. IN RESPONSE TO PLAINTIFF'S RENEWED OR SECOND MOTION TO DISMISS CO-DEFENDANTS FESTO CORPORATION, MICHAEL D. KOVAC, D/B/A TRANS-EXPO INTERNATIONAL AND ERICA RAMIREZ

NOW COME Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (collectively "Arpin") and hereby file this Submission Regarding Plaintiff Shawn Pouliot's ("Plaintiff's) Second or Renewed Motion to Dismiss his claims against Arpin's Co-Defendants Festo Corporation, Michael Kovac, d/b/a Trans-Expo International, and Erica Ramirez (collectively "Co-Defendants").

Plaintiff purportedly re-filed or filed anew his Motion to Dismiss Arpin's Co-Defendants due to his inability to correctly denominate one of the entities he previously sued, i.e., because he "wrongly named one of the parties." Plaintiff's Motion to Dismiss Co-Defendants at 1. This follow up or "corrected" filing seems unnecessary in light of the fact that the Court has already granted Plaintiff's initial Motion to Dismiss the entities in question.

Nevertheless, in light of Plaintiff's renewed Motion regarding dismissal of the entities actually made party to this litigation, Arpin again makes explicit its intention to introduce

1

evidence[1] in order to retain its right to have the fault of any Co-Defendant(s) apportioned by the jury. *See* Conn. Gen. Stat. § 52-572h(n) ("the total award of damages is reduced by the amount of the released person's percentage of negligence determined in accordance with subsection (f) of this section"); *Baxter*, 46 Conn. App. at 379, n. 1 ("to determine the percentage of liability attributed to a settled or released person, the jury must first consider the negligence or lack thereof of the settled or released person"). *See also Collins v. Colonial Penn Ins. Co.*, 257 Conn. 718, 734, 778 A.2d 899 (Conn. 2001) ("[t]he underlying rationale of [Conn. Gen. Stat. § 52-572h(n)] is that . . . the amount of the award is reduced by the settling party's percentage of negligence. *Thus, if a claimant settles with one potential tortfeasor, the plaintiff is allowed to keep the amount of that settlement, but the award against the remaining tortfeasor is reduced by the percentage of negligence attributable to the settling tortfeasor*") (emphasis supplied).

Dated: August 18, 2005

                                        Respectfully Submitted,

                                        /s/ Harold J. Friedman
                                        _____
                                        Harold J. Friedman, Esq. CT 23785
                                        Karen Frink Wolf, Esq. CT 26494
                                        Attorneys for Defendants Paul Arpin Van
                                        Lines, Inc. and Arpin Logistics, Inc.
                                        FRIEDMAN GAYTHWAITE WOLF &
                                        LEAVITT
                                        Six City Center, P.O. Box 4726
                                        Portland, ME  04112-4726
                                        (207) 761-0900
                                        (207) 761-0186 (Fax)
                                        hfriedman@fgwl-law.com
                                        kwolf@fgwl-law.com

---

[1] As the Court knows, "[a]pportionment does not arise automatically, but must be based on evidence at trial." *Ayalon v. Breakstone*, 2003 WL 23025399, at *4 (Conn. Super. Dec 05, 2003), citing *Baxter v. Cardiology Assocs. of New Haven, P.C.*, 46 Conn. App. 377, 381-82, 699 A.2d 271, *cert denied*, 243 Conn. 933, 702 A.2d 640 (1997).

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 10th day of August, 2005 to the following:

Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT  06510

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Spillane & Mannion
46 Main Street, PO BOX 1319
New Milford, CT 06776-1319

Daniel J. Krisch, Esq.
HORTON, SHIELDS & KNOW, P.C.
90 Gillett Street
Hartford, CT 06105

_____
Karen Frink Wolf, Esq. CT 26494