UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| PAUL ARPIN | ) | August 23, 2005 |
| VAN LINES, INC. et al. | ) | |
| Defendants | ) | |
| | ) | |

**SUPPLEMENTAL MEMORANDUM OF LAW OF DEFENDANTS PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC. IN SUPPORT OF MOTION FOR RECONSIDERATION OF COURT'S ORDERS GRANTING PLAINTIFF'S MOTIONS FOR PERMISSION TO TAKE VIDEOTAPED TRIAL TESTIMONY AND ADDITIONAL VIDEOTAPED TRIAL TESTIMONY**

NOW COME the Defendants, Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., and hereby request that the Court determine whether certain videotaped trial depositions may go forward or whether the deposition of certain witnesses or live testimony of witnesses at trial is appropriate. Defendants further state as follows:

On July 1, 2005, Plaintiff filed a motion to take videotaped depositions of William Mottla, Joseph Rocha, William Tweedy, Petra Milks, and Erica Ramirez, for use at the trial of this matter. All of these witnesses have previously been deposed in the course of this action. On July 20, 2005,

the Court granted this Motion over objection. The Court's order is currently subject to a Motion for Reconsideration filed by the Defendants on July 21, 2005

On August 11, 2005, Plaintiff filed a Motion for Permission to Take Additional Videotaped Trial Testimony of Faye DeVito and Michael Kovac. On August 17, 2005, the Court granted this Motion, again, over objection. This Motion as well is subject to Arpin's August 18, 2005 Motion for Reconsideration.

Defense counsel and Plaintiff's counsel have discussed the pending requested depositions and have reached some accommodation with respect to certain of these depositions but otherwise seek the Court's ruling with respect to others. Both Plaintiff and Defendants seek the trial testimony of all of these witnesses. However, Plaintiff seeks the testimony for purposes of proving the Defendants acted negligently. Defendants, on the other hand, seek testimony of the same witnesses to support their defenses and to prove their apportionment claims against Festo Corporation and TransExpo International. Moreover, in part, the parties disagree on the way some of these witnesses should be presented at trial. The depositions will be addressed by category.

1. <u>William Tweedy</u>

Mr. Tweedy may be within the subpoena power of the Court for purposes of trial. Nonetheless, there is some concern as to whether compliance with the subpoena would be forthcoming. Accordingly, the Plaintiff seeks Mr. Tweedy's additional videotaped deposition for trial. Defendants do not oppose this request. However, Defendants seek the right in addition, <u>if</u> Mr. Tweedy is within the subpoena power of the Court and complies with a subpoena, to be permitted to call Mr. Tweedy live at trial as well.

Michael Kovac and Erica Ramirez

Mr. Kovac was the sole proprietor of apportionment Defendant TransExpo International. His employee was Erica Ramirez. These witnesses both reside in California and are therefore outside of the subpoena power of the Court for purposes of trial. They were previously deposed in California. Mr. Kovac's deposition was detailed and complete and comprises 107 pages. Likewise, Ms. Ramirez's deposition is detailed and complete and comprises 145 pages. As such, Defendants' position is that the depositions must be used at trial. *See Ruehle v. Lifespring, Inc.,* No. 89 CV 7679 (CLG), 1992 WL 34150, *1 (S.D.N.Y. February 20, 1992) (where witness has already been deposed and party did not seek to record initial deposition on videotape, that party "must now make do with the deposition transcripts"). Also, additional California depositions will entail extreme and unnecessary expense to all participants. Plaintiff's position is that he wishes to take additional depositions by videotape to present at trial.

2.  Petra Milks and Agatha DeVito

These witnesses are employees of apportionment Defendant Festo Corporation. Festo Corporation is Hauppauge, New York, which is eighty miles from the Court's seat in Bridgeport, Connecticut. Accordingly, these witnesses are within the subpoena power of the Court. Defendants' position is that because these witnesses may be subpoenaed for trial, they do not meet the test of unavailability set forth in Federal Rule of Evidence 804(a). Defendants have previously indicated their intent to subpoena these witnesses for trial.

The parties have effectively agreed to disagree as to the mechanism for attendance at trial of these witnesses and seek the Court's ruling as to this issue. Plaintiff's position is that he seeks to

preserve trial testimony now in the form of an additional videotaped depositions. Defendants' position is that, in view of the fact that these parties are available for trial, any additional deposition of them at this juncture is superfluous and unnecessary, and burdensome to the witnesses to be called at trial. Furthermore, Defendants should not be bound by videotaped testimony when they seek and are prepared to subpoena witnesses for live testimony at trial.

3.   Joseph Rocha and William Mottla

These two witnesses are former employees of Arpin Logistics, Inc. One is within the subpoena power of the Court, and one is slightly outside the 100-mile radius for subpoena power of the Court. However, Arpin intends to call these witnesses at trial, and they will voluntarily appear. Accordingly, as indicated above with respect to the Festo witnesses, any further deposition testimony of these individuals, who have already appeared once for deposition, would be superfluous and unnecessary. Both Plaintiff and Defendants seek the testimony of these witnesses at trial.

Plaintiff's position is that he wants the testimony of these witnesses by videotape. These witnesses have been deposed once. Defendants' position is that the witnesses should not be subjected to another deposition in view of the fact that they will be subpoenaed for trial.

WHEREFORE, Arpin respectfully requests that this Court issue an order that Petra Milks and Agatha De Vito not be required to appear for videotaped deposition and that they appear at trial by virtue of subpoenas that will be served by either or both parties; and that Joseph Rocha and

William Mottla not be subjected to further deposition and shall appear at trial voluntarily or by subpoena as the case may be.

Dated at Portland, Maine this 23rd day of August, 2005.

Harold J. Friedman, CT 23785
Karen Frink Wolf, CT 26494
Attorneys for Defendants Paul Arpin Van Lines,
Inc. and Arpin Logistics, Inc.

FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center
P. O. Box 4726
Portland, ME  04112-4726
207-761-0900

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent this day to all counsel and *pro se* parties as follows:

Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT  06510

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541
401-596-0183

James R. Oswald, Esq.
Adler, Pollock & Sheehan
2300 BankBoston Plaza
Providence, RI  02903

Susan O'Donnell, Esq.
Halloran & Sage
One Goodwin Sq., 225 Asylum St.
Hartford, CT  06103

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Spillane & Mannion
46 Main Street, PO BOX 1319
New Milford, CT 06776-1319

Daniel J. Krisch, Esq.
Horton, Shields & Knox, P. C.
90 Gillett Street
Hartford, CT  06105

_____
Karen Frink Wolf, Esq.