UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SHAWN POULIOT,
        Plaintiff,

v.

PAUL ARPIN VAN LINES, INC.
AND ARPIN LOGISTICS, INC.,
THE FESTO CORPORATION, MICHAEL
D. KOVAC D/B/A TRANS-EXPO
INTERNATIONAL AND ERICA
RAMIREZ,
        Defendants.

C.A. No. 3:02 CV1302 (JCH)

August 30, 2005

## DEFENDANT FESTO CORPORATION'S OBJECTION TO PLAINTIFF'S MOTION FOR PERMISSION TO TAKE ADDITIONAL VIDEOTAPED TRIAL TESTIMONY BY WAY OF DEPOSITION

Defendant Festo Corporation ("Festo") hereby objects to Plaintiff's Motion for Permission to Take Additional Videotaped Trial Testimony by Way of Deposition, dated August 5, 2005 (the "Motion"). Festo objects to the extent Plaintiff is seeking to take, via a second deposition, additional testimony from Faye DeVito, a former employee of Festo, and from Petra Milks, an employee of Festo, both of whom have already been deposed and whose deposition transcripts are available for use at trial.

As noted by Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (the "Arpin Defendants") in their Objection to Plaintiff's original Motion for Permission to Take Videotaped Trial Testimony by Way of Deposition, filed on July 21, 2005, and in their Motion for Reconsideration of Court's Orders Granting Plaintiff's Motions for Permission to Take Videotaped Trial Testimony and Additional Videotaped Trial Testimony, Plaintiff, as proponent of the use of videotaped deposition testimony at trial, must demonstrate that the witness is

unavailable and that the proponent used due diligence in an effort to secure the witness's attendance at trial. See Kirk v. Raymark Industries, Inc., 61 F.3d 147, 165 (3d Cir. 1995), cert. denied, 516 U.S. 1145 (1996); Moore v. Mississippi Valley State University, 871 F.2d 545, 552 (5th Cir. 1989); Williams v. United Dairy Farmers, 188 F.R.D. 266, 272 (S.D. Ohio 1999).

Plaintiff has failed to make the required showing with respect to either Ms. DeVito or Ms. Milks. Festo notes that on August 24, 2005, this Court granted the Arpin Defendants' Motion for Reconsideration, allowing the Plaintiff to file a supplemental memorandum in support of its motion to take videotaped trial testimony "to make the showing required (unless unavailable and reasonable efforts to secure attendance at trial)." See August 24, 2005 Order. Plaintiff's supplemental memorandum, dated August 26, 2005, likewise fails to make the required showing.

Respectfully submitted,

THE FESTO CORPORATION,
By Its Attorneys,

JOHN A. TARANTINO, #15980
JAMES R. OSWALD, #20936
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI  02903-2443
Tel: (401) 274-7200
Fax: (401) 751-0604/351-4607
Dated: August 30, 2005

2

## **CERTIFICATION**

TO:   Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Thomas J. Grady, Esq.
Lenihan, Grady & Steele
6 Canal Street
P.O. Box 541
Westerly, RI 02891

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Mannion, Martindale
  & Dratch
46 Main Street
New Milford, CT 06776

Susan O'Donnell, Esq.
Halloran & Sage
One Goodwin Square
225 Asylum Street
Hartford, CT 06103

Karen Frink Wolf, Esq.
Friedman Gaythwaite Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME  04112

I hereby certify that I caused a true copy of the within, to be served via facsimile and regular mail, postage prepaid, to the above-named counsel of record on this 30th day of August, 2005.

*341850_1.doc*