UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | |
| Defendants | ) | |
| | ) | SEPTEMBER 1, 2005 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE RE: EXPERTS GAMBOA, CRAKES AND FORMAN**

The plaintiff objects to this motion in limine as to experts Gamboa and Forman, and concedes that Crakes was previously withdrawn as an expert.

**I.   As to Vocational Expert Anthony Gamboa**

The defendant objects to his expert testimony in part because they do not believe that his opinion has a basis in science. In particular they attack his "vocational economic rationale" which holds that 'people with disabilities generally earn less than their non- disabled counterparts'. The defendant claims that this assertion is not based on any reliable methodology and does not take into consideration Mr. Pouliot's specific situation.

Dr. Gamboa was retained by the plaintiff to address the specific issues of whether the plaintiff was employable in the current or reasonably probable future job markets and to provide a present value for any economic losses related to his

inability to obtain work in light of his injuries. Dr. Gamboa has an MBA from the University of Chicago with an emphasis in financial and cost accounting, investments and statistics as well as economic assessments of earnings and health care costs. Furthermore, he has a PhD and Masters Degree in the areas of guidance counseling and vocational counseling. He is a member of the American Law and Economic Association, National Employment Counselors Association, and has written dozens of articles in the fields of disability, vocational assessments and economic valuation.

     Dr. Gamboa reviewed all of the plaintiff's medical records and did an individual examination and evaluation of him and his medical condition. See Deposition of Gamboa p. 48-69 (Exhibit A). He then surveyed the job market and made a determination of the probability of him obtaining employment. He determined that such employment was highly unlikely given the impairments, the need for ongoing treatment, the inability to stay in one position for more than 5 to 10 minutes, and the constant use of debilitating pain medications. This opinion varied somewhat from what other medical experts had opined about the plaintiff's work capacity. But these other experts were not in a position to evaluate the current labor market and the available jobs for someone in the plaintiff's position.

     As for Dr. Gamboa's present value calculation of vocational loss, he clearly demonstrated competence and qualifications in this area. See Gamboa

Deposition at p. 101-106 (Exhibit B). Dr. Gamboa will not testify as to the life care plan's present value.

## II.  As to Life Care Plan Expert Larry Forman

The defendant claims that because there is no expert to calculate the exact present vale of Forman's life care plan that this testimony must be precluded. Such a calculation, however, is not required to be done by an expert. In fact, this decision is often done with instructions from the Court that the jury must reduce any damages to present value by taking into considerations issues of savings and inflation. See Kiniry v. Danbury Hospital, 183 Conn. 448, 462-64(1981). Moreover, the raw data (historical inflation rates and savings rates) will be provided by Dr. Gamboa in his calculation of the present value of the vocational loss. As such, the jury should be able to make this calculation on its own. The defendant cites erroneously to only one case "requiring" expert testimony on this issue. But this case Androutsakos v. MV Psara, 2004 Lexis 12854 (D. Or. 2004) does not stand for this proposition. Rather, the Court in that case noted the paucity of evidence to make a present value calculation and made the calculation on its own. It certainly did not preclude evidence of future damages as is now requested by the defendants.

THE PLAINTIFF,

By: _____
Michael A. Stratton
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Federal Bar No: ct08166
Telephone: 203-624-9500
Fax: 203-624-9100

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, on this day to:

**Karen Frink Wolf, Esq.**
**Harold J. Friedman, Esq.**
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

_____
Michael A. Stratton, Esq.