UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
|     Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | |
|     Defendants | ) | |
| | ) | SEPTEMBER 1, 2005 |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE RE: EXPERT ROLAND RUHL

The defendants' first issue with expert Ruhl is his opinions regarding the duty of defendants to perform systematic maintenance and repair of their vehicles. In his deposition, Ruhl testified that he has taught courses to motor vehicle carriers, graduated from trucking school, is certified for truck inspections, and has been consulted many times by motor carriers for his opinions and technical expertise. See Ruhl Deposition p. 158-198 (Attached As Exhibit A).

The defendants also claim that this expert will try to characterize the plaintiff as an "employee". This expert will not make that characterization but will indicate that the duty to the driver is the same regardless when driving a motor carrier's own truck.

The defendant's second issue is their claim that Dr. Ruhl should be precluded from testifying that the liftgate was defective. Dr. Ruhl's Report is Attached as Exhibit B and his full Deposition as Exhibit C.

By way of background, this case involves a Learnline Unit of a specific dimension, on wheels, rolling off the back of the defendant's liftgate at the rear of their truck. The plaintiff claims that this liftgate was improperly maintained so that as the lift descended, the lift angled too far down into the street thereby causing the unit to roll off. If the lift had been properly maintained it would maintain a less dangerous angle as it descended.

As set forth in his report and deposition, Dr. Ruhl tested the actual liftgate (post-accident) to determine when a cart on wheels of the same dimensions would roll off the liftgate as it descended. This testing demonstrated that the cart would generally (but not always) roll off the lift within the 12-28 inch point from the ground. This testing mirrored the actual incident where the cart actually rolled off at the 18 inch mark during the descent.

The defendants complain that the testing done by Dr. Ruhl did not exactly duplicate the height of the work station, nor did it include brakes on the wheels. These two "variable" however have nothing to do with the validity of the testing as set forth by Dr. Ruhl in his deposition. Dr. Ruhl stated that height had nothing to do with the incident because this was not by all accounts a "tip over"; it was a "roll off". This is based on the testimony of witnesses including the plaintiff

himself who described the unit as rolling, not tipping. Moreover, it is undisputed that brakes on the unit were 1) not working and 2) were not applied at the time of the incident. As such, using a braking mechanism during the testing could not aid in replicating the actual occurrence's conditions.

Finally, the defendants' mischaracterize Dr. Ruhl's testimony regarding droop. Droop was a condition on the liftgate flipper. This, however, was not the major contributing defect in this incident. Rather, it was the actual positioning of liftgate at the top of its range of motion. According to the manufacturer, the liftgate should be angled in towards the truck at the top of its range so that as it descends it does not rotate too far out into the street. The defendants did not follow this instruction and left the gate level or angled towards the street at its top range of motion, thereby causing the lift too angle out too far as it descended – leading to roll off problems.

The third issue is Dr. Ruhl's testimony that a cart retention system would have prevented this incident. This testimony is well within his knowledge as a consultant to trucking companies, and as a mechanical engineer.

THE PLAINTIFF,

By: _____
Michael A. Stratton
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Federal Bar No: ct08166
Telephone: 203-624-9500
Fax: 203-624-9100

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, on this day to:

**Karen Frink Wolf, Esq.**
**Harold J. Friedman, Esq.**
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

_____
Michael A. Stratton, Esq.