UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT,<br>      Plaintiff<br><br>v.<br><br><br>PAUL ARPIN VAN LINES, INC. et al.<br>      Defendants | CIVIL ACTION NO.<br>3:02 CV 1302 (JCH)<br><br><br><br><br><br><br>SEPTEMBER 8, 2005 |

## PRETRIAL ORDER: PLAINTIFF'S EXPERT WITNESSES

I. **Specially Retained Experts:**

    A.     Roland L. Ruhl, Ph.D.

Dr. Ruhl's full expert disclosure per Rule 26 is attached hereto as Exhibit A. His full credentials as a specialist in mechanical engineering are included. Briefly, his background includes a B.M.E. in Machine Design, a M.B.A. in Quantitative Methods, and a Ph.D. in Mechanical Engineering – all at Cornell University. As a professor, he has researched and written extensively in the field of trucking and truck design. He also has special training in commercial vehicle driving and inspection.

Dr. Ruhl's opinions in this case are identified in his report contained within Exhibit A. In general, Dr. Ruhl will testify that the defendant 1.) did not properly inspect the truck/liftgate; 2.) the liftgate was damaged and defective in that it was distorted and at a dangerous angle to the road when it was lowered; 3.) a cart

retention system should have been used on the liftgate for the type of load that the defendant assigned the plaintiff; 4.) if the liftgate had been properly repaired and maintained the incident would not have happened; 5.) Arpin did not communicated critical information regarding this load to its staff or to the plaintiff; and 6.) the defendant did not preserve the liftgate in the condition it was in at the time of the incident.

B.  Anthony Gamboa

Dr. Gamboa's Disclosure is attached hereto as Exhibit B, along with his deposition which outlines his opinions in this case.

As for his biography, Dr. Gamboa has a Ph.D. and M.B.A. in Economics and Vocational Counseling.

He will testify about the impact that the plaintiff's injuries have on his capacity to earn money.

In particular, he will testify that the plaintiff is not able to obtain and retain employment due to his injuries and the treatment that he received.

His opinion rests on his review of the available jobs in the economy and the probability of available jobs in the future for a person with the disabilities of the plaintiff.

He relies on U.S. Census Data, the education level of the plaintiff, and his limitations physically and cognitively. He opines that given these facts these are less than .2% of the jobs in the current economy that the plaintiff might have the

capacity to perform: "we are talking about someone with severe work disabilities with probable levels of employment that are exceedingly low" (pp. 64 – 65 of his deposition). The data comes from the American Community Survey, the Decennial Census, March 2004 Population Survey (22 years of employment data on persons with disabilities).

Dr. Gamboa also calculates the total loss of income in present value as 1.738 – 1.774 million dollars. This is based on the plaintiff's historical level of earnings as a truck driver.

C. <u>Dr. Lawrence Forman</u>

Dr. Forman's Rule 26 Disclosure is attached as Exhibit C.

Dr. Forman is a rehabilitation specialist. He has a Master's Degree and several certifications in disability management, disability analysis, vocational evaluation, and rehabilitation counseling.

His role in this case was to work with the doctors caring for the plaintiff and determine the present value cost of the plaintiff's future care needs.

In doing this analysis, he relied on all of the documents, records, and reports set forth in the last three pages of his report. See Exhibit C (Report). Pages 1 – 29 of that same report outline the exact future medical/rehabilitation needs that the plaintiff will experience.

II. **Other Experts:**

A. <u>Jarob Mushaweh, M.D.</u>

This was the plaintiff's treating neurosurgeon initially at Waterbury Hospital. He is expected to testify in conformity with his medical records already submitted from Waterbury Hospital and speak to the plaintiff's condition at the time of the admissions, the treatment provided, the diagnosis, causation, and permanency.

B.   Glenn Taylor, M.D.

This was the plaintiff's treating orthopedist at Waterbury Hospital. He will testify similarly to Dr. Mushaweh.

C.   Frederick Slezak, M.D./Steven Cremer, M.D.

These are current treating physicians for the plaintiff in Ohio. Dr. Cremer is a board certified orthopedist, and Dr. Slezak is a surgeon. Both will speak about treatment provided to the plaintiff, and his future needs.

THE PLAINTIFF,

By: /s/
Michael A. Stratton
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Federal Bar No: ct08166
Telephone: 203-624-9500
Fax: 203-624-9100

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, on this day to:

**Karen Frink Wolf, Esq.**
**Harold J. Friedman, Esq.**
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

_____
Michael A. Stratton, Esq.