UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
|     Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | September 12, 2005 |
|     Defendants | ) | |
| | ) | |

### *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S MEMORANDUM ADDRESSING EVIDENTIARY ISSUES REGARDING PLAINTIFF'S TRIAL EXHIBITS*

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin"), hereby submit this memorandum addressing the evidentiary issues that arise from Plaintiff's trial exhibits.

**Plaintiff's Exhibit 2**

Plaintiff's Exhibit 2 consists of twenty pages of what appear to be Plaintiff's pharmacy records from Klien's Pharmacy in Cuyahoga Falls, Ohio. The exhibit is merely a listing of Plaintiff's activity with respect to obtaining and refilling certain drug prescriptions. Accordingly, this exhibit is not probative "of any fact that is of consequence" in this case and should be excluded on grounds of relevancy pursuant to Fed. R. Evid. 401, 402. Further, without the requisite foundation that any given prescription is related to Plaintiff's injuries, the Exhibit is inadmissible.

Even assuming that Exhibit 2 is somehow relevant, Plaintiff has failed to identify the manner is which the Exhibit is to be authenticated according to Fed. R. Evid. 901. As Exhibit 2 is not a self-authenticating document as described in Fed. R. Evid. 902, Plaintiff

must provide authentication prior to admissibility.

**Plaintiff's Exhibits 3a-3p**

Plaintiff's Exhibits 3a through 3p are comprised of Plaintiff's medical records from numerous medical facilities. As an initial matter, these Exhibits are inadmissible hearsay which fail to qualify as an exception to the hearsay rule. *See* Fed. R. Evid. 801-803. These documents also contain multiple levels of hearsay compelling their exclusion pursuant to Fed. R. Evid. 805. For example, Plaintiff's Exhibit 3d contains a consultation report where Jeffrey S. Tharp, D.O. recorded what the Plaintiff stated regarding the origin of his injuries.

Additionally, the medical records contain statements that are outside the scope of Plaintiff's medical treatment or diagnosis. For example, Plaintiff's Exhibit 3b contains a Discharge Summary where Glenn Taylor, M.D. of Waterbury Hospital Health Center makes the unsupported conclusion that the lift which Plaintiff was operating "malfunctioned" causing his injuries. The same unsupported assessment is also found in Plaintiff's Exhibit 3c containing Plaintiff's medical records from the Edwin Shaw Hospital for Rehabilitation. Such assessments are clearly not medical opinions and are inadmissible. *Bruneau v. Borden, Inc.* 644 F. Supp. 894, 896 (D. Conn. 1986)(excluding document containing treating physician's opinion regarding the causation of plaintiffs' injuries).

Plaintiff's also has failed to identify how Exhibits 3a through 3p will be authenticated at trial pursuant to Fed. R. Evid. 901.[1]

---

[1] Although under Connecticut state law signed medical records are self-authenticating pursuant to C.G.S.A. § 52-174, that rule is inapplicable here where the Federal Rules of Evidence clearly apply. *See Estate of Genecin v. Genecin*, 363 F. Supp. 2d 306, 313 (D. Conn. 2005)(noting that only state substantive rules apply to diversity cases, not purely evidentiary principles).

**Plaintiff's Exhibit 4**

Plaintiff's Exhibit 4 is a Life Expectancy Chart from the National Vital Statistics Reports. This chart depicts the statistical life expectancy of an average white male. It is, therefore, not probative of the life expectancy of an individual in Plaintiff's particular disabled condition and is, therefore, purely speculative. *Slade v. Whitco Corp.*, 811 F. Supp. 71, 75-76 (N.D.N.Y. 1993)(finding that plaintiff's expert testimony regarding the life expectancy charts for an average white female age twelve "was without foundation and very speculative" considering the plaintiff was a quadriplegic with brain damage).

**Plaintiff's Exhibits 5-6**

Plaintiff's Exhibit 5 and 6 consist of a fifteen page corporate overview and brochure regarding Arpin Logistics. These exhibits are not probative "of any fact that is of consequence" in this case and should be excluded on grounds of relevancy pursuant to Fed. R. Evid. 401, 402. In addition, the exhibits contain no publication date making it impossible to determine if they are historically relevant to the events of this case. To the extent Plaintiff seeks to use the Exhibits to demonstrate Arpin's alleged negligence or recklessness, a document not timely to the events at issue clearly has no relevance. Fed. R. Evid. 401, 402. Furthermore, without this information, these Exhibits lack the foundation necessary for admissibility.

