UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | September 13, 2005 |
| Defendants | ) | |
| | ) | |

### DEFENDANTS' REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO BIFURCATE

In his Opposition, Plaintiff argues that the danger of sympathy overriding the liability determination may simply be overcome with a jury charge.[1] The jury in a personal injury case is always instructed not to reach its verdict based on sympathy, passion, or prejudice. The question, however, is whether Plaintiff's injuries are of such a nature that the chance of the jury reaching its decision on such a basis is too great to risk.

In this case, Plaintiff is a flaccid paraplegic confined to a wheelchair, whose wife left him after the accident, and who cares for his three young children. It is highly likely that this type of testimony regarding Plaintiff's damages will "result in sympathetic jurors more concerned with compensating plaintiff for his injury than whether or not defendant is at fault." *Zofcin v. Dean*, 144 F.R.D. 203, 205 (S.D. N.Y. 1992), *quoting Buscemi v. Pepsico, Inc.*, 736 F. Supp. 1267, 1272 (S.D. N.Y. 1990). Thus, a jury charge admonishing the jurors not to allow their emotional responses to play a role in their

---

[1] Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. filed their Motion to Bifurcate Trial on August 1, 2005. The August 22, 2005 deadline for opposition papers passed, without objection from Plaintiff. Under Local Rule 7(a)(1), "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion." The Court should, in any event, disregard Plaintiff's untimely opposition and rule based on application of the law and facts set forth in Arpin's motion and incorporated memorandum of law.

decision will not suffice. Bifurcation is, therefore, appropriate and necessary in this case. *See Witherbee v. Honeywell, Inc.*, 151 F.R.D. 27, 30 (N.D.N.Y. 1993) ("by separating the issues of liability and damages, the court will minimize the risk that the defendants . . . will be unfairly prejudiced by testimony relating to the damages which involve extensive . . . injuries.").

Plaintiff further argues, without specific regard to any particular testimony, that Plaintiff's presence at trial and testimony regarding the event make liability and damages inseparable. Defendants do not dispute that Plaintiff has been injured and that he is now confined to a wheelchair. The question, however, is whether Defendants are responsible for Plaintiff's injuries. This is a question that may be handled singularly in the liability phase of a trial. If such liability is found, then the degree of Plaintiff's damages may be evaluated in the damages phase of trial. As such, the goals of "efficiency, convenience [and] judicial economy" may be accomplished. *Witherbee*, 151 F.R.D. at 29, *citing Buscemi*, 736 F. Supp. at 1272.

For the foregoing reasons, Defendants respectfully request that this Court GRANT Defendants' Motion to Bifurcate the trial based on liability and damages.

Dated this 13th day of September 2005.

Respectfully submitted,

/s/ Karen Frink Wolf
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)

hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was mailed via overnight mail this 13th day of September 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |
| Thomas J. Grady, Esq.<br>Lenihan Grady & Steele<br>6 Canal Street<br>PO Box 541<br>Westerly, RI 02891-0541 | |
| Daniel J. Krisch, Esq.<br>Horton, Shields & Knox, P.C.<br>90 Gillett Street<br>Hartford, CT 06105 | |

                                    /s/ Karen Frink Wolf
                                  Karen Frink Wolf, Esq. # 26494