UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1302 (JCH) |
| | : | |
| v. | : | JUDGE JANET C. HALL |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | September 13, 2005 |
| Defendants | : | |

### *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION IN LIMINE RE: ADVERSE INFERENCE AS TO WAGES*

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin") hereby submit the following Reply to Plaintiff's Memorandum in Opposition to Arpin's Motion *in Limine* for an Adverse Inference as to Earnings.

By its motion *in limine*, Arpin seeks an adverse inference with regard to Plaintiff's ability to work and earn an income because Plaintiff has failed to produce records relating to the parking lot striping business that he started with his brother in mid-2004. Arpin does not dispute that Plaintiff has produced certain tax records relating to a corporation called GMAB, Inc. *See* Plaintiff's Memorandum in Opposition to Motion *in Limine* re: Adverse Inference as to Wages ("Plaintiff's Opposition"), at p. 1. GMAB, Inc., however, is not Plaintiff's parking lot striping business; rather, it is the corporation

Plaintiff formed to receive his Workers' Compensation benefits and pay his household bills. *See* Deposition of Mark A. Sipos, taken September 22, 2004 ("Sipos Dep."), at p. 38 (cited excerpts from Mr. Sipos's deposition are attached as Exhibit 3 to Plaintiff's Opposition). Plaintiff's parking lot striping business was a separate concern and may not have been incorporated. *See* Sipos Dep., at pp. 37-38.

As set forth in Arpin's motion *in limine*, Plaintiff has failed to produce any of the requested records relating to his parking lot striping business. For this reason, and for the other reasons set forth in Arpin's motion *in limine*, Arpin respectfully requests that this Court grant its motion and rule that an adverse inference may be drawn with regard to Plaintiff's ability to work and earn an income.

Dated September 13, 2005.

Respectfully submitted,

/s/ Karen Frink Wolf
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was mailed via overnight mail this 13th day of September, 2005 to the following:

Michael A. Stratton, Esq.  
Stratton Faxon  
59 Elm Street  
New Haven, CT  06510

Roland F. Moots, Jr., Esq.  
Moots, Pellegrini, Spillane & Mannion  
46 Main Street, PO BOX 1319  
New Milford, CT 06776-1319

Thomas J. Grady, Esq.  
Lenihan Grady & Steele  
6 Canal Street  
PO Box 541  
Westerly, RI 02891-0541

Daniel J. Krisch, Esq.  
Horton, Shields & Knox, P.C.  
90 Gillett Street  
Hartford, CT 06105

/s/ Karen Frink Wolf  
Karen Frink Wolf, Esq. # 26494