UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
|     Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | September 13, 2005 |
|     Defendants | ) | |
| | ) | |

### *DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION IN LIMINE BARRING ANY STATEMENTS, WRITTEN OR ORAL, OF WILLIAM TWEEDY REGARDING THE CONDITION OF VEHICLE AT ISSUE IN THIS MATTER*

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. (hereinafter collectively "Arpin"), hereby submit this reply memorandum to Plaintiff's Opposition to Defendants' Motion *in limine* barring any Statements, Written or Oral, of William Tweedy Regarding the Condition of Vehicle at Issue in this matter.

### DISCUSSION

Plaintiff argues that the statements of Mr. Tweedy concerning the condition of the vehicle at issue are admissions, which do not fall within the hearsay rule. However, a statement constitutes an admission only if that statement is made by a party's agent or employee "concerning a matter within the scope of agency or employment, made during the existence of the relationship." F.R. Evid. 801(d)(2)(D) (emphasis added). Plaintiff's position that the statements of Mr. Tweedy are admissions is without merit because the statements were neither within the scope of his employment nor were they made during the existence of the relationship between Mr. Tweedy and Arpin. Furthermore to the extent that the testimony of Mr. Tweedy relied upon statements by unknown individuals

in West Virginia, his statements are hearsay within hearsay for which Plaintiff has not cited any applicable exclusion or exception to the hearsay rule.

Mr. Tweedy was unemployed at the time of this deposition. He worked for Paul Arpin Van Lines, Inc. from August 2000 through May 2001. Mr. Tweedy then worked for Arpin Logistics from May 2001 through December 2001. He first gave a written statement in the case in the Spring of 2002 and was deposed on October 5, 2004. As Mr. Tweedy ceased to be an employee of Arpin Logistics in December 2001, the relationship between Mr. Tweedy and any of the Arpin entities obviously did not exist at the time he gave his written statement or when he was deposed. As such, the statements Plaintiff seeks to admit were not made "during the existence of the relationship" between Mr. Tweedy and Arpin. Therefore, the statements do not fall within the definition of an admission by a party-opponent. Consequently, the statements are inadmissible hearsay.

Furthermore, Mr. Tweedy was employed as a dispatcher at the time the vehicle in question was assigned to the Plaintiff. Mr. Tweedy's scope of employment as a dispatcher was to assign vehicles to the delivery personnel. Mr. Tweedy's scope of employment did not include any responsibility for the condition of vehicles or the determination of whether a vehicle was in sound operational condition. As such, any opinions rendered by Mr. Tweedy regarding the condition of the vehicle or whether it was operational, do not fall within the scope of his former employment with Arpin. As the statements were not made within the scope of his employment, they do not fall within the definition of admission by party-opponents. Therefore the statements constitute inadmissible hearsay.

Finally, many of Mr. Tweedy's opinions are based upon statements made by

unidentified persons from West Virginia. Even if Mr. Tweedy's statements were admissible, which, as discussed above they are not, any opinions based upon the statements of persons in West Virginia contain hearsay within hearsay. *Schering Corp. v. Pfizer, Inc.*, 189 F.3d 218, 239 (2d Cir. 1999) (party admission may be inadmissible when it merely repeats hearsay). As Plaintiff does not address the inadmissibility of the hearsay of the statements made by unknown persons in West Virginia nor provide any basis for overcoming that hearsay, the statements of Mr. Tweedy relaying or relying upon those opinions are inadmissible under the hearsay rule and should be excluded.

## CONCLUSION

For the reasons discussed herein and in Arpin's Motion to Exclude, incorporated herein by reference, all statements of Mr. Tweedy concerning the condition of the vehicle are inadmissible and should be excluded.

Dated September 13, 2005.

                                                          Respectfully submitted,

                                                          /s/ Karen Frink Wolf
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was mailed via overnight mail this 13th day of September, 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

Daniel J. Krisch, Esq.
Horton, Shields & Knox, P.C.
90 Gillett Street
Hartford, CT 06105

                                          /s/ Karen Frink Wolf
                                          Karen Frink Wolf, Esq. # 26494