UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1302 (JCH) |
| | : | |
| v. | : | JUDGE JANET C. HALL |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | October 25, 2005 |
| Defendants | : | |

### *DEFENDANTS' SUBMISSION REGARDING BASES FOR PRECLUSION OF TESTIMONY OF PLAINTIFF'S EXPERT WITNESS, ANTHONY M. GAMBOA, JR., Ph.D.,*

Pursuant to the Court's request, Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. ("Arpin") submit the following analysis regarding the bases on which the Court should preclude the testimony of Plaintiff's expert Anthony M. Gamboa, Jr., Ph.D.

I. <u>Dr. Gamboa lacks the qualifications necessary to give expert opinions on Plaintiff's employment prospects and the present value of Plaintiff's economic loss and future care needs.</u>

1. At trial, Dr. Gamboa proposes to offer expert testimony on both vocational and economic issues. Gamboa Dep. at p. 20. However, he is neither an economist nor a vocational rehabilitation counselor. He does not work as an economist outside of litigation. Gamboa Dep. at p. 23. He does not have degrees in economics or vocational rehabilitation. Gamboa Dep. at pp. 14-18. His undergraduate degree is in Education. Gamboa Dep. at p. 15. He has a Master's Degree in Guidance and Counseling. Gamboa Dep. at p. 15. His doctorate is also in Guidance and Counseling. Gamboa Dep. at p. 15. He has an M.B.A., which he obtained only in order to better

       manage and plan his business, Vocational Economics, Inc. Gamboa Dep. at p. 18.

   2. Dr. Gamboa merely uses a software program to compute present value calculations on life care plans. Gamboa Dep. at pp. 37, 43.

II.   <u>Dr. Gamboa's Vocational Economic Rationale is not a valid methodology.</u>

   1. The basis for Dr. Gamboa's opinions on Plaintiff's vocational impairments and work capacity is Dr. Gamboa's own "Vocational Economic Rationale," which he developed and which he and his employees at Vocational Economics, Inc. apply in evaluating any case. Gamboa Dep. at pp. 29, 33, 60, 169.

   2. The Vocational Economic Rationale is merely an interpretation by Dr. Gamboa, who has no legal training, of certain case law and statutes that relate to "disability" as it has been defined by the Social Security Administration and the Census Bureau and under the Americans with Disabilities Act. Gamboa Dep. at pp. 14-18, 57-59.

   3. Because Dr. Gamboa and his employees are the only ones who use the Vocational Economic Rationale, it has been neither tested nor subjected to peer review and publication.

   4. Dr. Gamboa's only analysis of the data and research on which he bases his Vocational Economic Rationale is his assertion that "all known research on the subject shows that disability negatively affects earnings and employment rates." Gamboa Rept., Vocational Economic Rationale, at p. 5 (Dr. Gamboa's July 30, 2004 Report is attached as Exhibit F to

        Defendants' Motion *in Limine* to Preclude Testimony of Plaintiff's Expert Witnesses, Anthony M. Gamboa, Jr., Ph.D., Gary M. Crakes, Ph.D., and Lawrence S. Forman, filed with this Court on August 1, 2005). *See also* Gamboa Dep. at pp. 208-211.

5. Dr. Gamboa concedes that his opinions in this case are subjective. Gamboa Dep. at pp. 133, 134-135, 177.

6. Dr. Gamboa does not think he did any research on the labor markets in the state where Plaintiff lives or the state where he has expressed an intention to live. Gamboa Dep. at p. 231.

III. <u>Dr. Gamboa's opinion on the present value of the cost of Plaintiff's future care needs should be excluded because it is based on a life care plan prepared by a witness who will not testify at trial.</u>

1. Despite his lack of qualifications as an economist, Dr. Gamboa provided Plaintiff with a present value calculation for the cost of a life care plan prepared by Dr. Robert L. Thompson, a physiatrist who consulted with Vocational Economics, Inc. Gamboa Dep. at pp. 30-32, 102, 105-106. Dr. Gamboa was not involved in the preparation of Dr. Thompson's life care plan; nor did he contribute to defining the cost of the kinds or degree of services or treatment Dr. Thompson called for under that plan. Gamboa Dep. at p. 106.

2. Plaintiff does not intend to call Dr. Thompson as a witness at trial. *See* Plaintiff's List of "Definite" and "May Call" Witnesses. Because Dr. Thompson will not be testifying, Dr. Gamboa should be precluded from testifying as to the cost of future care and rehabilitation.

3

3. Dr. Gamboa was not involved in evaluating Plaintiff's future medical and rehabilitative needs, Dr. Thompson and Terri Petruska, a nurse, were. Gamboa Dep. at pp 37, 101, 102, 106, 108-109. In Dr. Thompson's absence, Dr. Gamboa's opinion on the present value of the cost of Plaintiff's future care needs has no foundation and must be excluded.

4. Even if the Court were to find, over Arpin's objection, that Dr. Gamboa is qualified to offer an opinion on the present value of Plaintiff's future care needs, the fact is that Dr. Gamboa calculated the cost of Dr. Thompson's life care plan, <u>not Mr. Forman's</u>. Gamboa Dep. at pp. 102, 105. Thus, in addition to there being no foundation for his testimony, Plaintiff completely failed to designate and disclose during discovery, as required by the Scheduling Order, that Dr. Gamboa had even calculated the value of Mr. Forman's life care plan.

Dated this 25th day of October, 2005.

                                                        Respectfully submitted,

                                                        /s Karen Frink Wolf
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF &
LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

4

CERTIFICATE OF SERVICE

   This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 25th day of October, 2005 to the following:

Michael A. Stratton, Esq.  
Stratton Faxon  
59 Elm Street  
New Haven, CT  06510  

Thomas J. Grady, Esq.  
Lenihan Grady & Steele  
6 Canal Street  
PO Box 541  
Westerly, RI 02891-0541  

Daniel J. Krisch, Esq.  
Horton, Shields & Knox, P.C.  
90 Gillett Street  
Hartford, CT 06105  

Roland F. Moots, Jr., Esq.  
Moots, Pellegrini, Spillane & Mannion  
46 Main Street, PO BOX 1319  
New Milford, CT 06776-1319  

        /s/ Karen Frink Wolf  
       Karen Frink Wolf, Esq. CT 26494