UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1302 (JCH) |
| | : | |
| v. | : | JUDGE JANET C. HALL |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | November 18, 2005 |
| Defendants | : | |

**DEFENDANTS PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'S FURTHER SUBMISSIONS REGARDING CO-DEFENDANT FESTO CORPORATION'S DUTY**

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. ("Arpin") wish to supplement their opposition to the portion of Plaintiff's Motion *in Limine* seeking to preclude evidence of Festo Corporation's ("Festo") negligence and submit the following brief.

It is undisputed that Festo controlled the packaging and shipping of the Learnline unit (hereinafter the "cargo"). Deposition of Petra Milks (Festo's Product Coordinator), taken March 29, 2004 ("Milks Dep."), at pp. 22-23. Festo had a duty to prepare the cargo in a manner in which it could be safely shipped to its destination, the Naugatuck Valley Community College. *Lewis v. Stran Steel Corp.,* 311 N.E.2d 128, 132 (Ill. 1974). ("Defendant, as the manufacturer of the steel flooring, is held to the degree of knowledge and skill of experts, and it was under a duty to so prepare the bundle that it could be transported to the destination where the individual [steel] sheets were to be used without exposing others to unreasonable danger."). Plaintiff's own expert, Dr. Roland Ruhl, has identified a number of ways in which Festo breached this duty: it failed to instruct Arpin about the locking caster wheels on the cargo; it failed to inform Arpin of the accurate

weight and center of gravity of the cargo; and it failed to advise Arpin of the acceptable lift points and lash points on the cargo. Ruhl Report at pp. 6-7 (Report submitted with Pre-Trial Compliance).

Accordingly, Festo's negligent conduct in preparing the cargo for loading, shipping, and unloading will be before the jury. The case includes questions of fact about whether the deficiencies in Festo's preparation of the cargo were apparent, latent, or concealed, and whether those deficiencies could or should have been discovered by the carrier, which in this case was Plaintiff. *Smart v. American Welding and Tank Co., Inc.*, 926 A.2d 570, 574 (N.H. 2003). If the jury finds that the deficiencies in Festo's preparation were latent or concealed and would not be discovered by reasonable observation by Plaintiff in connection with the actual loading, transport, and unloading of the cargo, then Festo, as the shipper, is liable. *United States v. Savage Truck Line, Inc.*, 209 F.2d 442, 445 (4th Cir. 1953) (applying the rule only to damage to the freight); *Franklin Stainless Corp. v. Marlo Transport Corp.*, 748 F.2d 865, 868 (4th Cir. 1984) (extending the rule to include personal injuries); *Smart*, 926 A.2d at 574 (applying the *Savage* rule to impose a duty not just while the cargo is being transported, but also while it is being unloaded).

Apportionment of Festo's negligence is a question of fact that should be submitted to the jury. Arpin has made explicit its intention to introduce evidence in order to retain its right to have the fault of any Co-Defendant(s) apportioned by the jury. *See* Conn. Gen. Stat. § 52-572h(n) ("the total award of damages is reduced by the amount of the released person's percentage of negligence determined in accordance with subsection (f) of this section"). The court should permit Arpin to introduce evidence that will assist

the jury in deciding the issue of apportionment.

Dated November 18, 2005.

                                        Respectfully submitted,

                                        /s/ Harold J. Friedman
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

3

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 18th day of November, 2005 to the following:

Michael A. Stratton, Esq().  
Stratton Faxon  
59 Elm Street  
New Haven, CT  06510

Roland F. Moots, Jr., Esq.  
Moots, Pellegrini, Spillane & Mannion  
46 Main Street, PO BOX 1319  
New Milford, CT 06776-1319

Thomas J. Grady, Esq.  
Lenihan Grady & Steele  
6 Canal Street  
PO Box 541  
Westerly, RI 02891-0541

Daniel J. Krisch, Esq.  
Horton, Shields & Know, P.C.  
90 Gillett Street  
Hartford, CT 06105

                                   /s/ Harold J. Friedman  
                              Harold J. Friedman, Esq. CT 23785