# FRIEDMAN GAYTHWAITE WOLF & LEAVITT
*Attorneys at Law*

Karen Frink Wolf
Partner

*Email:*
KWOLF@FGWL-LAW.COM

December 6, 2005

[Filed stamp: United States District Court, District of Connecticut, FILED AT BRIDGEPORT, 12/13/05, Kevin F. Rowe, Clerk, By: Deputy Clerk]

<u>VIA OVERNIGHT MAIL</u>
Chrystine Cody
Office of the Clerk
United States District Court
Brien McMahon Federal Building
915 Lafayette Boulevard
Bridgeport, CT 06604

RE:  ***Pouliot v. Paul Arpin Van Lines, et al.***
Docket No: 3:02-cv-1302-JCH

Dear Ms. Cody:

Pursuant to Judge Hall's request at the last pretrial conference on October 31, I enclose the following:

1. Deposition designations of Erica Ramirez, Michael Kovac, and Raymond Castellani. The parties have agreed that the pages as highlighted will be read into evidence at trial. All objections have been resolved. The parties will attempt before trial to further narrow any testimony that may be read in the interest of time.

2. The deposition designations of Arnold Kowal. With respect to this deposition, the Defendant has a number of objections, which are highlighted and noted in the margins of the transcript. In short, these objections largely fall into the category of speculation, foundation, and improper expert testimony. The parties agree that the most efficient way to address this deposition would be for Judge Hall to read it in its entirety. If the objections are sustained, then the likelihood is that the transcript will, for the most part, not be admissible at trial. If the objections are overruled, then the Plaintiff's and Defendants' designations will be read to the jury as well.

3. Revised and narrowed Plaintiff's Exhibits 3a. through 3p. The parties have agreed as to the admissibility of these records with the exception of Defendants' objection to the highlighted portions of Exhibit 3b., 3c., and 3d. The particular highlighted pages are tagged for Judge Hall's convenience. These exhibits have been three-hole punched and may be substituted in Judge Hall's exhibit binders and in those of the Deputy Clerk.

    4.    Revised Plaintiff's Exhibits 11a. through 11f., 12a. through 12g., 13a. through 13b., 14a. through 14b., 15a. through 15b. These exhibits may be substituted for the respective numbers in Judge Hall's exhibit binders and in the Deputy Clerk's. The exhibits have been three-hole punched for the Court's convenience.

    5.    Revised Defendants' Exhibits 79a. and 79b. These two exhibits may be substituted in Judge Hall's exhibit binder for this number and in the Deputy Clerk's. They have been three-hole punched as well.

    6.    Revised combined Joint Exhibit List with notation of withdrawn exhibits and revised (narrowed) objections.

    7.    Actual pleadings which represent Defendants' Exhibits 65 through 70. Previously, Defendants had submitted a prepared document demonstrating the particular pleading or admission at issue. The parties anticipate that these documents are for identification and impeachment purposes, and may not necessarily be introduced as exhibits, consistent with the Court's prior rulings. Plaintiff will be submitting separately the like actual pleadings constituting his Exhibits 30 through 32.

    8.    Defendants' Additional Jury Instructions in both hard-copy form and disk form as required. We have appended to the instruction regarding federal regulations, the potentially applicable regulations.

    9.    Defendants' revised Special Interrogatories (Jury Verdict form).

We would appreciate it if you would bring these materials as well as this explanatory letter to Judge Hall's chambers. Thank you for your attention and assistance.

Sincerely,

Karen Frink Wolf

KFW:chi
cc:    Michael A. Stratton, Esq.
       Roland Moots, Esq.
       Thomas J. Grady, Esq.
       Daniel J. Krisch, Esq.