UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1302 (JCH) |
| | : | |
| v. | : | JUDGE JANET C. HALL |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | December 6, 2005 |
| Defendants | : | |

## *DEFENDANTS PAUL ARPIN VAN LINES, INC.'S AND ARPIN LOGISTICS, INC.'S PROPOSED JURY INTERROGATORIES PURSUANT TO PARAGRAPH 15(b)(3) OF FINAL PRETRIAL ORDER*

1.  Do you find that the ARPIN Defendants were negligent as to Plaintiff, SHAWN POULIOT?

    _____YES           _____ NO

*If your answer to Question #1 is yes, please proceed to Question #2. If your answer to Question #1 is no, please proceed to Question #3.*

2.  Was the negligence of the ARPIN Defendants a substantial factor in causing the injuries sustained by Plaintiff, SHAWN POULIOT?

    _____ YES           _____NO

*If your answer to Question #2 is yes, please proceed to Question #3.*
*If your answer to Question #2 is no, please proceed to the last page and have the foreperson sign and date this form.*

3.  Do you find that the apportionment Defendant, FESTO CORPORATION, was negligent as to Plaintiff, SHAWN POULIOT?

    _____YES           _____ NO

*If your answer to Question #3 is yes, please proceed to Question #4. If your answer to Question #3 is no, please proceed to Question #5.*

1

4. Was the negligence of the apportionment Defendant, FESTO CORPORATION, a substantial factor in causing the injuries sustained by Plaintiff, SHAWN POULIOT?

\_\_\_\_\_ YES        \_\_\_\_\_ NO

*Please proceed to Question #5.*

5. Do you find that the apportionment Defendant, TRANS-EXPO INTERNATIONAL, was negligent as to Plaintiff, SHAWN POULIOT?

\_\_\_\_\_ YES        \_\_\_\_\_ NO

*If your answer to Question #5 is yes, please proceed to Question #6. If your answer to Question #5 is no, please proceed to Question #7.*

6. Was the negligence of the apportionment Defendant, TRANS-EXPO INTERNATIONAL, a substantial factor in causing the injuries sustained by Plaintiff, SHAWN POULIOT?

\_\_\_\_\_ YES        \_\_\_\_\_ NO

*Please proceed to Question #7.*

7. Do you find that Plaintiff, SHAWN POULIOT, was negligent?

\_\_\_\_\_ YES        \_\_\_\_\_ NO

*If your answer to Question #7 is yes, please proceed to Question #8. If your answer to Question #7 is no, please proceed to Question #9.*

8. Was the negligence of Plaintiff, SHAWN POULIOT, a substantial factor in causing the injuries he sustained?

\_\_\_\_\_ YES        \_\_\_\_\_ NO

*Please proceed to Question #9.*

9. Taking all of the combined negligence that was a substantial factor in bringing about the injuries sustained by Plaintiff, SHAWN POULIOT, as 100%, please state what percentage of that negligence is attributable to each of the following:

  (a)  ARPIN Defendants   _____ %

  (b)  Apportionment Defendant, FESTO CORPORATION  _____ %

  (d)  Apportionment Defendant, TRANS-EXPO INTERNATIONAL  _____ %

  (e)  Plaintiff, SHAWN POULIOT  _____ %

  **Total Percentage**    100 %

*If the percentage attributed to Plaintiff, SHAWN POULIOT, in Question #9(e) is greater than 50%, answer no more questions, and please proceed to the last page and have the foreperson sign and date this form. If the percentage attributed to Plaintiff, SHAWN POULIOT, is 50% or less, please proceed to Question #10.*

10. Do you find that the ARPIN Defendants were reckless as to Plaintiff, SHAWN POULIOT?

  _____YES    _____ NO

*Please answer Question #11.*

11. Please state the amount of compensatory damages sustained by Plaintiff, SHAWN POULIOT:

  (a) For the total amount of medical care that was reasonable and necessary and related to the injuries sustained by Plaintiff, SHAWN POULIOT:  $_____

  (b) For the total amount of Plaintiff, SHAWN POULIOT'S earnings lost as a result of his injuries:  $_____

  (c) For the mental and physical pain and suffering of Plaintiff, SHAWN POULIOT as a result of his injuries:  $_____

  **Total Damages of Plaintiff, SHAWN POULIOT**  $_____

*Please proceed to Question #12.*

12.     Multiply the percentage of negligence of ARPIN Defendants as set forth in Question #9(a) by the Total Damages of Plaintiff, SHAWN POULIOT, as set forth in the last line of Question #11.    $_____
*(This is your verdict)*

    *The foreperson should sign and date this form where indicated upon completion, and return it to the Bailiff.*

_____      _____
Foreperson                                                        Date

CERTIFICATE OF SERVICE

This is to certify that a copy of Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc.'s Proposed Jury Interrogatories Pursuant to paragraph 15(b)(3) of Final Pretrial Order was mailed via U.S. First Class Mail this 6th day of December, 2005 to the following:

Michael A. Stratton, Esq.  
Stratton Faxon  
59 Elm Street  
New Haven, CT 06510

Roland F. Moots, Jr., Esq.  
Moots, Pellegrini, Spillane & Mannion  
46 Main Street, PO BOX 1319  
New Milford, CT 06776-1319

Thomas J. Grady, Esq.  
Lenihan Grady & Steele  
6 Canal Street  
PO Box 541  
Westerly, RI 02891-0541

Daniel J. Krisch, Esq.  
Horton, Shields & Know, P.C.  
90 Gillett Street  
Hartford, CT 06105

                                           /s/ Harold J. Friedman  
                                    Harold J. Friedman, Esq. CT 23785