UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | JUDGE JANET C. HALL |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | |
| | ) | |
| Defendants | ) | December 6, 2005 |
| | ) | |

# ADDITIONAL PROPOSED JURY INSTRUCTIONS OF DEFENDANTS

# PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.

## INSTRUCTION 16

### Festo Corporation's Duty

Festo had a duty to prepare the cargo in a manner in which it could be safely shipped to its destination.  You must decide whether Festo breached this duty.  If you find that Festo failed to prepare the cargo or represent the nature of the cargo in such a way that it could be transported to the destination without exposing others to unreasonable danger, then you must decide whether the deficiencies in Festo's preparation or representations were latent or concealed.  If you find that the deficiencies in Festo's preparation or representations  were latent or concealed and would not have been discovered by reasonable observation by Plaintiff in connection with the actual loading, transport, and unloading of the cargo, and you also find that these deficiencies in Festo's preparation

and representations proximately caused Plaintiff's damages, then, on the verdict form, you are required to assign a percentage of fault to Festo.

**Legal Authority:** *Lewis v. Stran Steel Corp.,* 311 N.E.2d 128, 132 (Ill. 1974); *Smart v. American Welding and Tank Co., Inc.*, 926 A.2d 570, 574 (N.H. 2003); *United States v. Savage Truck Line, Inc.*, 209 F.2d 442, 445 (4th Cir. 1953); *Franklin Stainless Corp. v. Marlo Transport Corp.*, 748 F.2d 865, 868 (4th Cir. 1984).

# INSTRUCTION 17

### Expert Testimony Regarding Statutes, Laws, or Regulations

You have heard the testimony of expert witnesses about certain statutes, laws, rules, or regulations. You should carefully evaluate any such testimony, but, as you would with any other evidence, you can accept or reject that evidence as you see fit.

# INSTRUCTION 18

### Applicability of Federal Motor Carrier Safety Regulations

Commercial motor vehicles that, in the course of interstate transportation over the highway, are off the highway, loading, unloading, or waiting, are subject to the Federal Motor Carrier Safety Regulations.

**Legal Authority:**  49 C.F.R. § 390.3, Department of Transportation Interpretation.

## INSTRUCTION 19

### Definition of "Motor Carrier"

Under the Federal Motor Carrier Safety Regulations, the term "motor carrier" includes a motor carrier's agents and representatives.

**Legal Authority:** 49 C.F.R. § 390.5.

**INSTRUCTION 20**

**Driver's Duties under the Federal Motor Carrier Safety Regulations**

The Federal Motor Carrier Safety Regulations provide that, before driving a commercial motor vehicle, the driver shall:

a.  Be satisfied that the motor vehicle is in safe operating condition;

b.  Review the last driver's vehicle inspection report;

c.  Sign the report, if defects or deficiencies were noted by the driver who prepared the report, to acknowledge that the driver has reviewed it and that there is a certification that the required repairs have been performed.

The Federal Motor Carrier Safety Regulations further provide that a driver may not operate a commercial motor vehicle unless its cargo is properly distributed and adequately secured. The driver must inspect the cargo and the devices used to secure the cargo within the first fifty miles after beginning a trip and adjust the cargo or load securement devices as necessary to ensure that the cargo cannot shift on or within, or fall from the commercial motor vehicle. Thereafter, the driver must reexamine the commercial motor vehicle's cargo and its load securement devices during the course of transportation and make any necessary adjustment to the cargo or load securement devices to ensure that cargo cannot shift on or within, or fall from, the commercial motor vehicle. The driver must reexamine the cargo and any necessary adjustments whenever he or she makes a change of his or her duty status, or when the commercial motor vehicle has been driven for three hours, or when the commercial motor vehicle has been driven for 150 miles, whichever occurs first.

The Federal Motor Carrier Safety Regulations also require that cargo be firmly immobilized or secured on or within a vehicle. Articles that are likely to roll must be restrained by chocks, wedges, a cradle, or other equivalent means to prevent rolling. Roll-on/Roll-off containers carried on a vehicle that is not equipped with an integral securement system must be blocked against forward movement and secured to the front and rear of the vehicle by suitable restraint mechanisms.

In deciding whether the Plaintiff was comparatively negligent in this case, you must consider whether the Plaintiff complied with these obligations under the Federal Motor Carrier Safety Regulations.

**Legal Authority:** 49 C.F.R. § 396.13; 49 C.F.R. § 392.9; 49 C.F.R. § 393.106; 49 C.F.R. § 393.134(b).

**Additional Legal Authority:** See Appendix A, attached hereto, for additional provisions of the Federal Motor Carrier Safety Regulations governing the conduct of the driver.

# INSTRUCTION 21

## Present Value of Future Damages

If you decide to award Plaintiff damages in this case, then you must discount certain types of future damages, including future earnings, future care needs, and future pain and suffering damages.  Discounting future damages reflects the fact that, even if there were no inflation, a dollar received today is worth more than the right to receive a dollar in the future.  You have heard the testimony of an expert economist setting out how future damages might be discounted.  You may consider the expert economist's testimony as you would the testimony of any of the other expert witnesses in this case.

There is considerable historical economic data that supports a 2% discount rate.  You may find that an adjusted discount rate of 2% is an accurate estimate of the true value of money for computing the present value of lost future wages.

**Legal Authority:**  *Ramirez v. New York City Off-Track Betting Corp.,* 112 F.3d 38, 41 (2d Cir. 1997); *Oliveri v. Delta S.S. Lines, Inc.,* 849 F.2d 742, 746, 749-752 (2d Cir. 1988); *Doca v. Marina Mercante Nicaraguense, S.A.*, 634 F.2d 30, 39 (2d Cir. 1980); *see also Ferrarelli v. U.S.*, 1992 WL 893461 at * 55  (E.D. N.Y. Sept. 24, 1992).

CERTIFICATE OF SERVICE

      This is to certify that a copy of Additional Proposed Jury Instructions of Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. was mailed via U.S. First Class Mail this 6th day of December, 2005 to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>Stratton Faxon<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>Moots, Pellegrini, Spillane & Mannion<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

Daniel J. Krisch, Esq.
Horton, Shields & Know, P.C.
90 Gillett Street
Hartford, CT 06105


    /s/ Karen Frink Wolf
Karen Frink Wolf, Esq. CT 26494

**Appendix A**

49 C.F.R. 391.13

49 C.F.R. 396.13

49 C.F.R. 393

49 C.F.R. 393.102(b)

49 C.F.R. 393.106(b)

49 C.F.R. 106(c)

49 C.F.R. 106(d)

49 C.F.R. 110

49 C.F.R. 396.13

49 C.F.R. 383.111(d)

49 C.F.R. 111(e)

49 C.F.R. 392.9(a)

49 C.F.R. 392.9(b)

49 C.F.R. 393.100

49 C.F.R. 393.102(a)

49 C.F.R. 393.102(c)

49 C.F.R. 393.102(d)

49 C.F.R. 393.104(a)

49 C.F.R. 393.104(f)

49 C.F.R. 393.106(c)

49 C.F.R. 396.11(a)