UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT,<br>    Plaintiff | )<br>)<br>) | CIVIL ACTION NO.<br>3:02 CV 1302 (JCH) |
| v. | )<br>)<br>) | |
| PAUL ARPIN VAN LINES, INC. et al.<br>    Defendants | )<br>)<br>)<br>) | DECEMBER 21, 2005 |

### PLAINTIFF'S SUPPLEMENTAL REQUEST TO CHARGE

The following requests to charge relate to the duties of a motor carrier such as the defendant, spoliation of evidence, and sudden emergency:

**1. Arpin is a "Motor Carrier" as Defined by the Federal Motor Carrier Act.**

The defendant is a "motor carrier" and is subject to and must comply with the Federal Motor Carrier Safety Regulations.

Section 390.3(a) of the FMCSR.

## 2. The Defendant Arpin had a Duty to Inspect, Repair and Maintain its Trucks and Accessories, Including the Liftgate.

It is required that every motor carrier including the defendant "systematically inspect, repair, and maintain or cause to be systematically inspected, repaired, and maintained all motor vehicles subject to its control. Parts and accessories (including the liftgate) shall be in safe and proper operating conditions at all times. These include any additional parts and accessories which may affect safety of operation..." This duty cannot be delegated.

<u>Section 396.3 of the FMCSR.</u>

### 3. Responsibility for Injuries on Those Who Assumed Duty to Load and Unload

If a motor carrier assumes responsibility for loading and unloading, the shipper, in this case Festo, cannot be held responsible for injuries occurring during the unloading process unless by agreement they have assumed a responsibility for unloading. A shipper such as Festo is not responsible if the truck or trailer used by the motor carrier is not safe for unloading.

<u>The Law of Commercial Trucking, Nissenberg, Section 12-3</u>.

### 4. Trans Expo and Festo Are Not Subject to the FMSCR

Neither Festo or Trans Expo are subject to the Federal Motor Carrier Safety Regulations. They have no duty or responsibility to comply with these regulations. Arpin is required to comply in safe and proper operating conditions at all times. These include any additional parts and accessories which may affect safety of operation..."

<u>Section 396.3 of the FMCSR.</u>

## 5. Unsafe Operations Prohibited

Unsafe operations are forbidden by the FMCSR. This means that a "motor vehicle shall not be operated in such a condition as to likely cause an accident." Such a preventable accident "means an accident that involves a commercial vehicle, and that could have been averted but for an act, or failure to act, by the motor carrier..."

<u>Section 385.3 of the FMCSR.</u>

### 6. Care Proportionate to Danger

The law says that the standard of care which a reasonably prudent person or corporation is bound to exercise is that care which is proper or reasonable in view of all the surrounding circumstances, peculiarities and hazards. From this concept follows another, which is that in a situation of danger the care exercised must be proportionate to the danger. Proper and reasonable care may and often does require extraordinary care. Where the danger may extend to the taking of life or the inflicting of grave injury, then reasonable care is very great care.

If you find that the load accepted and assigned by the defendant to the plaintiff involved a high level of danger to Shawn Pouliot then the Defendants had an obligation to exercise extreme care in protecting persons such as Shawn from that danger.

> New England Iron Works Co. v. Connecticut Co., 98 Conn. 609, 610 – 611 (1923);
>
> Tower v. Camp, 103 Conn. 41, 47 (1925);
>
> Reboni v. Case Brothers Inc., 137 Conn. 501, 505 (1951).

### 7. Duty – Justified Reliance

One to whom a duty of care is owing, has a right to assume that it will be performed, in the absence of circumstances indicating the contrary, and may excuse himself for a failure to take active measures such as looking, listening and making inspection, by proof that the Defendant owed him a duty of care and that he relied upon the performance thereof.

Darling v. Burrone Bros., Inc., 162 Conn. 187, 198 (1972).

## 8. Sudden Emergency

In determining whether conduct is negligent toward another, the fact that the person is confronted with a sudden emergency not caused by his own conduct which requires a rapid decision is a factor in determining the reasonableness of the action or failure to act.

Adams v. City of New Haven, 131 Conn 552 (1944).

## 9. Adverse Inference

The plaintiff claims that the defendant failed to preserve the subject liftgate and made repairs to it after their expert inspected the gate but before the plaintiff was allowed to examine it. If you find that the original condition of the liftgate could be relevant to the claim of the plaintiff; that the liftgate was repaired or altered from its original post-accident condition; and that the defendant knew or should have known that the condition of the liftgate was relevant to the litigation, then you may infer that the condition of the liftgate after the accident was harmful to the defendant Arpin's position in this case. You need not draw this inference but merely instruct that you may.

<u>Pace v. National Railroad Passenger Corporation</u>, 291 F. Supp. 2d 93 (2003).

THE PLAINTIFF,

By: _____
Michael A. Stratton
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Federal Bar No: ct08166
Telephone: 203-624-9500
Fax: 203-624-9100
mstratton@strattonfaxon.com

### CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, on this day to:

Karen Frink Wolf, Esq.
Harold J. Friedman, Esq.
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

Thomas J. Grady, Esq.
Lenihan, Grady & Steele
Six Canal Street
P.O. Box 541
Westerly, RI 02891

Roland F. Moots, Esq.
Moots, Pellegrini, Mannion, Martindale & Dratch, PC
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

_____
Michael A. Stratton, Esq.