UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1302 (JCH) |
| | : | |
| v. | : | JUDGE JANET C. HALL |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | January 3, 2006 |
| Defendants | : | |

**<u>DEFENDANTS PAUL ARPIN VAN LINES, INC. AND ARPIN LOGISTICS, INC.'s
MOTION TO EXCLUDE THOSE PORTIONS OF DR. CREMER'S VIDEOTAPED
DEPOSITION DEPICTING HIS PHYSICAL EXAMINATION OF PLAINTIFF</u>**

Defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc. ("Arpin") move to exclude those portions of Dr. Steven Cremer's videotaped deposition depicting his physical examination of Plaintiff and submit this memorandum in support of their motion.

**I. FACTUAL BACKGROUND**

Plaintiff's counsel deposed Dr. Cremer by video on Friday, December 16, 2005, in lieu of calling him live as a witness at trial. The deposition was originally scheduled to take place at Dr. Cremer's office but was later moved to a hotel. Indeed, the "suite" designated for the deposition turned out to be an actual guest room.

The deposition started at 4:00 p.m. Dr. Cremer testified in detail for approximately an hour about Plaintiff's conditions and treatment. Then, at about 5:00 p.m., to Arpin's surprise, counsel for Plaintiff announced that Dr. Cremer was going to perform a "physical examination" of the Plaintiff and asked that the room be cleared to allow Dr. Cremer and the Plaintiff to prepare for the examination. When Arpin's counsel was permitted back in the room, Plaintiff had been stripped, except for a towel over his mid-section, and laid out on a hotel bed. Dr. Cremer then conducted a graphic physical examination of Plaintiff's conditions, including

Plaintiff's use of a urine catheter and wound-vac for a skin ulcer, and depiction of his colostomy site and bag.[1]

## II. ARGUMENT

A. **The Probative Value of Dr. Cremer's Examination of Plaintiff Is Substantially Outweighed by Its Likely Prejudicial Effect and by the Fact It Constitutes Needless Presentation of Cumulative Evidence**

Although, as a general proposition, a demonstration of a party's injuries may under limited circumstances be useful, Dr. Cremer's examination of the Plaintiff exceeds the bounds of what is permissible pursuant to Fed. R. Evid. 403. Dr. Cremer's examination runs afoul of Rule 403 because its probative value is substantially outweighed by its likely prejudicial effect and by the fact it constitutes needless presentation of cumulative evidence.

Dr. Cremer's examination is prejudicial because it is extremely graphic and highly inflammatory, is practically humiliating to the Plaintiff, and is intended solely to invoke extreme sympathy and shock from the jury. Furthermore, the probative value of the evidence is slight, because the substance of the evidence, as opposed to its dramatic effect, is merely cumulative of Dr. Cremer's prior testimony. *See United States v. Henderson*, 409 F.3d 1293, 1298 (11th Cir. 2005) (noting that since bias evidence had already been admitted, additional bias evidence would be less probative and cumulative). Before examining Plaintiff, Dr. Cremer testified in detail about the nature of Plaintiff's injuries, including using demonstrative aids and a timeline to illustrate his testimony.[2] His testimony was eminently understandable to lay people. Therefore, there was no need for a contrived physical examination.[3] Because the probative value of the

---

[1] The colostomy site involves a piece of intestine actually protruding from the patient's body, which is connected to a bag, to empty the bowel.

[2] The handwritten timeline and demonstrative aids were not, prior to their use, shown or disclosed to opposing counsel.

[3] Alternatively, even if Dr. Cremer believed it necessary to supplement his testimony, there were less gratuitous ways for him to do so. For instance, he could have used additional exhibits (e.g., models, diagrams, photos) to illustrate Plaintiff's conditions.

evidence is thus substantially outweighed by the danger of unfair prejudice and the needless presentation of cumulative evidence, it should be excluded pursuant to Rule 403.

**B.    By Failing to Disclose Dr. Cremer's Intention to Examine Plaintiff, Plaintiff Subverted the Discovery Process and Robbed Both The Court and Arpin of Any Opportunity to Ensure that the Examination Was Conducted in an Appropriate Manner**

Among the purposes served by the discovery rules is the avoidance of surprise. *Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*, 756 F.2d 230, 236 (2nd Cir. 1985); *see also Dockter v. Slowik*, 91 Conn. App. 448, 468, 881 A.2d 479, 492 ("The rules of discovery are designed to make a trial less a game of blindman's bluff and more of a fair contest with the basic issues and facts disclosed to the fullest extent possible.").

Arpin was blindsided when Dr. Cremer announced he was going to physically examine Plaintiff at his trial deposition. Significantly, Dr. Cremer was deposed by video in lieu of testifying live at trial. To testify at trial Dr. Cremer would have to disclose the details of any proposed physical examination with the Court. Presumably, parameters would be imposed by this Court upon any in-court examination or demonstration in order to maintain the decorum of the proceedings and to ensure that the jury is not needlessly inflamed. Dr. Cremer would likely not be permitted to wheel a bed into the courtroom and have Plaintiff stripped and laid out helpless and devoid of dignity in front of the jury.

Plaintiff's counsel should not be permitted to utilize discovery procedures to do that which would not be permitted live at trial. Had Arpin known in advance that Dr. Cremer intended to physically examine Plaintiff, Arpin would have sought a ruling from the Court to establish parameters for the examination. By surprising Arpin with the physical examination at 5:00 on a Friday afternoon in a hotel room in Ohio, Plaintiff's counsel usurped control and

3

deprived both this Court and Arpin of any opportunity to ensure that the examination was conducted in an appropriate manner.

Such sharp practice should not be condoned. As noted above, the rules of discovery were promulgated, in part, to render trial less a game of surprise. Plaintiff consciously disregarded discovery and trial obligations.[4] Hence, this Court should, utilizing its inherent powers to manage its own proceedings, exclude those portions of the deposition depicting Dr. Cremer's "examination" of the Plaintiff. *See United States v. Seltzer*, 227 F.3d 36, 39-42 (2d Cir. 2000) (discussing a court's inherent powers to sanction discovery violations); *DLC Management Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (noting that conscious disregard of discovery obligations can amount to bad faith) (2d Cir. 1998).

For the foregoing reasons, Arpin respectfully requests that the Court exclude those portions of Dr. Cremer's deposition depicting his examination of Plaintiff.

Respectfully submitted,

_____/s/Karen Frink Wolf_____
Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
FRIEDMAN GAYTHWAITE WOLF & LEAVITT
Six City Center, P.O. Box 4726
Portland, ME 04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

---

[4] When Plaintiff's counsel's office informed Arpin that the deposition was being moved from Dr. Cremer's office to a hotel, the change in venue was premised on it being "more convenient" to have the deposition there. It is clear that the real reason the deposition was moved was to provide a forum in which a staged and highly irregular "physical examination" of the Plaintiff could occur.

4

CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail this 3rd day of January, 2006 to the following:

Michael A. Stratton, Esq.
Stratton Faxon
59 Elm Street
New Haven, CT 06510

Roland F. Moots, Jr., Esq.
Moots, Pellegrini, Spillane & Mannion
46 Main Street, PO BOX 1319
New Milford, CT 06776-1319

Thomas J. Grady, Esq.
Lenihan Grady & Steele
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

Daniel J. Krisch, Esq.
Horton, Shields & Knox, P.C.
90 Gillett Street
Hartford, CT 06105

   /s/Karen Frink Wolf
Karen Frink Wolf, Esq. CT 26494