UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | |
| Defendants | ) | |
| | ) | JANUARY 5, 2006 |

**PLAINTIFF'S FURTHER SUBMISSION IN SUPPORT OF MOTION IN LIMINE
CONCERNING FESTO'S DUTY**

The issue is whether the shipper has a duty in the context of an injury

sustained during the unloading of cargo, such that the shipper can be held

responsible for the injury.

The only Connecticut case on point is Raytar v. Mason Fence Co., CV

94122528, 1998 Conn. Super. LEXIS 127 (Sup. Ct., Waterbury J.D.)(Shortall,

J.)(1998)(attached to this brief). In Raytar, the plaintiff was a truck driver working

for a carrier who was injured while unloading a product manufactured by the

shipper. The issue presented to the Court was the nature of the legal

relationship between the shipper and the carrier, and what duties were owed.

Judge Shortall surveyed the law and concluded a carrier has a duty to the

shipper with respect to loading, and also to make sure that the cargo is safe for

unloading.

Although this case is not binding authority, Judge Shortall provides a useful summary of the law on this issue. This appears to be an issue of first impression in Connecticut. There is, however, a consistent body of law on the issue across the country, which is summarized in the treatise <u>The Law of Commercial Trucking: Damages to Persons and Property</u>, David N. Nissenberg, 2d Ed. 1998, the relevant sections of which are Volume 1 § 12-2 through § 12-7, and Volume 2 §15-2(f)(2).

The common law has developed as follows. As between the shipper and the carrier, it is the carrier that is primarily responsible for the safe loading of cargo. The leading case is <u>U.S. v. Savage Truck Line</u>, 209 F.2d 442, 445 (1953). The shipper assumes a duty only if he assumes responsibility for loading. Even where the shipper loads the cargo, however, the carrier has the duty to make reasonable inspection and correct defects in the loading that are capable of being discovered in the course of a reasonable inspection. If the shipper's improper loading is apparent, the carrier will be liable notwithstanding the negligence of the shipper. The common law rule is that only when the shipper assumes responsibility for the loading <u>and</u> the defects in loading are latent and concealed that the shipper assumes a duty giving rise to liability.[1]

---

[1] In addition to the leading case, <u>U.S. v. Savage</u>, cited supra, see also <u>General Electric Co. v. Moretz</u>, 270 F.2d 780 (4th Cir. 1959); <u>Franklin Stainless Corp. v. Marlo Transp. Corp.</u>, 748 F.2d 865 (4th Cir. 1984); <u>American Foreign Ins. Ass'n v. Seatrain Lines of Puerto Rico</u>, 689 F.2d 295 (1st Cir. 1982); <u>Nationwide Mut. Ins. Co. v. Great W. Cas. Co.</u>, 102 F.3d 965 (8th Cir. 1996); <u>Alitalia v. Arrow Trucking Co.</u>, 977 F.Supp. 973 (D.Ariz. 1997); <u>Georgia Kraft Co. v. Terminal Transp. Co.</u>, 343 F. Supp. 1240 (E.D. Tenn.

Furthermore, in order to find the shipper liable it must be shown that it had exclusive control over loading the cargo. Rector v. General Motors Corp., 963 F.2d 144, 147 (6th Cir. 1992):

> we believe that, under Kentucky law, a shipper would not be held liable for the injuries of a common carrier's employee sustained while the employee unloaded the shipper's goods from the common carrier's vehicle where it was not shown that the shipper had exclusive control over loading the cargo.

Rector, 963 F.2d 144 at 147.

As it is undisputed that Festo did not assume responsibility for loading and unloading, the defendants cite a couple cases in their brief discussing a shipper's duty to *package* the product, but this is beside the point. There is no claim that Festo's package fell apart, and that that is what caused it to fall onto the plaintiff. The issue in this case is loading/unloading, not the package of the product. And it is undisputed that Arpin assumed responsibility for loading, not Festo.

The question whether a defect in the shipper's loading is discoverable upon reasonable inspection or is latent and concealed is a fact issue for the jury. In this case, however, the jury would not even reach this question because Festo did not undertake to load and unload the cargo. Moreover, it is undisputed that Festo did not have exclusive control over the loading process as required for

---

1972); Wayne Knitting Mills v. Delta Motor Lines, 372 S.W.2d 419 (Tenn.App. 1962); Akers Motor Lines v. Peaslee Metal Prods, Inc., 218 So.2d 498 (Fla App. 1969); W.J. Casey Trucking & Rigging Co. v. General Elec. Co., 151 N.J. Super. 151, 376 A.2d 603 (1977); Symington v. Great W. Trucking Co., 668 F. Supp. 1278, 1282 (S.D. Iowa 1987).

shipper liability under Rector. Thus there is no legal basis to impose a duty on Festo in this case.

## Conclusion

Under the key cases on this issue – U.S. v. Savage, Rector v. General Motors, and Raytar v. Mason Fence Co., - Festo has no legal duty as the shipper because it did not undertake to load the cargo. As a matter of law, the duty can only fall on the carrier. The plaintiff as driver of the truck may have certain duties and the jury can consider his comparative negligence, if any, but the jury should not consider Festo's negligence as Festo had no duty.

THE PLAINTIFF,

By:_____

Michael L. Oh
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Federal Bar No: ct24532
Telephone: 203-624-9500
Fax: 203-624-9100

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail,

postage prepaid, on this day to:

**Karen Frink Wolf, Esq.**
**Harold J. Friedman, Esq.**
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

_____
Michael L. Oh, Esq.