UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT, )<br>    Plaintiff    )<br>)<br>v.    )<br>)<br>)<br>PAUL ARPIN VAN LINES, INC. et al. )<br>    Defendants    )<br>) | CIVIL ACTION NO.<br>3:02 CV 1302 (JCH)<br><br><br><br><br><br>JANUARY 9, 2006 |

**OBJECTION TO DEFENDANTS' MOTION IN LIMINE
REGARDING PHYSICAL EXAMINATION**

Plaintiff objects to defendants' motion in limine precluding the plaintiff from showing his injuries, current physical condition and some of his daily physical needs to the jury.

Under United States v. Velazquez, 246 F.3d 204, 210-211 (2d Cir. 2000), evidence showing injuries is admissible despite the potentially prejudicial effect it may have due to its graphic nature. Citing Velazauez, the Court in U.S. v. Salim, 189 F.Supp.2d 93, 98-99 (S.D.N.Y. 2002) stated, "[T]he Second Circuit has made clear that the graphic or disturbing nature of a photograph alone is not enough to render it inadmissible. [Citation omitted.] Rather, the analysis hinges upon whether the photograph is relevant to the resolution of some disputed point in a trial or otherwise aids a jury in a factual determination. [Citations omitted]." See also Allen v. Miller, 1995 U.S. Dist. LEXIS 20138 (S.D.N.Y. 1995) (court

1

found no error in admitting into evidence a photograph showing the complainant disrobed from the buttocks down and quoted Appellate Division finding that "[p]hotographic evidence may be admissible if it tends to prove or disprove a disputed or material issue (here ... the 'serious physical injury' and 'intent to disfigure' components of first degree assault), and it should be excluded only if its sole purpose is to arouse the emotions of the jury and to prejudice the defendant").

In <u>Harvey et al. v. Mazal American Partners, et al.</u>, 79 A.D.2d 1, 6-7 (1992 N.Y.App.Div), the court permitted the plaintiff to show his injuries to the jury in open court, stating:

> [a] subject, the condition of whom is relevant to the issue, may be presented in open court, to afford the trier of fact an opportunity to evaluate the alleged condition by the direct use of their senses. Accordingly, in a personal injury case, the plaintiff may show his injured arm to the jury so that they may decide the extent and nature of the injury. See, e.g. <u>Mulhado v. Brooklyn City R.R. Co.</u>, 30 NY 370. Indeed, this technique frequently represents a valuable and reliable method of proof. 4 Wigmore, Evidence, section 1150 [Chadbourne rev.]. Even though such demonstrative evidence may have the effect at times of 'inflaming the passions of the jury' or inciting extreme sympathy, that itself does not serve as a basis for exclusion. Richardson, Evidence section 131 [10th Edition]."

<u>Harvey et al. v. Mazal American Partners, et al.</u>, 79 A.D.2d 1, 6-7 (1992 N.Y.App.Div)).

In State v. King, 216 Conn. 585 (Conn. 1990), the Connecticut Supreme Court affirmed the trial court's decision to permit the jury to directly view the victim's injuries over the defendant' objection that the seriousness of the injuries was already demonstrated by medical testimony. "The extent of the victim's injuries was relevant to the state's case for at least two reasons: to prove the necessary element of serious physical injury under the assault count, and to demonstrate that the defendant had taken substantial steps to cause the victim's death under the attempted murder count. Evidence is admissible if it has 'a reasonable tendency to prove or disprove a material fact in issue or shed some light upon some material inquiry. Note, 73 A.L.R.2d 769, 787.' State v. DeJesus, [194 Conn. 376, 381, 481 A.2d 1068 (1984)].' State v. Doehrer, 200 Conn. 642, 649, 513 A.2d 58 (1986). There is no requirement that potentially inflammatory evidence be absolutely essential to the state's case and otherwise unobtainable in order that it be admissible; rather, 'the test for determining the admissibility of challenged evidence is relevancy and not necessity. State v. Piskorski, 177 Conn. 677, 701, 419 A.2d 866, cert. denied, 444 U.S. 935, 100 S. Ct. 283, 62 L. Ed. 2d 194 (1979).' State v. Haskins, 188 Conn. 432, 453, 450 A.2d 828 (1982) [cert. denied, 479 U.S. 1084, 107 S. Ct. 1285, 94 L. Ed. 2d 143 (1987)].' State v. Doehrer, supra, 649. The trial court has broad discretion in cases where relevant evidence is challenged as inflammatory and prejudicial, and its determination that the probative value of the evidence outweighs its prejudicial effect will not be

disturbed on appeal unless a clear abuse of discretion is shown. <u>State v. Haskins</u>, supra; <u>State v. Piskorski</u>, supra, 701-702." <u>State v. King</u>, 216 Conn. 585, 602-603.

Defendants claim unfair surprise. There would be an argument for unfair surprise had plaintiff made the videotape, failed to tell defendants about it, and then brought it to trial and requested to show it to the jury, without giving defendants a chance to see it and file a motion in limine prior to trial. But this is a videotape deposition where the defendants had a chance to cross-examine, a chance to review the tape after and file a motion in limine prior to trial and give the Court an opportunity to review the videotape and rule on its admissibility prior to trial. It is no different than if the plaintiff videotaped an exam at Dr. Kremer's office, produced it to the defendants during discovery, and now offer the tape at trial. The defendants would typically file a motion in limine under Rule 403. The defendants have had the same chance here.

As there is no unfair prejudice to the defendants and the evidence would aide the jury in understanding the plaintiff's condition better than hearing only a doctor's verbal description of the injuries, the videotape of the exam should be admitted.

4

THE PLAINTIFF,

By: _____
Michael L. Oh
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Federal Bar No: ct24532
Telephone: 203-624-9500
Fax: 203-624-9100

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, on this day to:

**Karen Frink Wolf, Esq.**
**Harold J. Friedman, Esq.**
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

**Daniel J. Krish, Esq.**
**Horton, Sheilds & Knox, P.C.**
90 Gillett Street
Hartford, CT 06105

Michael L. Oh, Esq.