UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SHAWN POULIOT : | |
| : | CIVIL ACTION NO. |
| Plaintiff : | 3:02 CV 1302 (JCH) |
| : | |
| v. : | JUDGE JANET C. HALL |
| : | |
| PAUL ARPIN VAN LINES, INC. et al. : | |
| : | |
| Defendants : | February 8, 2006 |

**MOTION FOR STAY OF EXECUTION
AND WAIVER OF BOND REQUIREMENT ON APPEAL**

Pursuant to Rule 62 of the Federal Rules of Civil Procedure, the defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., hereby move for an immediate stay of execution and waiver of the requirement of posting a supersedeas bond on appeal. As set forth below, the Court should grant the motion because there is ample security for the judgment in the form of three liability insurance policies that provide a total of $51 million in coverage.

Although Rule 62(d) generally requires the posting of a supersedeas bond for a stay, this Court has the discretion to waive that requirement and order a stay on appeal without the posting of a bond, if an appellant demonstrates the existence of adequate security for the judgment. *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988); *Federal Prescription Service, Inc. v. American Pharmaceutical Ass'n*, 636 F.2d 755, 757-58 (D.C. Cir. 1980); see also *Texaco, Inc. v. Pennzoil Co.*, 784 F.2d 1133, 1154-55 (2nd Cir. 1986) (District Court "may order partially secured or unsecured stays if they do not unduly endanger the judgment creditor's interest in ultimate recovery").[1] This is in keeping with the purpose of Rule 62, which "is to secure an appellee from loss resulting from the stay of execution . . . ." *Miami Int'l Realty Co. v. Paynter*,

---

[1] Rule 62(b) similarly gives this Court discretion to stay the execution of a judgment pending the disposition of any posttrial motions "on such conditions for the security of the adverse party as are proper . . . ." FED. R. CIV. P. 62(b).

807 F.2d 871, 873 (10th Cir. 1986).

While there are no Second Circuit cases dealing directly with the supersedeas bond issue, the *Texaco* case, which dealt with a preliminary injunction barring the enforcement of an $11 billion Texas state court judgment pending appeal, is instructive. In *Texaco*, the Second Circuit affirmed the granting of the injunction, in spite of the enormous amount of the judgment, because "Pennzoil's interest in protecting the full amount of its judgment during the appellate process is reasonably secured by the substantial excess of Texaco's net worth over the amount of Pennzoil's judgment. This undisputed evidence indicates that little, if any, security is required to protect Pennzoil's judgment pending appeal . . . ." *Id.* at 1155. As there was "no serious dispute" regarding Texaco's ability to pay the judgment (were its appeal to be unsuccessful), the Second Circuit upheld the District Court's decision.

The key factor in *Texaco* – i.e., the ability of the judgment debtor to pay should its appeal prove unsuccessful – has been dispositive in cases from other Circuits. In *Dillon*, for example, the Seventh Circuit, enumerated five criteria relevant to the waiver of an appeal bond, all of which ultimately go to the ability of the appellant to satisfy the judgment:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment . . .; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money . . .; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904-05; see *Federal Prescription Service*, 636 F.2d at 760 (posting of supersedeas bond required "where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case").

In this case, the existence of $51 million in insurance coverage to pay the judgment

should the defendants' not succeed on appeal obviates the need for a bond in order for the Court to order a stay. The $51 million in coverage consists of three separate policies (the dec pages for which are attached hereto as Exhibit "A"):

- Travelers Policy TJ-LHT-116D5714-TIL-01 ($1,000,000 in coverage);
- National Union Policy BE 7408944 ($25,000,000 in coverage); and
- Gulf Insurance Policy GB0719386 ($25,000,000 in coverage).

The existence of insurance coverage in almost *twice* the amount of the judgment clearly constitutes adequate security without the additional, wasteful cost of obtaining a bond.[2]

WHEREFORE, the defendants move for an immediate stay of execution and waiver of the requirement of posting a supersedeas bond on appeal.

Respectfully submitted,

Daniel J. Krisch, Esq.  CT 21994
Michael S. Taylor, Esq.  CT 14650
**Horton, Shields & Knox, P.C.**
90 Gillett Street
Hartford, CT 06105
(860) 522-8338
*fax* (860) 728-0401
dkrisch@hortonshieldsknox.com
mtaylor@hortonshieldsknox.com

Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
**Friedman. Gaythwaite, Wolf & Leavitt**
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

---

[2] Should the Court require additional evidence, the defendants will provide affidavits from adjusters at each of the three companies attesting to these facts.

CERTIFICATE OF SERVICE

       This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail on February 8, 2006, to the following:

Michael A. Stratton, Esq.
**Stratton Faxon**
59 Elm Street
New Haven, CT  06510

Thomas J. Grady, Esq.
**Lenihan Grady & Steele**
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

Harold J. Friedman, Esq.
Karen Frink Wolf, Esq.
**Friedman Gaythwaite Wolf & Leavitt**
Six City Center, P.O. Box 4726
Portland, ME  04112-4726

Roland F. Moots, Jr., Esq.
**Moots, Pellegrini, Spillane & Mannion**
46 Main Street, PO BOX 1319
New Milford, CT 06776-1319

 

_____
Daniel J. Krisch