UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1302 (JCH) |
| | : | |
| v. | : | JUDGE JANET C. HALL |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | |
| Defendants | : | February 8, 2006 |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Pursuant to Rule 50 of the Federal Rules of Civil Procedure and Local Rule 7(a), the defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., hereby submit the following memorandum of law in support of their renewed motion for judgment as a matter of law. As set forth in more detail below, this Court should grant the defendants judgment as a matter of law because: (1) the owner-operator agreement between the plaintiff and the defendants bars any liability for the defendants for injuries arising out of the performance of that agreement; and (2) the plaintiff was an employee of the defendants.

As a general matter, "[a] district court may enter judgment as a matter of law against a party only if there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Advance Pharmaceutical, Inc. v. United States*, 391 F.3d 377, 390 (2nd Cir. 2004). In "reviewing a Rule 50 motion, a court may consider all the record evidence, but in doing so it must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Cross v. New York City Transit Authority*, 417 F.3d 241, 247 (2nd Cir. 2005). The standard is thus the same as that for a motion for summary judgment pursuant to Rule 56. *Nadel v. Isaksson*, 321 F.3d 266, 272 (2nd Cir.

2003).  Therefore, "[e]ven if the parties dispute material facts . . . judgment will be granted unless the dispute is genuine, i.e., unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party."  *Golden Pacific Bancorp v. FDIC*, 375 F.3d 196, 200 (2nd Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).[1]

**I.     The Owner-Operator Agreement**

The defendants renew the claim, set forth more fully in their December 15, 2004, motion for summary judgment, that the Owner-Operator Agreement executed by the parties absolved the defendants of any liability for the damages caused by the events of October 23, 2001.  The defendants incorporate herein the legal arguments made in the memorandum of law in support of their December 15th motion as to the proper construction of the Agreement, which states, in relevant part:

> Contractor agrees to indemnify, save and hold Carrier free and harmless from and against any and all claims, demands, liabilities, damages, losses, judgments, awards, cause of action at law or in equity, including but not limited to those involving injury to, or death of, Contractor's employees and/or third parties and damages to property including but not limited to, cargo, and attorney's fees and all reasonable costs of litigation, <u>and</u> from and against any obligation whatsoever arising out of or attributable to any act or omission of the Contractor or any of the persons engaged or employed by Contractor in connection with the operation or maintenance of the Equipment, and in connection with the Contractor's performance of transportation of [sic] other services hereunder.

Local Rule 56(a)(1) Statement, at ¶ 8 (emphasis added).

This unambiguous provision of the Agreement demonstrates the parties' intent to absolve the defendants from liability even for its own negligence.  The defendants therefore renew their

---

[1] In this case, two of the issues on which the defendants are entitled to judgment as a matter of law – the owner-operator agreement and the plaintiff's employee status – were ruled on by this Court at both the summary judgment stage, and in response to the defendants' Rule 50 motion made at the close of the plaintiff's case.  Therefore, there was no additional evidence presented on those issues at trial.

claim that this provision entitles them to judgment as a matter of law and ask the Court to reconsider its denial of their motion for summary judgment and motion for judgment as a matter of law made at the close of the plaintiff's case.

## II.    The Plaintiff's Employee Status

The defendants also renew the claim, set forth more fully in their December 15, 2004, motion for summary judgment, that the plaintiff was an employee of the defendants, and any tort recovery therefore is barred by the exclusivity provision of Rhode Island's worker's compensation act.  R.I. Gen. Laws § 28-29-20.  Although the Owner-Operator agreement describes the plaintiff as in independent contractor, two key facts demonstrate that he was, in fact, an employee of the defendants at the time of his injury:  (1) the defendants right to control the plaintiff's conduct and manner of work at the time of the accident, and their ownership of the tools of work involved (i.e., the liftgate-equipped truck driven by the plaintiff); and (2) the Federal Motor Carrier Safety Act provisions that required the defendants to treat the plaintiff as if he was their employee.

The defendants incorporate herein the legal arguments made in the memorandum of law in support of their December 15th motion as to these two key factors.  The defendants therefore renew their claim that the plaintiff's employee status and the exclusivity provision of Rhode Island's worker's compensation act entitle them to judgment as a matter of law and ask the Court to reconsider its denial of their motion for summary judgment and motion for judgment as a matter of law made at the close of the plaintiff's case.

Respectfully submitted,

_____
Daniel J. Krisch, Esq.  CT 21994
Michael S. Taylor, Esq.  CT 14650
**Horton, Shields & Knox, P.C.**
90 Gillett Street
Hartford, CT 06105
(860) 522-8338
*fax* (860) 728-0401
dkrisch@hortonshieldsknox.com
mtaylor@hortonshieldsknox.com

Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
**Friedman. Gaythwaite, Wolf & Leavitt**
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

4

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail on February 8, 2006, to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>**Stratton Faxon**<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>**Moots, Pellegrini, Spillane & Mannion**<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |
| Thomas J. Grady, Esq.<br>**Lenihan Grady & Steele**<br>6 Canal Street<br>PO Box 541<br>Westerly, RI 02891-0541 | |
| Harold J. Friedman, Esq.<br>Karen Frink Wolf, Esq.<br>**Friedman Gaythwaite Wolf & Leavitt**<br>Six City Center, P.O. Box 4726<br>Portland, ME  04112-4726 | |

                                                  _____
                                                  Daniel J. Krisch