UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT, | ) | CIVIL ACTION NO. |
| Plaintiff | ) | 3:02 CV 1302 (JCH) |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| PAUL ARPIN VAN LINES, INC. et al. | ) | FEBRUARY 14, 2006 |
| Defendants | ) | |

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR WAIVER OF BOND REQUIREMENT

**I.   Summary of Objection**

The defendants request that this Court waive the bond requirement imposed by Fed. R. Civ. P. 62(d). The plaintiff strongly objects to such a waiver in that: 1) there has been no showing that extraordinary circumstances exist justifying such a waiver; 2) there has been no showing that the plaintiff's judgment will be adequately protected; and 3) equity favors the imposition of the bond requirement since the defendants purportedly maintain an insurance policy that covers the cost of a supersedeas bond and it was the defendants who, for tactical reasons, removed the action from the Superior Court to this court knowing that a bond is required by the federal rules when the plaintiff prevails.

**II.   The Requirement of Bond Posting**

Rule 62(d) provides:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay . . . . The bond may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be. The stay is effective when the supersedeas bond is approved by the court.

The "purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution and . . . a full supersedeas bond should be the requirement in normal circumstances. See Poplar Grove, Inc v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979); Federal Prescription Service, Inc. v. American Pharmaceutical Association, 636 F.2d 755, 760 (D.C. Cir. 1980)." Miami International Realty, Co. v. Paynter, 807 F.2d 871 (10th Cir. 1986).

It is Arpin's burden to demonstrate objectively that posting a full bond is impossible or impractical and "to propose a plan that will provide adequate (or as adequate as possible) security for the appellee." United States v. Kurtz, 528 F.Supp. 1113,1115 (E.D.Pa 1981). The issue is whether Arpin (not its insurer) would be irreparably harmed through having to purchase a bond. Arpin clearly would suffer no harm because the bond is covered by the insurance policy. The insurance company gets no special treatment under the rule. "District Courts must look to general equitable principles in setting supersedeas bonds in order to protect judgment creditors as fully as possible without irreparably injuring judgment debtors." Texaco, Inc. v. Pennzoil Co. 784 F.2d 1133 (2d Cir. 1986) rev'd on other grounds, 481 U.S. 1 (1987). See also Jack Frost Laboratories, Inc. v Physicians and Nurses Manufacturing Corporation, 1996 U.S. Dist. LEXIS 18137 (S.D. N.Y. 1996) (After a showing that the immediate posting of a full bond would permanently harm the appellant, the Court allowed the posting of a bond for less with an agreement that the bond would be increased during the pending appeal to 100% of the judgment.); Matthews v. CTI, 689 F.Supp. 348, 350

(S.D.N.Y. 1988) (Court holds that the critical factor in any reduction or elimination of the bond requirement is irreparable harm to the appellant.).

There is simply no harm whatsoever that would inure to Arpin by virtue of a posting of the bond in this case.

### III.    There is No Basis For Waiving the Bond Requirement in this Case

The defendants have not carried their burden to prove entitlement to a bond waiver.

#### A.    *There has been no showing that extraordinary circumstances exist justifying such a waiver.*

In their motion, the defendants point to no irreparable harm that will befall them if they are required to post a bond. In fact, they provide no financial information that would suggest even a financial injury. Such would not occur because the insurer and not the defendants have to post any bond.

Upon information and belief, (and as represented by counsel) the defendants are insured under policies of insurance that are obligated to pay for a supersedeas bond. It is therefore no hardship at all for Arpin. There is no case that the plaintiff is aware of that waives the bond requirement in order to save an insurer (who made the decision not to settle this case during trial) the cost of purchasing such a bond.

#### B.    *There has been no showing that the plaintiff's judgment will be adequately protected.*

The caselaw is clear that the judgment creditor is entitled the best possible guarantee that the judgment will ultimately be paid following an appeal. The only rationale given by the defendants that such a payment is guaranteed is their reference to insurance policies it maintained. In this case, however, the main

excess insurers cited by the defendants are subsidiaries of AIG insurance. In the last week, in fact, AIG has been accused of serious accounting fraud in the management of its reserves, and agreed to a more than one billion dollar fine for this fraud. See Exhibit A (Newspaper Reports of AIG's Fraud).

The extent of AIG's fraud is unknown at this point to the plaintiff and plaintiff has no ability to discover the degree of fraud. The amounts of agreed penalties involved, however, make this the single worst fraud in the history of liability insurance. In their motion, the defendants provide no information about the degree of fraud stipulated to by AIG or the true solvency of the subsidiaries. Moreover, even if they had, extensive discovery would be necessary under Rule 69 to determine the accuracy of any representations – since people (or companies) that commit fraud should probably not be believed. The plaintiff should not be forced to rely on a dubious insurance company or be forced to conduct this type of discovery. The more sensible approach is to simply require the posting of a bond as is the standard requirement and the norm.

### C.   *Equity favors the imposition of the bond requirement.*

Since the defendants have an insurance policy which covers the cost of a supersedeas bond, it was certainly anticipated that a bond would have to be purchased in the event of an appeal following a judgment entering against the defendants. Moreover, it was the defendants who removed this action from the Superior Court knowing full well that a bond would be required in the event of a loss.

There is no reason to cause the plaintiff to risk collection of his judgment when the defendants will suffer no harm by the imposition of the bond requirement. Waiver benefits the insurer only – an insurer who has stipulated within the last week to having fraudulently overstated its reserves in liability cases like this one. AIG should bear any risk in this case, not Shawn Pouliot.

### IV. Conclusion

The defendants' motion for bond waiver should be denied.

THE PLAINTIFF,

By: _____
Michael A. Stratton
STRATTON FAXON
59 Elm Street
New Haven, CT 06510
Federal Bar No: ct08166
Telephone: 203-624-9500
Fax: 203-624-9100
mstratton@strattonfaxon.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, via U.S. Mail, postage prepaid, on this day to:

**Karen Frink Wolf, Esq.**
**Harold J. Friedman, Esq.**
Friedman, Gaythwaite, Wolf & Leavitt
Six City Center
P.O. Box 4726
Portland, ME 04112-4726

**Daniel Krisch**
Horton, Shields & Knox
90 Gillett Street
Hartford, CT 06105

**Thomas J. Grady, Esq.**
**Lenihan, Grady & Steele**
Six Canal Street
P.O. Box 541
Westerly, RI 02891

**Roland F. Moots, Esq.**
**Moots, Pellegrini, Mannion, Martindale & Dratch, PC**
46 Main Street
P.O. Box 1319
New Milford, CT 06776-1319

_____
Michael A. Stratton