UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1302 (JCH) |
| | : | |
| v. | : | JUDGE JANET C. HALL |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | |
| Defendants | : | February 23, 2006 |

**DEFENDANTS' REPLY MEMORANDUM ON MOTION FOR STAY
AND WAIVER OF BOND REQUIREMENT**

Pursuant to Rule 62 of the Federal Rules of Civil Procedure and Local Rule 7(d), the defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., hereby submit the following reply memorandum in support of their motion for stay. Three points made by the plaintiff require a response:

First, the plaintiff incorrectly asserts that a showing of extraordinary circumstances or irreparable harm is *necessary* to justify granting of stay without the posting of a supersedeas bond. (Pl. Mem., 2-3). While such a showing may be enough, on its own, to justify waiver of the bond requirement, the primary consideration is whether the appellant can establish clear security for the judgment in question. *Dillon v. Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1989); 12 MOORE'S FEDERAL PRACTICE §62.03[2] at 62-12-62-13 ("[i]n cases where the appealing party is highly solvent and it appears that payment can be made quickly after a loss on appeal, the court has readily decided to waive [the bond] requirement"). As the Fifth Circuit noted in *Poplar Grove Planting & Refining Co., Inc. v. Bache Halsley Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979):

> If a judgment debtor objectively demonstrates a present financial ability to
> facilely respond to a money judgment and presents to the court a financially

> secure plan for maintaining that same degree of solvency during the period of an appeal, the court may then exercise a discretion to substitute some form of guaranty of judgment responsibility for the usual supersedeas bond. Contrariwise, if the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden, the court similarly is free to exercise a discretion to fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor.

As *Poplar Grove*, *Dillon*, and the other cases cited in the defendants' motion make clear, a showing of adequate security for a judgment is enough reason, by itself, for a District Court to enter a stay without the posting of a bond.

Second, the plaintiff claims that there has been no showing that his judgment will be adequately protected without a bond. (Pl. Mem., 3-4). As a supplement to the policy declaration pages that were attached to the defendants' motion, the defendants attach affidavits from representatives of each of the three insurance carriers that provided liability insurance to the defendants attesting to the existence of $51 million in coverage to pay for the verdict. (Exhibits "A," "B," & "C"). Given that the amount of coverage is almost *twice* the verdict, there should be no concerns about the existence of adequate security.

Finally, the plaintiff argues that the settlement agreement reached between AIG and the New York Attorney General somehow threatens the security of the verdict in this case. (Pl. Mem., 4-5). This argument is based on nothing more than rank speculation. The plaintiff has not provided any evidence that the settlement agreement threatens the financial solvency of AIG's subsidiary companies in any way. Indeed, the plaintiff's argument ignores the fact that, as of end of the third quarter of 2005, AIG had a published net worth of $89.28 billion – meaning that the penalty imposed by the settlement agreement represents less than 2% of AIG's *net* assets. (See excerpt of American International Group, Inc.'s Consolidated Balance Sheet, attached hereto as Exhibit "D"). Therefore, in spite of the plaintiff's resort to speculation and

2

innuendo-based assumptions about AIG's good faith, there simply is no factual basis to believe that AIG's settlement agreement affects the security of the plaintiff's verdict in any way.

        Respectfully submitted,

_____
Daniel J. Krisch, Esq.  CT 21994
Michael S. Taylor, Esq.  CT 14650
**Horton, Shields & Knox, P.C.**
90 Gillett Street
Hartford, CT 06105
(860) 522-8338
*fax* (860) 728-0401
dkrisch@hortonshieldsknox.com
mtaylor@hortonshieldsknox.com

Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
**Friedman. Gaythwaite, Wolf & Leavitt**
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail on February 23, 2006, to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>**Stratton Faxon**<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>**Moots, Pellegrini, Spillane & Mannion**<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |

Thomas J. Grady, Esq.
**Lenihan Grady & Steele**
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

Harold J. Friedman, Esq.
Karen Frink Wolf, Esq.
**Friedman Gaythwaite Wolf & Leavitt**
Six City Center, P.O. Box 4726
Portland, ME  04112-4726

                                                _____
                                                Daniel J. Krisch