UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| SHAWN POULIOT | : | |
| | : | CIVIL ACTION NO. |
| Plaintiff | : | 3:02 CV 1302 (JCH) |
| | : | |
| v. | : | JUDGE JANET C. HALL |
| | : | |
| PAUL ARPIN VAN LINES, INC. et al. | : | |
| | : | |
| Defendants | : | March 8, 2006 |

**OBJECTION TO BILL OF COSTS**

Pursuant to 28 U.S.C. §§1821, 1920, 1923 & 1924, and Local Rule 54, the defendants Paul Arpin Van Lines, Inc. and Arpin Logistics, Inc., hereby object to the following items in the plaintiff's bill of costs:

**I.     Expert Witness Fees in Excess of Statutory Rate**

The $13,000 fee for Dr. Mushaweh and the $1,000 fee for Dr. Cremer are improper and should be reduced to the statutory witness fee rate of $40 per day.  Local Rule 54(c)(4)(i) expressly states that, "[f]ees for expert witnesses are taxable at the same rates as any other witnesses.  Any amounts in excess of the statutory limits are not taxable."  The statutory rate for witnesses is $40 per day;  28 U.S.C. §1821(b); and "a federal court may tax expert witness fees in excess of the . . . limit set out in § 1821(b) only when the witness is court-appointed[,]" or where there is "explicit statutory or contractual authorization . . . ."  *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 442, 445 (1987); see *Dr. Bernard Heller Foundation v. Lee*, 847 F.2d 83, 86 (3rd Cir. 1988); *Garonzik v. Whitman Diner*, 910 F.Supp. 167, 169-70 (D.N.J. 1995) (both holding, based on *Crawford*, that District Court has no discretion to award expert fees in excess of statutory limit of $40 per day).

In light of the clear language of Local Rule 54(c)(4)(i), and the clear holdings of

*Crawford* and its progeny, there is no basis to tax Dr. Mushaweh's or Dr. Cremer's fees as costs in excess of the statutory rate. Their fees should therefore be reduced to $40 each.

II.     **Court Reporter Fees for Deposition Transcripts; Fees for Exemplification and Copies of Papers; and Clerk & Marshal Fees for Trial Subpoenas**

It is impossible to determine from the plaintiff's generalized listing of costs whether the total amount sought for these three items – almost $24,000 – is properly recoverable. The defendants therefore request that the Court order the plaintiff to provide specific proof for each of these three items. See *Natale v. City of Hartford*, 1989 WL 132542 at *6 (D. Conn. 1989) (reserving judgment on an assessment of certain costs because the plaintiff failed to produce sufficient evidence of the necessity of such costs).

First, with respect to the $13,235.77 in deposition transcript fees, Local Rule 54(c)(2)(ii) permits recovery of those fees only if they were "used at trial in lieu of live testimony, for cross-examination or impeachment . . . or if they are necessarily obtained for the preparation of the case and not for the convenience of counsel." The defendants do not dispute that some deposition transcripts were used by the plaintiff for those permissible purposes. However, because the plaintiff has not provided more specific information for this cost, it is impossible to tell if the entire amount is allowable under Local Rule 54(c)(2)(ii).

The same problem exists for the $9,316.79 for "exhibits," listed by the plaintiff under exemplification and copies of papers. Preparation of exhibits is not necessarily the same as exemplification, a distinction that the Local Rules make clear by excluding the cost of preparing certain kinds of exhibits. See Local Rule 54(c)(5). Again, because the plaintiff has not itemized the cost for his "exhibits," it is impossible to ascertain whether the entire amount is allowable.

Third, to the extent that the plaintiff seeks to recover subpoena fees for William Mottla and Joseph Rocha, the defendants object on the ground that they repeatedly informed the

2

plaintiff and the Court that Mottla and Rocha would be made available without the need for a subpoena. See Defendants' August 23, 2005 Supplemental Memorandum of Law (Docket Entry No. 455), at p. 4 ("Arpin intends to call [Mottla and Rocha] at trial, and they will voluntarily appear"). Again, because the plaintiff has not itemized the $1,327.20 in subpoena fees, the defendants cannot ascertain whether that total includes fees for Mottla and Rocha, which are not properly allowable.

Therefore, with respect to the items listed in Section II, the defendants request hat the Court order the plaintiff to provide specific proof for each.

### III.     Witness Mileage Fees for Michael Montgomery, Bill Mottla, and Joseph Rocha

The plaintiff claims a total of $814.54 in mileage for these three witnesses. However, the *defendants* arranged for the appearance of all three witnesses at trial. The plaintiff therefore did not have to compensate any of them for their travel to and from the trial, and cannot now claim that expense as a cost "necessarily incurred in the case". 28 U.S.C. §1924.

For the foregoing reasons, the defendants object to the plaintiff's bill of costs.

                Respectfully submitted,

---

Daniel J. Krisch, Esq.  CT 21994
Michael S. Taylor, Esq.  CT 14650
**Horton, Shields & Knox, P.C.**
90 Gillett Street
Hartford, CT 06105
(860) 522-8338
*fax* (860) 728-0401
dkrisch@hortonshieldsknox.com
mtaylor@hortonshieldsknox.com

Harold J. Friedman, Esq. CT 23785
Karen Frink Wolf, Esq. CT 26494
**Friedman. Gaythwaite, Wolf & Leavitt**
Six City Center, P.O. Box 4726
Portland, ME  04112-4726
(207) 761-0900
(207) 761-0186 (Fax)
hfriedman@fgwl-law.com
kwolf@fgwl-law.com

4

CERTIFICATE OF SERVICE

      This is to certify that a copy of the foregoing was mailed via U.S. First Class Mail on March 8, 2006, to the following:

| | |
|---|---|
| Michael A. Stratton, Esq.<br>**Stratton Faxon**<br>59 Elm Street<br>New Haven, CT  06510 | Roland F. Moots, Jr., Esq.<br>**Moots, Pellegrini, Spillane & Mannion**<br>46 Main Street, PO BOX 1319<br>New Milford, CT 06776-1319 |

Thomas J. Grady, Esq.
**Lenihan Grady & Steele**
6 Canal Street
PO Box 541
Westerly, RI 02891-0541

Harold J. Friedman, Esq.
Karen Frink Wolf, Esq.
**Friedman Gaythwaite Wolf & Leavitt**
Six City Center, P.O. Box 4726
Portland, ME  04112-4726


                                                          Daniel J. Krisch