**Plaintiff's Exhibit 7**

Plaintiff's Exhibit 7 is an undated written statement made by William E. Tweedy. Arpin addresses many of the evidentiary issues surrounding this document in its Motion in Limine Barring Any Statements, Written or Oral, of William Tweedy Regarding the Condition of the Vehicle at Issue in this Matter filed on August 1, 2005, incorporated

3

herein by reference. Specifically, as to this Exhibit, it is clear that the statement is inadmissible hearsay. Hearsay is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in the evidence to prove the truth of the matter asserted." Fed. R. Evid. 801. Here, Mr. Tweedy makes assertions that will be offered at trial for the truth of the matter asserted such as: "The truck that Shawn was to use was in my opinion dilapidated and should not have been used for this type of delivery ex. The lift gate being too small." Clearly, this type of statement meets the definition of hearsay and, therefore, Exhibit 7 should be excluded in its entirety. Fed. R. Evid. 801-802.[2] Exhibit 7 also contains multiple levels of hearsay compelling exclusion pursuant to Fed. R. Evid. 805. For example, Mr. Tweedy states that "Mike Montgomery (Director-Arpin Logistics) told the warehouse crew to load an old Peterbuilt straight truck for Shawn to use."

Even if Mr. Tweedy's statement was properly sworn to by him and notarized, which does not appear to be the case, Plaintiff's attempt to simply offer it into evidence ignores the plain language of the Federal Rules of Evidence regarding hearsay. Under Fed. R. Evid. 801(d)(1) such a statement is only admissible if Mr. Tweedy testifies at trial, is subject to cross examination about the statement *and* the statement is,

> (A) inconsistent with [his] testimony, and was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition, or (B) consistent with [his] testimony and is offered to rebut an express or implied charge against [him] of recent fabrication or improper influence or motive, or (C) one of identification or person made after perceiving the person.

---

[2] There is also no foundation demonstrating that Mr. Tweedy is qualified to give opinions as a lay witness. *See* Fed. R. Evid. 701. Indeed, Mr. Tweedy's suggested opinion is *not* "rationally based on the perception of the witness" or "based on scientific, technical, or other specialized knowledge." Fed. R. Evid. 701(a), (c). Mr. Tweedy himself admitted during his deposition that he never inspected or operated the truck before the accident and based information regarding its condition solely on statements that were made to him by a third party. William Tweedy Deposition taken October 5, 2004 at pp. 64-65. (Attached as Exhibit A).

Fed. R. Evid. 801(d)(1).  Clearly, none of these conditions apply in this case.

Finally, as Exhibit 7 is not a self-authenticating document as described in Fed. R. Evid. 902, Plaintiff must provide authentication prior to admissibility.  Fed. R. Evid. 901.

**Plaintiff's Exhibits 8a and 18a-18p**

Plaintiff's Exhibits 8a, and 18a through 18p, are a series of photographs taken as part of an investigation.  Many of these photographs are not probative "of any fact that is of consequence" in this case and should be excluded on grounds of relevancy pursuant to Fed. R. Evid. 401, 402.  Prior to being admitted, these photographs must also be properly authenticated according to Fed. R. Evid. 901 and a necessary foundation must also be established.  In addition, exclusion may be necessary on grounds that some of the photos amount to "needless presentation of cumulative evidence" pursuant to Fed. R. Evid. 403.

**Plaintiff's Exhibit 8b**

Plaintiff's Exhibit 8b is an AutoCAD simulation of plaintiff's accident.  This Exhibit does not accurately depict the accident at issue and is unduly prejudicial to Arpin. *See Keller v. U.S.*, 38 F.3d 16, 32 n.10 (1st Cir. 1994)(noting that admission of demonstrative evidence turns on whether there is testimony that the exhibit is a fair and accurate depiction).  At a minimum, this Exhibit should be subject to the Court's careful scrutiny before it can be admitted.  *See Robinson v. Missouri Pacific Railroad Co.*, 16 F.3d 1083, 1088 (10th Cir. 1994)("Because of its dramatic power, trial judges should carefully and meticulously examine proposed animation evidence for proper foundation, relevancy and the potential for under prejudice.").

**Plaintiff's Exhibits 14-15**

Plaintiff's Exhibit 14 and 15 appear to consist of computer data entries and

5

printouts regarding the shipping order information.  Before these Exhibits can be admitted, Plaintiff must establish the necessary foundation.  *U.S. v. Garcia*, 291 F.3d. 127, 140 (2d Cir. 2002)("Of course, the proponent of *any* evidence . . . must establish a proper foundation for the evidence before a court may admit it.") (emphasis in original); *Lurie v. Wittner*, 228 F.3d 113, 133-34 (2d Cir. 2000)("The requirement that a proper foundation be laid for the admission of evidence serves [the purpose of preventing confusion of the issues] among others, and it well established.").

**Plaintiff's Exhibit 16**

Plaintiff's Exhibit 16 consists of a series of email messages between various individuals regarding the shipping arrangements.  These emails constitute hearsay and are inadmissible unless otherwise qualifying as an exception to the hearsay rule.  *See* Fed. R. Evid. 801-803.  In addition, it is questionable whether some the emails within Exhibit 16 are relevant according to Fed. R. Evid. 401, 402 and whether exclusion is warranted on the grounds that the emails amount to "needless presentation of cumulative evidence" pursuant to Fed. R. Evid. 403.

**Plaintiff's Exhibit 17a**

Plaintiff's Exhibit 17a is a photograph of medical technicians attending to the Plaintiff at the scene of the accident.  This photograph is not probative "of any fact that is of consequence" in this case and should be excluded on grounds of relevancy pursuant to Fed. R. Evid. 401, 402.  Even assuming that it is deemed relevant, the photographs prejudicial impact outweighs its evidentiary value.  Fed. R. Evid. 403.

**Plaintiff's Exhibit 19**

Plaintiff's Exhibit 19 are charts of platform pitch angles.  Plaintiff must establish

6

that these charts are relevant according to Fed. R. Evid. 401, 402 and that their probative value is not substantially outweighed by the "danger of unfair prejudice, confusion of the issues, or misleading the jury" according to Fed. R. Evid. 403. At the very least these charts require a proper foundation in order prevent jury confusion. *See Lurie*, 228 F.3d at 133-34.

**Plaintiff's Exhibit 20**

Plaintiff's Exhibit 20 is a copy of a brochure for lift gate models 72-25LMV and 72-30LMV offered by Maxon. The lift gate at issue here is a Maxon model 72-25A. Thus, a general brochure for these other models is not probative "of any fact that is of consequence" in this case and should be excluded on grounds of relevancy pursuant to Fed. R. Evid. 401, 402. The Exhibit is also inadmissible hearsay which does not come under any exception to the hearsay rule. *See* Fed. R. Evid. 801-803. Furthermore, this Exhibit should not be admitted without the Plaintiff laying the necessary foundation.

**Plaintiff's Exhibits 22, 26, 27**

Plaintiff's Exhibits 22, 26 and 27 are instructions regarding adjusting a liftgate platform. It is unclear how these particular instruction pages are probative "of any fact that is of consequence" in this case. *See* Fed. R. Evid. 401, 402. These Exhibits are also inadmissible hearsay which do not qualify as an exception to the hearsay rule. *See* Fed. R. Evid. 801-803. Finally, Plaintiff must authenticate these Exhibits according Fed. R. Evid. 901 and also provide a proper foundation before they may be admitted.

**Plaintiff's Exhibit 23**

Plaintiff's Exhibit 23 is a graphic photograph of the Plaintiff's pressure ulcer. Any probative value that can be attributed to this photograph is "substantially outweighed

by the danger of unfair prejudice" to Arpin.  Fed. R. Evid. 403;  *Rosa v. Town of East Hartford*, 2005 WL 752206 at *3 (D.Conn. 2005)(quoting *United States v. Rezag*, 134 F.3d 1121, 1138 (D.C. Cir. 1998))(noting that courts have recognized that "photographs and details of injuries 'may inappropriately dispose a jury to exact retribution.'").

**Plaintiff's Exhibit 24**

Plaintiff's Exhibit 24 is a "Day in the Life" video.  This video should be excluded because its probative value is "substantially outweighed by the danger of unfair prejudice" to Arpin.  Fed. R. Evid. 403; *See Grimes v. Employers Mutual Liability Ins. Co. of Wisc.*, 73 F.R.D. 607, 610 (D. Alaska 1977)(finding that aspects of a "day in the life" video were unduly prejudicial to defendant because "scenes of the plaintiff with his daughter and with his quadriplegic brother serve little purpose other than to create sympathy for the plaintiff."); *Bolstridge v. Central Maine Power Co.*, 621 F. Supp. 1202, 1203-04 (D. Me. 1985)(noting several reasons why allowing a "day in the life" video is "questionable").  Indeed, much of this video shows Plaintiff playing, and praying, with his three young children, highly emotional images.  The video should be excluded.

**Plaintiff's Exhibit 25**

Plaintiff's Exhibit 25 consists of a fifteen pages of corporate information regarding Paul Arpin Van Lines, Arpin Logistics, Arpin International Group,  and Arpin Group.  As discussed with respect Plaintiff's Exhibit 5 and 6, these documents are not probative "of any fact that is of consequence" in this case and should be excluded on grounds of relevancy pursuant to Fed. R. Evid. 401, 402.  In addition, the exhibits contain no publication date making it impossible to determine if they are historically relevant to the events of this case or any question for the jury's determination.  Furthermore, without

8

this information these Exhibits lack the foundation necessary for admissibility.

**Plaintiff's Exhibit 28**

Plaintiff's Exhibit 28 is an installation instruction packet for the Maxon Models 75-25A and 72-30 lift gates. This Exhibit is inadmissible hearsay according to Fed. R. Evid. 801-803. Additionally, Plaintiff must provide a proper foundation before they may be admitted.

**Plaintiff's Exhibit 29**

Plaintiff's Exhibit 29 is a February 18, 2002 letter from counsel for Arpin to Festo Corp. regarding protecting and preserving the Workstation Learnline 2000 which was involved in the Plaintiff's accident. The Exhibit is incomplete in so far as it references yet another letter apparently sent by Plaintiff's counsel to Arpin. In addition, this exhibit is clearly not probative "of any fact that is of consequence" in this case and should be excluded on grounds of relevancy pursuant to Fed. R. Evid. 401, 402. It is also inadmissible hearsay according to Fed. R. Evid. 801-803. Moreover, the subject of this letter could be misinterpreted by a jury as suggesting wrongdoing on Arpin's part with respect to preserving evidence and should be excluded because of the "danger of unfair prejudice, confusion of the issues, or misleading the jury" according to Fed. R. Evid. 403.

**Plaintiff's Exhibit 30**

Plaintiff's Exhibit 30 is a document apparently created by Plaintiff's counsel entitled "Arpin's Admission Dated August 7, 2003" and relates to what Festo Corp. and Trans-Expo International knew or should have known. Arpin's assertion in this regard is not relevant information in this case and, therefore, Exhibit 30 should not be admitted. Fed. R. Evid. 401, 402; *29A Am. Jur. 2d (Evidence)* § 756 ("The fundamental rule that

9

evidence is not admissible unless it is relevant to the issue or issues in the case applies to admissions and declarations to the same extent that it does to other kinds of evidence.").

**Plaintiff's Exhibit 31**

Plaintiff's Exhibit 31 is a document apparently prepared by Plaintiff's counsel entitled "Arpin's Special Defense dated October 6, 2004" and relates to Arpin's withdrawn fraud defense. Arpin's arguments against the admissibility of this Exhibit are addressed in more detail in its Motion in Limine Excluding Evidence of and References to Withdrawn Fraud Defense filed on August 1, 2005 and incorporated herein by reference. Specifically, as Arpin's fraud defense has been properly withdrawn, it is no longer relevant and, therefore, any references to it or to its withdrawal should be excluded from evidence at trial pursuant to Fed. R. Evid. 401-402. Additionally, any probative value that can be attributed to Exhibit 31 is "substantially outweighed by the danger of unfair prejudice" to Arpin. Fed. R. Evid. 403.

**Plaintiff's Exhibit 32**

Plaintiff's Exhibit 32 is a document entitled "Arpin's Admissions Dated December 15, 2004" consisting of statements that Plaintiff's counsel has pieced together from Arpin's Statement in Support of its Motion for Summary Judgment filed on December 15, 2004. It is apparent that Plaintiff's counsel will seek to introduce this Exhibit as evidence of admitted and undisputed facts. By doing so, however, Plaintiff ignores the fact that Plaintiff has denied some of these very statements which he now seeks to introduce at trial as undisputed admissions. *See* Plaintiff's Local Rule 56(a)(2) Statement filed on January 10, 2005.

Moreover, statements made by Arpin *within the context of a summary judgment*

*motion made nearly nine months ago* should not be used as conclusive evidence at trial. Such a tactic is inappropriate and usurps the jury's role as fact finders and unjustifiably relieves the Plaintiff of his burden of proof. As the Seventh Circuit Court of Appeals determined in *DePaepe v. General Motors Corp.*, 141 F.3d 715, 719 (7th Cir. 1998), the trial court correctly "invoked Fed.R.Evid. 403 to prevent [the defendant] from introducing the pleadings, interrogatory answers, and other documents" previously filed by the plaintiff in order to show the jury that the plaintiff initially had several different theories of liability. According to the Court of Appeals, the ruling to exclude this evidence was "within the court's discretion. A court is entitled to keep the jury focused on the claim of liability that requires decision; the judge need not allow the defendant to put the plaintiff's litigation tactics on trial." *Id.*

Finally, before this Exhibit can be introduced at trial it must first be found that each statement constitutes a judicial admission. Accordingly, each statement must, among other things, "be contrary to an essential fact or defense asserted by the person giving the testimony; it must be deliberate, clear and unequivocal; [and] the giving of conclusive effect to the statement must be consistent with public policy upon which the rule is based." *29A Am. Jur. 2d (Evidence)* § 770.

**Plaintiff's Exhibit 33**

Plaintiff's Exhibit 33 is an undated home video recording (apparently prepared by Plaintiff's brother, Mark Pouliot) of an Arpin shipping truck which attempts to demonstrate the lift gate function and includes commentary by the individual filming the video. As an initial matter, this video is inadmissible hearsay which fails to qualify as an exception to the hearsay rule. *See* Fed. R. Evid. 801-803. In addition, the purported

11

demonstrations and commentary accompanying the filming of the video constitute fairly poor attempts at improper expert opinion and analysis which is not in accordance with Fed. R. Evid. 702.  Plaintiff's brother, Mark Pouliot is not a designated expert.  His "demonstrations" in the video include zooming in on a two or three inch key chain level sitting on the lift gate in some undisclosed location.  His commentary regarding the condition of the lift gate includes unsubstantiated statements such as: "way short of being level", "major slope" and "a lot of give."  Furthermore, because Mark Pouliot was not present at the time of the accident, and as he has no specialized knowledge, his video images and commentary cannot possibly be considered lay opinion evidence admissible pursuant to Fed. R. Evid. 701(a) and (c).  Finally, Plaintiff must authenticate this video according to Fed. R. Evid. 901 and provide a proper foundation before it may be shown at trial.

Dated this 12th day of September 2005.

Respectfully submitted,

_____
Daniel J. Krisch
Horton, Shields & Knox, P.C.
90 Gillett Street
Hartford, CT 06105
(860) 522-8338  *fax* (860) 728-0401
Fed. Bar ID#CT 21994
dkrisch@hsklawfirm.com

Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900, (207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 12th day of September, 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |
| Thomas J. Grady, Esq.<br>Lenihan Grady & Steele<br>6 Canal Street<br>PO Box 541<br>Westerly, RI 02891-0541 | Karen Frink Wolf, Esq.<br>Friedman Gaythwaite Wolf & Leavitt<br>P.O. Box 4726 ~ Six City Center<br>Portland, ME  04112-4726 |

_____
Daniel J. Krisch